IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
Sherman Division

| | | |
|---|---|---|
| ED BUTOWSKY, in his Individual And Professional Capacities | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:18-cv-00442-ALM |
| DAVID FOLKENFLIK et al | ) ) ) ) | |
| Defendants. | ) ) | |

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY

Plaintiff, Ed Butowsky, by counsel, respectfully submits this Memorandum in Opposition to the motion to stay pending disposition of motion to dismiss [*ECF Document 34 ("Def. Mot.")*] filed by defendants, David Folkenflik ("Folkenflik"), National Public Radio, Inc. ("NPR"), Edith Chapin ("Chapin"), Leslie Cook ("Cook") and Pallavi Gogoi ("Gogoi").

## I.  INTRODUCTION

Over a year ago, Ed Butowsky suffered permanent harm to his name, reputation and business as a registered investment advisor because of a false and vile narrative published with actual malice by David Folkenflik and Douglas Wigdor, acting in concert.

It is not surprising that Folkenflik and NPR want to short-circuit and delay this litigation and avoid discovery of their wrongdoing.

However, it is not the practice of Federal Courts to delay.  Delay prejudices victims – evidence is lost, memories fade, costs increase.  Delay clogs up the Courts and negatively impacts the public's perception of Judges, Lawyers and the quality of Justice. Delay rewards large corporations, like NPR, by impeding the search for Truth – in this case, discovery of the collusive arrangement between Folkenflik and Wigdor.

## II.  <u>THE SPIRIT AND LETTER OF THE RULES</u>

The purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *Fed. R. Civ. P. 1*.

Consistent with the salutary policy of speedy justice, Rule 12(b) permits a defendant to assert certain defenses by motion, but, significantly, the Rule contains absolutely no "automatic stay" of discovery.

Rule 26(d) governs the timing and sequence of discovery.  A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Rule 26(f) obligates the parties to confer "as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due" to discuss the case and develop a discovery plan.  The filing of a motion pursuant to Rule 12(b) does not excuse a party from participating in the mandatory Rule 26(f) conference.

The Federal Rules of Civil Procedure embody the strong Federal public policy in favor of the resolution of disputes on their merits.  Rule 26(b)(1) of the Federal Rules of Civil Procedure broadly mandates that a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case".  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  Rule 33 provides that an interrogatory "may

relate to any matter that may be inquired into under Rule 26. Rule 34 states that a party "may serve on any other party a request within the scope of Rule 26(b). Rule 36 allows a party to serve "on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)". **Not one of the Rules relating to disclosures and discovery mentions Rule 12(b)**.[1]

This Court has adopted Local Civil Rules that directly and expressly reject the notion that discovery should be stayed and cases delayed. Local Rule CV-26(a) emphatically provides as follows:

> "(a)    **No Excuses**. Absent a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue."

## III.    THERE IS NO GOOD CAUSE TO STAY DISCOVERY

Defendants filed their motion to dismiss on October 16, 2018.

On November 8, 2018, the Court entered its Order Governing Procedures, directing the parties to hold their Rule 26(f) conference by November 29, 2018. Counsel conducted the Rule 26(f) conference on November 27, 2018. On December 11, 2018, Butowsky served interrogatories and a request for production of documents on Folkenflik. Discovery has begun.

There is nothing beyond speculation and hyperbole to justify the extraordinary relief requested by the Defendants. Defendants ask the Court to put the case on ice, and "spare" the parties "the burden and expense of discovery", upon a supposition: "if" the Court grants Defendants' motion to dismiss, discovery will be "unnecessary". That is

---

[1]    The Rules also expressly provide that leave to amend should be "freely" given in furtherance of the ends of justice. *Fed. R. Civ. P. 15(a)(2)*. A stay of discovery interferes with a party's right and ability to amend.

true in all cases.  It is also equally true that "if" the Court denies the motion to dismiss, the case will have languished and Butowsky will most certainly be prejudiced.

This case – all cases – need to move forward.

The Defendants [*Def. Mot., p. 4*] urge the Court to exercise its discretion and stay the entire case because Folkenflik – who conspired with Wigdor to promote a false narrative – would be required to produce a list of his sources "and provide additional sensitive and privileged information."

The identity of Folkenflik's sources is not privileged.  Defendants have no right in this or any defamation action to withhold the names of their sources or what the sources supposedly said to Folkenflik and NPR.  Defendants claim that

> "[d]iscovery in this case would likely result in invasive inquiries into Defendants' newsgathering techniques and unpublished information—all of which could compromise NPR's continued reporting on this and similar matters of significant public concern."

[*Def. Mot., p. 9*].  This is grand theater – hyperbolic gesticulation.  Folkenflik's "newsgathering techniques" are directly at issue.  So too is the as yet "unpublished" secret communications between Folkenflik and Wigdor.  Butowsky is absolutely entitled to develop this evidence to support his claim, alleged in the Complaint, that Folkenflik knew his statements were false or harbored serious doubt as to the veracity of his sources – Butowsky is entitled to discover evidence of Defendants' actual malice. *See, e.g., Eramo v. Rolling Stone, LLC*, 2016 WL 5234688 (W.D. Va. 2016).  Defendants speculate that "discovery **could** compromise and chill NPR's ability to report on this ongoing story". [*Def. Mot., pp. 4-5*].  There is no "ongoing story" here, and this rank speculation.

Further, "statutory fair report privilege, the statutory fair comment privilege, and the statutory third-party allegation rule" do not "squarely dispose of all remaining issues

in the case." [*Def. Mot., p. 6*].  They do not apply at all.  Contrary to Defendants' repeated assertion [*E.g., Def. Mot, p. 1*], **Butowsky did not bring this action "in response to NPR's reporting on a 2017 lawsuit" filed by Wigdor against Fox News**. No matter how many times Defendants repeat their mantra, the well-plead complaint demonstrates that Butowsky brought this action because Folkenflik colluded with Wigdor to publish false and defamatory statements about a "Dallas investment manager". Folkenflik knew he was part of Douglas Wigdor's "press strategy" and he willingly assumed the role of "firecracker" in the scheme to extort money from Fox News. [*Complaint, ¶ 10*]. This case is about collusion.  This case presents the new face of media – one that does not report the news; rather, one that manufactures stories out of whole cloth.

The First Amendment is not a shield that protects against defamation and it most certainly does not abrogate Butowsky's liberty and property interest in his name and reputation.  Mr. Justice Stewart's observations in *Rosenblatt v. Baer* bear repeating:

> "'Society has a pervasive and strong interest in preventing and redressing attacks upon reputation.'  The right of a man to the protection of his own reputation from unjustified invasion and wrongful hurt reflects no more than our basic concept of the essential dignity and worth of every human being—a concept at the root of any decent system of ordered liberty … The destruction that defamatory falsehood can bring is, to be sure, often beyond the capacity of the law to redeem. Yet, imperfect though it is, an action for damages is the only hope for vindication or redress the law gives to a man whose reputation has been falsely dishonored. … Surely if the 1950's taught us anything, they taught us that the poisonous atmosphere of the easy lie can infect and degrade a whole society."

383 U.S. 75, 92-93 (1966).  The competing Constitutional interests in this case are of equal dignity.  The First Amendment provides no "high ground" for Folkenflik or NPR. *See, e.g., United States v. Alvarez*, 132 S.Ct. 2537, 2560 (2012) (the Supreme Court of the United States has recognized "[t]ime and again" that "false factual statements possess no First Amendment value.").

**<u>CONCLUSION</u>**

Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing *Kron Medical Corp. v. Groth,* 119 F.R.D. 636 (M.D.N.C. 1988)).

The Defendants want to grind this case to a halt because they seek to hide evidence of actual malice. The Defendants are not entitled to a stay simply because they say that "Plaintiff has failed to state any plausible claim upon which relief can be granted as to any of his alleged causes of action." [*Def. Mot., p. 9*]. Defendants congratulatory platitudes are self-serving. They signify nothing. Butowsky contends that the Defendants' motion to dismiss should be denied. His response to the Defendants' motion [*ECF Document 32*] convincingly demonstrates that he has stated claims upon which relief can be granted. No Court should stay discovery unless it is "convinced" that the plaintiff will be unable to state a claim. A stay of discovery should never be granted on a mere suggestion by counsel for a defendant that "there is some degree of foundation in law for the dispositive motion and a possibility that Defendants may prevail." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013).[2]

For the reasons stated above, Plaintiff, Ed Butowsky, respectfully requests the Court to deny Defendants' motion to stay.


DATED:        December 14, 2018

---

[2]        At most, the Defendants suggest that their pending motion to dismiss "*should* dispose of all of Plaintiff's remaining claims." [*Def. Mot., p. 11 (emphasis added)*].

ED BUTOWSKY,
In his Individual and Professional Capacities

By:___/s/ Steven S. Biss_____
          Steven S. Biss (VSB # 32972)
          300 West Main Street, Suite 102
          Charlottesville, Virginia 22903
          Telephone:      (804) 501-8272
          Facsimile:      (202) 318-4098
          Email:          **stevenbiss@earthlink.net**
          (*Admitted Pro Hac Vice*)

          Ty Clevenger, Esquire
          Texas Bar No. 24034380
          P.O. Box 20753
          Brooklyn, NY 11202-0753
          (979) 985-5289
          (979) 530-9523 (Fax)
          Email:  tyclevenger@yahoo.com

          *Counsel for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2018 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for Defendants and all interested parties receiving notices via CM/ECF, and a copy was also emailed in PDF to counsel for the Defendants:

Laura.Prather@haynesboone.com;

Thomas.Williams@haynesboone.com.

By:    */s/ Steven S. Biss*
        Steven S. Biss (VSB # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone:    (804) 501-8272
        Facsimile:    (202) 318-4098
        Email:    **stevenbiss@earthlink.net**
        (*Admitted Pro Hac Vice*)

        Ty Clevenger, Esquire
        Texas Bar No. 24034380
        P.O. Box 20753
        Brooklyn, NY 11202-0753
        (979) 985-5289
        (979) 530-9523 (Fax)
        Email:  tyclevenger@yahoo.com

        *Counsel for the Plaintiff*