IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ED BUTOWSKY, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CASE NO. 4:18-cv-00442-ALM |
| | § | |
| DAVID FOLKENFLIK; NPR, INC.; | § | |
| NPR.ORG; JARL MOHN; STACEY | § | |
| FOXWELL; MICHAEL ORESKES; | § | |
| CHRISTOPHER TURPIN; EDITH | § | |
| CHAPIN; LESLIE COOK; HUGH | § | |
| DELLIOS; PALLAVI GOGOI; and | § | |
| SARAH GILBERT, | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT**

Defendants submit this Response in Opposition to Plaintiff's Motion for Leave to File Amended Complaint ("Motion for Leave") (Dkt. 53). For the reasons set out below, Plaintiff's Motion for Leave should be denied.

**I.
INTRODUCTION AND BACKGROUND**

A motion for leave to amend pleadings is often considered routine. But this Motion for Leave is far from routine. It is an effort by Plaintiff, in the face of a fully briefed and argued Motion to Dismiss, to recast a defective defamation claim into an equally defective claim for conspiracy to defame. But as the Supreme Court of Texas reaffirmed earlier this month, "[w]ithout defamation, there can be no conspiracy to defame." *Dallas Symphony Ass'n, Inc. v. Reyes*, 17-0835, 2019 WL 1090771, at *7 (Tex. Mar. 8, 2019). Plaintiff's motion should be denied because (1) Plaintiff's Proposed Amended Complaint would fail for the same reasons that

the pending complaint fails, and amendment would be futile, and (2) because the granting the motion would unduly delay disposition of Defendants' Motion to Dismiss. Accordingly, the Motion for Leave should be denied.

First, Plaintiff's proposed amendments are futile because they do not cure, or even address, the fatal defects in the original Complaint. Rather than attempting to overcome the privileges and defenses that Defendants established in their pending Motion to Dismiss (such as the fair report and fair comment privileges, and the third-party allegation rule), Plaintiff has instead doubled down on his defective claims, pointing to additional non-actionable statements from 2017 and attempting to recast his defamation claims as conspiracy to defame. Plaintiff's Motion for Leave argues that the proposed amendments are needed to "clarify" that he "is not suing Defendants for reporting on a lawsuit," (Mot. for Leave at ¶ 2), but regardless of how Plaintiff characterizes this lawsuit, all of the statements Plaintiff identifies in his Proposed Amended Complaint are subject to dismissal as a result of the same constitutional, statutory, and common-law protections that require dismissal of his Original Complaint.

Second, because Plaintiff sought leave to amend only after Defendants briefed and argued the pending motion to dismiss, amendment would unnecessarily delay the disposition of Defendants' Motion to Dismiss and would impose an unnecessary burden on the Court. Plaintiff filed this case on June 21, 2018, complaining of articles published in August and September of 2017. On October 16, 2018, Defendants filed a Motion to Dismiss for Failure to State a Claim. (Dkt. 25.) At that point, if Plaintiff had been concerned that the Complaint needed to be "clarified" or needed to add claims based on alleged defamation that occurred in March of 2018, as the Motion for Leave now states, Plaintiff could have amended as a matter of right within 21

days.[1] Fed. R. Civ. P.15(a)(1)(B). But Plaintiff did not do so; instead, he filed a Response to the Motion to Dismiss on November 19, 2018 (Dkt. 32), and Defendants filed a Reply on December 17, 2018 (Dkt. 42).

This Court heard oral argument on the Motion to Dismiss on February 7, 2019. At no point during the hearing did Plaintiff suggest that he intended to seek leave to amend his Complaint, the Complaint which was the subject of that very hearing. Now, however, within days of the time by which the Court informed the parties she hoped to issue her Report and Recommendation on the Motion to Dismiss, Plaintiff is seeking to plead around the infirmities of his claims by filing a motion for leave to amend. The timing of this Motion for Leave suggests that Plaintiff recognizes that his original Complaint fails to state a plausible claim for relief. This Motion for Leave is an effort to delay dismissal and impose further burdens on Defendants and the Court.

Allowing the proposed amendment would only require additional resources of this Court and the parties to litigate a lawsuit that still fails to plausibly state a claim for relief. Plaintiff has already articulated his best case against Defendants, and it is one that cannot survive Defendants' 12(b)(6) Motion to Dismiss. The Court should deny Plaintiff's Motion for Leave to Amend.

## II.
## ARGUMENT

Because Plaintiff's opportunity to amend his pleadings as a matter of course has expired, he must seek leave of court. *See* Fed R. Civ. P. 15(a)(1)(B). While leave should be freely granted when justice so requires, "it is by no means automatic," even if the deadline for seeking leave under a scheduling order has not yet expired. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139

---

[1] Plaintiff's Motion for Leave does not explain why the original Complaint, filed on June 21, 2018, could not have included statements allegedly made in March of 2018.

(5th Cir. 1993). A district court has broad discretion to deny leave to file an amended pleading based on factors which include undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, and futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

Here, leave to amend is inappropriate for several reasons. First and foremost, the proposed amendments are futile. The gravamen of Plaintiff's claims in the Proposed Amended Complaint is no different than that of the current Complaint. Indeed, the proposed amendments cure none of the inadequacies Defendants identified in their Motion to Dismiss, nor do they plead any new allegations that would overcome the bars to liability set forth in the Motion to Dismiss, including the third-party allegation rule and the fair comment and fair report privileges. Instead, Plaintiff merely seeks to characterize his claims against Defendants as conspiracy claims to plead around his failure to assert an actionable claim for defamation.

This attempt to save Plaintiff's case fails as a matter of law. As the Supreme Court of Texas reaffirmed just within the past two weeks, "[w]ithout defamation, there can be no conspiracy to defame." *Dallas Symphony Ass'n, Inc. v. Reyes*, 17-0835, 2019 WL 1090771, at *7 (Tex. Mar. 8, 2019). Here, the Motion for Leave contends that this lawsuit is not based on Defendants' reporting on allegations made in a lawsuit. However, establishing liability for Defendants' privileged reporting on the lawsuit Wigdor filed is precisely what both the Original Complaint and the Proposed Amended Complaint seek to do, regardless of whether it is pled as a defamation claim or couched as a claim for civil conspiracy.

In addition, the inclusion in the Proposed Amended Complaint of additional statements made by attorney Douglas Wigdor and members of his law firm (all non-parties to this lawsuit), does nothing to plausibly allege that the named Defendants are liable by any of the named

4

Defendants; Defendants did not publish the statements and Plaintiff does not adequately allege the existence of a conspiracy between Defendants and Wigdor to defame Plaintiff.

Given Plaintiff's failure to address any of the underlying infirmities of its original Complaint, this Court should exercise its discretion to deny Plaintiff's Motion for Leave.

### A. The proposed amendments are futile.

A trial court should deny leave to amend "where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). An amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Where a plaintiff has "pleaded his best case," permitting leave to file an amended complaint is inappropriate, because such amendment would be futile. *See Nieman v. City of Dallas*, No. 3:14-cv-3897-MBF, 2015 WL 5613354, at *4 (N.D. Tex. Sept. 24, 2015). Similarly, where a proposed amended pleading "suffers from the same deficiencies and infirmities as does the original pleading," leave to amend is inappropriate. *See Mangalvedkar v. U.S.*, No. 3:12-CV-4802-L., 2018 WL 2370547, at *7 (N.D. Tex. May 31, 2013).

Plaintiff seeks leave to recast his defamation claim as a conspiracy claim "clarif[ying] that Plaintiff is not suing Defendants for reporting on a lawsuit." (Mot. for Leave at ¶ 2). To that end, the Proposed Amended Complaint seeks to include new allegations regarding statements made by attorneys Douglas Wigdor and Jeanne Christensen, who are not parties to this lawsuit. Plaintiff does not allege that Defendants published any of these statements, and they cannot be liable for defamation based on statements they did not make. *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577–78 (Tex. 2002); *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568,

5

571 (Tex. 1998) (to maintain a defamation cause of action, the plaintiff must prove that the defendant published a statement).

Because Plaintiff has failed to allege a plausible claim for defamation, he cannot allege a plausible claim for conspiracy to defame: as the Supreme Court of Texas reiterated just this month, "[w]ithout defamation, there can be no conspiracy to defame." *Dallas Symphony Assoc., Inc. v. Reyes*, No. 17-0835, 2019 WL 1090771 (Tex. Mar. 8, 2019). *See also Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996) ("Recovery for civil conspiracy is not based on the conspiracy but on the underlying tort."). Because Defendants' Motion to Dismiss establishes that Defendants are entitled to dismissal of Plaintiff's defamation claim, Plaintiff is precluded from pleading a conspiracy claim based on the same allegedly defamatory statements. *See Provencio v. Paradigm Media, Inc.*, 44 S.W.3d 677, 683 (Tex. App.—El Paso 2001, no pet.).

In addition to failing to plausibly state a claim for the underlying tort of defamation, Plaintiff has similarly failed to allege the existence of any conspiracy at all. As Defendants establish in their briefing on their Motion to Dismiss, the mere existence of a journalist-source relationship between Folkenflik and Wigdor does not plausibly allege the existence of a conspiracy. *See Allstate Ins. Co. v. Receivable Fin. Co., L.L.C.*, 501 F.3d 398, 414 (5th Cir. 2017); *Dowd v. Calabrese*, 589 F. Supp. 1206, 1214 (D.D.C. 1984) (cooperation between two individuals who have a common purpose for a news story to be published does not, without more, represent an actionable basis for civil conspiracy); *Downey v. Coal. Against Rape & Abuse, Inc.*, CIV.99-3370(JBS), 2005 WL 984394, at *8 (D.N.J. Apr. 27, 2005) (contacts between news reporter and sources alone insufficient to state a conspiracy claim).

Rather than address any of the numerous constitutional, statutory, or common-law bases for dismissal of his claims, Plaintiff is seeking leave to amend his Complaint simply to challenge

statements not published by Defendants. Leave to amend would be futile and should be denied on that basis.

### B. Amendment would cause undue delay and would prejudice Defendants.

The Motion for Leave should also be denied because the proposed amendment would cause undue delay and would prejudice Defendants. This Court and the parties have spent significant time and resources evaluating the merits of Plaintiff's claim. Plaintiff's Motion for Leave to Amend, if granted, will require the parties to effectively re-brief their motion to dismiss and repeat oral argument. This motion is little more than a last-ditch effort to try to force Defendants to relitigate Plaintiff's meritless claims against them, and it does not add any additional facts or claims that would allow Plaintiff to survive a motion to dismiss. *See C3PO Int'l, Ltd. v. DynCorp Int'l, LLC*, 663 Fed. Appx. 311 (5th Cir. 2016) (waiting to assert tort claims "as a last ditch effort to avoid summary judgment" constitutes dilatory motive). Furthermore, Plaintiff has offered no justification for the delay in seeking amendment, which counsels in favor of denying leave. *See Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663 (5th Cir. 1981) (trial court did not abuse its discretion in denying the request to amend because the plaintiff did not justify his delay and it would have prejudiced the defendant). Lastly, leave to amend does not serve the interest judicial economy—particularly now, just days before the time by which the Court informed the parties she hoped to issue her Report and Recommendation on Defendants' pending Motion to Dismiss. *See Waddleton v. Rodriguez*, 750 Fed. Appx. 248, 257 (5th Cir. 2018) ("When ruling on a motion for leave to amend, the court should "consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation.") Accordingly, based on all of these factors, the Court should deny Plaintiff's Motion for Leave.

## III.
## CONCLUSION

The Court should exercise its discretion and deny the Motion for Leave. The proposed amendments are futile, Plaintiff has already stated his best case, and the proposed Amended Complaint does nothing to remedy the infirmities of his initial Complaint. This Court should not allow Plaintiff to further delay disposition of the Motion to Dismiss, and Plaintiff should not be permitted to unduly burden the parties and this Court by engaging in tactical maneuvers designed to further delay the resolution of this case. *See, Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Plaintiff's Motion for Leave to Amend should be denied.

Respectfully submitted,

**HAYNES AND BOONE, LLP**

By:*/s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:     (512) 867-8400
Telecopier:    (512) 867-8470


Thomas J. Williams
State Bar No. 21578500
thomas.williams@haynesboone.com
301 Commerce Street, Suite 2600
Fort Worth, Texas 76102
Telephone:     (817) 347-6600
Telecopier:    (817) 347-6650

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 19, 2019, a true and correct copy of the foregoing document was forwarded via e-filing and/or facsimile to the following counsel of record:

| | |
|---|---|
| Ty Odell Clevenger<br>P.O. Box 20753<br>Brooklyn, NY 11202-0753<br>979-985-5289 (phone)<br>979-530-9523 (fax)<br>tyclevenger@yahoo.com | Steven S. Biss<br>300 West Main Street, Suite 102<br>Charlottesville, VA 22903<br>804-501-8272 (phone)<br>202-318-4098 (fax)<br>stevenbiss@earthlink.net |

                                                   */s/ Laura Lee Prather*
                                                   Laura Lee Prather

4838-0922-2793 v.9