IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ED BUTOWSKY, in his Individual And Professional Capacities | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 4:18-cv-00442-ALM |
| DAVID FOLKENFLIK et al | ) ) ) | |
| Defendants. | ) ) | |

# PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION

Plaintiff, Ed Butowsky ("Plaintiff"), by counsel, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure (the "Rules") and Local Civil Rule 72(c), respectfully submits this **Response** to Defendants' objections to the Report and Recommendation (R&R") of the United States Magistrate Judge that Defendants' motion to dismiss be denied. [*ECF Document 63 ("Def. Objection")*].

## I. INTRODUCTION

The District Court should adopt and accept the R&R in its entirety. The R&R reflects a very careful analysis of the complex issues raised by the Defendants in their motion to dismiss. The Magistrate Judge considered extensive briefing by both parties and heard oral argument on February 7, 2019.

1

The R&R does not "rely heavily" on any one decision. Rather, the 98-page findings reflect a thorough review of the entire body of Texas law applicable to the claims made in Plaintiff's Complaint and the defenses raised in Defendants' motion.

Defendants largely agree with the Magistrate Judge's statement of the facts. [*R&R, pp. 6-19*]. They acknowledge that Texas law applies, and that the R&R correctly summarizes the Texas law of defamation, business disparagement, and civil conspiracy. [*R&R, pp. 19-30*]. Contrary to the Defendants' suggestion, the R&R does **not** "incorrectly" interpret Texas law regarding the privileges and defenses available to media defendants. Rather, the R&R recognizes that media defendants have no right to collude and lie with impunity. The R&R applies well-settled law to the unique circumstances of this case. The Magistrate Judge performed a painstaking review of Plaintiff's factual allegations, which the Court did not find to be "conclusory" or "bald speculation".

The R&R correctly found that:

- **Plaintiff adequately alleges that the statements at issue in this case are defamatory** *per se*.

> "In a footnote, Defendants further assert Plaintiff has failed to adequately alleged the statements at issue are defamatory *per se* … The Court finds this argument without merit."

[*R&R, p. 34, n. 13*].

- **The "fair report privilege", embodied in Texas Civil Practice and Remedies Code § 73.002(b), does not apply because of the important exception contained in § 611 of the Restatement (Second) of Torts**.

> "Although the Texas Supreme Court has not adopted this exception to the fair report privilege, the Court predicts that, given the opportunity, it would do so."

[*R&R, pp. 42-43*].

- **Plaintiff alleges facts that plausibly show Defendants' actual malice**.

    "Putting aside the Court's above concerns as to the applicability of the common law and statutory privileges – something Defendants must demonstrate – there are other reasons for recommending Defendants' Rule 12(b)(6) motion to dismiss based on the common law and statutory privileges and the third-party allegations rule be denied. <u>First</u>, even if the conditional privileges do apply, Plaintiff can overcome the privileges by pleading actual malice … Plaintiff alleges facts which plausibly allege actual malice (that Folkenflik knew the statements were false or did not act for the purpose of protecting the interest for which the privileges exist)."

[*R&R, pp. 45-46*; *id., pp. 78-88* ("Even if the Court were to assume, for purposes of this Report and Recommendation only, that Plaintiff is a limited-purpose public figure, the Court would agree with Plaintiff that he has sufficiently alleged actual malice … Plaintiff's allegations are sufficient at this stage to create a 'plausible inference' that Folkenflik and NPR published the reports with actual malice … Plaintiff's allegations sufficiently indicate at this stage in the litigation that Folkenflik purposefully avoided learning the truth … Plaintiff plausibly alleges when Folkenflik published the statements, he knew the statements were false, had serious doubts as to their truth, or had a high degree of awareness of their probable falsity … Thus, the Court finds Plaintiff plausibly alleges Folkenflik and NPR published statements with actual malice.")].

- **Plaintiff sufficiently alleges that Defendants' reports were <u>*not*</u> fair, true, or impartial**.

    "<u>Second</u>, regardless of whether Defendants are seeking to establish the common law or statutory privileges or both, those conditional privileges only protect publications which are fair, true and impartial accounts … The Court finds Plaintiff has alleged facts which plausibly allege the reports were not fair, true, and impartial accounts of the *Wheeler* Complaint … The Court disagrees with Defendants that they have established their entitlement to dismissal under § 73.002(b) (fair report and fair comment privileges) at this stage of the proceedings."

[*R&R, pp. 46-49*].

3

- **Plaintiff sufficiently alleges material falsity**.

"Here, as will be discussed in detail below, the Court finds, at this stage of the case and under the facts as alleged in the Complaint, Plaintiff has sufficiently alleged the gist of the publications was not substantially true. The Court is not convinced the publications place Plaintiff in no worse light than the underlying allegations contained in the *Wheeler* Complaint, as urged by Defendants. Thus, the Court is not convinced the third-party allegations rule codified in Texas Civil Practices and Remedies Code § 73.005(b) applies, and as a matter of law, bars Plaintiff's claims."

[*R&R, pp. 50-51, 52-53*; *id., p. 74, n. 28* ("At this stage of the case and under the facts as alleged in the Complaint (including that Defendants acted in concert and conspiracy with Wigdor to publish and republish false and defamatory statements), the Court also finds Plaintiff has sufficiently alleged the falsity element of his defamation claim. In addition to [his] allegations that Defendants and Wigdor manufactured the false and 'preconceived' story, Plaintiff has also sufficiently alleged the gist of the reports was not substantially true – that is, that the reports were not fair, true, and impartial accounts of the *Wheeler* Complaint.")].

- **NPR's statements are reasonably capable of a defamatory meaning**.

"As previously noted, Plaintiff argues the 'gist' of the publications is that Plaintiff, a 'Dallas investment manager' and 'financial talking head,' concocted, spearheaded and actively participated with Fox News and the White House in a concerted scheme to promote 'fake news.' … Evaluating the August 1 Report as a whole, the Court finds because of material additions and misleading juxtapositions, an objectively reasonable reader could conclude the report mischaracterized Plaintiff's role in the Seth Rich investigation and 'thereby cast more suspicion on [Plaintiff's] actions than an accurate account would have warranted.' … The August 1 Report as a whole is reasonably capable of a defamatory meaning because it goes 'beyond merely reporting materially true facts.' … The August 1 Report also juxtaposed facts in a possibly misleading way … The Court finds the August 1 Report, as a whole, can be reasonably understood as stating the meaning Plaintiff proposes and is capable of defamatory meaning."
…

"The Court finds Folkenflik's statements in the *Mediaite* Interview, as a whole, can be reasonably understood as stating the meaning Plaintiff proposes and are capable of defamatory meaning."
…

According to the Complaint, the August 7 Report, '[r]ead together with the [August 1 Report], the overall tenor and context of Folkenflik's messages was that Butowsky lied, was dishonest, and aided, abetted and actively participated in a fraudulent journalistic scandal' … At this stage of the proceedings, accepting the allegations in the Complaint as true, the Court finds the August 7 Report can be reasonably understood as stating the meaning Plaintiff proposes."
…

According to Plaintiff, Folkenflik's statement, explicitly or by implication, accuses him of engaging in 'activities' that caused harm to the Rich Family and that Plaintiff lacked empathy and understanding that his actions 'affected' the Riches. The Court finds the August 16 Report, considered as a whole, can be reasonably understood as stating the meaning Plaintiff proposes and is capable of defamatory meaning."
…

The Court finds the September 15 Report, as a whole, can be reasonably understood as stating the meaning Plaintiff proposes and is capable of defamatory meaning.
…

In sum, the Court finds Plaintiff has alleged the gist of the reports can be reasonably understood as stating the meaning Plaintiff proposes."

[*R&R, pp. 54-74*].

- **The statements are of and concerning Plaintiff**.

"With the exception of the August 7 Report, each report, including some of the complained-of statements, mentioned Plaintiff by name … In fact, all of the reports except the August 7 Report prominently featured Plaintiff … At this stage of the proceedings, accepting the allegations in Plaintiff's Complaint as true, the Court is not convinced Plaintiff fails to plausibly allege he is a 'readily identifiable member' of the 'journalistic scandal' and alleged 'concoction' of Fox News' Seth Rich story. The Court recommends this part of Defendants' motion be denied."

[*R&R, pp. 74-76*].

- **Plaintiff alleges statements of verifiable fact,** *not* **opinions**.

> "A close reading of those statements by Folkenflik reveals they were not expressions of opinion. Instead, the statements were made as objective facts. Folkenflik provided purported 'verifiable facts' to support the statements. Nothing about the context of the statements indicate Folkenflik was expressing an opinion. Based on these legal principles and the factual allegations pleaded, which must be assumed true at this stage, the Court holds that Plaintiff's defamation claims raise a right to relief above the speculative level and survive Rule 12(b)(6) attack. The Court recommends this part of Defendants' motion be denied."

[*R&R, pp. 76-78*].

- **The Defamation Mitigation Act does not bar Plaintiff's claims**.

> "Similarly here, the Court is not convinced, as urged by Defendants, that Plaintiff's failure to follow § 73.055(a)(1) requires dismissal for failure to state a claim. *See Inge*, 2017 WL 4838981, at *3. Rather than recommend at this time that Plaintiff be precluded from recovering exemplary damages in connection with his defamation claim, the Court recommends this issue be considered in the context of summary judgment."

[*R&R, pp. 88-95*].

- **Plaintiff sufficiently alleges a claim of business disparagement**.

> "In their motion to dismiss, Defendants argue Plaintiff's business disparagement claim fails for the same reason his defamation claim fails. For the same reasons the Court recommends Defendants' motion to dismiss Plaintiff's defamation claim be denied, the Court recommends Defendants' motion to dismiss Plaintiff's business disparagement claim be denied."

[*R&R, pp. 95-96*].

- **The Complaint sufficiently alleges that Folkenflik and Wigdor conspired to defame Plaintiff**.

> "In their motion, Defendants point out the tort underlying the alleged civil conspiracy in this case is defamation. They argue first the conspiracy claim must fail because the defamation claim must fail. This argument is without merit. Plaintiff has not failed to state a claim as to the underlying tort.
> …

> Here, Plaintiff has sufficiently alleged conduct on the part of Defendants sufficient to constitute civil conspiracy. The Court recommends this part of Defendants' motion to dismiss be denied."

[*R&R, pp. 96-97*].

Each of the Magistrate Judge's findings is meticulously supported by facts alleged in Plaintiff's Complaint with citation to Texas law. There is reason to second-guess the Court's thorough analysis.

## II. THE R&R SHOULD BE ADOPTED AND ACCEPTED

Rule 72(b) of the Federal Rules of Civil Procedure obligates a magistrate judge to promptly conduct the required proceedings when assigned to hear a pretrial matter dispositive of a claim or defense. A record may, at the magistrate judge's discretion, be made of any non-evidentiary proceeding. "The magistrate judgment must enter a recommended disposition" which must be promptly mailed to each party. A party has the right to serve and file "specific written objections to the proposed findings and recommendations." The District Court must determine de novo any part of the magistrate judge's disposition that has been properly objected to.

Defendants' 26 page objection to the R&R rehashes arguments that were fully addressed in the briefing and argument before the Magistrate Judge.[1] The Defendants' objection is notable in that it refers to the March 22, 2019 report of special counsel

---

[1] Defendants' objection includes multiple misstatements about Plaintiff and his allegations, including that the Complaint "alleges that Butowsky used his connections at Fox News to create what became the retracted Fox News Report, texting Wheeler: 'If you're up for it *let's do a story*.'" (Compl. at 44.)". [*Def. Objection, p. 22*]. The text that Defendants are referring to actually appears in ¶ 75 of the Complaint, and it is **not** a text from Plaintiff. Defendants' objection also misstates that "the only allegations of a joint scheme come in the form of the recitation of the elements of the civil conspiracy cause of action (Dkt. At 176)". [*Def. Objection, p. 25*]. Actually, the facts relating to the collusion between Folkenflik and Wigdor – who, what, when, where and why – are expressly laid out in paragraphs 10-11, 26-27, 107, 119, 166(f), 176-179 of Plaintiffs' Complaint.

Robert Mueller [*Def. Objection, p. 2, n. 4*], and suggests that the Mueller report "discredits" Fox News' reporting and "undercuts" Plaintiff's assertion that Defendants knew Seth Rich leaked emails to WikiLeaks. The Mueller report is irrelevant to the claims stated in Plaintiff's Complaint. Reference to the report illustrates the lengths to which NPR will go to distract and obfuscate.

Finally, the Defendants suggest that the R&R should be disregarded because the Magistrate Judge relied on "supplemental allegations" outside the Complaint. First, this is inaccurate. The Magistrate may have referenced other pleadings in the Docket, but she most certainly based her recommendations on the allegations in the well-plead Complaint. Second, any reference in the R&R to the Plaintiff's memorandum in opposition to Defendants' motion to dismiss or to Plaintiffs' proposed amended complaint [*ECF Document 54*] does not change the overall analysis.

The Magistrate Judge got it right. She employed the correct standard of review on a motion to dismiss under Rule 12(b)(6). In accordance with established Fifth Circuit precedent, she drew the proper inferences from the facts alleged. She resolved any doubts in favor of the Plaintiff. [*R&R, p. 4* citing *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012)].

## **CONCLUSION AND REQUEST FOR RELIEF**

For the reasons stated above, Plaintiff, Ed Butowsky, respectfully requests the District Court to adopt and approve the Report and Recommendation of the United States Magistrate Judge.


DATED:	May 29, 2019

8

ED BUTOWSKY,
In his Individual and Professional Capacities


By: */s/ Steven S. Biss*
    Steven S. Biss, Esquire
    (Virginia State Bar # 32972)
    300 West Main Street, Suite 102
    Charlottesville, Virginia 22903
    Telephone:   (804) 501-8272
    Facsimile:   (202) 318-4098
    Email:   stevenbiss@earthlink.net
    (*Admitted Pro Hac Vice*)

    Ty Clevenger, Esquire
    Texas Bar No. 24034380
    P.O. Box 20753
    Brooklyn, NY 11202-0753
    (979) 985-5289
    (979) 530-9523 (Fax)
    Email:  tyclevenger@yahoo.com

    *Counsel for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2019 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for Defendants and all interested parties receiving notices via CM/ECF, and a copy was also emailed in PDF to counsel for the Defendants:

Laura.Prather@haynesboone.com; Thomas.Williams@haynesboone.com.

By: */s/ Steven S. Biss*
Steven S. Biss, Esquire
(Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:   (804) 501-8272
Facsimile:    (202) 318-4098
Email:          stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

Ty Clevenger, Esquire
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, NY 11202-0753
(979) 985-5289
(979) 530-9523 (Fax)
Email:  tyclevenger@yahoo.com

*Counsel for the Plaintiff*