# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| EDWARD BUTOWSKY | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-442 |
| | § | Judge Mazzant/Magistrate Judge Craven |
| DAVID FOLKENFLIK, ET AL. | § | |

## AMENDED SCHEDULING ORDER

Before the Court is the parties' Agreed Motion to Modify Scheduling Order (Dkt. #69). The Court is of the opinion the motion should be **GRANTED.**[1] The Court enters this case-specific order which controls disposition of this action pending further order of the Court. The following actions shall be completed by the date indicated.[2]

## DEADLINES

| | |
|---|---|
| March 27, 2019 | Deadline for motions to transfer. |
| May 1, 2019 | Deadline to add parties. |
| July 1, 2019 | Disclosure of expert testimony pursuant to FED. R. CIV. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof. |
| September 30, 2019 | Deadline for parties to file amended pleadings. (Except as expressly provided in this order below, a motion for leave to amend is required.) |
| September 30, 2019 | Disclosure of expert testimony pursuant to FED. R. CIV. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party does not bear the burden of proof. |
| 6 weeks after disclosure of an expert is made | Deadline to object to any other party's expert witnesses. Objection shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. |

---

[1] Except as expressly provided in this order, all other deadlines set forth in the Court's March 21, 2019 Scheduling Order (Dkt. # 57) remain unchanged.

[2] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in FED. R. CIV. P. 6, the effective date is the first federal court business day following the deadline imposed.

| | |
|---|---|
| October 6, 2019 | Deadline to file any evidence that is solely contradictory or rebuttal evidence to another party's expert disclosure. |
| April 30, 2020 | All discovery shall be commenced in time to be completed by this date. |
| June 1, 2020 | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| July 27, 2020 | Date by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| August 10, 2020 | Notice of intent to offer certified records. |
| August 10, 2020 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* www.txed.uscourts.gov) and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| August 10, 2020 | Video Deposition Designation due.  Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross-examination line and page numbers to be included.  Counsel must consult on any objections and only those which cannot be resolved shall be presented to the court.  The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's rulings on objections. |
| August 31, 2020 | Mediation must occur by this date. |
| August 31, 2020 | Motions in limine due.<br>File Joint Final Pretrial Order. (*See* www.txed.uscourts.gov). |
| September 18, 2020 | Response to motions in limine due.[3] |

---

[3] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space respond only to items objected to.  All others will be considered to be agreed.  Opposing

| | |
|---|---|
| September 18, 2020 | File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[4] (This does not extend deadline to object to expert witnesses) (Provide the exhibit objected to in the motion or response).  If numerous objections are filed the court may set a hearing prior to docket call. |
| | File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| Date will be set by court. Usually within 10 days prior to the Final Pretrial Conference. | If numerous objections are filed the court may set a hearing to consider all pending motions and objections. |
| **October 2, 2020** | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas.  Date parties should be prepared to try case. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| To be determined | 10:00 a.m. Jury selection and trial at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. A specific trial date will be selected at the Final Pretrial Conference.[5] |

In addition to these scheduling modifications, the Court finds that good cause exists to modify the provisions of Rule 15 of the Federal Rules of Civil Procedure as follows: Plaintiff may amend his Complaint one further time as a matter of right, provided he does so on or before September 30, 2019. Defendants' deadline to respond to Plaintiff's current Amended Complaint (Dkt. # 53) is extended until October 30, 2019, with the further provision that if Plaintiff amends his Complaint again prior to that date, the current Amended Complaint will be superseded by the newly Amended Complaint, and Defendants shall respond only to the newly Amended Complaint.

---

counsel shall confer in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response.  The parties shall notify the Court of all the issues which are resolved.

[4] Within five calendar days after the filing of any objections, opposing counsel **shall confer** to determine whether any objections can be resolved without a court ruling. The parties shall notify the Court of all the issues which are resolved. The Court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

[5] As agreed upon by the parties in the Joint Report of Attorney Conference, each party shall exchange the exhibits it intends to use at trial, or copies thereof, with the opposing party fourteen (14) days prior to the first day of trial.

## SCOPE OF DISCOVERY

Modification. Taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, the Court modifies the parameters of discovery in the following respects. *See* FED. R. CIV. P. 26(b)(2).

Disclosure. The parties are reminded of the requirement, set out in this court's Initial Order Governing Proceedings, to have already disclosed, without awaiting a discovery request, information in addition to that required by FED. R. CIV. P. 26, including names of persons likely to have, and documents containing, information "relevant to the claim or defense of any party."

If there are any questions about whether information is "relevant to the claim or defense of any party" review Local Rule CV-26(d). A party that fails to timely disclose any of the information required to be disclosed by order of this court or by the Federal Rules of Procedure, will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion.

Electronic Discovery. Electronically stored information will be produced in hard copy form or multi-page TIFF format, unless the parties agree otherwise. The parties agree that electronically stored information subject to discovery may be produced electronically in Adobe PDF format ("PDF").

The parties are excused from the pretrial disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(3), as such disclosure is cumulative of this court's pre-trial order procedures.

Inadvertent Production of Privileged Material
The parties agree as follows. Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request of the producing party, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during depositions or at trial and they shall not be disclosed to anyone who was not given access to them before the request to return or destroy. The party returning such documents may move the Court for an order compelling production of the material but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such an order.

Depositions
Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one (1) day of seven (7) hours.

## DISCOVERY DISPUTES

In the event the parties encounter a discovery dispute, no motions to compel may be filed until after the parties fulfill the "meet and confer" requirement imposed by this Court's Local Rule CV-7(h).  If the parties are unable to resolve the dispute without court intervention, the parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel.  After reviewing the dispute, the Court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline.

A magistrate judge is available during business hours to immediately hear "hotline" discovery disputes and to enforce provisions of the rules.  The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

## RESOURCES

The Eastern District of Texas website (http://www.txed.uscourts.gov) contains information about **Electronic filing, which is mandatory,** Local Rules, telephone numbers, general orders, frequently requested cases, the Eastern District fee schedule, and other information.  The electronic filing HelpLine is 1-866-251-7534.

## SAFEGUARDING PERSONAL INFORMATION

The Judicial Conference of the United States has implemented policies to protect sensitive private information about parties, witnesses, and others involved in a civil, criminal, or bankruptcy case. To that end, all documents filed with the Court and made available to the public, whether electronically or on paper, should limit certain information as follows:

- for Social Security numbers, use only the last four digits;
- for financial account numbers, use only the last four digits;
- for names of minor children, use only their initials;
- for dates of birth, use only the year; and
- (in criminal cases) for home addresses, use only the city and state.

If such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse unless, and until, it is redacted. The better practice is for you to avoid introducing this information into the record in the first place. Please take this into account when questioning witnesses or making other statements in court.

## FAILURE TO SERVE

Any defendant who has not been served with the summons and complaint within 90 days after the filing of the complaint shall be dismissed, without further notice, unless prior to such time

the party on whose behalf such service is required shows good cause why service has not been made. *See* Fed. R. Civ. P. 4(m).

## SETTLEMENT

Plaintiff's counsel shall immediately notify the Court upon settlement.

## COMPLIANCE

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure or because another party has failed to comply with this order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the Court, or both.  If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the Court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order.  *See* Local Rule AT-3(j).

## TRIAL

The deadlines for pre-trial matters, such as exchanging exhibits, and objections, are intended to reduce the need for trial objections, side-bar conferences, and repetitive presentation of evidentiary predicates for clearly admissible evidence.  Counsel should be familiar with the evidence display system available in the courtroom.  Copies of exhibits which will be handed to witnesses should be placed in a three-ring binder, with an additional copy for the court. (To make it easy to direct the witness to the correct exhibit while on the stand, Plaintiffs should use a dark colored binder such as black or dark blue.  Defendant should use a light-colored binder such as white, red, or light blue.)  Alternatively, if exhibits have been scanned and will be presented via a computer projection system, be sure there is a way for the court to view or read them separately so as to be able to understand motions and objections.

Counsel are responsible for informing their clients and witnesses about courtroom dress requirements and protocol, such as silencing pagers and phones, and not chewing gum, reading newspapers, or eating.

## OTHER MATTERS

1. Please note the amendments to the Local Rules regarding motion practice.  If a document filed electronically exceeds ten pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to the Court's chambers in Sherman (or to the Magistrate Judge's chambers in Texarkana for referred cases).  *See* Local Rule CV-

5(a)(9). Courtesy copies over twenty pages long should be bound to the left, and voluminous exhibits should be separated by dividers.

2. If necessary, the parties should notify the court if assistance is needed in selecting a mediator.

3. Any reply or sur-reply must be filed in accordance with Local Rule CV-6 and Local Rule CV-7(f). The parties are reminded that "[t]he court need **not** wait for the reply or sur-reply before ruling on the motion." Local Rule CV-7(f) (emphasis added).

**IT IS SO ORDERED.**

**SIGNED this 21st day of August, 2019.**

*[Signature: Caroline M. Craven]*

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE