IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EDWARD BUTOWSKY, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CASE NO. 4:18-cv-442 | |
| § | | |
| DAVID FOLKENFLIK, ET AL., § | | |
| Defendants. § | | |

### FEDERAL BUREAU OF INVESTIGATIONS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

### I. INTRODUCTION

Plaintiff Edward Butowsky requested documents from the Federal Bureau of Investigation ("FBI") through a request submitted pursuant to the Department of Justice's *Touhy* regulations. The United States Attorney denied Butowsky's request, and Butowsky has now moved to compel the FBI to produce those documents. Because this Court does not have the power to compel the FBI to produce documents here, Butowsky's request should be denied.

### II. *TOUHY* REGULATIONS

Before discussing the third-party subpoena subject of Butowsky's motion to compel, it is critical to discuss the regulatory scheme that applies to requesting documents from federal agencies like the FBI. Pursuant to 5 U.S.C. § 301, many federal agencies have promulgated so-called *Touhy*

Case 4:18-cv-00442-ALM-CMC   Document 76   Filed 10/24/19   Page 2 of 9 PageID #: 1069

regulations regulating their employees' ability to respond to third-party subpoenas for official information.  These regulations typically prohibit the unauthorized release of information by agency employees, provide a procedure for centralized agency decision-making concerning how the agency will respond to a subpoena or other request for testimony or documents served on an agency employee, and provide a procedure by which a subpoenaing litigant may obtain an agency decision.

The validity of such regulations was considered and upheld by the Supreme Court in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). *Touhy* involved an FBI agent held in contempt because, pursuant to a Department of Justice regulation, he refused to produce certain documents subpoenaed by a state prisoner in a federal habeas corpus proceeding.  The Supreme Court affirmed the reversal of the contempt, concluding that the FBI agent's refusal to produce documents in contravention of the DOJ regulation was lawful, and that the regulation centralizing decision-making was a valid exercise of Executive authority under the predecessor of the current Housekeeping Statute. *Id.* at 467-68.  Ever since, such regulations became known as "*Touhy* regulations."

The DOJ *Touhy* regulations are found at 28 C.F.R. § 16.21, *et seq.* Generally speaking, no employee of the Justice Department may produce any

<u>BUTOWSKY V. FOLKENFLIK, ET AL.</u>:
FBI'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL                                    PAGE 2

Justice Department material in any federal case in which the United States is not a party. 28 C.F.R. § 16.22(a). When information like documents are sought, the United States Attorney shall request a summary of the information sought and its relevance to the proceeding. 28 C.F.R. § 16.22(d).

After a request has been submitted, the United States Attorney considers whether disclosure would be appropriate under the rules of procedure and whether disclosure is appropriate under the relevant substantive law concerning privilege. 28 C.F.R. § 16.26(a). The regulations also identify a number of factors that weigh against disclosure. 28 C.F.R. § 16.26(b). These regulations do not create any substantive rights for litigants. 28 C.F.R. § 16.21(d).

The DOJ's *Touhy* regulations "unquestionably give Justice Department employees the authority, when so ordered by superiors, to refuse to comply with a subpoena ordering disclosure of confidential files when the United States is not a party to a legal action." *Louisiana v. Sparks*, 978 F.2d 226, 234-35 (5th Cir. 1992). The Fifth Circuit has explained that sovereign immunity prevents the enforcement of a subpoena against an unwilling sovereign, absent an express waiver of such immunity. *Louisiana v. Scire*, 15 F.3d 1078, 1079 (5th Cir. 1994). Any waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. Mitchell*,

445 U.S. 535, 538 (1980). When no such waiver exists, the appropriate action is to quash the subpoena at issue "on the ground that a court, state or federal, lacks jurisdiction to enforce a subpoena against an unwilling sovereign." *Sparks*, 978 F.2d at 236.

### III. BACKGROUND FACTS

On July 3, 2019, Mr. Clevenger sent a cover letter and subpoena duces tecum to the United States Attorney. *See* Exhibit A. Although his letter referenced *Touhy*, Mr. Clevenger did not actually provide a proper request as required by the DOJ *Touhy* Regulations. *Compare id.* with 28 C.F.R. § 16.21, *et seq*.

On July 23, 2019, the United States Attorney, through his designee, wrote Mr. Clevenger to request that he provide a summary of the information sought and its relevance to the proceedings, in accordance with the *Touhy* regulations. *See* Exhibit B, July 23, 2019 letter from AUSA Russ to Clevenger (citing 28 C.F.R. § 16.22(d)).

Mr. Clevenger provided the requested summary on July 26, 2019. *See* Exhibit C. In his July 26 letter, Mr. Clevenger explained his perspective as to how the requested documents related to Butowsky's immediate lawsuit. Mr. Clevenger claimed that Butowsky "was informed by someone" that certain documents existed and were in FBI custody. This assertion

contradicted Butowsky's allegations in his complaint that focus on Rod Wheeler (Butowsky's colleague) claiming to have critical law enforcement sources. *See, e.g.*, Dkt. No. 72, ¶ 33 at n. 7 (explaining that Wheeler, not Butowsky, was the person with "sources at the FBI"), ¶ 77.[1]

Following a review of Mr. Clevenger's July 26 *Touhy* summary, the United States Attorney's designee denied the request. *See* Exhibit D, August 8, 2019 letter from AUSA Russ to Clevenger (the "*Touhy* Denial Letter"). In the *Touhy* Denial Letter disallowing the production of documents, the United States Attorney raised the following objections and considerations:

- The request sought information that was irrelevant to the pending litigation, and was therefore not permissible under Fed. R. Civ. P. 26(b)(1);

- The burdensomeness of the request outweighed any possible benefit from its production, again violating Fed. R. Civ. P. 26(b)(1);

- The request sought the same records that Mr. Clevenger has requested in a FOIA action pending in the Eastern District of New York, *Clevenger v. United States Dep't of Justice*, Case No. 1:18CV1568, in the Eastern District of New York (the "FOIA suit");

---

[1] Throughout his complaint, Butowksy strains to distance himself from Wheeler's alleged investigation into Seth Rich's murder.

- That regardless of the relevancy of the request, no responsive documents existed; and

- The request sought information that implicated the Privacy Act, 5 U.S.C. § 225a.

*Id.* The *Touhy* Denial Letter also explained that Butowsky's request to the FBI was improper because, based on his own July 26 letter and his allegations in the lawsuit, he focused on information that Butowksy learned from "someone"[2] **and not directly from the FBI**. *Id.* Because Butowsky could obtain information from those other third parties who reported information to him rather than from the FBI itself, the request was directed to the wrong third party.

Mr. Clevenger made no further communication with the United States Attorney's Office for the Eastern District of Texas until he filed his Motion to Compel on October 11, 2019. Dkt. No. 75. He filed that Motion to Compel

---

[2] This purported informant is the lynchpin to Mr. Butowsky's legal allegations and defenses in this case and at least five other pending federal lawsuits. *See Edward Butowsky v. Douglas Wigdor, et al.*, Case No. 4:19-cv-00577-ALM-KPJ, in the United States District Court for the Eastern District of Texas; *Edward Butowsky v. Michael Gottlieb, et al.*, Case No. 4:19-cv-00180-ALM-KPJ, in the United States District Court for the Eastern District of Texas; *Edward Butowsky v. Democratic National Committe, et al.*, Case No. 4:19-cv-00582-ALM-KPJ, in the United States District Court for the Eastern District of Texas; *Rich, et al. v. Fox News Network LLC, et al.*, Case No. 1:18-cv-2223, in the United States District Court for the Southern District of New York; *Aaron Rich v. Butowsky, et al.*, Case No. 1:18-cv-681, in the United States District Court for the District of Columbia.

without complying with the Eastern District of Texas's certificate of conference rules. *See* Local R. CV-7(h). Although he conferred with counsel for the Defendants, the Defendants are not subject of the subpoena.

Despite this technical failure, the Court can treat the motion to compel as opposed by the government and address it forthwith. And for the straightforward reasons explained herein, Plaintiff's Motion to Compel should be denied.

## IV. DENIAL OF *TOUHY* REQUEST CAN ONLY BE CHALLENGED IN A SEPARATE SUIT UNDER THE APA

The Court does not have the power to compel discovery from the FBI in the immediate litigation. Instead, the proper method for Butowsky to seek judicial review of the agency's final decision pursuant to its regulations is through a direct action brought under the Administrative Procedure Act. *CF Industries, Inc. v. Dep't of Justice BATF*, 692 F.App'x 177, 182 n.3 (5th Cir. 2017); *Hasie v. Office of Comptroller of Currency*, 633 F.3d 361, 365 (5th Cir. 2011); *Cabral v. U.S. Dep't of Justice*, 587 F.3d 13, 22-23 (1st Cir. 2009); *Puerto Rico v. United States*, 490 F.3d 50, 61 n. 6 (1st Cir. 2007); *In re Boeh*, 25 F.3d 761, 764-65 (9th Cir. 1994).

And then, in that separate APA action, the reviewing court may only overturn an agency's decision denying disclosure if the decision is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with the law." 5 U.S.C. § 706(2)(A). The scope of APA review under that standard is narrow, and the reviewing court cannot substitute its judgment for that of the agency. *Hasie*, 633 F.3d at 365.

According to 28 C.F.R. § 16.22(a), in the absence of a direct challenge to the Attorney General's (or here, the United States Attorney's designee's) decision to withhold permission to produce documentation, the FBI cannot be held in contempt for refusing to provide documentation. *Boeh*, 25 F.3d at 766. Nor can the Court review or second-guess the agency's decision. There may be time and place for a court to evaluate the agency's action in response to Plaintiff's subpoena, but it is not now and it is not here in the immediate lawsuit.

## CONCLUSION

The Federal Bureau of Investigation respectfully requests that the Court deny Plaintiff's Motion to Compel and quash the subpoena.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY
EASTERN DISTRICT OF TEXAS

*/s/ Robert Austin Wells*
Robert Austin Wells
Assistant United States Attorney
State Bar No. 24033327
110 N. College, Suite 700
Tyler, TX 75702

>Phone:  903-590-1400
>Fax:  903-590-1436
>robert.wells3@usdoj.gov
>
>ATTORNEY FOR THE FEDERAL
>BUREAU OF INVESTIGATION

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response in Opposition to Plaintiff's Motion to Compel was served on all counsel of record by way of the Court's CM/ECF system on October 24, 2019.

>*/s/ Robert Austin Wells*
>Robert Austin Wells
>Assistant United States Attorney