# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **Edward Butowsky,** | |
| Plaintiff, | |
| v. | Case No. 4:18-cv-00442-ALM-cmc |
| **David Folkenflik, et al.,** | |
| Defendants | |

### PLAINTIFF'S CORRECTED REPLY IN SUPPORT OF MOTION TO COMPEL FEDERAL BUREAU OF INVESTIGATION TO COMPLY WITH SUBPOENA DUCES TECUM

NOW COMES Edward Butowsky, the Plaintiff, replying in support of his MOTION TO COMPEL FEDERAL BUREAU OF INVESTIGATION TO COMPLY WITH SUBPOENA DUCES TECUM (hereinafter "MOTION TO COMPEL")(Doc. No. 75)[1] as follows:

### Introduction

A lot has happened in the short period since the Plaintiff filed his MOTION TO COMPEL and the government filed the FEDERAL BUREAU OF INVESTIGATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL (Doc. No. 76) (hereinafter "FBI RESPONSE"). In a reply filed on October 24, 2019 in *United States v. Michael T. Flynn*, Case No. 1:17-cr-00232-EGS (D.D.C.), attorney Sidney Powell laid out damning evidence that high-ranking FBI officials systematically tampered with records and hid exculpatory evidence for the purpose of framing the defendant, retired General Mike

---

[1] The undersigned should have noted in the MOTION that a nearly identical motion was filed on October 10, 2019 as Docket No. 160 in the related case of *Butowsky v. Gottlieb*, 4:18-cv-180-ALM (E.D. Tex.).

- 1 -

Flynn. The reply itself is sealed, but Ms. Powell publicly posted a redacted version online, and the Plaintiff has attached a copy as Exhibit 1. The Plaintiff requests that the Court take judicial notice of that attachment or obtain a copy of the reply (and its exhibits) directly from the D.C. court.

As the Court is probably aware, the criminal charges against General Flynn are an integral part of the "Russia Collusion Hoax" outlined in the Plaintiff's SECOND AMENDED COMPLAINT. *See, e.g.,* Petr Svab, "Did Flynn Just Call Out Mueller on Under-the-Table Plea Deal?", *The Epoch Times*, July 14, 2019 (https://www.theepochtimes.com/did-flynn-just-call-out-mueller-on-under-the-table-plea-deal_3001928.html). If the FBI is willing to conceal records and tamper with evidence in order to frame a highly-decorated former military officer, all for the purpose of promoting and protecting a political hoax, then it should not be difficult to believe that the FBI would conceal records about Seth Rich in order to protect that same hoax.

## Argument

In the FBI RESPONSE, the FBI relied on the wrong line of authority. Neither of the two Fifth Circuit cases cited in the FBI RESPONSE, *i.e.*, *CF Industries, Inc. v. Dep't of Justice BATF*, 692 F.App'x 177, 182 n.3 (5th Cir. 2017) and *Hasie v. Office of Comptroller of Currency of U.S.*, 633 F.3d 361, 365 (5th Cir. 2011), deal with subpoenas issued under Fed. R. Civ. P. 45. Instead, the underlying litigation in both *CF Industries* and *Hasie* occurred in state court, therefore the respective plaintiffs filed claims in federal court pursuant to the Administrative Procedures Act ("APA"). It is well-established that state court parties may not issue state-court subpoenas on federal entities or personnel,

and the Plaintiff does not dispute that here. That issue is, however, completely irrelevant to this case. The relevant question is whether a federal entity such as the FBI is subject to a subpoena issued pursuant to Rule 45.

The first court in the Fifth Circuit to consider that issue was the Eastern District of Louisiana in *In re Vioxx Products Liab. Litig.*, 235 F.R.D. 334, 342 (2006), followed shortly thereafter by the Middle District of Lousiana in *Shoemaker v. State Farm Fire & Cas. Co.*, CV 05-302-A-M2, 2006 WL 8433454 (June 21, 2006). The core question, according to *Vioxx*, was whether the federal government was a "person" subject to a subpoena for purposes of Rule 45. 235 F.R.D. at 342. The *Vioxx* court concluded that the federal government is a "person" as the term is used in Rule 45. *Id*. The *Shoemaker* court reached the same conclusion, 2006 WL 8433454, and the following year the D.C. Circuit reached the same conclusion. *Watts v. S.E.C.*, 482 F.3d 501, 508–09 (D.C. Cir. 2007), citing *Vioxx* (among others). Five years after *Watts*, the Seventh Circuit adopted its reasoning in holding that a state was likewise a "person" under Rule 45. *Ott v. City of Milwaukee*, 682 F.3d 552, 556 (7th Cir. 2012). The Seventh Circuit noted that as of 2012, the D.C. Circuit was the only circuit that had addressed the issue, *id.*,[2] and the Plaintiff has not found any other circuit cases since. Nonetheless, the majority position holds that a federal agency is a "person" for purposes of Rule 45. *See Ceroni v. 4Front Engineered Sols., Inc.*, 793 F. Supp. 2d 1268, 1275–76 (D. Colo. 2011)(citing cases).

---

2  That statement is somewhat confusing, as *Watts* itself cites *U.S. E.P.A. v. Gen. Elec. Co.*, 197 F.3d 592, 598 (2d Cir. 1999), opinion amended on reh'g, 212 F.3d 689 (2d Cir. 2000), where the Second Circuit held that subpoenas could be served on non-party federal respondents.

The *Vioxx* court noted a split of authority concerning whether Rule 45 standards or APA standards apply to a motion to compel production from a federal agency, but it ultimately did not reach the issue. 235 F.R.D. at 344. Whereas Rule 45 requires the production of documents absent an "undue burden" on the respondent, the APA is considerably more narrow, requiring the subpoena proponent to demonstrate that the agency's decision to withhold documents was "arbitrary and capricious." *Id*. The issue appears to be unresolved in the Fifth Circuit. *In re of C.F. Bean, LLC*, 1:13CV77-HSO-RHW, 2015 WL 5296771, at *1 (S.D. Miss. Sept. 10, 2015). The greater weight of authority suggests, however, that Rule 45 standards apply to Rule 45 subpoenas. *See Gardner v. Michigan State Univ.*, 1:12-CV-1018, 2013 WL 5320282, at *3-4 (W.D. Mich. Sept. 20, 2013)(citing cases).

The Plaintiff should prevail under either standard. In his MOTION, he provided clear evidence that relevant FBI records exist, and that they are relevant to his case. The government does not disputed their relevance, nor has it suggested in the FBI RESPONSE that the requested records are covered by some sort of exemption or privilege. Instead, the FBI has refused (in a separate FOIA case) to search for the documents in the places where they are most likely to be found. *See* MOTION TO COMPEL. If that is not "arbitrary and capricious," it is hard to imagine what would be.[3]

---

3   In the FBI RESPONSE, the government suggested that the undersigned violated Local Rule 7 because he did not confer with the U.S. Attorney's Office before filing the motion to compel. Plaintiff's Counsel did not think the rule applied to non-parties, but common sense and common courtesy would certainly weigh in favor of such consultation, therefore Plaintiff's Counsel will do that going forward.

## Conclusion

The FBI is subject to Rule 45, and its objections (to the extent that it has preserved any) are meritless. The Court should, therefore, order the FBI to comply with the subpoena duces tecum.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Attorney for Plaintiff Edward Butowsky**

## CERTIFICATE OF SERVICE

I certify that a copy of this document was filed electronically with the Court's ECF system on October 28, 2019, which should result in automatic notification to all counsel of record.

**/s/ Ty Clevenger**
Ty Clevenger