**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ED BUTOWSKY,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **DAVID FOLKENFLIK; NATIONAL** | § | **4:18-CV-00442-ALM** |
| **PUBLIC RADIO, INC.; EDITH** | § | |
| **CHAPIN; LESLIE COOK; AND** | § | |
| **PALLAVI GOGOI,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

---

**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

---

Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi (collectively, "Defendants"), by their undersigned counsel, answer the Second Amended Complaint (Dkt. 72) of Plaintiff Ed Butowsky ("Plaintiff" or "Butowsky") as follows:

As a preliminary matter, Federal Rule of Civil Procedure 8(a)(2) requires that pleadings consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Similarly, Federal Rule of Civil Procedure 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct."  Plaintiff's 98-page Second Amended Complaint, which contains nearly 200 paragraphs and numerous footnotes, is argumentative, prolix, and redundant.  The Second Amended Complaint consists largely of legal argument, opinion, conjecture, and inadmissible and unauthenticated "evidence."  Accordingly, Defendants object to the Second Amended Complaint because it violates Rule 8 of the Federal Rules of Civil Procedure

in that it is *not* a "short and plain statement" of Plaintiff's claim, nor is each allegation "simple, concise, and direct."

Additionally, the Second Amended Complaint contains numerous unauthenticated screenshots, embedded graphics, and hyperlinks (the "Embedded Materials"). It includes such Embedded Materials no less than 95 times. Many of these Embedded Materials do not provide any information about what they are or when they were captured, and many are provided without necessary context or are cropped to leave out significant details, such as senders and recipients in email communications and the entirety of the information referenced. Given these defects in the pleadings, Defendants are unable to verify or admit the authenticity of the Embedded Materials and object to their inclusion to the extent that Plaintiff seeks to introduce them as evidence. To the extent the Embedded Materials constitute or contain factual allegations, Defendants lack information or knowledge sufficient to form a belief as to their truth and therefore deny them. Furthermore, the Second Amended Complaint contains multiple numbered and lettered sentences interspersed between various paragraphs that appear to be Plaintiff's characterization of his claims or subject headings. To the extent that these sentences and phrases contain factual allegations requiring a response, Defendants deny them.

Each of the 197 numbered paragraphs below corresponds with the same numbered paragraph in Plaintiff's Second Amended Complaint and contains Defendants' specific admissions and denials in response to Plaintiff's allegations in such paragraphs.

## I.
## INTRODUCTION

1.      Defendants admit that the Second Amended Complaint contains what appears to be a screenshot of David Folkenflik's Twitter account at some point in time. Defendants deny the remaining allegations in Paragraph 1.

2.      Defendants admit that this paragraph cites to various codes of journalistic ethics but deny Plaintiff's characterization of the "four (4) foundational principles of ethical journalism."

3.      Defendants admit that Paragraph 3 contains what appears to be a screenshot of NPR's Ethics Handbook.  Defendants admit the allegations in Paragraph 3 but note that the last alleged quotation is only a partial quotation.  The entire quote reads:  "Errors of omission and partial truths can inflict great damage *on [NPR's] credibility*." (emphasis added).

4.      Defendants deny the allegations in Paragraph 4.

5.      Defendants admit that Defendants Folkenflik and NPR published the following articles referenced in Paragraph 5:

- David Folkenflik, *Behind Fox News' Baseless Seth Rich Story: The Untold Tale*, NPR.ORG (Aug. 1, 2017) (the "August 1 Article");

- David Folkenflik, *Fox News' Seth Rich Story Echoes Previous Problems For Owner Rupert Murdoch*, NPR.ORG (Aug. 7, 2017) (the "August 7 Article");

- David Folkenflik, *The Man Behind The Scenes In Fox News' Discredited Seth Rich Story*, NPR.ORG (Aug. 16, 2017) (the "August 16 Article");

- David Folkenflik, *No Apology, No Explanation: Fox News And The Seth Rich Story*, NPR.ORG (Sept. 15, 2017) (the "September 15 Article");

- David Folkenflik, *Fox News Fights Back On Lawsuit Filed Over Seth Rich Story*, NPR.ORG (Sept. 19, 2017) (the "September 19 Article").

(Collectively, the "Articles"). Defendants admit that the Articles include the quotations ascribed to them in Paragraph 5.  Defendants admit that Folkenflik provided an interview to John Ziegler in which he stated:  "Sadly, the way in which this White House has operated has forced people to go out and to say things that are almost certainly knowingly untrue, and that are often proven certainly to be untrue."  Defendants admit that Folkenflik published the tweets identified in Paragraph 5 but deny that NPR published any "false and defamatory statements of and concerning Butowsky."  Defendants deny the remaining allegations in Paragraph 5 and footnote 1.

6.      Defendants deny the allegations in Paragraph 6.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in footnote 2.

7.      Defendants deny the allegations in Paragraph 7.

8.      Defendants admit that Paragraph 8 and footnote 3 contain selected quotations, taken out of context, from *Rosenblatt v. Baer*, 383 U.S. 75, 92-93 (1966), and *United States v. Alvarez*, 132 S.Ct. 2537, 2560 (2012), respectively. Defendants deny the remaining allegations in Paragraph 8 and footnote 3.

## II.
## PARTIES

9.      Defendants admit that, according to Butowsky, Butowsky is internationally recognized in the investment wealth management industry and has been featured prominently and repeatedly in the media. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore deny them.

10.     Defendants admit that Butowsky has been a frequent guest on CNN, ABC, CBS, NBC, CNBC, Fox Business News, Fox News Channel, Bloomberg TV, and China TV, and that he has made numerous television, radio, and other media appearances. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore deny them.

11.     Defendants lack knowledge or information sufficient to form a belief as to whether Butowsky has received death threats to his family, damage to his home, and *ad hominem* attacks and therefore deny them.  Defendants deny the remaining allegations in Paragraph 11. Footnote 4 contains what appears to be a screenshot of an email communication; Defendants cannot confirm the veracity of the screenshot and, to the extent that screenshot contains factual allegations,

Defendants lack knowledge or information sufficient to form a belief as to their truth and therefore deny them.  Defendants deny the remaining allegations in footnote 4.

12.     Defendants admit that Folkenflik is a resident of New York who lives in New York City. Defendants admit that Folkenflik is the media correspondent on NPR's Business Desk. Defendants deny that the vast majority of Folkenflik's reporting involves Fox and stories about sexual harassment, sexual misconduct and related issues.  Defendants admit that at all times relevant to this action, Folkenflik was an employee of Defendant National Public Radio, Inc., acting within the scope of his employment.

13.     Defendants admit that NPR is a non-stock corporation with its principal place of business in Washington, D.C. and that it maintains offices in California and New York. Defendants admit that NPR is a mission-driven, multimedia news organization and radio program producer.  Defendants admit that NPR produces programs that could be classified as "news, talk, music and entertainment programs."  Defendants admit that NPR distributes programs produced by member stations and independent producers.  Defendants admit that it "sets the standard for trusted editorial content . . . ."  Defendants admit that NPR has two domestic bureaus in Texas. Defendants deny that NPR has "at least thirty-five member stations" in Texas, but admit that NPR has 14 member stations in Texas.  Defendants admit that NPR.org is one of NPR's digital properties and that it is owned and operated by NPR.  Defendants admit that NPR occasionally receives grants from the Corporation for Public Broadcasting, but denies that they are "federal grant[s]."  NPR admits that it has occasionally received a grant from a federal agency.  Defendants deny the remaining allegations in Paragraph 13.

14.     Defendants deny that Defendants Chapin, Cook, and Gogoi, "together with Folkenflik, created, contributed, edited, published, instigated, directed and ratified the defamation

at issue in this action."  Defendants admit that each of these three Defendants is an editor at NPR whose positions are described online at NPR.org, and that none of these individual Defendants is a citizen or resident of Texas.  Defendants admit that Chapin is the Executive Editor of NPR News but deny Plaintiff's characterization of Chapin's role.  Defendants admit that Cook is a senior business editor on NPR's Business Desk, but deny Plaintiff's characterization of his role, including that he "assigns" articles to Folkenflik.  Defendants admit that Gogoi is the Senior Business Editor for NPR's Business Desk.  Defendants admit that Defendants Chapin and Cook are residents of the District of Columbia and that Defendant Gogoi is a resident of New York.  Defendants deny the remaining allegations in Paragraph 14.

15.     The number of listeners to NPR member stations and users of NPR.org fluctuates, and Paragraph 15 fails to state a specific date for which the numbers listed purport to be accurate; therefore, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore deny them.

16.     Defendants admit that Douglas H. Wigdor is a partner at Wigdor LLP, but they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and therefore deny them.

17.     Defendants admit that the website for Wigdor LLP states that Douglas Wigdor has represented "over 20 employees at Fox News in their claims of gender discrimination, race discrimination, retaliation and defamation." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore deny them.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny all allegations therein.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about what Wigdor knew or surmised and therefore deny them.  Defendants deny all of the remaining allegations in Paragraph 19.  Defendants deny the allegations in footnote 5, except for the allegation that David Folkenflik wrote a book entitled "Murdoch's World:  The Last of the Old Media Empires," which Defendants admit.

### III.
### JURISDICTION AND VENUE

20.     Defendants admit the allegations in Paragraph 20.

21.     Defendants deny the allegations in Paragraph 21.

22.     Defendants deny the allegations in Paragraph 22.

### IV.
### STATEMENT OF MATERIAL FACTS

23.     Defendants deny the allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants deny the allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.  With respect to footnote 6, Defendants admit that Seymour Hersh is a journalist who came to national prominence decades ago for his international reporting, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in footnote 6 and therefore deny them.

27.     Defendants deny the allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants admit that Wigdor filed the lawsuits identified in Paragraph 29 as the "Wigdor Discrimination Suits."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore deny them.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore deny all allegations therein.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore deny all allegations therein.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore deny all allegations therein.

33.     Defendants admit that Folkenflik did not interview Steve Bannon but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, or in footnotes 7 or 8, and therefore deny them.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants admit that Folkenflik wrote the August 1 Article.  Defendants also admit that Folkenflik interviewed Butowsky on multiple occasions but deny that Folkenflik did not do so until after Folkenflik wrote the August 1 Article.  Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations that "Butowsky was at the dentist sitting in a chair about to be put under to have his wisdom teeth removed" or that "Butowsky got up from the dentist's chair, went to hallway [*sic*] and called Folkenflik" and therefore deny them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Butowsky asked Folkenflik how long he had been working on the story and that Folkenflik replied "about 4 to 5 days" and therefore deny them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that "Butowsky was aware of the tactic of some reporters to build up a story and then just simply asked [*sic*] for a comment" and therefore deny it.  Defendants deny that Folkenflik ambushed Butowsky.

Defendants admit that Butowsky contended that allegations contained in Rod Wheeler's lawsuit against him, Fox News, and Malia Zimmerman were untrue; that he had never met the President of the United States; that he did not create or promote any fake stories; that everything Folkenflik had been told by Wigdor was a lie; and that he could prove that the allegations in Wheeler's lawsuit were false.  Defendants deny that Folkenflik "ignored everything Butowsky said and everything Butowsky sent him."  Defendants deny that Folkenflik had "no interest in the truth." Defendants admit that Folkenflik told Butowsky that he was working on a follow-up story to the August 1 Article.  Defendants deny that Folkenflik "did not listen to a thing Butowsky said."  Defendants deny that Folkenflik "had already made up his mind about what he was writing before even talking to Butowsky."  Defendants deny the remaining allegations in Paragraph 36.

37.     Defendants admit that Paragraph 37 contains what appears to be a screenshot of the August 1 Article.  Defendants admit that Folkenflik and NPR published the August 1 Article. Defendants deny the remaining allegations in Paragraph 37.

38.     Defendants admit that the August 1 Article contains the quotations ascribed to it in Paragraph 38.  Defendants deny the remaining allegations in Paragraph 38 and footnotes 9-12.

39.      Defendants admit that the August 1 Article contains the quotation ascribed to it in Paragraph 39.  Defendants deny the remaining allegations in Paragraph 39.

40.     Defendants deny that the August 1 Article was viewed by "millions of subscribers" to NPR.org.  The number of users of NPR.org fluctuates, and Paragraph 40 fails to state a specific date for which the numbers listed purport to be accurate; therefore, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore deny them.

41.     Defendants admit that Paragraph 41 contains what appears to be a screenshot of a news headline.  Defendants deny the remaining allegations in Paragraph 41.

42.     Defendants admit that NPR broadcasted a news report related to the August 1 Article on *Morning Edition*.  Defendants deny the remaining allegations in Paragraph 42.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore deny all allegations therein.

44.     Defendants deny that Folkenflik republished the "false and defamatory statements," and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and therefore deny them.

45.     Defendants admit that Paragraph 45 contains what appears to be a screenshot of a tweet by David Folkenflik.  Defendants admit the allegation in Paragraph 45, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the number of retweets or likes and therefore deny any such allegations.

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore deny all allegations therein.

47.     Defendants admit that Paragraph 47 contains what appears to be screenshots of tweets linking to the August 1 Article.  Defendants admit that the August 1 Article was tweeted and retweeted.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the number of followers that particular social-media accounts have, or the number of times the August 1 Article was retweeted and by whom.  Defendants deny the remaining allegations in Paragraph 47.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 13 and therefore deny all allegations therein.

48.     Defendants admit that Paragraph 48 includes a screenshot of what appears to be a tweet linking to the August 1 Article.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore deny all allegations therein.

49.     Defendants admit that Paragraph 49 contains what appears to be a screenshot of a Twitter page and what appears to be a tweet linking to the August 1 Article.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore deny all allegations therein.

50.     Defendants admit that Paragraph 50 includes a screenshot of what appears to be a tweet linking to the August 1 Article.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny all allegations therein.

51.     Defendants admit that Paragraph 51 contains what appears to be a screenshot of a a Twitter page for the account @RealMuckmaker and what appears to be a tweet linking to the August 1 Article.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore deny all allegations therein.

52.     Defendants admit that Paragraph 52 contains what appears to be a screenshot of Soledad O'Brien's Twitter page and what appears to be a tweet linking to the August 1 Article. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore deny all allegations therein.

53.     Defendants admit that Paragraph 53 contains what appears to be a screenshot of a tweet by David Folkenflik that links to the August 1 Article.  Defendants deny that Wigdor acted "in concert with Folkenflik" and that Folkenflik's tweet was republished.   Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 and therefore deny them.

54.     Defendants admit that Paragraph 54 contains what appears to be a screenshot of a Facebook post by Wigdor LLP that links to the August 1 Article. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore deny all allegations therein.

55.     Defendants admit that Folkenflik provided an interview to *Mediaite* columnist John Ziegler but state that the quotations attributed to Folkenflik in Paragraph 55 are paraphrased, incomplete and taken out of context.  Defendants deny the remaining allegations in Paragraph 55.

56.     Defendants admit that Paragraph 56 contains what appears to be a screenshot of a portion of the August 7 Article.  Defendants admit that Folkenflik and NPR published the August 7 Article. Defendants deny the remaining allegations in Paragraph 56.

57.     Defendants admit that the August 7 Article contains the quotations ascribed to it in Paragraph 57 but deny the remaining allegations in Paragraph 57 and footnote 14.

58.     Defendants admit that Paragraph 58 contains what appears to be a screenshot of a portion of the August 16 Article.  Defendants admit that Folkenflik published the August 16 Article and that it included a photograph of Butowsky, but deny the remaining allegations in Paragraph 58.

59.     Defendants admit that the August 16 Article contains the quotations ascribed to it in Paragraph 59.  Defendants deny the remaining allegations in Paragraph 59 and footnote 15.

60.     Defendants admit that Folkenflik tweeted a link to the August 16 Article with the quotations ascribed to it in Paragraph 60.  Defendants deny the remaining allegations in Paragraph 60.

61.     Defendants admit that Paragraph 61 contains what appears to be a screenshot of a portion of the September 15 Article.  Defendants admit that Folkenflik and NPR published the September 15 Article. Defendants deny the remaining allegations in Paragraph 61.

62.     Defendants admit that the September 15 Article contains the quotations ascribed to it in Paragraph 62 but deny the remaining allegations in Paragraph 62 and footnotes 16, 17, and 18.

63.     Defendants admit that Folkenflik and NPR published the September 19 Article and that the September 19 Article contains the quotation ascribed to it, but deny the remaining allegations in Paragraph 63.

64.     Defendants admit that Folkenflik tweeted links to the August 1 Article, the August 16 Article, and the September 15 Article in March 2018 with the quotations ascribed to them in Paragraph 64, but deny the remaining allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants deny the allegations in paragraph 67.

68.     Defendants deny the allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants admit that, according to Butowsky, Butowsky contacted the family of Seth Rich and offered to pay for a private investigator to investigate Seth Rich's unsolved murder. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 19, and therefore deny them.  Defendants deny the remaining allegations in Paragraph 70.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore deny all allegations therein.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore deny all allegations therein.

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore deny all allegations therein.

74.     Defendants deny the allegations in Paragraph 74.

75.     Defendants admit that on May 16, 2017, Rod Wheeler was interviewed by Sean Hannity.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore deny the remaining allegations in Paragraph 75.

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants admit that Paragraph 77 contains what appears to be a screenshot of a portion of an iMessage exchange.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore deny all allegations therein.

78.     Defendants admit that Paragraph 78 contains what appears to be a screenshot of a tweet.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore deny all allegations therein.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore deny all allegations therein.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore deny all allegations therein.

81.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore deny all allegations therein.

82.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore deny all allegations therein.

83.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore deny all allegations therein.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore deny all allegations therein.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and footnote 20, and therefore deny all allegations therein. Defendants admit that footnote 20 contains a link to a dailycaller.com article that quotes District of Columbia Mayor Muriel Bowser as saying that allegations that the city's police department was involved in a cover-up in the Seth Rich murder investigation were "preposterous."

87.     Defendants admit that Paragraph 87 contains what appears to be a screenshot of a portion of an iMessage exchange.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore deny all allegations therein.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore deny all allegations therein.

89.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore deny all allegations therein.

90.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and footnote 21, and therefore deny all allegations therein.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore deny all allegations therein.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore deny all allegations therein.

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants admit that Folkenflik interviewed Sean Spicer on or about July 31, 2017. Defendants deny that "Spicer denied the claims that the President colluded with Butowsky and/or Fox." Defendants admit that Spicer told Folkenflik the four bulleted statements in Paragraph 94 but deny the remaining allegations in Paragraph 94.

95.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 95 because it does not provide a timeframe.  Defendants deny the remaining allegations in Paragraph 95.

96.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and therefore deny all allegations therein.

97.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and therefore deny all allegations therein.

98.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore deny all allegations therein.

99.     Defendants admit that Paragraph 99 contains what appears to be a screenshot of a portion of a news article.  Defendants admit that Folkenflik read and viewed the Fox 5 DC online story referred to in Paragraph 99 but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 and therefore deny them.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and therefore deny all allegations therein.

101.     Defendants admit that Paragraph 101 links to what appears to be a YouTube video wherein a reporter interviews a man identified as Wheeler, but lack knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 101 and therefore deny them.

102.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and therefore deny them.

103.     Defendants admit that Paragraph 103 contains what appears to be a partial transcript of the YouTube video linked in Paragraph 101, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 and footnotes 22 and 23 and therefore deny them.

104.     Defendants admit that Folkenflik did not interview Marina Marraco.  Defendants deny he was in a "rush to publish a scandalous story," and "intentionally ignored Wheeler's statements to Fox 5 DC and Marraco." Defendants deny Plaintiff's allegation that "in spite of evidence to the contrary, Folkenflik never doubted Wheeler and his handler, Wigdor" because, among other things, such a statement is contradicted by the journalistic care Folkenflik provided, including reaching out to multiple sources to test the allegations in Wheeler's lawsuit.

105.     Defendants deny the allegations in Paragraph 105.

106.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and therefore deny all allegations therein.

107.     Defendants deny that "Folkenflik had copies of all the email and text message communications between Wheeler and Zimmerman." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 and therefore deny them.

108.     Defendants admit that Paragraph 108 contains what appears to be a screenshot of a portion of an email.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and therefore deny all allegations therein.

109.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and therefore deny all allegations therein.

110.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore deny all allegations therein.

111.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and therefore deny all allegations therein.

112.     Defendants admit that Paragraph 112 contains what appears to be a screenshot of a portion of an iMessage exchange.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and therefore deny all allegations therein.

113.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and therefore deny all allegations therein.

114.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and therefore deny all allegations therein.

115.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and therefore deny all allegations therein.

116.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and therefore deny all allegations therein.

117.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and therefore deny all allegations therein.

118.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and therefore deny all allegations therein.

119.     Defendants admit that Folkenflik is an experienced journalist but deny all of the remaining allegations in Paragraph 119.

120.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and therefore deny all allegations therein.

121.     Defendants admit that Paragraph 121 contains what appears to be a screenshot of a portion of an email.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 and therefore deny all allegations therein.

122.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and therefore deny all allegations therein.

123.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and therefore deny all allegations therein.

124.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and therefore deny all allegations therein.

125.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and therefore deny all allegations therein.

126.     Defendants admit that Paragraph 126 contains what appears to be a screenshot of a portion of an iMessage exchange.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and therefore deny all allegations therein.

127.     Defendants admit that Paragraph 127 contains what appears to be a screenshot of a portion of an iMessage exchange.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and therefore deny all allegations therein.

128.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and therefore deny all allegations therein.

129.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and therefore deny all allegations therein.

130.     Defendants deny the allegations in Paragraph 130.

131.     Defendants deny the allegations in Paragraph 131.

132.     Defendants admit that Paragraph 132 contains what appears to be a screenshot of a portion of an email.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and therefore deny all allegations therein.

133.     Defendants deny the allegations in Paragraph 133.

134.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and therefore deny all allegations therein.

135.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and therefore deny all allegations therein.

136.     Defendants admit that Plaintiff sent Folkenflik a video on July 31, 2017 displaying what appeared to be text messages from Wheeler but deny that Folkenflik otherwise had any access to "Wheeler's own text messages and emails" prior to August 1, 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136 and therefore deny them.

137.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and therefore deny all allegations therein.

138.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and therefore deny all allegations therein.

139.     Defendants deny the allegations in Paragraph 139.

140.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and therefore deny all allegations therein.

141.     Defendants deny the allegations in Paragraph 141.

142.     Defendants deny the allegations in Paragraph 142.

143.     Defendants admit that the hyperlink in Paragraph 143 links to what appears to be an archived Fox News Politics article entitled *Seth Rich, slain DNC staffer, had contact with WikiLeaks, say Multiple Sources*, dated May 16, 2017, by Malia Zimmerman.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 143 and therefore deny them.

144.     Defendants admit that Paragraph 144 portrays what appears to be a screenshot of a Fox News tweet.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144 and therefore deny them.

145.     Defendants admit that Paragraph 145 links to a YouTube video that appears to have been published on May 16, 2017 by Fox News wherein Sean Hannity interviews Wheeler and that Folkenflik was aware of this interview prior to publication of the Articles.  Defendants deny the remaining allegations in Paragraph 145.

146.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and therefore deny all allegations therein.

147.     Defendants deny the allegations in Paragraph 147.

148.     Defendants admit that Paragraph 148 contains what appears to be a partial transcript of the YouTube video linked in Paragraph 145.  Defendants deny that the transcript of Wheeler's interview with Hannity is clear and unambiguous.  Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 148 and therefore deny them.

149.    Defendants admit that Folkenflik was aware of Wheeler's Fox News interview with Sean Hannity referred to in Paragraph 149.  Defendants admit that in the YouTube video linked to in Paragraph 145, Wheeler seems to state that it "sure appears" that "emails went out to WikiLeaks or anybody else," but Defendants state that Wheeler appears to qualify such statement in the video by saying, "I don't know for sure," and "I don't know as a matter of fact."  Defendants deny the remaining allegations in Paragraph 149.

150.    Defendants deny the allegations in Paragraph 150 that impute knowledge to Folkenflik of Wheeler's disclosures to Zimmerman of "what the Rich family had said." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 150 and therefore deny them.

151.    Defendants admit that Paragraph 151 links to what appears to be a YouTube video published on May 16, 2017 by Fox Business wherein Lou Dobbs interviews Wheeler.  Defendants also admit that Paragraph 151 contains what appears to be a partial transcript of the same YouTube video.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 151 and therefore deny them.  Defendants deny the allegations in footnote 24.

152.    Defendants deny the allegations in Paragraph 152.  Defendants admit that footnote 25 portrays what appears to be a screenshot of a tweet from the Twitter handle @blakehounshell. Defendants deny the remaining allegations in Paragraph 152 and footnote 25.

153.    Defendants admit that Paragraph 153 contains a hyperlink to what appears to be an NBC news article regarding a cease and desist letter sent to Wheeler by the family of Seth Rich,

but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 153 and therefore deny them.

154.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and therefore deny all allegations therein.

155.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and footnote 26 and therefore deny all allegations therein.

156.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and therefore deny all allegations therein.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants admit that Paragraph 158 contains a hyperlink to a webpage entitled "Audio:  Rod Wheeler Explains Fox News Fiasco, Claims Brother Blocked WikiLeaks Inquiries." Defendants admit that the webpage contains what appears to be a summary of an audio tape that is embedded within the webpage.  Defendants deny the allegations in Paragraph 158 that impute knowledge to Folkenflik concerning a "significant conflict" between Wheeler and Aaron Nathan Rich.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 158 and therefore deny them.

159.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and footnote 28 and therefore deny all allegations therein.

160.    Defendants deny the allegations in Paragraph 160.

161.    Defendants deny the allegations in Paragraph 161.

162.    Defendants admit that Paragraph 162 contains a hyperlink to what appears to be a BuzzFeed News article published on May 17, 2017 that quotes Wheeler as alleged in Paragraph 162.

163.    Defendants admit that Fox 5 corrected and updated its prior reporting on Wheeler, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 163 and therefore deny them.  Defendants deny the allegations in footnote 29.

164.    Defendants deny the allegations in Paragraph 164.

165.    Defendants admit that Paragraph 165 contains a screenshot and hyperlink to what appears to be an article on FetchYourNews.com by Brian K. Pritchard, entitled "Detective Rod Wheeler releases statement concerning the Death of DNC staffer Seth Rich."

166.    Defendants admit only that Paragraph 166 contains selected text that is present in the article hyperlinked in Paragraph 165, but they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 166 and footnote 30 and therefore deny them.

167.    Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff is referring when he says "any of this," and therefore deny the first sentence of Paragraph 167.  Defendants deny the remaining allegations in Paragraph 167.

168.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and therefore deny all allegations therein, except admit that Folkenflik knew that Kathryn Murdock[1] [*sic*] had criticized certain conduct of President Trump.

169.    Defendants admit that Fox removed Zimmerman's article, deny that Folkenflik or NPR used "pejorative connotations" and state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 169 and therefore deny them.

---

[1] Despite the incorrect spelling, Defendants understand Plaintiff to be referring to Kathryn Murdoch, the daughter-in-law of former 21st Century Fox CEO Rupert Murdoch.

170.    Defendants admit the allegations in Paragraph 170.

171.    Defendants admit that Paragraph 171 links to a YouTube video from the channel *Jason Goodman* that purports to features Wheeler.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 171 and footnote 31 and therefore deny them.

172.    Defendants admit that Paragraph 172 links to what appears to be a YouTube video from the channel *Jamarl Thomas* that purports to feature Wheeler.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 172 and footnote 32 and therefore deny them.

173.    Defendants admit that Paragraph 173 contains what appears to be a screenshot of Folkenflik's Twitter account.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 173 and therefore deny them.

174.    Defendants admit that Paragraph 174 contains what appears to be a screenshot of a tweet linking to the August 16 Article.  Defendants admit that on August 1, 2019, Folkenflik tweeted a hyperlink to his August 1, 2017 and August 16, 2017 articles.  Defendants deny that Folkenflik "republished" two of his articles.  Defendants lack knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph 174 and therefore deny them.

175.    Defendants deny the allegations in Paragraph 175 and state that Plaintiff failed to comply with the Texas Defamation Mitigation Act.

## COUNT I – DEFAMATION

176.    Defendants incorporate by reference each of their preceding admissions, denials and statements as if fully set forth in this paragraph and deny any remaining allegations in Paragraph 176 of the Second Amended Complaint.

177.    Defendants deny the allegations in Paragraph 177.

178.    Defendants deny the allegations in Paragraph 178.

179.    Defendants deny the allegations in Paragraph 179.

180.    Defendants deny the allegations in Paragraph 180.

181.    Defendants deny the allegations in Paragraph 181.  They respond specifically to the allegations in the various subparts of Paragraph 181 as follows:

      a.  Defendants deny the allegations in Paragraph 181(a).

      b.  Defendants deny the allegations in Paragraph 181(b).

      c.  Defendants deny the allegations in Paragraph 181(c).

      d.  Defendants deny the allegations in Paragraph 181(d).

      e.  Defendants deny the allegations in Paragraph 181(e).

      f.  Defendants deny the allegations in Paragraph 181(f).

      g.  Defendants deny the allegations in Paragraph 181(g).

      h.  Defendants deny the allegations in Paragraph 181(h).

      i.  Defendants deny the allegations in Paragraph 181(i).

182.    Defendants deny the allegations in Paragraph 182

183.    Defendants deny the allegations in Paragraph 183.

## COUNT II – BUSINESS DISPARAGEMENT

184.    Defendants incorporate by reference each of their preceding admissions, denials and statements as if fully set forth in this paragraph and deny any remaining allegations in Paragraph 184 of the Second Amended Complaint.

185.    Defendants deny the allegations in Paragraph 185.

186.    Defendants deny the allegations in Paragraph 186.

187.    Defendants deny the allegations in Paragraph 187.

188.    Defendants deny the allegations in Paragraph 188.

189.    Defendants deny the allegations in Paragraph 189.

## COUNT III – CIVIL CONSPIRACY

190.    Defendants incorporate by reference each of their preceding admissions, denials and statements as if fully set forth in this paragraph and deny any remaining allegations in Paragraph 190 of the Second Amended Complaint.

191.    Defendants deny the allegations in Paragraph 191.

192.    Defendants deny the allegations in Paragraph 192, which, at ten pages, violates Fed. R. Civ. P. 8(a) and (d)(1).  In addition, they deny the allegations in Paragraph 192 to the extent that any or all of them are included to establish a civil conspiracy between Folkenflik and Wigdor. Defendants respond specifically to the allegations in the multiple subparts of Paragraph 192 as follows:

> a.  Defendants admit that Paragraph 192(a) links to what appears to be a YouTube video published by MSNBC on August 1, 2017 portraying Ari Melber and Wheeler.  Defendants admit that Paragraph 192(a) portrays what appears to be a screenshot of a tweet by @TheBeatWithAri posted on August 1, 2017.  Defendants admit that Paragraph 192(a) contains what appears to be a partial transcript of the YouTube video posted in that Paragraph.  Defendants deny that Wigdor "set[] Folkenflik lose [*sic*]" and that Folkenflik acted to "create," "stir," or "fuel" a "media frenzy." Defendants lack knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in Paragraph 192(a) and footnote 33 and therefore deny them.

b.   Defendants admit that Paragraph 192(b) links to what appears to be a YouTube video published by Wigdor LLP – Employment Lawyer NYC on August 2, 2017 portraying Wolf Blitzer and Wigdor.  Defendants admit that Paragraph 192(b) contains what appears to be a partial transcript of the YouTube video posted in that Paragraph.  Defendants deny that Folkenflik "knew that the [alleged] representations were false," "republished the obviously fake news," or published any misrepresentations.  Defendants deny that Wigdor "repeated the misrepresentation published by Folkenflik in the First Folkenflik Article," and deny the referenced representations were false.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 192(b) and therefore deny them.

c.   Defendants admit that Paragraph 192(c) links to what appears to be a YouTube video published by Wigdor LLP – Employment Lawyer NYC on August 15, 2017 portraying Chris Cuomo, Wheeler and Jeanne Christensen.  Defendants admit that Paragraph 192(c) contains what appears to be a partial transcript of the YouTube video posted in that Paragraph.  Defendants admit that Paragraph 192(c) portrays what appears to be a screenshot of a tweet by @WigdorLaw posted on August 15, 2017 with a link to a YouTube video.  Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 192(c) and therefore deny them.

d.  Defendants admit that Paragraph 192(d) links to what appears to be a DailyBeast.com article published on August 7, 2017.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 192(d) and therefore deny them.

e.  Defendants admit that Paragraph 192(e) links to what appears to be a *New York Times* article published on August 8, 2017.  Defendants admit that Paragraph 192(e) contains a modified quotation of the same *New York Times* article.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 192(e) and footnote 34 and therefore deny them.

f.  Defendants admit that Paragraph 192(f) links to what appears to be a CNN Business article by Oliver Darcy published on September 19, 2017.  Defendants admit that Paragraph 192(f) contains a selected quotation from the same CNN Business article.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 192(f) and therefore deny them.

g.  Defendants admit that Paragraph 192(g) links to what appears to be a *New York Times* article published on September 22, 2017.  Defendants admit that Paragraph 192(g) contains selected quotations from the same *New York Times* article.  Defendants lack knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in Paragraph 192(g) and therefore deny them.

h. Defendants admit that Paragraph 192(h) links to what appears to be a *Bloomberg Businessweek* article published on September 22, 2017. Defendants admit that Paragraph 192(h) contains selected quotations from the same *Bloomberg Businessweek* article. Defendants deny the allegation in footnote 35 that "Wigdor used Folkenflik as rocket fuel to ignite a main stream media feeding frenzy." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 192(h) and footnote 35 and therefore deny them.

i. Defendants admit that Paragraph 192(i) links to what appears to be a YouTube video published by Wigdor LLP – Employment Lawyer NYC on October 24, 2017 portraying a CNBC broadcast. Defendants admit that Paragraph 192(i) contains what appears to be a partial transcript of the YouTube video posted in that Paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 192(i) and therefore deny them.

j. Defendants admit that Paragraph 192(j) contains hyperlinks to the @WigdorLaw Twitter account and what appears to be a DailyBeast.com article published on August 1, 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 192(j) and therefore deny them.

k.   Defendants admit that Paragraph 192(k) links to what appears to be an article hosted by Wigdor LLP's website and contains what appears to be a screenshot of a *Newsweek* headline, but Defendants deny that such link and screenshot prove the allegations contained in the Paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 192(k) and therefore deny them.

193.   Defendants deny the allegations in Paragraph 193.

194.   Defendants deny the allegations in Paragraph 194.

195.   Defendants deny the allegations in Paragraph 195.

196.   Defendants deny the allegations in Paragraph 196.

197.   Defendants admit that Paragraph 197 contains what appear to be screenshots of a purported Facebook post, Facebook messages and tweets.  Defendants deny the existence of any alleged "collusive arrangement" between Wigdor and Folkenflik.  Defendants lack knowledge or information sufficient to form a belief as to any threats, damage, or attacks alleged in Paragraph 197 and therefore deny them.  Defendants deny that the threats, damage, or attacks alleged in this Paragraph occurred as a "direct result," or any other result, of Folkenflik's "publications" or Defendants' conduct.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 197 and therefore deny them.

## **GENERAL DENIAL**

Defendants deny each and every allegation expressly or impliedly contained in the Second Amended Complaint that is not otherwise expressly admitted herein.

Defendants object to Plaintiff's use of lettered and numbered section headings in his Second Amended Complaint, which attempt to summarize and therefore repeat other allegations

in those sections.  To preserve their defenses, Defendants repeat and incorporate by reference their answers, admissions and denials, as applicable, to each of Plaintiff's substantive allegations reflected in the Second Amended Complaint's lettered and numbered section headings.

## DEFENSES

Without necessarily admitting they bear the burden of pleading or proof on the issues, Defendants assert the following defenses to Plaintiff's claims:

1.      Plaintiff's claims are barred because the statements at issue in this action involve matters of public concern; therefore, as a matter of constitutional law, Plaintiff bears the burden of proving the material falsity of those statements, which he cannot do.

2.      Plaintiff's claims are barred, in any event, because any complained of statements of fact regarding Plaintiff were true or substantially true.

3.      Plaintiff's claims are barred because he is a public figure who must prove, by clear and convincing evidence, that the statements made by or attributed to Defendants of which Plaintiff complains were made with actual malice; because Plaintiff cannot prove constitutional actual malice with the requisite convincing clarity, said statements are absolutely privileged as a matter of well-settled constitutional law.

4.      Even if Plaintiff were found to be a private figure, which he is not (and, at the times of publication, was not), Plaintiff's claims are barred because the statements alleged to have been made were not made with negligence.

5.      Plaintiff's claims are barred by the constitutional and common law privileges of fair comment and fair reporting of matters of public record.

6.      Plaintiff's claims are barred because the statements at issue are privileged under sections 73.002(a) and 73.002(b)(1) of the Texas Civil Practice and Remedies Code, as they were

a fair, true, and impartial account of a judicial proceeding or an official proceeding, other than a judicial proceeding, to administer the law.

7.      Plaintiff's claims are barred because the statements at issue are privileged under sections 73.002(a) 73.002(b)(2) of the Texas Civil Practice and Remedies Code, as they were reasonable and fair comments on or criticisms of official acts of public officials or matters of public concern published for general information.

8.      Plaintiff's claims are barred because the statements at issue are an accurate reporting of allegations made by a third party regarding a matter of public concern and are therefore true under Section 73.005 of the Texas Civil Practice and Remedies Code.

9.      Plaintiff's claims are barred because all or some of the statements complained of in the articles at issue are not factual assertions, or involved matters of opinion or protected viewpoint expression, which is protected speech under the U.S. Constitution, Texas Constitution, and Texas common law.

10.     Plaintiff's claims are barred because the statements alleged to have been made were not made with negligence, actual malice, or common law malice.

11.     Plaintiff's claims are barred because the statements alleged to have been defamatory are not of and concerning Plaintiff.

12.     Plaintiff's claims are barred because the statements alleged to have been of and concerning Plaintiff were not capable of a defamatory meaning.

13.     Plaintiff's claims are barred because the alleged injuries to Plaintiff and damages, if any, are due solely to other causes and matters that are not related to Defendants' alleged statements, actions, or conduct.

14.     Plaintiff's claims are barred to the extent they seek to hold Defendants liable for

statements made by persons other than Defendants, their agents, servants, and employees.

15.     Defendants assert as an affirmative defense that any damages allegedly suffered by Plaintiff are the result of Plaintiff's own contributory negligence; as a result, Plaintiff is barred and estopped from recovering damages from Defendants.

16.     By virtue of Plaintiff's own careless, negligent, or wrongful conduct, Plaintiff should be barred from recovering against Defendants by the equitable doctrine of unclean hands.

17.     Defendants assert as an affirmative defense that any damages allegedly suffered by Plaintiff are the result of Plaintiff's assumption of risk.

18.     Defendants assert as an affirmative defense that Plaintiff has released David Folkenflik and NPR of liability and thereby waived his right to recover any damages against Defendants.

19.     Defendants assert as an affirmative defense that Plaintiff's claims are further barred by estoppel and waiver.

20.     Defendants assert as an affirmative defense that Plaintiff's claims are barred by the applicable statute of limitations.

21.     Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

22.     Plaintiff's claim for defamation *per se* fails because the articles at issue do not accuse Plaintiff of lacking a peculiar or unique skill that is necessary for the proper conduct of the profession or the commission of a crime.

23.     Plaintiff's claim for defamation *per se* fails because Plaintiff relies upon extrinsic evidence or innuendo in asserting such claims, none of which can be considered in asserting a defamation *per se* claim.

24.     Plaintiff's claim for business disparagement fails because the articles at issue do not refer to an ascertained or ascertainable business of Plaintiff's and are not of and concerning Plaintiff's specific business property.

25.     Pursuant to Chapter 73 of the Texas Civil Practice & Remedies Code, Defendants assert and plead the affirmative defense of mitigation of damages. Specifically, Defendants specially plead and will offer evidence of the following matters: (a) all material facts and circumstances surrounding Plaintiff's claim for damages and defenses to the claim; (b) the facts and circumstances under which the allegedly defamatory statements were made; (c) any public apology, correction, or retraction made and published by Defendants; and (d) evidence of Defendants' intent when the allegedly defamatory statements were made.

26.     Plaintiff is unable to establish any reputational loss necessary to prevail on a claim for defamation or is otherwise libel proof.

27.     Plaintiff has not been damaged by Defendants' alleged statements or actions.

28.     Plaintiff has failed to mitigate his damages, if any.

29.     Plaintiff's claims are barred, or, in the alternative, Plaintiff's claims for exemplary damages are barred, because Plaintiff failed to comply with the provisions of the Texas Defamation Mitigation Act, Texas Civil Practice and Remedies Code §§ 73.051-73.060.

30.     Plaintiff's claim for exemplary damages is subject to all limitations and requirements set forth in Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap set forth in Texas Civil Practice and Remedies Code § 41.008.

31.     Plaintiff's claim for exemplary damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of the Texas Constitution (Article I, Section 19).

32.     Defendants reserve the right to assert additional defenses, including affirmative defenses, as additional facts are discovered.

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint, Defendants pray for judgment as follows:

A.     That Judgment be entered in favor of Defendants and against Plaintiff on

Plaintiff's Second Amended Complaint and that Plaintiff take nothing thereby;

B.     That Defendants be awarded costs and such other relief as the Court deems just

and proper.

Respectfully submitted,

By: */s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:     (512) 867-8400
Telecopier:     (512) 867-8470

David J. Bodney
*admitted pro hac vice*
bodneyd@ballardspahr.com
Ian O. Bucon
*admitted pro hac vice*
buconi@ballardspahr.com
BALLARD SPAHR LLP
1 E. Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone:     602.798.5400
Fax:             602.798.5595

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 30, 2019, a true and correct copy of the foregoing document was forwarded via e-filing to the following counsel of record:

Ty Odell Clevenger
P.O. Box 20753
Brooklyn, NY 11202-0753
979-985-5289 (phone)
979-530-9523 (fax)
tyclevenger@yahoo.com

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
804-501-8272 (phone)
202-318-4098 (fax)
stevenbiss@earthlink.net

*/s/ Laura Lee Prather*
Laura Lee Prather
