**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ED BUTOWSKY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| DAVID FOLKENFLIK, ET. AL., | § § § § | 4:18-CV-00442-ALM |
| Defendants. | § § § | |

**DEFENDANTS' MOTION FOR LEAVE TO
DESIGNATE RESPONSIBLE THIRD PARTIES**

Section 33.004 of the Texas Civil Practice & Remedies Code ("CPRC") allows a defendant to introduce evidence of a responsible third party's fault and ask the jury to apportion damages based on that fault. In addition to alleging that National Public Radio Inc., David Folkenflik, Edith Chapin, Leslie Cook and Pallavi Gogoi (collectively "NPR Defendants") defamed him, Plaintiff Ed Butowsky sued forty-six (46) other defendants for defamation in this Court and in Collin County, collectively alleging more than $278 million in damages.[1]

All of Butowsky's lawsuits are about his role in a now-retracted Fox News story speculating that Seth Rich, a Democratic National Committee ("DNC") staffer, was murdered for leaking hacked DNC emails to Wikileaks. Butowsky claims that both NPR Defendants and the 46 others defamed him through their public statements about Rich's death. And Butowsky alleges similar, ever-increasing damages in each lawsuit—that he lost a third of his (still yet to be identified) business clients,[2] his reputation was injured, and he suffered insult, pain, humiliation, embarrassment, and mental suffering. Under Butowsky's own theory of the case, NPR Defendants allegedly caused the very same harm as the 46 other Defendants he has sued. Therefore, though NPR Defendants deny any liability to Butowsky (or that Butowsky in fact suffered any damages at all), they identify these other defendants as responsible third parties and seek leave to designate them as such under CPRC § 33.004.

---

[1] This number only includes suits in which Butowsky has pleaded a damages amount. In addition to the $60 million he seeks here, Butowsky also claims $100 million in *Chapwood Capital Inv. Mgmt., LLC v. Charles Schwab Corp.*, Cause No. 4:18-cv-548-ALM-KPJ (E.D. Tex.) and $118 million in *Butowsky v. Wigdor*, Cause No. 4:19-cv-577-ALM (E.D. Tex.). In *Butowsky v. Gottlieb*, for instance, Butowsky does not allege an amount of damages but instead argues generally that Defendants' actions resulted in harassment, loss of clients, and lost business opportunities. Compl. at ¶ 7, *Butowsky v. Gottlieb*, No. 4:19-cv-180-ALM (E.D. Tex. July 31, 2019).

[2] *See, e.g.*, Ex. A (Butowsky's Resp. in Opp'n to Mot. to Dismiss) at 6; Ex. B Butowsky Decl. at ¶ 17 ("Butowsky lost numerous clients and one third of his business as a result of the Defendant and its co-conspirators."); Ex. C (*Gottlieb* Sec. Am. Compl.) at ¶¶ 7 and 114 ("Defendants allegations … have cost him … approximately one third of his clients.").

Butowsky's various complaints allege that several others enabled his involvement in the now-retracted Fox News story: Fox News Network itself; the retracted article's author, Malia Zimmerman; and Seymour Hersh, Julian Assange, and Ellen Ratner, all of whom encouraged Butowsky's conspiracy. Butowsky has not yet sued them, but even accepting Butowsky's allegations as true, by encouraging or contributing to Butowsky's theories, Fox, Zimmerman, Hersh, Assange, and Ratner participated in the creation of the retracted article that led to Wheeler's lawsuit and to NPR's reporting. Again, though NPR Defendants deny that Butowsky was damaged or that any party is liable to Butowsky, they also seek leave to designate these five parties as responsible third parties under CPRC § 33.004.

## I.
## BACKGROUND FACTS AND PROCEDURAL HISTORY

Seth Rich, a DNC staffer, was murdered in July 2016. His still-unsolved murder spawned a conspiracy theory that Rich was murdered for giving hacked DNC emails to Wikileaks. In May 2017, Fox News published a story reporting on this conspiracy theory entitled "Slain DNC staffer had contact with Wikileaks, investigator says." *See* Dkt. 58 at 8. The article quoted private investigator Rod Wheeler to support the theory that Rich leaked emails to Wikileaks. A few days later, Fox News retracted its story, and the conspiracy theory at the heart of the article has been resoundingly debunked by numerous official documents.[3]

In August 2017, Wheeler sued Butowsky, alleging that Butowsky had orchestrated the retracted Fox News story, including by hiring Wheeler to investigate Rich's death. The articles at

---

[3] *See* Robert S. Mueller, III, *Report on The Investigation into Russian Interference in the 2016 Presidential Election*, UNITED STATES DEPT. OF JUSTICE (Mar. 2019), available at https://www.justice.gov/storage/report.pdf.; Dept. of Homeland Security Statement, Oct. 7, 2016, available at https://www.dhs.gov/news/2016/10/07/jointstatement-department-homeland-security-and-office-director-national (stating the U.S. Intelligence Community was "confident that the Russian Government directed the recent compromises of e-mails from US persons and institutions, including from US political organizations"); Indictment, *United States v. Netyksho*, 1:18-cr-00215-ABJ (D.D.C July 13, 2018).
.

**DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES**          Page 2

issue in this case reported on the *Wheeler* lawsuit. Wheeler's suit was dismissed in August 2018 and Butowsky publicly vowed revenge. He told *Investment News* that:

> Anybody who did anything negative to me as a result of the lawsuit will pay. . . I'm going to sue the hell out of a lot of firms. I want to see these people choke on their nerves and go through the same crap I had to go through.

Ex. D. Butowsky has made good on his threat and has sued anyone who challenges his narrative that Rich was the source of the DNC email leak.

A.  **Butowsky files six lawsuits alleging defamation.**

Butowsky sued NPR Defendants alleging defamation, business disparagement, and conspiracy. *See* Sec. Am. Compl. (Dkt. 72). Butowsky alleges that NPR Defendants defamed him and injured his business by publishing a false narrative about his involvement in the now-retracted Fox News article about Rich's murder.[4] Dkt. 72, ¶¶ 5-6. Because of this allegedly false narrative, Butowsky claims that he was "ostracized, causing enormous loss of business (including, without limitation, the termination and loss of [his investment firm's] Investment Manager Service Agreement with Charlies Schwab and loss of clients), and causing Butowsky substantial personal injury, fear, and mental and physical pain and suffering." *Id.* at ¶ 11. In this suit, Butowsky seeks $60 million in compensatory damages. *Id.* at 96.

---

[4] Several media outlets retracted reports that Rich was the source of the DNC leak due to a lack of evidence to support this theory. *See, e.g.,* Ex. E, *Statement on coverage of Seth Rich murder investigation*, FOXNEWS.COM (May 23, 2017), https://www.foxnews.com/politics/statement-on-coverage-of-seth-rich-murder-investigation ("On May 16, a story was posted on the Fox News website on the investigation into the 2016 murder of DNC Staffer Seth Rich. The article was not initially subjected to the high degree of editorial scrutiny we require for our reporting. Upon appropriate review, the article was found not to meet those standards and has since been removed."); *Retraction: Aaron Rich and the murder of Seth Rich,* THE WASHINGTON TIMES (Sept. 30, 2018), https://www.washingtontimes.com/news/2018/sep/30/retraction-aaron-rich-and-murder-seth-rich/ ("The [*Washington Times*] Column included statements … that we now believe to be false. One such statement was that: 'Interestingly, it is well known in the intelligence circles that Seth Rich and his brother, Aaron Rich, downloaded the DNC emails and was paid by Wikileaks for that information.' The Washington Times now does not have any basis to believe any part of that statement to be true, and The Washington Times retracts it in its entirety."); Jerome Corsi, *Retraction of Dr. Jerome Corsi Regarding the Murder of Seth Rich*, INFOWARS.COM (Mar. 4, 2019), https://www.infowars.com/retraction-of-dr-jerome-corsi-regarding-the-murder-of-seth-rich/ (Retraction of Mar. 5, 2018 article on www.infowars.com).

Since April 23, 2018, Butowsky and his investment firm, Chapwood Capital Investment Management, LLC ("Chapwood"), have filed six other lawsuits against 46 other defendants for statements made about Butowsky's role in the Rich controversy:

| Case | Status |
|---|---|
| *Chapwood Capital Investment Management, LLC v. Charles Schwab Corporation*, No. 4:18-cv-00287-RAS (E.D. Tex. April 23, 2018) ("**Schwab I**") | Notice of voluntary dismissal filed; case refiled. |
| *Chapwood Capital Investment Management, LLC v. Charles Schwab Corporation*, No. 4:18-cv-00548-ALM-KPJ (E.D. Tex. Aug. 3, 2018) ("**Schwab II**") | Referred to arbitration by JAMS. *See* Dkt. 21. |
| *Butowsky v. Susman & Godfrey, LLP*, No. 416-01222-2019 (416th Dist. Ct., Collin County, Tex. March 6, 2019) ("**Susman Godfrey**") | Dismissed under the Texas Citizens Participation Act. Fees were awarded to Susman Godfrey, LLP. *See* Order Granting Defendant Susman Godfrey's Motion to Dismiss with Prejudice, May 21, 2019, Ex. F. |
| *Butowsky v. Gottlieb*, No. 4:19-cv-00180-ALM-KPJ (E.D. Tex. July 31, 2019) ("**Gottlieb**") | Partial Notices of Dismissal filed (Dkts. 21, 42, 167); Motions to Dismiss pending. |
| *Butowsky v. Wigdor*, No. 4:19-cv-00577-ALM (E.D. Tex. July 31, 2019) ("**Wigdor**") | Complaint filed 7/31/19 but not served within 90 days under Fed. R. Civ. P. 4(m). Motion to extend time to serve pending. |
| *Butowsky v. Democratic National Committee, Crowdstrike, Inc., and Perkins Coie LLP*, No. 4:19-cv-582-ALM (E.D. Tex. Aug. 1, 2019) ("**Crowdstrike**") | Answers due in December 2019. |

Except for one unserved lawsuit,[5] Butowsky did not designate any of those lawsuits as related cases under Federal Rule of Civil Procedure 50 or Local Rule 42(a), even though all but one (the one that was dismissed in Collin County and fees assessed against Butowsky) are before this Court and Butowsky claims related (and duplicative) damages in all of them.[6] In fact, Butowsky begins

---

[5] *See* Civil Cover Sheet, *Butowsky v. Wigdor*, Cause No. 4:19-cv-577-ALM (E.D. Tex. July 31, 2019), Dkt. 1-1.
[6] Butowsky's counsel have been reprimanded for "lack of respect for the judicial process" and a "lack of candor." *Hughes v. Twenty-First Century Fox, Inc.,* No. 17-cv-7093, Mem. Order at 2 (S.D.N.Y. June 25, 2018); *see also Butowsky v. Gottleib*, No. 4:19-cv-00180-ALM-KPJ, Mem. Order at 2 (E.D. Tex. Oct. 9, 2019) ("Plaintiff's counsel

the *Gottlieb* Second Amended Complaint with the following statement: "Some of the events in this case overlap with those in *Edward Butowsky v. David Folkenflik, et. al.*, which is presently pending before this Court as Case No. 4:18-cv-442-ALM. The *Folkenflik* complaint is attached as Exhibit 1 and incorporated herein by reference." Ex. C, ¶ 1. Butowsky then incorporates his *Gottlieb* Complaint—and therefore his NPR Complaint—by reference in the *Wigdor* and *Crowdstrike* complaints. Ex. N, ¶ 3 (*Wigdor* Am. Compl.); Ex. O, ¶ 1, 8 (*Crowdstrike* Compl.).

In fact, in his July 26, 2019 *Touhy* letter to the Department of Justice, Butowsky's counsel states: "Both the *Folkenflik* case and the *Gottlieb* case are centered on the same key question: whether the Rich brothers were responsible for transferring emails to Wikileaks. *See* Folkenflik Original Complaint and Gottlieb First Amended Complaint." (*Gottlieb*, Dkt. 179, Ex. 4). Filing a multitude of politically motivated lawsuits alleging duplicative claims and damages appears to be the modus operandi of Butowsky's counsel.[7]

---

is warned that a lack of respect for the duty of candor may result in sanctions."); *Robertson v. Cartinhour*, 883 F. Supp. 2d 121, 123, 128 (D.D.C. 2012), *aff'd*, 554 F. App'x 3 (D.C. Cir. 2014) (sanctioning counsel for "vexatious and abusive litigation tactics" and noting previous sanctions). Most recently, Mr. Biss has been the subject of a sanctions motion for, among other things, calling a defendant a "ratf**cker" in a filed Complaint. *Lokhova v. Halper*, No. 1:19-cv-00632-LMB-JFA (E.D. Va. May 23, 2019). Ty Clevenger was previously sanctioned for multiplying proceedings and unnecessarily increasing litigation burdens. *See* Ex. G, Sec. Am. Disciplinary Pet., *Tex. Comm'n for Lawyer Discipline v. Clevenger*, Cause No. 380-01407-2013, Collin County; Ex. H, Settlement with Tex. Comm'n for Lawyer Discipline; Ex. I, Notice of Disciplinary Charges, *In the matter of Ty Odell Clevenger*, Nos. 16-J-17320, 17-J-00289, State Bar Ct. of Cal.; Ex. J, Resignation with Charges Pending, *In the matter of Ty Odell Clevenger*, No. SBC-19-Q-30424, St. Bar Court of Cal.

Steven Biss was also disciplined, including for assisting his client in "conduct he should have known was criminal or fraudulent." Ex. K, Mem. Order, *Va. St. Bar, ex rel Third Dist. Comm. v. Biss*, Case No. CL07-1846, Cir. Ct. of the Cnty. of Chesterfield (suspending Biss one year and one day); Ex. L, Order of Suspension, *In the Matter of Steven Scott Biss*, VSB Docket No. 09-032-078962 (suspension for, among other things, "conduct involving dishonesty, fraud, deceit or misrepresentation which reflects adversely on the lawyer's fitness to practice law"); Ex. M, Mem. Order, *In the Matter of Steven Scott Biss*, VSB Docket No. 07-033-070921 (publicly reprimanding Biss).

[7] Biss frequently files politically-motivated defamation suits, including several brought by U.S. Rep. Devin Nunes against: a stone fruit farmer and two others for conspiring to damage his 2018 reelection by asking that Nunes not be allowed to call himself a "farmer" on the ballot; research firm Fusion GPS and Campaign for Accountability for interfering with his investigation into ties between President Trump and Russia while chairman of the House Intelligence Committee; Twitter and Twitter parody accounts, including @DevinCow; McClatchy Newspapers and the *Fresno Bee* for publishing his financial interest in a winery; and *Esquire* magazine and journalist Ryan Lizza for an article about the Nunes family's Iowa dairy farm. *See* Ex. P (Fresno Bee Article stating "Steven Biss, who is making a name for himself suing media organizations for defamation" represents Nunes in suits against McClatchy and Twitter); Ex. Q (*LA Times* article listing Nunes's pending lawsuits); Ex. R (Lawsuit filed against CNN on December 3, 2019 seeking damages in the amount of $435 million for publishing a November 22, 2019 article on Nunes); *see*

## II.     LEGAL STANDARD

Texas Civil Practice and Remedies Code § 33.004 provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." A responsible third party is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought." CPRC § 33.011(6).

Designating a responsible third party "give[s] defendants the opportunity to introduce evidence regarding a responsible third party's fault and to have the jury apportion responsibility to the third party even if that person has not been joined as a party to the lawsuit." *Withers v. Schneider Nat. Carriers, Inc.*, 13 F.Supp.3d 686, 688 (E.D. Tex. 2014). The statute is applicable in diversity cases like this one. *See Sting Soccer v. JP Morgan Chase*, No. 4:15-cv-00127, 2016 WL 5234918, *1 (E.D. Tex. Sept. 22, 2016); *Withers*, 13 F.Supp.3d 686, 691 (E.D. Tex. 2014) ("§ 33.004 is substantive law and applicable to litigation in federal court. . .").

A defendant must file its designation of responsible third parties at least 60 days before trial. CPRC § 33.004(a). The designation of responsible third parties must give the plaintiff "fair notice of how the [third party] allegedly 'caused or contributed to causing in any way the harm for which recovery of damages is sought.'" *Ranolls v. Dewling*, No. 1:15-cv-111, 2016 WL 7356809, * 3 (E.D. Tex. March 7, 2016) (quoting CPRC § 33.011(6)).

## III.     ARGUMENT

In accordance with CPRC § 33.004, NPR Defendants designate the following other defamation defendants as responsible third parties:[8]

---

*also* [Proposed] Defendant Halper's Supp. Mem. in Support of His Mot. for Sanctions at 6-13, 16 n.22, *Lokhova v. Halper*, No. 19-cv-632 (LMB) (JFA) (listing and describing cases).

[8] NPR Defendants do not contend that any of these parties are liable for defamation, for the same reasons NPR Defendants themselves are not liable. All should be protected by various privileges, like truth, fair report, fair comment, third-party allegation, and attorney immunity. But because Butowsky is seeking the same damages from

1. Douglas Wigdor
2. Jeanne Christensen
3. Michael Willemin
4. David Gottlieb
5. Lawrence Pearson
6. Wigdor LLP
7. Rod Wheeler
8. Susman Godfrey, LLP
9. Michael Gottlieb
10. Meryl Governski
11. Boies Schiller Flexner LLP
12. Brad Bauman
13. The Pastorum Group
14. Leonard A. Gail
15. Eli J. Kay-Oliphant
16. Suyash Agrawal
17. Massey & Gail LLP
18. Arun Subramanian
19. Elisha Barron
20. Gloria Park
21. Gregory Y. Porter
22. Michael L. Murphy
23. Bailey & Glasser LLP
24. Turner Broadcasting System, Inc.
25. Anderson Cooper
26. Gary Tuchman
27. Oliver Darcy
28. Tom Kludt
29. The New York Times Company
30. Alan Feuer
31. Vox Media, Inc.
32. Jane Coaston
33. The Democratic National Committee
34. CrowdStrike, Inc.
35. Charles Schwab Corp.
36. Charles Schwab & Co., Inc.
37. Schwab Institutional Enterprise
38. Charles R. Schwab
39. Walter W. Bettinger, II
40. Bernard J. Clark
41. Jonathan M. Craig
42. Joseph R. Martinetto
43. Nigel J. Murtagh
44. William Bell
45. Kevin Lewis
46. Perkins Coie LLP

NPR Defendants also designate the following parties who enabled Butowsky's involvement in the Rich controversy as responsible third parties under § 33.004:

1. Fox News Network
2. Malia Zimmerman
3. Seymour Hersh
4. Julian Assange
5. Ellen Ratner

**A.     This Request to Designate Responsible Third Parties Is Timely.**

Texas law imposes two timeliness requirements on requests to designate third parties, both of which have been met.

---

each of the 46 other defendants and NPR Defendants (the existence of which NPR Defendants also contest), NPR Defendants are duty-bound to present this motion.

First, § 33.004(a) requires that a defendant designate responsible third parties at least 60 days before trial. This case is not currently set for trial, but the Final Pre-trial Conference is set for October 2, 2020. Dkt. 70 at p. 3. Therefore, this request is timely under § 33.004(a).

Second, § 33.004(d) provides that a defendant "may not" designate a responsible third party "after the applicable limitations period on the cause of action has expired . . . if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." This provision does not prevent NPR Defendants' designation because they have not yet had a duty to disclose this information nor have they failed to comply with any discovery obligation.

Here, NPR Defendants' disclosure is timely. The policy underlying the requirement that a defendant disclose a third party before the statute of limitations has run is inapplicable here. Section 33.004(d) "seeks to address a defendant's interest in identifying nonparties who may have some culpability while recognizing that a plaintiff has a time limitation on pursuing its claims against parties not already included in its suit." *Ranolls*, 2016 WL 7356809 at *3. Here, Butowsky has already sued many of the designated responsible third parties for defamation. He has released his right to sue others, including Wheeler and Wheeler's lawyer Doug Wigdor. *See* Ex. S (Fox News Agreement). And he has included allegations about the remaining responsible third parties in his own lawsuits. A disclosure may be timely—even after the statute of limitations—where the plaintiff knew about the designated third parties. *Gutierrez v. Tractor Supply Co.*, Case No. H-15-778, 2018 WL 3055752, *3 (S.D. Tex. June 20, 2018); *Magna Equities II, LLC v. Heartland Bank*, Case No. H-17-1479, 2018 WL 1135482, * 8 (S.D. Tex. Feb. 28, 2018). Because Butowsky has already sued, released, or pleaded allegations about the designated third parties, he will not be prejudiced by NPR Defendants' designation after the statute of limitations.

### B. The Other Defamation Defendants Are Responsible for Some of the Claimed Damages Even Under Butowsky's Own Allegations.

In this case, Butowsky alleges that NPR Defendants' reporting caused "enormous loss of business (including, without limitation, the termination and loss of Chapwood's Investment Manager Service Agreement with Charles Schwab and loss of clients[9]), and causing Butowsky substantial personal injury, fear, and mental and physical pain and suffering." Dkt. 72 at ¶ 11. Butowsky alleges he has been damaged not less than $60 million. *Id.* at ¶ 183. But Butowsky also claims that the other 46 defamation defendants caused the same damage.[10] Therefore, even under Butowsky's own allegations, the parties designated herein are responsible third parties. The following summary of the allegations in each other lawsuit provides the required notice of the third parties' responsibility.

#### 1. Douglas Wigdor, the Wigdor LLP Defendants, and Wheeler.

Butowsky's claims arise primarily from NPR Defendants' reporting of a lawsuit that Wigdor, an attorney at Wigdor LLP, filed on behalf of Wheeler against Butowsky.[11]

*a. Douglas Wigdor allegedly conspired with Defendant Folkenflik.*

Butowsky specifically alleges Defendant Folkenflik conspired with Wigdor to conduct a "global smear campaign" and "injure Butowsky in his business and reputation." *See* Dkt. 72, ¶¶ 11, 191-197.

The Second Amended Complaint in this case contains numerous references to Wigdor's alleged conduct. In fact, Butowsky spends ten pages of his Second Amended Complaint reciting Wigdor's and Wheeler's alleged defamatory acts and explaining why the NPR Defendants should be responsible for those acts. *Id.* at ¶ 192. Butowsky claims Wigdor, hoping "to extort a global

---

[9] Despite these global allegations, in his recently filed Amended Disclosures Butowsky admits that the only customer he has ever identified as a "lost client" (Ms. Sally Davis) did not, in fact, move her account.
[10] *See* nn. 1-2, *supra*.
[11] *Wheeler v. Twenty-First Century Fox, Inc.*, No. 1:17-cv-05807-GBD (S.D.N.Y), filed Aug. 1, 2017.

**DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES**   **Page 9**

settlement" of other cases he had filed against Fox News, prepared a draft complaint against Fox, Malia Zimmerman and Butowsky which contained a "scandalous false narrative about Butowsky," and then "leaked" the complaint to Folkenflik for publication. *Id.* at ¶¶ 30-35. Butowsky claims that the Folkenflik-Wigdor conspiracy caused him to suffer damages up to $60 million—the entire amount of compensatory damages he seeks in this case. *Id.* at ¶ 196. Because Wigdor is a member of the alleged conspiracy that (according to Butowsky) caused the damages Butowsky seeks here, Wigdor is a responsible third party.

> b. *Butowsky claims Wigdor, the Wigdor LLP Defendants, and Wheeler caused the damages sought here.*

Butowsky publicly stated that the "story" of his involvement with the Rich conspiracy "has everything to do with the lawyer who filed the lawsuit"—referring to Wigdor's suit on behalf of Wheeler. Ex. D (*Investment News* at 2). Again referring to Wigdor, Butowsky claimed that "[w]e lost about a third of our business last year related to a made-up story by a greedy lawyer." *Id.* In fact, as set out in Butowsky's Complaint against Wigdor, Christensen, Willemin, David Gottlieb, and Lawrence Pearson (all attorneys at Wigdor LLP), and Wigdor LLP (collectively, the Wigdor LLP Defendants), Butowsky claims that Wigdor and the Wigdor LLP Defendants caused the same harm Butowsky alleges in this case:

- "[T]he Wigdor Defendants conspired with Defendant Rod wheeler to file a bogus lawsuit that would impede Fox's attempts to purchase Sky News." Ex. N (*Wigdor* Am. Compl.), ¶ 3.

- "In July 2017—after Fox refused to give in to his demands—Wigdor leaked the false statements to" NPR. *Id.* at ¶ 134.

- "Wigdor's and Defendant Wheeler's defamation spread like wildfire throughout mass media, social media and over the Internet, causing the Plaintiff to be ostracized, causing enormous loss of business (including, without limitation, the termination and loss of Chapwood's Investment Manager Service Agreement with Charles Schwab), and causing the

>Plaintiff substantial personal injury, fear, and mental and physical pain and suffering." *Id.* at ¶ 6.

Butowsky's damages allegations here are *virtually identical* to the losses he claims to have suffered "as a direct result of the Defendants' defamation"—"special damages, including loss of income and business and out-of-pocket expenses." *Compare*, Dkt. 72 at ¶ 189 with Ex. N at ¶ 197-200.

### 2. Susman Godfrey, LLP

Butowsky also sued Susman Godfrey, LLP ("Susman") for defamation. Susman represented Rich's parents in their suit against Butowsky (and others) for Butowsky's role in the conspiracies about Rich's death. In response, Butowsky sued Susman Godfrey for defamation alleging very similar damages as those alleged here. For example, Butowsky alleges that "as a result of the lawsuit filed by Susman Godfrey, as well as the related defamation campaign . . . [he] lost approximately one-third of [his] business." Ex. B (Butowsky Decl.) at ¶ 17. Butowsky also claims that Susman's defamation caused Chapwood clients to send emails "indicating that they would no longer do business" with Butowsky. *Id.* These allegations are very similar to those in footnote 4 of Butowsky's Second Amended Complaint, in which he cites an email from client Sally Davis and alleges she cancelled her Chapwood account, because Butowsky was involved in "a false news story." Dkt. 72 at ¶ 11, n.4.

Butowsky also alleges that, after Susman's alleged "smear campaign," Butowsky is no longer asked to appear as a TV financial analyst. Ex. B (Butowsky Decl.) at p. 5. According to Butowsky, these appearances previously served "as a boon to my wealth management business." *Id.* at p. 5. Butowsky made similar allegations here, that "[p]rior to Folkenflik and Wigdor's publications and republications, Butowsky was a frequent guest" on several news networks "discussing wealth management." Dkt. 72 at ¶ 10.

### 3. *Gottlieb* and *Crowdstrike* defendants

One week after he sued Susman, Butowsky sued 25 more defendants in this District for defamation relating to the Rich matter. Exs. T (Orig. Compl. in *Gottlieb*) and C (Second Am. Compl. in *Gottlieb*). The *Gottlieb* defendants roughly fall into three categories: (1) individuals involved in prior litigation against Butowsky, including attorneys who represented Rich's parents and brother (Gottlieb, Governski, Boies Schiller Flexner LLP, Bauman, The Pastorum Group, Gail, Oliphant, Agrawal, Massey & Gail LLP, Subramanian, Barron, Park, Porter, Murphy, and Bailey & Glasser LLP); (2) media defendants Butowsky claims defamed him while reporting on Rich's death and/or lawsuits involving Butowsky (Turner Broadcasting System, Inc., Cooper, Tuchman, Darcy, Kludt, The New York Times Company, Feuer, Vox Media, Inc., and Coaston); and (3) the DNC.[12] Butowsky also separately sued the DNC, Crowdstrike, and Perkins Coie LLP. Ex. O, ¶¶ 5-7. In that suit, Butowsky claims that the DNC hired Perkins Coie, which then hired Crowdstrike, to create "the false narrative that the Russian government had hacked the DNC's servers." Ex. O, ¶ 8.

In *Gottlieb* (and *Crowdstrike* because it incorporates the *Gottlieb* Complaint), Butowsky alleges that "[u]nscrupulous left-wing journalists and attorneys have perpetuated a myth about a myth, *i.e.*, that Mr. Butowsky pushed a fictitious story about the stolen emails in order to divert attention from the fictitious story about 'collusion' with the Russian government." Ex. T, ¶ 5; Ex. C ¶ 6. And Butowsky again alleges that "[a]s a result of the lies fabricated and perpetuated by the Defendants, Mr. Butowsky . . . lost one third of his business clients . . . and he lost the opportunity to host a planned television program." Ex. T, ¶ 6; Ex. C, ¶ 7. These allegations overlap with

---

[12] Note that Butowsky has since voluntarily dismissed claims against some of these defendants. Notices of Voluntary Dismissal, *Gottlieb*, No. 4:19-cv-00180-ALM-KPJ, Dkts. 21, 42, 167. Nevertheless, he has previously claimed the dismissed defendants caused damages that NPR Defendants are alleged to have caused. Therefore, even these voluntarily dismissed defendants are responsible third parties.

Butowsky's claims here—that NPR Defendants caused him to lose clients and TV appearances and have therefore harmed his investment management business. Because Butowsky alleges that the defendants in *Gottlieb* and *Crowdstrike* caused the same harm, they are responsible third parties.

### 4. *Schwab* defendants

Butowsky also sued Schwab entities and employees, claiming that Schwab had improperly removed Butowsky's investment advisory firm Chapwood from Schwab's platform. Ex. U (*Schwab II* Compl., Dkt. 1) at ¶¶ 3, 18-19. According to Butowsky, Schwab terminated Chapwood because Schwab unreasonably believed Butowsky was responsible for conspiracy theories about Rich. *Id.* These defendants include Charles Schwab Corp.; Charles Schwab & Co., Inc.; Schwab Institutional Enterprise; Charles R. Schwab; Walter W. Bettinger, II; Bernard J. Clark; Jonathan M. Craig; Joseph R. Martinetto; Nigel J. Murtagh; William Bell; and Kevin Lewis.

Butowsky alleges that the *Schwab* defendants then published false and defamatory letters to Chapwood's customers explaining why Chapwood was removed from the Schwab investment platform. *Id.* at ¶ 22. According to Butowsky, "[b]ecause of Schwab's intentional wrongdoing, Chapwood's assets under management plunged by over $45,000,000.00. Chapwood lost over 268 customer accounts and suffered a substantial loss of income." *Id.* at ¶ 1. Butowsky also seeks damages arising from loss of Chapwood business here. Dkt. 72 at ¶ 11. Because even according to Butowsky's allegations the Schwab defendants are responsible for removing Chapwood from its investment platform, and are therefore responsible for the alleged loss of business, the Schwab defendants are responsible third parties.

C.  **Five Others Enabled Butowsky's Role in the Retracted Article, Which Led to the Alleged Defamatory Reporting Butowsky Complains of Here.**

In addition to those Butowsky claims caused the damages sought here, five others enabled or contributed to Butowsky's conspiracy theories. Malia Zimmerman is a reporter for Foxnews.com and authored the now-retracted article advancing the conspiracy theory that Rich was the source of the hacked DNC emails. Dkt. 72 at ¶ 24, n.11, n.12. Zimmerman kept Butowsky informed of her reporting, even emailing him drafts of the article. Ex. N (*Wigdor* Am. Compl.) ¶¶ 67-69. The fact that Zimmerman involved Butowsky in the reporting process gave rise to Wheeler's lawsuit against Butowsky for propagating a false conspiracy theory. And Wheeler's lawsuit formed the basis of NPR Defendants' allegedly defamatory reporting.

Fox News' role in enabling Butowsky's conspiracy theories is obvious. It published—and then retracted—Zimmerman's story, apparently without conducting an appropriate level of editorial review. *Id.* at ¶ 170; Ex. E (Fox News' Retraction). Fox News' failure to adequately vet Zimmerman's claims led to the situation Butowsky complains of here, that he was involved in what his clients perceived to be a fake news story. Dkt. 72, ¶ 11, n.4.

Hersh, Assange, and Ratner all encouraged or contributed to Butowsky's conspiracy theory, and therefore involvement in the retracted article, by providing Butowsky with what he perceived to be information supporting his claims. Butowsky alleges that Hersh "supplied key information to Zimmerman concerning Seth Rich and WikiLeaks" including that an "FBI Report confirmed that Seth Rich made contact with WikiLeaks" in 2016. *Id.* at ¶ 26, n.6; 38 n.10. Butowsky claims that Wikileaks founder Assange told Ratner, a journalist and sister of Wikileaks' lawyer, "that the Hillary email leaks were not the result of Russian hacking. Rather, the leaks were from an 'internal source' from within the Hillary Clinton campaign or from someone who knew Hillary Clinton, *i.e.*, Seth Rich." Ex. N (*Wigdor* Am. Compl.) at ¶ 30, n.3. Assange further

opaquely mentioned Rich in the context of Wikileaks sources, but then refused to confirm or deny that Rich was a source. *Id.* at ¶ 31. Similarly, Butowsky alleges that Ratner told him about her purported meeting with Assange and specifically requested that Butowsky contact the Rich family and relay the information she obtained during that meeting regarding the source of the DNC leaks to them. Ex. C (*Gottlieb* Second Amended Compl. at ¶¶ 45-46). These statements fanned the flames of Butowsky's conspiracy theories on which the retracted Fox News article was based, which ultimately resulted in NPR Defendants' reporting on Butowsky's role in the retracted Fox News article.

None of the allegedly defamatory reporting would have been done, and therefore none of the alleged damages incurred, if Fox News, Zimmerman, Hersh, Assange, and Ratner had not encouraged or contributed to Butowsky's theories. Accordingly, although NPR Defendants continue to deny the existence of any damages or liability, even under Butowsky's theory of the case, these third parties are responsible for some of the harm Butowsky claims here, and NPR Defendants seek leave to designate them as responsible third parties.

## IV. CONCLUSION

Butowsky seeks the same damages (collectively more than $278 million) against over 40 defendants—alleging loss of business income and reputation damages resulting from public statements about Butowsky's role in advancing a narrative about Rich's murder. Five others encouraged or contributed to Butowsky's conspiracy theories, which led to the allegedly defamatory reporting at issue here. While NPR Defendants deny liability to Butowsky, they notify Butowsky of these responsible third parties' actions and their responsibility for his damages, if any, as evidenced by his own allegations. Accordingly, NPR Defendants request that the Court grant their request to designate these individuals as responsible third parties.

Respectfully submitted,

By: */s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone: (512) 867-8400
Telecopier: (512) 867-8470

David J. Bodney
*admitted pro hac vice*
bodneyd@ballardspahr.com
Ian O. Bucon
*admitted pro hac vice*
buconi@ballardspahr.com
BALLARD SPAHR LLP
1 E. Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone: 602.798.5400
Fax: 602.798.5595

*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

The undersigned counsel for Defendants certifies that on December 12 and 13, 2019, she conferred with counsel for Plaintiff concerning the instant motion. Upon reviewing a draft of the motion, counsel for Plaintiff stated that Plaintiff is opposed to this motion, and therefore agreement on the relief requested in the motion could not be reached.

       */s/ Laura Lee Prather*
       Laura Lee Prather

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 13, 2019, a true and correct copy of the foregoing document was forwarded via e-filing to the following counsel of record:

Ty Odell Clevenger
P.O. Box 20753
Brooklyn, NY 11202-0753
979-985-5289 (phone)
979-530-9523 (fax)
tyclevenger@yahoo.com

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
804-501-8272 (phone)
202-318-4098 (fax)
stevenbiss@earthlink.net

*/s/ Laura Lee Prather*
Laura Lee Prather