IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| ED BUTOWSKY, in his Individual And Professional Capacities | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case 4:18-cv-00442-ALM-CMC |
| DAVID FOLKENFLIK et al | ) ) ) ) | |
| Defendants. | ) ) | |

# PLAINTIFF'S OBJECTION, RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DESIGNATE

Plaintiff, Ed Butowsky, by counsel, pursuant to Local Civil Rule 7(d), respectfully submits his Objection, Response and Memorandum in Opposition to Defendants' motion for leave to designate responsible third-parties pursuant to Texas Civil Practice and Remedies Code ("CPRC") § 33.004 [*ECF No. 81 ("Def. Mot.")*].

## I.  INTRODUCTION

Plaintiff commenced this action on June 21, 2018.[1]  In his second amended complaint filed on September 30, 2019, Plaintiff alleges claims of defamation, business disparagement and civil conspiracy arising out of the world-wide, internet and social media character assassination undertaken by Folkenflik and NPR.

---

[1]    The NPR Defendants filed a motion to dismiss Plaintiff's Complaint, which the Court denied. [*ECF Nos. 58 (Report and Recommendation)*; *65 (Order Adopting Report and Recommendation)*].

This matter is before the Court on the NPR Defendants' motion pursuant Texas CPRC § 33.004 to designate fifty-one third parties as persons who are responsible for a percentage of the harm for which Plaintiff seeks relief *in this action*.[2]

## II.  ARGUMENT

First, Plaintiff recognizes that in *Withers v. Schneider National Carriers, Inc.*, the Court held that § 33.004 of the Texas Code "is substantive law and applies in the instant case". 13 F.Supp.3d 686, 688 (E.D. Tex. 2014).  The Fifth Circuit has not ruled on the issue whether § 33.004 conflicts with the Federal Rules of Civil Procedure (the "Rules"), and is, therefore, impermissible in diversity cases.  Recent authority suggests that the Fifth Circuit would rule that § 33.004 conflicts with the Federal Rules of Civil Procedure. *See, e.g., Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019) (the Texas Citizens Participation Act (TCPA) does not apply in federal court).  Third-party practice in Federal Court is plainly governed by Rule 14.  Rule 14(a)(1) provides that "a defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."[3]  By allowing the NPR Defendants to shift blame for Plaintiff's injuries to third-parties, CPRC § 33.004 directly collides with

---

[2]     In their motion to dismiss pursuant to Rule 12(b)(6), the NPR Defendants claimed that Plaintiff was "suing Defendants for accurately reporting on a publicly filed lawsuit". [*ECF No. 25, p. 9*].  The NPR Defendants now claim that this lawsuit is about Plaintiff's "role in a now-retracted Fox New story speculating that Seth Rich, a Democratic National Committee (DNC) staffer, was murdered for leaking hacked DNC emails to WikiLeaks."  The NPR Defendants argue – wrongly – that "by encouraging or contributing to Butowsky's theories, Fox, Zimmerman, Hersh, Assange, and Ratner participated in the creation of the retracted article that led to Wheeler's lawsuit and to NPR's reporting." [*ECF. No. 81, pp. 2-3*].

[3]     The NPR Defendants have made no effort to join anyone as a third-party defendant, including Douglas Wigdor – the person with whom Folkenflik conspired to defame Plaintiff.

Rule 14. *See, e.g., Exxon Corp. v. Burglin*, 42 F.3d 948, 950-952 (5th Cir. 1995) ("In sum, because the issue of attorneys' fees on appeal under Alaska law is one of procedure, we hold that, in this case, FED.R.APP.P. 38 does not violate the limitations of the Rules Enabling Act and that therefore Alaska Rule 508 has no application for federal courts sitting in diversity").

Second, assuming *arguendo* that CPRC § 33.004 is applicable, the NPR Defendants fail to allege *any* facts concerning the specific responsibility of each putative "responsible" third party, let alone facts sufficient to satisfy the pleading requirements of *Twombly* and *Iqbal*.[4]  A "responsible third party" is defined as:

> any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought,[5] whether by negligent act or omission, … by other conduct or activity that violates an applicable legal standard, or by any combination of these.

Tex. Civ. Prac. & Rem. Code § 33.011(6).   The NPR Defendants fail to show, for instance, how FNN *or* Zimmerman *or* Hersh *or* Assange *or* Ratner *or any of them* caused Folkenflik and NPR to publish the defamatory statements at issue in the second amended complaint.   Assange and Ratner are not even mentioned in the NPR Defendants' answer to the second amended complaint. [*ECF No. 79*].   Hersh is mentioned once.   Zimmerman is mentioned a mere five times.   Except for Wigdor, the same may be said of the

---

[4]      CPRC § 33.004(g)(1) conflicts with Rule 12(b)(6) insofar as the pleading requirements of "Texas Rules of Civil Procedure" impose a different standard than that announced by the United States Supreme Court in *Twombly* and *Iqbal*.  This is another reason why § 33.004 conflicts with the Federal Rules and should not be applied in this diversity action.

[5]      Section 33.011(b) only permits the designation of persons who caused or contributed to the "harm for which recovery for damages is sought" in the pending action.  In this case, Plaintiff seeks damages for the harm caused by the NPR Defendants' defamation.  Thus, designation of Wigdor is proper because Plaintiff alleges in this action that Wigdor acted in concert with Folkenflik to cause Plaintiff harm.

remaining 46 alleged "responsible" third parties.  CPRC § 33.004 is not even among the 31 "Defenses" asserted by the NPR Defendants in this action. *Ramirez v. Abreo*, 2010 WL 11565455, at * 4 (N.D. Tex. 2010) ("As to the defamation claim, the Court agrees with Plaintiffs and finds that leave to designate must be denied.  The Defendants have failed to show how Plaintiffs' criminal attorneys' ineffective assistance could have contributed to any harm caused by the allegedly defamatory statements spoken by Yarbrough years later"); *see Nels Cary, Inc. v. Day*, 2008 WL 631242, at * 2 (N.D. Tex. 2008) (stating that leave would be granted if defendant's answer and counterclaim sufficiently allege that the third party caused or contributed to causing in any way the harm for which recovery of damages was sought).

Third, the NPR Defendants' motion is untimely. *See, e.g., Withers*.   Section 33.004(d) provides as follows:

> "(d)     A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure."

Here, the NPR Defendants waited until December 13, 2019 to even hint that any third party was responsible for the harm for which Plaintiff seeks relief *in this action*.   The NPR Defendants' Rule 26(a)(1) disclosures do not mention CPRC § 33.004.   As in *Withers*, the statute of limitations on the cause of action has expired with respect to the alleged "responsible" third parties.  Further, the republications by Folkenflik in August 2019 were not caused in any way, shape or form by any third party.  Rather, Folkenflik decided on his own to republish two of the defamatory articles. [*ECF No. 72, Second Amended Complaint, ¶ 174*].

Fourth, the fact that Plaintiff has filed other actions against separate persons for separate acts of defamation and other wrongdoing does not mean that those separate persons are "responsible third parties" with respect to *this* action and the harm caused to Plaintiff by the NPR Defendants as alleged in *this* action.

Finally, it is very regrettable that counsel for the NPR Defendants has chosen to resort to dirty tricks. [*See, e.g., ECF No. 81, fn. 6-7*].  Prior to the Court's ruling on the motion to dismiss, counsel enjoyed a very cordial and professional relationship. Unfortunately, that has changed.  The NPR Defendants' motion for leave to designate contains a number of shameful, scandalous and impertinent statements and statements that are untrue and without evidentiary support, including:

- "Butowsky has made good on his threat and has sued anyone who challenges his narrative that Rich was the source of the DNC email leak";

- "Biss frequently files politically-motivated defamation suits, including several brought by U.S. Rep. Devin Nunes".[6]

[*ECF No. 81, pp. 2, 4, 5 fn. 7*].  These statements are interposed for no proper purpose. They should be stricken from this record.

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above, Plaintiff, Ed Butowsky, objects to the NPR Defendants' proposed designation and respectfully requests the Court to deny the Defendants' motion for leave to designate responsible third parties.

---

[6]    The statements made by the NPR Defendants in footnotes 6 and 7 of the instant motion violate Rule 11 and Title 28 U.S.C. § 1927.  ***None*** of the actions filed by Mr. Biss on behalf of Congressman Nunes or any other client has *any* bearing on this case.  ***None*** of these actions is politically-motivated.  The statements in footnote 7 are also materially incomplete and misleading.  For instance, counsel for the NPR Defendants fails to point out that the trial court in *Nunes v. Twitter*, Case CL19-1715 (Henrico Circuit Court, Virginia) **denied** the defendants' motions to dismiss.

DATED:        December 27, 2019

ED BUTOWSKY,
In his Individual and Professional Capacities


By:   */s/ Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:     (804) 501-8272
      Facsimile:     (202) 318-4098
      Email:        **stevenbiss@earthlink.net**

      *Counsel for the Plaintiff*
      *(Admitted Pro Hac Vice)*

      Ty Clevenger, Esquire
      Texas Bar No. 24034380
      P.O. Box 20753
      Brooklyn, NY 11202-0753
      (979) 985-5289
      (979) 530-9523 (Fax)
      Email:  tyclevenger@yahoo.com

      *Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2019 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for Defendants and all interested parties receiving notices via CM/ECF, and a copy was also emailed in PDF to counsel for the Defendants.

By:   */s/ Steven S. Biss*
           Steven S. Biss (VSB # 32972)
           300 West Main Street, Suite 102
           Charlottesville, Virginia 22903
           Telephone:   (804) 501-8272
           Facsimile:    (202) 318-4098
           Email:        stevenbiss@earthlink.net

           *Counsel for the Plaintiff*
           *(Admitted Pro Hac Vice)*

           Ty Clevenger, Esquire
           Texas Bar No. 24034380
           P.O. Box 20753
           Brooklyn, NY 11202-0753
           (979) 985-5289
           (979) 530-9523 (Fax)
           Email:  tyclevenger@yahoo.com

           *Counsel for the Plaintiff*