**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ED BUTOWSKY, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. |
| DAVID FOLKENFLIK, ET. AL., | § § § § § | 4:18-CV-00442-ALM |
| Defendants. | § § § | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO
DESIGNATE RESPONSIBLE THIRD PARTIES**

NPR Defendants seek leave to designate 51 responsible third parties—46 of which Butowsky has also sued for defamation.[1] Butowsky agrees that NPR Defendants can designate Douglas Wigdor as a responsible third party because "Plaintiff alleges in this action that Wigdor acted in concert with" the NPR Defendants. Dkt. 82 at 3, n.5. NPR Defendants have properly and timely requested leave to designate the remaining 50 responsible third parties. Because the requirements of Texas Civil Practice and Remedies Code § 33.004 have been satisfied, NPR Defendants' request should be granted.

## I.
## CPRC § 33.004 APPLIES IN DIVERSITY ACTIONS

This Court, and others in this District, have concluded that CPRC § 33.004 applies in diversity actions like this one. *See Sting Soccer v. JP Morgan Chase*, No. 4:15-cv-00127, 2016 WL 5234918, *1 (E.D. Tex. Sept. 22, 2016) (Mazzant, J.); *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 691 (E.D. Tex. 2014).

Nothing about the Fifth Circuit's opinion in *Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019), which analyzes a different statute (the TCPA), suggests how the Fifth Circuit would rule on the applicability of CPRC § 33.004. *Klocke* re-establishes the key inquiry in deciding whether to apply state substantive law in diversity cases—do the Federal Rules "answer the same question" as the state law? *Klocke*, 936 F.3d 245. Rule 14 does not answer the same question as § 33.004. As Judge Gilstrap found in *Withers*, "[w]hile Rule 14 dictates how third-parties may be formally joined and become parties to the suit subject to liability, under § 33.004 responsible third parties are not joined as parties—they are only designated as being responsible without being made parties to the suit." 13 F. Supp. 3d at 688. Therefore, there is no conflict between CPRC § 33.004 and the

---

[1] As stated in their opening motion (Dkt. 81), NPR Defendants contend that neither they nor the 46 others Butowsky has sued are actually liable to Butowsky for defamation or any other cause of action. NPR Defendants' contentions regarding all of the designated third parties are based on Butowsky's allegations.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO**
**DESIGNATE RESPONSIBLE THIRD PARTIES**                                                 **Page 1**

Federal Rules of Civil Procedure.

## II.
## NPR DEFENDANTS COMPLIED WITH THE PLEADING AND TIMELINESS REQUIREMENTS OF CPRC § 33.004

As set out in NPR Defendants' opening motion, NPR Defendants have met the timeliness requirements of CPRC § 33.004. The fact that the statute of limitations has run on any defamation claims against the responsible third parties does not preclude NPR Defendants' motion here, because Butowsky does not dispute he knows about each third party, and in fact has already sued 46 of them. *See* Dkt. 81 at 7-8. Butowsky fails to address any of the arguments or case law NPR Defendants included in their opening motion on this point, making his argument unpersuasive.

NPR Defendants' opening motion also sets out almost seven pages of facts explaining how these 51 third parties are—under Butowsky's view of the world—responsible for the harm Butowsky claims in this case. Dkt. 81 at 9-15. These facts are more than enough to satisfy the fair notice standard applicable here. *Ranolls v. Dewling*, No. 1:15-cv-111, 2016 WL 7356809, * 3 (E.D. Tex. Mar. 7, 2016). This is particularly true where, for the 46 responsible third parties Butowsky has sued, the facts about their alleged involvement come directly from Butowsky's own pleadings.  As for the others, Butowsky has made allegations about their role in providing him information regarding Seth Rich in those complaints and has personal knowledge of their role.

A. **Butowsky's own allegations claim that the 46 other defamation defendants caused Butowsky's alleged harm.**

 Butowsky argues that NPR Defendants have provided insufficient facts showing that the third parties "caused Folkenflik and NPR to publish the defamatory statements at issue." Dkt. 82 at 3. But for most of the third parties, NPR Defendants argue not that the third parties caused NPR Defendants to allegedly defame Butowsky, but that the third parties caused the ***same alleged harm***

to Butowsky "for which recovery of damages is sought" in this case. *See* CPRC § 33.011(6). Thus, for the majority of NPR Defendants' allegations, Butowsky is focused on the wrong inquiry.

Butowsky's own allegations show he has, in fact, taken the position that both the NPR Defendants and the 46 others caused him the same reputational and business harm. For example, Butowsky alleges that NPR Defendants, Wigdor, the Wigdor LLP defendants, and the *Schwab* defendants are responsible for the termination and loss of Chapwood's agreement with Charles Schwab. *See* Dkt. 72, ¶ 11; Dkt. 81, Ex. N (*Wigdor* Am. Compl.), ¶ 6;[2] Ex. U (*Schwab II* Compl., Dkt. 1) at ¶¶ 3, 18-19. And he alleges the NPR Defendants, Susman Godfrey, LLP, *Gottlieb* defendants (and therefore, *Crowdstrike* defendants by extension), and *Schwab* defendants are all responsible for Chapwood losing clients. *See* Dkt. 72 at 11; Ex. B (Butowsky Decl.) at ¶ 17; Ex. T (*Gottlieb* Orig. Compl.), ¶ 6; Ex. C (*Gottlieb* Sec. Am. Compl.), ¶ 7; Ex. U (*Schwab II* Compl., Dkt. 1) at ¶ 1. In several of the lawsuits, Butowsky is even more specific, claiming the loss of one-third of Chapwood's business. Ex. B at ¶ 17; Ex. T, ¶ 6; Ex. C, ¶ 7.

These specific allegations show that Butowsky is claiming the same "harm" in this case that he claims against 46 other defendants. Therefore, these 46 other defendants are—according to Butowsky—responsible for the harm "for which recovery of damages is sought" in this case and meet the CPRC's definition of responsible third parties. *See* CPRC § 33.011(6); *see also* § 33.004.

**B.   NPR Defendants gave Butowsky notice of Zimmerman, Fox News, Hersh, Assange, and Ratner's role in perpetuating the article NPR reported on.**

With respect to the other five responsible third parties—those that Butowsky has not sued separately for defamation—Butowsky argues (again, without citing authority) that because NPR Defendants' Answer does not sufficiently mention them, they cannot be responsible third parties. Butowsky, however, was aware of their involvement and himself has set forth their involvement

---

[2] Exhibits cited herein are the documents filed as Exhibits to Dkt. 81.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO
DESIGNATE RESPONSIBLE THIRD PARTIES**                                              **Page 3**

in his own pleadings. Butowsky was the keeper of these facts and until he plead them, NPR Defendants could not have been aware of them. Further, Butowsky cites no authority for the proposition that, if a person is not specifically mentioned in a defendant's answer, the person cannot be designated as a responsible third party. And a request to designate responsible third parties is made by a motion, not by an answer. In any event, NPR Defendants' Answer pleaded that "Plaintiff's claims are barred because the alleged injuries to Plaintiff and damages, if any, are due solely to other causes and matters that are not related to Defendants' alleged statements, actions, or conduct." Dkt. 79 at 33.

Butowsky's argument appears to be that NPR Defendants have pleaded insufficient facts to put him on notice of the third parties' alleged responsibility. But NPR Defendants explained in their motion (Dkt. 81 at 14-15) both at a high level, and as to each specific third party, facts relating to Zimmerman, Fox News, Hersh, Assange, and Ratner – all of whom are referenced in Butowsky's own pleadings in the myriad of cases he has filed arising out of this same controversy. According to Butowsky, each encouraged Butowsky's involvement in the conspiracy theory: Zimmerman and Fox News by reporting, publishing, and then retracting the article speculating that Seth Rich was murdered for leaking hacked DNC emails to Wikileaks; and Hersh, Assange, and Ratner by providing Butowsky with the "evidence" he used to provide information to Fox News for that article. Butowsky recounts that "evidence" in his complaints in this case and others, like *Wigdor* and *Gottlieb*. *See* Dkt. 81 at 14-15.

Butowsky need not agree that Zimmerman, Fox News, Hersh, Assange, and Ratner's role in perpetuating Butowsky's conspiracy theory led to the retracted article, which in turn led to the *Wheeler* lawsuit, which then led to NPR's allegedly defamatory publications. He is free to argue his version of the facts. But his disagreement with NPR Defendants' interpretation of his own

allegations in his complaints does not constitute a valid objection to NPR Defendants' request. *See* CPRC § 33.004(g) (requiring that the "court shall grant leave to designate" a responsible third party unless the opposing party establishes that the defendant did not plead sufficient facts, even after an opportunity to replead).

## III.
## CONCLUSION

Butowsky agrees that Doug Wigdor is properly designated as a responsible third party. As set forth herein, Butowsky has failed to identify a valid objection to NPR Defendants' designation of the remaining 50 responsible third parties. Butowsky has sufficient notice of the role that each of the 46 defamation defendants allegedly had in harming him, as he filed lengthy lawsuits describing the harm each had allegedly caused him. That harm—as pleaded by Butowsky—overlaps significantly with the harm Butowsky alleges here. Therefore, those defamation defendants are responsible for the damages Butowsky seeks against NPR Defendants.

Butowsky also has sufficient notice of the role that his alleged sources of information had in contributing to the retracted article causing the lawsuit on which NPR Defendants reported. Without the (false) information connecting Seth Rich to Wikileaks, Butowsky would not have been able to pursue the retracted Fox News story. And without the retracted Fox News story, NPR's reporting would not have been necessary. Therefore, there is a causal relationship between the harm Butowsky seeks to redress here and Zimmerman, Fox News, Hersch, Assange, and Ratner's conduct.

NPR Defendants request that the Court grant them leave to designate the 51 responsible third parties at trial. Alternatively, if the Court finds that NPR Defendants have not adequately pleaded the necessary facts, NPR Defendants seek leave to replead.

Respectfully submitted,

By: */s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone: (512) 867-8400
Telecopier: (512) 867-8470

David J. Bodney
*admitted pro hac vice*
bodneyd@ballardspahr.com
Ian O. Bucon
*admitted pro hac vice*
buconi@ballardspahr.com
BALLARD SPAHR LLP
1 E. Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone: 602.798.5400
Fax: 602.798.5595

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 6, 2020, a true and correct copy of the foregoing document was forwarded via e-filing to the following counsel of record:

| | |
|---|---|
| Ty Odell Clevenger | Steven S. Biss |
| P.O. Box 20753 | 300 West Main Street, Suite 102 |
| Brooklyn, NY 11202-0753 | Charlottesville, VA 22903 |
| 979-985-5289 (phone) | 804-501-8272 (phone) |
| 979-530-9523 (fax) | 202-318-4098 (fax) |
| tyclevenger@yahoo.com | stevenbiss@earthlink.net |

*/s/ Laura Lee Prather*
Laura Lee Prather