# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ED BUTOWSKY, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| DAVID FOLKENFLIK; NATIONAL PUBLIC RADIO, INC.; EDITH CHAPIN; LESLIE COOK; AND PALLAVI GOGOI, | § § § § § | 4:18-CV-00442-ALM |
| | § | |
|    Defendants. | § | |

**DECLARATION OF WESLEY D. LEWIS IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY PURSUANT TO FED. R. CIV. P. 37**

1. My name is Wesley Lewis. I am over the age of twenty-one (21) years and am fully competent to make this declaration. The facts stated in this declaration are within my personal knowledge and are true and correct.

2. I am an attorney at Haynes and Boone, LLP and counsel for Defendants in the above-captioned lawsuit. I have been involved with Defendants' efforts to obtain discovery from Plaintiff in this case. I have assisted drafting Defendants' discovery requests, reviewed Plaintiff's responses and objections to Defendants' requests, and analyzed Plaintiff's discovery responses and document productions.

3. I have also been involved in Defendants' efforts to obtain third-party discovery. I have reviewed productions received in response to Defendants' third-party subpoenas, including productions from Rod Wheeler ("Wheeler"), Aaron Rich, Fox News Network, and other third parties with information relevant to NPR's defense of this lawsuit.

4. On July 8, 2019, Defendants served their first set of Requests for Admissions and Requests for Production of Documents. Defendants served additional discovery requests on September 30, 2019, and October 18, 2019.

5. After repeated broken promises to produce materials from August through December, Plaintiff ultimately produced, for the first time, a small group of documents on December 16, 2019—nearly six months after Defendants' initial request.

6. On December 16-18, 2019, Plaintiff's counsel made a limited production of documents. In total, Plaintiff's entire production consists of a mere 200 emails (many of which contain only a subject line or a single hyperlink), 78 screenshots of text messages and social media posts (none of which are in native format and virtually all of which show just a portion of a conversation), 9 recordings (4 of which are duplicates) and 161 pages of other documents—over 100 pages of which are publicly available NPR documents, such as NPR's 2017 annual report and 2016 Form 990.

7. On December 18, 2019, Plaintiff's counsel notified Defendants via e-mail that "Plaintiff's document production was completed," and that with the exception of "a few documents" that Plaintiff has withheld under a claim of privilege (without producing a privilege log), Defendants "now have all of Plaintiff's documents." Plaintiff's counsel re-confirmed his document production was complete in a phone conversation on January 8, 2020.

8. Plaintiff's production is demonstrably deficient in several respects. First, absent from Plaintiff's production are a myriad of his own conversations with Fox News Network and Wheeler— which is readily apparent by reviewing the (only partial) document productions from those third parties. In fact, Plaintiff's limited production is noticeably smaller than the number of documents received from Wheeler Fox News Network, and Aaron Rich—third parties with

which Plaintiff was in frequent communications—who collectively produced more than 1,600 documents responsive to Defendants' third-party subpoenas.

9. Despite Plaintiff's representation that he has produced all documents responsive to Defendants' requests, the limited set of documents that Plaintiff produced is incomplete. Upon reviewing third-party productions from Fox News Network, Aaron Rich and Wheeler, I was able to identify several responsive communications involving Butowsky that have been produced by third parties, but not by Butowsky. For example, Wheeler produced 300 documents in response to Defendants' subpoena. One of these documents was a 91-page document of text messages between Plaintiff and him; Wheeler also produced several group iMessage conversations with Butowsky and other third parties. By contrast, Plaintiff has only provided selected excerpted screenshots of his text message conversations with Wheeler that collectively constitute only approximately 16 pages of the 91 pages produced by Wheeler. These excerpts obviously fail to include portions of the conversation that are highly relevant, responsive, and often detrimental to positions he has taken in this case. Wheeler also produced other responsive group text message conversations including himself and Plaintiff, but Plaintiff did not. Wheeler also produced 148 emails that include the Plaintiff. Similarly, Mr. Rich produced 261 documents that Plaintiff sent or received that would be responsive to NPR's Requests for Production of Documents, compared to Plaintiff's production of only 200 emails. Thus, the total number of communications with Plaintiff produced by third parties exceeds the total number of emails produced by Plaintiff.

10. I also understand that Plaintiff has multiple email accounts (including, but not necessarily limited to, Butowsky32@gmail.com, ebutowsky@gmail.com, ed@chapwoodinvestments.com, and googie18@aol.com). Without any explanation for his failure to do so, Plaintiff has failed to produce any communications from a number of those

accounts and instead only appears to have produced emails from ebutowsky@gmail.com and a very limited number of emails from ed@chapwoodinvestments.com.

11. Plaintiff has inappropriately excerpted portions of recordings responsive to NPR's document requests. For example, Plaintiff produced an audio file with the filename "rod Audio only" in which Butowsky edited the audio produced so that only Wheeler's side of the conversation was produced. The metadata of the produced file (entitled "Ed edit") confirms this.

12. Butowsky, himself, has admitted that he has other responsive documents. For instance, his production included a recording of a telephone conversation with Wheeler in which Butowsky references additional text messages and communications that go to the heart of this case. For example, in this telephone conversation, entitled "Rod call," Plaintiff stated that he hired a "forensic person" to investigate the subject matter of Wheeler's lawsuit against Fox News, yet Plaintiff does not appear to have produced any documents related to this "forensic person" or his investigation. Moreover, Plaintiff has stated that he often records telephone conversations and uses an application called "Phone View" that records every text message, even after a message has been erased. This too was requested and not produced by Butowsky.

13. In addition to Butowsky's less-than-forthright and incomplete responses to Defendants' discovery requests, other individuals and entities associated with Butowsky have similarly obstructed Defendants' efforts to obtain discovery in this lawsuit. NPR has not been able to obtain discovery from Chapwood Investments ("Chapwood"), which is owned by Plaintiff, or from Plaintiff's business partner Kim Sams ("Sams"). Chapwood was served with a subpoena on November 18, 2019, and Sams was served with a subpoena on November 27, 2019. Both subpoenas have been completely ignored.

14. Plaintiff is involved in related litigation in the District of Columbia (*Aaron Rich v. Butowsky, et al.*, Civil Action No. 1:18-cv-00681-RJL). In that case, Aaron Rich, the brother of Seth Rich, sued Plaintiff based on claims stemming from his alleged involvement in politically motivated conspiracy theories surrounding Rich's death. The underlying facts of that case overlap substantially with the facts at issue in this case. On December 23, 2019, almost five months *after* the district court's order compelling him to comply with Plaintiff's discovery requests, Butowsky's counsel advised counsel for Aaron Rich that he would not be able to meet his discovery obligations, noting that he had located "*more than six thousand potentially responsive documents* that had not yet been produced," and reporting that he had "*not yet even searched* a number of ... Butowsky's devices and accounts." If Butowsky has represented that there are more than 6,000 potentially responsive documents to discovery requests in the *Rich* case—a case whose facts substantially overlap with this one—it is likely that Butowsky has a similar number of documents responsive to the discovery requests in this case and certainly substantially more than the approximately 300 produced here.

15. Plaintiff's withholding of documents and obstruction of party discovery have materially interfered with Defendants' ability to defend this case. Absent judicial relief, Defendants will be unable to adequately prepare to take and defend depositions and defend themselves in this lawsuit.

16. Exhibits 2-26 referenced in Defendants' Motion to Compel are true and correct copies of the following documents:

> EXHIBIT 2. Plaintiff's Motion and Memorandum in Support of Motion for Sanctions Against Defendant Butowsky filed on December 30, 2019 in *Aaron Rich v. Butowsky, et al.*, Civil Action No. 1:18-cv-00681-RJL, pending in the United States District Court for the District of Columbia

| | | |
|---|---|---|
| EXHIBIT 3. | | Defendants' First Requests for Production dated July 5, 2019 |
| EXHIBIT 4. | | Plaintiff's Objections, Answers and Responses to Defendants' Discovery Requests dated August 5, 2019 |
| EXHIBIT 5. | | August 5, 2019 Email from S. Biss to L. Prather |
| EXHIBIT 6. | | September 13, 2019 Letter from L. Prather to S. Biss |
| EXHIBIT 7. | | Defendants' Second Requests for Production dated September 30, 2019 |
| EXHIBIT 8. | | Defendants' First Set of Interrogatories dated September 30, 2019 |
| EXHIBIT 9. | | Defendants' Third Requests for Production dated October 18, 2019 |
| EXHIBIT 10. | | Defendants' Second Set of Interrogatories dated October 18, 2019 |
| EXHIBIT 11. | | October 20, 2019 Email from S. Biss to L. Prather |
| EXHIBIT 12. | | November 9, 2019 Email from S. Biss to L. Prather |
| EXHIBIT 13. | | November 21, 2019 Letter from D. Bodney to S. Biss |
| EXHIBIT 14. | | December 9, 2019 Letter from D. Bodney to S. Biss |
| EXHIBIT 15. | | December 19, 2019 Email from L. Prather to S. Biss and T. Clevenger |
| EXHIBIT 16. | | Plaintiff's Supplemental Responses to Defendants' First Discovery Requests dated October 23, 2019 |
| EXHIBIT 17. | | Plaintiff's Objections, Answers and Responses to Defendants' Second Discovery Requests dated November 9, 2019 |
| EXHIBIT 18. | | Plaintiff's (Second) Supplemental Responses to Defendants' Discovery Requests dated December 8, 2019 |
| EXHIBIT 19. | | Plaintiff's Objections and Responses to Defendants' Second Interrogatories and Third Request for Production of Documents dated December 2, 2019 |
| EXHIBIT 20. | | Redacted text message conversation between Plaintiff and Rod Wheeler produced by Plaintiff |
| EXHIBIT 21. | | Unredacted text message conversation between Rod Wheeler and Plaintiff produced by Rod Wheeler |

| | | |
|---|---|---|
| EXHIBIT 22. | | November 25, 2019 Email from C. Houdre to L. Prather |
| EXHIBIT 23. | | Proof of Service of Subpoena on Chapwood Investments dated November 19, 2019 |
| EXHIBIT 24. | | Proof of Service of Subpoena on Kim Sams dated December 3, 2019 |
| EXHIBIT 25. | | Plaintiff's Original Petition dated May 26, 2011 in *Edward W. Butowsky v. Financial Industry Regulatory Authority, Inc.*, Cause No. 11-06638 in the 106th Judicial District Court, Dallas County, Texas |
| EXHIBIT 26. | | Order dated January 20, 2012 in *Edward W. Butowsky v. Financial Industry Regulatory Authority, Inc.*, Cause No. 11-06638 in the 106th Judicial District Court, Dallas County, Texas |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 13, 2020.

*[signature]*

WESLEY D. LEWIS