# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH | |
|                Plaintiff, | Civil Action No. 1:18-cv-00681-RJL |
|      v. | Hon. Richard J. Leon |
| EDWARD BUTOWSKY, | |
| MATTHEW COUCH, and | |
| AMERICA FIRST MEDIA | |
|                Defendants. | |

## <u>PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT BUTOWSKY</u>

JOSHUA P. RILEY
MERYL C. GOVERNSKI
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005

MICHAEL J. GOTTLIEB
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006

*Attorneys for Plaintiff Aaron Rich*

## INTRODUCTION

On July 31, 2019, the Court ordered Defendant Edward Butowsky to produce documents in response to Plaintiff Aaron Rich's discovery requests. Defendant Butowsky has not complied with that Order, and his production of documents remains woefully deficient five months later. By this Motion, Plaintiff respectfully asks the Court to enforce its Order and enter appropriate sanctions against Defendant Butowsky for failing to heed it.

## BACKGROUND

Plaintiff filed this lawsuit in March 2018. Dkt. 3. The Court denied Defendant Butowsky's motion to dismiss or transfer the case on March 29, 2019. *See* 3/29/19 Minute Order. On April 22, 2019, Plaintiff served his First Set of Requests for Production of Documents ("First RFP") on Defendant Butowsky. *See* Dkt. 63-1. Defendant Butowsky did not respond to the First RFP by his May 22, 2019 deadline to do so. *See* Fed. R. Civ. Pr. 34(b)(2)(A). Nor did Defendant Butowsky subsequently respond to the First RFP, notwithstanding repeated correspondence from Plaintiff's counsel requesting that he do so. *See, e.g.*, Dkt. 63-2. On June 13, 2019, Plaintiff filed a Motion to Compel Defendant Butowsky's response to the First RFP. *See* Dkt. 63. On July 31, 2019, the Court granted Plaintiff's Motion to Compel and ordered Defendant Butowsky to respond to Plaintiff's discovery requests within 21 days. *See* Dkt. 75 at 5:11–12.

During its July 31, 2019 status conference, the Court instructed the parties to submit a proposed Scheduling Order. The parties did so on August 16, 2019, Dkt. 77, and the Court entered the Scheduling Order on September 5, 2019, Dkt. 80. By the parties' stipulation, the Scheduling Order sets January 27, 2020, as the close of fact discovery.

In August 2019, Defendant Butowsky's counsel served Plaintiff's counsel with 525 documents, followed by 11 documents in September 2019. *See* Declaration of Meryl Governski

1

("Governski Decl.") Exs. 1, 2.[1]  Defendant Butowsky's production of documents was wholly

inadequate, as detailed in correspondence from Plaintiff's counsel to Defendant Butowsky's

counsel, incorporated herein by reference.  *See* Governski Decl. Ex. 3.  For example, Defendant

Butowsky did not produce audio recordings, phone records, social media information, video

recordings (beyond a few selective snapshots of messages incidentally attached to some emails),

messaging on platforms that Defendant Butowsky is known to have used (such as Signal, proton

mail, and gizmo), or emails from accounts other than a limited and plainly deficient production

from one Gmail account.  *See* Governski Decl. Ex. 3 at 23-26, 36.  Defendant Butowsky also failed

to produce responsive communications between himself and third parties, as evident from those

third parties' productions in response to subpoenas in this case.  *See id.* at 22, 45; *see also*

*Escamilla v. Nuyen*, 2015 WL 4245868, at *3 (D.D.C. July 14, 2015) (party must supplement

---

[1]  Defendant Butowsky has been represented on and off by numerous counsel since this lawsuit
was first filed in March 2018.  From May 17, 2018, to June 26, 2018, Defendant Butowsky was
represented by Ty Clevenger and Kenneth A. Martin.  *See* Dkt. 20; Dkt. 32; Dkt. 37. On June 26,
2018, Mr. Clevenger withdrew his motion to appear *pro hac vice* after a federal court in New York
denied a similar motion there, citing Mr. Clevenger's conduct.  *See* Dkt. 21; Dkt. 24; Dkt. 31; Dkt.
32.  On August 27, 2018, Mr. Martin filed a motion to withdraw as counsel, citing "irreconcilable
differences" with Mr. Butowsky, Dkt. 37, and the Court granted that motion in a Minute Order
dated September 4, 2018.  From September 2018 until July 2019, Mr. Butowsky chose to proceed
*pro se*.  Beginning on July 9, 2019, Mr. Butowsky was represented by Philip Harvey; however, on
October 11, 2019, Mr. Harvey filed a motion to withdraw, citing "irreconcilable differences" with
Mr. Butowsky. Dkt. 66; Dkt 82.  Plaintiff opposed Mr. Harvey's withdrawal and notified the Court
that Plaintiff was concerned that it would exacerbate Defendant Butowsky's ongoing refusal to
cooperate with discovery, as has proven to be the case.  *See* Dkt. 85.  On November 13, 2019, Eden
Quainton entered a notice of appearance on behalf of Defendant Butowsky, *see* Dkt. 92, which
was about a week after he entered a notice of appearance on behalf of Defendant Matthew Couch,
*see* Dkt. 90, whom Mr. Quainton had been advising since August 2019, *see, e.g.* Dkt. 76.
Defendant Butowsky is not indigent.  He has the resources to retain counsel and has been
represented without interruption by counsel in other active litigation in which he is involved,
including the litigation in which he has sued Plaintiff's counsel.  *See Butowsky v. Gottlieb et al.*,
2019-cv-000180 (E.D. Tex.) ("Texas Lawsuit"); *see also Butowsky v. Folkenflik, et al.*, 2018-cv-
000442 (E.D. Tex.).  Defendant Butowsky's refusal or inability to retain suitable counsel in this
matter does not excuse him from complying with his discovery obligations and the Court's Order.

production "'if the party learns that in some material respect' the response is incorrect or incomplete") (quoting Fed. R. Civ. P. 26). And while Defendant Butowsky appears to have withheld significant numbers of documents based on claims of privilege, he failed to disclose that fact to Plaintiff and, to date, has not provided any kind of a privilege log.

From August through November 2019, Plaintiff's counsel attempted to secure Defendant Butowsky's compliance with his discovery obligations and this Court's July 31 order. *See generally, e.g.*, Governski Decl. Ex. 3. Finally, on November 22, 2019, Defendant's counsel committed in writing to complete Defendant Butowsky's document production, including a privilege log, by Christmas 2019. *See* Governski Decl. Ex. 4 at 1 (11/23/19 1:56 p.m. Email from E. Quainton to J. Riley ("***I can also confirm the dates and deliverables for document production with respect to Mr. Butowsky as set forth in your email***.") (emphasis added)); *see also id.* at 2 (11/23/19 1:14 p.m. Email from J. Riley to E. Quainton ("We all expect that Mr. Butowsky will provide a complete document production by Christmas at the latest.")); Governski Decl. Ex. 5 at 1 (12/2/2019 9:30 p.m. Email from E. Quainton to J. Riley ("I don't feel comfortable giving you a date certain other than ***before Christmas (December 23rd)***") (emphasis added)). In reliance on Defendant Butowsky's counsel's commitment to complete Defendant Butowsky's document production by Christmas, Plaintiff's counsel granted Defendant Butowsky's request for an extension to respond to written discovery and withheld filing this Motion. *See, e.g.*, Governski Decl. Ex. 4 at 2 ("Plaintiff has agreed to extend, to 12/6, the deadline for Mr. Butowsky to respond to Plaintiff's Second Set of Interrogatories. We have done so in reliance on the following commitments from you . . . .").[2]

---

[2] On December 1, 2019, Plaintiff's counsel provided Defendant Butowsky's counsel with search terms to use to locate potentially responsive documents, as Defendant Butowsky's counsel previously rejected Plaintiff's counsel's invitation for Defendant Butowsky to propose search

On December 23, 2019—the date on which Defendant's counsel had committed to complete Defendant Butowsky's document production—Defendant's counsel sent Plaintiff's counsel an email stating that Defendant would not fulfill his commitment after all and was not in a position to produce documents. *See* Governski Decl. Ex. 7. Defendant's counsel's email came without any prior indication that Defendant Butowsky would be unable to complete his document production by Christmas, as promised. Defendant's counsel reported that he had located *more than six thousand potentially responsive documents* that had not yet been produced, and he reported that Defendant's counsel had *not yet even searched* a number of Defendant Butowsky's devices and accounts. *Id.* As of the date of this filing, and with one exception,[3] Defendant Butowsky has not produced a single document since his clearly deficient production in August/September, thereby necessitating this Motion.

While Defendant Butowsky has refused to respond to Plaintiff's discovery requests, he continues to litigate his frivolous lawsuit as a plaintiff against Plaintiff's counsel in federal court in Texas.[4] He also actively has pursued his own discovery in this case, having served on Plaintiff

---

terms. *See* Governski Decl. Ex. 3 at 45 ("In addition to requesting that Mr. Butowsky comply with the Court's order by producing *all* responsive materials in his custody and control, we request that Mr. Butowsky provide us a detailed accounting of his process, including but not limited to: (1) all search terms he used; (2) the accounts and platforms he searched (e.g. email addresses; Social Media accounts; cell phones; applications); and (3) the specific way he performed each search."); Governski Decl. Ex. 6 at 2, 5-6 (providing search terms).

[3] Defendant Butowsky recently produced one audio file—but only once Plaintiff's counsel became aware of its existence and demanded its production after Defendant Butowsky posted it publicly on his Twitter feed.

[4] Defendant Butowsky has continued to prosecute his lawsuit against certain of Plaintiff's counsel despite this Court notifying Mr. Harvey on July 31, 2019, that it "would strongly recommend that you talk to your client, while proceeding on this track here, the wisdom of agreeing to the motion to dismiss the suit against the lawyers for Boies Schiller down there." Dkt. 75 at 21:19-23. Instead of heeding the Court's "strong[ ] recommend[ation]" and dismissing the Texas litigation, Defendant Butowsky filed an amended complaint in Texas on the same day as the July 31, 2019, status conference in this case. *See* Texas Lawsuit Dkt. 101. Plaintiff's counsel have filed a renewed motion to dismiss, which has been fully briefed since September 5, 2019, as well as a

16 interrogatories, 30 requests for production of documents, and 26 requests for admission.  *See*

Governski Decl. ¶ 3.[5]  Plaintiff has responded to all of those discovery requests by the deadlines

for doing so and never once has requested an extension from Defendant or this Court.  *See*

Governski Decl. ¶ 4.  Plaintiff's counsel has expended significant time and resources collecting,

reviewing, and producing documents in response to Defendants' discovery requests, including by

reviewing close to 12,000 documents and producing 1,278 documents totaling 2,245 pages.

Governski Decl. ¶ 5.

## STANDARD OF REVIEW

Where, as here, a court has entered an order granting a motion to compel discovery, Rule

37(a) provides that "the court *must*, after giving an opportunity to be heard, require the party or

deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or

both to pay the movant's reasonable expenses incurred in making the motion, including attorney's

fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the

disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or

objection was substantially justified; or (iii) other circumstances make an award of expenses

unjust."  Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

---

Rule 11 motion, which has been fully briefed since November 5, 2019.  *See* Texas Lawsuit Dkt. 104-05, 115, 128-29 156; Dkt. 172; Dkt. 176.  Plaintiff's motion for an anti-suit injunction enjoining Defendant Butowsky from pressing the Texas Lawsuit remains pending before this Court.  *See* Dkt. 52.  Meanwhile, Defendant Butowsky has filed new lawsuits relating to the same subject matter as before this Court.  *See, e.g., Butowsky v. Democratic National Committee et al.*, Dkt. 19-cv-00582 (E.D. Tex) (filed August 1, 2019; dismissed voluntarily without prejudice December 20, 2019); *Butowsky v. Wigdor et al*, Dkt. 19-cv-00577 (E.D. Tex.) (filed July 31, 2019).

[5]  Defendant Butowsky served his first Interrogatories on October 4, 2019.  Defendant Butowsky served his second Interrogatories, first Requests for Production, and first Requests for Admission on November 6, 2019.

In addition, where, as here, a court enters an order granting a motion to compel discovery and the responding party thereafter fails to obey that order, "the court where the action is pending may issue further just orders," including orders "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims", "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence, "rendering a default judgment against the disobedient party," or "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed R. Civ. P. 37(b)(2)(A). The "sanctions enumerated under Rule 37(b)(2)(A) are neither exhaustive nor mutually exclusive," and "the Court may impose any number or type of sanctions it deems necessary." *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 225 n.15 (D.D.C. 2015) (Leon, *J.*); *see also Davis v. D.C. Child & Family Servs. Agency*, 304 F.R.D. 51, 60 (D.D.C. 2014).

## ARGUMENT

Defendant Butowsky has had *eight months* to collect and produce documents in response to Plaintiff's First RFP, and he has been under this Court's Order to do so for *five months*. Defendant Butowksy has flouted his discovery obligations under the Federal Rules, the rules of this Court, and this Court's July 31 Order. Defendant Butowsky has engaged in a months-long campaign of delay in which he has repeatedly offered excuses for what appears to be willful noncompliance—and those excuses appear utterly frivolous in light of his ability to serve discovery on Plaintiff and third parties in this litigation, and his active pursuit of frivolous lawsuits against Plaintiff's counsel and others in Texas, not to mention his active online presence in which he has posted Tweets and videos about the subject matter of this lawsuit. *See, e.g.*, https://twitter.com/EdButowsky/status/1206940836086321155. Aside from a deficient

production of documents in August/September—which was untimely made only after the Court ordered it and after Defendant Butowsky had waived his right to object—Defendant Butowsky has not produced any document discovery (apart from the aforementioned single audio file he first publicly shared) in this case and now admits that he has not even engaged in a thorough search for, let alone a review of, potentially thousands of responsive documents. Defendant Butowsky's conduct has prejudiced Plaintiff, who has been unable to use Defendant Butowsky's documents to build his case and to examine and identify witnesses. *See Shatsky*, 312 F.R.D. at 227 (D.D.C. 2015).

Given the unique circumstances presented here, including Defendant Butowsky's dilatory conduct throughout the history of this litigation, Plaintiff respectfully requests that the Court afford relief pursuant to Rule 37:

First, the Court should hold Defendant Butowsky in contempt of the Court's July 31 order and should issue penalties accruing against him daily until such time as he has completed his production of documents in response to Plaintiff's discovery requests. *See, e.g.*, *Comm'ns Imp. Exp. S.A. v. Republic of the Congo*, 2017 WL 6626205, at *2 (D.D.C. Mar. 31, 2017) (Leon, *J.*) (holding defendant in contempt for failure to comply with this Court's order granting motion to compel discovery responses and entering an order to show cause for why defendant should not pay $5,000 per week and doubling up to $80,000 per week until compliance).[6]

---

[6] *See also United States v. Dynamic Visions Inc.*, 2015 WL 350684, at *4 (D.D.C. Jan. 28, 2015) (entering order to show cause for contempt in "light of this continuing and substantial non-compliance with the Court's discovery orders"); *accord Dist. Title v. Warren*, 2018 WL 8798745, at *1 (D.D.C. Aug. 1, 2018) (holding defendant's attorney in "civil contempt for violating clear and unambiguous orders issued by this Court" pertaining to deposition appearance, and imposing a fine of $1,000 per day until compliance).

7

Second, the Court should order Defendant Butowsky to pay Plaintiff's reasonable fees and costs associated with the filing of its motions to compel Defendant Butowsky's compliance with discovery requests, including this Motion. Such sanctions are mandatory under Rule 37(a)(5)(A), and available pursuant to Rule 37(b).[7]

Third, the Court should include in its Order a finding that Defendant Butowsky has waived all objections that he otherwise might have asserted over documents. *See* Fed. R. Civ. P. 34(b)(2) ("The party to whom the request is directed must respond in writing within 30 days after being served . . . . the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request . . . ."); *Byrd* v. *Reno*, 1998 WL 429676, at *8 (D.D.C. Feb. 12, 1998) ("[T]he federal courts have held that a failure to file an objection to a request for production of documents may be deemed a waiver.").

Fourth, the Court should make clear that Defendant Butowsky is precluded from relying on any document, or any testimony relevant to such document, that he has not produced. *See, e.g.*, *McNair v. Dist. of Columbia*, 325 F.R.D. 20, 22 (D.D.C. 2018) (barring party from "using at summary judgment or at trial any document" not disclosed); *Shatsky*, 312 F.R.D. at 229 (D.D.C. 2015) (Leon, *J.*) (precluding offending party from relying on documents "untimely produced in this litigation").

---

[7] *See, e.g.*, *DL v. Dist. of Columbia*, 251 F.R.D. 38, 49 (D.D.C. 2008) (the language of Rule 37(a)(5)(A) "itself is mandatory, dictating that the Court must award expenses upon granting a motion to compel disclosure unless one of the specified bases for refusing to make such an award is found to exist") (internal quotation marks omitted). None of the enumerated exceptions to that rule applies here. Plaintiff filed his motions only after "attempting in good faith to obtain the disclosure or discovery without court action", Defendant Butowsky's "nondisclosure, response, or objection" has not been "substantially justified", and there are no "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i), (ii) (iii).

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/13/20 Page 11 of 96 PageID #:
2289
Case 1:18-cv-00681-RJL Document 93 Filed 12/30/19 Page 10 of 21

Finally, Plaintiff notes that Defendant Butowsky's deposition is scheduled for January 16, 2020. Plaintiff reserves his right to seek additional deposition time with Defendant Butowsky, at Defendant Butowsky's expense, for questioning relevant to documents that Defendant Butowsky has not produced as of the date of the filing of this Motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and enter the accompanying Proposed Order.[8]

Dated: December 30, 2019

/s/ _Joshua P. Riley_____
JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1442 / Fax: (202) 303-2000
mgottlieb@willkie.com

***Attorneys for Plaintiff Aaron Rich***

---

[8] Pursuant to Local Rule 7(m), Plaintiff's counsel certifies that it attempted to meet and confer with Defendant Butowsky's counsel to try to avoid this Motion, and Plaintiff's counsel understands that Defendant Butowsky will oppose this Motion.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on December 30, 2019, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Defendant Edward Butowsky and Matthew Couch. A courtesy copy of the foregoing document also was emailed to their counsel, Eden Quainton, at equainton@gmail.com. Mr. Quainton has agreed to convey served and filed documents to Defendant America First Media through Defendant Couch as necessary.

Dated: December 30, 2019

/s/ _Joshua P. Riley_____
JOSHUA P. RILEY (D.C. Bar No. 1026900)
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW, Washington DC 20005
Tel: (202) 237-2727 / Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/13/20 Page 12 of 96 PageID #:
Case 1:18-cv-00681-RJL Document 93-1 Filed 12/30/19 Page 2 of 3
2291

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH | |
| Plaintiff, | |
| v. | Civil Action No. 1:18-cv-00681-RJL |
| | Hon. Richard J. Leon |
| EDWARD BUTOWSKY, | |
| MATTHEW COUCH, and | |
| AMERICA FIRST MEDIA | |
| Defendants. | |

## DECLARATION OF MERYL C. GOVERNSKI
## IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS AGAINST
## DEFENDANT BUTOWSKY

MERYL C. GOVERNSKI, pursuant to 28 U.S.C. § 1746, states as follows:

1. I am an associate with the law firm Boies Schiller Flexner LLP. I am counsel for Aaron Rich, Plaintiff in the above-captioned action. I am fully familiar with the facts of this case based on personal knowledge, information provided to me in my official capacity and counsel, and my review of documents and pleadings in this case. I submit this Declaration to put before the Court certain information and documents relevant to the above-referenced Motion.

2. I have been intimately involved with discovery in this above-captioned case, including serving discovery on Defendant Butowsky, and in responding to Defendant Butowsky's discovery requests.

3. I am aware that Defendant Butowsky has served on Plaintiff 16 interrogatories, 30 requests for production of documents, and 26 requests for admission.

4. I am further aware that Plaintiff has timely responded to all of Defendant Butowsky's

discovery requests. Plaintiff has never requested an extension from Defendant Butowsky or this Court in order to timely comply with Defendant Butowsky's discovery requests.

5. Plaintiff's counsel has collected and reviewed close to 12,000 documents and produced 1,278 documents totaling 2,245 pages in response to Defendant Butowsky's discovery requests.

6. Attached as Exhibit 1 to this Declaration is a true and correct copy of email correspondence dated August 21, 2019, sent from Paris Sorrell to Mike Gottlieb, Meryl Governski, Joshua Riley, Matthew Couch, Philip Harvey, and Dawn Fox, with the subject line: *Rich v. Butowsky – document production link*.

7. Attached as Exhibit 2 to this Declaration is a true and correct copy of email correspondence dated September 13, 2019, sent from Paris Sorrell to Philip Harvey, Meryl Governski, Michael Gottlieb, Joshua Riley, Matthew Couch, and Dawn Fox, with the subject line: *Rich v. Butowsky – link to second document production*.

8. Attached as Exhibit 3 to this Declaration is a true and correct copy of email correspondence dated November 14, 2019, sent from Joshua Riley to Eden Quainton, copying Meryl Governski, Michael Gottlieb, and Sam Hall, with the subject line: *Rich v. Butowsky / Butowsky Discovery Responses*, attaching a collection of discovery correspondence from Plaintiff's counsel to Defendant Butowsky and his former counsel.

9. Attached as Exhibit 4 to this Declaration is a true and correct copy of email correspondence dated November 23, 2019, from Eden Quainton to Joshua Riley copying Michael Gottlieb, Meryl Governski, and Erica Spevack, with subject line: *Re: Rich v. Butowsky*.

10. Attached as Exhibit 5 to this Declaration is a true and correct copy of email

correspondence dated December 2, 2019, from Eden Quainton to Joshua Riley, Meryl Governski, Michael Gottlieb, and Sam Hall, with subject line: *Re: Rich v. Butowsky et al*.

11. Attached as Exhibit 6 to this Declaration is a true and correct copy of email correspondence dated December 1, 2019, from Joshua Riley to Eden Quainton, copying Michael Gottlieb, Meryl Governski, and Sam Hall, with subject line: *RE: Rich v. Butowsky et al*, with attachment: *2019-12-01 Search Terms for E. Butowsky List.docx*.

12. Attached as Exhibit 7 to this Declaration is a true and correct copy of email correspondence dated December 23, 2019, from Eden Quainton to Joshua Riley copying Michael Gottlieb, Meryl Governski, and Sam Hall, with subject line: *Rich v. Butowsky -- Production*.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Executed this 30th day of December 2019.

/s/ Meryl C. Governski
MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW
Washington, DC 20005
Tel: (202) 237-2727; Fax: (202) 237-6131
mgovernski@bsfllp.com

# EXHIBIT 1

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/13/20 Page 17 of 96 PageID #:
2295
Case 1:18-cv-00681-RJL Document 93-2 Filed 12/30/19 Page 2 of 2

| From: | Paris Sorrell |
|---|---|
| To: | MGottlieb@willkie.com; Meryl Governski; Joshua Riley; mattcouch@af-mg.com; Philip Harvey; Dawn Fox |
| Subject: | Rich v. Butowsky - document production link |
| Date: | Wednesday, August 21, 2019 7:44:06 PM |
| Attachments: | Butowsky - Privilege Log 8.21.19.xlsx |

All,

Below is a link to Mr. Butowsky's first document production (Butowsky 0000001 - Butowsky 0001308):

https://www.ediscoveryplatform.com/DownloadProduction.aspx?SharedId=52274c0f-f6e5-47cd-9430-698d330d288b

The password to download the link is: wahoowa

This link is set to expire on August 28, 2019. If you need access after that date, please contact us. Please note that if you use a Mac, you may need to download The Unarchiver to unzip the file.

I also attach a privilege log for the production.

Please let us know if you have any trouble accessing the files.

Thanks,
Paris

--

Paris R. Sorrell
Harvey & Binnall, PLLC
717 King Street
Suite 300
Alexandria, VA 22314
(703) 888-1943
(703) 888-1930 (fax)
psorrell@harveybinnall.com

# EXHIBIT 2

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/13/20 Page 19 of 96 PageID #:
Case 1:18-cv-00681-RJL Document 93-3 Filed 12/30/19 Page 2 of 2
2297

| From: | Paris Sorrell |
|---|---|
| To: | Philip Harvey; Meryl Governski; Gottlieb, Michael; Joshua Riley; mattcouch@af-mg.com; Dawn Fox |
| Subject: | Rich v. Butowsky - link to second document production |
| Date: | Friday, September 13, 2019 2:32:49 PM |
| Attachments: | Butowsky - Priv Log for 9.13.19 Production.xlsx |

All,

Below is a link to Mr. Butowsky's second document production (Butowsky 0001315 - Butowsky 0001428).

Link:
 https://www.ediscoveryplatform.com/DownloadProduction.aspx?SharedId=f47b76be-d8d0-4d30-b244-46daa077f526

The password to download the link is: wahoowa

The link is set to expire on September 20, 2019. If you need access after that date, please contact us. Please note that if you use a Mac, you may need to download The Unarchiver to unzip the file.

I also attach a privilege log for the production.

Please let us know if you have any trouble accessing the files.

Thanks,
Paris


--

    Paris R. Sorrell
    Harvey & Binnall, PLLC
    717 King Street
    Suite 300
    Alexandria, VA 22314
    (703) 888-1943
    (703) 888-1930 (fax)
    psorrell@harveybinnall.com

# EXHIBIT 3

| From: | Joshua Riley |
|---|---|
| To: | Eden Quainton |
| Cc: | Meryl Governski; Michael Gottlieb; Sam Hall |
| Subject: | Rich v. Butowsky / Butowsky Discovery Responses |
| Date: | Thursday, November 14, 2019 10:28:00 AM |
| Attachments: | RE_ Rich v. Butowsky et al., RFAs and Deposition Schedule.pdf |
| | Rich Response to Butowsky Interrogatory.pdf |
| | Rich Response to Butowsky RFP.PDF |
| | 2019.10.11 S. Hall to P. Harvey.pdf |
| | 2019-10-02 Governski Ltr to Sorrell Re Butowsky Production.pdf |

Mr. Quainton,

We understand that you now are representing Mr. Butowsky in the above-referenced matter. As explained in the attached correspondence, Mr. Butowsky is in violation of the Court's July 31 order granting Plaintiff's motion to compel Mr. Butowsky's responses to Plaintiff's First RFP and First Set of Interrogatories. Because Mr. Butowsky has not responded to any of our multiple attempts to meet-and-confer about the deficiencies in his productions, much less committed to resolving them, we are in the process of preparing a Rule 37 motion for filing by November 18, which is the deadline we provided Mr. Butowsky to resolve these matters. Now that you have appeared as Mr. Butowsky's counsel, please let us know times when you are available today or tomorrow to discuss these issues so we can try to avoid motions practice. The deficiencies and delays in Mr. Butowsky's discovery responses are unacceptable, and they have persisted for too long; we either need clear commitments as to how and when they will be addressed or we will need to seek assistance from the Court. We're committed to working cooperatively with you to avoid the latter.

~Josh

**Joshua Riley**
Partner

**BOIES SCHILLER FLEXNER LLP**

1401 New York Avenue, N.W.
Washington, DC 20005
(t)  202 237.2727
jriley@bsfllp.com
www.bsfllp.com

| | |
|---|---|
| **From:** | Joshua Riley |
| **To:** | ebutowsky@gmail.com |
| **Cc:** | "Hall, Samuel" |
| **Subject:** | RE: Rich v. Butowsky et al., RFAs and Deposition Schedule |
| **Date:** | Tuesday, November 12, 2019 4:26:56 PM |
| **Attachments:** | 2019.11.12 Notice of Deposition (Butowsky).pdf |

Mr. Butowsky,

I attach and hereby serve a notice for your deposition.

We still have not received from you the information the Court ordered you to produce in response to Plaintiff's First Request for Production of Documents and Plaintiff's First Set of Interrogatories. You have not produced that information to us despite our multiple emails and letters to you—including those of September 13, October 17, October 30, and November 4—requesting that you comply with the Court's order and produce the information. If you do not comply fully with your discovery obligations before your deposition, we will reserve the right to hold your deposition open or to re-depose you upon satisfaction of your discovery obligations.

~Josh

**Joshua Riley**
Partner

**BOIES SCHILLER FLEXNER** LLP
1401 New York Avenue, N.W.
Washington, DC 20005
(t)   202 237.2727
jriley@bsfllp.com
www.bsfllp.com

**From:** Hall, Samuel [mailto:SHall@willkie.com]
**Sent:** Monday, November 4, 2019 2:55 PM
**To:** ebutowsky@gmail.com
**Cc:** Joshua Riley <jriley@bsfllp.com>
**Subject:** RE: Rich v. Butowsky et al., RFAs and Deposition Schedule

Mr. Butowsky,

We are writing once more to follow up on our request that you (1) provide potential deposition dates and locations that will work with your schedule, and (2) remedy the deficiencies in your existing discovery responses that we detailed in our previous letters to you and your prior counsel. We attach those letters again here for your convenience.

This is our third request for this information, and thus far, we have not received any response. If we do not hear from you by this Friday, November 8, regarding deposition dates and locations, we will issue a deposition notice with a date and location of our choosing. In addition, we ask that you remedy the deficiencies detailed in the attached letters by Monday, November 18, 2019. We reserve the right to seek sanctions pursuant to Rule 37 related to your ongoing refusal to participate

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/13/20 Page 23 of 96 PageID #:
2301
Case 1:18-cv-00681-RJL Document 98-4 Filed 12/30/19 Page 4 of 48

in discovery.

Regards,

**Samuel Hall**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1443 | Fax: +1 202 303 2443
shall@willkie.com | vCard | www.willkie.com bio

**From:** Hall, Samuel
**Sent:** Wednesday, October 30, 2019 8:04 PM
**To:** ebutowsky@gmail.com
**Cc:** 'Philip Harvey' <pharvey@harveybinnall.com>; Joshua Riley <jriley@bsfllp.com>
**Subject:** RE: Rich v. Butowsky et al., RFAs and Deposition Schedule

Mr. Butowsky,

We have not received any response to our email below—sent just under two weeks ago—regarding dates for a deposition in the above-referenced litigation and deficiencies in your production and interrogatory responses.  We are again asking that you provide available dates and a preferred location (assuming that will be in Texas) for your deposition so that we may proceed with discovery.

We will reiterate that Mr. Rich reserves the right to seek all remedies, including sanctions pursuant to Rule 37 and additional or extended depositions, related to your continued refusal to meaningfully participate in this matter.  Given that discovery closes in less than three months, we will soon be forced to seek relief from the Court if we do not hear from you.

Regards,

**Samuel Hall**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1443 | Fax: +1 202 303 2443
shall@willkie.com | vCard | www.willkie.com bio

**From:** Hall, Samuel
**Sent:** Thursday, October 17, 2019 5:12 PM
**To:** ebutowsky@gmail.com
**Cc:** 'Philip Harvey' <pharvey@harveybinnall.com>; Joshua Riley <jriley@bsfllp.com>
**Subject:** Rich v. Butowsky et al., RFAs and Deposition Schedule

Mr. Butowsky,

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/12/20 Page 24 of 96 PageID #:
2302
Case 4:18-cv-00681-RJL Document 98-4 Filed 12/30/19 Page 5 of 48

We are emailing you, cc'ing Mr. Harvey, because the Court has granted his motion to withdraw as your attorney but we now have a pending motion for reconsideration of that order. We intend to continue to copy Mr. Harvey on correspondence with you until we have received a ruling on our motion or until suitable replacement counsel has entered an appearance on your behalf. That said, please advise if you have appointed new representation in this matter with whom we can confer on these and other outstanding and future issues.

I attach discovery requests dated today, seeking responses to requests for admission pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure. These requests are due within thirty days of service.

In addition, we would like to notice your deposition for a date in **mid-January** prior to the close of discovery. **Please promptly provide available dates and preferred location (assuming that will be in Texas).**

Because discovery closes in three months, we are noticing this deposition based on the expectation that you will make a good faith effort to engage in discovery. To date, your production and interrogatory responses have been wholly deficient (and in the case of some of your interrogatory answers demonstrably false) for all of the reasons we have articulated in a number of communications with Mr. Harvey. Please confirm that you are in possession of those communications and are working to address the inadequacies articulated therein. Mr. Rich reserves the right to seek all remedies, including to seek sanctions pursuant to Rule 37, keep the deposition open and/or request a second deposition, related to your continued obfuscation of your discovery obligations.

Finally, we are in receipt of the first set of interrogatories that Mr. Harvey served on October 7. Because you asked for material that squarely qualifies as Highly Confidential–Attorney's Eyes Only pursuant to the Protective Order in the case, we will serve you with answers that redact that type of information. As soon as you appoint counsel that has entered an appearance in the case, we will provide that attorney with an unredacted version.

Regards,


**Samuel Hall**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1443 | Fax: +1 202 303 2443
shall@willkie.com | vCard | www.willkie.com bio

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/12/20 Page 25 of 96 PageID #:
Case 1:18-cv-00681-RJL Document 98-4 Filed 12/30/19 Page 6 of 48
2303

United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.



September 13, 2019

**VIA EMAIL**
Paris R. Sorrell
Harvey & Binnall, PLC
717 King Street, Suite 300
Alexandria, Virginia 22314
psorrell@harveybinnall.com

Re:     ***Aaron Rich v. Butowsky, et al.*** **(United States District Court for the District of Columbia)**

Ms. Sorrell:

     I am writing to address Defendant Butowsky's answers (hereinafter, "Answers") to Plaintiff Aaron Rich's First Set Of Interrogatories ("Interrogatories"), which you have signed and Mr. Butowsky has signed subject to the penalty of perjury. Mr. Rich reserves all rights to challenge the Answers' sufficiency and to seek remedies available under the law, including pursuant to Rule 37 and the terms of the parties' ESI stipulation, Dkt. 36. Mr. Rich also reserves the right to raise additional disputes concerning deficiencies with the Answers not discussed herein.

     Mr. Butowsky is under a Court order to fully respond to the First Interrogatories, but his Answers are incomplete, evasive, and, in a number of instances, demonstrably false. In other words, he has failed to comply with the Court's Order or with the local rules, and Mr. Rich reserves the right to recover fees and seek sanctions, including to preclude Mr. Butowsky from using any evidence not disclosed. *See* Rule 37 ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond" and court "may issue further just orders" including sanctions where party "fails to obey an order"); *McNair v. D.C.*, 325 F.R.D. 20, 22 (D.D.C. 2018) (barring Plaintiff from using documents not disclosed during discovery because she "provided incomplete interrogatory answers and no records"); *Escamilla v. Nuyen*, No. 14-CV-00852-AK, 2015 WL 4245868, at *5 (D.D.C. July 14, 2015) ("Responses must be 'true, explicit, responsive, complete, and candid'"); *Lebron v. Powell*, 217 F.R.D. 72, 76 (D.D.C. 2003) (party and counsel have a duty to examine documents and make sure they do not make any "discovery responses to interrogatories or answers incomplete or incorrect"); *Bradshaw v. Vilsack*, 286 F.R.D. 133, 137 (D.D.C. 2012) (sanctions in part based on "interrogatory responses were blank, incomplete, or non-responsive"); *Equal Rights Ctr. v. Post Properties, Inc.*, 246 F.R.D. 29, 33, 2007 WL 3033866 (D.D.C. 2007) (answer that is "inadequate, vague, cryptic, evasive, and completely lacking in the candid disclosure required of



Edward Butowsky
September 13, 2019

the parties" fails to "completely and fully address the question asked of it").[1] This letter incorporates Mr. Rich's response to Mr. Butowsky's production (hereinafter "Production") in response to the First Set Of Requests for Production of Documents ("First RFP"), which counsel separately sent via email on the same date as this response (hereinafter, "Letter Responding to Production").

As an initial matter, Mr. Butowksy waived his right to object to the First Interrogatories. *See* Rule 33(b)(4) ("Any ground not stated in a timely objection is waived"); *Byrd v. Reno*, No. CIV.A.96-2375CKK JMF, 1998 WL 429676, at *4 (D.D.C. Feb. 12, 1998) ("objections as to burdensomeness, attorney-client or attorney work-product privilege, vagueness or overbreadth are waived" where "not timely asserted"); *see also Escamilla v. Nuyen*, No. 14-CV-00852-AK, 2015 WL 4245868, at *5 (D.D.C. July 14, 2015); *Fonville v. D.C.*, 230 F.R.D. 38, 42 (D.D.C. 2005). Mr. Rich, through undersigned counsel, served the First Interrogatories on Defendant Butowsky on June 4, 2019, with his response due no later than July 5, 2019. *See* Dkt. 68-1; Fed. R. Civ. P. 33(b)(2). Mr. Butowsky did not respond to the First Interrogatories by the deadline, which necessitated Mr. Rich's counsel to unsuccessfully seek voluntary compliance, Dkt. 68-2, before filing a motion to compel on July 9, 2019, Dkt. 68. Mr. Butowsky never filed an opposition to Mr. Rich's motion to compel. Despite having long waived any objection to the First Interrogatories, Mr. Butowsky served belated objections ("Objections") on July 23, 2019. July 23, 2019, email from D. Fox to J. Riley, M. Governski, M. Gottlieb, cc'ing P. Harvey, P. Sorrell, *Rich v. Butowsky et al*. On July 31, 2019, the Court granted Mr. Rich's motion to compel. 7/31/19 Minute Order; Dkt. 75. On August 21, 2019, Mr. Butowsky served his Answers. Despite the fact that Defendant Butowsky waived his right to object to the First Interrogatories, Mr. Rich addresses those Objections *infra*. Generally, those objections lack both merit and the specificity to which Mr. Rich is entitled as a matter of law. Rule 33(b)(4); *Equal Rights Ctr.*, 246 F.R.D. at 35.

Relatedly, and as discussed in specific detail below and generally in Mr. Rich's Letter Responding to Production, Mr. Rich's Request for Production No. 11 asks for: "All Documents and Communications relating to any of Your responses to any discovery, including interrogatories and requests for admission, served upon or that will be served upon You in the above-captioned matter." Mr. Butowsky's Production does not appear to include materials that relate to a number of the responses to interrogatories. Mr. Butowsky must either specifically confirm that no such material exists on a response-by-response basis, supplement his Production to include those materials, or be prohibited from relying on that material for his defense. *See Payne v. D.C.*, 741 F. Supp. 2d 196, 222 (D.D.C. 2010), *aff'd sub nom. Payne v. D.C. Gov't*, 722 F.3d 345 (D.C. Cir. 2013) ("failure to produce evidence in discovery generally requires exclusion of that evidence from the Court's consideration"); *Covad Commc'ns Co. v. Revonet, Inc.*, 258 F.R.D. 17, 20, 2009 WL 1515671 (D.D.C. 2009) (requesting party has the "right to hear" what opposing party "intends to use" and if the latter "does not have any such information"

---

[1] Mr. Rich address some, but not all, of the demonstrably false statements in Mr. Butowsky's Answers and reserves the right to seek all legal remedies available for submitting and signing false interrogatory answers.



then the former "is entitled to know that as well"); *Fonville*, 230 F.R.D. at 45 ("If defendant has, in fact, produced all available communications, defendant should supplement its responses to reflect this fact.")

## I.   INTERROGATORY NO. 1

> Describe in detail all Communications You have had regarding the Rich Family, including but not limited to: when each such Communication occurred; if in person, where each such Communication occurred; if not in person, by what methods each such Communication occurred; how and by whom each such Communication was initiated; and what was said by whom during each such Communication. For avoidance of doubt, Your answer to this Interrogatory shall include details with respect to: the first Communication You had with the Rich family as described in the Complaint in paragraphs 5, 27; any and all Communication You had with Rod Wheeler as described in the Complaint in paragraphs 28, 31; any and all Communication You had with Malia Zimmerman or any individual employed by or affiliated with Fox News as described in the Complaint in paragraphs 28-30; any and all Communication you had with Cassandra Fairbanks as described in the Complaint in paragraphs 32, 81-82; any and all Communications You had with Couch or any member of AFM, including as described in the Complaint in paragraphs 6, 34, 39-43; Communications related to the publication and/or retraction of The Washington Times article as described in the Complaint in paragraphs 9, 70-75; and Communications about the letter Mr. Rich sent to You personally ("Mr. Rich's Letter"), including as described in the Complaint in paragraphs 8, 64-69.

### a.   Plaintiff's Response To Mr. Butowsky's Answer To Interrogatory No. 1

Mr. Butowsky's Answer to Interrogatory No. 1 is deficient and contrary to the local rules, including because it incomplete.  It is *necessary* but not *sufficient* to detail the Communications that the Interrogatory specifically references, yet those are the only Communications that Mr. Butowsky addresses.   The Answer to Interrogatory No. 1 does not describe *any other Communications regarding the Rich family*, even though documents overwhelmingly show, including in Mr. Butowsky's own Production, that he had many additional conversations about the Rich family with many additional people.  The answer also flatly contradicts Mr. Butowsky's Answer to Interrogatory No. 2, to which he claims (for the first time ever) ███████████

███████████████████████  The Answer is deficient as to those Communications it does address because it does not provide even the most fundamental details, including the location or dates, or describe the content of the conversations.  *See Antoine v. J.P. Morgan Chase Bank*, No. 108CV00615HHKAK, 2009 WL 10694779, at \*3 (D.D.C. June 26, 2009).  As discussed below, the Answer also includes demonstrably false statements.  *See Lebron*, 217 at 76 ("the most fundamental responsibility imposed upon a party engaged in discovery: to provide honest, truthful answers in the first place and to supplement or correct a previous disclosure when a party learns that its earlier disclosure was incomplete or incorrect.").



*i. Answer Excerpts re communications with the Riches*





Edward Butowsky
September 13, 2019



**Plaintiff's Response:**

      The Answer is incomplete. Mr. Butowsky knows, or should know, that he has engaged in additional communications with the Rich family directly, such as leaving voice mails, sending private video messages, text messaging, and emailing well past March 2017. In addition to being absent from the Interrogatory, many of those communications are notably absent from his Production despite being responsive to multiple RFPs. *See, e.g.,* RFP No. 1; RFP No. 11; *see also* Letter Responding to Production.

      *ii. Answer Excerpt re Meetings With Mr. Wheeler In Washington*

Case 4:18-cv-00442-ALM-CMC Document 153-4 Filed 01/13/20 Page 31 of 96 PageID #:
2309
Case 1:18-cv-00681-RJL Document 93-4 Filed 12/30/19 Page 12 of 46

**BSF**

**Plaintiff's Response:**

The Answer is incomplete. It describes ████████████████████████████████████
██████████████████████████████████ when the evidence produced in discovery,
including even in Mr. Butowsky's Production, shows that Mr. Butowsky and Mr. Wheeler spoke
extensively throughout 2017 about the Rich Family, including via text messaging, emails, and
video chats. The descriptions ████████████████████████ are deficient. ██

███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
██████████████████████████████

*iii.  Answer Excerpt re Communications with Ms. Zimmerman and FOX*

[black redaction block]

**Plaintiff's Response:**

The Answer is incomplete and non-responsive. The Interrogatory requests Mr. Butowsky
"detail all Communications." Instead, Mr. Butowksy makes generalities and broad references to
background and conversation topics, but fails to describe the many, multiple conversations that
the evidence produced in discovery shows he had with individuals at Fox News, including via
video calls, FaceTime calls, and telephone calls.

*iv.  Answer Excerpt re Communications with Ms. Fairbanks*

[black redaction block]



Edward Butowsky
September 13, 2019



**Plaintiff's Response:**

The Answer is incomplete. The Interrogatory requests Mr. Butowsky "detail all Communications." Instead, the answer refers to only ████████ ████████████ ██████████████████████████████████████████████ ████████████████████████████████████████████. Ms. Fairbanks *flew to Dallas* in March 2018 to interview Mr. Butowsky to *discuss this lawsuit* for a second publication. Cassandra Fairbanks, *Ed Butowsky Sits Down With Gateway Pundit for First Interview After Being Sued by Family in Seth Rich Murder Mystery* (Mar. 19, 2018). As far as the sole

███████████████████████████████████████████████████████████

> v. *Answer Excerpt re Communications with Mr. Couch*

██████████████████████████████████████████████

**Plaintiff's Response:**

The Answer is incomplete and non-responsive. It makes generalities and broad references to background and conversation topics, but fails to describe any of the conversations between Mr. Butowsky and Mr. Couch in any detail as the Interrogatory requests. The Answer █████████████████████████████████████████████████████ but it fails to explain *any* details ████████████████████ including what they, in particular Mr. Butowsky, said. It provides none of the requested details about the one time Mr. Butowsky admits to having met Mr. Couch in person, ostensibly at Mr. Butowsky's house in Texas in September 2017. The Answer is notably deficient when compared with documents produced in discovery that indicate that Mr. Butowsky and Mr. Couch also spoke via Social Media, *see e.g.* ██████████████, and via email, ████████████████████ but the Answer does not address any of those Communications. Finally, while acknowledging that ████████████

**BSF**

████████████████████████████████████████████████████ Mr. Butowsky did not produce a single text message when such communications clearly fall within the scope of RFPs. *See, e.g.,* RFP No. 1; RFP No. 11. In fact, Mr. Butowsky's RFP includes only a *single* ███████████████████████████████████, which not only contradicts the Answer but also is demonstrably deficient.

> vi. *Answer Excerpt re Communications concerning The Washington Times article*

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

**Plaintiff's Response:**

The Answer is incomplete. As Mr. Butowsky's Production shows, ████████████████████████████████████████████████████

Furthermore, the Communication that the Answer addresses does not describe the conversations in any of the requested detail.

This Answer also is demonstrably false and ignores evidence in Mr. Butowsky's own Production. Mr. Butowsky did not—as the Answer states—████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████ Butowsky 0001134. Mr. Butowsky did not—as the Answer states—████████████████████████████████████████████████████ It is not true— as the Answer states—████████████████████████████████████████████████████
████████████████████████████████, including some of the very statements at issue in this litigation. *Compare* ██████████████████, with James A. Lyons, More Cover-up Questions, THE WASHINGTON TIMES, March 1, 2018, https://www.washingtontimes.com /news/2018/mar/1/more-cover-up-questions/. In sum, virtually every statement of this Answer is false, and Mr. Rich reserves all rights to seek sanctions.

Case 4:18-cv-00442-ALM-CMC Document 153-4 Filed 01/13/20 Page 34 of 96 PageID #:
2312
Case 1:18-cv-00681-RJL Document 93-4 Filed 12/30/19 Page 19 of 46



     *vii.   Answer Excerpt re Communications on behalf of the plaintiff*

[REDACTED]

**Plaintiff's Response:**

     The Answer is incomplete and non-responsive. It does not even attempt to describe, let alone in any details, the communications Mr. Butowsky had about Mr. Rich's letter. Yet, evidence indicates that Mr. Butowsky did have conversations about Mr. Rich's letter, including with Mr. Couch and with Manuel Chavez. *See, e.g.* Matt Couch, Matt Couch was live, Periscope (Jan. 18, 2017), at 6:15 https://www.pscp.tv/_RealMattCouch/1jMKgdLWpWMGL ("That was Ed trying to call there"); *see also* [REDACTED]

[REDACTED] None of these communications *that Mr. Butowsky received or sent* are included in his Production despite being relevant to multiple RFPs. *See, e.g.,* RFP No. 1; RFP No. 11.

     b.  **Plaintiff's Response To Mr. Butowsky's Objections To Interrogatory No. 1**

[REDACTED]

**Plaintiff's Response:**

     It is wrong as a matter of law that [REDACTED]

[REDACTED] The Complaint alleges that Defendant Butowsky conspired with and aided and abetted Defendants Couch and AFM, and former Defendant The Washington Times. *See* Dkt. 3 ¶¶ 139–154. Additionally, statements made *to* Defendant Butowsky about Mr. Rich could not be more central or relevant to this case: Mr. Rich is suing Mr. Butowsky for claims that require

Case 4:18-cv-00442-ALM-CMC Document 153-4 Filed 01/13/20 Page 35 of 96 PageID #:
2313
Case 1:18-cv-00681-RJL Document 93-4 Filed 12/30/19 Page 10 of 46

proof of and offer defenses related to Mr. Butowsky's state of mind and his attitude towards the
truth, e.g. falsity and some degree of fault for defamation[2], and knowledge or reckless disregard
of falsity for false light. *See Houlahan v. World Wide Ass'n of Speciality Programs & Sch.*, No.
CV0401161HHKAK, 2006 WL 8433976, at *3 (D.D.C. Oct. 27, 2006) ("any information
regarding the truth or likely truth of Defendants' statements will be relevant," as is "information
regarding Defendants' knowledge and state of mind" to determine actual malice); *Weyrich v.
New Republic, Inc.*, 235 F.3d 617, 628 (D.C. Cir. 2001) ("state of mind" requisite for false light);
*Pearce v. Bell*, No. CIV.A. 86-0008, 1988 WL 57259, at *1 (D.D.C. May 18, 1988)
("negligent defamation" may "include, among other elements, a failure to pursue
further investigation; unreasonable reliance on sources; unreasonable formulation of conclusions,
inferences, or interpretation; or unreasonable screening or checking procedure"); *see also Byrd*,
No. CIV.A.96-2375CKK JMF, 1998 WL 429676, at *8 ("probing the factual basis for an
opponent's defenses is an appropriate use of discovery"). The law requires Mr. Butowsky to
produce during discovery all of the bases on which he plans to defend his actions, including the
statements made to him that are relevant to Mr. Rich's Lawsuit. Fed. R. Civ. Pr. 37(c)(1);
*Payne*, 741 F. Supp. 2d at, 222. Additionally, specific conversations or statements not pled in
the Complaint but which still relate to Mr. Rich's claims or Mr. Butowsky's defenses are, by
definition, relevant. *See* Rule 26. Finally, even if Mr. Butowsky's relevance objection was valid
(which it is not), that would not justify silence as to the requested information. *See Summers v.
Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

       Mr. Butowsky objects that the Request is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *First*, as discussed
*supra*, all of these objections are waived. *Byrd*, No. CIV.A.96-2375CKK JMF, 1998 WL
429676, at *8. *Second*, even if they were not waived, they are without merit. The request is
impliedly limited in time by virtue that it asks only for conversations *regarding the Rich family*.
It appears that Mr. Butowsky had never heard of, let alone spoken about, any member of the
Rich family until, at the earliest, July 2016 when Seth was murdered. Therefore, the maximum
amount of time is, at most three years, which is reasonable. *Glenn v. Williams*, 209 F.R.D. 279,
282, (D.D.C. 2002). *Third*, irrespective of Mr. Butowsky's objection, Mr. Butowsky must
actually attempt to fully respond to the Interrogatory and, if he cannot, must "specify the efforts
made" to do so. *O'Rourke v. Audio Stats Educ. Servs., Inc.*, No. CIV.A. 85-2768, 1987 WL
11998, at *1 (D.D.C. May 26, 1987). As described *supra*, Mr. Butowsky fails to provide even
the most fundamental accounting of his conversations. To the extent Mr. Butowsky plans to rely
on any conversations about the Rich family in his defense, Mr. Rich is entitled to know that now,
or seek to available remedies related to any statements not included in Mr. Butowsky's Answer.
*See Payne v. D.C.*, 741 F. Supp. 2d 196, 222 (D.D.C. 2010), *aff'd sub nom. Payne v. D.C. Gov't*,
722 F.3d 345 (D.C. Cir. 2013) ("failure to produce evidence in discovery generally requires
exclusion of that evidence from the Court's consideration").

---

[2] Mr. Rich will argue that he need only prove negligence as a private figure and reserves all
rights related to that legal determination.



Edward Butowsky
September 13, 2019

Finally, as discussed *supra*, Mr. Butowsky has waived his privilege objection. *Byrd*, No. CIV.A.96-2375CKK JMF, 1998 WL 429676, at *8. Irrespective of the waiver, in order to assert a valid privilege objection, Mr. Butowsky must describe with "Specificity what conversations [he] is not disclosing and why they are privileged." *Id.* Mr. Butowksy has provided no privilege log as to his Interrogatories, and his privilege log as to his Production lists only a handful of email communications. *See* Letter Responding To Production. To the extent Mr. Butowsky has additional communications relevant to this Interrogatory, he is obligated to list them with specificity on a privilege log or produce them.

## II.  INTERROGATORY NO. 2

> Identify and describe in detail all evidence on which You relied to support any and all Statements attributed to You in the Complaint, including that Mr. Rich was involved in the theft of DNC emails and the transmittal of said emails to WikiLeaks in exchange for money, and provide all details regarding the attempts, if any, You took to examine or independently confirm the veracity of such evidence.

### a.  Plaintiff's Response To Mr. Butowsky's Answer To Interrogatory No. 2



**Plaintiff's Response:**

The Answer facially deficient. It is evasive, incomplete, non-responsive, incorrect, and in large part factually contradictory to Mr. Butowsky's previous public statements. Rule 37; *McNair*, 325 F.R.D. at 22; *Lebron*, 217 F.R.D. at 76 (D.D.C. 2003); *Bradshaw*, 286 F.R.D. at 137; *Equal Rights Ctr*, 246 F.R.D. at 33. It does not describe the evidence in any detail, including the most basic facts such as the names and dates of the conversations that supposedly formed the basis for his accusations against Mr. Rich and would permit Mr. Rich to seek



discovery testing the veracity of Mr. Butowsky's narrative or the reasonableness of his reliance. *Covad Commc'ns Co.*, 258 F.R.D. at 20 (D.D.C. 2009); *Pearce v. E.F. Hutton Grp., Inc.*, 117 F.R.D. 480, 481, 1987 WL 3449 (D.D.C. 1987) (interrogatories "allow the opposing party to interview or depose them, if desired, or to conduct other investigation, and to learn the facts before discovery closes."). Mr. Butowsky must either specifically confirm that he has fully responded to Interrogatory No. 2 by providing the complete basis for his statements about Mr. Rich, supplement his production to include those materials, or be prohibited from relying on any other bases in his defense. *See Payne v. D.C.*, 741 F. Supp. 2d 196, 222 (D.D.C. 2010), *aff'd sub nom. Payne v. D.C. Gov't*, 722 F.3d 345 (D.C. Cir. 2013) ("failure to produce evidence in discovery generally requires exclusion of that evidence from the Court's consideration"); *Covad Commc'ns Co..*, 258 F.R.D. at 20 (requesting party has the "right to hear" what opposing party "intends to use" and if the latter "does not have any such information" then the former "is entitled to know that as well"); *Fonville*, 230 F.R.D. at 45 ("If defendant has, in fact, produced all available communications, defendant should supplement its responses to reflect this fact.").

This Answer also implicates the completeness of Mr. Butowsky's Production in response to RFP No. 11. There is not a single document or communication in the Production that supports *any* of the sentences in this Answer, despite RFP No. 11 requesting any Documents or Communications that form the basis for Mr. Butowsky's Answers. Mr. Rich is entitled to a fully responsive Answer detailing the complete basis for Mr. Butowsky's statements about him.

████████████████████████████

**Plaintiff's Response:**
This statement is flatly inconsistent with Mr. Butowsky's own public statements. On July 28, 2019—a month *before* signing and serving this Answer—Mr. Butowsky publicly stated "I've never spoken him [Assange] in my life. I don't know this man." Consortium News, Ed Butowsky on the ongoing Seth Rich controversy (July 28, 2019), https:/ /www.youtube.com/watch?v=KrtSGGklGmM, beginning at 12:30. Mr. Butowsky also states in the lawsuit he filed against Mr. Rich's lawyers that "Mr. Assange had not before, and has not since, discussed the identify of any confidential source for Wikileaks." *Butowsky v. Gottlieb et al*, No. 4:19-cv-180, Dkt. 101 ¶ 67. This Answer marks the first time, to our knowledge, that Mr. Butowsky has *ever* claimed to have ████████████████████████████████████████ There also is not a single document or communication in his Production that supports, references, or in any way alludes to ███████████████, despite the fact that it would be responsive to multiple RFPs. To the extent Mr. Butowsky has *any* evidence supporting this claim, he must produce it.

Even if the statement were not baseless, it is incomplete and non-responsive. Instead of describing the alleged ████████████████████ in any sort of detail, Mr. Butowsky provides an Answer that is "inadequate, vague, cryptic, evasive, and completely lacking in the candid disclosure required of the parties." *Equal Rights Ctr.*, 246 F.R.D. at 33. Mr. Rich is



Edward Butowsky
September 13, 2019

entitled all details related to the alleged ███████████████████████
including ██████████
██████████, and any other details Mr. Butowsky recalls. *Caudle v. D.C.*, 263 F.R.D. 29, 37, 2009 WL 5124901 (D.D.C. 2009) (insufficient to refer to "unnamed" individual but not "identify these persons"); *Pearce*, 117 F.R.D. at 481 ("The purpose of requiring a listing of persons with knowledge, even early on during the discovery phase in response to interrogatories, is to allow the opposing party to interview or depose them, if desired, or to conduct other investigation, and to learn the facts before discovery closes."); *see also Covad Commc'ns Co.*, 258 F.R.D. at 22; *Antoine*, No. 108CV00615HHKAK, 2009 WL 10694779, at *3.

███████████████████████████████████████████

**Plaintiff's Response:**

For the same reasons discussed immediately *supra*, this statement is incomplete. It does not provide the who, when, where, or any sort of detail that would come close to being "fully" responsive to the Interrogatory. Mr. Rich is entitled to a detailed account of Mr. Butowsky's ██████████████████████████████████████████████ *Caudle*, 263 F.R.D. at 37; *Pearce*, 117 F.R.D. at 481; *Covad Commc'ns Co.*, 258 F.R.D. at 22; *Antoine*, No. 108CV00615HHKAK, 2009 WL 10694779, at *3.

███████████████████████████████████████████

**Plaintiff's Response:**

This statement is incomplete and non-responsive. It is not sufficient to refer to ██████████ ██████████ generally to respond to an Interrogatory that asks to "identify and describe in detail" the evidence on which Mr. Butowsky relied in making his statements about Aaron Rich. *Antoine*, No. 108CV00615HHKAK, 2009 WL 10694779, at *3. Even if it were true that there is a ████████████████████████ that neither answers whether Mr. Butowsky relied on that evidence when making his statements about Mr. Rich nor whether any of that evidence support making statements *about Mr. Rich*.

**b.  Plaintiff's Response To Mr. Butowsky's Objections To Interrogatory No. 2**

███████████████████████████████████████████

**Plaintiff's Response:**

As discussed *supra*, Mr. Butowsky has waived his right to object on these grounds and, even if he had not, it is wrong as a matter of law that ████████████████████



Case 4:18-cv-00442-ALM-CMC Document 153-4 Filed 01/13/20 Page 39 of 96 PageID #:
Case 1:18-cv-00681-RJL Document 93-4 Filed 12/30/19 Page 20 of 46
2317

Edward Butowsky
September 13, 2019

███████████████████████████████████████  The law requires Mr.
Butowsky to "fully" answer Interrogatories, and Mr. Butowsky's actions relating to the basis of
his statements about Mr. Rich could not be more directly relevant to the issues in this lawsuit.
*See* Section I; *see also Houlahan*, No. CV0401161HHKAK, 2006 WL 8433976, at *3; *Pearce*,
No. CIV.A. 86-0008, 1988 WL 57259, at *1; *see also Byrd*, No. CIV.A.96-2375CKK JMF, 1998
WL 429676, at *8.  Mr. Butowsky has provided no basis for why it is ████████████  or
████████████  or ███████████████████████████  to detail all evidence on which he
actually relied when he spread statements about Mr. Rich.  *See Smith v. Cafe Asia*, 256 F.R.D.
247, 254, 2009 WL 748624 (D.D.C. 2009).  That information is exclusively within his
possession, and narrowly tailored to the issues at the heart of this lawsuit.

## III.    INTERROGATORY NO. 3

Identify and describe in detail all evidence of which You are or have been aware that
contradicted and/or discredited the Statements attributed to You in the Complaint, and provide
details regarding the attempts, if any, You took to examine such evidence. Your answer to this
interrogatory shall specifically address whether and how You considered: Mr. Rich's Letter
denying the Statements; Mr. Rich's decision to file a lawsuit contesting the truth of Your
Statements; various retractions of statements similar to Your Statements including but not
limited to those by The Washington Times, InfoWars, and Jerome Corsi; the conclusions of the
Intelligence Community regarding Russia's responsibility for the theft and hack of DNC emails;
and the finding by Special Counsel Robert Mueller that WikiLeaks and Julian Assange "implied
falsely" that Mr. Rich's brother, Seth, had been the "source of the stolen DNC emails."

### a.  Plaintiff's Response To Mr. Butowsky's Answer To Interrogatory No. 1

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

**Plaintiff's Response:**

        The Answer is incomplete and non-responsive.  It does not identify and describe, let
alone in any detail, all of the evidence that Mr. Butowsky is or has been aware that contradicted
and/or discredited the statements he made about Mr. Rich.  It does not answer, as specifically
requested, whether and if so how Mr. Butowsky attempted to examine such evidence.  Instead,
the answer addresses solely ██████████████████████████████, even though
addressing those were necessary but not sufficient to fully respond.  If Mr. Butowsky's Answer
is that he did not consider any other evidence discrediting the statements, he must say so.
*Fonville*, 230 F.R.D. at 45 ("If defendant has, in fact, produced all available communications,
defendant should supplement its responses to reflect this fact.")  Otherwise, he must fully



respond by identifying and describing all evidence of which he is aware that contradicts his statements and detailing his consideration of that evidence. *Id.* The Answer's last sentence is non-responsive to the Interrogatory and, even if it were, it is insufficient for the reasons discussed *supra*.

### b. Plaintiff's Response To Mr. Butowsky's Objections To Interrogatory No. 3



**Plaintiff's Response:**

As discussed *supra*, it is wrong as a matter of law that ███████████ ████████████████ Mr. Butowsky's state of mind and knowledge and consideration of evidence that contradicted his own statements is directly related to Mr. Rich's claims, including degree of fault for all of the reasons previously discussed, and even if there were any merit to the objection, Mr. Butowsky still is obligated to provide a response. *See Summers*, 374 F.3d at 1193; *Houlahan*, No. CV0401161HHKAK, 2006 WL 8433976, at *3 (D.D.C. Oct. 27, 2006); *Pearce*, No. CIV.A. 86-0008, 1988 WL 57259, at *1.

As discussed *supra*, Mr. Butowsky has waived his right to object to the Interrogatory as ████████████████ ███████████████████████████ Even if they were not waived, they are without merit. The request is limited to seeking information about *Mr. Butowsky's own state of mind and knowledge of* evidence that contradicted the statements he published about Mr. Rich, which are elements or affirmative defenses related to Mr. Rich's case. *See, e.g., Houlahan*, No. CV0401161HHKAK, 2006 WL 8433976, at *3 (D.D.C. Oct. 27, 2006); *Pearce*, No. CIV.A. 86-0008, 1988 WL 57259, at *1. Mr. Butowsky has not explained, as he is required to do, why it is ███████████████ to detail his own thought processes about topics directly relevant to Mr. Rich's claims.

For the reasons discussed *supra*, Mr. Butowsky's objection based on the attorney client privilege or the attorney work product doctrine is waived but, even if it were not, it lacks



Edward Butowsky
September 13, 2019

sufficient specificity. *Byrd*, No. CIV.A.96-2375CKK JMF, 1998 WL 429676, at *8. Additionally, to the extent Mr. Butowsky has additional communications beyond those supplied on the privilege log he provided with his Production that is relevant to this Answer, he is obligated to list them with specificity or produce them.

BOIES SCHILLER FLEXNER LLP

/s/ Meryl C. Governski
Meryl C. Governski



September 13, 2019

**VIA EMAIL**
Paris R. Sorrell
Harvey & Binnall, PLC
717 King Street, Suite 300
Alexandria, Virginia 22314
psorrell@harveybinnall.com

     **Re:**    *Aaron Rich v. Butowsky, et al.* **(United States District Court for the District of Columbia)**

Ms. Sorrell:

     I am writing to address deficiencies in Defendant Butowsky's production (hereinafter, "Production") in response to Plaintiff Aaron Rich's First Set Of Requests for Production of Documents ("First RFP"). Mr. Butowsky is under a Court order to produce documents responsive to the First RFP, but his Production is not remotely complete. *See* Rule 37. It is patently clear that Mr. Butowsky either did not use accurate or comprehensive search terms, did not search all of the required repositories of information, selectively produced materials, or some combination of all of the above.[1] Fed. R. Civ. P. 37(a)(4) ("incomplete" discovery responses "will be treated as a failure to answer or respond"); *English v. Washington Metro. Area Transit Auth.*, 323 F.R.D. 1, 8 (D.D.C. 2017) (same); *Finkelstein v. D.C.*, No. CIV.A. 85-2616, 1987 WL 14976, at *6 (D.D.C. July 22, 1987) (Rule 34 contemplates "the diligent search through all likely repositories of records"); *U.S. Commodity Futures Trading Comm'n v. Trade Exch. Network Ltd.*, 61 F. Supp. 3d 1, 7, 2014 WL 4693408 (D.D.C. 2014) ("It is not up to the party from whom documents are requested to pick and choose how to present relevant information..."). Mr. Rich reserves all rights to challenge the Production's sufficiency and to seek remedies available under the law, including pursuant to Rule 37 and the terms of the parties' ESI stipulation, Dkt. 36. Mr. Rich also reserves the right to raise additional disputes concerning deficiencies with the Production not discussed herein.

     As an initial matter, Mr. Butowksy waived his right to object to the First RFP. *See Embassy of the Fed. Republic of Nigeria v. Ugwuonye*, No. 10-CV-1929 (BJR), 2012 WL 13047525, at *3 (D.D.C. Oct. 17, 2012); Fed. R. Civ. P. 34(b)(2) ("A party served with Rule 34 requests for production must produce or allow inspection of the requested records unless it has

---

[1] We are available to meet and confer on search methodology, which the parties are obligated to do pursuant to the terms of the Stipulated ESI Agreement but which Mr. Butowsky has not done. *See* Dkt 36 at ¶ 8 (parties "shall meet and confer to reach agreement on the search methodology").



asserted a viable objection."); *Cf Shvartser v. Lekser*, 321 F.R.D. 23, 24 (D.D.C. 2017) (*pro se* status does not excuse missing discovery deadlines). Mr. Rich, through undersigned counsel, served the First RFP on Defendant Butowsky on April 22, 2019, with his response due no later than May 22, 2019. *See* Dkt. 63-2; Fed. R. Civ. P. 34. Mr. Butowsky did not respond to the First RFP by the deadline, which necessitated Mr. Rich's counsel to repeatedly and unsuccessfully seek voluntary compliance, Dkt. 63-2, before filing a motion to compel on June 13, 2019, Dkt. 63. Mr. Butowsky never filed an opposition to Mr. Rich's motion to compel. Dkt. 65. Despite having long waived any objection to the First RFP, Mr. Butowsky served belated objections ("Objections") on July 23, 2019. July 23, 2019, email from D. Fox to J. Riley, M. Governski, M. Gottlieb, cc'ing P. Harvey, P. Sorrell, *Rich v. Butowsky et al*. On July 31, 2019, the Court granted Mr. Rich's motion to compel. 7/31/19 Minute Order; Dkt. 75. Mr. Butowsky produced the Production on August 21, 2019. Despite the fact that Defendant Butowsky waived his right to object to the First RFP, Mr. Rich addresses those Objections here.

## I.   General Deficiencies

### a.   Categories Of Documents, Communication, and Social Media

Defendant Butowsky's Production is deficient because it is facially incomplete—it leaves out broad categories of materials clearly responsive to the First RFP and which Mr. Rich has reason to believe exist. Fed. R. Civ. P. 37(a)(4). It appears that Mr. Butowsky primarily produced only email communications and certain materials attached to those communications. Consistent with the Federal Rules, the instructions to the First RFP required that Butowsky "fully respond, search for, and *produce all Documents and Communication* responsive to these Requests," RFP ¶ A (emphasis added), and defined those terms broadly and explicitly[2]:

- "'Communication' means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is

---

[2] Even in his untimely Objections, Mr. Butowsky did not object to the definition of "Document" or "Social Media", and objected only to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ in the definition of Communication. That is largely irrelevant since the temporal scope of the RFPs are necessarily limited by the subject matter of the specific request, which existed only for a limited period of time. *See, e.g.*, First RFP No. 1 (seeking only materials "relating to any allegations in the Complaint"); First RFP No. 2 (seeking only materials relating to Defendant Butowsky's statements in the Complaint); First RFP No. 3 (seeking only materials related to the allegations in Mr. Butowsky's 2018 lawsuit against NPR); First RFP No. 5 (seeking only materials from January 2016 to represent); First RFP No. 7 (seeking only materials from January 1, 2016); First RFP No. 8 (seeking only materials related to debunkingrodwheeler.com). The only temporal-based objection that could be relevant are to requests No. 4, 6, 8–11, which this letter addresses in the specific objection section. As is consistent with the stipulated ESI agreement, Mr. Rich has always been and remains willing to meet and confer on search methodology, including date restrictions. *See* Dkt. 36 at 3.



transmitted or transferred by any means, including, but not limited to **letters, memoranda, reports,** emails, **text messages, instant messages, social media, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations,** or any other form of communication, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of **telephone conversations, e-mail, electronic chats, text messages, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media.** Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a social media posting, 'likes,' 'shares,' or any other form of reacting to another's use of Social Media), are forms of communication."

- "'Document' or 'Documents' means documents broadly defined in Rule 34 of the Federal Rules of Civil Procedure and includes (i) papers of all kinds, including but not limited to, originals and copies, however made, of **letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, credit card statements,** and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as **digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, all Social Media activity, or any other use of ephemeral communications services or Social Media,** and (iii) any other **writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.** Without limiting the foregoing in any way, every Communication is also a Document."

- "'Social Media' means any forum, website, application, or other platform on which persons can create, transmit, share, communicate, or comment upon any information, ideas, or opinions, or otherwise engage in social networking, including but not limited to: **Twitter, Gab, MeWe, Periscope, Facebook, Discord, Reddit, Imgur, SnapChat, Instagram, Google+, 4chan, 8chan, Tumblr, Youtube, LinkedIn, Flikr, Reddit, Quora, Disquis, Slack, Whisper, Yik Yak, Medium, WordPress, and instant messaging services such as Signal, WhatsApp, Facebook Messenger, Hangouts, Skype, Line, KakaoTalk, Telegram, CyberDust.** Without limiting the foregoing in any manner, and by way of example only, the following are Social Media activity: uploading, posting, commenting, reacting (e.g., "liking" a post), sharing, and communicating on comment sections of Social Media."

*See* First RFP ¶¶ 6–8; *see also* Rule 34. Despite being legally required to do so, Mr. Butowsky produced virtually none of the bolded categories of materials beyond those *incidentally* collected by virtue of being attached to an email correspondence. For example, his Production lacks:

- **Text Messages:** Mr. Butowsky's Production includes virtually no text messages beyond selective ███████████████████████████████████████████████████████████████
  ███. *See, e.g.,* Butowsky0001202 ███████████████████████████████████████
  ████████████); Butowsky0001212–1220 (███████████████████████████████████
  ████████████); Butowsky0000791 (███████████████████████████████████████
  ████████████); Butowsky0000794–95
  (██████████████████████████████). Mr. Couch's production and Mr. Wheeler's production both include ██████████████████████████████████████████ which are notably
  ████████


absent from the Production. Butowsky's own Production indicates that ████████████
████████████████████████████████ responsive to the First RFP. *See, e.g, id;*
Butowsky0000981
████████ ). In fact, incidental text images in his own production show that he
possesses but did not produce relevant text messages, for example ████████████████
████████ from Butowsky0000637.



Even the limited ████████████ included in Defendant Butowsky's Production are facially
insufficient for a number of reasons, including because they: (**1**) are partial and selective excerpts,
many of which are cut off in the middle of a sentence, rather than complete ████ *see, e.g.,*
Butowsky 0000001, Butowsky 0000003; Butowsky 0000109; Butowsky 0000120; ; Butowsky
0000527; Butowsky 0000668; Butowsky 00000880; Butowsky 00001021; Butowsky 00001052;
Butowsky0001212–1220; (**2**) do not possess even the most basic information, ████████████████
████████████████ *see, e.g.,* Butowsky 0000001; Butowsky 0000002;
Butowsky 0000003; Butowsky 0000110; Butowsky 0000111 (top); Butowsky 0000115;
Butowsky 0000116; Butowsky 0000124; Butowsky 0000317. Butowsky 0000669; Butowsky
0001154; Butowsky 0001156; Butowsky 0001157; Butowsky 0001158; and (**3**) include improper
redactions, Butowsky0000004; Butowsky0000107; Butowsky0000160; Butowsky0000364. For
example, compare the redacted text in Butowsky0000364 with Mr. Wheeler's produced version
of the same chain and it is evident that Mr. Butowsky redacted the phrase ████████████████
████████████████████████████████████████ ""?

Case 4:18-cv-00442-ALM-CMC Document 853-4 Filed 01/13/20 Page 46 of 96 PageID #:
Case 1:18-cv-00681-RJL Document 93-4 Filed 12/30/19 Page 27 of 46
2324

**BSF**

Edward Butowsky
September 13, 2019

**Butowsky0000364**                                     **Wheeler Production**

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

- **Messaging and Emailing Applications:** Mr. Butowsky's Production does not include any messages from other messaging and emailing applications that he appears to use, such as Proton Mail ███████████████, Wickr ██████, and Signal. *See, e.g.,* Butowsky00007990 ███████████████; Nov. 26, 2017 texts from E. Butowsky to M. Couch ████████ ██████); Butowsky Answer to Rog. No. 1 ███████████████████████ Furthermore, it appears that Mr. Butowsky produced ██████ ████████████████████████████████

- **Social Media**: Butowsky's Production does not include any Communication from Social Media, despite ████████████████████ ██████. *See, e.g.,* Butowsky 0000712–717 (████████████████



Edward Butowsky
September 13, 2019

- **Audio Recordings**: Despite Mr. Butowsky's tendency to ███████ ████████ (*e.g.,* Butowsky0000790; Butowsky0000854; Butowsky0001146–47; Butowsky0001155, Butowsky0001194–1095; Butowsky0001197; Butowsky0001231; Butowsky0001302–03; *see also* ████████████ ████████████████████), the Production includes only 10 ████████—six of which are ████████ ████████ (Butowsky0000790; Butowsky0001155; Butowsky0001194; Butowsky0001197; Butowsky0001302–03), and most of which appear edited (*e.g.* Butowsky0001146 (███████████████); Butowsky0001155 (███████████████, *compare with* Butowsky0000790)).



- **Video Messages and Recordings**: The Production does not include any video files, despite evidence indicating Mr. Butowsky ██████████████████████. *See, e.g.,* Butowsky0001269 (████ Butowsky0000066 (███ ████ ████ ███); Butowsky0000622 ████████████; Butowsky0000099 (████████████████); Butowsky0000123 (████ ████ Butowsky0000863 (████ ████ ███); Butowsky0000848 (████████████) *see also* ████████████████████████.

- **Google Documents**: Mr. Butowsky's Production refers to, but seemingly fails to include, ████████████. *See, e.g.,* Butowsky0001068.

  b. **Failure To Comply With Terms of ESI Stipulation**

The Production fails to comply with the term to which the parties agreed in the ESI stipulation, and Mr. Rich reserves the right to move to recover fees associated with the resulting increased costs. The ways in which Mr. Butowsky's Production fails to comply with the terms of the ESI Stipulation include the following.

*First,* Mr. Butowsky produced materials as Bates Stamped PDF files that did not contain *any* metadata, despite having agreed to produce all materials in TIFF or native format. Dkt. 36 ¶¶ 6, 9–10; *id.* at 8–12. As a result, Mr. Rich was required to bear the expense of processing and converting the PDFs into the agreed-upon production format.

*Second*, the Production does not preserve or in any way cross-reference the parent-child relationship, which is exacerbated by the lack of metadata. *Compare* Dkt. 36 at 12–13 ("Parent/Child"), *with, e.g.,* Butowsky001202; Butowsky 0000598. In some cases, an email refers to an attachment but seemingly fails to include the attachment document in the Production. *See, e.g.,* Butowsky0000548.





Edward Butowsky
September 13, 2019

*Third,* a number of the materials in the Production include unexplained (and facially improper) redactions. *See supra* Section I(a); *see also, e.g.,* Butowsky 0000004– Butowsky 0000006; Butowsky 0000107–108; Butowsky 0000160; Butowsky 0000364. It is unclear why Butowsky believes he is entitled to redact that information, and his privilege log fails to so specify. *See* Dkt. 36 at 12 ("Redaction of Images"); *English.,* 323 F.R.D. at 16 (no basis to redact relevant information where redacting party cites "no recognized privilege that insulates" that information from discovery and where there is no "agreement among the parties to allow the redaction").

## II.  **Deficiencies To Specific RFPs**

### REQUEST FOR PRODUCTION NO. 1

| All Documents and Communications relating to any allegations in the Complaint in the above-captioned matter, including but not limited to (a) all Communications You have had with any person or entity named in the Complaint, including but not limited to all Defendants, The Washington Times, Admiral James A. Lyons, Cassandra Fairbanks, The Gateway Pundit, Big League Politics, Rod Wheeler, Sean Spicer, and Malia Zimmerman; (b) all Communications relating to the Rich Family (even if they are not named) that You have had with any person or entity, including but not limited to Seymour Hersh, Alicia Powe, Jim Hoft, Julian Assange, WikiLeaks, President Donald Trump or any member of his staff, and WND; (c) all Documents and Communications relating to Rod Wheeler, including as described in paragraphs 5 and 27–31 of the Complaint in this case and as escribed in *Rod Wheeler v. Twenty-First Century Fox News, Inc., et al.* | OBJECTION: Mr. Butowsky objects:  |
|---|---|

Edward Butowsky
September 13, 2019



**PLAINTIFF'S RESPONSE**[3]:

      Defendant Butowsky's Production is incomplete, as is evident by the absence of materials produced by other individuals in the course of this litigation. For example, Defendant Couch produced ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Additionally, the Production does not contain any Documents or Communications with the participants of or about the September 2017 meeting that Mr. Butowsky hosted in his home to discuss topics directly related to the Rich family and allegations in the Complaint, even though emails and testimony produced in the course of discovery indicates the existence of responsive materials. *See, e.g.,* T. Schoenberger deposition and exhibits. Mr. Rich also is aware of additional Communications that Mr. Butowsky sent directly to members of the Rich family that are absent in the Production.

      Request No. 1 does not, as Butowsky claims, seek "all Communications with persons and entities named in the Complaint, any and all Communications relating to the Rich Family, and all Documents and Communications relating to Rod Wheeler" but rather seeks "All Documents and Communications *relating to any allegations in the Complaint* in the above-captioned matter, *including but not limited to*" those three sub-categories. A request for all Documents and Communications relating the allegations in the Complaint is, by definition, relevant to the underlying litigation and temporally limited by the allegations in the Complaint.

      It is wrong as a matter of law that ████████████████████████████████████ ████████████████████ because the Complaint alleges that Defendant Butowsky conspired with and aiding and abetting Defendants Couch and AFM, and former Defendant The Washington Times. *See* Dkt. 3 ¶¶ 139–154. Additionally, statements made *to* Defendant Butowsky about Mr. Rich could not be more central or relevant to this case; Mr. Rich is suing

---

[3] Plaintiff addresses all objections on grounds of attorney-client privilege and work product in Section III.



Mr. Butowsky for claims that require proof of or offer defenses related to Mr. Butowsky's state of mind his attitude towards the truth, e.g., falsity and some degree of fault for defamation[4], and knowledge or reckless disregard of falsity for false light. *See Houlahan v. World Wide Ass'n of Speciality Programs & Sch.*, No. CV0401161HHKAK, 2006 WL 8433976, at *3 (D.D.C. Oct. 27, 2006) ("any information regarding the truth or likely truth of Defendants' statements will be relevant," as is "information regarding Defendants' knowledge and state of mind" to determine actual malice); *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 628 (D.C. Cir. 2001) ("state of mind" requisite for false light); *Pearce v. Bell*, No. CIV.A. 86-0008, 1988 WL 57259, at *1 (D.D.C. May 18, 1988) ("negligent defamation" may "include, among other elements, a failure to pursue further investigation; unreasonable reliance on sources; unreasonable formulation of conclusions, inferences, or interpretation; or unreasonable screening or checking procedure"); *see also Byrd v. Reno*, No. CIV.A.96-2375CKK JMF, 1998 WL 429676, at *8 (D.D.C. Feb. 12, 1998) ("probing the factual basis for an opponent's defenses is an appropriate use of discovery"). The law requires Mr. Butowsky to produce during discovery all of the bases on which he plans to defend his actions, including the statements made to him that are relevant to Mr. Rich's Lawsuit. Fed. R. Civ. Pr. 37(c)(1); *Payne v. D.C.*, 741 F. Supp. 2d 196, 222 (D.D.C. 2010), *aff'd sub nom. Payne v. D.C. Gov't*, 722 F.3d 345 (D.C. Cir. 2013) ("failure to produce evidence in discovery generally requires exclusion of that evidence from the Court's consideration"). Even if Mr. Butowsky's objection were credible, it would not permit him to withhold the responsive documents. *See Klayman v. Judicial Watch, Inc.*, No. CV 06-670 (CKK)(AK), 2008 WL 11394169, at *4 (D.D.C. Mar. 12, 2008) ("It is for this Court to determine whether a document is relevant or privileged; Plaintiff cannot make such determinations for himself when deciding which documents should be produced.").

As far as Butowsky's objection that he is ███████████████████████████ ███████████████████████████████████████ he is obligated to produce materials based on a reasonable interpretation of RFP No. 1. RFP ¶ J ("If, in responding to any of the following Requests, You encounter any ambiguity or confusion in construing either a Request or a Definition or Instruction relevant to a Request, set forth the matter deemed ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the Request using that interpretation, and explain with particularity the construction or interpretation selected by you in responding to the Request."). It is improper to "use deliberate misunderstanding as a shield to production" of materials, especially when "defendants know exactly what" the plaintiff is requesting. *U.S. Commodity Futures Trading Comm'n*, 61 F. Supp. 3d at 7.

REQUEST FOR PRODUCTION NO. 2

| **REQUEST FOR PRODUCTION NO. 2:** | OBJECTION: Mr. Butowsky objects: ███████ |
|---|---|
| All Documents and Communications supporting or refuting or otherwise stating or concerning the facts | ████████████████████████████ |

---

[4] Mr. Rich will argue that he need only prove negligence as a private figure and reserves all rights related to that legal determination.



upon which you relied for any Statement attributed to You in the Complaint, including but not limited to all Documents and Communications relating to your investigation, if any, into the truth or falsity of the Statements. This Request includes, but is not limited to, Documents sufficient to identify the source of any Statement attributed to You in the Complaint.



**PLAINTIFF'S RESPONSE:**

For the reasons discussed immediately *supra,* the law requires Mr. Butowsky produce during discovery all of the bases on which he plans to defend his actions.

REQUEST FOR PRODUCTION NO. 3

All Documents and Communications related to the allegations in *Butowsky v. Folkenflik,* Case No. 4:18-cv-00442-ALM, including but not limited to all Documents that support or refute or otherwise relate to any of the allegations made in the complaint in that matter.

**OBJECTION:** Mr. Butowsky objects:



**BSF**

**PLAINTIFF'S RESPONSE:**

In *Butowsky v. Folkenflik,* Mr. Butowsky claims that NPR and its employees defamed him in various news articles that reported on the various lawsuits against Mr. Butowsky in connection to his role in publishing information about the Rich family, including in the retracted Fox News article—a topic that is pled at length in Mr. Rich's Complaint. *Compare* Dkt. 3, *with Butowsky v. Folkenflik,* Case No. 4:18-cv-00442-ALM, Dkt. 1. The fact that the lawsuit is filed in a different jurisdiction against different parties does not make the underlying discovery materials any less relevant to the topics directly at issue in this litigation. Mr. Butowsky's initial disclosures in that litigation lists *inter alia* Mr. Rich as an individual "likely to have discoverable information" and claims he "has knowledge of his brother's communications with WikiLeaks, the payment by WikiLeaks through a dummy Ebay account, Seth Rich's murder, the investigation or Seth Rich's murder, and Aaron Rich's obstruction of Rod Wheeler's murder investigation." *Butowsky v. Folkenflik*, No. 4:18-cv-00442-ALM, Dkt. 38. Mr. Butowsky's *own lawyer* in *Butowsky v. Folkenflik,* Ty Clevenger, admits that Mr. Rich's allegations in this lawsuit "overlap *factually* with the allegations" in Mr. Butowsky's Texas lawsuit against certain of Mr. Rich's undersigned counsel, Dkt. 58—in turn, Mr. Butowsky and Mr. Clevenger have acknowledged that "some of the events" in that Texas litigation "overlap with those in *Edward Butowsky v. David Folkenflick, et al,*" *Butowsky v. Gottlieb et al*, No. 4:19-cv-180, Dkt. 101. Mr. Butowsky cannot credibly claim that *Butowsky v. Folkenflik* is irrelevant and, even if he could, that would not excuse him from producing such materials. *Klayman*, No. CV 06-670 (CKK)(AK), 2008 WL 11394169, at *4.



Edward Butowsky
September 13, 2019



## REQUEST FOR PRODUCTION NO. 4

| **REQUEST FOR PRODUCTION NO. 4:** | *PRODUCTION NO. 4* |
|---|---|
| All Documents and Communications concerning any lawsuits, threats of lawsuits, consumer complaints, disciplinary actions, or accusations that accused You of fraudulent conduct (including making false statements), including but not limited to while You maintained a relationship with Charles Schwab and while You were employed at Morgan Stanley. This request includes all Documents and Communications related to, produced during, or generated as part of lawsuits where You are a named party, including but not limited to *Chapwood Capital Investment Management, LLC et al v. Charles Schwab Corporation et al*, 4:18-cv-00548-ALMKPJ; *Butowsky v. Financial Industry Regulatory Authority, Inc.*, 3:11-cv-01491-B; and the arbitration between Janet L. Mariani and You, Morgan Stanley, and Banc of America Securities in NASD Case Number 03-05543. | **OBJECTION:** Mr. Butowsky objects: |



**PLAINTIFF'S RESPONSE:**

      Mr. Butowsky has not yet produced materials responsive to this request pursuant to an agreement between counsel to extend the production deadline. Mr. Rich reserves his right to challenge the propriety of Mr. Butowsky's objection and the relating production after that point.

      The information sought is directly relevant to Mr. Rich's claims or Mr. Butowsky's own defenses because Mr. Butowsky's honesty and integrity is directly at issue in this litigation. *In re Denture Cream Prod. Liab. Litig.*, 292 F.R.D. 120, 123–24 (D.D.C. 2013). Mr. Butowsky himself has filed suit against Charles Schwab, claiming he "lost over 268 customer accounts" due to what that complaint referred to as Schwab's efforts to cause those clients to "question Chapwood and Butowsky's honesty and integrity" in connection to events directly at issue in Mr. Rich's lawsuit. *Chapwood Capital Investment Management, LLC et al v. Charles Schwab Corporation et al*, No. 18-cv-00287-RAS, Dkt. 1.

REQUEST FOR PRODUCTION NO. 5

| **REQUEST FOR PRODUCTION NO. 5:** Documents sufficient to show the occasions on which You visited Washington, D.C., for any purpose, from January 2016 to the present, along with Documents sufficient to show the purpose of such visits and any meetings in which you participated during such visits. | **OBJECTION:** Mr. Butowsky objects: |
|---|---|



**PLAINTIFF'S RESPONSE:**

      The Production provides a handful of documents that reference ███████ (e.g. Butowsky0000107; Butowsky0000117; Butowsky000364; Butowsky000978) but it does not appear that Mr. Butowsky actually searched for and/or produced documents sufficient to show all of his trips to Washington.  He does not, for example, provide any airline receipts (despite the fact that he travels to Washington via air travel), hotel receipts (despite the fact that evidence shows he frequents D.C. hotels), or calendar entries.[5]  His own Production also indicates that Mr. Butowsky actually ██████████████████████████████████  *See* Butowsky0000107 (███████████████████████████).

      The request is directly relevant to the lawsuit.  Mr. Rich's Complaint alleges that Mr. Butowsky orchestrated and participated in multiple conversations with and meetings in Washington, D.C. (including at the White House) beginning in 2016 specifically to discuss the Rich family and the publication of information about Mr. Rich and his brother.  Dkt. 3 ¶¶ 20; 28. In contrast to Mr. Butowsky's claim that ████████████████████████████████████ ███████████████████████  Mr. Butowsky challenged personal jurisdiction claiming a lack of contacts to Washington, D.C., including by signing his name to a declaration in which he claimed not to conduct "any business" in the city.  *See* Dkt. 19-1.

### REQUEST FOR PRODUCTION NO. 6

| **REQUEST FOR PRODUCTION NO. 6:** Documents sufficient to show any business You conduct in Washington, D.C., including but not limited to the number of Your clients and value of Your business there. | **OBJECTION:** Mr. Butowsky objects: |
| --- | --- |

---

[5] Mr. Wheeler and Mr. Couch respectively produced ██████████████████████████████



Edward Butowsky
September 13, 2019



**PLAINTIFF'S RESPONSE:**
    See response immediately *supra*.

    <u>REQUEST FOR PRODUCTION NO. 7</u>

| | |
|---|---|
| Mobile phone records sufficient to show all phone numbers and providers You used at any time since January 1, 2016 and all Documents, including mobile phone billing records, showing the calls You made or received since January 1, 2016 relating to any allegation in the Complaint. | **OBJECTION:** Mr. Butowsky objects:  |

**PLAINTIFF'S RESPONSE:**
    The Production is clearly deficient as it does not include a single mobile phone record. None of Mr. Butowsky's objections justify his refusal to produce this material. Mr. Rich is entitled to know all phone numbers and providers that Mr. Butowsky used during the relevant time period in order to conduct adequate discovery. *Alexander v. F.B.I.*, 194 F.R.D. 305, 315 (D.D.C. 2000) (compelling production of certain individuals' telephone logs because plaintiff sough "Telephone records to determine who these key individuals contacted and worked with so they can discover all the facts").

    <u>REQUEST FOR PRODUCTION NO. 8</u>

| | |
|---|---|
| All Documents and Communications relating to debunkingrodwheeler.com, including but not limited to Communications with the publisher of debunkingrodwheeler.com and Communications and Documents relating to the formation and creator(s) of the website. | **OBJECTION:** Mr. Butowsky objects: |

**BSF**

Edward Butowsky
September 13, 2019



**PLAINTIFF'S RESPONSE:**

Defendant Butowsky's Production includes ███████████ ██████████ and does not include a single document with its publisher or about its creation. Contrary to Mr. Butowsky's claims that he is ████████ ████████████████████████████████████ there can be no good faith dispute that Mr. Butowksy knows exactly what websites RFP No.8 refers to, and that those websites are directly relevant to Mr. Rich's lawsuit. Mr. Butowsky has publicly directed the media to "debunkingrodwheelersclaims" at various domains (.com or .net) in order to mount his public relations campaign and legal defense to various lawsuits. *See, e.g.,* Butowsky0000163; http://transcripts.cnn.com/ TRANSCRIPTS/1708/01/cnnt.01.html (E. Butowksy : "Rod Wheeler's notes with Joe Della-Camera is on a web site called debunking Rod Wheeler's claims.com. And it's all listed there. Rod Wheeler's notes. . ."); https://twitter.com/EdButowsky/status/1112854842685485056 ("DNC emails were downloaded not hacked by Russians. Go to: http://debunkingrodwheelersclaims.net/369-2/."); *see* https://www.youtube.com/channel/UCBIpN1cdt9MDoBFyPlwBtdA (YouTube channel called Debunking Rod Wheeler); https://twitter.com/debunkr_wheeler?lang=en. Mr. Butowsky has used the website to defend himself in legal actions, including by stating the following in his lawsuit against certain of undersigned counsel.

> "The website DebunkingRodWheelersClaims.com (now at DeBunkingRod WheelersClaims.net) was launched in November of 2017, and it published texts, emails, audio, and video showing that Rod Wheeler had never been misrepresented by Mr. Butowsky, Ms. Zimmerman, or Fox News, including the email quoted above in Paragraph 51. The evidence on the website showed unequivocally that Mr. Wheeler had lied to other media about them. The website also included audio of famed journalist Seymour "Sy" Hersh stating that he had confirmed that Seth Rich was responsible for leaking the DNC emails. According



Edward Butowsky
September 13, 2019

to Mr. Hersh, who was by no means a Republican or a Trump supporter, he could not find a media outlet willing to publish the Seth Rich story. In a separate phone call with Mr. Butowsky, Mr. Hersh said he obtained his information about Seth Rich from Mr. McCabe, the deputy FBI director. Not later than December of 2017, all of the Defendants in this lawsuit were aware of the contents of DebunkingRodWheelersClaims.com."

In the *Butowsky v. Folkenflik* litigation, Mr. Butowsky listed Debunking Rod Wheeler in his initial disclosures:

> Debunking Rod Wheeler, http://debunkingrodwheelersclaims.net/; https://twitter.com /debunkrwheeler?lang=en. The publisher of the website has knowledge of the webpages and information published on the website and on Twitter, and the dates of the publications and republications.

*Butowsky v. Folkenflik*, No. 4:18-cv-00442-ALM, Dkt. 38.

All "debunkingrodwheelersclaims" websites house content directly supportive of Mr. Butowsky, including audio of conversations to which the only common participant is Mr. Butowsky himself. Even if the RFP inadvertently included the wrong web address, Mr. Butowsky is obligated to attempt to resolve any "ambiguity or confusion in construing" the request and should have known and produced materials related to the websites he has personally repeatedly relied upon to mount his defense. RFP ¶ J ("If, in responding to any of the following Requests, You encounter any ambiguity or confusion in construing either a Request or a Definition or Instruction relevant to a Request, set forth the matter deemed ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond to the Request using that interpretation, and explain with particularity the construction or interpretation selected by you in responding to the Request.").

Relatedly, it appears that the debunkingrodwheelersclaims.net webpage has expired. To the extent that Mr. Butowsky played a role in its creation, including by causing its creation, he is obligated to preserve all of its contents. Mr. Rich reserves the rights to seek all remedies available in the event Mr. Butowsky could have but failed to preserve that content.

REQUEST FOR PRODUCTION NO. 9

| All Communications with or Documents and Communications relating to Larry C. Johnson, William Edward Binney, Edward Loomis, Jr., J. Kirk Wiebe, or any "report" or "memo" written by any of them. | **OBJECTION:** Mr. Butowsky objects: |
|---|---|

**BSF**

Edward Butowsky
September 13, 2019



**PLAINTIFF'S RESPONSE:**

Mr. Butowsky's production appears incomplete, including because it: (**1**) includes only two Communications with any of the individuals named in the request (Butowsky0000982 ( ); Butowsky0001190 ( ); (**2**) does not include video content that Mr. Butowsky taped with Mr. Binney and published online (*available online at* https://vimeo.com/331034117) and on Social Media —content that Mr. Butowsky publicly tweeted about dozens of times and emailed to the media, *e.g.*, Butowsky 0000863; and (**3**) includes only a handful of produced documents that even reference the topics requested, and even those are only passing references (*e.g.*, *id*; Butowsky 0000306; Butowsky 0000507; Butowsky 0000676; Butowsky0001271; Butowsky0001279).

Mr. Butowsky's relevance objections are baseless. *First*, Larry Johnson *is listed on Defendant Butowsky's own initial disclosures* in this case as an individual with "knowledge of his investigation of Seth Rich's murder and communications with Mr. Butowsky regarding the same." Mr. Butowsky *admits* in his initial disclosure to having communications with Mr. Johnson—but he has not produced a single communication with Mr. Johnson in the Production. If Mr. Butowsky does not produce that material, Mr. Rich reserves the right to move to prevent him from relying on Mr. Johnson. *Second*, Mr. Butowsky has publicly relied upon the work of Mr. Binney, including as already discussed by publishing an interview with him, to "prove[] that the Mueller Report told a lie. DNC emails were downloaded not hacked by Russians." *See, e.g.*, https://twitter.com/_EdButowsky/status/1112854842685485056. *Third*, Mr. Butowsky's own initial disclosures in *Butowsky v. Folkenflik* list all four of these individuals as those "likely to have discoverable information" related to the assertion that the DNC "emails were not hacked by Russians," which is relevant to Mr. Rich's claims and Mr. Butowsky's defense in this litigation. *Butowsky v. Folkenflik*, No. 4:18-cv-00442-ALM, Dkt. 38.



REQUEST FOR PRODUCTION NO. 10

| |
|---|
| All Documents and Communications concerning the steps You have taken to preserve Documents and Communications relevant to the abovecaptioned matter, including the Documents and Communications responsive to these Requests. |



**PLAINTIFF'S RESPONSE:**

The Production does not include any materials that appear responsive to this Request.

REQUEST FOR PRODUCTION NO. 11

| |
|---|
| All Documents and Communications relating to any of Your responses to any discovery, including interrogatories and requests for admission, served upon or that will be served upon You in the above-captioned matter. |



**PLAINTIFF'S RESPONSE:**

Mr. Rich addresses the deficiency of the Production in response to this Request in the response to Mr. Butowsky's interrogatory responses.

## III.   Improper Privilege Objections

Mr. Butowsky objects to RFP Nos. 1–4, 7, 10–11 based on attorney client privilege or work product.

*First*, Mr. Butowsky has waived the right to those objections by not timely raising them. *See Byrd*, No. CIV.A.96-2375CKK JMF, 1998 WL 429676, at *10 (objections "based on the attorney-client and attorney work-product privileges are waived" if not timely raised absent showing of good cause).

*Second*, irrespective of the waiver, Mr. Butowsky must "file a privilege log in compliance with Fed.R.Civ.P. 26(b)(5) describing 'the nature of the documents ... not produced ... in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege.'" *Id.*; *see also See* Dkt. 36 (privilege log will include "a brief description of the document, where necessary"); *Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009). Mr. Butowsky provided a privilege log that list five documents and provides solely their date, sender and recipient, and the subject of the communication. It does not provide a sufficient basis by which Mr. Rich can assess the applicability of attorney client privilege or work product privilege.



*Third,* based on what is present on the privilege log, it appears that Mr. Butowsky the five documents are not properly withheld. Mr. Rich reserves all rights to challenge the impropriety of Mr. Butowsky's privilege designations, but currently lacks sufficient information to assess the applicability of any privilege.



1. **Butowsky0001309** (▮▮▮▮▮▮▮▮▮▮): Mr. Butowsky claims Butowsky0001309 is subject to both attorney client privilege and attorney work product. The privilege log does not provide sufficient information to assess whether, and why, Mr. Butowsky is claiming ▮▮▮▮▮▮▮▮▮▮ is subject to any sort of privilege. It also does not provide any information besides the title ▮▮▮▮▮▮▮▮▮▮) by which Mr. Rich can assess whether the email that Mr. Butowsky presumably forwarded ▮▮▮▮▮▮▮ is subject to any privilege.

2. **Butowsky0001311–1313** ▮▮▮▮▮▮▮▮▮▮). The privilege log does not provide sufficient information to assess whether the documents are properly withheld. But to the extent Butowsky0001311–1313 are the same documents as those Mr. Butowsky forwarded the same day to ▮▮▮▮▮▮▮▮▮▮, Butowsky0000527, they are not properly withheld pursuant to attorney-client privilege and, even if they were, have been waived. *See; Hodges v. Potter*, No. CIV.A. 98-1614RWR, 2005 WL 6336682, at *1 (D.D.C. Aug. 31, 2005).

3. **Butowsky0001314** ▮▮▮▮▮▮▮▮▮▮). The privilege log does not provide sufficient information to assess whether the documents are properly withheld. The entry on the privilege log itself indicates that it is improperly withheld since it does not claim any common interest privilege between the third individual on the email, ▮▮▮▮▮▮▮.

*Fourth,* Mr. Rich reserves the right to challenge whether Mr. Butowksy has properly withheld or may in the future withhold documents with attorneys who have previously represented him, including in the litigation that Mr. Rich's parents filed in the S.D.N.Y., by disclosing communications with third parties. *See, e.g.,* Butowsky0000344; Butowsky0000383; Butowsky0001309; Butowsky0000527; *Permian Corp. v. United States*, 665 F.2d 1214, 1219 (D.C. Cir. 1981) ("Any voluntary disclosure by the holder of such a privilege is inconsistent with the confidential relationship and thus waives the privilege."); *Minebea Co. v. Papst*, 228 F.R.D. 34, 35 (D.D.C. 2005) ("distributing otherwise privileged letters between counsel and client to third parties necessarily waives the privilege with respect to the subject matter of the disclosure").



Edward Butowsky
September 13, 2019

## IV.    Improper Confidentiality Designations

Mr. Butowsky designated 150 of the total 515 (many duplicative) documents in the Production as "highly confidential" and the remaining 365 as "confidential". It is not credible that every single document Mr. Butowsky produced merits a confidentiality designation. Mr. Butowsky is attempting to have it both ways—shielding from the public *all* of his produced materials even though he himself has published and tweeted content directly related to the materials he now claims are deserving of confidentiality, including private phone recordings. Mr. Rich reserves the right to challenge Mr. Butowsky's improper confidential designations.

A majority, if not all, of the 150 documents designated as "highly confidential" appear to be improperly designated as such. The Protective Order ("PO") that the Court entered in this case defined "Highly Confidential Information - Attorneys' Eyes Only" to "mean all (b) Discovery that any Party reasonably believes to contain or reflect any highly confidential information, including but not limited to sensitive personal information, medical records, bank records, non-public personal addresses, law enforcement investigations, and matters related to national security." Dkt. 29. But Mr. Butowksy designates material as "highly confidential" that he cannot reasonably believe to contain or reflect confidential information. For example, Mr. Butowsky designates as "highly confidential":

The PO defines "Confidential Information" to mean "Discovery Material that any Party (a) or Third Party reasonably believes to contain or reflect private, proprietary, or sensitive information, such as non-public email addresses and non-public phone numbers." *Id.* It is implausible that all of the remaining materials in Mr. Butowsky's Production—including blank pages, public tweets, audio recordings that he has already published publicly—deserve the confidential designation.

BOIES SCHILLER FLEXNER LLP


/s/ Meryl C. Governski
Meryl C. Governski

Case 4:18-cv-00442-ALM-CMC Document 953-4 Filed 01/13/20 Page 63 of 96 PageID #:
Case 1:18-cv-00681-RJL Document 93-4 Filed 12/30/19 Page 40 of 46
2341

# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

October 11, 2019

Phillip Harvey
Harvey & Binnall, PLC
717 King Street, Suite 300
Alexandria, Virginia 22314
psonell@harveybinnall.com

      **Re: *Rich v. Butowsky et al,* Civil Action No. 1:18-cv-00681-RJL**

Mr. Harvey:

We are writing to address Mr. Butowsky's production in response to Plaintiff's First Set Of Requests for Production of Documents ("RFPs"). Specifically, we are following up on Mr. Butowsky's failure to provide any documents in response to Request No. 4, despite representations to the Court that they would be produced by September 2, 2019—well over a month ago.

As you know, during the July 31, 2019, hearing, the Court granted our motion to compel production of materials responsive to Plaintiff's RFP. And during that hearing, you made the following request to the Court regarding Request No. 4:

> The Court ordered the responses within 21 days. One of the requests deal with documents concerning what I would say is unrelated but nonetheless third-party litigation: *Chapwood Capital v. Charles Schwab, Butowsky v. FINRA,* and an arbitration involving Morgan Stanley and my client. ***Those documents have been requested, and the Court has just ordered me to produce them.*** . . . while I respond to the discovery within 21 days*, **if I can have an additional ten days to produce that stuff, I would much appreciate it**,* and I don't think it would harm anybody since the relevance of that is tangential, and I don't think it is going to result in depositions from somebody from Charles Schwab to find out if my client was alleged to have defrauded them. ***If I can have an additional ten days, that's all I'm asking for.***

ECF 75, July 31, 2019, Hearing Tr. at 11:4–12:2 (emphasis added). The Court granted your request, making production of those document due, at the very latest, on September 2, 2019. As of today, however, Mr. Butowsky has not produced a single responsive document to this request and we are now well over a month past the already-extended due date.

NEW YORK   WASHINGTON   HOUSTON   PALO ALTO   PARIS   LONDON   FRANKFURT   BRUSSELS   MILAN   ROME

October 11, 2019
Page 2

Please promptly produce the materials that are now over-due.  Mr. Rich reserves all rights relating to Mr. Butowsky's ongoing refusal to meaningfully participate in discovery.

Respectfully,

/s/ Samuel Hall
Willkie Farr & Gallagher LLP
1875 K Street, NW
Washington, DC 20006
Phone: (202) 303-1443
Fax: (202) 303-2126
shall@willkie.com



October 2, 2019

**VIA EMAIL**
Paris R. Sorrell
Harvey & Binnall, LLP
717 King Street, Suite 300
Alexandria, Virginia 22314
psorrell@harveybinnall.com

     Re:     ***Aaron Rich v. Butowsky, et al.* (United States District Court for the District of Columbia)**

Ms. Sorrell:

     I write to follow up on my letter dated September 13, 2019, regarding deficiencies in Defendant Edward Butowsky's production (hereinafter, "Production") in response to Plaintiff Aaron Rich's First Set of Requests for Production of Documents ("First RFP"). As a result of additional discovery we have obtained from third parties in this matter, we now know that Mr. Butowsky has failed to produce, without providing pertinent objections or explanations, a large volume of communications. Given that Mr. Butowsky is under Court order to comply with his discovery obligations, this must be remedied without delay or we will be forced to inform the Court of Mr. Butowsky's non-compliance.

     Specifically, we have recently received a production from Fox News ("Fox"), which reveals that Mr. Butowsky has systematically concealed responsive communications with Fox relating to his efforts to promote his Seth Rich narrative. Fox produced ███████████████ ████████████████████████████████████ All of these emails fall squarely within Plaintiff's First RFP. *Compare, e.g.*, First RFP No. 1 (requesting "All Documents and Communications relating to any allegations in the Complaint in the above-captioned matter, *including but not limited to* (a) *all* Communications You have had with any person or entity named in the Complaint, including but not limited to . . . Malia Zimmerman" (emphasis added)), *with* FoxNews0000173 (████████████████ ███████████); FoxNews0000175 (████████████████████████████████████████████████); FoxNews0000178 ████████████ ████████████████████████████████████████████████████).

     According to one email Fox produced, it would appear that ████████████████ ████████████████████████████████████████████████████████████ *See* FoxNews0000232 (████████████████████████████████████). As discussed in my original letter, Mr. Butowsky has long ago waived his right to assert objections or privilege and, even if his belated objections were timely, they did not include any claim of source privilege. Nor could he. *See Estate of Klieman v. Palestinian Authority*, 293 F.R.D. 235, 241 (D.D.C. 2013) ("The reporter's privilege protects a *journalist* from being compelled to disclose his or her



Edward Butowsky
October 2, 2019

sources, or information obtained from those sources." (emphasis added)). But even assuming for sake of argument that Mr. Butowsky could make a "reporter's privilege" claim here, he may no longer do so, as Fox's production of ████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████.

Moreover, it has come to our attention that Mr. Butowsky has not produced a single email from one of his email accounts. Fox produced ████████████████████████ ████████████████████ *See* FoxNews0000374 (████████████████████████████ ████████████). Mr. Butoswky's Production does not include a single email sent to or from Mr. Butoswky's ████████████████████. We understand that Mr. Butowsky used that account in the past, including ████████████ around the time of the publication of the now-retracted Fox story—please advise us promptly whether a search of that account has been undertaken, what search terms were used, and the results of said search.



Additionally, Fox's production includes ████████████████████████████ ████████████████████████. *See* FoxNews0000175 (████████████ ████); 2017-05-23 FoxNews0000198 (████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████).

As stated in my original letter and above, Mr. Butowsky is under a Court order to comply with his discovery obligations and produce documents responsive to the First RFP; it is apparent that he has failed to do so. *See* Minute Order, Dkt. 75 at 4:24-5:12 (granting Plaintiff's Motion to Compel with respect to documents from Mr. Butowsky). The law requires Mr. Butowsky to produce during discovery all documents that are responsive and non-privileged. *See Klayman v. Judicial Watch, Inc.*, No. CV 06-670(CKK)(AK), 2008 WL 11394169, at *4 (D.D.C. Mar. 12, 2008) ("It is for this Court to determine whether a document is relevant or privileged; Plaintiff cannot make such determinations for himself when deciding which documents should be produced.").

In addition to requesting that Mr. Butowsky comply with the Court's order by producing *all* responsive materials in his custody and control, we request that Mr. Butowsky provide us a detailed accounting of his process, including but not limited to: (1) all search terms he used; (2) the accounts and platforms he searched (e.g. email addresses; Social Media accounts; cell phones; applications); and (3) the specific way he performed each search.

Mr. Rich continues to reserve all rights, including to seek fees, in connection with Mr. Butowsky's ongoing refusal to meaningfully participate in discovery. Fed. R. Civ. P. 37.

Separately but relatedly, thank you for the September 18, 2019 letter that addressed solely Mr. Butowsky's technical compliance with the terms of the parties' ESI Stipulation, Dkt. 36, in his Production. We withdraw our objections regarding Mr. Butowsky's failure to produce materials (1) with any metadata and (2) that cross-reference parent-child relationships. However,

2



Edward Butowsky
October 2, 2019

as explained in our September 13 letter and acknowledged in your September 18 letter, it appears that Mr. Butowsky did not produce any documents in TIFF format as required by the ESI Stipulation. *See* Dkt. 36 ¶¶ 9-10; *id*. at 8-12. As such, we were required to process and convert Mr. Butowsky's production into the agreed-upon production format, and we reserve the right to seek related costs. For future productions, we respectfully request each production be made in TIFF format.

Mr. Butowsky's Production was technically deficient in additional ways. The ESI Stipulation requires Mr. Butowsky to provide metadata that includes labelling documents by type (with "P" for parent documents, and "C" for child documents); providing a document date for every document (this is the date sent for emails, and the latest chronologically saved date for other electronic documents, in the MM/DD/YYYY format); listing a title name for each file (which can be the same or different from the file name); and noting in the metadata where there are redactions and confidentiality designations. Mr. Butowsky did not comply with these requirements; therefore, we were required to add the missing metadata, and we reserve our rights with respect to any associated costs incurred.

We respectfully request that Mr. Butowsky comply with the terms of the ESI Stipulation in future productions.

Respectfully,

/s/ *Meryl C. Governski*
Meryl C. Governski

BOIES SCHILLER FLEXNER LLP

# EXHIBIT 4

| From: | Eden Quainton |
|---|---|
| To: | Joshua Riley |
| Cc: | Michael Gottlieb; Meryl Governski; Erica Spevack |
| Subject: | Re: Rich v. Butowsky |
| Date: | Saturday, November 23, 2019 1:56:32 PM |

Josh,

I appreciate your taking the time to talk through the discovery issues with me yesterday. Your email accurately summarizes our call, subject to a few comments below:

1. I have been able to confirm the dates and deliverables with Mr. Couch.

2. I can also confirm the dates and deliverables for document production with respect to Mr. Butowsky as set forth in your email.

3. I had an opportunity to discuss the "close friend" request that was specifically identified in your previous email to me with Mr. Butowsky before he left on vacation and thus do not have an issue with that point. I have not, however, been able to discuss the disclosure of the source and the date of the source in the second and third points of your second bullet point with my client. I believe the request is reasonable, but if I didn't say it was subject to confirmation with my client, I should have, as he may raise an objection I had not thought of on our call.

4. With respect to RFA No. 12, nothing on our call should have been taken as an admission or implication that Mr. Assange "instructed" Mr. Butowsky to do anything. The Request was

████████████████████████████████████████████████████████

████████████████████████████████████ What I committed to seeking

from Mr. Butowsky was ████████

████████████████████████████████████████████████ Again,

since I have not been able to speak directly to Mr. Butowsky about this point, I do not feel comfortable making any definite representation as to any admission by my client.

Please let me know if you would like to discuss the foregoing points further. I am available this weekend on my cell.

Respectfully,

Eden

On Sat, Nov 23, 2019 at 1:14 PM Joshua Riley <jriley@bsfllp.com> wrote:

> Mr. Quainton,
>
>
> I write to memorialize the agreement we reached during our 3:30 pm call yesterday afternoon.

Case 4:18-cv-00442-ALM-CMC Document 85-33 Filed 01/13/20 Page 70 of 96 PageID #:
Case 1:18-cv-00681-RJL Document 93-5 Filed 12/30/19 Page 3 of 5
2348

Plaintiff has agreed to extend, to 12/6, the deadline for Mr. Butowsky to respond to Plaintiff's Second Set of Interrogatories. We have done so in reliance on the following commitments from you:

- By 12/6, Mr. Couch will produce a complete document production. That production will be the result of a reasonable search for documents responsive to our prior Requests for Production and will include, but not be limited to, documents discovered through a reasonable search of Mr. Couch's gmail, imessages/texts, and social media accounts (and all associated direct messages) using search terms that we will provide by Monday. The production also will include all responsive audio recordings, including those you described during today's call, unless they are specifically entered on the privilege log referenced below. We reserve our rights to engage a vendor to conduct further searches.

- By 12/6, Mr. Couch will produce his complete privilege log. The log will identify all responsive documents or recordings that are being withheld on the basis of privilege or other objection. Thus, among other things, by 12/6, Mr. Couch will have produced or logged all of the evidence on which he relies to support the statements he has made about Aaron Rich.

- By 12/6, Mr. Butowsky will supplement his response to Interrogatory No. 2 to identify

- By 12/6, Mr. Butowsky will supplement his response to RFA No. 12 to identify the first date on which

- We will have a follow up call next week to discuss deadlines for Mr. Butowsky's productions, which deadlines will be informed by your upcoming conversations with Mr. Butowsky's insurance carrier. We all expect that Mr. Butowsky will provide a complete document production by Christmas at the latest.

- All of the foregoing is in connection with Plaintiff's First RFPs, First Sets of Interrogatories, and First Sets of RFAs. Nothing herein is intended to modify any of the parties' obligations with respect to subsequent discovery requests or issues not specifically addressed herein. We are not, for example, waiving any of our rights with respect to Mr.

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/13/20 Page 71 of 96 PageID #:
Case 1:18-cv-00681-RJL Document 93-5 Filed 12/30/19 Page 2 of 5
2349

Butowsky's document production that is due on 12/2.


Please let us know if you have an understanding of our agreement that is different from that
set forth here.


Have a nice weekend.


~Josh


**Joshua Riley**
Partner

───────────────────────────────

BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.

Washington, DC 20005

(t)  202 237.2727

jriley@bsfllp.com

www.bsfllp.com

─────────────────────────────────────────────────────────

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and
may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from
disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent
responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this
communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately
notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1
08201831BSF]


--
Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296

www.quaintonlaw.com

# EXHIBIT 5

Case 4:18-cv-00442-ALM-CMC   Document 85-3   Filed 01/13/20   Page 74 of 96 PageID #:
Case 1:18-cv-00681-RJL   Document 98-6   Filed 12/30/19   Page 2 of 11
2352

| From: | Eden Quainton |
|---|---|
| To: | Joshua Riley; Meryl Governski; Michael Gottlieb; Sam Hall |
| Subject: | Re: Rich v. Butowsky et al |
| Date: | Monday, December 2, 2019 9:40:23 PM |

Josh,

1. <u>Reconsideration</u>. I'm in no hurry to file a motion if we can work things out. My concern is that if you are dissatisfied with Mr. Couch's production, I would not want to be deemed to have waived my client's right to move for reconsideration. I spoke to Mr. Couch earlier today and he has been spending the last few days collecting everything your proposed search terms are picking up. But I wouldn't want him to be in a position where you would move for relief under Rule 37 if you are dissatisfied with his efforts. If you can assure me that will not be the case, I can hold off on filing a motion, which, as you suggest, may well become moot.

2. <u>Butowsky production</u>. I just spoke to OnLine Security and they have not yet received their retainer (notwithstanding the assurances that were given to me last week). I will chase the carrier tomorrow, but I don't feel comfortable giving you a date certain other than before Christmas (December 23rd). Although there are still unknowns out there, I believe the payment issues, collection, review and production can get sorted out/completed by then. That was my commitment to you when we spoke and I am working as best I can toward that goal, which, barring something unexpected, seems achievable and also gives you time to review documents before Mr. Butowsky's deposition.

3. <u>Peter Berg</u>. This is a sore spot with Mr. Butowsky. Mr. Berg is a very close friend and an important business associate of Mr. Butowsky and Mr. Butowsky does not see why he is being dragged into this lawsuit at all. I have a call in to Mr. Butowsky to see if your proposal is acceptable and I will revert to you once I have spoken to him.

4. <u>AFM</u>. I take it you oppose our proposed motion to dismiss AFM as a non-suable entity? As I mentioned, even if you seek to amend the caption to bring AFMG, Inc. into the lawsuit, the Complaint appears to be drafted on the theory that every reference to America First Media or even America First Media Group creates corporate liability for AFMG, Inc. I do not accept that theory. AFMG, Inc. has no activities, no bank account, no EIN and, contrary to your email, no officers. Bill Pierce has no involvement with AFMG, Inc. Josh was listed as an initial director but has never taken, approved, ratified or even considered any corporate action by AFMG, Inc. I think the only way forward is for us to file our motion, for you to cross-move to amend the caption, which we would then oppose and the Court can figure out who is right on this. The very first conversation I had on this case was with Michael Gottlieb several months ago and I don't think we are any closer to agreeing with each other, so here motion practice does seem unavoidable. We have certainly met and conferred in good faith. Can you confirm that you oppose our proposed motion to dismiss America First Media for lack of subject matter jurisdiction (a motion that can be made at any time)?

5. <u>Subpoenas</u>. I am at a bit of a loss to understand why a subpoena is being addressed to Josh Filippo. He is listed as a director of America First Media Group, Inc., but has had no involvement with the company because it has had no activities. Without conceding that AFMG, Inc. is properly in the case or that America First Media is a suable entity, Mr. Couch would appear to be a more logical spokesperson for AFMG, Inc. and is the custodian of the minimal corporate records you already have. As to Bill Pierce, he is not an officer or director

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/12/20 Page 75 of 96 PageID #:
Case 1:18-cv-00681-RJL Document 98-6 Filed 12/30/19 Page 3 of 11
2353

of AFMG, Inc., so I don't understand why you are issuing a subpoena to him all.  To the
extent you are issuing a Rule 45 subpoena, I do not recall receiving notice of such a subpoena
as required.  Did I miss that?

6.  <u>Amended complaint</u>.  Please let me know your position so that we can take any necessary
action.

Eden

On Mon, Dec 2, 2019 at 6:49 PM Joshua Riley <<u>jriley@bsfllp.com</u>> wrote:

   Mr. Quainton,


   •    With respect to your proposed motion for reconsideration of the order granting the
   motion to compel Mr. Couch to produce discovery (point #2 below), we would propose that
   you hold off on filing a motion until after Mr. Couch's production is complete, at which
   point the entire issue hopefully will be moot and, if it is not moot, then we can have a further
   discussion about next steps, including the best way to present the issues to the Court.


   •    With respect to Mr. Butowsky's production (point #3 below), can you please give us a
   date by which you will commit to produce documents and a log?


   •    With respect to the subpoena to Mr. Berg (point #4 below), we had not understood the
   nature of Mr. Berg's and Mr. Butowsky's relationship as you have now described it below,
   and we are willing to make it more clear to Mr. Berg that we are comfortable with a
   narrower subpoena as a result – specifically, we will inform Mr. Berg that we are seeking
   only documents and communications relating to the allegations in our complaint (e.g.,
   documents discussing the Rich family, Rod Wheeler, Malia Zimmerman, James Lyons,
   Wikileaks, the DNC emails, etc.).  We will communicate that directly with Mr. Berg, and we
   assume that would resolve your objection, but please let us know if that is not the case.


   •    With respect to your request that we amend the Complaint (point #5 below), we will
   respond on the substance of your request in the coming days.


   •    Finally, please be advised that we have made several attempts to subpoena AFM
   officers Bill Pierce and Josh Flippo, and both appear to be evading service and have
   indicated that they were not willing to cooperate with the process servers, despite Mr. Couch
   having listed them as officers of a party to this action and as individuals with relevant
   information.  If we are unable to effect service soon, we may need to approach the court to

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/12/20 Page 76 of 96 PageID #:
2354
Case 1:18-cv-00681-RJL Document 98-6 Filed 12/30/19 Page 4 of 11

seek alternative means of service based on evidence of evasion.  Could you please relay this
matter to Mr. Couch in his capacity as the head of AFM or let us know if you would like us
to do so directly? (It is our understanding that you do not represent AFM, or the AFM
officers in this matter, but if that is not the case, please let us know.)


~Josh


**Joshua Riley**
Partner

_____


BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.

Washington, DC 20005

(t)   202 237.2727

jriley@bsfllp.com

www.bsfllp.com


**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Monday, December 2, 2019 9:02 AM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Michael Gottlieb <mgottlieb@willkie.com>; Meryl Governski <mgovernski@bsfllp.com>; Sam
Hall <shall@willkie.com>
**Subject:** Re: Rich v. Butowsky et al


Josh,


Yes, thanks, I did have a good Thanksgiving.  I hope you had an enjoyable one as well.


In response to your email:


1. AFM.  The issue has never been squarely put to the Court.  My interpretation of the
Court's decision on the Rule 60(b) motion is that the Court viewed the motion as

procedurally defective and denied it without prejudice for that reason.  We believe AFM should be dismissed, which the Court can do at any time.  To the extent you oppose, fine, we just need to get a ruling from the Court.  We have conferred in good faith and I don't think our positions will change with further discussion.

2. <u>Couch</u>.  I did not mean to suggest that we were not planning on honoring the agreement we reached with you earlier.  I know that Mr. Couch is working diligently on collecting documents using the search terms you provided and we are working towards the Friday deadline.  However, the due process point goes to whether any failure by Mr. Couch -- despite his best efforts -- to comply with the Friday deadline could result in sanctions.  We do not believe it would be fair for such a failure to be a violation of a Court order that we believe was inappropriately entered.  More broadly, given the flaws in the manner the order was entered, we do not believe it is fair for a sword of Damocles to be hanging over Mr. Couch's head as he attempts in good faith to meet the deadline that we have agreed upon with you.  For this reason, I would like to ask the Court to reconsider its order.  Again, I'm not sure how much further we can get in discussing this, but if you believe a further meet and confer would be productive, I am open to that.  This afternoon (any time after 2:00 p.m.) or tomorrow before 12:00 a.m. would be best for me.  I am tied up Tuesday afternoon and Wednesday on another matter.

3.  <u>Butowsky production</u>.  As I mentioned, the ESI vendor did get authorization from the carrier, but their retainer has not yet been paid.  I asked them to start working before Thanksgiving, but I do not know how far they have gotten.  I am following up today.  December 13 does not seem realistic at this juncture, given the delay in getting the ESI vendor approved by the carrier. I also don't have any visibility on the volume of documents that will be collected and how much time the privilege review will take. In any event, I thought our agreement was that we would get you the production before Christmas, which is what we are working towards.  If I misunderstood our agreement, please let me know.

4.  <u>Berg subpoena</u>.  While you are correct that a party normally does not have standing to quash a subpoena directed at a non-party, there is an established exception to this rule where the subpoena infringes on a "legitimate interest" of the movant.  <u>See, e.g.</u>, <u>United States v. Rainieri</u>, 670 F.2d 702, 712 (7th Cir.); <u>Khouj v. Darui</u>, 248 F.R.D. 729, 739 (D.D.C. 2008).  Mr. Berg is a close friend of Mr. Butowsky and a long-standing business associate.  Directing a subpoena to him on the basis of a handful of tangential emails is interfering with Mr. Butowsky's legitimate business interests without advancing any reasonable fact-finding purpose.  Court's have held that interference with business relationships constitutes a legitimate interest conferring standing on a party to quash a third-party subpoena.  <u>See Winona PVD Coatings, LLC v. Excel Enterprises, LLC</u>, No. 3:16-cv-19-WCL-CAN, 2016 WL 9347091, at * 3 (N.D. Ind. Apr. 18, 2016). Accordingly, Mr. Butowsky reiterates his request that you withdraw your subpoena.

5.  <u>Additional matter</u>.  There is an additional issue that needs to be addressed.  The

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/12/20 Page 78 of 96 PageID #:
Case 1:18-cv-00681-RJL Document 98-6 Filed 12/30/19 Page 6 of 11
2356

complaint currently contains a number of baseless and false assertions derived solely from the now-dismissed complaint brought by Mr. Wheeler. Among other statements, paragraph 37 of the Complaint states that Mr. Butowsky has been "exposed" for "knowingly pushing the publication of false statements;" paragraph 76 states that Mr. Butowsky was "wiling to lie to advance his ideological narrative;" paragraph states that Mr. Butowsky "knew" statements attributed to Mr. Wheeler were "false."   These allegations are lifted from claims of Mr. Wheeler that were dismissed by the Southern District.  There is no longer any good faith basis to include these statements in the complaint and they should be stricken.  Mr. Butowsky accordingly requests that Mr. Rich submit an amended complaint to the court excising these highly inflammatory and false statements from his complaint.  If Mr. Rich is unwilling to modify his complaint, Mr. Butowsky reserves his rights to move to strike the relevant paragraphs and seek any other relief consistent with the FRCP.

Respectfully,

Eden

On Sun, Dec 1, 2019 at 6:02 PM Joshua Riley <jriley@bsfllp.com> wrote:

Mr. Quainton,

Hope you had a nice holiday.  We respond below to the items you listed in your last email:

1. **Denial of previous 60(b) motion.**  First, with respect to AFM, the Court has already ruled on multiple occasions that AFM is a proper defendant in this case— once in an order denying a motion to dismiss/transfer, once in an order granting a motion to compel, and once in an order denying reconsideration of the order granting the motion to compel.  Are you planning to ask the court, yet again, to rule that AFM is not a proper defendant?  If so, we likely would oppose the motion, and given that AFM has refused to date to participate in discovery, we also might be compelled to seek appropriate remedies, including those available under Rule 37.

Second, with respect to your proposed motion concerning Mr. Couch's "due process rights," it is unclear to us what relief you would be seeking, so we cannot say whether we would consent to or oppose the motion.  To date, in a spirit of cooperation with you, we have not asked the Court to hold Mr. Couch in contempt or to enter any other sanctions with respect to Mr. Couch's non-compliance with

the Court's prior order granting our motion to compel (a motion for reconsideration of which was denied). One would have thought that you would prefer to work cooperatively with us to bring Mr. Couch into compliance with the Court's order rather than re-litigate the order. But if you are suggesting that Mr. Couch will not search for and produce documents—notwithstanding your promise that he would do so by 12/6 in exchange for our agreement to your EOT request for certain discovery—and will instead seek to vacate the order requiring him to do so, then we likely would have no choice but to oppose your motion, and we might be compelled at that point to cross-move for remedies under Rule 37. It seems that the better approach for everyone would be for Mr. Couch to complete his discovery obligations by 12/6 as you had committed to doing and then we could meet-and-confer with you as to whether Mr. Couch at that point has complied with his obligations and if he has, we could discuss a potential stipulation to that effect. We'd appreciate your clarification as to what exactly you're hoping to accomplish here, including why you think a motion is needed at this point, and we'll meet-and-confer with you about it to try to avoid motions practice or to narrow the issues before the Court.

2. **Mr. Couch's Financial Disclosure**. The Court ordered Mr. Couch to submit a financial disclosure to justify his failure to appear in court on July 31. We now understand from your representations to us that Mr. Couch has not made the financial disclosure required by the Court. The record speaks for itself, and we do not intend to pursue the matter further at this point.

2. **Mr. Butowsky's Production**. Thank you for the update with respect to your efforts to secure a vendor to collect responsive documents from Mr. Butowsky. A list of search terms is attached. We note that all of the Defendants also have an obligation to supplement their searches as needed to locate and produce documents responsive to the RFPS that might not be surfaced by the search terms we provided. For example, the Defendants have referenced ███████████ ███████████████████████████ We also note that the search terms necessarily will not surface other documents responsive to the discovery requests, such as phone records, records of business activities in DC, etc.

Relatedly, when we last met-and-conferred about document discovery issues, you committed to produce Mr. Couch's documents and log by 12/6, and we agreed to revisit a production date for Mr. Butowsky pending a report from the carrier and vendor. With that information now in hand, will you agree to produce all of Mr. Butowsky's documents responsive to Plaintiff's RFPs, along with a log of any documents being withheld, by December 13?

4. **Rule 45 Subpoena to Mr. Peter Berg**. We have served a third-party

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/12/20 Page 80 of 96 PageID #:
2358
Case 1:18-cv-00681-RJL Document 98-6 Filed 12/30/19 Page 8 of 11

subpoena to Mr. Berg because evidence obtained in the case indicates that he and
Mr. Butowsky have communicated about issues relevant to this litigation,
including but not limited to Mr. Butowsky's involvement in hiring Rod Wheeler.
If Mr. Berg does not have any responsive documents, we expect that he simply
would say so in response to the subpoena.  In any event, Mr. Butowsky does not
have standing with respect to the third-party subpoena to Mr. Berg. *See, e.g,
Novak v. Capital Mgmt. & Dev. Corp.*, 241 F.R.D. 389, 394 (D.D.C. 2007); *Hard
Drive Prods., Inc. v. Does 1-1,495*, No. CIV.A. 11-1741 JDB, 2012 WL 3296582,
at *3 (D.D.C. Aug. 13, 2012).

 Please let us know if you would like to talk further about any of these issues and, if so,
some times that would work for you.

~Josh


**Joshua Riley**
Partner

_____


BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.

Washington, DC 20005

(t)  202 237.2727

jriley@bsfllp.com

www.bsfllp.com



**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Wednesday, November 27, 2019 5:51 PM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Michael Gottlieb <mgottlieb@willkie.com>; Meryl Governski <mgovernski@bsfllp.com>
**Subject:** Rich v. Butowsky et al



Josh,


There are a couple of outstanding points on our end:


1. Denial of previous 60(b) motion.  It remains our position that America First Media is

not a suable entity and that the court lacks jurisdiction over America First Media.  Mr. Couch's previous 60(b) motion was denied without prejudice, likely because the Court agreed with you that such a motion was not the procedurally appropriate vehicle to seek reconsideration of the Court's order.   As a result, we intend to move to seek reconsideration of the Court's order (a) insofar as it was granted with respect to America First Media, which cannot be sued, and (b) insofar as it was granted without respecting Mr. Couch's due process rights.

I understand your position is that the caption can be amended, but you have not yet moved to amend the caption and we would not consent to such an amendment because we do not believe that there is a good faith basis for suing America First Media Group, Inc. for statements loosely attributed to America First Media.  We have provided you with an affidavit stating that America First Media Group, Inc. has no activities, bank account or EIN and do not see how it can be responsible for statements of third parties under the circumstances.

With respect to Mr. Couch's due process arguments, while we are cooperating in good faith with you, we do not feel it is fair for Mr. Couch to be considered to be under a motion to compel that was improperly granted and we would like a ruling denying your motion.

Given the holiday and people's travel plans, I would request that you let me know by **Monday, December 2, 2019 at 12:00 a.m**. whether you will oppose our motion for reconsideration of the Court's order.

2.  Mr. Couch's Financial Disclosure.  I spoke with Mr. Couch this afternoon and he confirmed that the Court had told him he would be receiving a financial disclosure form that he should fill out and return to the Court.  To date, Mr. Couch has not received the form.   He has moved recently, so it is possible the form was sent and not forwarded.   In any event, since he is now represented, is the form germane?  I believe the purpose of the form was to establish his financial position for purposes of future telephonic appearances.  This issue is now moot.

3.  Mr. Butowsky's production.   I managed to reach the carrier today and was informed that the carreir has approved the hiring of OnLine Security and the payment of their retainer.  The payment will not be effected until Monday, but OnLine Security has agreed to begin coordinating with Mr. Butowsky's assistant immediately.   Although I anticipate you may want to modify the search terms you provided for Mr. Couch, I instructed OnLine Security to use the Couch search terms for the time being as there will no doubt be a fair amount of overlap.  To the extent there are different terms you would like us to use, please provide those to us.

Case 4:18-cv-00442-ALM-CMC Document 153-3 Filed 01/13/20 Page 82 of 96 PageID #:
Case 1:18-cv-00681-RJL Document 93-6 Filed 12/30/19 Page 10 of 11
2360

4. <u>Rule 45 Subpoena to Mr. Peter Berg</u>.  What is the basis for the issuance of a Rule 45 subpoena to Mr. Berg?  Mr. Berg is one of Mr. Butowsky's closest friends and has had absolutely no involvement of any kind in anything related to the pending litigation.  Mr. Butowsky is at a complete loss as to why a close personal friend would be dragged into litigation involved Aaron Rich.   Accordingly, we intend to move to quash the subpoena, but would request that you withdraw it so as to make the motion unnecessary.

I do not expect an immediate response to this email given the hour and the upcoming holiday.  I am travelling myself, but expect to be back by Friday afternoon.

Have a Happy Thanksgiving and we can pick up Friday afternoon or over the weekend if you would like.

Eden P. Quainton

Quainton Law, PLLC

1001 Avenue of the Americas, 11th Floor

New York, NY 10018

Tel: 212.813.8389

Fax: 212.813.8390

Cell: 202.360.6296

[www.quaintonlaw.com](www.quaintonlaw.com)

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly proh bited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

--

Eden P. Quainton

Quainton Law, PLLC

1001 Avenue of the Americas, 11th Floor

New York, NY 10018

Tel: 212.813.8389

Fax: 212.813.8390

Cell: 202.360.6296

www.quaintonlaw.com


--
Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296
www.quaintonlaw.com

# EXHIBIT 6

| From: | Joshua Riley |
|---|---|
| To: | Eden Quainton |
| Cc: | Michael Gottlieb; Meryl Governski; Sam Hall |
| Subject: | RE: Rich v. Butowsky et al |
| Date: | Sunday, December 1, 2019 6:02:03 PM |
| Attachments: | 2019-12-01 Search Terms for E. Butowsky List.docx |

Mr. Quainton,

Hope you had a nice holiday. We respond below to the items you listed in your last email:

1.  **Denial of previous 60(b) motion.** First, with respect to AFM, the Court has already ruled on multiple occasions that AFM is a proper defendant in this case—once in an order denying a motion to dismiss/transfer, once in an order granting a motion to compel, and once in an order denying reconsideration of the order granting the motion to compel. Are you planning to ask the court, yet again, to rule that AFM is not a proper defendant? If so, we likely would oppose the motion, and given that AFM has refused to date to participate in discovery, we also might be compelled to seek appropriate remedies, including those available under Rule 37.

    Second, with respect to your proposed motion concerning Mr. Couch's "due process rights," it is unclear to us what relief you would be seeking, so we cannot say whether we would consent to or oppose the motion. To date, in a spirit of cooperation with you, we have not asked the Court to hold Mr. Couch in contempt or to enter any other sanctions with respect to Mr. Couch's non-compliance with the Court's prior order granting our motion to compel (a motion for reconsideration of which was denied). One would have thought that you would prefer to work cooperatively with us to bring Mr. Couch into compliance with the Court's order rather than re-litigate the order. But if you are suggesting that Mr. Couch will not search for and produce documents— notwithstanding your promise that he would do so by 12/6 in exchange for our agreement to your EOT request for certain discovery—and will instead seek to vacate the order requiring him to do so, then we likely would have no choice but to oppose your motion, and we might be compelled at that point to cross-move for remedies under Rule 37. It seems that the better approach for everyone would be for Mr. Couch to complete his discovery obligations by 12/6 as you had committed to doing and then we could meet-and-confer with you as to whether Mr. Couch at that point has complied with his obligations and if he has, we could discuss a potential stipulation to that effect. We'd appreciate your clarification as to what exactly you're hoping to accomplish here, including why you think a motion is needed at this point, and we'll meet-and-confer with you about it to try to avoid motions practice or to narrow the issues before the Court.

2.  **Mr. Couch's Financial Disclosure.** The Court ordered Mr. Couch to submit a financial disclosure to justify his failure to appear in court on July 31. We now understand from your representations to us that Mr. Couch has not made the financial disclosure required by the Court. The record speaks for itself, and we do not intend to

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/13/20 Page 86 of 96 PageID #:
Case 1:18-cv-00681-RJL Document 93-7 Filed 12/30/19 Page 3 of 67
2364

pursue the matter further at this point.

2. **Mr. Butowsky's Production.**  Thank you for the update with respect to your efforts to secure a vendor to collect responsive documents from Mr. Butowsky.  A list of search terms is attached.  We note that all of the Defendants also have an obligation to supplement their searches as needed to locate and produce documents responsive to the RFPS that might not be surfaced by the search terms we provided.  For example, the Defendants have referenced ███████████████████████████████████████ ████████████ and might not appear in the list of search terms we have provided.  We also note that the search terms necessarily will not surface other documents responsive to the discovery requests, such as phone records, records of business activities in DC, etc.

Relatedly, when we last met-and-conferred about document discovery issues, you committed to produce Mr. Couch's documents and log by 12/6, and we agreed to revisit a production date for Mr. Butowsky pending a report from the carrier and vendor.  With that information now in hand, will you agree to produce all of Mr. Butowsky's documents responsive to Plaintiff's RFPs, along with a log of any documents being withheld, by December 13?

4. **Rule 45 Subpoena to Mr. Peter Berg.**  We have served a third-party subpoena to Mr. Berg because evidence obtained in the case indicates that ████████████████████ ████████████████████████████████████████████.  If Mr. Berg does not have any responsive documents, we expect that he simply would say so in response to the subpoena.  In any event, Mr. Butowsky does not have standing with respect to the third-party subpoena to Mr. Berg. *See, e.g, Novak v. Capital Mgmt. & Dev. Corp.*, 241 F.R.D. 389, 394 (D.D.C. 2007); *Hard Drive Prods., Inc. v. Does 1-1,495*, No. CIV.A. 11-1741 JDB, 2012 WL 3296582, at \*3 (D.D.C. Aug. 13, 2012).

 Please let us know if you would like to talk further about any of these issues and, if so, some times that would work for you.

~Josh

**Joshua Riley**
Partner
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
(t)  202 237.2727
jriley@bsfllp.com
www.bsfllp.com

**From:** Eden Quainton [mailto:equainton@gmail.com]

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/13/20 Page 87 of 96 PageID #:
Case 1:18-cv-00681-RJL Document 93-7 Filed 12/30/19 Page 2 of 7
2365

**Sent:** Wednesday, November 27, 2019 5:51 PM
**To:** Joshua Riley <jriley@bsfllp.com>
**Cc:** Michael Gottlieb <mgottlieb@willkie.com>; Meryl Governski <mgovernski@bsfllp.com>
**Subject:** Rich v. Butowsky et al

Josh,

There are a couple of outstanding points on our end:

1. <u>Denial of previous 60(b) motion</u>. It remains our position that America First Media is not a suable entity and that the court lacks jurisdiction over America First Media. Mr. Couch's previous 60(b) motion was denied without prejudice, likely because the Court agreed with you that such a motion was not the procedurally appropriate vehicle to seek reconsideration of the Court's order. As a result, we intend to move to seek reconsideration of the Court's order (a) insofar as it was granted with respect to America First Media, which cannot be sued, and (b) insofar as it was granted without respecting Mr. Couch's due process rights.

I understand your position is that the caption can be amended, but you have not yet moved to amend the caption and we would not consent to such an amendment because we do not believe that there is a good faith basis for suing America First Media Group, Inc. for statements loosely attributed to America First Media. We have provided you with an affidavit stating that America First Media Group, Inc. has no activities, bank account or EIN and do not see how it can be responsible for statements of third parties under the circumstances.

With respect to Mr. Couch's due process arguments, while we are cooperating in good faith with you, we do not feel it is fair for Mr. Couch to be considered to be under a motion to compel that was improperly granted and we would like a ruling denying your motion.

Given the holiday and people's travel plans, I would request that you let me know by **Monday, December 2, 2019 at 12:00 a.m** whether you will oppose our motion for reconsideration of the Court's order.

2. <u>Mr. Couch's Financial Disclosure</u>. I spoke with Mr. Couch this afternoon and he confirmed that the Court had told him he would be receiving a financial disclosure form that he should fill out and return to the Court. To date, Mr. Couch has not received the form. He has moved recently, so it is possible the form was sent and not forwarded. In any event, since he is now represented, is the form germane? I believe the purpose of the form was to establish his financial position for purposes of future telephonic appearances. This issue is now moot.

3. <u>Mr. Butowsky's production</u>. I managed to reach the carrier today and was informed that the carreir has approved the hiring of OnLine Security and the payment of their retainer. The payment will not be effected until Monday, but OnLine Security has agreed to begin coordinating with Mr. Butowsky's assistant immediately. Although I anticipate you may want to modify the search terms you provided for Mr. Couch, I instructed OnLine Security to use the Couch search terms for the time being as there will no doubt be a fair amount of overlap. To the extent there are different terms you would like us to use, please provide those to us.

4. <u>Rule 45 Subpoena to Mr. Peter Berg</u>. What is the basis for the issuance of a Rule 45 subpoena to Mr. Berg? Mr. Berg is one of Mr. Butowsky's closest friends and has had absolutely no involvement of any kind in anything related to the pending litigation. Mr.

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/13/20 Page 88 of 96 PageID #:
2366
Case 1:18-cv-00681-RJL Document 93-7 Filed 12/30/19 Page 9 of 7

Butowsky is at a complete loss as to why a close personal friend would be dragged into
litigation involved Aaron Rich.   Accordingly, we intend to move to quash the subpoena, but
would request that you withdraw it so as to make the motion unnecessary.

I do not expect an immediate response to this email given the hour and the upcoming holiday.
I am travelling myself, but expect to be back by Friday afternoon.

Have a Happy Thanksgiving and we can pick up Friday afternoon or over the weekend if you
would like.

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296
www.quaintonlaw.com

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/13/20 Page 89 of 96 PageID #:
Case 1:18-cv-00681-RJL Document 93-7 Filed 12/30/19 Page 6 of 7
2367

**SEARCH TERMS FOR ED BUTOWSKY**

1.  "Couch"
2.  "Lyons"
3.  "Fairbanks"
4.  "Howley"
5.  "Hoft"
6.  "Wheeler"
7.  "Zimmerman"
8.  "Housley"
9.  "*@foxnews.com"
10. "Seth"
11. "Aaron"
12. "Mary"
13. "Joel"
14. "Julian"
15. "Assange"
16. "WikiLeaks"
17. "Powe"
18. "Ratner"
19. "Talk Media News"
20. "Kunstler"
21. "Hersh"
22. "Sy"
23. "Della Camera"
24. "DNC emails"
25. "Isikoff"
26. "Cuomo"
27. "Marraco"
28. "Spicer"
29. "Sessions"
30. "*donaldtrump.com"
31. "*.gov"
32. "White House"
33. "Kash"
34. "McInerney" and ("Rich" or "Wheeler")
35. "vmaya" and ("Rich" or "Wheeler")
36. "Peter Berg" and ("Rich" or "Wheeler")
37. "Kim Sams" and ("Rich" or "Wheeler")
38. "what" w/3 "boys did"
39. "what" w/3 "sons did"
40. "A & R"
41. "McCabe"
42. "Ebay"
43. "Dropbox"
44. "Debunking"

45.     "Johnson"
46.     "Binney"
47.     "Loomis"
48.     "Wiebe"
49.     "Schoenberger"
50.     "Defango"
51.     "Chavez"
52.     "Manuel"
53.     "Manny"
54.     "Flippo"
55.     "Burkett"
56.     "Fitzgibbons"
57.      "Shadowbox"
58.     "Googie"
59.     "FBI"
60.     "Whysprtech*"
61.     "David Edwards"

Case 1:18-cv-00681-RJL   Document 93-8   Filed 12/30/19   Page 2 of 3

# EXHIBIT 7

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/13/20 Page 92 of 96 PageID #:
Case 1:18-cv-00681-RJL Document 93-8 Filed 12/30/19 Page 2 of 3
2370

| From: | Eden Quainton |
|---|---|
| To: | Joshua Riley |
| Cc: | Michael Gottlieb; Meryl Governski; Sam Hall |
| Subject: | Rich v. Butowsky -- Production |
| Date: | Monday, December 23, 2019 6:03:43 PM |
| Attachments: | GoldFynch screenshot.pdf |

Josh,

I am writing to provide an update on where things stand with Mr. Butowsky's production.
OnLine Security was substantially delayed because of the snail's pace at which State Farm
makes funding decisions. OnLine Security was further delayed by technical problems in
getting access to Mr. Butowsky's gmail account and only just finished upload and running the
61 search terms against the gmail account. Here is where we are:

1. <u>Primary gmail account</u>. In running your 61 search terms against the entire contents of Mr.
Butowsky's primary gmail account, a total of 6,452 documents were flagged by the search
terms. These 6,452 documents represent at total of 29,920 pages. I am attaching a printout of
an overview of the production to this email.

I have started going through these documents, but it is a very cumbersome process. A great
many documents have nothing to do with the Rich lawsuit (for example, financial documents
for clients using a client's dropbox account come up as hits, as did anyone with the name Matt). There
are responsive documents but it takes approximately an hour to go through 100 documents.
We are looking at approximately 60 hours of review work, before getting into the preparation
of the privilege log and discussion with the client. I had considered asking you to provide new
search terms (which is an option given the volume of hits, but it may be easiest at this point to
power through what I have). It is possible the review rate will increase, as I have had to learn
a new software program for the production of documents.

2. <u>Other email accounts</u>. Mr. Butowsky has several other email accounts.
Edwardbutowsky@gmail.com was discontinued before the lawsuit began.
 has only a handful of documents. Mr. Butowsky has reviewed these
and assures me there is nothing relevant. This account is rarely used. I will confirm Mr.
Butowsky's representation to me. Mr. Butowsky has also used an aol account,
██████████████ and an icloud account, ██████████████, but these account also
have almost no documents. I will review these to confirm. Mr. Butowsky also has an
██████████ account that is used solely for the purpose of podcasts on financial matters
for clients. Finally, Mr. Butowsky's professional emails are captured on the smarsh email
system, but these emails are strictly professional and the smarsh system is used strictly for
financial advisory compliance purposes.

3. <u>Cell phone and computer</u>. Because of the delay in obtaining funding approval, OnLine
security was not able to take physical possession of Mr. Butowsky's devices over
Thanksgiving as hoped for. At this point, we have decided that an OnLine security
representative will travel to Texas and perform the collection on site at Mr. Butowsky's office.
I am currently working on organizing this. When the collection is complete, we will run the
same search terms against the documents retrieved from the physical devices to complete the
production.

I am available at your convenience to discuss this further.

Regards,

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296
www.quaintonlaw.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AARON RICH

                      Plaintiff,

      v.

EDWARD BUTOWSKY,
MATTHEW COUCH, and
AMERICA FIRST MEDIA,

                    Defendants.

Civil Action No. 1:18-cv-00681-RJL

Hon. Richard J. Leon

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT BUTOWSKY

UPON CONSIDERATION of Plaintiff's Motion For Sanctions Against Defendant Butowsky ("Motion"), it is hereby ORDERED that:

The Motion is GRANTED;

Defendant Butowsky is in contempt of this Court's July 31 Order;

Defendant Butowsky shall pay a penalty of $_____ per day until such time as he has completed production of documents in response to Plaintiff's discovery requests;

Defendant Butowsky shall pay Plaintiff's reasonable attorneys' fees and costs associated with the filing of the Motion and Plaintiff's motions to compel Defendant Butowsky to respond to discovery requests, *see* Dkt. 63; Dkt. 64; Dkt. 68, and Plaintiff's counsel shall send Defendant Butowsky's counsel an invoice for such fees and costs;

Defendant Butowsky has waived all objections to Plaintiff's requests for production of documents;

Defendant Butowsky is precluded from relying on any document, or on any testimony relevant to any document, that he has failed to produced.

1

Case 1:18-cv-00681-RJL Document 93-9 Filed 12/30/19 Page 2 of 3

SO ORDERED.

ENTERED this _____ day of _____, 2020.

_____

Judge Richard J. Leon
U.S. District Court for the District of Columbia

Case 4:18-cv-00442-ALM-CMC Document 85-3 Filed 01/13/20 Page 96 of 96 PageID #:
Case 1:18-cv-00681-RJL Document 93-5 Filed 12/30/19 Page 3 of 3
2374

## NAMES OF PERSONS TO BE SERVED WITH PROPOSED ORDER UPON ENTRY

In accordance with LCvR 7(k), listed below are the names and addresses of the attorneys

and parties entitled to be notified of the proposed order's entry:

Joshua P. Riley
Meryl C. Governski
Boies Schiller Flexner LLP
1401 New York Ave NW
Washington DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
jriley@bsfllp.com
mgovernski@bsfllp.com

Michael J. Gottlieb
Willkie Farr Gallagher LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1442
Fax: (202) 303-2000
mgottlieb@willkie.com

*Attorneys for Plaintiff Aaron Rich*

Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
(212) 813-8389
(212) 813-8390 facsimile

*Attorney for Defendants Matthew Couch and Edward Butowsky*

America First Media
2300 West Ash Street
Rogers, AR 72758

*Pro Se*