# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ED BUTOWSKY,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **DAVID FOLKENFLIK; NPR, INC.;** | § | **4:18-CV-00442-ALM** |
| **NPR.ORG; JARL MOHN; STACEY** | § | |
| **FOXWELL; MICHAEL ORESKES;** | § | |
| **CHRISTOPHER TURPIN; EDITH** | § | |
| **CHAPIN; LESLIE COOK; HUGH** | § | |
| **DELLIOS; PALLAVI GOGOI; and** | § | |
| **SARAH GILBERT,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**DEFENDANTS' FIRST REQUEST FOR PRODUCTION TO PLAINTIFF**

TO:    Ed Butowsky, by and through his attorneys of record, Ty Odell Clevenger, P.O. Box 20753, Brooklyn, NY 11202-0753, and Steven S. Biss, 300 West Main Street, Suite 102, Charlottesville, VA 22903.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi (collectively "Defendants") submit the following Requests for Production ("Requests") to Plaintiff Ed Butowsky ("Butowsky").

**I.
INSTRUCTIONS**

1.      Plaintiff is required to respond in writing to each of the following requests for production and to serve the response to counsel for Defendants within thirty (30) days after service of the requests for production.

2.     Plaintiff is required to produce for inspection and copying the designated documents at the office of Defendants' counsel, Haynes and Boone, LLP, 600 Congress Avenue, Suite 1300, Austin, Texas 78701, or at such other place as may be agreed by the parties.

3.     In response to this request for production, provide all documents in your possession, custody or control, including all documents in the possession, custody or control of your attorneys or agents.  If your response to any request is that the document or documents are not in your possession, custody or control, identify who has possession, custody or control of the document and the location of the document.

4.     If a request seeks a document which to your knowledge does not exist, please state that the document does not exist.

5.     Without interfering with the readability of a document, please identify in some manner the request(s) to which the document is responsive.

6.     These requests for production are continuing in nature, and you are required to amend or supplement your responses if you or other persons acting on your behalf become aware of additional information between the time your answers are given and the time of trial that renders your responses no longer correct, accurate or complete.

7.     If you contend that you are entitled to withhold from production any documents identified in these requests for production on the basis of attorney-client privilege, work product doctrine or any other ground, follow the instructions described in sub-parts (a) - (e) below for each withheld document:

> (a)     describe the nature of the document (*e.g.*, letter or memorandum);
>
> (b)     state the date of the document;
>
> (c)     identify the person(s) who sent and received the document and/or any copy thereof;

(d)     without revealing the privileged information, identify the subject matter of the document; and

(e)     state the specific privilege(s) you assert regarding the document.

8.     Unless otherwise specified, the time period for these requests is from July 10, 2016 until the present time.

## II.
## DEFINITIONS

For purposes of these requests, the terms listed below are defined as follows:

1.     **Plaintiff, You, or Butowsky** refers to Ed Butowsky, and each of his agents, representatives, and attorneys and any other individual or entity presently or formerly acting on his behalf or at his request.

2.     **Defendants** refers to Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi and any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf.

3.     The term **document(s)** shall mean and include all written, typed, printed, recorded, taped, or pictorial matter of any kind or nature whatsoever, however produced or reproduced, in whatever form maintained, including electronically stored information such as metadata, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in the possession, custody or control of Plaintiff, and includes, but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, calendars, diaries, logs, announcements, instructions, charts, manuals, brochures,

schedules, email, blogs, internet postings, text messages, instant messages, computer data (whether on cards, compact disk, DVD, ISP server, or otherwise), telegrams, teletype, photographic matter, financial statements, accounting records, commission worksheets, and any other such documents and tangible things, whether in hard, digital or electronic version.  The term "document" also includes copies of documents upon which notations or writings appear that are not present on the originals or other copies of such documents.  In all cases where original and/or non-identical copies are not available, "document(s)" also means identical copies of original documents and copies of non-identical copies.  A document is deemed to be in Plaintiff's custody if Plaintiff has possession of the document or has the right to secure such document from another person having possession thereof.   All information available in electronic or magnetic medium should be provided electronically on an external hard drive in their native format.

      4.    The term **electronically stored information**, when used in these Requests, refers to information stored on a computer, CD, DVD, disk, hard drive, or other magnetic or electronic device, including, without limitation, voicemail messages and files; email messages and files; deleted files, programs, or e-mails; data files; program files; backup and archival tapes; temporary files; system history files; website information stored in textual, graphical or audio format; website log files; cache files; text messages, instant messages, cookies; writings; drawings; graphs; charts; photographs; sound recordings; images; video recordings; and other data or data compilations stored in any medium from which information can be obtained or translated, if necessary, by Plaintiff into reasonably usable form.

      5.    The term **communication**, when used in these Requests, refers to any oral or written transmission, exchange of information, utterance, notation or statement, by or through any

medium, including, but not limited to telephone, telegraph, mail, email, text message, instant messaging, telecopy, and personal conversation(s).

6.      The conjunction **or** as used in these requests should not be read to limit part of the request but, whenever applicable, it should have the same meaning as the word "and."  For example, an interrogatory stating "support or refer" should be read as "support and refer," if an answer that does both can be made.

7.      The word **and** means **and/or**.

8.      The term **Person** means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

9.      The term **Wheeler Complaint** refers to Plaintiff's Complaint in *Wheeler v. Twenty-First Century Fox, Inc., et. al.,* Case No. 1:17-CV-05087, filed in the United States District Court for the Southern District of New York on August 1, 2017.

10.     The terms **referring to**, **concerning**, **relating to**, or **pertaining to** any given subject when used to specify a document, communication, or statement, shall mean or refer to any document, communication, or statement that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, discusses, mentions, supports, refutes, controverts, depicts, and or is in any manner whatsoever pertinent to that subject.

## DOCUMENT REQUESTS

## REQUEST FOR PRODUCTION NO. 1:

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and David Folkenflik on the other.

---

**REQUEST FOR PRODUCTION NO. 2:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Douglas Wigdor (or any other partner, associate, or employee of Wigdor, LLP) on the other.

**REQUEST FOR PRODUCTION NO. 3:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Rod Wheeler on the other.

**REQUEST FOR PRODUCTION NO. 4:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Aaron Rich on the other.

**REQUEST FOR PRODUCTION NO. 5:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Joel Rich on the other.

**REQUEST FOR PRODUCTION NO. 6:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Mary Rich on the other.

**REQUEST FOR PRODUCTION NO. 7:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, referenced in the Wheeler Complaint.

**REQUEST FOR PRODUCTION NO. 8:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between Rod Wheeler on the one hand, and any member of the Rich family on the other.

**REQUEST FOR PRODUCTION NO. 9:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting Rod Wheeler's notes, work product or files pertaining to his investigation of the murder of Seth Rich.

**REQUEST FOR PRODUCTION NO. 10:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, regarding Seth Rich's connection to Julian Assange or WikiLeaks.

**REQUEST FOR PRODUCTION NO. 11:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Malia Zimmerman on the other.

**REQUEST FOR PRODUCTION NO. 12:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Sean Spicer on the other.

**REQUEST FOR PRODUCTION NO. 13:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and any former or current member of the Trump White House Cabinet or their current or former employees on the other.

**REQUEST FOR PRODUCTION NO. 14:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Stephen K. Bannon on the other.

**REQUEST FOR PRODUCTION NO. 15:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Joseph Dellacamera on the other.

**REQUEST FOR PRODUCTION NO. 16:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Cholene Espinoza on the other relating to the death of Seth Rich.

**REQUEST FOR PRODUCTION NO. 17:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Marina Marraco on the other.

**REQUEST FOR PRODUCTION NO. 18:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between Rod Wheeler on the one hand, and Marina Marraco on the other.

**REQUEST FOR PRODUCTION NO. 19:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Fox News or FOXNews.com, including any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf, regarding the murder of Seth Rich or Fox's coverage thereof, the Wheeler Complaint or Fox's coverage thereof, or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 20:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and National Public Radio, Inc., including any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf, regarding the murder of Seth Rich or Fox's coverage thereof, the Wheeler Complaint or Fox's coverage thereof, or the subject matter of this lawsuit.

**REQUEST FOR PRODUCTION NO. 21:**

All documents, correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Fox News or FOXNews.com, including any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf, regarding actual or potential on-air appearances by You on Fox News.

**REQUEST FOR PRODUCTION NO. 22:**

All employment, paid or unpaid contributor, or independent contractor agreements between You on the one hand, and any 21st Century Fox entity, including any of their subsidiaries, officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf.

**REQUEST FOR PRODUCTION NO. 23:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and any writers or journalists at the Drudge Report on the other, regarding the death of Seth Rich.

**REQUEST FOR PRODUCTION NO. 24:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Lou Dobbs on the other.

**REQUEST FOR PRODUCTION NO. 25:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Sean Hannity on the other.

**REQUEST FOR PRODUCTION NO. 26:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Larry Johnson on the other, regarding the death of Seth Rich.

**REQUEST FOR PRODUCTION NO. 27:**

All video recordings of You referring to or discussing the death of Seth Rich.

**REQUEST FOR PRODUCTION NO. 28:**

All documents cited, referenced or displayed in any video recordings of You referring to or discussing the death of Seth Rich.

**REQUEST FOR PRODUCTION NO. 29:**

All social media posts, including but not limited to posts on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, and Tumblr, discussing or referring to the death of Seth Rich.

**REQUEST FOR PRODUCTION NO. 30:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications in which you seek referrals for a private investigator to investigate the murder of Seth Rich.

**REQUEST FOR PRODUCTION NO. 31:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, regarding, constituting or reflecting communications between You on the one hand, and the Federal Bureau of Investigations on the other, regarding the death of Seth Rich.

**REQUEST FOR PRODUCTION NO. 32:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, regarding, constituting or reflecting communications between You on the one hand, and the any former or present employee of the Washington D.C. Police Department on the other, regarding the death of Seth Rich.

**REQUEST FOR PRODUCTION NO. 33:**

All call logs reflecting all telephonic communications between You on the one hand and Malia Zimmerman or Wheeler on the other.

**REQUEST FOR PRODUCTION NO. 34:**

All photographs of You at the 2016 Republican National Convention in Cleveland.

**REQUEST FOR PRODUCTION NO. 35:**

Documents sufficient to identify the date and amount of all payments made by You in connection with Wheeler's investigation of the death of Seth Rich on behalf of the Rich family.

**REQUEST FOR PRODUCTION NO. 36:**

Your United States Income Tax Returns for the years 2015, 2016, 2017, and 2018, including all schedules thereto.  You may redact any individual's social security number before producing same. If you have not yet filed your United States Income Tax Return for any of the requested years, then for each such year produce your Form 4868 or any other document reflecting a requested extension

of time to file, as well as each Form 1040-ES you filed relating to your estimated United States Income Taxes for the applicable years.

**REQUEST FOR PRODUCTION NO. 37:**

Chapwood Capital Investment Management, LLC's United States Income Tax Returns for the years 2015, 2016, 2017, and 2018, including all schedules thereto.  You may redact any individual's social security number before producing same.  If Chapwood Capital Investment Management, LLC has not yet filed its United States Income Tax Return for any of the requested years, then for each such year produce its Form 4868 or any other document reflecting a requested extension of time to file, as well as each Form 1040-ES it filed relating to its estimated United States Income Taxes for the applicable years.

**REQUEST FOR PRODUCTION NO. 38:**

Each Form 1040-ES you have filed relating to your estimated United States Income Taxes for the year 2019.

**REQUEST FOR PRODUCTION NO. 39:**

All documents reflecting or evidencing the out-of-pocket expenses you will allege you incurred as a result of the actions of Defendants, as alleged in Paragraph 168 of the Complaint You filed in this case.

**REQUEST FOR PRODUCTION NO. 40:**

All documents reflecting or evidencing the lost income you allege you incurred as a result of the actions of Defendants, as alleged in Paragraphs 168 and 174 of the Complaint You filed in this case.

## REQUEST FOR PRODUCTION NO. 41:

All financial statements provided by you to any financial institution from January 1, 2015 to the present.

Respectfully submitted,

By: */s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:     (512) 867-8400
Telecopier:     (512) 867-8470

Thomas J. Williams
State Bar No. 21578500
thomas.williams@haynesboone.com
HAYNES AND BOONE, LLP
301 Commerce Street, Suite 2600
Fort Worth, Texas 76102
Telephone:     (817) 347-6600
Telecopier:     (817) 347-6650
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on July 5, 2019, a true and correct copy of the foregoing document was forwarded electronically to the following counsel of record:

Ty Odell Clevenger                              Steven S. Biss
P.O. Box 20753                                  300 West Main Street, Suite 102
Brooklyn, NY 11202-0753                         Charlottesville, VA 22903
979-985-5289 (phone)                            804-501-8272 (phone)
979-530-9523 (fax)                              202-318-4098 (fax)
tyclevenger@yahoo.com                           stevenbiss@earthlink.net


*/s/ Laura Lee Prather*
Laura Lee Prather