# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
Sherman Division

| | |
|---|---|
| ED BUTOWSKY, in his Individual<br>And Professional Capacities<br><br>        Plaintiff,<br><br>v.<br><br><br>DAVID FOLKENFLIK<br>    <u>et al</u><br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. <u>4:18-cv-00442-ALM</u>

# PLAINTIFF'S OBJECTIONS, ANSWERS AND RESPONSES TO DEFENDANTS' DISCOVERY REQUESTS

Plaintiff, Ed Butowsky ("Plaintiff"), by counsel, pursuant to Rules 26, 34 and 36 of the Federal Rules of Civil Procedure (the "Rules") and the Federal Rules of Evidence ("FRE"), hereby notes and preserves the following Objections and serves the following Answers and Responses to defendants, David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook and Pallavi Gogoi (collectively, the "Defendants") request for admissions and request for production of documents dated July 5, 2019 (hereinafter, the "Discovery Requests").

## General Objections

1.     Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests exceed the scope of discovery permitted under Rules 26, 34 and 36 of the Rules.

2.    Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by the attorney-client privilege and/or work-product doctrines.  Subject to and without waiving the privilege as to any document, Plaintiff represents that the only information and documents being withheld are communications between Plaintiff and legal counsel in this action (Mr. Biss and Mr. Clevenger), documents prepared in anticipation of this litigation, and work-product of Plaintiffs' legal counsel.  The privileged materials consist almost entirely of email communications between Plaintiff and his counsel and legal analysis of claims and defenses prepared by counsel.  Plaintiff does not intend produce a privilege log as to these documents, unless requested to do so by counsel for Defendants.

3.    Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by the marital/spousal privilege.

4.    Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of confidential information and sensitive personal and/or financial information and material that is not generally known to the public and that is the subject of efforts by Plaintiff that are reasonable under the circumstances to maintain the confidentiality of such material.  Plaintiff will produce all "CONFIDENTIAL" or "COUNSEL'S EYES ONLY" information in accordance with the terms and conditions of the Stipulated Protective Order or as ordered by the Court.

5.      Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek to elicit inadmissible opinion evidence and/or hearsay or call for Plaintiff to speculate or are duplicative.

6.      Plaintiff objects to the Discovery Requests on the ground and to the extent that the information requested is not in Plaintiff's possession or control, but is in the possession and control of others.

7.      Plaintiff objects to the Discovery Requests (including the definitions and instructions that accompany the Discovery Requests) on the ground that the Discovery Requests are vague, confusing, argumentative, overly broad, and unduly burdensome.

8.      Plaintiff objects to the Discovery Requests to the extent that the Discovery Requests require Plaintiff to create documents for the Defendants or to take action not required by Rules 26, 34 and 36 of the Federal Rules of Civil Procedure.

Continued on Next Page

## Response to Request for Admissions

Responding to each numbered Request, Plaintiff states as follows:

---

**REQUEST FOR ADMISSION NO. 1:**

Admit that the document attached hereto as Exhibit A is a true and correct copy of the Wheeler Complaint.

---

**RESPONSE**:          Admitted.

---

**REQUEST FOR ADMISSION NO. 2:**

Admit that the Wheeler Complaint was filed at 5:43 AM EDT on August 1, 2017.

---

RESPONSE:          Objection – lack of knowledge; hearsay.  Plaintiff has made reasonable inquiry and the information he knows or can readily obtain is insufficient to enable him to admit or deny.

---

**REQUEST FOR ADMISSION NO. 3:**

Admit that on or about February 21, 2017, Plaintiff sent an email to several individuals seeking a referral for a private detective, preferably with a connection to the Washington D.C. Police Department, "who can help a family find out who murdered their son."

---

**RESPONSE**:          Admitted.

**REQUEST FOR ADMISSION NO. 4:**

Admit that on or about February 23, 2017, Plaintiff sent the following text message to Wheeler:

> "I appreciate you reading this text message. We have many mutual friends including Adam Housley and many others from Fox News. Although I'm not a paid fox [sic] contributor, I do appear frequently on the News channel as well as the business channel. I watched your work for years and admire what you wearing on television. Behind the scenes I do a lot of work, (unpaid) helping to uncover certain stories, my biggest work was revealing most of what we know today about Benghazi. I'm looking for some assistance on something that happened in Washington I would appreciate if you would give me a call at 972.XXX.XXXX. Of all the people you have met in your line of work you have put me right next to those you view as the most confidential. I am extremely discreet. Is there a time I can give you a call this morning?"

**RESPONSE**:          Admitted.


**REQUEST FOR ADMISSION NO. 5:**

Admit that when Plaintiff spoke to Wheeler in February 2017 about conducting an investigation into the Rich murder, he stated that he was working with Zimmerman at Fox News on an article about Seth Rich.

**RESPONSE**:          Denied.


**REQUEST FOR ADMISSION NO. 6:**

Admit that Plaintiff attended a meeting on or about February 28, 2017 with Wheeler and Zimmerman.

**RESPONSE**:          Admitted.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Plaintiff introduced Zimmerman and Wheeler in or around February, 2017.

**RESPONSE**:          Denied.          Adam     Housley     ("Housely")     introduced

Zimmerman to Wheeler.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Plaintiff told Wheeler not to mention Zimmerman when meeting with the Rich family.

**RESPONSE**:          Denied.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Plaintiff paid Wheeler to investigate the circumstances of Seth Rich's death on behalf of the Rich family.

**RESPONSE**:          Admitted.

**REQUEST FOR ADMISSION NO. 10:**

Admit that on or about March 23, 2017, Plaintiff stated to Wheeler that he needed to "shut up" Jack Burkman and that Burkman was causing Plaintiff "huge anxiety."

**RESPONSE**:          Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that on or about April 18, 2017, Plaintiff sent a text message to Wheeler that said: "Are you in Washington DC area on Thursday afternoon? I am meeting Sean Spicer and want you with me."

**RESPONSE**:          Admitted.

6

**REQUEST FOR ADMISSION NO. 12:**

Admit that Plaintiff considers Sean Spicer a friend.

**RESPONSE**:        Admitted.

**REQUEST FOR ADMISSION NO. 13:**

Admit that on or about April 19, 2017, Plaintiff sent Wheeler a text message that says: "Do you have summary done yet? Just bullet pointed. Just want to make sure we get point to Sean easily."

**RESPONSE**:        Admitted.

**REQUEST FOR ADMISSION NO. 14:**

Admit that on or about April 20, 2017, Plaintiff attended a meeting with Sean Spicer and Wheeler.

**RESPONSE**:        Admitted.

**REQUEST FOR ADMISSION NO. 15:**

Admit that on or about April 23, 2017, Plaintiff sent a text message to Wheeler that said: "Della Camera is either helping us or we will go after him as being part of the cover-up."

**RESPONSE**:        Admitted.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Rod Wheeler sent Plaintiff his notes concerning Wheeler's investigation into the murder of Seth Rich.

**RESPONSE**:        Admitted.

---

**REQUEST FOR ADMISSION NO. 17:**

Admit that in May 2017, Plaintiff wrote to Zimmerman, stating: "I didn't tell you yet but the federal government is involved at this moment, behind the scenes and believe your story."

---

**RESPONSE**:                Plaintiff does not remember making this statement.

Plaintiff will review his emails and supplement.

---

**REQUEST FOR ADMISSION NO. 18:**

Admit that between February and May 2017, Plaintiff made the following comment: "the most important thing is this. Everyone, there's so many people throughout Trump's four years and maybe eight years are always going to fall back on the idea that he is not legitimate and the Russians got him elected. This changes all of that."

---

**RESPONSE**:                Admitted.

---

**REQUEST FOR ADMISSION NO. 19:**

Admit that between February and May 2017, Plaintiff made the following comment: "[w]e solve the problem about Russians are the ones that gave the emails because that did not happen. I know that did not happen."

---

**RESPONSE**:                Admitted.

---

**REQUEST FOR ADMISSION NO. 20:**

Admit that on or about May 10, 2017, Plaintiff participated in a telephone conversation with Zimmerman and Wheeler in which Plaintiff and Zimmerman informed Wheeler that they had secured a source at the FBI who confirmed the existence of emails sent between Seth Rich and WikiLeaks.

---

**RESPONSE**:                Plaintiff did not inform Wheeler that "they" had secured a source at the FBI.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Plaintiff worked on and exchanged drafts of the Zimmerman Article with Zimmerman prior to its publication.

**RESPONSE**: Denied.

**REQUEST FOR ADMISSION NO. 22:**

Admit that on or about May 14, 2017, Plaintiff informed Wheeler that President Trump had read Zimmerman's story and wanted it published "immediately."

**RESPONSE**: Denied.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the text message reproduced in Paragraph 1 of the Wheeler Complaint is a true and correct copy of a message Plaintiff sent on May 14, 2017.

**RESPONSE**: Admitted.

**REQUEST FOR ADMISSION NO. 24:**

Admit that on or about May 14, 2017, Plaintiff left a voicemail for Wheeler in which he stated "A couple minutes ago I got a note that we have the full, uh, attention of the White House, on this. And, tomorrow, let's close this deal, whatever we've got to do. But you can feel free to say that the White House is onto this now."

**RESPONSE**: Admitted.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Plaintiff had a conversation with Seymour "Sy" Hersh on or about January 23, 2017, during which Plaintiff and Hersh discussed the death of Seth Rich.

**RESPONSE**: Admitted.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Plaintiff recorded the conversation referenced in Request 25.

**RESPONSE**:          Admitted.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Plaintiff sent the recording of the conversation referenced in Request 25 to the Rich family on or about January 25, 2017.

**RESPONSE**:          Admitted.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Plaintiff contacted the Rich family on or about January 26, 2017 to confirm receipt of the recording of the conversation referenced in Request for Admission Number 25.

**RESPONSE**:          Admitted.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Plaintiff told Seymour "Sy" Hersh in 2017: "I have a great history of getting things, of getting things out there without people knowing that I'm the one who did it."

**RESPONSE**:          Denied.

**REQUEST FOR ADMISSION NO. 30:**

Admit that on or about May 15, 2017, Plaintiff sent an email with the following statement:

> "The story is up or will be up very early tomorrow morning. Rod Wheeler is up and ready to give interviews. There's more to come on the story but for now this is a massive story there's going to be talked about for a long time. If you have any questions about the story or more information needed, call me at 972-[XXX-XXXX]. I'm actually the one who's been putting this together but as you know I keep my name out of things because I have no credibility. One of the big conclusions we need to draw from this is that the Russians did not hack our computer systems and stel emails and there was no collusion like trump with the Russians."

**RESPONSE:**          Admitted.


**REQUEST FOR ADMISSION NO. 31:**

Admit that on or about May 15, 2017, Plaintiff sent a text message to Rod Wheeler that reads in part: "[t]he narrative in the interviews you might use is that your and Malia's work prove that the Russians didn't hack into the DNC and steal the emails and impact our election."

**RESPONSE:**          Admitted.


**REQUEST FOR ADMISSION NO. 32:**

Admit that on or about May 16, 2017, Plaintiff sent a series of text messages to Wheeler that state, in part: "If you can, try to highlight this puts the Russian hacking story to rest." "Just reflecting: we need to emphasize the FBI has a report that has been suppressed that shows that Seth rich did this. With Comey recently being fired this will gain a lot of attention and it's true." "The above and stating that the Russian hacking narrative of stealing the records from the DNC is officially dead."

**RESPONSE:**          Admitted.

**REQUEST FOR ADMISSION NO. 33**:

Admit that after the publication of Zimmerman's May 16, 2017 article regarding Seth Rich, Plaintiff said to Wheeler "[O]ne day you're going to win an award for having said those things you didn't say."

**RESPONSE**:          Denied.

**REQUEST FOR ADMISSION NO. 34**:

Admit that the statement referred to in Request for Admission No. 33 was regarding statements attributed to Wheeler in the Zimmerman Article.

**RESPONSE**:          Denied.

**REQUEST FOR ADMISSION NO. 35**:

Admit that in response to the quotations attributed to Wheeler in the Zimmerman Article that his "investigation up to this point shows that there was some degree of emails exchanged between Seth Rich and Wikileaks," that Plaintiff told Wheeler: "Well I know that's not true . . . I've never heard you say that," and "If I'm under oath, I would say I never heard him say that."

**RESPONSE**:          Denied.

**REQUEST FOR ADMISSION NO. 36:**

Admit that during a May 19, 2017 telephone call, Plaintiff told Wheeler:

> "What I'm really good at is going on the offensive, okay. Once we assess the situation, so I've got a friend of mine from high school that does a lot of crisis management stuff but we both think a lot alike. I sent him the Sy Hersh redacted where it's just his voice. He is going to record five seconds of Sy's voice. He's emailing Sy. That email is going to contain that five seconds and, he's going to say, you have three hours to write back who at the FBI you spoke to, with his name, that read you the Seth Rich report. If you don't give us that in three hours, a full recording of everything we have will be at every news agency tonight with your name and phone number on it. If you give it to us, you will never hear from us again."

**RESPONSE**:          Admitted.


**REQUEST FOR ADMISSION NO. 37:**

Admit that on or about May 20, 2017, Plaintiff wrote a response to comments by the Rich family regarding the Zimmerman Article and published it on Facebook.

**RESPONSE**:          Plaintiff has made reasonable inquiry and the information

he knows or can readily obtain is insufficient to enable him to admit or deny.


**REQUEST FOR ADMISSION NO. 38:**

Admit that on or about May 20, 2017, Plaintiff told Wheeler that the reactions to the Zimmerman Article would be a "nightmare that ends, and holy shit look how many phone calls I'm getting congratulating me and thanking me for putting an end to the Russian bullshit."

**RESPONSE**:          Plaintiff does not recall making this statement to Wheeler.

---

**REQUEST FOR ADMISSION NO. 39**:

Admit that on or about May 23, 2017, Fox News retracted the Zimmerman Article.

---

**RESPONSE**:         Admitted that the Zimmerman Article was retracted with explanation; otherwise denied.

---

**REQUEST FOR ADMISSION NO. 40**:

Admit that Plaintiff has discussed the Seth Rich murder with Larry Johnson.

---

**RESPONSE**:         Admitted.

---

**REQUEST FOR ADMISSION NO. 41**:

Admit that Plaintiff controls, operates and/or maintains the website located at the URL: www.edbutowsky.com.

---

**RESPONSE**:         Admitted.

---

**REQUEST FOR ADMISSION NO. 42**:

Admit that Plaintiff controls, operates and/or maintains the website located at the URL: www.debunkingrodwheelersclaims.net.

---

**RESPONSE**:         Denied.

---

**REQUEST FOR ADMISSION NO. 43**:

Admit that Plaintiff controls, operates and/or maintains the Facebook page @ebutowskypub, available at https://www.facebook.com/ebutowskypub/.

---

**RESPONSE**:         Admitted.

**REQUEST FOR ADMISSION NO. 44:**

Admit that Plaintiff identifies himself as a "public figure" on his public Facebook page, available at https://www.facebook.com/ebutowskypub/.

**RESPONSE**:              Denied.

**REQUEST FOR ADMISSION NO. 45:**

Admit that on or about July 21, 2017, Plaintiff posted a photo online of himself and Donald Trump in Sheldon Adelson's Suite in Cleveland, Ohio, at the 2016 Republican National Convention.

**RESPONSE**:              Denied.

**REQUEST FOR ADMISSION NO. 46:**

Admit that Plaintiff controls, operates and/or maintains the Twitter account @EdButowsky.

**RESPONSE**:              Admitted.

**REQUEST FOR ADMISSION NO. 47:**

Admit that on June 26, 2017, Plaintiff tweeted "Fox News story was pulled b/c Rod Wheeler said [he] didn't say a quote . . . How much did DNC pay him?"

**RESPONSE**:              Admitted.

**REQUEST FOR ADMISSION NO. 48:**

Admit that on June 26, 2017, Plaintiff tweeted "This shows Rod Wheeler has a major battle with the truth. Everyone needs to hear this. He says the precise words he swears he didn't say ???"

**RESPONSE**:              Admitted.

---

**REQUEST FOR ADMISSION NO. 49:**

Admit that Plaintiff controls, operates and/or maintains the YouTube account "DeBunking Rod Wheeler," available at the following URL: https://www.youtube.com/channel/UCBIpN1cdt9MDoBFyPlwBtdA/.

---

**RESPONSE**:          Denied.

---

**REQUEST FOR ADMISSION NO. 50:**

Admit that Plaintiff controls, operates and/or maintains the YouTube account "Ed Butowsky," available at the URL: https://www.youtube.com/channel/UCQO3uuHbcHof7v2o6L3De0A.

---

**RESPONSE**:          Denied.     Plaintiff created and operates the YouTube channel "Ed Butowsky", available at https://www.youtube.com/user/edbutowsky; otherwise denied.

---

**REQUEST FOR ADMISSION NO. 51:**

Admit that Plaintiff controls, operates, and/or maintains the Vimeo account associated with "Ed Butowsky" and available at the following URL: https://vimeo.com/user3017057.

---

**RESPONSE**:          Admitted.

---

**REQUEST FOR ADMISSION NO. 52:**

Admit that Plaintiff controls, operates, and/or maintains the Vimeo account associated with "Ed Butowsky" and available at the following URL: https://vimeo.com/edbutowsky.

---

**RESPONSE**:          Admitted.

16

**REQUEST FOR ADMISSION NO. 53**:

Admit that David Folkenflik sought and obtained comment from Plaintiff on or about July 31, 2017, prior to the publication of the August 1 Report.

**RESPONSE**:          Admitted that on July 31, 2017, Plaintiff spoke with Folkenflik; otherwise denied.

**REQUEST FOR ADMISSION NO. 54**:

Admit that Plaintiff created the video attached as Exhibit B and shared it with Folkenflik on or about July 31, 2017.

**RESPONSE**:          Admitted that on July 31, 2017 Plaintiff created and shared the video with Folkenflik; otherwise denied.  Plaintiff's statements on the video are true and accurate and the documents shown to Folkenflik in the video are true copies of the originals.

**REQUEST FOR ADMISSION NO. 55**:

Admit that Plaintiff created the video attached as Exhibit C and shared it with Folkenflik on or about August 14, 2017.

**RESPONSE**:          Admitted that on August 14, 2017 Plaintiff created and shared the video with Folkenflik.  Plaintiff's statements on the video are true and accurate and the documents shown to Folkenflik in the video are true copies of the originals.

**REQUEST FOR ADMISSION NO. 56**:

Admit that Plaintiff gave an interview to David Folkenflik on July 31, 2017.

**RESPONSE**:          Admitted.

**REQUEST FOR ADMISSION NO. 57:**

Admit that Plaintiff spoke to David Folkenflik on or about August 6, 2017 and indicated that he though Folkenflik did a "fair job" in his reporting on the Wheeler Complaint.

> **RESPONSE**:        Denied.

**REQUEST FOR ADMISSION NO. 58:**

Admit that Plaintiff told David Webb: "I thought, 'You know what? I'm going to help these people out,'" and "Somehow, these people need to know what happened to their little boy."

> **RESPONSE**:        Admitted.

**REQUEST FOR ADMISSION NO. 59:**

Admit that Plaintiff conducted an interview with Folkenflik in advance of the August 16 Report.

> **RESPONSE**:        Objection – vague; cumulative.

**REQUEST FOR ADMISSION NO. 60:**

Admit that Plaintiff made the statements attributed to him in the August 16 Report: "I can't tell you how much time I spend helping people's lives and making them better," and "I want to take care of my family. I want air conditioning, sofa, Wi-Fi and DirectTV. That's what I want in life."

> **RESPONSE**:        Admitted.

**REQUEST FOR ADMISSION NO. 61:**

Admit that Plaintiff made the statements attributed to him in the August 16 Report: "The idea that I'm some political activist is the strangest thing."

> **RESPONSE**:        Admitted.

**REQUEST FOR ADMISSION NO. 62:**

Admit that Plaintiff made the statements attributed to him in the August 16 Report: "I didn't know anything about Seth Rich," and "I didn't know anything whatsoever. In fact, when I told Mr. and Mrs. Rich, I thought I was actually helping a family learn something."

**RESPONSE**:          Admitted.

**REQUEST FOR ADMISSION NO. 63:**

Admit that Plaintiff made the statements attributed to him in the August 16 Report: "And, second, we solve the problem about Russians are the ones that gave the emails," and "because that did not happen."

**RESPONSE**:          Admitted that that is part of what Plaintiff said to Hersh; otherwise denied.

**REQUEST FOR ADMISSION NO. 64:**

Admit that Plaintiff made the statements attributed to him in the August 16 Report: "As I look back, I didn't do anything," and "If you think about it, what did I do? Nothing."

**RESPONSE**:          Admitted.

**REQUEST FOR ADMISSION NO. 65:**

Admit that Plaintiff made the statements attributed to him in the August 16 Report: "I don't have a clue in the world what anyone has said to them, or about them."

**RESPONSE**:          Admitted.

**REQUEST FOR ADMISSION NO. 66:**

Admit that the statement referred to in Request for Admission No. 65 was regarding the Rich family.

**RESPONSE**:                  Admitted that Plaintiff was referring to statements that third

parties may have made to the Riches; otherwise denied and completely out of context.

**REQUEST FOR ADMISSION NO. 67:**

Admit that Plaintiff made the following statements, which are quoted in the August 16 Report: "There's many calls I was on with Malia and Rod," and "Rod would call me all the time."

**RESPONSE**:                  Admitted.

**REQUEST FOR ADMISSION NO. 68:**

Admit that Plaintiff stated in a March 2018 interview with The Gateway Pundit that an FBI source showed him a receipt for a hard drive that the source claimed to be the drive used to download stolen DNC emails.

**RESPONSE**:                  Plaintiff does not recall making the statement to the GWP

during the video interview. [https://www.youtube.com/watch?v=7qtkKX5HflM].

**REQUEST FOR ADMISSION NO. 69:**

Admit that Plaintiff has been a guest on Fox News Channel.

**RESPONSE**:                  Admitted.

## Response to Request for Production of Documents

Responding to each numbered Request, Plaintiff states as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and David Folkenflik on the other.

**RESPONSE**: All documents will be produced.

**REQUEST FOR PRODUCTION NO. 2:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Douglas Wigdor (or any other partner, associate, or employee of Wigdor, LLP) on the other.

**RESPONSE**: All documents will be produced. Additional documents may be obtained from Plaintiff's New York counsel, David Harrison.

**REQUEST FOR PRODUCTION NO. 3:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Rod Wheeler on the other.

**RESPONSE**: All documents will be produced.

21

**REQUEST FOR PRODUCTION NO. 4:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Aaron Rich on the other.

**RESPONSE**:          All documents will be produced.  Additional documents are in the possession of Brad Bauman, who was the DNC operative assigned to the Rich family.

**REQUEST FOR PRODUCTION NO. 5:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Joel Rich on the other.

**RESPONSE**:          All documents will be produced.

**REQUEST FOR PRODUCTION NO. 6:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Mary Rich on the other.

**RESPONSE**:          All documents will be produced.

**REQUEST FOR PRODUCTION NO. 7:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, referenced in the Wheeler Complaint.

**RESPONSE**:        These documents are in the possession of Wigdor and Wheeler.    Plaintiff has subpoenaed documents from Wigdor, and will produce all documents produced by Wigdor on receipt.

**REQUEST FOR PRODUCTION NO. 8:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between Rod Wheeler on the one hand, and any member of the Rich family on the other.

**RESPONSE**:        Plaintiff will produce all responsive documents that are in his possession.

**REQUEST FOR PRODUCTION NO. 9:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting Rod Wheeler's notes, work product or files pertaining to his investigation of the murder of Seth Rich.

**RESPONSE**:        Plaintiff will produce all responsive documents that are in his possession.

---

**REQUEST FOR PRODUCTION NO. 10:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, regarding Seth Rich's connection to Julian Assange or WikiLeaks.

---

**RESPONSE**:         Objection – overbroad and unduly burdensome. *James Madison Project v. C.I.A.*, 2009 WL 2777961, at *4 (E.D. Va. 2009) ("a request for 'all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to others in some remote fashion.' … Such a request 'unfairly places the onus of non-production on the recipient of the request and not where it belongs – upon the person who drafted such a sloppy request." (quoting *Mass. v. U.S. Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *id. Big Voices Media, LLC. v. Wendler*, 2012 WL 6021443, at *2 (M.D. Fla. 2012) (concluding that interrogatories that seek particulars regarding "any and all communications," including oral communications, are unnecessary and excessively burdensome in part because the party propounding the interrogatories can obtain the information by depositions or document requests); *High Point SARL v. Sprint Nextel Corp.*, 2011 WL 4036424, at *18 (D. Kan. 2011) ("This Court has found interrogatories that ask a party to identify 'each and every fact' or 'all facts' supporting its allegations to be overly broad and unduly burdensome."); *PIC Grp., Inc. v. Landcoast Insulation, Inc.*, 2010 WL 4791710, at *1-8 (S.D. Miss. 2010) (denying motion to compel response to interrogatory requesting responding party to identify each and every oral communication because it is unreasonably and unduly burdensome and the least efficient way to obtain such information); *Allianz Ins. Co. v. Surface Specialties, Inc.*, 2005 WL 44534, at *8 (D.

Kan. 2005) ("Interrogatories should not require the answering party to provide a narrative account of its case.").

Subject to the foregoing objections, Plaintiff will produce all responsive documents that are in his possession.  Defendants are also directed to the hyperlinks in the Amended Complaint regarding Seth Rich's connection to Assange and WikiLeaks and to the following links:  [https://www.youtube.com/watch?v=0M3Z4eE6cJA; https://www.craigmurray.org.uk/archives/2019/05/the-real-muellergate-scandal/; https://twitter.com/craigmurrayorg/status/1118099287513104384?lang=en; https://consortiumnews.com/2019/03/13/vips-muellers-forensics-free-findings/; https://raymcgovern.com/2019/07/22/a-non-hack-that-raised-hillarys-hackles/; https://twitter.com/KimDotcom/status/1157399590607265792].

---

**REQUEST FOR PRODUCTION NO. 11:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Malia Zimmerman on the other.

**RESPONSE**:        All documents will be produced.

---

**REQUEST FOR PRODUCTION NO. 12:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Sean Spicer on the other.

**RESPONSE**:        All documents will be produced.

25

**REQUEST FOR PRODUCTION NO. 13:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and any former or current member of the Trump White House Cabinet or their current or former employees on the other.

**RESPONSE**:         Objection – overbroad and unreasonable as to time frame and subject matter.

Subject to the foregoing objections, Plaintiff will produce any and all documents that constitute or reflect communications between Plaintiff and any former or current member of the Trump White House Cabinet and their current or former employees between January 1, 2017 and August 1, 2017.

**REQUEST FOR PRODUCTION NO. 14:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Stephen K. Bannon on the other.

**RESPONSE**:         None.

**REQUEST FOR PRODUCTION NO. 15:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Joseph Dellacamera on the other.

**RESPONSE**:         None.

> **REQUEST FOR PRODUCTION NO. 16:**
>
> All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Cholene Espinoza on the other relating to the death of Seth Rich.

    **RESPONSE**:       None.

> **REQUEST FOR PRODUCTION NO. 17:**
>
> All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Marina Marraco on the other.

    **RESPONSE**:       None.

> **REQUEST FOR PRODUCTION NO. 18:**
>
> All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between Rod Wheeler on the one hand, and Marina Marraco on the other.

    **RESPONSE**:    *See* http://www.fox5dc.com/news/local-news/private-investigator-there-is-evidence-seth-rich-contacted-wikileaks-prior-to-death.    Wheeler's emails and text messages may also reflect communications between Wheeler and Marraco.

**REQUEST FOR PRODUCTION NO. 19:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Fox News or FOXNews.com, including any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf, regarding the murder of Seth Rich or Fox's coverage thereof, the Wheeler Complaint or Fox's coverage thereof, or the subject matter of this lawsuit.

**RESPONSE**:          All documents in Plaintiff's possession will be produced. Further documents are in the possession of Fox News.   Plaintiff intends to subpoena documents from Fox News, and will produce all documents upon receipt, *e.g.*:

**From:** "Wilson, Greg" <Greg.wilson@FOXNEWS.COM>
**Date:** Tuesday, May 23, 2017 at 3:14 PM
**To:** Gmail <ebutowsky@gmail.com>
**Subject:** Story

Ed,

I am sorry about the way our conversation ended. There was a legitimate problem with the link, and I had to fix it – it was not a pretext to get me away from you.
I am also sorry about how this whole thing worked out, but I do not believe it reflects as badly on you as I know you feel. And I believe with all my heart that our story was correct in substance and that these facts will come out in the coming days. I appreciate your efforts in connecting us with sources and helping us get information.

I hope we can stay in touch.

Greg


Greg Wilson
Deputy Managing Editor,
FoxNews.com

1211 Avenue of the Americas
New York, NY 10036

O: 212-301-5375
M: 917-592-7989

**REQUEST FOR PRODUCTION NO. 20:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and National Public Radio, Inc., including any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf, regarding the murder of Seth Rich or Fox's coverage thereof, the Wheeler Complaint or Fox's coverage thereof, or the subject matter of this lawsuit.

**RESPONSE**:         All documents will be produced.

**REQUEST FOR PRODUCTION NO. 21:**

All documents, correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Fox News or FOXNews.com, including any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf, regarding actual or potential on-air appearances by You on Fox News.

**RESPONSE**:         Objection – relevance; overbroad as to time frame and subject matter.

**REQUEST FOR PRODUCTION NO. 22:**

All employment, paid or unpaid contributor, or independent contractor agreements between You on the one hand, and any 21st Century Fox entity, including any of their subsidiaries, officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf.

**RESPONSE**:         None.

**REQUEST FOR PRODUCTION NO. 23:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and any writers or journalists at the Drudge Report on the other, regarding the death of Seth Rich.

**RESPONSE**:            None.

**REQUEST FOR PRODUCTION NO. 24:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Lou Dobbs on the other.

**RESPONSE**:            None.

**REQUEST FOR PRODUCTION NO. 25:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Sean Hannity on the other.

**RESPONSE**:            None.

**REQUEST FOR PRODUCTION NO. 26:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Larry Johnson on the other, regarding the death of Seth Rich.

**RESPONSE**:            All documents will be produced.

**REQUEST FOR PRODUCTION NO. 27:**

All video recordings of You referring to or discussing the death of Seth Rich.

**RESPONSE**:          Videos were produced to Folkenflik on July 31, 2017 and August 14, 2017.  Videos are also available on www.debunkingrodwheelersclaims.net. Additional videos are identified by hyperlink and/or link to publication on social media, *see, e.g.*:

https://www.youtube.com/watch?v=giuZdBAXVh0&feature=youtu.be;

https://twitter.com/EdButowsky/status/1153799263907827712;

https://www.youtube.com/watch?v=2p8at6PD4L8;

https://www.youtube.com/watch?v=rbqo2Uldkyk;

https://www.youtube.com/watch?v=Ki6HTpgjbEw;

https://www.youtube.com/watch?v=7qtkKX5HflM;

https://www.youtube.com/watch?v=c_g59wv42xA;

https://vimeo.com/331034117;

https://twitter.com/raymcgovern/status/1153462882274648064;

https://twitter.com/EdButowsky/status/1152947320520085505;

https://www.youtube.com/watch?v=0M3Z4eE6cJA.

**REQUEST FOR PRODUCTION NO. 28:**

All documents cited, referenced or displayed in any video recordings of You referring to or discussing the death of Seth Rich.

**RESPONSE**:          All documents will be produced.

31

<u>**REQUEST FOR PRODUCTION NO. 29:**</u>

All social media posts, including but not limited to posts on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, and Tumblr, discussing or referring to the death of Seth Rich.

**<u>RESPONSE</u>**:                 Objection – overbroad unduly burdensome. *James Madison Project v. C.I.A.*, 2009 WL 2777961, at *4 (E.D. Va. 2009) ("a request for 'all documents 'relating to' a subject is usually subject to criticism as overbroad since life, like law, is a 'seamless web,' and all documents 'relate' to others in some remote fashion.' … Such a request 'unfairly places the onus of non-production on the recipient of the request and not where it belongs – upon the person who drafted such a sloppy request." (quoting *Mass. v. U.S. Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *id. Big Voices Media, LLC. v. Wendler*, 2012 WL 6021443, at *2 (M.D. Fla. 2012) (concluding that interrogatories that seek particulars regarding "any and all communications," including oral communications, are unnecessary and excessively burdensome in part because the party propounding the interrogatories can obtain the information by depositions or document requests); *High Point SARL v. Sprint Nextel Corp.*, 2011 WL 4036424, at *18 (D. Kan. 2011) ("This Court has found interrogatories that ask a party to identify 'each and every fact' or 'all facts' supporting its allegations to be overly broad and unduly burdensome."); *PIC Grp., Inc. v. Landcoast Insulation, Inc.*, 2010 WL 4791710, at *1-8 (S.D. Miss. 2010) (denying motion to compel response to interrogatory requesting responding party to identify each and every oral communication because it is unreasonably and unduly burdensome and the least efficient way to obtain such information); *Allianz Ins. Co. v. Surface Specialties, Inc.*, 2005 WL 44534, at *8 (D.

Kan. 2005) ("Interrogatories should not require the answering party to provide a narrative account of its case.").

There is no way for Plaintiff to respond.  This request is simply way to broad.

---

**REQUEST FOR PRODUCTION NO. 30:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications in which you seek referrals for a private investigator to investigate the murder of Seth Rich.

---

**RESPONSE**:       All documents will be produced.

---

**REQUEST FOR PRODUCTION NO. 31:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, regarding, constituting or reflecting communications between You on the one hand, and the Federal Bureau of Investigations on the other, regarding the death of Seth Rich.

---

**RESPONSE**:       None.

---

**REQUEST FOR PRODUCTION NO. 32:**

All documents, including correspondence, emails, video and audio recordings, voicemail, and text messages, regarding, constituting or reflecting communications between You on the one hand, and the any former or present employee of the Washington D.C. Police Department on the other, regarding the death of Seth Rich.

---

**RESPONSE**:       None.

**REQUEST FOR PRODUCTION NO. 33:**

All call logs reflecting all telephonic communications between You on the one hand and Malia Zimmerman or Wheeler on the other.

> **RESPONSE**:            None.

**REQUEST FOR PRODUCTION NO. 34:**

All photographs of You at the 2016 Republican National Convention in Cleveland.

> **RESPONSE**:            See below:





**REQUEST FOR PRODUCTION NO. 35:**

Documents sufficient to identify the date and amount of all payments made by You in connection with Wheeler's investigation of the death of Seth Rich on behalf of the Rich family.

**RESPONSE**:          A copy of the check will be produced.

**REQUEST FOR PRODUCTION NO. 36:**

Your United States Income Tax Returns for the years 2015, 2016, 2017, and 2018, including all schedules thereto. You may redact any individual's social security number before producing same. If you have not yet filed your United States Income Tax Return for any of the requested years, then for each such year produce your Form 4868 or any other document reflecting a requested extension of time to file, as well as each Form 1040-ES you filed relating to your estimated United States Income Taxes for the applicable years.

**RESPONSE**:          Copies of the returns will be produced.

**REQUEST FOR PRODUCTION NO. 37:**

Chapwood Capital Investment Management, LLC's United States Income Tax Returns for the years 2015, 2016, 2017, and 2018, including all schedules thereto. You may redact any individual's social security number before producing same. If Chapwood Capital Investment Management, LLC has not yet filed its United States Income Tax Return for any of the requested years, then for each such year produce its Form 4868 or any other document reflecting a requested extension of time to file, as well as each Form 1040-ES it filed relating to its estimated United States Income Taxes for the applicable years.

**RESPONSE**:          Copies of the returns will be produced.

**REQUEST FOR PRODUCTION NO. 38:**

Each Form 1040-ES you have filed relating to your estimated United States Income Taxes for the year 2019.

**RESPONSE**:          None.

**REQUEST FOR PRODUCTION NO. 39:**

All documents reflecting or evidencing the out-of-pocket expenses you will allege you incurred as a result of the actions of Defendants, as alleged in Paragraph 168 of the Complaint You filed in this case.

> **RESPONSE**:          All documents will be produced.

**REQUEST FOR PRODUCTION NO. 40:**

All documents reflecting or evidencing the lost income you allege you incurred as a result of the actions of Defendants, as alleged in Paragraphs 168 and 174 of the Complaint You filed in this case.

> **RESPONSE**:          All documents will be produced.

**REQUEST FOR PRODUCTION NO. 41:**

All financial statements provided by you to any financial institution from January 1, 2015 to the present.

> **RESPONSE**:          All documents will be produced.

### Reservation of Rights

Plaintiff reserves the right to amend and/or supplement his Objections and Responses to Defendants' Discovery Requests upon review of the responsive documents and upon receipt of responsive documents from Defendants and third-parties.

DATED:          August 5, 2019

ED BUTOWSKY,
In his Individual and Professional Capacities


By:____*/s/ Steven S. Biss*_____
        Steven S. Biss (VSB # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone:      (804) 501-8272
        Facsimile:      (202) 318-4098
        Email:          **stevenbiss@earthlink.net**
        (*Admitted Pro Hac Vice*)

        Ty Clevenger, Esquire
        Texas Bar No. 24034380
        P.O. Box 20753
        Brooklyn, NY 11202-0753
        (979) 985-5289
        (979) 530-9523 (Fax)
        Email:  tyclevenger@yahoo.com

        *Counsel for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 5, 2019 a copy of the foregoing was emailed in PDF to counsel for the Defendants:

Laura.Prather@haynesboone.com;

Thomas.Williams@haynesboone.com.

By:   */s/ Steven S. Biss*
           Steven S. Biss (VSB # 32972)
           300 West Main Street, Suite 102
           Charlottesville, Virginia 22903
           Telephone:     (804) 501-8272
           Facsimile:     (202) 318-4098
           Email:          **stevenbiss@earthlink.net**
           (*Admitted Pro Hac Vice*)

           Ty Clevenger, Esquire
           Texas Bar No. 24034380
           P.O. Box 20753
           Brooklyn, NY 11202-0753
           (979) 985-5289
           (979) 530-9523 (Fax)
           Email:  tyclevenger@yahoo.com

           *Counsel for the Plaintiff*