EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ED BUTOWSKY,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **DAVID FOLKENFLIK; NPR, INC.;** | § | **4:18-CV-00442-ALM** |
| **NPR.ORG; JARL MOHN; STACEY** | § | |
| **FOXWELL; MICHAEL ORESKES;** | § | |
| **CHRISTOPHER TURPIN; EDITH** | § | |
| **CHAPIN; LESLIE COOK; HUGH** | § | |
| **DELLIOS; PALLAVI GOGOI; and** | § | |
| **SARAH GILBERT,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

TO:     Ed Butowsky, by and through his attorneys of record, Ty Odell Clevenger, P.O. Box 20753, Brooklyn, NY 11202-0753, and Steven S. Biss, 300 West Main Street, Suite 102, Charlottesville, VA 22903.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi (collectively "Defendants") submit the following Second Set of Requests for Production ("Requests") to Plaintiff Ed Butowsky ("Butowsky").

**I.
INSTRUCTIONS**

1.      Plaintiff is required to respond in writing to each of the following requests for production and to serve the response to counsel for Defendants within thirty (30) days after service of the requests for production.

2.      Plaintiff is required to produce for inspection and copying the designated documents at the office of Defendants' counsel, Haynes and Boone, LLP, 600 Congress Avenue, Suite 1300, Austin, Texas 78701, or at such other place as may be agreed by the parties.

3.      In response to this request for production, provide all documents in your possession, custody or control, including all documents in the possession, custody or control of your attorneys or agents.  If your response to any request is that the document or documents are not in your possession, custody or control, identify who has possession, custody or control of the document and the location of the document.

4.      If a request seeks a document which to your knowledge does not exist, please state that the document does not exist.

5.      Without interfering with the readability of a document, please identify in some manner the request(s) to which the document is responsive.

6.      These requests for production are continuing in nature, and you are required to amend or supplement your responses if you or other persons acting on your behalf become aware of additional information between the time your answers are given and the time of trial that renders your responses no longer correct, accurate or complete.

7.      If you contend that you are entitled to withhold from production any documents identified in these requests for production on the basis of attorney-client privilege, work product doctrine or any other ground, follow the instructions described in sub-parts (a) - (e) below for each withheld document:

      (a)      describe the nature of the document (*e.g.*, letter or memorandum);

      (b)      state the date of the document;

      (c)      identify the person(s) who sent and received the document and/or any copy thereof;

(d)     without revealing the privileged information, identify the subject matter of the document; and

(e)     state the specific privilege(s) you assert regarding the document.

8.     Unless otherwise specified, the time period for these requests is from July 10, 2016 until the present time.

## II.
## DEFINITIONS

For purposes of these requests, the terms listed below are defined as follows:

1.     **Plaintiff, You, or Butowsky** refers to Edward Wayne Butowsky, and each of his agents, representatives, and attorneys and any other individual or entity presently or formerly acting on his behalf or at his request.

2.     **Defendants** refers to Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi and any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf.

3.     The term **document(s)** shall mean and include all written, typed, printed, recorded, taped, or pictorial matter of any kind or nature whatsoever, however produced or reproduced, in whatever form maintained, including electronically stored information such as metadata, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in the possession, custody or control of Plaintiff, and includes, but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, calendars, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, email, blogs, internet postings, text messages, instant messages, computer data (whether

on cards, compact disk, DVD, ISP server, or otherwise), telegrams, teletype, photographic matter, financial statements, accounting records, commission worksheets, and any other such documents and tangible things, whether in hard, digital or electronic version.  The term "document" also includes copies of documents upon which notations or writings appear that are not present on the originals or other copies of such documents.  In all cases where original and/or non-identical copies are not available, "document(s)" also means identical copies of original documents and copies of non-identical copies.  A document is deemed to be in Plaintiff's custody if Plaintiff has possession of the document or has the right to secure such document from another person having possession thereof.   All information available in electronic or magnetic medium should be provided electronically on an external hard drive in their native format.

4.      The term **electronically stored information**, when used in these Requests, refers to information stored on a computer, CD, DVD, disk, hard drive, or other magnetic or electronic device, including, without limitation, voicemail messages and files; email messages and files; deleted files, programs, or e-mails; data files; program files; backup and archival tapes; temporary files; system history files; website information stored in textual, graphical or audio format; website log files; cache files; text messages, instant messages, cookies; writings; drawings; graphs; charts; photographs; sound recordings; images; video recordings; and other data or data compilations stored in any medium from which information can be obtained or translated, if necessary, by Plaintiff into reasonably usable form.

5.      The term **communication**, when used in these Requests, refers to any oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to telephone, telegraph, mail, email, text message, instant messaging, telecopy, and personal conversation(s).

6.      The conjunction **or** as used in these requests should not be read to limit part of the request but, whenever applicable, it should have the same meaning as the word "and."   For example, an interrogatory stating "support or refer" should be read as "support and refer," if an answer that does both can be made.

7.      The word **and** means **and/or**.

8.      The term **Person** means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

9.      The term **Wheeler Lawsuit** refers to *Wheeler v. Twenty-First Century Fox, Inc., et. al.,* Case No. 1:17-CV-05087, filed in the United States District Court for the Southern District of New York on August 1, 2017, and the **Wheeler Complaint** refers to the Complaint filed therein.

10.      The **Rich Lawsuit** refers to *Rich v. Fox News Network, LLC*, Civil Action No. 1:18-cv-02223 (GBD) (S.D.N.Y. Mar. 13, 2018).

11.      The **DNC Email Leak** refers to a June 2016 security breach in which hundreds of thousands of documents were stolen from emails and networks associated with the Democratic National Committee and were subsequently released to WikiLeaks.

12.      The terms **referring to**, **concerning**, **relating to**, or **pertaining to** any given subject when used to specify a document, communication, or statement, shall mean or refer to any document, communication, or statement that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, discusses, mentions, supports, refutes, controverts, depicts, and or is in any manner whatsoever pertinent to that subject.

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, that establish the falsity of statements identified in response to Defendants' Interrogatories 1 and 2.

### REQUEST FOR PRODUCTION NO. 2:

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You or Rod Wheeler on the one hand, and Peter Newsham on the other.

### REQUEST FOR PRODUCTION NO. 3:

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You or Rod Wheeler on the one hand, and Donna Brazile on the other.

### REQUEST FOR PRODUCTION NO. 4:

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and anyone in Fox Legal Department on the other, including but not limited to Gerson Zweifach.

### REQUEST FOR PRODUCTION NO. 5:

Copies of all Facebook posts and direct messages sent or received by You from July 10, 2016 to present relating to: President Donald Trump; the Trump Administration; the Seth Rich murder or the media's reporting thereof; the DNC Email Leak; Fox News Network and any of its affiliates

or subsidiaries; Malia Zimmerman; Rod Wheeler; Julian Assange; Ellen Ratner; Brad Bauman; Jack Burkman; Joel, Mary or Aaron Rich; WikiLeaks; the Rich Lawsuit, its subject matter, or any parties thereto; or this lawsuit, its subject matter, or any parties thereto.

**REQUEST FOR PRODUCTION NO. 6:**

Copies of all social media posts and messages sent or received on the social media platform NextDoor.

**REQUEST FOR PRODUCTION NO. 7:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications relating to the murder of Seth Rich or the DNC Email Leak.

**REQUEST FOR PRODUCTION NO. 8:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications relating to Julian Assange and/or WikiLeaks.

**REQUEST FOR PRODUCTION NO. 9:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, related to the domains debunkingrodwheelersclaims.net and debunkingrodwheelersclaims.com.

**REQUEST FOR PRODUCTION NO. 10:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, relating to any actual or proposed book publishing or movie deals to which You are a party from December 1987 to present.

**REQUEST FOR PRODUCTION NO. 11:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You, on the one hand, and Lara Logan on the other from March 2008 to present.

**REQUEST FOR PRODUCTION NO. 12:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You, on the one hand, and Joseph Burkett on the other from March 2008 to present.

**REQUEST FOR PRODUCTION NO. 13:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and the company Shadowbox or any of its principals, employees, or agents, including but not limited to Trevor Fitzgibbon, Manuel Chavez (a/k/a Defango), Thomas Shoenberger (a/k/a Thomas St. Germain), and Beth Blackburn, including all documents reflecting any expenses incurred or payments made, including cryptocurrency payments, for services rendered by Shadowbox.

**REQUEST FOR PRODUCTION NO. 14:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and the company Silent Partner or Silent Partner IO or any of its employees or principals, including all documents reflecting any expenses incurred or payments made, including cryptocurrency payments, for services rendered by Silent Partner.

**REQUEST FOR PRODUCTION NO. 15:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Manuel Chavez (a/k/a Defango), including all documents reflecting any expenses incurred or payments made, including cryptocurrency payments, for services rendered by Mr. Chavez and any meetings you participated in with Manuel Chavez (a/k/a Defango).

**REQUEST FOR PRODUCTION NO. 16:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, periscopes, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and the company America First Media or any of its employees or principals, including but not limited to Matt Couch, Josh Flippo, or Bill Pierce, including all documents reflecting any expenses incurred, contributions, donations, or payments made, including cryptocurrency payments, by You to America First Media and any meetings you participated in with America First Media or any of its employees or principals.

**REQUEST FOR PRODUCTION NO. 17:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, relating to or reflecting a meeting on or about September 19-20, 2017, in which the Rich Family, the DNC Email Leak, the death of Seth Rich, or any of Defendants was discussed.

**REQUEST FOR PRODUCTION NO. 18:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Admiral James A. Lyons related to the death of Seth Rich or the source of the DNC Email Leak, including but not limited to any written commentary authored by You on behalf of Admiral Lyons.

**REQUEST FOR PRODUCTION NO. 19:**

All written commentary, whether published or unpublished, relating to the subject matter of this lawsuit, the Rich Lawsuit, the DNC Email Leak, or the murder of Seth Rich, including commentary written anonymously, under the names of other individuals, or under *noms de plume*, aliases, or assumed names.

**REQUEST FOR PRODUCTION NO. 20:**

All documents relating to the op-ed entitled "More cover-up questions: The curious murder of Seth Rich poses questions that just won't stay under the official rug," by Adm. James Lyons (Ret.), published in the *Washington Times* on March 1, 2018 online and March 2, 2018 in its print editions.

**REQUEST FOR PRODUCTION NO. 21:**

All FINRA documents, records, or communications related to your registration as a broker/dealer since December 1987.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to identify all businesses You own or have owned since Your departure from Morgan Stanley in 2002.

**REQUEST FOR PRODUCTION NO. 23:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting an April 28, 2017 meeting between You on the one hand, and your "friend who at the time worked in a high-level intelligence position for the executive branch," which you referenced in a September 16, 2019 Declaration in support of a Motion for Partial Summary Judgment in *Clevenger v. Dep't of Justice*, No. 1:18-cv-01568-LB (E.D.N.Y. Mar. 14, 2018) (Dkt. No. 32-1).

**REQUEST FOR PRODUCTION NO. 24:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and the "friend" referenced in a May 19, 2017 conversation between You and Rod Wheeler that is transcribed in part in Defendants' First Requests for Admission No. 36.

**REQUEST FOR PRODUCTION NO. 25:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You or Rod Wheeler on the one hand, and Ellen Ratner on the other.

**REQUEST FOR PRODUCTION NO. 26:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, relating to Ellen Ratner and her conversation(s) with Julian Assange and/or WikiLeaks about the DNC Email Leak, Seth Rich, Aaron Rich and/or the Mueller Report.

**REQUEST FOR PRODUCTION NO. 27:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting all appearances or interviews by You on The Young Turks broadcasts, podcasts or other programs.

**REQUEST FOR PRODUCTION NO. 28:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications in which You reference Benghazi, the "birther" conspiracy relating to the birthplace of former President Barack Obama, the Seth Rich murder conspiracy, or Aaron Rich's involvement in the DNC Email Leak from January 1, 2008 to present.

**REQUEST FOR PRODUCTION NO. 29:**

All information from the apps Phone View (referenced in an August 14, 2017 conversation between You and David Folkenflik), Signal, or any similar apps constituting, reflecting, or recording calls, texts, or other communications between You, on the one hand, and Rod Wheeler, Malia Zimmerman, or any Fox News employees on the other.

**REQUEST FOR PRODUCTION NO. 30:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting threats against You or your family from August 1, 2017 to present.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to identify all payments made by You for security services for You or any member of Your family from August 1, 2017 to present.

**REQUEST FOR PRODUCTION NO. 32:**

Any actual or proposed agreements (whether signed or unsigned) between You and anyone, including but not limited to Fox News, 21st Century Fox, the Rich family, Doug Wigdor, or Rod Wheeler, that relate to the murder of Seth Rich, Fox News' reporting on it, the allegations in the Wheeler Lawsuit, the allegations in the Rich Lawsuit, or the allegations in this lawsuit.

**REQUEST FOR PRODUCTION NO. 33:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Doug Wigdor or his representative on the other.

**REQUEST FOR PRODUCTION NO. 34:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Rod Wheeler or his representative on the other.

**REQUEST FOR PRODUCTION NO. 35:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications relating to the Zimmerman Article, including any and all drafts of the Zimmerman Article You received prior to publication.

**REQUEST FOR PRODUCTION NO. 36:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Bill Shine or his representative on the other.

**REQUEST FOR PRODUCTION NO. 37:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Adam Housley or his representative on the other.

**REQUEST FOR PRODUCTION NO. 38:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, evidencing Your contention that Adam Housley introduced Rod Wheeler to Malia Zimmerman.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to identify all college and post-graduate educational degrees You obtained.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to identify all interviews and public appearances in which You participated from December 1987 to present.

**REQUEST FOR PRODUCTION NO. 41:**

Any and all documents that you intend to use to support your claim for attorney's fees, including but not limited to, any formal agreements for services, billing records, or receipts of payment.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and discovery responses (including deposition transcripts) You have produced in the Rich Lawsuit.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and discovery responses (including deposition transcripts) You have produced in *Aaron Rich v. Butowsky, et al.*, Civil Action No. 1:18-cv-681 (RJL) filed in the United States District Court for the District of Columbia.

**REQUEST FOR PRODUCTION NO. 44:**

All documents evidencing Schwab's removal of Your businesses, including Chapwood Investments, from its platform; the reasons given for the removal; and the resulting losses caused by the removal.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and discovery responses (including deposition transcripts) You have produced or received in *Butowsky, et al. v. Charles Schwab Corporation, et al.*, Case No. 4:18-cv-00548-ALM-KPJ filed in the United States District Court for the Eastern District of Texas Sherman Division Arbitration.

Dated: September 30, 2019

Respectfully submitted,

By: */s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:    (512) 867-8400
Telecopier:    (512) 867-8470

Thomas J. Williams
State Bar No. 21578500
thomas.williams@haynesboone.com
HAYNES AND BOONE, LLP
301 Commerce Street, Suite 2600
Fort Worth, Texas 76102
Telephone:     (817) 347-6600
Telecopier:     (817) 347-6650

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2019, I electronically transmitted the foregoing to counsel of record via email.

*/s/ Laura Lee Prather*