# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ED BUTOWSKY, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| DAVID FOLKENFLIK; NPR, INC.; NPR.ORG; JARL MOHN; STACEY FOXWELL; MICHAEL ORESKES; CHRISTOPHER TURPIN; EDITH CHAPIN; LESLIE COOK; HUGH DELLIOS; PALLAVI GOGOI; and SARAH GILBERT, | § § § § § § § § § § | 4:18-CV-00442-ALM |
| Defendants. | § § | |

**DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF**

TO:  Ed Butowsky, by and through his attorneys of record, Ty Odell Clevenger, P.O. Box 20753, Brooklyn, NY 11202-0753, and Steven S. Biss, 300 West Main Street, Suite 102, Charlottesville, VA 22903.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi (collectively "Defendants") hereby request that Plaintiff Ed Butowsky ("Butowsky") respond to the following interrogatories in accordance with the instructions and definitions below.

**I.
INSTRUCTIONS**

1.  Plaintiff is required to respond in writing to each of the following interrogatories and to serve the response to counsel for Defendants, Haynes and Boone, LLP, 600 Congress Avenue, Suite 1300, Austin, Texas 78701, or at such other place as may be agreed by the parties, within thirty (30) days after service of these interrogatories.

2. Each interrogatory must operate and be responded to independently and, unless otherwise indicated, no interrogatory limits the scope of any other interrogatory.

3. Where knowledge or information in your possession is requested, the request extends to knowledge or information in the possession of your predecessors or successors, as well as to information in the possession of your officers, directors, agents, employees, servants, representatives, and, unless privileged, attorneys. Whenever an answer to these interrogatories contains information that is not based upon your personal knowledge, state the source and nature of such information.

4. If, in answering any interrogatory, you seek to invoke the procedures of Rule 33(d) of the Federal Rules of Civil Procedure, state fully all facts which support your contention that the burden of ascertaining the answer to the interrogatory is substantially the same for Defendants as it is for you, and specify those business records from which you contend Defendants may ascertain or derive the answer.

5. If you contend that any interrogatory is objectionable in whole or in part, state with particularity each objection, the basis for it, and the categories of information to which the objection applies, and respond to the interrogatory insofar as it is not deemed objectionable.

6. If you object to any interrogatory or fail to answer any interrogatory on the ground that either the attorney-client privilege or the work-product doctrine, or both, or any other claim of privilege applies, then, as to any such information and documents allegedly subject to such asserted privilege, you are requested to supply the following information: (i) the nature of the information or documents (*e.g.*, letter or memorandum); (ii) state the date of the information or document; (iii) identify the person(s) who sent and received the information or document and/or any copy thereof; (iv) without revealing the privileged information, identify the subject matter of

the information or document; and (v) state the specific privilege(s) you assert regarding the information or document.

7.  If in answering any of these interrogatories you encounter any ambiguity in construing the interrogatory or any definition or instruction relevant to the interrogatory, set forth the matter deemed ambiguous and the construction selected or used in answering the interrogatory.

8.  When requested to "identify," you should:

   a.  When identifying a natural person, provide the full name, present or last known address, telephone number, employer, and title.

   b.  When identifying a document, provide the Bates number if already produced or state its title, author, date, current location, and custodian.

   c.  When identifying a thing, provide the Bates number if already produced or describe the thing and state its current location and custodian.

9.  These interrogatories are continuing in nature, and you are to supplement your answers in a timely manner in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

10.  Unless otherwise specified, the time period for these interrogatories is from July 10, 2016 until the present time.

## II.
## DEFINITIONS

For purposes of these interrogatories, the terms listed below are defined as follows:

1.  **Plaintiff, You, or Butowsky** refers to Edward Wayne Butowsky, and each of his agents, representatives, and attorneys and any other individual or entity presently or formerly acting on his behalf or at his request.

2. **Defendants** refers to Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi and any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf.

3. The term **document(s)** shall mean and include all written, typed, printed, recorded, taped, or pictorial matter of any kind or nature whatsoever, however produced or reproduced, in whatever form maintained, including electronically stored information such as metadata, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in the possession, custody or control of Plaintiff, and includes, but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, calendars, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, email, blogs, internet postings, text messages, instant messages, computer data (whether on cards, compact disk, DVD, ISP server, or otherwise), telegrams, teletype, photographic matter, financial statements, accounting records, commission worksheets, and any other such documents and tangible things, whether in hard, digital or electronic version.  The term "document" also includes copies of documents upon which notations or writings appear that are not present on the originals or other copies of such documents.  In all cases where original and/or non-identical copies are not available, "document(s)" also means identical copies of original documents and copies of non-identical copies.  A document is deemed to be in Plaintiff's custody if Plaintiff has possession of the document or has the right to secure such document from another person having possession thereof.  All information available in electronic or magnetic medium should be provided electronically on an external hard drive in their native format.

**DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF** **PAGE 4**

4. The term **electronically stored information**, when used in these interrogatories, refers to information stored on a computer, CD, DVD, disk, hard drive, or other magnetic or electronic device, including, without limitation, voicemail messages and files; email messages and files; deleted files, programs, or e-mails; data files; program files; backup and archival tapes; temporary files; system history files; website information stored in textual, graphical or audio format; website log files; cache files; text messages, instant messages, cookies; writings; drawings; graphs; charts; photographs; sound recordings; images; video recordings; and other data or data compilations stored in any medium from which information can be obtained or translated, if necessary, by Plaintiff into reasonably usable form.

5. The term **communication**, when used in these interrogatories, refers to any oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to telephone, telegraph, mail, email, text message, instant messaging, telecopy, and personal conversation(s).

6. The conjunction **or** as used in these interrogatories should not be read to limit part of the interrogatory but, whenever applicable, it should have the same meaning as the word "and." For example, an interrogatory stating "support or refer" should be read as "support and refer," if an answer that does both can be made.

7. The word **and** means **and/or**.

8. The term **Person** means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

9. The term **Wheeler Complaint** refers to Plaintiff's Complaint in *Wheeler v. Twenty-First Century Fox, Inc., et. al.,* Case No. 1:17-CV-05087, filed in the United States District Court for the Southern District of New York on August 1, 2017.

10. The terms **referring to**, **concerning**, **relating to**, or **pertaining to** any given subject when used to specify a document, communication, or statement, shall mean or refer to any document, communication, or statement that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, discusses, mentions, supports, refutes, controverts, depicts, and or is in any manner whatsoever pertinent to that subject.

11. The **August 1 Report** refers to David Folkenflik, *Behind Fox News' Baseless Seth Rich Story: The Untold Tale*, NPR.ORG (Aug. 1, 2017 7:23 AM), https://www.npr.org/2017/08/01/540783715/lawsuit-alleges-fox-news-and-trump-supporter-created-fake-news-story.

12. The **August 7 Report** refers to David Folkenflik, *Fox News' Seth Rich Story Echoes Previous Problems For Owner Rupert Murdoch*, NPR.ORG (Aug. 7, 2017 4:16 PM), https://www.npr.org/2017/08/07/542087047/fox-news-seth-rich-story-echoes-previous-problems-for-owner-rupert-murdoch.

13. The **August 7 Mediaite Interview** refers to Ken Meyer, *David Folkenflik: 'Very Hard to Rule Out' White House Involvement in Seth Rich Conspiracy*, MEDIAITE.COM (Aug. 7, 2017 9:53 AM), https://www.mediaite.com/online/david-folkenflik-very-hard-to-rule-out-white-house-involvement-in-seth-rich-conspiracy/

14. The **August 16 Report** refers to David Folkenflik, *The Man Behind The Scenes In Fox News' Discredited Seth Rich Story*, NPR.ORG (Aug. 16, 2017 5:04 AM),

https://www.npr.org/2017/08/16/543830392/the-role-of-ed-butowsky-in-advancing-retracted-seth-rich-story.

15. The **September 15 Report** refers to David Folkenflik, *No Apology, No Explanation: Fox News And The Seth Rich Story*, NPR.ORG (Sept. 15, 2017 5:06 AM), https://www.npr.org/2017/09/15/551163406/fox-news-has-yet-to-explain-what-what-wrong-in-seth-rich-story.

16. The **September 19 Report** refers to David Folkenflik, *Fox News Fights Back On Lawsuit Filed Over Seth Rich Story*, NPR.ORG (Sept. 19, 2017 5:53 PM), https://www.npr.org/2017/09/19/552133180/fox-news-fights-back-on-lawsuit-filed-over-seth-rich-story.

17. The **Contested Tweets** refers to all Tweets published by Plaintiffs and referenced in the Amended Complaint in this action.

18. The **Reports at Issue** refers to the August 1 Report, the August 7 Report, the August 7 Mediaite Interview, the August 16 Report, the September 15 Report, The September 19 Report, and the Contested Tweets.

19. The **DNC Email Leak** refers to a June 2016 security breach in which hundreds of thousands of documents were stolen from emails and networks associated with the Democratic National Committee and were subsequently released to WikiLeaks.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each and every statement in the Reports at Issue that you allege is false and defamed you, and for each statement:

  a) explain specifically what is false about the statement;
  b) explain what you contend the truth is;

   c) explain specifically how the statement injured your reputation;

   d) identify all facts that support your contention that the statement is false;

   e) identify all documents that support your contention that the statement is false; and

   f) identify all persons and entities with knowledge regarding the truth or falsity of the statement.

**INTERROGATORY NO. 2:**

To the extent that you contend that the Reports at Issue contain a false and defamatory implication, identify each and every implication that you allege is false and defamed you, and for each implication:

   a) identify the specific statements and images in the Reports at Issue that you allege give rise to the implication;

   b) explain specifically what is false about the implication;

   c) explain what you contend the truth is;

   d) explain specifically how the implication injured your reputation;

   e) identify all facts that support your contention that the implication is false;

   f) identify all documents that support your contention that the implication is false; and

   g) identify all persons and entities with knowledge regarding the truth or falsity of the implication.

**INTERROGATORY NO. 3:**

Identify all public appearances You made from July 10, 2016 until the present time, including but not limited to social media, online interviews, and television in which the murder of Seth Rich or the DNC Email Leak was discussed.

**INTERROGATORY NO. 4:**

Identify all individuals with whom you have spoken about Your concerns about Your reputation and/or reputation management issues in response to publications at issue in this lawsuit.

**DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF**                                                **PAGE 8**

**INTERROGATORY NO. 5:**

Identify all individuals with whom you have spoken regarding the subject matter of this lawsuit.

**INTERROGATORY NO. 6:**

Identify the "friend" referenced in a May 19, 2017 conversation between You and Rod Wheeler reproduced in part in Defendants' First Request for Admission Number 36.

**INTERROGATORY NO. 7:**

Identify all mobile phone numbers and mobile phone service providers with which You had an account during the relevant time period and the date ranges in which you had those accounts.

**INTERROGATORY NO. 8:**

Identify every individual who has stopped using your financial services as a result of Defendants' allegedly defamatory statements.

**INTERROGATORY NO. 9:**

Identify all economic and non-economic damages and/or loses you believe you sustained as a direct result of Defendants' alleged conduct, including a detailed description of all injuries you sustained, including their nature, extent and duration.

**INTERROGATORY NO. 10:**

Identify all businesses You own, have owned, or had an ownership interest in since leaving Morgan Stanley in 2002.

**INTERROGATORY NO. 11:**

Identify all involvement You have had with the Republican party or any related entities, including affiliate or subsidiary organizations, from 1987 to present.

**INTERROGATORY NO. 12:**

Identify all lawsuits in which You have been a party since January 1, 2010.

**INTERROGATORY NO. 13:**

Identify all settlement agreements, releases, covenants not to sue, or drafts thereof, whether proposed or executed, to which You have been a party since January 1, 2010.

Dated: September 30, 2019

                                                Respectfully submitted,

By: */s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:     (512) 867-8400
Telecopier:    (512) 867-8470

Thomas J. Williams
State Bar No. 21578500
thomas.williams@haynesboone.com
HAYNES AND BOONE, LLP
301 Commerce Street, Suite 2600
Fort Worth, Texas 76102
Telephone:     (817) 347-6600
Telecopier:    (817) 347-6650
*Attorneys for Defendants*

**DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF**        **PAGE 10**

## CERTIFICATE OF SERVICE

      I hereby certify that on September 30, 2019, I electronically transmitted the foregoing to counsel of record via email.

                                                                         */s/ Laura Lee Prather*