# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ED BUTOWSKY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| DAVID FOLKENFLIK; NPR, INC.; NPR.ORG; JARL MOHN; STACEY FOXWELL; MICHAEL ORESKES; CHRISTOPHER TURPIN; EDITH CHAPIN; LESLIE COOK; HUGH DELLIOS; PALLAVI GOGOI; and SARAH GILBERT, | § § § § § § § § § § | 4:18-CV-00442-ALM |
| Defendants. | § § | |

**DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

TO: Ed Butowsky, by and through his attorneys of record, Ty Odell Clevenger, P.O. Box 20753, Brooklyn, NY 11202-0753, and Steven S. Biss, 300 West Main Street, Suite 102, Charlottesville, VA 22903.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi (collectively "Defendants") submit the following Third Set of Requests for Production ("Requests") to Plaintiff Ed Butowsky ("Butowsky" or "Plaintiff").

**I.
INSTRUCTIONS**

1.  Plaintiff is required to respond in writing to each of the following requests for production and to serve the response to counsel for Defendants within thirty (30) days after service of the requests for production.

2. Plaintiff is required to produce for inspection and copying the designated documents at the office of Defendants' counsel, Haynes and Boone, LLP, 600 Congress Avenue, Suite 1300, Austin, Texas 78701, or at such other place as may be agreed by the parties.

3. In response to this request for production, provide all documents in your possession, custody or control, including all documents in the possession, custody or control of your attorneys or agents. If your response to any request is that the document or documents are not in your possession, custody or control, identify who has possession, custody or control of the document and the location of the document.

4. If a request seeks a document which to your knowledge does not exist, please state that the document does not exist.

5. Without interfering with the readability of a document, please identify in some manner the request(s) to which the document is responsive.

6. These requests for production are continuing in nature, and you are required to amend or supplement your responses if you or other persons acting on your behalf become aware of additional information between the time your answers are given and the time of trial that renders your responses no longer correct, accurate or complete.

7. If you contend that you are entitled to withhold from production any documents identified in these requests for production on the basis of attorney-client privilege, work product doctrine or any other ground, follow the instructions described in sub-parts (a) - (e) below for each withheld document:

    (a) describe the nature of the document (*e.g.*, letter or memorandum);

    (b) state the date of the document;

    (c) identify the person(s) who sent and received the document and/or any copy thereof;

(d) without revealing the privileged information, identify the subject matter of the document; and

(e) state the specific privilege(s) you assert regarding the document.

8. Unless otherwise specified, the time period for these requests is from July 10, 2016 until the present time.

## II.
## DEFINITIONS

For purposes of these requests, the terms listed below are defined as follows:

1. **Plaintiff, You, or Butowsky** refers to Edward Wayne Butowsky, and each of his agents, representatives, and attorneys and any other individual or entity presently or formerly acting on his behalf or at his request.

2. **Defendants** refers to Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi and any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf.

3. The term **document(s)** shall mean and include all written, typed, printed, recorded, taped, or pictorial matter of any kind or nature whatsoever, however produced or reproduced, in whatever form maintained, including electronically stored information such as metadata, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in the possession, custody or control of Plaintiff, and includes, but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, calendars, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, email, blogs, internet postings, text messages, instant messages, computer data (whether

on cards, compact disk, DVD, ISP server, or otherwise), telegrams, teletype, photographic matter, financial statements, accounting records, commission worksheets, and any other such documents and tangible things, whether in hard, digital or electronic version.  The term "document" also includes copies of documents upon which notations or writings appear that are not present on the originals or other copies of such documents.  In all cases where original and/or non-identical copies are not available, "document(s)" also means identical copies of original documents and copies of non-identical copies.  A document is deemed to be in Plaintiff's custody if Plaintiff has possession of the document or has the right to secure such document from another person having possession thereof.  All information available in electronic or magnetic medium should be provided electronically on an external hard drive in their native format.

    4.    The term **electronically stored information**, when used in these Requests, refers to information stored on a computer, CD, DVD, disk, hard drive, or other magnetic or electronic device, including, without limitation, voicemail messages and files; email messages and files; deleted files, programs, or e-mails; data files; program files; backup and archival tapes; temporary files; system history files; website information stored in textual, graphical or audio format; website log files; cache files; text messages, instant messages, cookies; writings; drawings; graphs; charts; photographs; sound recordings; images; video recordings; and other data or data compilations stored in any medium from which information can be obtained or translated, if necessary, by Plaintiff into reasonably usable form.

    5.    The term **communication**, when used in these Requests, refers to any oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to telephone, telegraph, mail, email, text message, instant messaging, telecopy, and personal conversation(s).

**DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**    **PAGE 4**

6. The conjunction **or** as used in these requests should not be read to limit part of the request but, whenever applicable, it should have the same meaning as the word "and." For example, an interrogatory stating "support or refer" should be read as "support and refer," if an answer that does both can be made.

7. The word **and** means **and/or**.

8. The term **Person** means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

9. The term **Wheeler Lawsuit** refers to *Wheeler v. Twenty-First Century Fox, Inc., et. al.,* Case No. 1:17-CV-05087, filed in the United States District Court for the Southern District of New York on August 1, 2017, and the **Wheeler Complaint** refers to the Complaint filed therein.

10. The **Rich Lawsuit** refers to *Rich v. Fox News Network, LLC*, Civil Action No. 1:18-cv-02223 (GBD) (S.D.N.Y. Mar. 13, 2018).

11. The **DNC Email Leak** refers to a June 2016 security breach in which hundreds of thousands of documents were stolen from emails and networks associated with the Democratic National Committee and were subsequently released to WikiLeaks.

12. The terms **referring to**, **concerning**, **relating to**, or **pertaining to** any given subject when used to specify a document, communication, or statement, shall mean or refer to any document, communication, or statement that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, discusses, mentions, supports, refutes, controverts, depicts, and or is in any manner whatsoever pertinent to that subject.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Sally Davis on the other, including but not limited to the correspondence alleged in Footnote 4 of the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 2:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between Seymour Hersh on the one hand, and anyone, including but not limited to Malia Zimmerman, on the other, including the correspondence alleged in Footnote 6 of the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 3:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, that support Your allegation in Footnote 7 of the Second Amended Complaint that "Wheeler is the one who investigated the matter [of the murder of Seth Rich] and came up with the theory that Seth Rich's murder was ***not* the result of a botched robbery**" (emphasis in original).

**REQUEST FOR PRODUCTION NO. 4:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, or transcripts constituting, reflecting, or relating to the alleged conference calls

taking place on "May 10, 2017 (10:30 am), May 11, 2017 (9:52 am and 10:12 am), and May 15, 2017 (11:22 am and 1:13 am)," referenced in ¶ 137 of the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 5:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, or transcripts constituting, reflecting, relating to, or supporting your allegations in Plaintiff's Second Amended Complaint, ¶¶ 168-169 that Kathryn Murdock requested, for political reasons, that Fox pull the Zimmerman article.

Dated: October 18, 2019

        Respectfully submitted,

        By:  */s/ Laura Lee Prather*
        Laura Lee Prather
        State Bar No. 16234200
        laura.prather@haynesboone.com
        Wesley D. Lewis
        State Bar No. 24106204
        wesley.lewis@haynesboone.com
        HAYNES AND BOONE, LLP
        600 Congress Avenue, Suite 1300
        Austin, Texas 78701
        Telephone:     (512) 867-8400
        Telecopier:     (512) 867-8470

        Thomas J. Williams
        State Bar No. 21578500
        thomas.williams@haynesboone.com
        HAYNES AND BOONE, LLP
        301 Commerce Street, Suite 2600
        Fort Worth, Texas 76102
        Telephone:     (817) 347-6600
        Telecopier:     (817) 347-6650

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2019, I electronically transmitted the foregoing to counsel of record via email.

*/s/ Laura Lee Prather*