# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ED BUTOWSKY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| DAVID FOLKENFLIK; NPR, INC.; NPR.ORG; EDITH CHAPIN; LESLIE COOK; and PALLAVI GOGOI, | § § § § § § | 4:18-CV-00442-ALM |
| Defendants. | § § | |

**DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFF**

TO:   Ed Butowsky, by and through his attorneys of record, Ty Odell Clevenger, P.O. Box 20753, Brooklyn, NY 11202-0753, and Steven S. Biss, 300 West Main Street, Suite 102, Charlottesville, VA 22903.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi (collectively "Defendants") hereby request that Plaintiff Ed Butowsky ("Butowsky" or "Plaintiff") respond to the following interrogatory in accordance with the instructions and definitions below.

# I.
# INSTRUCTIONS

1.   Plaintiff is required to respond in writing to each of the following interrogatories and to serve the response to counsel for Defendants, Haynes and Boone, LLP, 600 Congress Avenue, Suite 1300, Austin, Texas 78701, or at such other place as may be agreed by the parties, within thirty (30) days after service of these interrogatories.

2.   Each interrogatory must operate and be responded to independently and, unless otherwise indicated, no interrogatory limits the scope of any other interrogatory.

3. Where knowledge or information in your possession is requested, the request extends to knowledge or information in the possession of your predecessors or successors, as well as to information in the possession of your officers, directors, agents, employees, servants, representatives, and, unless privileged, attorneys. Whenever an answer to these interrogatories contains information that is not based upon your personal knowledge, state the source and nature of such information.

4. If, in answering any interrogatory, you seek to invoke the procedures of Rule 33(d) of the Federal Rules of Civil Procedure, state fully all facts which support your contention that the burden of ascertaining the answer to the interrogatory is substantially the same for Defendants as it is for you, and specify those business records from which you contend Defendants may ascertain or derive the answer.

5. If you contend that any interrogatory is objectionable in whole or in part, state with particularity each objection, the basis for it, and the categories of information to which the objection applies, and respond to the interrogatory insofar as it is not deemed objectionable.

6. If you object to any interrogatory or fail to answer any interrogatory on the ground that either the attorney-client privilege or the work-product doctrine, or both, or any other claim of privilege applies, then, as to any such information and documents allegedly subject to such asserted privilege, you are requested to supply the following information: (i) the nature of the information or documents (*e.g.*, letter or memorandum); (ii) state the date of the information or document; (iii) identify the person(s) who sent and received the information or document and/or any copy thereof; (iv) without revealing the privileged information, identify the subject matter of the information or document; and (v) state the specific privilege(s) you assert regarding the information or document.

7. If in answering any of these interrogatories you encounter any ambiguity in construing the interrogatory or any definition or instruction relevant to the interrogatory, set forth the matter deemed ambiguous and the construction selected or used in answering the interrogatory.

8. When requested to "identify," you should:

   a. When identifying a natural person, provide the full name, present or last known address, telephone number, employer, and title.

   b. When identifying a document, provide the Bates number if already produced or state its title, author, date, current location, and custodian.

   c. When identifying a thing, provide the Bates number if already produced or describe the thing and state its current location and custodian.

9. These interrogatories are continuing in nature, and you are to supplement your answers in a timely manner in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

10. Unless otherwise specified, the time period for these interrogatories is from July 10, 2016 until the present time.

## II.
## DEFINITIONS

For purposes of these interrogatories, the terms listed below are defined as follows:

1. **Plaintiff, You, or Butowsky** refers to Edward Wayne Butowsky, and each of his agents, representatives, and attorneys and any other individual or entity presently or formerly acting on his behalf or at his request.

2. **Defendants** refers to Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi and any of their officers, employees, agents,

representatives, attorneys or any other individual or entity presently or formerly acting on their behalf.

3. The term **document(s)** shall mean and include all written, typed, printed, recorded, taped, or pictorial matter of any kind or nature whatsoever, however produced or reproduced, in whatever form maintained, including electronically stored information such as metadata, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in the possession, custody or control of Plaintiff, and includes, but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, calendars, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, email, blogs, internet postings, text messages, instant messages, computer data (whether on cards, compact disk, DVD, ISP server, or otherwise), telegrams, teletype, photographic matter, financial statements, accounting records, commission worksheets, and any other such documents and tangible things, whether in hard, digital or electronic version. The term "document" also includes copies of documents upon which notations or writings appear that are not present on the originals or other copies of such documents. In all cases where original and/or non-identical copies are not available, "document(s)" also means identical copies of original documents and copies of non-identical copies. A document is deemed to be in Plaintiff's custody if Plaintiff has possession of the document or has the right to secure such document from another person having possession thereof. All information available in electronic or magnetic medium should be provided electronically on an external hard drive in their native format.

4. The term **electronically stored information**, when used in these interrogatories, refers to information stored on a computer, CD, DVD, disk, hard drive, or other magnetic or

electronic device, including, without limitation, voicemail messages and files; email messages and files; deleted files, programs, or e-mails; data files; program files; backup and archival tapes; temporary files; system history files; website information stored in textual, graphical or audio format; website log files; cache files; text messages, instant messages, cookies; writings; drawings; graphs; charts; photographs; sound recordings; images; video recordings; and other data or data compilations stored in any medium from which information can be obtained or translated, if necessary, by Plaintiff into reasonably usable form.

5. The term **communication**, when used in these interrogatories, refers to any oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to telephone, telegraph, mail, email, text message, instant messaging, telecopy, and personal conversation(s).

6. The conjunction **or** as used in these interrogatories should not be read to limit part of the interrogatory but, whenever applicable, it should have the same meaning as the word "and." For example, an interrogatory stating "support or refer" should be read as "support and refer," if an answer that does both can be made.

7. The word **and** means **and/or**.

8. The term **Person** means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

9. The terms **referring to**, **concerning**, **relating to**, or **pertaining to** any given subject when used to specify a document, communication, or statement, shall mean or refer to any document, communication, or statement that constitutes, contains, embodies, reflects, identifies,

states, refers to, deals with, discusses, mentions, supports, refutes, controverts, depicts, and or is in any manner whatsoever pertinent to that subject.

## INTERROGATORIES

**INTERROGATORY NO. 14:**

Identify all special damages, including any realized or liquidated direct pecuniary loss, that you incurred as a result of the Defendants' alleged business disparagement.

Dated: October 18, 2019

Respectfully submitted,

By: */s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:   (512) 867-8400
Telecopier:   (512) 867-8470

Thomas J. Williams
State Bar No. 21578500
thomas.williams@haynesboone.com
HAYNES AND BOONE, LLP
301 Commerce Street, Suite 2600
Fort Worth, Texas 76102
Telephone:   (817) 347-6600
Telecopier:   (817) 347-6650
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2019, I electronically transmitted the foregoing to counsel of record via email.

*/s/ Laura Lee Prather*