# EXHIBIT 13

# Ballard Spahr
### LLP

– – – – – – – – – – – – – – – – – – –
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
TEL 602.798.5400
FAX 602.798.5595
www.ballardspahr.com

David J. Bodney
Tel: 602.798.5454
Fax: 602.798.5595
bodneyd@ballardspahr.com

November 21, 2019

*Via E-mail
and U.S. Mail*

Steven Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
stevenbiss@earthlink.net

Re:     *Butowsky v. Folkenflik, et al.*, No. 4:18-CV-0042 (E.D. Tex.)

Dear Mr. Biss:

As you know, I have entered an appearance on behalf of Defendants National Public Radio, Inc., David Folkenflik, Edith Chapin, Leslie Cook and Pallavi Gogoi (collectively, "NPR") in the above-referenced litigation. I look forward to working with you as we serve our clients' respective interests over the coming months by endeavoring to resolve this litigation in a prompt, efficient and professional manner.

I write because my clients have been trying to obtain documents and information from your client for several months. Specifically, my co-counsel, Laura Prather, served Defendants' First Set of Requests for Production on July 8, 2019 – more than four months ago. Your client's response was due by August 7, 2019. As of the date of this letter, you and your client have produced no documents whatsoever. Therefore, this letter is intended to provide notice and one further opportunity for you and Mr. Butowsky to cure Plaintiff's discovery deficiencies, before we have no choice but to file a motion to compel discovery and secure related remedies.

## I.     DOCUMENTS

### A.     First Set of Requests for Production

On July 8, 2019, NPR requested documents from your client pursuant to Rule 34 of the Federal Rules of Civil Procedure. On August 5, 2019, you sent us your Objections, Answers and Responses, and you represented that your client had already provided documents to you on a mobile drive. (Email from S. Biss to L. Prather dated Aug. 5, 2019.) You further stated that once you downloaded the documents, you would deliver them to us via HighTail. *Id.* You failed to do so. On September 13, 2019, NPR responded to your Objections, Answers

Steven Biss
November 21, 2019
Page 2

and Responses. (Letter from L. Prather to S. Biss dated Sept. 13, 2019.) At that time, NPR identified deficiencies in your discovery responses and requested an update regarding the status of the document production. *Id.* On October 20, 2019, you assured us that you would provide us with your client's documents by *October 23*. (Email from S. Biss to L. Prather dated Oct. 20, 2019.) You again failed to produce the requested documents. *Id.* On November 9, 2019, when providing your Objections, Answers and Responses to Defendants' Second Set of Discovery Requests, you stated that you would produce your client's documents to us by the morning of *November 10*. (Email from S. Biss to L. Prather dated Nov. 9, 2019.) Yet again, you failed to do so.

NPR produced its initial set of documents to Plaintiff on or about September 28, 2019. (Letter from W. Lewis to S. Biss dated Sept. 27, 2019.) In that production, some 6,721 pages of responsive records from NPR were made available to you by secure link for downloading. In light of these facts, there is no conceivable basis for your continued failure to comply with NPR's discovery requests and honor your various promises to produce. Accordingly, we demand that you immediately produce documents pursuant to Defendants' First Set of Requests for Production. If you fail to produce the requested documents by **December 2, 2019**, we intend to file a motion to compel and seek sanctions pursuant to Federal Rule of Civil Procedure 37.

**B.**  **Second Set of Requests for Production**

On September 30, 2019, NPR submitted its Second Set of Requests for Production to your client. Your Objections to Defendants' Second Set of Requests for Production fail to comply with your obligations to disclose relevant information pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. Specifically, the following Requests for Production call for the production of documents that are directly relevant to the claims at issue in this litigation, and plaintiff's objections provide no basis for concealing these records:

10. Request for Production No. 10 requests "[a]ll documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, relating to any actual or proposed book publishing or movie deals to which You are a party from December 1987 to present." You objected to this Request based on "relevance; overbroad." This Request seeks documents relevant to, among other things, Plaintiff's reputation and damages claims, and to NPR's defense of truth and affirmative defenses.

11. Request for Production No. 11 requests "[a]ll documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You, on the one hand, and Lara Logan on the other from March 2008 to present." You objected to this Request based on

Steven Biss
November 21, 2019
Page 3

"relevance and proportionality; overbroad; unduly burdensome." This Request seeks documents relevant to, among other things, Plaintiff's reputation and damages claims, and to NPR's defense of truth and affirmative defenses.

13.  Request for Production No. 13 requests "[a]ll documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and the company Shadowbox or any of its principals, employees, or agents, including but not limited to Trevor Fitzgibbon, Manuel Chavez (a/k/a Defango), Thomas Shoenberger (a/k/a Thomas St. Germain), and Beth Blackburn, including all documents reflecting any expenses incurred or payments made, including cryptocurrency payments, for services rendered by Shadowbox." You objected to this Request based on "relevance and proportionality; overbroad; unduly burdensome." This Request is relevant to, among other things, Plaintiff's reputation and damages claims, and to NPR's defense of truth and affirmative defenses.

14.  Request for Production No. 14 requests "[a]ll documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and the company Silent Partner or Silent Partner IO or any of its employees or principals, including all documents reflecting any expenses incurred or payments made, including cryptocurrency payments, for services rendered by Silent Partner." You objected to this Request based on "relevance and proportionality; overbroad; unduly burdensome." This Request is relevant to, among other things, Plaintiff's reputation and damages claims, and to NPR's defense of truth and affirmative defenses.

15.  Request for Production No. 15 requested "[a]ll documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Manuel Chavez (a/k/a Defango), including all documents reflecting any expenses incurred or payments made, including cryptocurrency payments, for services rendered by Mr. Chavez and any meetings you participated in with Manuel Chavez (a/k/a Defango)." You objected to this Request based on "relevance and proportionality; overbroad; unduly burdensome." This Request is relevant to, among other things, Plaintiff's reputation and damages claims, and to NPR's defense of truth and affirmative defenses.

16.  Request for Production No. 16 requests "[a]ll documents, including correspondence, electronically stored information, emails, video and audio

Steven Biss
November 21, 2019
Page 4

recordings, periscopes, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and the company America First Media or any of its employees or principals, including but not limited to Matt Couch, Josh Flippo, or Bill Pierce, including all documents reflecting any expenses incurred, contributions, donations, or payments made, including cryptocurrency payments, by You to America First Media and any meetings you participated in with America First Media or any of its employees or principals." You objected to this Request based on "relevance and proportionality; overbroad; unduly burdensome." This Request is relevant to, among other things, Plaintiff's reputation and damages claims, and to NPR's defense of truth and affirmative defenses.

17.   Request for Production No. 17 requests "[a]ll documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, relating to or reflecting a meeting on or about September 19-20, 2017, in which the Rich Family, the DNC Email Leak, the death of Seth Rich, or any of Defendants was discussed." You objected to this Request based on "relevance and proportionality; overbroad; unduly burdensome." This Request is relevant to, among other things, Plaintiff's reputation and damages claims, and to NPR's defense of truth and affirmative defenses.

18.   Request for Production No. 18 requests "[a]ll documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Admiral James A. Lyons related to the death of Seth Rich or the source of the DNC Email Leak, including but not limited to any written commentary authored by You on behalf of Admiral Lyons." You objected to this Request based on "relevance and proportionality; overbroad; unduly burdensome." This Request is relevant to, among other things, Plaintiff's reputation and damages claims, and to NPR's defense of truth and affirmative defenses.

19.   The documents requested in Request for Production No. 19 requests "[a]ll written commentary, whether published or unpublished, relating to the subject matter of this lawsuit, the Rich Lawsuit, the DNC Email Leak, or the murder of Seth Rich, including commentary written anonymously, under the names of other individuals, or under noms de plume, aliases, or assumed names." You objected to this Request based on "relevance and proportionality; overbroad; unduly burdensome." This Request is relevant to, among other things, Plaintiff's reputation and damages claims, and to NPR's defense of truth and affirmative defenses.

Steven Biss
November 21, 2019
Page 5

21.     Request for Production No. 21 requests "[a]ll FINRA documents, records, or
        communications related to your registration as a broker/dealer since December
        1987." You objected to this Request based on "relevance and proportionality;
        overbroad; unduly burdensome." This Request is relevant to, among other
        things, Plaintiff's reputation and damages claims.

22.     Request for Production No. 22 requests "[d]ocuments sufficient to identify all
        businesses You own or have owned since Your departure from Morgan Stanley
        in 2002." You objected to this Request based on "relevance and
        proportionality; overbroad; unduly burdensome." This Request is relevant to,
        among other things, Plaintiff's reputation and damages.

26.     Request for Production No. 26 requests "[a]ll documents, including
        correspondence, electronically stored information, emails, video and audio
        recordings, voicemail, and text messages, relating to Ellen Ratner and her
        conversation(s) with Julian Assange and/or WikiLeaks about the DNC Email
        Leak, Seth Rich, Aaron Rich and/or the Mueller Report." We assume that your
        answer to this Request implies that you disclosed all requested documents
        relevant to the Request. *To the extent you become aware of additional facts
        relevant to* Request for Production No. 26*, we expect you to promptly
        supplement your answer.*

32.     Request for Production No. 32 requests "[a]ny actual or proposed agreements
        (whether signed or unsigned) between You and anyone, including but not
        limited to Fox News, 21st Century Fox, the Rich family, Doug Wigdor, or Rod
        Wheeler, that relate to the murder of Seth Rich, Fox News' reporting on it, the
        allegations in the Wheeler Lawsuit, the allegations in the Rich Lawsuit, or the
        allegations in this lawsuit." You objected based on "relevance and
        proportionality; overbroad; unduly burdensome; privileged and confidential."
        This Request is relevant to, among other things, Plaintiff's reputation and
        damages claims, and to NPR's defense of truth and affirmative defenses.

35.     Request for Production No. 35 requests "[a]ll documents, including
        correspondence, electronically stored information, emails, video and audio
        recordings, voicemail, and text messages, constituting or reflecting
        communications relating to the Zimmerman Article, including any and all
        drafts of the Zimmerman Article You received prior to publication." You
        objected based on "relevance and proportionality; overbroad; unduly
        burdensome." This Request is relevant to, among other things, Plaintiff's
        reputation and damages claims, and to NPR's defense of truth and affirmative
        defenses.

Steven Biss
November 21, 2019
Page 6

39.     Request for Production No. 39 requests "[d]ocuments sufficient to identify all college and post-graduate educational degrees You obtained." You objected to this Request based on "relevance and proportionality; overbroad; unduly burdensome." This Request is relevant to, among other things, Plaintiff's reputation and damages.

40.     Request for Production No. 40 requests "[d]ocuments sufficient to identify all interviews and public appearances in which You participated from December 1987 to present." You objected based on "relevance and proportionality; overbroad; unduly burdensome." This Request is relevant to, among other things, Plaintiff's reputation, status as a public figure, alleged damages and NPR's related defenses.

42.     Request for Production No. 42 requests "[a]ll documents and discovery responses (including deposition transcripts) You have produced in the Rich Lawsuit." You objected based on "relevance and proportionality; overbroad; unduly burdensome." This Request is relevant to, among other things, Plaintiff's reputation and damages claims, and to NPR's defense of truth and affirmative defenses.

43.     Request for Production No. 43 requests "[a]ll documents and discovery responses (including deposition transcripts) You have produced in *Aaron Rich v. Butowsky, et al.*, Civil Action No. 1:18-cv-681 (RJL) filed in the United States District Court for the District of Columbia." You objected based on "relevance and proportionality; overbroad; unduly burdensome." This Request is relevant to, among other things, Plaintiff's reputation and damages claims, and to NPR's defense of truth and affirmative defenses.

To the extent your objections relate to attorney-client privilege, we expect you to produce a privilege log consistent with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. To the extent your objections relate to overbreadth, proportionality or undue burden, you fail to articulate specific concerns or propose an alternative set of documents that would be sufficiently proportional or delimited. We demand you either supplement your Objections, Answers and Responses to Defendants' Second Set of Discovery Requests or produce documents pursuant to the above-referenced Requests for Production.

Additionally, Defendants call on you to produce documents pursuant to Requests for Production Nos. 1, 3, 4, 6, 7, 8, 25, 30, 33, 34, 37 and 44, as you said you would in your responses to Defendants' Second Set of Discovery Requests.

Accordingly, we request that you immediately produce documents pursuant to Defendants' Second Set of Requests for Production. If you fail to produce the requested

Steven Biss
November 21, 2019
Page 7

documents by **December 2, 2019**, we intend to file a motion to compel and seek sanctions pursuant to Federal Rule of Civil Procedure 37.

## II.  INTERROGATORIES

In addition to your failure to produce documents pursuant to Defendants' Requests for Production, your responses to Defendants' Interrogatories are woefully inadequate. We address specific issues with your Objections, Answers and Responses to Defendants' First Set of Interrogatories below:

2. Your answer to Interrogatory No. 2 implies that you disclosed all information relevant to Interrogatory No. 2 in your answer to Interrogatory No. 1. *To the extent you become aware of additional facts relevant to Interrogatory No. 2, we expect you to promptly supplement your answer.*

4. Interrogatory No. 4 does *not* request that you disclose the content of any attorney-client communication, but rather asks you to "[i]dentify all individuals with whom you have spoken about Your concerns about Your reputation and/or reputation management issues in response to publications at issue in this lawsuit." *There is no privilege that permits your client to conceal this information.*

5. Interrogatory No. 5 does *not* request that you disclose the content of any attorney-client communication, but rather asks you to "[i]dentify all individuals with whom you have spoken regarding the subject matter of this lawsuit." *There is no privilege that permits your client to conceal this information.*

7. As stated in Section I of Defendants' First Set of Interrogatories, the relevant time period for the Interrogatories is July 10, 2016 until the present. *Please supplement your response to Interrogatory No. 7.*

8. *As promised in your response to Interrogatory No. 8, please provide a complete list of every individual who stopped using your financial services as a result of Defendants' allegedly defamatory statements.*

10. With respect to your response to Interrogatory No. 10, state whether you have owned or had an ownership interest in any other business since leaving Morgan Stanley in 2002. *There is no basis for withholding this information.*

12. Defendants request that you supplement your response to Interrogatory No. 12 with *specific* information.

Steven Biss
November 21, 2019
Page 8

13.    Given the existence of a *protective order* in this case that will ensure the confidentiality of information disclosed pursuant to Interrogatory No. 13, *please identify all settlement agreements, releases, covenants not to sue, or drafts thereof, whether proposed or executed, to which you have been a party since January 1, 2010.* Interrogatory No. 13 does *not* request that you disclose the content of any attorney-client communication

We request that you immediately supplement your responses to Defendants' First Set of Interrogatories. If you fail to supplement your responses by **December 2, 2019**, we intend to file a motion to compel and seek sanctions pursuant to Federal Rule of Civil Procedure 37.

### III.    ADMISSIONS

#### A.    <u>Second Set of Requests for Admission</u>

9, 10.    Requests for Admission Nos. 9 and 10 do *not* request any attorney-client privileged communication or work product. Rather, they request that your client admit or deny whether he signed specific legal agreements. These Requests do not seek the content of such agreements. *Please respond to this Request promptly.*

#### B.    <u>Third Set of Requests for Admission</u>

3-6.    Requests for Admission Nos. 3 through 6 are not cumulative but rather request distinct admissions. *Please respond to this Request promptly.*

We demand that you immediately supplement your responses to Defendants' Second and Third Sets of Requests for Admission. If you fail to supplement your responses by **December 2, 2019**, we intend to file a motion to compel and seek sanctions pursuant to Federal Rule of Civil Procedure 37.

### IV.    DEPOSITIONS AND RELATED DISCOVERY ISSUES

I understand you have requested that David Folkenflik appear for a deposition on December 2, 2019. Your request that Mr. Folkenflik appear for a deposition next month is perplexing in light of your failure to comply with Defendants' Requests for Production, the first of which were submitted to you over *four months ago*. Please know that Mr. Folkenflik will not be available for deposition until you comply with Defendants' discovery requests and we agree upon the date, place and duration of Plaintiff's deposition. Only after NPR has had sufficient time to review your delayed responses to their discovery requests will Mr. Folkenflik be available for deposition.

Steven Biss
November 21, 2019
Page 9

On a related note, you have asked us to refresh the link to the NPR documents that we produced to you on or about September 28, 2019. As you know, we produced documents subject to the protective order in this case, and subject to customary protocols that left the link active for two weeks. As NPR attorney Wes Lewis informed you on September 28, the documents could be downloaded by secure link, "which will remain active for 14 days." (Email from W. Lewis to S. Biss dated Sept. 28, 2019.) Evidently, you chose not to access the documents during that two-week period, and only inquired about them after NPR promulgated its Third Set of Discovery Requests in late October.

Discovery is a two-way street. If Plaintiff wants renewed access to NPR's documents, then Plaintiff should produce the documents he has promised to produce, as well as the ones he is required by law to produce, promptly. We cannot prepare for depositions adequately until you and your client comply with your most basic discovery duties.

\*       \*       \*

As you know, Ms. Prather has conferred with you about your discovery responses on more than one occasion. You have repeatedly promised to produce documents by dates certain, but the documents have not been forthcoming. Therefore, we intend this letter to provide written notice of your cumulative discovery deficiencies and the opportunity to cure them. We look forward to your cooperation and encourage you to contact us at your earliest convenience to schedule a telephone conference between now and December 2, 2019. Should you fail to cure by producing documents and supplemental responses to our discovery requests by **December 2**, we intend to file a motion to compel and seek sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure.

I look forward to hearing from you.

Very truly yours,

David J. Bodney

DJB/mtg