# EXHIBIT 14

# Ballard Spahr
LLP

1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
TEL 602.798.5400
FAX 602.798.5595
www.ballardspahr.com

David J. Bodney
Tel: 602.798.5454
Fax: 602.798.5595
bodneyd@ballardspahr.com

December 9, 2019

*Via E-mail
and U.S. Mail*

Steven Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
stevenbiss@earthlink.net

Re:   *Butowsky v. Folkenflik, et al.*, No. 4:18-CV-0042 (E.D. Tex.)

Dear Mr. Biss:

      I write in response to your submission of Plaintiff's Objections and Responses to Defendants' Second Interrogatories and Third Request for Production of Documents, dated December 2, 2019, in the above matter. Once again, you have failed to comply with your obligations to disclose relevant information pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. This letter therefore notifies you and your client, Plaintiff Ed Butowsky, of these discovery deficiencies and gives you a reasonable opportunity to cure them before Defendants have no choice but to seek an order to compel discovery and secure related remedies.

     **A.**    **Interrogatories**

      Interrogatory No. 14 requests that Plaintiff "[i]dentify all special damages, including any realized or liquidated direct pecuniary loss, that you incurred as a result of the Defendants' alleged business disparagement." Aside from citing legal authority defining special damages, Plaintiff neglected to "identify" any alleged loss and responded instead with inexact, conclusory statements claiming that Defendants' alleged business disparagement caused:

- Loss of specific clientele (to be identified)

- Loss of specific prospective economic advantage in the amount of $30,000,000 (name of specific customer to be identified);

- Loss of income and profits from Chapwood (in a sum certain to be determined);

Steven Biss
December 9, 2019
Page 2

- Loss of business reasonably expected and historically achieved as a result of appearances on television and radio (in a sum certain to be determined);

- Injury to business, professional and trade reputation in the amount of $10,000,000.00.

Your use of phrases such as "to be identified" and "to be determined" belies Defendants' good-faith attempt to engage in discovery. Plaintiff filed his original complaint almost eighteen months ago, and must surely have already identified which clientele he has lost, the "specific customer" related to his loss of "prospective economic advantage," the amount of lost income and profits from Chapwood up to the present date, and the loss of business through television and radio appearances up to the present date. Therefore, Defendants call upon you to supplement your response to Interrogatory No. 14 by December 16, 2019, or Defendants shall pursue further remedies, including filing a motion to compel and seek sanctions pursuant to Federal Rule of Civil Procedure 37 and the Local Rules.

**B.     Requests for Production**

Like your response to Defendants' Interrogatory No. 14, your responses to Defendants' Third Set of Requests for Production fail to comply with your obligations to disclose relevant information pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. Specifically, the following Requests for Production call for the production of documents that are directly relevant to the claims at issue in this litigation, and Plaintiff's responses fail to respond to Defendants' Requests adequately.

Request for Production No. 2 requested "[a]ll documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between Seymour Hersh on the one hand, and anyone, including but not limited to Malia Zimmerman, on the other, including the correspondence alleged in Footnote 6 of the Second Amended Complaint." You responded *solely by pasting a link to an unauthenticated YouTube video*. We assume that your answer to this Request implies that you disclosed all requested documents relevant to the Request. *Candidly, it is difficult to believe that your client possesses no such documents. To the extent you become aware of additional documents relevant to Request for Production No. 2, we expect you to produce them promptly and supplement your answer.*

Request for Production No. 3 requested "[a]ll documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, that support Your allegation in Footnote 7 of the Second Amended Complaint that 'Wheeler is the one who investigated the matter [of the murder of

2

Steven Biss
December 9, 2019
Page 3

Seth Rich] and came up with the theory that Seth Rich's murder was **not the result of a botched robbery**' (emphasis in original)." You responded by "identif[ying] . . . Wheeler's contract with the Riches; Wheeler's communications with the Riches; all documents obtained and created by Wheeler in the course of and in connection with his investigation, including interview notes, records of conversations, memoranda, reports, emails, text messages, and iMessages." You further included *a single, unauthenticated screenshot of a text message* from "Rod." Plaintiff's response fails to sufficiently disclose relevant information requested by Request for Production No. 3. Defendants' Third Set of Requests for Production calls upon Plaintiff "to produce for inspection and copying the designated documents at the office of Defendants' counsel, Haynes and Boone, LLP, 600 Congress Avenue, Suite 1300, Austin, Texas 78701, or at such other place as may be agreed by the parties." Defendants therefore request that you produce documents responsive to Request for Production No. 3 by December 16, 2019, or Defendants shall pursue further remedies, including filing a motion to compel and seek sanctions pursuant to Federal Rule of Civil Procedure 37 and the Local Rules.

<u>Request for Production No. 4</u> requested "[a]ll documents, including correspondence, electronically stored information, emails, video and audio recordings, or transcripts constituting, reflecting, or relating to the alleged conference calls taking place on 'May 10, 2017 (10:30 am), May 11, 2017 (9:52 am and 10:12 am), and May 15, 2017 (11:22 am and 1:13 am),' referenced in ¶ 137 of the Second Amended Complaint." *In response, you represented that you would produce "[a]ll documents," yet as of December 9, 2019, you have produced no documents in this case.* Defendants call upon you to produce documents responsive to Request for Production No. 4 by December 16, 2019, or Defendants shall pursue further remedies, including filing a motion to compel and seek sanctions pursuant to Federal Rule of Civil Procedure 37.

\*   \*   \*

Furthermore, I implore you to produce documents responsive to all of Defendants' outstanding Requests for Production. As detailed in my letter to you dated November 21, 2019, my clients have been trying to obtain documents and information from your client for several months. As of the date of this letter, despite Defendants' repeated attempts to obtain documents from you and your client, you have produced no documents whatsoever. This letter is therefore intended to provide notice and the opportunity for you and Mr. Butowsky to cure Plaintiff's cumulative discovery deficiencies before we have no choice but to file a motion to compel discovery and seek sanctions pursuant to Federal Rule of Civil Procedure 37. We expect your supplemental responses and production by **December 16, 2019**.

3

Steven Biss
December 9, 2019
Page 4

       I look forward to hearing from you.

                    Very truly yours,

                    David J. Bodney

DJB/mtg

4