# EXHIBIT 15

| | |
|---|---|
| **From:** | Prather, Laura |
| **Sent:** | Thursday, December 19, 2019 7:23 PM |
| **To:** | Steven S. Biss; Ty Clevenger |
| **Cc:** | bodneyd@ballardspahr.com |
| **Subject:** | RE: NPR v. Butowsky - Discovery |

Hi Steve and Ty,

By now you should be in receipt of our next installment of document production. As is customary and for the avoidance of any confusion, the emails produced have been timestamped based on Greenwich Mean Time (UTC +0). As a result, some email communications may not accurately reflect the time zone from which they were sent or received. We are having some technical difficulty with the final installment but should have that to you shortly.

In the meantime, we are in receipt of Plaintiff's rolling production and your email below confirming that it is the entirety of the production, but for a few documents consisting of communications between Mr. Butowsky and Mr. Harrison (his lawyer) concerning the Wheeler litigation. We would appreciate receiving a privilege log identifying all documents being withheld consistent with your obligations under FRCP 26.

Although we've only had the opportunity to do a cursory review of the production, we were surprised to see that it only consists of 255 pages and 9 audio files. Further, many of the documents appear to be redacted or otherwise altered to eliminate certain information. The text messages are screen shots, rather than complete conversations, and the audio files have been altered to include only one side of the conversation. Finally, many of the emails produced are only partial "screencaps" rather than completed and unaltered emails.

We've attempted to outline the deficiencies and given examples to assist in your review below:

(1) First, Defendants note that the size of the production is surprisingly small, given that Mr. Butowsky believes that this represents the entirety of responsive documents in his possession, custody, or control. This is particularly true in light of the fact that Mr. Butowsky has been actively and continuously engaged in litigation over the subject-matter of this law suit since August 2017. For example, Mr. Butowsky has stated that he hired a "forensic person" to investigate the subject matter of the Wheeler lawsuit, yet he does not appear to have produced any documents related to this "forensic person" or his investigation. Mr. Butowsky has repeatedly stated that he often records telephone conversations and has previously stated: "I got this service called . . . I got it off of iPhone . . . Phone View… it goes back three years and it gives every text, even if you've erased them." Given Mr. Butowsky's penchant for recording telephone calls and saving emails and text messages related to this litigation, Plaintiff's assertion that this extremely small production represents the entire universe of documents responsive to Defendants' requests strains credulity.

(2) Second, many of the documents appear to be redacted or otherwise altered to eliminate information that would be damaging to Mr. Butowsky. For example, in a document produced by Mr. Butowsky entitled "iknowwhoisblocking[1].jpg" Plaintiff appears to have produced what appears to be a screenshot of a portion of a text message conversation between Mr. Butowsky and Mr. Wheeler. That screenshot appears to have been partially redacted to exclude a portion of Mr. Butowsky's comments. As you know, Mr. Butowsky's actual involvement in Mr. Wheeler's investigation and the creation of the retracted Fox News story is central to this dispute, and Mr. Butowsky has inexplicably altered his production to remove information that is directly relevant to his claims against Defendants.

(3) Third, Mr. Butowsky has appeared to have inappropriately excerpted portions of relevant documents and recordings when the entirety of which would be responsive to Defendants' document requests. For example, Mr. Butowsky produced an audio file entitled "rod Audio only" that includes excerpts of telephone conversations with Rod Wheeler. The audio only includes portions of conversations in which Mr. Wheeler is speaking and has excluded any others participating in the conversation. An analysis of the metadata of the produced file indicates that the title of the file is called "Ed edit." It goes without saying that the entirety of recorded conversations with Mr. Wheeler in Mr. Butowsky's possession would be responsive to Defendants' document requests and highly relevant to Mr. Butowsky's claims. Similarly, Plaintiff has appeared to produce partial "screencaps" of portions of emails and text message conversations, the entirety of which would be relevant and responsive to Defendants' document requests. Please produce documents (including audio and video) in their complete and unaltered form, unless you are redacting for privilege and explain the basis of same.

(4) Fourth, Mr. Butowsky has simply failed to produce several videos and documents. For example, Plaintiff appears to have sent several videos and communications to others through links to social media accounts that Mr. Butowsky owns or controls. Such videos are presumably within Mr. Butowsky's possession, custody, and control, and many of them would be directly responsive to Defendants' requests. The apparent gaps in Mr. Butowsky's productions suggest that Mr. Butowsky's approach to document production has been piecemeal, at best.

In light of these irregularities, we ask that you go back to your client to get complete records to us before the end of the year.  If it is not possible to get complete records from Mr. Butowsky, we propose that the parties retain a third-party vendor to conduct a forensic examination of Mr. Butowsky's computers, phones and mobile devices, cloud-based storage, and social-media accounts. As Mr. Butowsky has himself admitted, he records many of his conversations, and since at least June 2018 (presumably earlier), he has been under an ongoing responsibility to prevent the loss or destruction of evidence that would almost certainly be responsive to Defendants' document requests. Thus, to avoid any doubt as to the completeness of Mr. Butowsky's document collection efforts, Defendants believe that obtaining a third party would be an appropriate next step to ensure that Mr. Butowsky has met his obligations under the Federal Rules of Civil Procedure without unduly burdening him.

Of course, this letter is based only on a cursory review of Plaintiff's production, and our review is ongoing. Accordingly, Defendants reserve the right to bring forth additional concerns and reserve all rights available to Defendants regarding this production.

When David returns from being out of town, I will check with him on his schedule for the first week in January so that we can meet and confer on these ongoing discovery matters.

Take care,
Laura


**Laura Lee Prather**
Partner
(t) 512.867.8476


**From:** Steven S. Biss <stevenbiss@earthlink.net>
**Sent:** Wednesday, December 18, 2019 9:50 AM
**To:** Prather, Laura <Laura.Prather@haynesboone.com>; Ty Clevenger <tyclevenger@yahoo.com>
**Cc:** bodneyd@ballardspahr.com
**Subject:** NPR v. Butowsky - Discovery

**EXTERNAL:** Sent from outside haynes*boone*

Laura,

Thank you.

Yesterday, we received a CD from counsel for FNN, which I believe contains documents responsive to my subpoena to FNN.

My NY colleague (Milo Silberstein) is either going to upload/zip the documents and email them to me, or ship the CD.  I will produce the FNN documents upon receipt.

I confirm that Plaintiff???s document production was completed this morning.  You now have all of Plaintiff???s documents.

I am withholding a few documents under claim of privilege.  These documents consist of communication between Ed and David Harrison relating to the Wigdor litigation.  Let me know if you need me to prepare a privilege log.

I have some availability the first week of January.  Please let me know which days work for you for the deposition conference.

**From:** Prather, Laura
**Sent:** Tuesday, December 17, 2019 11:22 PM
**To:** Steven S. Biss ; Ty Clevenger
**Cc:** David J. Bodney (bodneyd@ballardspahr.com)
**Subject:** NPR v. Butowsky - David Folkenflik Production

Steve and Ty,

Below is a link to our rolling production.  We too will be producing more documents as we group them. The password is NPR<)7PuaVn\5.

Once we each have the universe of documents from the outstanding production, we will have a better idea of who to depose and how many people will need to be deposed. David Bodney is out of the country. However, my hope would be that the parties can complete the document production during the holidays, and we set up a time to meet and confer about depositions shortly after the new year.

Please let us know your and Ty???s availability for that discussion.

Take care,
Laura

haynesboone  File Transfer

The following attachment has been sent to you using the Haynes and Boone file transfer system:

FOLKENFLIK VOL 1.zip (134.7 MB)

Click the links above or visit the pick-up portal for batch retrieval.
*These links will expire in 2 week(s).*

---

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

Steven S. Biss
(Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
Email: stevensbiss@protonmail.ch
www.linkedin.com/in/steven-s-biss-6517037

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.