EXHIBIT 17

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
Sherman Division

| | | |
|---|---|---|
| ED BUTOWSKY, in his Individual<br>And Professional Capacities | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-00442-ALM |
| | ) | |
| | ) | |
| DAVID FOLKENFLIK | ) | |
| <u>et al</u> | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# PLAINTIFF'S OBJECTIONS,
# ANSWERS AND RESPONSES
# TO DEFENDANTS' SECOND DISCOVERY REQUESTS

Plaintiff, Ed Butowsky ("Plaintiff"), by counsel, pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure (the "Rules") and the Federal Rules of Evidence ("FRE"), hereby notes and preserves the following Objections and serves the following Answers and Responses to defendants, David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook and Pallavi Gogoi (collectively, the "Defendants"), request for admissions and request for production of documents dated September 30, 2019 (hereinafter, the "Discovery Requests").

## General Objections

1.      Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests exceed the scope of discovery permitted under Rules 26, 33, 34 and 36 of the Rules.

2.     Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by the attorney-client privilege and/or work-product doctrines.  Subject to and without waiving the privilege as to any document, Plaintiff represents that the only information and documents being withheld are communications between Plaintiff and legal counsel in this action (Mr. Biss and Mr. Clevenger), documents prepared in anticipation of this litigation, and work-product of Plaintiffs' legal counsel.  The privileged materials consist almost entirely of email communications between Plaintiff and his counsel and legal analysis of claims and defenses prepared by counsel.  Plaintiff does not intend produce a privilege log as to these documents, unless requested to do so by counsel for Defendants.

3.     Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by the marital/spousal privilege.

4.     Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of confidential information and sensitive personal and/or financial information and material that is not generally known to the public and that is the subject of efforts by Plaintiff that are reasonable under the circumstances to maintain the confidentiality of such material. Plaintiff will produce all "CONFIDENTIAL" or "COUNSEL'S EYES ONLY" information in accordance with the terms and conditions of the Stipulated Protective Order or as ordered by the Court.

5.      Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek to elicit inadmissible opinion evidence and/or hearsay or call for Plaintiff to speculate or are duplicative.

6.      Plaintiff objects to the Discovery Requests on the ground and to the extent that the information requested is not in Plaintiff's possession or control, but is in the possession and control of others.

7.      Plaintiff objects to the Discovery Requests (including the definitions and instructions that accompany the Discovery Requests) on the ground that the Discovery Requests are vague, confusing, argumentative, overly broad, and unduly burdensome.

8.      Plaintiff objects to the Discovery Requests to the extent that the Discovery Requests require Plaintiff to create documents for the Defendants or to take action not required by Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure.

Continued on Next Page

## Answers to Interrogatories

Responding to each numbered Interrogatory, Plaintiff states as follows:

---

**INTERROGATORY NO. 1:**

Identify each and every statement in the Reports at Issue that you allege is false and defamed you, and for each statement:

    a) explain specifically what is false about the statement;

    b) explain what you contend the truth is;

    c) explain specifically how the statement injured your reputation;

    d) identify all facts that support your contention that the statement is false;

    e) identify all documents that support your contention that the statement is false; and

    f) identify all persons and entities with knowledge regarding the truth or falsity of the statement.

---

**ANSWER**:          Objection – overbroad; unreasonable and unduly burdensome.

Responding to this Interrogatory and each of its six (6) subparts for each of the Defamatory Article at Issue, Plaintiff states as follows:

The statements in the Defamatory Articles at Issue that are false and that defamed Plaintiff are:

### AUGUST 1, 2017

***"Behind Fox News' Baseless Seth Rich Story: The Untold Tale"***
https://www.npr.org/2017/08/01/540783715/lawsuit-alleges-fox-news-and-trump-supporter-created-fake-news-story

- Fox News' May 16, 2017 story, "*Seth Rich, slain DNC staffer, had contact with WikiLeaks, say multiple sources*", was "baseless";

- The Fox News story was a "**fake news story**" (emphasis in original);

- The Fox News story was a "deceptive story";

4

- "Butowsky presented himself as a good Samaritan who came across a sliver of information about Seth Rich's death and shared it with the Riches";

- Wheeler did "not make great headway" in his investigation of the murder of Seth Rich.

- "The FBI informs Butowsky, Wheeler and Zimmerman that the agency is not assisting the Washington, D.C., police on the investigation – undercutting claims about an FBI report."

- "Zimmerman's online story … cites Wheeler, incorporating two key quotations from Wheeler that do not appear on video.  In each, the private investigator seemingly takes ownership of the accusations";

- "Despite his misgivings, Wheeler plays along" with the fake news promoted by Plaintiff and Zimmerman;

- The First Folkenflik Article also republishes the following false and defamatory statement by co-conspirator, Wigdor:

> "Rod Wheeler unfortunately was used as a pawn by Ed Butowsky, Fox News and the Trump administration to try and steer away the attention that was being given about the Russian hacking of the DNC emails," says Douglas Wigdor, Wheeler's lawyer.

## <u>AUGUST 7, 2017</u>

*"David Folkenflik: 'Very Hard to Rule Out' White House Involvement in Seth Rich Conspiracy"*
https://www.mediaite.com/online/david-folkenflik-very-hard-to-rule-out-white-house-involvement-in-seth-rich-conspiracy/

- "Sadly, the way in which this White House has operated has forced people to go out and to say things that are almost certainly knowingly untrue, and that are often proven certainly to be untrue";

- "[C]ollaboration" between Plaintiff and the President "is still a plausible assumption with the current evidence";

- "Butowsky's narrative is 'inconsistent'".

**AUGUST 7, 2017**

***"Fox News' Seth Rich Story Echoes Previous Problems For Owner Rupert Murdoch"***
https://www.npr.org/2017/08/07/542087047/fox-news-seth-rich-story-echoes-previous-problems-for-owner-rupert-murdoch

- "Revelations about Fox News' role in concocting a baseless story on the death of a young Democratic staffer has problematic echoes for the network's controlling owner, Rupert Murdoch";

- A "new journalistic scandal involving Murdoch's Fox News channel and a murder in the U.S. could damage his prospects in London once again";

- "Murdoch's Fox News concocted a story on the killing of a young Democratic aide in order to help President Trump".

**AUGUST 16, 2017**

***"The Man Behind The Scenes In Fox News' Discredited Seth Rich Story"***
https://www.npr.org/2017/08/16/543830392/the-role-of-ed-butowsky-in-advancing-retracted-seth-rich-story

- Plaintiff was "The Man Behind The Scenes In Fox News' Discredited Seth Rich Story";

- "Until now, Ed Butowsky has enjoyed edging close to the limelight — an investment adviser who has pursued celebrity clients, his profile burnished through appearances on Fox News and its sister channel Fox Business Network";

- "Butowsky displays no curiosity about the way Fox's reporting and his activities affected the very people [the Rich Family] he says he sought to help".

**AUGUST 16, 2017 – Twitter**
https://twitter.com/davidfolkenflik/status/897959792714579968

- "My deep dive on Ed Butowsky, the financial talking head who helped to propel Fox News' discredited Seth Rich story";

- "Ed Butowsky is the money manager who played a key role in a since-retracted Fox News expose about the murder of a young Democratic Party aide".

## SEPTEMBER 15, 2017

***"No Apology, No Explanation: Fox News And The Seth Rich Story"***
https://www.npr.org/2017/09/15/551163406/fox-news-has-yet-to-explain-what-what-wrong-in-seth-rich-story

- "Fox News was compelled to retract the story, which involved presidential politics, international intrigue and a man's murder.  When a story of this scale crumbles, most news organizations feel obligated to explain what happened and why.  Not so far at Fox … In the four months since its retraction, Fox News has not apologized for what it reported.  Nor has it explained what went wrong";

- "**Lesson No. 1: Investigative reports should be ironclad**" – the "Fox story revived conspiracy theories that whipped through more extreme conservative media outlets that sought to discredit growing suspicions the Russians were behind the hack of the DNC";

- "**Lesson No. 2: Make sure your sources are saying what you think they're saying**" – "Before the story ran, Zimmerman sent Wheeler a draft with quotes she intended to attribute to him.  NPR has seen a transcript of the texts from Zimmerman calling his attention to that email.  But there's zero evidence Wheeler ever said those words or gave permission for her to use them.  And if Zimmerman did invent the quotes, that's a big problem – regardless of whether Wheeler gave her the green light";

- "**Lesson No. 3: Make sure each of your sources can stand on its own**" – "A Dallas investment manager and Trump supporter named Ed Butowsky helped to orchestrate the Fox News story … Butowsky fed tips to Wheeler and Zimmerman, the Fox reporter, as he sought to link the dead man to the leaked emails instead of hackers working on behalf of the Russians.  It was all part of an effort, as he confided to others in conversations captured on tape and emails, to defend President Trump, whose ties to the Russians are under federal investigation … In a three-way taped conversation that took place a few hours after the Rich story ran, Butowsky and Zimmerman conceded Wheeler had never said what her story claimed";

- "**And that leads us to lesson No. 4**" – Transparency and Trust - "Fox withheld Butowsky's various roles in the story from its audiences — he blurred lines between benefactor, source, player and, possibly, even reporter".

## SEPTEMBER 19, 2017

### *"Fox News Fights Back On Lawsuit Filed Over Seth Rich Story"*
https://www.npr.org/2017/09/19/552133180/fox-news-fights-back-on-lawsuit-filed-over-seth-rich-story

- Plaintiff "is a Dallas investment manager and supporter of President Trump's [sic] who worked behind the scenes to try to link Rich to the leak of the Democratic emails as a way of deflecting criticism of the president".

### MARCH 13-14, 2018 – Twitter
https://twitter.com/davidfolkenflik/status/973773671121682432

- "My story on Ed Butowsky, the Dallas investor and Trump backer who arranged for investigator Rod Wheeler to work on Rich family's behalf – but reporting secretly to him";

- "Ed Butowsky is the money manager who played a key role in a since-retracted Fox News expose about the murder of a young Democratic Party aide";

- "My story on Fox's reaction to the Seth Rich story – no apology, no explanation, no known punishments.  Zimmerman remains at network".

### AUGUST 1, 2019 – Twitter
https://twitter.com/davidfolkenflik/status/1156996074202177536

- "THREAD: Two years ago today, I reported this on Fox News' discredited report about Seth Rich's killing & the hacked Dem emails";

- In addition to his August 1, 2017 article, Folkenflik republished his August 16, 2017 article.

**AUGUST 1, 2017 – Wigdor/Wheeler**

https://www.youtube.com/watch?v=VFTdWAWrocQ

- "That's right well I was asked to get involved in conducting an investigation, a murder investigation of Seth Rich and that why I got involved, so I could try and find out who killed this guy.  During the course of my investigation, there was a lot of things that came up uh there was a lot of suspicious information that I was learning about possibly the DNC being involved to some degree, I don't know.  What I decided to do was to take all my information and give it to the police department like you should do in any case and go from there.  But halfway through the investigation and up the point this article was released by Fox, there were these quotes in there from me supposedly saying that I knew for a fact that Seth Rich the decedent had been in contact with WikiLeaks emailing them emails, that was not true";

- "I think uh well I know for a fact Ed Butowsky, who was the individual that was funding the investigation, he had been in contact with people from the White House and he was the one that was pushing this Russian hacking narrative, by the way that I didn't know a whole lot about because I wasn't you know trying to debunk a narrative or support a narrative I was trying to find a murderer";

- "I do know that, and Ed even admitted it himself.  And I think the bottom line from all of this, Ari, is the reporter herself from Fox News she even admitted it that she lied and put those quotes in there.  I mean she admitted that but at the same time to this day they have not retracted that as a result of those quotes and her story it's then damaged my credibility and my integrity";

- "Well first of all, I'm thinking why would the President have to review a story pertaining to a death, to the murder of a guy in DC, why would the President even be involved in this, but at that point, Ari, it was rather obvious to me that they actually lured me into this investigation.  They meaning this Fox News reporter and Ed Butowsky to substantiate this Russian narrative thing or to debunk that when in fact they told me that I was really getting involved just to solve a murder.  All I want them to do is to correct the record, to tell the truth";

- Discovery will reveal "the emails and the texts the phone calls or the visits to the White House between Ed Butowsky and President Trump and other people in the White House".

### AUGUST 2, 2017 – Wigdor/Wheeler
https://www.youtube.com/watch?v=S2BafRHiuZY

- "I watched that interview last evening with your colleague, Chris Coumo, and it was actually highly entertaining because much of what he [Butowsky] said made absolutely no sense.  You know take for instance the text message that he sent to Rod Wheeler.  He said that the President read the article.  He wanted it out immediately and now he's trying to say that text was somehow a joke.  I mean this was not a laughing matter.  This was a text message.  There was no emoji at the end of it.  There was no smiley face.  It wasn't a joke.  Ed Butowsky, as he said in texts, was in conversations with the White House, with the President";

- "What he [Wheeler] was hired to do was to do an investigation into the murder of Seth Rich, he wanted to do that, unfortunately he was used as a pawn in this case by Ed Butowsky and Fox News, he was used as a pawn again to steer away the narrative and that's all documented not only in text messages, but also in voice recordings, the case is strong and not only were the statements made in the May 16 article false but you also have Ed Butowsky and Malia Zimmerman admitting those quotations were false".

### AUGUST 3, 2017 – Wigdor/Wheeler
https://www.youtube.com/watch?v=d5L-NF6cDOo

- "I really tried hard to find a murderer not to debunk a Russian narrative … And while I was in the process of trying to find that murderer behind the scenes what I did not know is that this reporter and this rich guy, Ed Butowsky, had another plan in mind and that's why they brought me into this thing and I realize that now";

- As far as I'm concerned, this man [Butowsky] knew he was lying.  He's been lying the entire time";

- "CUOMO:   … This is not the court of public opinion.  In a court of law you only know what you show and you're going to have to demonstrate that Sean Spicer, if you're going to include the White House in a concocted story scheme, then you're going to have to show that they knew something about it and that they wanted to advance it and there is some merit to this suggestion the President of the United States had seen this article and wanted it advanced, do you have any proof to do any of that?

- "CHRISTENSEN:   We just filed a lawsuit as you know on the first [of August] and … the defendants are entitled to answer and then we will proceed to discovery and we will obtain that information that we believe is out there and will prove Rod's story".

**AUGUST 3, 2017 – Wigdor**

https://www.thedailybeast.com/fox-news-fake-news-could-doom-rupert-murdochs-dream

- "Butowsky's representations suggest something more than 'low' broadcasting standards.  His claims suggest a failure to adhere to any standards.  Fox must account for this failure and demonstrate why the public should have confidence in its commitment to broadcasting standards".

**SEPTEMBER 19, 2017 – Wigdor**

https://www.thedailybeast.com/fox-news-fake-news-could-doom-rupert-murdochs-dream

- "We are confident that our client will ultimately be vindicated in a public court of law that will expose how Fox and the individually named defendants created fake news in an attempt at diverting attention away from the Russian hacking scandal".

**OCTOBER 23, 2017 – Wigdor**

https://www.youtube.com/watch?v=KgmfpGdgaTg

- "I'm just trying to represent my clients zealously under the, under the auspices of the law.  I've never tried to use this in my negotiations with them … I represent Rod Wheeler in the Seth Rich murder fake news case. I mean that goes to the very heart of broadcasting standards, and whether the British people want the Foxification of Sky is a serious issue for them to consider".

**WIGDOR WEBSITE AND QUOTE**

https://www.wigdorlaw.com/wheeler-case-involving-fox-news-trump-administration-seth-rich/

- Wigdor published the following statement on his website:

> "Rod Wheeler unfortunately was used as a pawn by Ed Butowsky, Fox News and the Trump administration to try and steer away the attention that was being given about the Russian hacking of the DNC e-mails."

- Wigdor's quote, repeated by Folkenflik and hundreds of times by third-parties in articles, blogs, tweets and posts throughout the Internet, has been republished numerous times in the past year, including by Newsweek on March 29, 2018.

The Defamatory Articles at Issue are false or contain false implications or insinuations for the following reasons:

11

### 1.    <u>AUGUST 1, 2017</u>

Folkenflik's August 1, 2017 online Article denounces the Fox News story as "baseless", "fake"[1] and "deceptive".  By suggesting that Butowsky "*presented* himself [to the Riches] as a good Samaritan" (emphasis added), Folkenflik implies that Butowsky was a good thespian; that he misrepresented his good intentions; that he had impure motives and a self-interest in helping the Riches that he otherwise concealed.  By misstating that Wheeler did "not make great headway" in his investigation of the murder of Seth Rich and by falsely stating that the FBI had, in fact, informed Plaintiff "that the agency is not assisting the Washington, D.C. police on the investigation", Folkenflik implies or insinuates that Butowsky fabricated the story about Seth Rich and WikiLeaks out of whole cloth.  Finally, Folkenflik falsely states that Plaintiff used Wheeler as a "pawn and that Wheeler had "misgivings", but that he "played along" with Plaintiff in the promotion of the "baseless", "fake" and "deceptive" story.  This last statement is defamatory because it directly accuses Butowsky of dishonest, deceptive and unethical practices.  Folkenflik's statements are provably false.  The statements can be disproved by evidence, if adduced, that Wheeler had no "misgivings" and that Plaintiff did not promote a "baseless", "fake news story".

---

[1]    "Fake news" is a "false story", "false report of events" or "deliberate disinformation" spread via traditional print and broadcast news media or the internet or using social media.  [https://dictionary.cambridge.org/us/dictionary/english/fake-news; https://www.oxfordlearnersdictionaries.com/us/definition/english/fake-news; *see also* https://en.wikipedia.org/wiki/Fake_news ("Fake news is written and published with the intent to mislead in order to damage an agency, entity, or person and/or gain financially or politically.").

2.       **AUGUST 7, 2017 –** _Mediaite Interview_

During the _Mediaite_ interview, Folkenflik made three (3) defamatory statements about Plaintiff.  First, he stated, "[s]adly, the way in which this White House has operated has forced people to go out and to say things that are almost certainly knowingly untrue, and that are often proven certainly to be untrue."  Here, Folkenflik is directly accusing Plaintiff of "knowingly" making untrue statements, which in the securities industry is a crime.  Second, Folkenflik states that "collaboration" between Plaintiff and the President "is still a plausible assumption with the current evidence."  "Collaborate" is synonymous with "conspire" or "collude". [https://www.merriam-webster.com/dictionary/collaborate]. And that is most certainly what Folkenflik meant:  that Plaintiff conspired or colluded with the President in the production of fake news.  It is a provable fact that there was (and is) no "current evidence" to support any claim that Plaintiff had ever collaborated with the President.  Third, Folkenflik states that Plaintiff's narrative is "inconsistent".  This is not opinion at all.  Whether a person made an "inconsistent" statement is a verifiable fact. _See, e.g.,_ FED R. EVID. 613(b) ("Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires.").  To a reasonable person, the statement that Plaintiff's narrative is "inconsistent" implies that Plaintiff lied to Chris Cuomo on August 2, 2017 when Plaintiff appeared in CNN.

3.       **AUGUST 7, 2017**

Folkenflik's August 7, 2017 online Article and radio broadcast contains three (3) defamatory statements: (1) that Fox News had a "role" in "concocting a baseless story"

on the death of Seth Rich; (2) that Fox was involved in a "journalistic scandal" over the story; and (3) that Fox "concocted" the story "in order to help President Trump". These statements must be read together with the August 1, 2017 Article and the other statements published by Folkenflik through September 19, 2017. The overall "gist" is that Fox News and Butowsky worked together, each playing a "role", to "concoct" a "baseless story" that resulted in a journalistic "scandal". There is no truth to Folkenflik's statements.

4.    **<u>AUGUST 16, 2017</u>**

Folkenflik's August 16, 2017 online Article contains two (2) defamatory statements. First, Folkenflik accuses Plaintiff of being "The Man Behind The Scenes In Fox News' Discredited Seth Rich Story".[2] Here, Folkenflik falsely states or implies that Plaintiff orchestrated a story that was proven to be disreputable or unbelievable. [https://www.merriam-webster.com/dictionary/discredit (definition of "discredit"); https://dictionary.cambridge.org/dictionary/english/discredited (same)]. The Fox News story was never discredited. [*Complaint, ¶ 51 fn. 13*]. Second, Folkenflik states that "Butowsky displays no curiosity about the way Fox's reporting and ***his activities*** affected the very people [the Rich Family] he says he sought to help." (Emphasis added). Folkenflik's statement, explicitly or by implication, accuses Plaintiff of engaging in "activities" that caused harm to the Rich Family and that Plaintiff lacked empathy and understanding that his actions "affected" the Riches.

---

[2]    Folkenflik chose his words very carefully. By referring to Plaintiff as "The Man Behind The Scenes", Folkenflik intended to portray Plaintiff as the "Wizard" behind the curtain. Folkenflik wanted his audience to "pay attention" to Plaintiff.

**5.**   **AUGUST 16, 2017 – *Twitter***

Not content with publishing an online article, Folkenflik also took to Twitter on August 16, 2017 and doubled-down, by stating that Plaintiff was "the financial talking head who helped to propel Fox News' discredited Seth Rich story". Referring to Plaintiff as a "financial talking head" was a direct attack on Plaintiff as a securities professional who gives financial advice to clients. This statement directly accuses Plaintiff of aiding and abetting the publication of the "discredited" "fake news story".

**6.**   **SEPTEMBER 15, 2017**

In his September 15, 2017 online Article, Folkenflik publishes multiple defamatory statements about Plaintiff. First, Folkenflik says that a "Dallas investment manager and Trump supporter named Ed Butowsky helped to orchestrate the Fox News story", directly implicating Butowsky in a scheme to publish the "baseless", "fake" and "deceptive" story and casting aspersions upon Plaintiff as a registered investment advisor. Second, Folkenflik states that "Butowsky fed tips to Wheeler and Zimmerman, the Fox reporter, as he sought to link the dead man [Seth Rich] to the leaked emails instead of hackers working on behalf of the Russians." This statement reinforces the theme that Plaintiff was the mastermind of the conspiracy. Third, Folkenflik states (falsely) that Plaintiff's actions were "all part of an effort … to defend President Trump" and to influence and obstruct a "federal investigation" into the President's "ties to the Russians". Finally, Folkenflik writes that Plaintiff "blurred lines between benefactor, source, player and, possibly, even reporter". Folkenflik did not use the "player" to compliment Plaintiff's skills as a football "player". The word "player" carries a very heavy negative connotation. Calling Plaintiff a "player" highlights Folkenflik's malicious agenda and

extreme bias.  "Player" insinuates that Plaintiff was engaged in false and misleading practices; that he was "playing" both sides of the deck.

### 7.    SEPTEMBER 19, 2017

On September 19, 2017, Folkenflik referred to Butowsky as "a Dallas investment manager and supporter of President Trump's who worked behind the scenes to try to link Rich to the leak of the Democratic emails as a way of deflecting criticism of the president".  The "gist" of this statement, and others like it, is that Butowsky lied to protect the President.  It is a false and especially pernicious accusation.

### 8.    FOLKENFLIK'S 2018 AND 2019 REPUBLICATIONS

The statements in Folkenflik's 2018 and 2019 republications are false for many reasons, including: (1) Wheeler did not report secretly to Plaintiff; (2) Plaintiff did not play a "key role" in the "Fox News expose"; (3) The Zimmerman Article was never "discredited"; and (4) There was nothing to apologize about or to explain regarding the Zimmerman Article, nor was any "punishment" necessary.

### 9.    WIDGOR AND WHEELER

Wigdor and Wheeler statements published while acting in concert with Folkenflik are false for the following reasons: (1) Plaintiff did not fabricate any quotes and did not conspire with Fox to do so; (2) Plaintiff was not "pushing this Russian hacking narrative"; (3) Plaintiff never admitted that he or Zimmerman had lied and inserted fabricated quotes into the Article that Wheeler reviewed before publication; (4) Plaintiff did not "lure" Wheeler into anything or do anything to deceive or trick Wheeler; (5) There are no "emails" or "texts" or "phone calls" or "visits to the White House between Ed Butowsky and President Trump"; (6)  Plaintiff did not lie in his interview with Chris

Cuomo; (7) "this rich guy, Ed Butowsky", did not have "another plan in mind and that's why they brought me into this thing"; (8) Plaintiff never lied to Wheeler; (9) There was no basis for any "belief" that there was evidence "out there and will prove Rod's story"; (10) Plaintiff did not violate any "broadcasting standards"; (11) Plaintiff did not create or collaborate to create "fake news in an attempt at diverting attention away from the Russian hacking scandal"; and (11) There was and is no "Seth Rich murder fake news case."

Additional reasons why the statements are false are contained in paragraphs 24, 26, 27, 28, 33, 36, 38, 57, 59, 62, 67-167 of Plaintiff's Second Amended Complaint, which are restated and incorporated herein by reference.  The truth is that Plaintiff did not play the role and did not commit the crimes or take any of the actions that Folkenflik and his co-conspirators accused Plaintiff of doing.

The false statements and defamatory implications injured Plaintiff's reputation because the qualities disparaged by Folkenflik and NPR – Plaintiff's veracity, honesty, integrity, and ethics – are peculiarly valuable to Plaintiff and are absolutely necessary in the practice and profession of any registered investment advisor.  The false statements and defamatory implications ascribe to Plaintiff conduct, characteristics and conditions that would adversely affect his fitness to represent clients and to conduct the business of a registered investment advisor or wealth manager.   Defendants' statements caused Plaintiff to lose business, to lose standing in his profession, to suffer a permanent disruption in his successful investment advisory business, to be shunned by clients  and friends, and to experience a high degree of pain, mental suffering and distress.

All documents identified in Plaintiff's Second Amended Complaint and all documents produced by the parties and third-parties in discovery support Plaintiff's contention that Folkenflik/Wigdor's statements are false and/or carry a defamatory implication.

Persons with knowledge of the falsehoods and false implications are identified in Plaintiff's Rule 26 Disclosures.

<div style="border:1px solid">

**INTERROGATORY NO. 2:**

To the extent that you contend that the Reports at Issue contain a false and defamatory implication, identify each and every implication that you allege is false and defamed you, and for each implication:

    a) identify the specific statements and images in the Reports at Issue that you allege give rise to the implication;

    b) explain specifically what is false about the implication;

    c) explain what you contend the truth is;

    d) explain specifically how the implication injured your reputation;

    e) identify all facts that support your contention that the implication is false;

    f) identify all documents that support your contention that the implication is false; and

    g) identify all persons and entities with knowledge regarding the truth or falsity of the implication.

</div>

**ANSWER**:　　　　See Answer to interrogatory no. 1.

<div style="border:1px solid">

**INTERROGATORY NO. 3:**

Identify all public appearances You made from July 10, 2016 until the present time, including but not limited to social media, online interviews, and television in which the murder of Seth Rich or the DNC Email Leak was discussed.

</div>

**ANSWER**:          Objection – vague, overbroad and unreasonable.

Except when he was hospitalized, Plaintiff has appeared in public virtually every day since July 10, 2016.  Subject to the foregoing objections, and relying on Rule 33, Plaintiff states that the answer to this interrogatory may be ascertained from a review of the tweets/retweets/posts on Plaintiff's Twitter homepage, including hyperlinks, [https://twitter.com/EdButowsky?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor] and any posts about these subjects that appear on Plaintiff's Facebook, [https://www.facebook.com/pg/ebutowskypub/posts/?ref=page_internal].   Plaintiff also appeared in the following videos:

https://www.youtube.com/watch?v=c_g59wv42xA;

https://www.youtube.com/watch?v=rbqo2Uldkyk;

https://www.youtube.com/watch?v=7qtkKX5HflM&list=PLgGqpL05641Ej8LkN3P_b_F4g7b7-fFm7;

https://www.youtube.com/watch?v=s11Zzt00o-g;

https://www.youtube.com/watch?v=KrtSGGklGmM;

https://www.youtube.com/watch?v=yWUFJWHFDQo;

https://www.youtube.com/watch?v=2yt7CKF5tBw.

---

**INTERROGATORY NO. 4:**

Identify all individuals with whom you have spoken about Your concerns about Your reputation and/or reputation management issues in response to publications at issue in this lawsuit.

---

**ANSWER**:          Objection – attorney-client privilege.

Subject to the following objections, Plaintiff has spoken about his concerns about his reputation and/or reputation management issues with the following individuals:

Douglas H. Wigdor ("Wigdor");
Folkenflik;
Malia Zimmerman ("Zimmerman");
Plaintiff's wife and children.

---

**INTERROGATORY NO. 5:**

Identify all individuals with whom you have spoken regarding the subject matter of this lawsuit.

---

**ANSWER**:          Objection – attorney-client privilege.

Subject to the following objections, Plaintiff has spoken to the following individuals regarding the subject matter of this lawsuit:

Zimmerman;
Plaintiff's wife and children;
Various reporters for articles published on and after June 21, 2018.

---

**INTERROGATORY NO. 6:**

Identify the "friend" referenced in a May 19, 2017 conversation between You and Rod Wheeler reproduced in part in Defendants' First Request for Admission Number 36.

---

**ANSWER**:          Plaintiff cannot recall the name.

---

**INTERROGATORY NO. 7:**

Identify all mobile phone numbers and mobile phone service providers with which You had an account during the relevant time period and the date ranges in which you had those accounts.

---

**ANSWER**:          What is the "relevant time period"?   Plaintiff's mobile

number is 972-897-0197.

---

**INTERROGATORY NO. 8**:

Identify every individual who has stopped using your financial services as a result of Defendants'
allegedly defamatory statements.

---

**ANSWER**:          Plaintiff will supply a complete list of all individuals who

have stopped using his financial services as a result of Defendants' defamatory

statements.

---

**INTERROGATORY NO. 9**:

Identify all economic and non-economic damages and/or loses you believe you sustained as a
direct result of Defendants' alleged conduct, including a detailed description of all injuries you
sustained, including their nature, extent and duration.

---

**ANSWER**:          Plaintiff has sustained the following damages and loss as a

direct result of Defendants' conduct:

A.     Loss or Injury to Business – **$45,000,000.00** in lost clients and business

and injury to Plaintiff's good will and business reputation;

B.     Presumed Damages – **$10,000,000.00** as a result of the Defendants'

defamation *per se*.

C.     Actual Damages:

- *Insult* – including pain, embarrassment, humiliation, and mental suffering – **$10,000,000.00**.   The impact of Defendants' false and defamatory statements is described in detail in paragraphs 11, 65, 180, 183, 196-197 of the Second Amended Complaint, which are restated and incorporated herein by reference.

- *Injury to Reputation* – in the amount of **$10,000,000.00**.

D.     Prejudgment Interest – per Texas law, interest on the principal sum awarded by the Jury from August 1, 2017 until the date Judgment is entered at the rate of five percent (5%) per annum.

E.     Punitive Damages – in the amount of **$16,500,000.00**.

F.     Costs – in the sum of $400, including filing fees and fees incurred for service of process.

Plaintiff will supplement his answer to the above interrogatory as discovery continues.

---

**INTERROGATORY NO. 10:**

Identify all businesses You own, have owned, or had an ownership interest in since leaving Morgan Stanley in 2002.

---

**ANSWER**:              Objection – relevance; overbroad.

Subject to the foregoing objections, Plaintiff is an owner of Chapwood Investments, 4965 Preston Park Boulevard, Suite 100 Plano, Texas 75093, (972) 865-2225. [https://www.linkedin.com/in/edbutowsky/; https://chapwoodinvestments.com/].

> **INTERROGATORY NO. 11:**
>
> Identify all involvement You have had with the Republican party or any related entities, including affiliate or subsidiary organizations, from 1987 to present.

**ANSWER**:          Objection – vague; relevance and proportionality; overbroad; unduly burdensome given the needs of the case.

> **INTERROGATORY NO. 12:**
>
> Identify all lawsuits in which You have been a party since January 1, 2010.

**ANSWER**:          Objection – relevance.

Subject to the following objections, see PACER.

> **INTERROGATORY NO. 13:**
>
> Identify all settlement agreements, releases, covenants not to sue, or drafts thereof, whether proposed or executed, to which You have been a party since January 1, 2010.

**ANSWER**:          Objection – relevance; overbroad; privileged/confidential.

### <u>Response to Second Request for Production of Documents</u>

Instead of proceeding sequentially, Defendants' second request for production of documents begins with "Request For Production No. 1".   Plaintiff will follow Defendant's format.

Responding to each numbered Request, Plaintiff states as follows:

<u>REQUEST FOR PRODUCTION NO. 1:</u>

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, that establish the falsity of statements identified in response to Defendants' Interrogatories 1 and 2.

**<u>RESPONSE</u>**:          All documents will be produced.

<u>REQUEST FOR PRODUCTION NO. 2:</u>

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You or Rod Wheeler on the one hand, and Peter Newsham on the other.

**<u>RESPONSE</u>**:          None.

<u>REQUEST FOR PRODUCTION NO. 3:</u>

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You or Rod Wheeler on the one hand, and Donna Brazile on the other.

**<u>RESPONSE</u>**:          Plaintiff sent Donna Brazile some direct messages, but got no response.  If Plaintiff can find the direct messages, they will be produced.

---

**REQUEST FOR PRODUCTION NO. 4:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and anyone in Fox Legal Department on the other, including but not limited to Gerson Zweifach.

---

**RESPONSE**:          Objection – relevance; scope; FRE 408.

Subject to the foregoing objections, Plaintiff will produce all documents that constitute or reflect communications with the Fox Legal Department relating to the Zimmerman Article (defined in Plaintiff's Second Amended Complaint) and the Wheeler Lawsuit.

---

**REQUEST FOR PRODUCTION NO. 5:**

Copies of all Facebook posts and direct messages sent or received by You from July 10, 2016 to present relating to: President Donald Trump; the Trump Administration; the Seth Rich murder or the media's reporting thereof; the DNC Email Leak; Fox News Network and any of its affiliates or subsidiaries; Malia Zimmerman; Rod Wheeler; Julian Assange; Ellen Ratner; Brad Bauman; Jack Burkman; Joel, Mary or Aaron Rich; WikiLeaks; the Rich Lawsuit, its subject matter, or any parties thereto; or this lawsuit, its subject matter, or any parties thereto.

---

**RESPONSE**:          Objection – relevance; overbroad; unreasonable and unduly burdensome.

Subject to the foregoing objections, Plaintiff states that his Facebook posts are a matter of public record.   He has had no direct message communications with the

President or the Trump Administration or any of the identified persons relating to the people and/or evets referred to in the request.

---

**REQUEST FOR PRODUCTION NO. 6:**

Copies of all social media posts and messages sent or received on the social media platform NextDoor.

---

**RESPONSE**:         Objection – relevance.

Subject to the foregoing objection, there was one post.  Plaintiff was in the hospital.  He and his wife were looking for help.  Plaintiff will look for the post, and produce it if it is located.

---

**REQUEST FOR PRODUCTION NO. 7:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications relating to the murder of Seth Rich or the DNC Email Leak.

---

**RESPONSE**:         All documents will be produced.

---

**REQUEST FOR PRODUCTION NO. 8:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications relating to Julian Assange and/or WikiLeaks.

---

**RESPONSE**:         All documents will be produced.

**REQUEST FOR PRODUCTION NO. 9:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, related to the domains debunkingrodwheelersclaims.net and debunkingrodwheelersclaims.com.

**RESPONSE**:          None.

**REQUEST FOR PRODUCTION NO. 10:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, relating to any actual or proposed book publishing or movie deals to which You are a party from December 1987 to present.

**RESPONSE**:          Objection – relevance; overbroad.

**REQUEST FOR PRODUCTION NO. 11:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You, on the one hand, and Lara Logan on the other from March 2008 to present.

**RESPONSE**:          Objection – relevance and proportionality; overbroad; unduly burdensome.

**REQUEST FOR PRODUCTION NO. 12:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You, on the one hand, and Joseph Burkett on the other from March 2008 to present.

**RESPONSE**:              Objection – relevance and proportionality; overbroad; unduly burdensome.

---

**REQUEST FOR PRODUCTION NO. 13:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and the company Shadowbox or any of its principals, employees, or agents, including but not limited to Trevor Fitzgibbon, Manuel Chavez (a/k/a Defango), Thomas Shoenberger (a/k/a Thomas St. Germain), and Beth Blackburn, including all documents reflecting any expenses incurred or payments made, including cryptocurrency payments, for services rendered by Shadowbox.

---

**RESPONSE**:              Objection – relevance and proportionality; overbroad; unduly burdensome.

---

**REQUEST FOR PRODUCTION NO. 14:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and the company Silent Partner or Silent Partner IO or any of its employees or principals, including all documents reflecting any expenses incurred or payments made, including cryptocurrency payments, for services rendered by Silent Partner.

---

**RESPONSE**:              Objection – relevance and proportionality; overbroad; unduly burdensome.

**REQUEST FOR PRODUCTION NO. 15:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Manuel Chavez (a/k/a Defango), including all documents reflecting any expenses incurred or payments made, including cryptocurrency payments, for services rendered by Mr. Chavez and any meetings you participated in with Manuel Chavez (a/k/a Defango).

**RESPONSE**:        Objection – relevance and proportionality; overbroad; unduly burdensome.

**REQUEST FOR PRODUCTION NO. 16:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, periscopes, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and the company America First Media or any of its employees or principals, including but not limited to Matt Couch, Josh Flippo, or Bill Pierce, including all documents reflecting any expenses incurred, contributions, donations, or payments made, including cryptocurrency payments, by You to America First Media and any meetings you participated in with America First Media or any of its employees or principals.

**RESPONSE**:        Objection – relevance and proportionality; overbroad; unduly burdensome.

**REQUEST FOR PRODUCTION NO. 17:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, relating to or reflecting a meeting on or about September 19-20, 2017, in which the Rich Family, the DNC Email Leak, the death of Seth Rich, or any of Defendants was discussed.

**RESPONSE**:       Objection – relevance and proportionality; overbroad; unduly burdensome.

**REQUEST FOR PRODUCTION NO. 18:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Admiral James A. Lyons related to the death of Seth Rich or the source of the DNC Email Leak, including but not limited to any written commentary authored by You on behalf of Admiral Lyons.

**RESPONSE**:       Objection – relevance and proportionality; overbroad; unduly burdensome.

**REQUEST FOR PRODUCTION NO. 19:**

All written commentary, whether published or unpublished, relating to the subject matter of this lawsuit, the Rich Lawsuit, the DNC Email Leak, or the murder of Seth Rich, including commentary written anonymously, under the names of other individuals, or under *noms de plume*, aliases, or assumed names.

**RESPONSE**:       Objection – relevance and proportionality; overbroad; unduly burdensome.

30

**REQUEST FOR PRODUCTION NO. 20:**

All documents relating to the op-ed entitled "More cover-up questions: The curious murder of Seth Rich poses questions that just won't stay under the official rug," by Adm. James Lyons (Ret.), published in the *Washington Times* on March 1, 2018 online and March 2, 2018 in its print editions.

**RESPONSE**:          None.

**REQUEST FOR PRODUCTION NO. 21:**

All FINRA documents, records, or communications related to your registration as a broker/dealer since December 1987.

**RESPONSE**:          Objection – relevance and proportionality; overbroad; unduly burdensome.

Subject to the foregoing objections, see FINRA Broker Check. [https://brokercheck.finra.org/individual/summary/1660615].

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to identify all businesses You own or have owned since Your departure from Morgan Stanley in 2002.

**RESPONSE**:          Objection – relevance and proportionality; overbroad; unduly burdensome.

> **REQUEST FOR PRODUCTION NO. 23:**
>
> All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting an April 28, 2017 meeting between You on the one hand, and your "friend who at the time worked in a high-level intelligence position for the executive branch," which you referenced in a September 16, 2019 Declaration in support of a Motion for Partial Summary Judgment in *Clevenger v. Dep't of Justice*, No. 1:18-cv-01568-LB (E.D.N.Y. Mar. 14, 2018) (Dkt. No. 32-1).

   **RESPONSE**:          None.

> **REQUEST FOR PRODUCTION NO. 24:**
>
> All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and the "friend" referenced in a May 19, 2017 conversation between You and Rod Wheeler that is transcribed in part in Defendants' First Requests for Admission No. 36.

   **RESPONSE**:          None.

> **REQUEST FOR PRODUCTION NO. 25:**
>
> All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You or Rod Wheeler on the one hand, and Ellen Ratner on the other.

   **RESPONSE**:          Objection – overbroad.

   Subject to the foregoing objections, all documents relating to the subject matter of this case will be produced.

**REQUEST FOR PRODUCTION NO. 26:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, relating to Ellen Ratner and her conversation(s) with Julian Assange and/or WikiLeaks about the DNC Email Leak, Seth Rich, Aaron Rich and/or the Mueller Report.

**RESPONSE**:       See       https://www.youtube.com/watch?v=0M3Z4eE6cJA and https://twitter.com/edbutowsky/status/1152947320520085505?lang=en.

**REQUEST FOR PRODUCTION NO. 27:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting all appearances or interviews by You on The Young Turks broadcasts, podcasts or other programs.

**RESPONSE**:       Objection – relevance and proportionality; overbroad; unduly burdensome.

**REQUEST FOR PRODUCTION NO. 28:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications in which You reference Benghazi, the "birther" conspiracy relating to the birthplace of former President Barack Obama, the Seth Rich murder conspiracy, or Aaron Rich's involvement in the DNC Email Leak from January 1, 2008 to present.

**RESPONSE**:       Objection – relevance and proportionality; overbroad; unduly burdensome.

**REQUEST FOR PRODUCTION NO. 29:**

All information from the apps Phone View (referenced in an August 14, 2017 conversation between You and David Folkenflik), Signal, or any similar apps constituting, reflecting, or recording calls, texts, or other communications between You, on the one hand, and Rod Wheeler, Malia Zimmerman, or any Fox News employees on the other.

**RESPONSE**:          None.

**REQUEST FOR PRODUCTION NO. 30:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting threats against You or your family from August 1, 2017 to present.

**RESPONSE**:          All documents will be produced.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to identify all payments made by You for security services for You or any member of Your family from August 1, 2017 to present.

**RESPONSE**:          None.

**REQUEST FOR PRODUCTION NO. 32:**

Any actual or proposed agreements (whether signed or unsigned) between You and anyone, including but not limited to Fox News, 21st Century Fox, the Rich family, Doug Wigdor, or Rod Wheeler, that relate to the murder of Seth Rich, Fox News' reporting on it, the allegations in the Wheeler Lawsuit, the allegations in the Rich Lawsuit, or the allegations in this lawsuit.

**RESPONSE**:          Objection – relevance and proportionality; overbroad; unduly burdensome; privileged and confidential.

---

**REQUEST FOR PRODUCTION NO. 33:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Doug Wigdor or his representative on the other.

---

**RESPONSE**:          All documents will be produced.

---

**REQUEST FOR PRODUCTION NO. 34:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Rod Wheeler or his representative on the other.

---

**RESPONSE**:          All documents will be produced.

---

**REQUEST FOR PRODUCTION NO. 35:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications relating to the Zimmerman Article, including any and all drafts of the Zimmerman Article You received prior to publication.

---

**RESPONSE**:          Objection – relevance and proportionality; overbroad; unduly burdensome.

---

**REQUEST FOR PRODUCTION NO. 36:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Bill Shine or his representative on the other.

---

**RESPONSE**:          None.

---

**REQUEST FOR PRODUCTION NO. 37:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Adam Housley or his representative on the other.

---

**RESPONSE**:          All documents will be produced.

---

**REQUEST FOR PRODUCTION NO. 38:**

All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, evidencing Your contention that Adam Housley introduced Rod Wheeler to Malia Zimmerman.

---

**RESPONSE**:          None.  Plaintiff expects this evidence will be produced by Fox.

---

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to identify all college and post-graduate educational degrees You obtained.

---

**RESPONSE**:          Objection – relevance and proportionality; overbroad; unduly burdensome.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to identify all interviews and public appearances in which You participated

from December 1987 to present.

**RESPONSE**:        Objection – relevance and proportionality; overbroad;

unduly burdensome.

**REQUEST FOR PRODUCTION NO. 41:**

Any and all documents that you intend to use to support your claim for attorney's fees, including

but not limited to, any formal agreements for services, billing records, or receipts of payment.

**RESPONSE**:        All documents will be produced subject to the terms of the

Stipulated Protective Order.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and discovery responses (including deposition transcripts) You have produced in

the Rich Lawsuit.

**RESPONSE**:        Objection – relevance and proportionality; overbroad;

unduly burdensome.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and discovery responses (including deposition transcripts) You have produced in

*Aaron Rich v. Butowsky, et al.*, Civil Action No. 1:18-cv-681 (RJL) filed in the United States

District Court for the District of Columbia.

**RESPONSE**: Objection – relevance and proportionality; overbroad; unduly burdensome.

---

**REQUEST FOR PRODUCTION NO. 44:**

All documents evidencing Schwab's removal of Your businesses, including Chapwood Investments, from its platform; the reasons given for the removal; and the resulting losses caused by the removal.

**RESPONSE**: All documents will be produced.

---

**REQUEST FOR PRODUCTION NO. 45:**

All documents and discovery responses (including deposition transcripts) You have produced or received in *Butowsky, et al. v. Charles Schwab Corporation, et al.*, Case No. 4:18-cv-00548-ALM-KPJ filed in the United States District Court for the Eastern District of Texas Sherman Division Arbitration.

**RESPONSE**: None except for pleadings.  See PACER for copies.

## **Response to Second Request for Admissions**

Instead of proceeding sequentially, Defendants' second request for admissions begins with "Request For Admission No. 1". Plaintiff will follow Defendant's format.

Responding to each numbered Request, Plaintiff states as follows:

---

**REQUEST FOR ADMISSION NO. 1:**

Admit that the document attached hereto as Exhibit A is a true and correct copy of the Department of Justice's *Report On The Investigation Into Russian Interference In The 2016 Presidential Election*, submitted by Special Counsel Robert S. Mueller, III (the "Mueller Report").

---

      **RESPONSE**:      Denied. No Exhibit A was attached to the request.

---

**REQUEST FOR ADMISSION NO. 2:**

Admit that the Mueller Report identified Russia and/or Russian operatives as the source of leaked emails from the Democratic National Committee to WikiLeaks.

---

      **RESPONSE**:      Denied. No Exhibit A was attached to the request.

---

**REQUEST FOR ADMISSION NO. 3:**

Admit that the findings of the Mueller Report are true and correct.

---

      **RESPONSE**:      Denied. No Exhibit A was attached to the request.

---

**REQUEST FOR ADMISSION NO. 4:**

Admit that you received or reviewed drafts of the Zimmerman Article prior to its publication.

---

      **RESPONSE**:      Admitted.

**REQUEST FOR ADMISSION NO. 5:**

Admit that you know who controls, operates and/or maintains the website "Debunking Rod Wheeler's Claims," located at the domains www.debunkingrodwheelersclaims.com and/or www.debunkingrodwheelersclaims.net (the "Debunking Rod Wheeler Sites").

**RESPONSE**:          Unknown.

**REQUEST FOR ADMISSION NO. 6:**

Admit that you have been involved in the creation, operation and/or maintenance of the Debunking Rod Wheeler Sites.

**RESPONSE**:          Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that you have contributed material or information that subsequently appeared on the Debunking Rod Wheeler Sites.

**RESPONSE**:          Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that you have communicated with the person or persons responsible for the creation, operation and/or maintenance of the Debunking Rod Wheeler Sites.

**RESPONSE**:          Unknown.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you entered into a settlement agreement and/or a covenant not to sue Fox News, LLC or any of its affiliates or subsidiaries regarding any claims in the Rich Lawsuit, the Wheeler Lawsuit, or any actual or threatened litigation arising from the facts of those cases.

**RESPONSE**:          Objection – privileged.

---

**REQUEST FOR ADMISSION NO. 10:**

Admit that you signed an agreement to settle claims in the Wheeler Lawsuit.

---

**RESPONSE**:          Objection – privileged.

## **Reservation of Rights**

Plaintiff reserves the right to amend and/or supplement his Objections and Responses to Defendants' Second Discovery Requests upon review of responsive documents from Defendants and third-parties.

DATED:          November 9, 2019

Signature of Counsel on Next Page

ED BUTOWSKY,
In his Individual and Professional Capacities


By: _/s/ Steven S. Biss_
       Steven S. Biss (VSB # 32972)
       300 West Main Street, Suite 102
       Charlottesville, Virginia 22903
       Telephone:   (804) 501-8272
       Facsimile:   (202) 318-4098
       Email:      **stevenbiss@earthlink.net**
       (*Admitted Pro Hac Vice*)

       Ty Clevenger, Esquire
       Texas Bar No. 24034380
       P.O. Box 20753
       Brooklyn, NY 11202-0753
       (979) 985-5289
       (979) 530-9523 (Fax)
       Email:  tyclevenger@yahoo.com

       *Counsel for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 9, 2019 a copy of the foregoing was emailed in PDF to counsel for the Defendants:

Laura.Prather@haynesboone.com;

Thomas.Williams@haynesboone.com.

By: _/s/ Steven S. Biss_
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:    (804) 501-8272
Facsimile:     (202) 318-4098
Email:         **stevenbiss@earthlink.net**
(*Admitted Pro Hac Vice*)

Ty Clevenger, Esquire
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, NY 11202-0753
(979) 985-5289
(979) 530-9523 (Fax)
Email:  tyclevenger@yahoo.com

*Counsel for the Plaintiff*

43