# EXHIBIT 18

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
Sherman Division

| | |
|---|---|
| ED BUTOWSKY, in his Individual And Professional Capacities<br><br>Plaintiff,<br><br>v.<br><br>DAVID FOLKENFLIK <u>et al</u><br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. <u>4:18-cv-00442-ALM</u><br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# **PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' DISCOVERY REQUESTS**

Plaintiff, Ed Butowsky ("Plaintiff"), by counsel, pursuant to Rules 26(e) and 36 of the Federal Rules of Civil Procedure (the "Rules") and the Federal Rules of Evidence ("FRE"), hereby serves the following Supplemental Responses to defendants, David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook and Pallavi Gogoi (collectively, the "Defendants") request for production of documents dated July 5, 2019 (hereinafter, the "Discovery Requests").

Plaintiff restates and incorporates herein by reference his prior objections to the Discovery Requests, and supplements as follows:

1

**Supplemental Responses to Request for Production of Documents**

Responding to each numbered Request, Plaintiff states as follows:

> **REQUEST FOR PRODUCTION NO. 10:**
>
> All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, relating to any actual or proposed book publishing or movie deals to which You are a party from December 1987 to present.

**RESPONSE**: Objection – relevance; overbroad.

**SUPPLEMENTAL RESPONSE**: Documents relating to Plaintiff's book publishing are identified on his Twitter and Facebook pages, and generally on the Internet. https://www.amazon.com/Wealth-Mismanagement-Financial-Advisers-Portfolio/dp/1642932345.

> **REQUEST FOR PRODUCTION NO. 11:**
>
> All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You, on the one hand, and Lara Logan on the other from March 2008 to present.

**RESPONSE**: Objection – relevance and proportionality; overbroad; unduly burdensome.

**SUPPLEMENTAL RESPONSE**: Plaintiff does not have any documents constituting or reflecting communications with Lara Logan about any issue related to this case or about Ms. Logan's reporting for 60 Minutes.

> **REQUEST FOR PRODUCTION NO. 16:**
>
> All documents, including correspondence, electronically stored information, emails, video and audio recordings, periscopes, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and the company America First Media or any of its employees or principals, including but not limited to Matt Couch, Josh Flippo, or Bill Pierce, including all documents reflecting any expenses incurred, contributions, donations, or payments made, including cryptocurrency payments, by You to America First Media and any meetings you participated in with America First Media or any of its employees or principals.

**RESPONSE**: Objection – relevance and proportionality; overbroad; unduly burdensome.

**SUPPLEMENTAL RESPONSE**: Other than what may be on Twitter, Plaintiff does not have any documents constituting or reflecting communications with America First Media.

> **REQUEST FOR PRODUCTION NO. 17:**
>
> All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, relating to or reflecting a meeting on or about September 19-20, 2017, in which the Rich Family, the DNC Email Leak, the death of Seth Rich, or any of Defendants was discussed.

**RESPONSE**: Objection – relevance and proportionality; overbroad; unduly burdensome.

**SUPPLEMENTAL RESPONSE**: Plaintiff does not have any responsive documents.

> **REQUEST FOR PRODUCTION NO. 18:**
>
> All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Admiral James A. Lyons related to the death of Seth Rich or the source of the DNC Email Leak, including but not limited to any written commentary authored by You on behalf of Admiral Lyons.

**RESPONSE**: Objection – relevance and proportionality; overbroad; unduly burdensome.

**SUPPLEMENTAL RESPONSE**: Plaintiff does not have any responsive documents.

> **REQUEST FOR PRODUCTION NO. 19:**
>
> All written commentary, whether published or unpublished, relating to the subject matter of this lawsuit, the Rich Lawsuit, the DNC Email Leak, or the murder of Seth Rich, including commentary written anonymously, under the names of other individuals, or under *noms de plume*, aliases, or assumed names.

**RESPONSE**: Objection – relevance and proportionality; overbroad; unduly burdensome.

**SUPPLEMENTAL RESPONSE**: Plaintiff does not have any responsive documents.

> **REQUEST FOR PRODUCTION NO. 22:**
>
> Documents sufficient to identify all businesses You own or have owned since Your departure from Morgan Stanley in 2002.

**RESPONSE**: Objection – relevance and proportionality; overbroad; unduly burdensome.

**SUPPLEMENTAL RESPONSE**: Plaintiff will produce copies of Chapwood's corporate records that show Plaintiff's ownership.

> **REQUEST FOR PRODUCTION NO. 32:**
>
> Any actual or proposed agreements (whether signed or unsigned) between You and anyone, including but not limited to Fox News, 21st Century Fox, the Rich family, Doug Wigdor, or Rod Wheeler, that relate to the murder of Seth Rich, Fox News' reporting on it, the allegations in the Wheeler Lawsuit, the allegations in the Rich Lawsuit, or the allegations in this lawsuit.

**RESPONSE**: Objection – relevance and proportionality; overbroad; unduly burdensome; privileged and confidential.

**SUPPLEMENTAL RESPONSE**: Subject to the aforesaid objections, Plaintiff will produce a copy of his agreement with FNN pursuant to the Stipulated Protective Order.

> **REQUEST FOR PRODUCTION NO. 35:**
>
> All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications relating to the Zimmerman Article, including any and all drafts of the Zimmerman Article You received prior to publication.

**RESPONSE**: Objection – relevance and proportionality; overbroad; unduly burdensome.

**SUPPLEMENTAL RESPONSE**: All documents will be produced.

> **REQUEST FOR PRODUCTION NO. 39:**
>
> Documents sufficient to identify all college and post-graduate educational degrees You obtained.

**RESPONSE**: Objection – relevance and proportionality; overbroad; unduly burdensome.

**SUPPLEMENTAL RESPONSE**: Plaintiff will produce documents that identify his degrees.

> **REQUEST FOR PRODUCTION NO. 40:**
>
> Documents sufficient to identify all interviews and public appearances in which You participated from December 1987 to present.

**RESPONSE**: Objection – relevance and proportionality; overbroad; unduly burdensome.

**SUPPLEMENTAL RESPONSE**: All documents are identified on Chapwood's website, Plaintiff's Twitter and Facebook.

6

> **REQUEST FOR PRODUCTION NO. 42:**
>
> All documents and discovery responses (including deposition transcripts) You have produced in the Rich Lawsuit.

**RESPONSE**: Objection – relevance and proportionality; overbroad; unduly burdensome.

**SUPPLEMENTAL RESPONSE**: Whatever documents and discovery responses were produced in the Rich Lawsuit will be made available for inspection and copying.

> **REQUEST FOR PRODUCTION NO. 43:**
>
> All documents and discovery responses (including deposition transcripts) You have produced in *Aaron Rich v. Butowsky, et al.*, Civil Action No. 1:18-cv-681 (RJL) filed in the United States District Court for the District of Columbia.

**RESPONSE**: Objection – relevance and proportionality; overbroad; unduly burdensome.

**SUPPLEMENTAL RESPONSE**: Whatever documents and discovery responses were produced in the Aaron Rich Lawsuit will be made available for inspection and copying

**Supplemental Answers to Interrogatories**

> **INTERROGATORY NO. 7:**
>
> Identify all mobile phone numbers and mobile phone service providers with which You had an account during the relevant time period and the date ranges in which you had those accounts.

**ANSWER**: What is the "relevant time period"? Plaintiff's mobile number is 972-897-0197.

**SUPPLEMENTAL ANSWER**: Between July 2016 and the present, Plaintiff's mobile phone number has been 972-897-0197.

> **INTERROGATORY NO. 10:**
>
> Identify all businesses You own, have owned, or had an ownership interest in since leaving Morgan Stanley in 2002.

**ANSWER**: Objection – relevance; overbroad.

Subject to the foregoing objections, Plaintiff is an owner of Chapwood Investments, 4965 Preston Park Boulevard, Suite 100 Plano, Texas 75093, (972) 865-2225. [https://www.linkedin.com/in/edbutowsky/; https://chapwoodinvestments.com/].

**SUPPLEMENTAL ANSWER**: Between July 2016 and the present, Plaintiff has had an ownership interest in Chapwood.

> **INTERROGATORY NO. 12:**
>
> Identify all lawsuits in which You have been a party since January 1, 2010.

**ANSWER**: Objection – relevance.

Subject to the following objections, see PACER.

**SUPPLEMENTAL ANSWER**: All lawsuits in which Plaintiff has been a party are identified on PACER.

> **INTERROGATORY NO. 13:**
>
> Identify all settlement agreements, releases, covenants not to sue, or drafts thereof, whether proposed or executed, to which You have been a party since January 1, 2010.

**ANSWER**: Objection – relevance; overbroad; privileged/confidential.

**SUPPLEMENTAL ANSWER**: A copy of the settlement agreement with FNN will be produced subject to the Stipulated Protective Order.

Verification on Next Page

9

**V-E-R-I-F-I-C-A-T-I-O-N**

I have reviewed the above Supplemental Interrogatory Answers and I swear or affirm that the answers are truthful and accurate to the best of my knowledge and belief based upon documents and information in my possession and control, based upon my personal observations, memory, and experiences, and based upon documents believed to be in the possession, custody and control of others.

In accordance with 28 U.S.C. § 1746, I declare, certify, verify, and state under penalty of perjury that the foregoing is true and correct.

Executed in Plano, Texas on December ___, 2019.

/s/_____
ED BUTOWSKY

**Supplemental Responses to Second Request for Admissions**

**REQUEST FOR ADMISSION NO. 9:**

Admit that you entered into a settlement agreement and/or a covenant not to sue Fox News, LLC or any of its affiliates or subsidiaries regarding any claims in the Rich Lawsuit, the Wheeler Lawsuit, or any actual or threatened litigation arising from the facts of those cases.

**RESPONSE**:   Objection – privileged.

**SUPPLEMENTAL RESPONSE**:   Admitted that Plaintiff signed a settlement agreement, which speaks for itself.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you signed an agreement to settle claims in the Wheeler Lawsuit.

**RESPONSE**:   Objection – privileged.

**SUPPLEMENTAL RESPONSE**:   Admitted that Plaintiff signed a settlement agreement, which speaks for itself.

**Supplemental Responses to Third Request for Admissions**

**REQUEST FOR ADMISSION NO. 3:**

Admit that your claims are based on allegations that NPR acted as Wigdor's agent when publishing information about the Wheeler lawsuit.

**RESPONSE**: Objection – cumulative.

**SUPPLEMENTAL RESPONSE**: Denied. Plaintiff's conspiracy claim is based on the allegation that Defendants and Wigdor acted in concert and conspired to defame and disparage Plaintiff when publishing statements about Plaintiff.

**REQUEST FOR ADMISSION NO. 4:**

Admit that your claims are based on allegations that NPR acted as Wheeler's agent when publishing information about the Wheeler lawsuit.

**RESPONSE**: Objection – cumulative.

**SUPPLEMENTAL RESPONSE**: Denied. Plaintiff's conspiracy claim is based on the allegation that Defendants and Wigdor acted in concert and conspired to defame and disparage Plaintiff when publishing statements about Plaintiff.

**REQUEST FOR ADMISSION NO. 5:**

Admit that your claims are based on allegations that David Folkenflik acted as Wigdor's agent when publishing information about the Wheeler lawsuit.

**RESPONSE**: Objection – cumulative.

**SUPPLEMENTAL RESPONSE**: Denied. Plaintiff's conspiracy claim is based on the allegation that Defendants and Wigdor acted in concert and conspired to defame and disparage Plaintiff when publishing statements about Plaintiff.

> **REQUEST FOR ADMISSION NO. 6:**
>
> Admit that your claims are based on allegations that David Folkenflik acted as Wheeler's agent when publishing information about the Wheeler lawsuit.

**RESPONSE**: Objection – cumulative.

**SUPPLEMENTAL RESPONSE**: Denied. Plaintiff's conspiracy claim is based on the allegation that Defendants and Wigdor acted in concert and conspired to defame and disparage Plaintiff when publishing statements about Plaintiff.

## Reservation of Rights

Plaintiff reserves the right to amend and/or supplement his Supplemental Responses to Defendants' Discovery Requests upon review of the responsive documents and upon receipt of responsive documents from Defendants and third-parties.

DATED: December 8, 2019

Signature of Counsel on Next Page

ED BUTOWSKY,
In his Individual and Professional Capacities

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:   (804) 501-8272
Facsimile:   (202) 318-4098
Email:   **stevenbiss@earthlink.net**
(*Admitted Pro Hac Vice*)

Ty Clevenger, Esquire
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, NY 11202-0753
(979) 985-5289
(979) 530-9523 (Fax)
Email:  tyclevenger@yahoo.com

*Counsel for the Plaintiff*

14

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2019 a copy of the foregoing was emailed in PDF to counsel for the Defendants.

By: /s/ Steven S. Biss
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: **stevenbiss@earthlink.net**
(*Admitted Pro Hac Vice*)

Ty Clevenger, Esquire
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, NY 11202-0753
(979) 985-5289
(979) 530-9523 (Fax)
Email: tyclevenger@yahoo.com

*Counsel for the Plaintiff*
