# EXHIBIT 19

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
Sherman Division

| | |
|---|---|
| ED BUTOWSKY, in his Individual And Professional Capacities )<br><br>Plaintiff, )<br><br>v. )<br><br>DAVID FOLKENFLIK<br>et al )<br><br>Defendants. ) | Case No. 4:18-cv-00442-ALM |

# **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND INTERROGATORIES AND THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff, Ed Butowsky ("Plaintiff"), by counsel, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure (the "Rules") and the Federal Rules of Evidence ("FRE"), hereby notes and preserves the following Objections and serves the following Responses to defendants, David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook and Pallavi Gogoi (collectively, the "Defendants"), second interrogatories and third request for production of documents dated October 18, 2019 (hereinafter, the "Discovery Requests").

1

## General Objections

1. Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests exceed the scope of discovery permitted under Rules 26, 33 and 34 of the Rules.

2. Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by the attorney-client privilege and/or work-product doctrines. Subject to and without waiving the privilege as to any document, Plaintiff represents that the only information and documents being withheld are communications between Plaintiff and legal counsel in this action (Mr. Biss and Mr. Clevenger), documents prepared in anticipation of this litigation, and work-product of Plaintiffs' legal counsel. The privileged materials consist almost entirely of email communications between Plaintiff and his counsel and legal analysis of claims and defenses prepared by counsel. Plaintiff does not intend produce a privilege log as to these documents, unless requested to do so by counsel for Defendants.

3. Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of information protected by the marital/spousal privilege.

4. Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek the production and/or disclosure of confidential information and sensitive personal and/or financial information and material that is not generally known to the public and that is the subject of efforts by Plaintiff that are reasonable under the circumstances to maintain the confidentiality of such material.

Plaintiff will produce all "CONFIDENTIAL" or "COUNSEL'S EYES ONLY" information in accordance with the terms and conditions of the Stipulated Protective Order or as ordered by the Court.

5. Plaintiff objects to the Discovery Requests on the ground and to the extent that the Discovery Requests seek to elicit inadmissible opinion evidence and/or hearsay or call for Plaintiff to speculate or are duplicative.

6. Plaintiff objects to the Discovery Requests on the ground and to the extent that the information requested is not in Plaintiff's possession or control, but is in the possession and control of others.

7. Plaintiff objects to the Discovery Requests (including the definitions and instructions that accompany the Discovery Requests) on the ground that the Discovery Requests are vague, confusing, argumentative, overly broad, and unduly burdensome.

8. Plaintiff objects to the Discovery Requests to the extent that the Discovery Requests require Plaintiff to create documents for the Defendants or to take action not required by Rules 26 and 36 of the Federal Rules of Civil Procedure.

Continued on Next Page

**Answer to Second Interrogatories**

> **INTERROGATORY NO. 14:**
>
> Identify all special damages, including any realized or liquidated direct pecuniary loss, that you incurred as a result of the Defendants' alleged business disparagement.

**ANSWER**: Although the Discovery Requests do not define the term "special damages", the term has been construed by Texas Courts as "those elements of damages that are the natural, but not the necessary, consequence of defendant's conduct, and usually stem from the particular circumstances of the cases." *See NTBS Storage and Retrieval, Inc. v. Kardex*, 2001 WL 238110, at *1 (N.D. Tex. 2001) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1310 (1990)).

> "Proof of special damages is an essential part of the plaintiffs' cause of action for business disparagement. The requirement goes to the cause of action itself and requires that plaintiff 'establish pecuniary loss that has been realized or liquidated as in the case of specific lost sales.' W. Keeton, *Prosser and Keeton on the Law of Torts*, § 128 at 971 (5th Ed.1984). Furthermore, the communication must play a substantial part in inducing others not to deal with the plaintiff with the result that special damage, in the form of the loss of trade or other dealings, is established. *Id.* at 967; Restatement (Second) of Torts § 632 (1977))."

*Hurlbut v. Gulf Atlantic Life Ins. Co.*, 749 S.W.2d 762, 767 (Tex. 1987); *id. Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*, 2019 WL 4860959, at * 4 (N.D. Tex. 2019) ("Skyline states that Super-Sparkly's communications caused at least one of its existing customers to stop buying its products – a business-related pecuniary loss").

Based upon this definitional framework, Plaintiff suffered the following special damages as a result of Defendants' business disparagement:

- Loss of specific clientele (to be identified);

- Loss of specific prospective economic advantage in the amount of $30,000,000 (name of specific customer to be identified);

4

- Loss of income and profits from Chapwood (in a sum certain to be determined);

- Loss of business reasonably expected and historically achieved as a result of appearances on television and radio (in a sum certain to be determined);

- Injury to business, professional and trade reputation in the amount of $10,000,000.00.

## V-E-R-I-F-I-C-A-T-I-O-N

I have reviewed the above Interrogatory Answers and I swear or affirm that the answers are truthful and accurate to the best of my knowledge and belief based upon documents and information in my possession and control, based upon my personal observations, memory, and experiences, and based upon documents believed to be in the possession, custody and control of others.

In accordance with 28 U.S.C. § 1746, I declare, certify, verify, and state under penalty of perjury that the foregoing is true and correct.

Executed in Plano, Texas on December ___, 2019.


/s/ _____
ED BUTOWSKY

5

## Response to Third Request for Production of Documents

Instead of proceeding sequentially, Defendants' third request for production of documents begins with "Request For Production No. 1". Plaintiff will follow Defendant's format.

Responding to each numbered Request, Plaintiff states:

> **REQUEST FOR PRODUCTION NO. 1:**
>
> All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between You on the one hand, and Sally Davis on the other, including but not limited to the correspondence alleged in Footnote 4 of the Second Amended Complaint.

**ANSWER**:   See the following email:

> On 8/3/17, 5:29 PM, "Sally Davis" <sallyhi-d@comcast.net> wrote:
>
> Hello Ed and Kim,
>
> I'm really sad to write this email.
>
> I have to let you know I asked Schwab to remove Chapwood Investments as the advisor on my Schwab Account. I will follow up with a phone call tomorrow, August 4.
>
> I made this decision after reading news articles about Ed's involvement with a false news story. For me, this is not a question of politics. It's a question of ethics.
>
> I very much appreciate all your help and guidance through the past twenty-five years or so. I'm heartbroken to end our relationship.
>
> All the best,
>
> Sally Davis

Ms. Davis will not do business with Plaintiff, but decided to keep her business at Chapwood with Kim Sams. Plaintiff does not intend to call Ms. Davis as a witness at trial, and has supplemented his Rule 26(a)(1) disclosures to remove her from the list of potential witnesses in this case.

> **REQUEST FOR PRODUCTION NO. 2:**
>
> All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, constituting or reflecting communications between Seymour Hersh on the one hand, and anyone, including but not limited to Malia Zimmerman, on the other, including the correspondence alleged in Footnote 6 of the Second Amended Complaint.

ANSWER: https://www.youtube.com/watch?v=giuZdBAXVh0.

> **REQUEST FOR PRODUCTION NO. 3:**
>
> All documents, including correspondence, electronically stored information, emails, video and audio recordings, voicemail, and text messages, that support Your allegation in Footnote 7 of the Second Amended Complaint that "Wheeler is the one who investigated the matter [of the murder of Seth Rich] and came up with the theory that Seth Rich's murder was *not* **the result of a botched robbery**" (emphasis in original).

**ANSWER**: In response to this Request, Plaintiff identifies the following documents: Wheeler's contract with the Riches; Wheeler's communications with the Riches; all documents obtained and created by Wheeler in the course of and in connection with his investigation, including interview notes, records of conversations, memoranda, reports, emails, text messages, and iMessages. Specifically, the following text message directly supports the allegations in Footnote 7 and in ¶¶ 72-87 of the SAC:

7



> **REQUEST FOR PRODUCTION NO. 4:**
>
> All documents, including correspondence, electronically stored information, emails, video and audio recordings, or transcripts constituting, reflecting, or relating to the alleged conference calls taking place on "May 10, 2017 (10:30 am), May 11, 2017 (9:52 am and 10:12 am), and May 15, 2017 (11:22 am and 1:13 am)," referenced in ¶ 137 of the Second Amended Complaint.

**ANSWER**:　　All documents will be produced.

> **REQUEST FOR PRODUCTION NO. 5:**
>
> All documents, including correspondence, electronically stored information, emails, video and audio recordings, or transcripts constituting, reflecting, relating to, or supporting your allegations in Plaintiff's Second Amended Complaint, ¶¶ 168-169 that Kathryn Murdock requested, for political reasons, that Fox pull the Zimmerman article.

**ANSWER**:　　None.

### Reservation of Rights

Plaintiff reserves the right to amend and/or supplement his Objections, Answers and Responses to Defendants' Second Interrogatories and Third Request for Production of Documents.

DATED:　　December 2, 2019

ED BUTOWSKY,
In his Individual and Professional Capacities

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: **stevenbiss@earthlink.net**
(*Admitted Pro Hac Vice*)

Ty Clevenger, Esquire
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, NY 11202-0753
(979) 985-5289
(979) 530-9523 (Fax)
Email: tyclevenger@yahoo.com

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2019 a copy of the foregoing was emailed in PDF to counsel for the Defendants.

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: **stevenbiss@earthlink.net**
(*Admitted Pro Hac Vice*)

Ty Clevenger, Esquire
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, NY 11202-0753
(979) 985-5289
(979) 530-9523 (Fax)
Email: tyclevenger@yahoo.com

*Counsel for the Plaintiff*