IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
Sherman Division

| | | |
|---|---|---|
| ED BUTOWSKY, in his Individual And Professional Capacities | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 4:18-cv-00442-ALM |
| DAVID FOLKENFLIK et al | ) ) ) | |
| Defendants. | ) ) | |

# PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

Plaintiff, Ed Butowsky, by counsel, pursuant to Local Civil Rule 7(d), respectfully submits his Response and Memorandum in Opposition to Defendants' motion to compel. [*ECF Document 87 ("Def. Mot.")*].

## I. INTRODUCTION

Defendants' motion to compel contains a mountain of accusations, insinuations and half-truths. For the past year, Defendants have served multiple discovery requests and issued multiple third-party subpoenas that are grossly overbroad, disproportionate to the needs of this case, and patently unreasonable. Plaintiff responded to each and every discovery request, duly noting appropriate objections. Upon request and after conferring with Defendants' counsel, Plaintiff supplemented his discovery responses several times. Plaintiff has produced all responsive documents in his possession and control.

1

Importantly, Plaintiff has not objected to a single third-party subpoena, allowing the Defendants to seek and obtain documents from third-parties that are not in Plaintiff's possession.

Defendants make a series of personal attacks on Plaintiff and his counsel that are undeserved and unprofessional, and that in no way facilitate discovery. Plaintiff produced documents as they were kept and maintained in the ordinary course of business. He concealed nothing. He altered nothing. Plaintiff has shown no disrespect for the Federal Rules of Civil Procedure. **Plaintiff has done nothing to "play down the clock" on discovery or to deny Defendants the right to prepare for depositions. To the contrary. For many months, Plaintiff's counsel has requested dates to schedule depositions. Defendants <u>refuse</u> to provide dates for depositions in spite of Plaintiff's many, many requests**.

## II. BUTOWSKY'S RESPONSE

Plaintiff remains committed to resolving all discovery disputes. To this end, Plaintiff responds to the substantive issues raised by Defendants' motion as follows:

1. Plaintiff has produced far more than "300" documents in this case. Plaintiff has identified the entire contents of his websites and social media accounts in response to specific requests. Plaintiff produced all voice recordings in his possession; produced all emails and text messages in his possession; and produced 161 additional pages of miscellaneous documents. Plaintiff originally delivered the documents to his counsel on a hard-drive. Despite multiple attempts, counsel was unable to extract the documents from the hard-drive. Plaintiff's counsel finally requested that the documents be uploaded to a thumbdrive. Defendants' counsel was kept apprised of the situation

each step of the way. In December 2019, Plaintiff produced the documents "as is" in native format as kept and maintained in the ordinary course of his business. Plaintiff cannot produce what he does not have. The accusation that Plaintiff has not produced "thousands [of] emails and other documents at the core of Plaintiff's claims" in this case [*Def. Mot., p. 6*] is untrue.

2. In his response to Defendants' Second Interrogatory No. 14, Plaintiff agreed to identify the names of all clients/customers whose business he lost as a result of the Defendants' publication of false and defamatory statements. Unfortunately, Plaintiff has not been able to complete that list because he fell gravely ill, almost died, and has been in and out of the hospital for months. **Defendants' counsel are well-aware of Plaintiff's medical condition and the many hospitalizations**. Plaintiff was recently released from the hospital, and can complete the list within seven (7) days.

3. Defendants' counsel also knows about the documents in the *Aaron Rich* Lawsuit. Plaintiff's counsel in this action has agreed to produce those documents, regardless whether they are relevant to the claims in *this* case. There are no "revelations". Defendants' counsel are in direct contact with counsel for Aaron Rich. To the extent that there are any documents that were produced by Plaintiff in the *Aaron Rich* Lawsuit and to the extent that additional documents will be produced in that case, Plaintiff agrees to instruct his counsel in that matter to make all non-privileged documents available.

4. Defendants' counsel states that Plaintiff's document production "glaringly omits documents (produced by others) evidencing his involvement with the Wheeler investigation and the retracted FNN story and fails to produce any documents *at all* from

3

his email accounts: Butowsky32@gmail.com, and googie18@aol.com". [*Def. Mot., p. 7*]. Again, Plaintiff has certified to his counsel in this action that he has produced all documents in his possession and control. If the Defendants through a subpoena have received a document from a third-party authored by Plaintiff, Defendants can certainly inquire about the document at Plaintiff's deposition. Defendants' counsel can inquire as to why the documents are absent from Plaintiff's production. The bottom line is that Plaintiff has produced all text and email communications with Wheeler, with employees of Fox News Network (FNN), with public officials regarding the death of Seth Rich, and/or relating to Wheeler's investigation and the Fox News story that are in his possession and control. The fact that Defendants received from third-parties additional emails (some of which are admittedly duplicative) on which Plaintiff was copied does not change the fact that Plaintiff has produced *his* entire file.

5. Some – not "many" – of the documents produced by Plaintiff are screenshots. Defendants' counsel points to one text message that was redacted long before any litigation began. Plaintiff does not have an unredacted copy. Plaintiff produced what he had. Defendants' counsel received the unredacted version of the text from Wheeler, and so counsel knows what was redacted – a statement by Wheeler, ***not*** by Plaintiff.

6. Plaintiff did not alter any audio files. Defendants' counsel "suggests" that Plaintiff did so, but that is not the case. Plaintiff produced all audio files in his possession **and** directed Defendants' counsel to hyperlinks and websites on the internet where additional audio recordings were located.

7. Defendants have requested numerous documents of marginal relevance, including "[a]ll FINRA documents, records, or communications related to your registration as a broker/dealer since December 1987". [*Def. Mot., p. 11*]. Requests like this exemplify the disproportionate and grossly unreasonable fishing expedition engaged in by the Defendants. Documents relating to some claim made in 1987 by some former customer of Plaintiff, if such documents still exist, are wholly irrelevant to Plaintiff's reputation thirty (30) years later in 2017. Further, documents in the FINRA repository system – Brokercheck – are notoriously unreliable and incomplete, but, in any case, are available to Defendants online.

8. Defendants want to know about "lawsuits in which [Plaintiff] been a party since January 1, 2010". [*Def. Mot., p. 12*]. Plaintiff's involvement in litigation is marginally relevant to his reputation. Litigation over a car accident or an unpaid hospital bill (if any such litigation occurred, and it did not) has no bearing on reputation. In spite of the limited relevance, Plaintiff fully answered this interrogatory, and directed Defendants' counsel to PACER. Defendants are equally able to search PACER and recover all available responsive documents.

9. Defendants seek documents related to "actual or proposed book publishing or movie deals to which You are a party from December 1987 to present". They speculate that such documents "may demonstrate Plaintiff's motive for developing and eventually monetizing conspiracy theories related to Seth Rich's murder, which is relevant to Plaintiff's reputation and damages claims, as well as to NPR's defenses". [*Def. Mot., p. 12*]. First, the premise of Defendants' argument is flawed. Plaintiff never developed or monetized any conspiracy theories related to Seth Rich's murder. Second,

5

this request is so over-broad and its seeks information that is completely disproportionate to the needs of this case. Plaintiff supplemented his response to second request for production of documents no. 10. This is a reasonable response under the circumstances.

10. **Defendants' counsel suggests that Plaintiff has obstructed third-party discovery, but the truth is that Plaintiff has not objected to a single one of the multitude and seemingly endless third-party subpoenas**. Responses to subpoenas to Chapwood and Sams are being prepared, and all responsive documents will be produced. Again, Defendants omit to tell the Court that Plaintiff has been hospitalized. He had to request additional time to respond to the Chapwood subpoena. Plaintiff is not well. He has been in and out of the hospital. He has been working on the subpoena response, and will have it completed within seven (7) days.

11. There has been no obstruction of discovery and certainly no "suffocation" of Defendants' discovery efforts. Rather, each week brings another wave of discovery requests and subpoenas. Defendants' extensive and ongoing efforts to gather admissible evidence has in no way slowed or been impeded.

## CONCLUSION AND REQUEST FOR RELIEF

Counsel for Plaintiff in this matter is not involved in the *Aaron Rich* Lawsuit and has no knowledge of what has or has not transpired in that case. That case, however, involves different parties, different issues and different discovery. In this case, Plaintiff searched his devices and produced all documents that the Defendants' requested.

For the reasons stated above, Plaintiff, Ed Butowsky, respectfully requests the Court to deny the Defendants' motion to compel.

DATED:   February 3, 2020

        ED BUTOWSKY,
        In his Individual and Professional Capacities

By:   */s/ Steven S. Biss*
        Steven S. Biss (VSB # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone:   (804) 501-8272
        Facsimile:   (202) 318-4098
        Email:   **stevenbiss@earthlink.net**
        (*Admitted Pro Hac Vice*)

        Ty Clevenger, Esquire
        Texas Bar No. 24034380
        P.O. Box 20753
        Brooklyn, NY 11202-0753
        (979) 985-5289
        (979) 530-9523 (Fax)
        Email: tyclevenger@yahoo.com

        *Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for Defendants and all interested parties receiving notices via CM/ECF, and a copy was also emailed in PDF to counsel for the Defendants.

          By:   */s/ Steven S. Biss*
                Steven S. Biss (VSB # 32972)
                300 West Main Street, Suite 102
                Charlottesville, Virginia 22903
                Telephone:   (804) 501-8272
                Facsimile:    (202) 318-4098
                Email:        **stevenbiss@earthlink.net**
                (*Admitted Pro Hac Vice*)

                Ty Clevenger, Esquire
                Texas Bar No. 24034380
                P.O. Box 20753
                Brooklyn, NY 11202-0753
                (979) 985-5289
                (979) 530-9523 (Fax)
                Email:  tyclevenger@yahoo.com

                *Counsel for the Plaintiff*