# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| ED BUTOWSKY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| DAVID FOLKENFLIK; NATIONAL PUBLIC RADIO, INC.; EDITH CHAPIN; LESLIE COOK; AND PALLAVI GOGOI, | § § § § § § § | 4:18-CV-00442-ALM |
| Defendants. | § § | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY PURSUANT TO FED. R. CIV. P. 37**

## I.  INTRODUCTION

Plaintiff's Response and Memorandum in Opposition to Defendants' Motion to Compel ("Response," Dkt. 90) fails to justify Plaintiff's ongoing refusal to produce documents[1] and provide discovery responses "without court action." Fed. R. Civ. P. 37(a)(1). Instead, his Response underscores the necessity of judicial action to compel Plaintiff to do what he should have done many months ago, and what he promises but fails to do as recently as in his Response itself.

In the *Aaron Rich* Case, involving the same alleged and unproven "conspiracy," Plaintiff made an initial production of **1,429 pages of documents**. But after being ordered to produce documents months ago, the parties retained an outside vendor, who located – solely from Butowsky's primary email account – **6,452 documents, totaling 29,920 pages)**. Here, in contrast, Plaintiff has pronounced "complete" his production of about **300 documents** – (over 100 pages are NPR public filings and the rest a collection of emails, screen shots and audio files (many altered or redacted). That's **less than 5%** of his documents belatedly located in the *Aaron Rich* Case.[2]

Plaintiff's counsel here, Steven Biss, admits that he "knows about the documents in the *Aaron Rich* Lawsuit," and that "Plaintiff's counsel has agreed to produce those documents, regardless whether they are relevant to the claims in **this** case." Response at 3. Apparently without authority, Biss represented that Butowsky will "make all non-privileged documents available" from the *Aaron Rich* Case, *id.*, yet Butowsky's counsel in that case said that Butowsky had neither given him any such permission nor had he authorized any such statement by Biss.[3] On the eve of this Reply, Butowsky's counsel in the *Aaron Rich* Case now says he has authority for the

---

[1] *See, e.g.,* Prather Declaration ("Prather Decl.") ¶ 5; Ex. 1 (For months, Plaintiff has refused to allow production of documents he produced in *Aaron Rich v. Butowsky*, *et al.,* Case No. 1:18-cv-00681-RJL (D.D.C.) (the "*Aaron Rich* Case")).
[2] *See* Prather Decl. ¶ 4; Defendants' Motion to Compel Discovery ("Mot. to Compel") (Dkt. 87) at 2, 5 & Ex. 2. In the *Aaron Rich* Case, the forensic examination of Butowsky's other devices and accounts (*i.e.* cell phone and computer) is yet to be conducted but to be completed in the future. *Id.*
[3] Prather Decl. ¶ 8, Ex. 2.

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ED BUTOWSKY**          **PAGE 1**

production,[4] but it has taken this Motion to achieve that admission and agreement. **Still Plaintiff has *not* produced any of those documents**.

For many months, Plaintiff's counsel has been promising the production of documents and information to Defendants, but Plaintiff's discovery has not been forthcoming for one excuse after another. The Court can get a sense of the problem by seeing how readily Plaintiff's counsel agrees to produce documents and information – *i.e.*, the names of all lost "clients/customers[5]," and responses to subpoenas issued to Chapwood and Sams – "within seven (7) days." Response at 3, 6. **Yet more than seven (7) days have passed since Plaintiff filed the Response, and Plaintiff has still *not* honored these promises to produce the documents and information**.

In sum, Defendants' Motion should be granted, and a forensic examination of Plaintiff's devices should be ordered to enhance the likelihood of compliance with the Court's order.

## II. DEFENDANTS ARE ENTITLED TO ADDITIONAL DISCOVERY FROM PLAINTIFF.

As a matter of law, the Response fails to meet "[t]he burden [ ] on the party resisting discovery to establish the discovery is not proportional." *Hall v. Rent-A-Ctr., Inc.*, 4:16CV978, 2018 WL 4293141, at *3 (E.D. Tex. Aug. 31, 2018) (Craven, M.J.). The Response does not dispute that by filing a $60 million defamation lawsuit in **June 2018,** Butowsky placed his reputation at issue here, yet he has failed to produce documents and information concerning essential elements of his claims, including his reputation, whether good or bad, prior state litigation or complaints to FINRA bearing on his reputation, or *any* evidence of alleged pecuniary damages.

Plaintiff has failed to justify the gaping holes in his discovery responses or otherwise explain his production of less than 5% of potentially responsive documents (some of which have

---

[4] *Id.* ¶ 9.
[5] *Id.* ¶¶ 10-11, Ex. 3; Mot. to Compel (Dkt. 87) at Exs. 8, 10, 19.

been manipulated or improperly excerpted). *See* Mot. to Compel at 5, 9, Ex. 15. To justify an order compelling production of documents, requesting parties have only a "modest burden . . . to support, with existing documents, a reasonable deduction that other documents may exist or did exist but have been destroyed." *RealPage, Inc. v. Enter. Risk Control, LLC*, 4:16-CV-00737, 2017 WL 1165688, at *5 (E.D. Tex. Mar. 29, 2017) (Mazzant, J.). Such a deduction is inevitable here.

Plaintiff's recent illness does not justify his and his lawyers' months of stonewalling. Plaintiff requested (and received) multiple extensions long before any health issues arose, and Defendants' professional courtesies were met with belated production of only a tiny fraction of the materials in Plaintiff's possession, some of which were doctored and incomplete. Plaintiff declared his production "complete" long before his recent hospitalization. This is *not* an issue of a health-related delay. Plaintiff either promises but fails to participate in discovery, *supra,* or he refuses. Only this Court's action will compel Plaintiff's compliance with his discovery duties.[6]

In his Response, Plaintiff has not provided any declaration that would explain what happened to his documents that the Response asserts (in the face of overwhelming evidence to the contrary) are not in his possession or control, or how and when Plaintiff lost or deleted responsive documents. Response at 1-4. The Response admits Plaintiff's counsel is relying at best on Plaintiff's assertions that he has no responsive documents, including from two of Plaintiff's email accounts that his lawyers must search – and not merely rely on what Plaintiff purportedly "certified to his counsel." Response at 4. That is insufficient as a matter of law; Rule 26(g) requires Plaintiff's counsel to conduct a "reasonable inquiry" into Plaintiff's compliance with document

---

[6] In the *Aaron Rich* Case, Mr. Rich has provided evidence that Plaintiff appears well enough to make videos and offer financial commentary, despite his alleged incapacitation. *See* Prather Decl. at ¶ 13, Ex. 4 (Pl.'s Notice of Supp. Auth. Regarding Def. Butowsky, *Aaron Rich* Case (Jan. 22, 2020, Dkt. 126)). Plaintiff also filed pleadings in the *Joel and Mary Rich* litigation last week as a pro se litigant. *Id.*at ¶ 14, Ex. 5 (Letter from Ed Butowsky, *Joel Rich, et al. v. Fox News Network LLC, et al.*, Case No. 1:18-cv-02223-GBD-SN (S.D.N.Y. Feb. 10, 2020) (Dkt. 109)). *See also id.* at ¶ 15 (Butowsky called Defendant's counsel directly on January 15, 2020).

requests. *See* FRCP 26(g); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578 (N.D. Tex. 2018) ("In responding to [Rule 34] discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, . . . the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.")  The Response shows that Plaintiff and his lawyers have not made a reasonable inquiry or exercised due diligence in response to Defendants' requests. Moreover, the many documents already produced, coupled with Butowsky's representations that he will produce thousands more documents in his possession or control in the *Aaron Rich* Case, establish that Plaintiff's and his counsel's statements here are demonstrably false. *See* Prather Decl. Ex. 2.

Plaintiff's representation that he will allow third-party discovery to proceed, Response at 2, does not obviate his discovery obligations. Many recipients of Defendants' subpoenas have objected that the information sought can be obtained from Plaintiff, and have asserted various privileges. There is no third-party substitute for Plaintiff's direct participation in discovery here.[7]

### III.   PLAINTIFF HAS WAIVED HIS OBJECTIONS, AND HIS RELEVANCE OBJECTIONS ARE ENTIRELY WITHOUT MERIT.

The Motion to Compel establishes that Plaintiff has waived his responses to Defendants' discovery requests because his objections are merely generic, boilerplate responses that do not respond with the "specificity" required by the Rule. Mot. to Compel at 10-13; Fed. R. Civ. P. 34(b)(2)(B); *see Hall*, 2018 WL 4293141, at *3. The Response's bare assertion that Plaintiff "duly not[ed] appropriate objections" rings false. Response at 1. For example, Plaintiff offers the following: "Objection – relevance and proportionality; overbroad; unduly burdensome" in response to **nine** consecutive requests, including a request relating to a meeting in which

---

[7] Contrary to Plaintiff's assertions, Chapwood, Sams, Johnson and other third parties with relevant information that are either controlled by Plaintiff or represented by the same attorneys as Plaintiff's lawyers here have *not* made adequate discovery. *See* Prather Decl. at ¶¶ 15-16; Exs. 6 and 7. (Chapwood/Sams/Johnson subpoena responses).

Defendants and the murder investigation of Seth Rich were allegedly discussed at length. *See, e.g.*, Mot. to Compel, Ex. 17, at 27-30. These generic objections fall far short of what the Rule requires. *Hall*, 2018 WL 4293141, at *3. Moreover, Plaintiff did not object to many of Defendants' document requests, yet he did not produce *any* documents responsive to those requests despite promises to do so. *See, e.g.*, Motion at Ex. 4, at 35 (agreeing but failing to produce documents related to Butowsky's payments to Wheeler for investigation of death of Seth Rich). Thus, Plaintiff has waived his objections to discovery – either by failing to object, or by doing so inadequately.

In any event, Plaintiff's relevance objections fail. "Relevance, [under] Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence." *Sorrell v. Reeves*, 4:18-CV-00354, 2019 WL 5328785, at *3 (E.D. Tex. Oct. 21, 2019) (Mazzant, J.). Information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions;... [or] (4) it is information that deserves to be considered in the preparation, evaluation, or trial of a claim or defense..." L.R. CV-26(d). The document requests the Response singles out easily clear this bar. Response at 5.

## IV. CONCLUSION

Plaintiff has produced only a tiny fraction (less than 5%) of the potentially relevant documents recently located – after court order and examination of his devices by an outside vendor – in the *Aaron Rich* Case. Yet Plaintiff's Response asserts that "Plaintiff has produced all responsive documents in his possession and control." Response. at 1. That assertion is belied by the facts. So, too, are Plaintiff's repeated assurances of "complete" compliance. Butowsky has waived his objections, which are, in any event, deficient as a matter of well-settled law.

The Court should overrule Plaintiff's objections, compel production of documents and supplementation of interrogatory answers, order a forensic examination of Plaintiff's devices, and award Defendants their reasonable attorneys' fees incurred in bringing this Motion to Compel.

Respectfully submitted,

By: */s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:   (512) 867-8400
Facsimile:    (512) 867-8470

David J. Bodney
*admitted pro hac vice*
bodneyd@ballardspahr.com
Ian O. Bucon
*admitted pro hac vice*
buconi@ballardspahr.com
BALLARD SPAHR LLP
1 E. Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone:   602.798.5400
Facsimile:    602.798.5595

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 18, 2020, a true and correct copy of the foregoing document was forwarded via e-filing to the following counsel of record:

Ty Odell Clevenger
P.O. Box 20753
Brooklyn, NY 11202-0753
979-985-5289 (phone)
979-530-9523 (fax)
tyclevenger@yahoo.com

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
804-501-8272 (phone)
202-318-4098 (fax)
stevenbiss@earthlink.net

*/s/ Laura Lee Prather*
Laura Lee Prather