## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **ED BUTOWSKY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **DAVID FOLKENFLIK; NATIONAL** | § | **4:18-CV-00442-ALM** |
| **PUBLIC RADIO, INC.; EDITH** | § | |
| **CHAPIN; LESLIE COOK; AND** | § | |
| **PALLAVI GOGOI,** | § | |
| | § | |
| **Defendants.** | § | |

---

## DECLARATION OF LAURA LEE PRATHER IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY PURSUANT TO FED. R. CIV. P. 37

---

I, Laura Lee Prather, hereby declare pursuant to 28 U.S.C. § 1746:

1.      My name is Laura Lee Prather.  I am over the age of twenty-one (21) years and am fully competent to make this declaration.  The facts stated in this declaration are within my personal knowledge and are true and correct.

2.      I am a partner at the law firm of Haynes and Boone, LLP and lead counsel for Defendants in the above-captioned lawsuit.  I am fully competent to make this declaration, and all the facts set forth herein are based on my personal knowledge and are true and correct.

3.      I have overseen Defendants' discovery efforts in this case.  As part of those efforts, Defendants served a subpoena on Aaron Rich, the plaintiff in a related lawsuit against the Plaintiff here, Ed Butowsky.  *See Rich v. Butowsky, et al.*, Case No. 1:18-cv-00681-RJL (D.D.C) (the "*Aaron Rich* Case").  The facts of the *Aaron Rich* Case overlap substantially to those in this

lawsuit; specifically, both cases center around the death of Aaron Rich's brother, Seth, and Mr. Butowsky's involvement in conspiracy theories following Seth's death.  The subpoena to Mr. Rich requested, among other things, documents that Mr. Butowsky produced in the *Aaron Rich* Case.

4.      In the *Aaron Rich* Case, Mr. Butowsky has represented that he has produced 1,429 pages of documents.  *See* Notice of Correction, *Aaron Rich* Case, Dkt. No. 134.  After being ordered to produce documents several months ago, the parties agreed to retain an outside vendor to assist with electronic discovery; that vendor located a total of 6,452 potentially responsive documents (representing a total of 29,920 pages) with a review of *only* Mr. Butowsky's primary gmail account. Mot. to Compel at Ex. 2 (Email from E. Quainton to J. Riley dated December 23, 2019 (Ex. 7 to Pl.'s Motion and Memorandum in Support of Motion for Sanctions Against Defendant Butowsky, *Aaron Rich* Case, Dkt. 93)). This preliminary review did not include Mr. Butowsky's cell phone, computer, or several other email accounts.  *Id.* Thus, the forensic examination in the *Aaron Rich* Case is continuing with the rest of Mr. Butowsky's devices and accounts. *Id.* By contrast, Mr. Butowsky has only produced approximately 300 documents (more than 100 pages of which were NPR public filings) in response to Defendants' discovery requests in this case.  *Id.* at 2, 5.

5.      On November 25, 2019, I received a response from counsel for Aaron Rich in response to Defendants' subpoena.  The response indicated that Mr. Rich would not be producing materials produced to him by Mr. Butowsky or his Co-Defendant, Matthew Couch, as counsel for both had indicated that they would object to the production of those materials in response to the subpoena.  A copy of that correspondence is attached to this declaration as Exhibit 1.

6.      On February 3, 2020, I received Plaintiff's Response and Memorandum in Opposition to Defendants' Motion to Compel ("Plaintiff's Response").  In it, Plaintiff represented

that "Plaintiff's counsel in this action has agreed to produce those documents [referenced in paragraph 5 above], regardless whether [*sic*] they are relevant to the claims in ***this*** case." (Emphasis in original).  Response at 3.  Plaintiff also represented that he agreed to "instruct his counsel in that [*Aaron Rich* Case] . . . to make all non-privileged documents available [to Defendants here]." *Id.*

7.      Upon receipt of Plaintiff's Response, I emailed counsel for Mr. Rich, attached a copy of Plaintiff's Response to that email, and requested that Mr. Rich supplement his production on the basis of counsel's agreement to produce documents in the *Aaron Rich* Case.  A copy of that correspondence is attached to this declaration as <u>Exhibit 2</u>.  I copied Plaintiff's counsel in this case, as well as Eden Quainton, Mr. Butowsky's counsel in the *Aaron Rich* Case.

8.      Mr. Quainton responded that he had <u>*not*</u> received instruction from Mr. Butowsky to lift his objections to the production of Mr. Butowsky's material and, as a result, was bound to object to the production. *Id.*  On February 12, 2020, in a subsequent telephone conversation, Mr. Quainton reiterated that, although he was aware that Mr. Butowsky stated in Plaintiff's Response that he would permit production to Defendants in this case of his document production in the *Aaron Rich* Case, Mr. Butowsky had neither given him permission to lift his objection, nor had he authorized Steven Biss, Plaintiff's attorney in this case, to make any such statement.

9.      It was not until after close of business on February 13, 2020 that Mr. Quainton emailed me to say that Mr. Butowsky had agreed to permit Mr. Rich to produce to Defendants in this case copies of the documents he produced in the *Aaron Rich* Case.  Mr. Quainton requested that counsel for Mr. Rich provide a copy of Mr. Butowsky's production to Defendants here.  He also requested that counsel for Mr. Rich provide a portion of Mr. Couch's production to Defendants here.  Even though U.S. District Court Judge Leon (District of Columbia) denied Mr.

Couch's request to withhold documents under a journalist's privilege in the *Aaron Rich* Case, Mr. Couch is refusing to produce those documents in the case at hand and has indicated the issue will need to be re-litigated before any such documents will be forthcoming. Regardless, Defendants have yet to receive any of the requested documents.

10.     Through three versions of his Complaint, Plaintiff has relied on Sally Davis as the sole exemplar of a lost account to support his special damage claim.   After Davis signed a Declaration indicating she never moved her account from Chapwood, Plaintiff served answers to discovery in which he claimed he would identify the name of specific customers. *See* Def.'s Mot. to Compel, Ex. 19.  On that same day, December 2, 2019, Plaintiff filed Amended Disclosures removing Sally Davis as a prospective witness and claiming $45 million in damages for, among other things, "loss of specific clientele" without identifying any.  A copy of Plaintiff's Amended Rule 26(a)(1) Disclosures is attached to this declaration as Exhibit 3.

11.     In fact, the request for information about Plaintiff's alleged economic and special damages were made months before the Davis Declaration.  In September and October, 2019, Defendants inquired about such information and were met with perfunctory responses and promises of future information, *i.e.* "loss of specific clientele (*to be identified*)"; "loss of specific prospective economic advantage in the amount of $30,000,000 (name of specific customer *to be identified*)".  *Compare* Def's Mot. to Compel, Exs. 8 and 10 to 17 and 19.

12.     Now, several months later, Plaintiff states in his Response that he has not been able to meet his discovery obligations because "he fell gravely ill, almost died, and has been in and out of the hospital for months."  Plaintiff's Response, filed on February 3, 2020, further states that "Plaintiff was recently released from the hospital," and as a result, that he can provide information regarding lost clients "within seven (7) days."  He has not done so.

13.     Furthermore, in the *Aaron Rich* Case, Mr. Rich has provided evidence that Plaintiff appears well enough to make videos and offer financial commentary, despite his alleged incapacitation. *See* Pl.'s Notice of Supp. Auth. Regarding Def. Butowsky, *Aaron Rich* Case (Jan. 22, 2020, Dkt. 126).  A copy of that notice is attached to this declaration as Exhibit 4.

14.     Plaintiff also filed a letter last week as a pro se litigant in another lawsuit brought by Aaron Rich's parents, Joel and Mary Rich. *See* Letter from Ed Butowsky, *Joel Rich, et al. v. Fox News Network LLC, et al.*, Case No. 1:18-cv-02223-GBD-SN (S.D.N.Y. Feb. 10, 2020) (Dkt. 109)).  A copy of that letter is attached to this declaration as Exhibit 5.

15.     Plaintiff Butowsky and his attorney, Mr. Biss, have also sought to prevent discovery from third parties with potentially relevant documents in this case.  In November 2019, Plaintiff's business, Chapwood Capital Management, and his business partner, Kim Sams, were both served with subpoenas in this matter.  Both have similarly failed to respond adequately to discovery.  On January 15, 2020, Butowsky called Defendant's counsel directly and left a message promising responsive documents.  But, on February 6, 2020, Plaintiff provided responses and objections to Defendant's third-party subpoenas to Chapwood Capital Management and Ms. Sams (as a non-lawyer purporting to represent Chapwood and Ms. Sams) with no responsive documents.  A copy of those responses is attached to this declaration as Exhibit 6.

16.     Larry Johnson is another third party with potentially relevant information in this case who, like Mr. Butowsky, is represented by Mr. Biss and Mr. Clevenger.  Johnson was served on November 27, 2019 with a subpoena and has similarly stonewalled Defendants' attempts to obtain discovery, asserting—but not substantiating—untimely privilege claims over relevant documents in his possession.  A copy of Mr. Johnson's correspondence concerning his assertion of privilege is attached to this declaration as Exhibit 7.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 18th day

of February, 2020 in Austin, Texas.

**LAURA LEE PRATHER**

| From: | Chloe Houdre |
|---|---|
| To: | Prather, Laura |
| Cc: | Michael Gottlieb; Joshua Riley; Meryl Governski |
| Subject: | Ed Butowsky v. David Folkenflik Et Al. Subpoena to Aaron Rich |
| Date: | Monday, November 25, 2019 4:05:03 PM |
| Attachments: | 2019.11.25 Aaron Rich Responses and Objections to David Folkenflik et al. Subpoena 4819-8064-6574 1.pdf |
| | 2018.06.21 (DI 029) Stipulated Protective Order Signed.pdf |

**EXTERNAL:** Sent from outside haynes*boone*

Ms. Prather,

In response to your November 11, 2019, subpoena ("Subpoena") to Mr. Rich in the case of Ed Butowsky v. David Folkenflik, et al., Mr. Rich hereby serves his Responses and Objections to the Subpoena, which are attached. As articulated in the Responses and Objections, Mr. Rich will produce on a rolling basis the productions of the parties and third parties in Aaron Rich v. Ed Butowsky, et al., (the "Rich Litigation"). Mr. Rich will not, however, be producing materials produced to him by Mr. Couch or Mr. Butowsky, as counsel for both have indicated that he will object to our producing those materials in response to this Subpoena.

The materials Mr. Rich is producing today include the productions of:

(1) Joseph Burkett
(2) John ("Jack") Burkman
(3) Ebay
(4) Roger Stone
(5) Wigdor LLP
(6) Beth Bogaerts
(7) Manuel Chavez
(8) Fox News
(9) Thomas Schoenberger; and
(10) Rod Wheeler

These materials are available at the FTP site, linked below. Please kindly review the Protective Order in the Rich Litigation, also attached, before viewing these productions.

FTP Access Instructions:

FTP folder:
FTP Login:
FTP PW:

**Burkett:**
Zip File Password:

**Burkman:**
Zip File Password:

**Ebay:**
Zip File Password:

**Stone:**

**Exhibit 1**

Zip File Password: 

**Wigdor LLP:**
Zip File Password: 

**Bogaerts:**
Zip File Password: 

**Chavez:**
Zip File Password:

**Fox News:**
Zip File Password:

**Schoenberger:**
Zip File Password:

**Wheeler:**
Zip File Password:

Please let me know if you have difficulty accessing the FTP site.

Regards,
Chloe

**Chloe M. Houdre**\*
Associate

BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, N.W.
Washington, DC 20005
(t) +1 202 237 9625
(m) +1 678 294 5482
choudre@bsfllp.com
www.bsfllp.com
\*Admitted in New York. Practice supervised.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

| From: | Prather, Laura |
|---|---|
| To: | "Eden Quainton" |
| Cc: | Chloe Houdre; Steven S. Biss; David J. Bodney (bodneyd@ballardspahr.com) |
| Bcc: | Prather, Laura |
| Subject: | RE: NPR/Butowsky - Plaintiff"s Response to MTC |
| Date: | Monday, February 3, 2020 9:02:45 PM |

I assume Mr. Biss will work with your mutual client to ensure that his representations to the Court are correct.

We look forward to hearing from you both.

**From:** Eden Quainton [mailto:equainton@gmail.com]
**Sent:** Monday, February 03, 2020 6:37 PM
**To:** Prather, Laura
**Cc:** Chloe Houdre; Steven S. Biss; David J. Bodney (bodneyd@ballardspahr.com)
**Subject:** Re: NPR/Butowsky - Plaintiff's Response to MTC

> **EXTERNAL:** Sent from outside haynes*boone*

Thank you for copying me on this.  I appreciate the Response indicates that I will be instructed not to object to the production of Mr. Butowsky's materials, but I have not received any such instructions and, until I do, I must object to the production.

Sincerely,

Eden

On Mon, Feb 3, 2020 at 6:57 PM Prather, Laura <Laura.Prather@haynesboone.com> wrote:

> Hi Ms. Houdre,
>
> I am reaching out to you about our subpoena to obtain records that Ed Butowsky produced in the *Aaron Rich v. Butowsky* matter.  I understand that previously Mr. Butowsky objected to the production of the materials that he produced in the *Aaron Rich* matter; however, according to his counsel, Steve Biss, he is no longer pursuing that objection.  See paragraph 3 of  Plaintiff's Response to Motion to Compel attached hereto.
>
> I am copying Mr. Quainton on this email as well because we understand he is counsel for Mr. Butowsky in the Aaron Rich case.
>
> Given the foregoing, we appreciate you producing to us the materials responsive to our subpoena previously produced by Mr. Butowsky in the *Aaron Rich* case.
>
> Thanks and take care,
> Laura
>
> **Laura Lee Prather**, Appellate Law Board Certified
> Partner
> (t) +1 512.867.8476

**Exhibit 2**

Licensed in Texas, California, New York, and D.C.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

--
Eden P. Quainton
Quainton Law, PLLC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel: 212.813.8389
Fax: 212.813.8390
Cell: 202.360.6296
www.quaintonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
Sherman Division

ED BUTOWSKY, in his Individual          )
And Professional Capacities             )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )          Case No. 4:18-cv-00442-ALM
                                        )
                                        )
DAVID FOLKENFLIK et al                  )
                                        )
        Defendants.                     )
_____)

# PLAINTIFF'S AMENDED
# RULE 26(a)(1) DISCLOSURES

Plaintiff, Ed Butowsky ("Plaintiff"), by counsel, pursuant to Rule 26(a)(1) Fed. R. Civ. Pro. ("FRCP"), provides the following Amended Disclosures:

1.      _Individuals Likely to Have Discoverable Information_.   The following persons are likely to have discoverable information that the Plaintiff may use to support the facts and allegations in his Complaint [_ECF Document. 1_]:

        a.      Ed Butowsky, c/o Steven S. Biss, Esquire.  Plaintiff has knowledge and information relevant to all facts, allegations and claims stated in his Complaint, including, without limitation, Defendants' publication of false and defamatory statements, the republication of those statements, Defendants' actual malice, and the actual damages, loss of income and injury to Plaintiff's business (investment management and advice), insult, pain, embarrassment, humiliation, mental suffering, and

**Exhibit 3**

injury to his reputation caused by the Defendants' defamation, business disparagement and conspiracy.

        b.    <u>Dani Butowsky</u>, c/o Steven S. Biss, Esquire.  Dani has knowledge of the impact of Defendants' statements on her husband.

        c.    <u>Lauren Butowsky</u>, c/o Steven S. Biss, Esquire.   Lauren has knowledge of the impact of Defendants' statements on her father.

        d.    <u>Chapwood Capital Investment Management</u>, c/o Steven S. Biss, Esquire.   Chapwood has knowledge and information relating to Plaintiff's loss of business and income, including information about Chapwood's assets under management, loss of accounts and revenues since August 1, 2017.

        e.    <u>Joel and Mary Rich</u>.  Joel and Mary Rich have knowledge of their son, Seth Rich's, employment with the DNC, his communications with WikiLeaks, his murder, and the investigation of his murder.

        f.    <u>Aaron Rich</u>.   Aaron Rich has knowledge of his brother's communications with WikiLeaks, the payment by WikiLeaks through a dummy Ebay account, Seth Rich's murder, the investigation of Seth Rich's murder, and Aaron Rich's obstruction of Rod Wheeler's murder investigation. [*See, e.g.,* https://bigleaguepolitics.com/brother-seth-rich-works-government-contractor-provides-cyber-defense/; https://bigleaguepolitics.com/audio-rod-wheeler-explains-fox-news-fiasco-claims-brother-blocked-wikileaks-inquiries/].

g.      Julian Assange, 3b, 3 Hans Cres, Knightsbridge, London SW1X 0LS, UK (Embassy of Ecuador, London, England).  Mr. Assange has knowledge of the production of emails by Seth Rich to WikiLeaks in or about June 2016 [*See* https://www.youtube.com/watch?v=Kp7FkLBRpKg] and that Russia was absolutely not involved. [https://www.youtube.com/watch?v=CuRJDKEVxHY (At 1:34)].

h.      WikiLeaks.  WikiLeaks has knowledge of the production of emails by Seth Rich to WikiLeaks and the release of those emails on July 22, 2016 (Part I of the Hillary Leaks Series) [https://wikileaks.org/dnc-emails/], and the $20,000 reward offered by WikiLeaks for information leading to the capture and conviction of Seth Rich's killer. [https://www.telegraph.co.uk/news/2016/08/10/wikileaks-offers-20000-reward-over-murder-of-democrat-staffer-se/].

i.      Malia   Zimmerman,   https://www.foxnews.com/person/z/malia-zimmerman.  Ms. Zimmerman has knowledge relating to the Fox News story she wrote concerning Seth Rich and WikiLeaks, her communications with Rod Wheeler, and the falsity of statements published by Folkenflik and NPR.

j.      Fox News.   Fox News has knowledge of publication of Zimmerman's story ["*Seth Rich, slain DNC staffer, had contact with WikiLeaks, say multiple sources*"] and its retraction of Zimmerman's story about the murder of Seth Rich, including the "high degree of editorial scrutiny", "appropriate review", and "standards" mentioned in the retraction. [https://www.foxnews.com/politics/statement-on-coverage-of-seth-rich-murder-investigation].

k.      Sean Hannity, https://www.foxnews.com/shows/hannity.      Mr. Hannity has knowledge of his communications with Rod Wheeler concerning Seth Rich and WikiLeaks and the falsity of statements published by Folkenflik and NPR. [https://www.youtube.com/watch?v=CuRJDKEVxHY].

l.      Lou Dobbs, https://www.foxbusiness.com/person/d/lou-dobbs. Mr. Dobbs Hannity has knowledge of his communications with Rod Wheeler concerning Seth Rich and WikiLeaks and the falsity of statements published by Folkenflik and NPR. https://www.youtube.com/watch?v=2tqckO7bBjk].

m.      Debunking Rod Wheeler, http://debunkingrodwheelersclaims.net/; https://twitter.com/debunkrwheeler?lang=en.      The publisher of the website has knowledge of the webpages and information published on the website and on Twitter, and the dates of the publications and republications.

n.      WH Press Secretary Sean Spicer, https://seanspicer.com/about/; https://twitter.com/seanspicer?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor.  Mr. Spicer has knowledge of the falsity of Folkenflik, NPR and Wigdor's statements that Plaintiff colluded with the President.

o.      Stephen K. Bannon, https://www.biography.com/people/steve-bannon-022417.  Mr. Bannon has knowledge of the falsity of Wigdor and Wheeler's statements.

p.      David B. Harrison, Esquire, https://www.spiroharrison.com/david-b-harrison.html.  Mr. Harrison has knowledge of the contents of a Rule 11 letter dated June 27, 2017 letter delivered to Wigdor.

q.    <u>Douglas H. Wigdor and Wigdor, LLP</u>, 85 5th Avenue, 5th Floor, New York, NY 10003, 212-257-6800, <u>https://www.wigdorlaw.com/portfolio/douglas-h-wigdor/</u>.    Douglas H. Wigdor and his partners, Jeanne M. Christensen [<u>https://www.wigdorlaw.com/portfolio/jeanne-m-christensen/</u>] and Michael J. Willemin [<u>https://www.wigdorlaw.com/portfolio/michael-j-willemin/</u>] have knowledge and information relevant to (a) Wigdor's habit, routine practice, common scheme and plan to use the press as "firecrackers" to inflame public opinion and extort settlements from high-profile defendants, (b) the creation of the false narrative about Plaintiff, Fox News and President Trump, including the recruitment of Wheeler, (c) Wigdor's conspiracy with Folkenflik to publish the scandalous story, (d) the publication of false and defamatory statements about Plaintiff and the republication of those statements, including the following defamation:



**Wigdor Law**
@WigdorLaw

Listen to today's NPR broadcast discussing Rod Wheeler, @FoxNews, the White House & Seth Rich murder conspiracy: n.pr/2f40DtO

"Rod Wheeler unfortunately was used as a pawn by Ed Butowsky, Fox News and the Trump administration to try and steer away the attention that was being given about the Russian hacking of the DNC e-mails."

-Douglas H. Wigdor, Founding Partner Wigdor LLP

9:38 AM · Aug 1, 2017

https://www.npr.org/2017/08/01/540783715/lawsuit-alleges-fox-news-and-trump-supporter-created-fake-news-story;

> "Rod Wheeler unfortunately was used as a pawn by Ed Butowsky, Fox News and the Trump administration to try and steer away the attention that was being given about the Russian hacking of the DNC e-mails."

https://www.wigdorlaw.com/wheeler-case-involving-fox-news-trump-administration-seth-rich/;

- "We are going to take discovery in this case. We are going to see the emails and the texts the phone calls or the visits to the White House between Ed Butowsky and President Trump and other people in the White House and we are going to get even more information in the case and what's really amazing, last point, is that the General Counsel of 20th Century Fox … was in England trying to convince the regulators in England they should be able to purchase Sky and that they met the broadcasting standard by implementing new policies the day before this article [the Fox News story] came out."

https://www.youtube.com/watch?v=VFTdWAWrocQ;

- "I watched that interview last evening with your colleague, Chris Coumo, and it was actually highly entertaining because much of what he [Butowsky] said made absolutely no sense. You know take for instance the text message that he sent to Rod Wheeler. He said that the President read the article. He wanted it out immediately and now he's trying to say that text was somehow a joke. I mean this was not a laughing matter. This was a text message. There was no emoji at the end of it. There was no smiley face. It wasn't a joke. Ed Butowsky, as he said in texts, was in conversations with the White House, with the President. …

   "Why do they want to attribute quotes to him that weren't true? And as we set forth in the complaint, the reason for that was because that the White House in conjunction with Fox wanted to steer the narrative away from the Russian hacking scandal and steer that towards Seth Rich, which is really a tragedy. I feel my heart really goes out to the Seth Rich family for being part of this. …

   What he [Wheeler] was hired to do was to do an investigation into the murder of Seth Rich, he wanted to do that, unfortunately he was used as a pawn in this case by Ed Butowsky and Fox News, he was used as a pawn again to steer away the narrative and that's all documented not only in text messages, but also in voice recordings, the case is strong and not only were the statements made in the May 16 article false but you also have Ed Butowsky and Malia Zimmerman admitting those quotations were false."

[https://www.youtube.com/watch?v=S2BafRHiuZY];

● CUOMO: … This is not the court of public opinion. In a court of law you only know what you show and you're going to have to demonstrate that Sean Spicer, if you're going to include the White House in a concocted story scheme, then you're going to have to show that they knew something about it and that they wanted to advance it and there is some merit to this suggestion the President of the United States had seen this article and wanted it advanced, do you have any proof to do any of that?

CHRISTENSEN: We just filed a lawsuit as you know on the first [of August] and … the defendants are entitled to answer and then we will proceed to discovery and we will obtain that information that we believe is out there and will prove Rod's story."

[https://www.youtube.com/watch?v=d5L-NF6cDOo];

● "The decision that Ofcom originally made was before we filed a lawsuit on behalf of Rod Wheeler. It involved a very complicated set of facts, but the bottom line was that Fox News was creating fake news, and what you really have is you have the Murdoch empire from top to bottom, this isn't just Fox News, this is the New York Post, this is everything the Murdochs touch."

[https://www.youtube.com/watch?v=EQBRqKuLZt4];

● "We are confident that our client will ultimately be vindicated in a public court of law that will expose how Fox and the individually named defendants created fake news in an attempt at diverting attention away from the Russian hacking scandal."

[http://money.cnn.com/2017/09/19/media/fox-news-court-dismiss-lawsuit-seth-rich/index.html];

● "CNBC ANCHOR: I'm curious why you would be called to testify in this particular case. This is about them being able to buy another company and whether or not they are fit to buy that company. You're suing them. Of course, you are going to say they are not fit. You have an axe to grind here.

WIGDOR: That's a good question. I'm glad you asked it actually because what they are trying to determine is whether Fox should purchase Sky, the Foxification of Sky. Whether they meet broadcasting standards, whether or not they are fit and proper. Believe it or not I have not told the competitions and market authority what they should or should not do. I have not made any recommendations, but I feel obligated that I have a lot of information. I have 22 clients and I believe in transparency … I'm giving them information. They can do with that what they feel appropriate.
…

CNBC ANCHOR:          I'm coming off cynical here, but another part of me thinks, okay, you're doing this to gain leverage with the company because you're in negotiations with them.  You can use this as leverage with them, to get a better settlement, maybe you don't go [to England] the second time if you get decent settlements for your 22 clients.

WIGDOR:          I'm just trying to represent my clients zealously under the under the auspices of the law.  I've never tried to use this in my negotiations with them … I represent Rod Wheeler in the Seth Rich murder fake news case.  I mean that goes to the very heart of broadcasting standards, and whether the British people want the Foxification of Sky is a serious issue for them to consider."

[https://www.youtube.com/watch?v=KgmfpGdgaTg].  Wigdor and his partners also have

knowledge of (e) Wigdor's actual malice towards Plaintiff, Fox News and the President,

(f) Wigdor's efforts to extort Fox News, and (g) the injuries inflicted upon Plaintiff by

Wigdor's false and defamatory statements.

r.     Rod   Wheeler,   https://www.foxnews.com/person/w/rod-wheeler;

https://twitter.com/rodwheeler?lang=en; Mr. Wheeler has knowledge of all matters

relating to his investigation of the murder of Seth Rich, including, without limitation, his

interviews  of  Joel  and  Mary  Rich,  his  interviews  of  Aaron  Rich

[https://www.youtube.com/watch?v=2p8at6PD4L8], Detective Joseph Dellacamera and

others, the publication of information by Wheeler on his YouTube channel

https://www.youtube.com/watch?v=D_nsLuFyb60], Wheeler's text message and email

communications  with  Plaintiff  and  Zimmerman,  Wheeler's  statements  to  Marina

Marraco, Sean Hannity and Lou Dobbs, statements made by Wheeler to FetchYourNews

[https://fannin.fetchyournews.com/2017/05/22/detective-rod-wheeler-releases-statement-

concerning-the-death-of-dnc-staffer-seth-rich/],  to  Crowdsource  The  Truth

[https://www.youtube.com/watch?v=yDI0AFOHuNI], and to others about Seth Rich and

WikiLeaks and the Fox News story, statements Wheeler made in audio recordings that were published by, *inter alia*, BigLeaguePolitics and on Debunking Rod Wheeler [https://www.youtube.com/channel/UCBIpN1cdt9MDoBFyPlwBtdA], communications with Wigdor, the conspiracy between Wigdor and Folkenflik, the publication and republication of false and defamatory statements about Plaintiff, and Wigdor's actual malice.

   s. <u>Detective Joseph Dellacamera</u>, (202) 438-8301. Detective Dellacamera has knowledge of his investigation of the murder of Seth Rich and his (Dellacamera's) communications with Rod Wheeler.

   t. <u>David Folkenflik and NPR</u>, c/o Laura Prather, Esquire. Folkenflik and NPR have knowledge and information relevant to all facts, allegations and claims stated in Plaintiff's Complaint, including, without limitation, Folkenflik's conspiracy with Wigdor to publish false and defamatory statements, the publication and republication of Folkenflik's articles, and the damage caused to Plaintiff by Folkenflik and NPR's defamation. NPR also has knowledge of its audience, reach and the breadth of the publication and republications at issue in this case, both online through NPR.org and via NPR's various Twitter properties, @npr and @nprpolitics.

   u. <u>Chapin, Cook and Gogoi</u>, c/o Laura Prather, Esquire:

  https://www.npr.org/people/153024115/edith-chapin;

  https://www.npr.org/people/493659503/leslie-cook;

  https://www.npr.org/people/605797421/pallavi-gogoi.

Chapin, Cook and Gogoi have knowledge of all matters relating to the editing and publication of Folkenflik's articles about Plaintiff.

v.    Seymour Hersh, http://samadamsaward.ch/seymour-hersh/.  Hersh has knowledge of the FBI Report and the production of the documents by Seth Rich to WikiLeaks. [*See, e.g.,* https://www.youtube.com/watch?v=giuZdBAXVh0].

w.    Marina Marraco, https://www.facebook.com/marinamarraco/; https://twitter.com/MarinaMarraco?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ct wgr%5Eauthor.  Ms. Marraco has knowledge of statements made to her by Wheeler [https://www.youtube.com/watch?v=x48PeHvTddc] and Wheeler's back-peddling and recanting of his statements. [http://www.fox5dc.com/news/local-news/private-investigator-there-is-evidence-seth-rich-contacted-wikileaks-prior-to-death].

x.    Blake Hounshell, https://www.politico.com/staff/blake-hounshell; https://twitter.com/blakehounshell?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ct wgr%5Eauthor.  Mr. Hounshell has knowledge of Wheeler's back-peddling and flip-flopping and recanting of his statements relating to the Seth Rich/WikiLeaks story. [https://twitter.com/blakehounshell/status/892374480193978369].

y.    Claudia Koerner, BuzzFeed News, http://claudiakoerner.com/; https://www.buzzfeednews.com/author/claudiakoerner].  Ms. Koerner has knowledge of Wheeler's back-peddling and flip-flopping and recanting of his statements relating to the Seth Rich/WikiLeaks story. [https://www.buzzfeednews.com/article/claudiakoerner/the-private-detective-who-ignited-a-clinton-conspiracy#.xr04N76J3z/.

z.    Brian Stelter, http://brianstelter.com/bio/.  Mr. Stelter has knowledge of the republication of Folkenflik's false and defamatory statements and his own misstatements about the Fox News story.

aa.   Soledad  O'Brien,   https://www.starfishmediagroup.com/soledad2/; https://twitter.com/soledadobrien?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor;  https://www.facebook.com/SoledadOBrien.OfficialPage/.   Ms.  O'Brien has  knowledge  of  the  republication  of  Folkenflik  and  NPR's  false  and  defamatory statements.

bb.   Robert   Hannigan,   https://www.belfercenter.org/person/robert-hannigan.  Mr. Hannigan may have knowledge of communications between Seth Rich and WikiLeaks and that the Hillary Leaks Part I emails were not hacked by Russians.

cc.   Larry  C.  Johnson,  Palisades  Security  Consulting,  Former  CIA Analyst,   http://www.palisadesgroup.com/PalisadesSecurity/team_johnson.htm.       Mr. Johnson may have knowledge of communications between Seth Rich and WikiLeaks and that the Hillary Leaks Part I emails were not hacked by Russians.

dd.   William   Edward   Binney,   Former   NSA   Analyst, https://www.expressvpn.com/education/biography/william-binney.    Mr.  Binney  has knowledge of the VIPS Memo and that the Hillary Leaks Part I emails were not hacked by Russians.

ee.   Edward  Loomis,  Jr.   Mr.  Loomis  has  knowledge  of  the  VIPS Memo and that the Hillary Leaks Part I emails were not hacked by Russians.

ff.   J.   Kirk   Wiebe,   https://twitter.com/kirkwiebe?lang=en; https://www.whistleblower.org/bio-william-binney-and-j-kirk-wiebe.    Mr.  Wiebe  has knowledge of the VIPS Memo and that the Hillary Leaks Part I emails were not hacked by Russians.

gg.   Terry Grafenstine, Former Inspector General of the United States House of Representatives, https://www.ipthree.org/wp-content/uploads/Theresa-Terry-Grafenstine.pdf.  Ms. Grafenstine may have knowledge that the Hillary Leaks Part I emails were not hacked by Russians.

hh.   The Forensicator, https://theforensicator.wordpress.com/.   The Forensicator may have knowledge of communications between Seth Rich and WikiLeaks and that the Hillary Leaks Part I emails were not hacked by Russians.

ii.   Cassandra Fairbanks, https://www.linkedin.com/in/cassandra-fairbanks-504635b4/;   https://muckrack.com/cassandra-fairbanks https://twitter.com/CassandraRules?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ct wgr%5Eauthor.  Ms. Fairbanks may have knowledge of communications between Seth Rich and WikiLeaks and that the Hillary Leaks Part I emails were not hacked by Russians.  Ms. Fairbanks also has knowledge of audio recordings of Rod Wheeler. [*E.g.*, https://bigleaguepolitics.com/audio-rod-wheeler-explains-fox-news-fiasco-claims-brother-blocked-wikileaks-inquiries/].

jj.   Media Matters for America, https://www.mediamatters.org/about. One or more officers, directors and/or agents of MMFA may have knowledge that the Hillary Leaks Part I emails were not hacked by Russians.

kk.   FBI, CART Division, https://www.fbi.gov/news/stories/piecing-together-digital-evidence.  Members of the FBI's CART Division may have knowledge of information on Seth Rich's computer at the time of his death and the publication of the FBI Report confirmed by Seymour Hersh.

ll.    Ebay, https://www.ebay.com/.    Members of Ebay's accounting section may have knowledge of transactions between Seth Rich and/or Aaron Rich and WikiLeaks.

mm.    Michael Mueller.    Seth Rich's neighbor, Mark Mueller, ("Mueller"), claims he heard sharp gun shots at 4:19 a.m. on July 10, 2016, and saw the police tending to Seth Rich in the street.  At a vigil days after Rich's murder, Mueller made the following public statements: "I was there when he got shot, and they walked him past me, so I could see him and identify him as I knew him in the neighborhood. And the police officer said, 'he didn't even know he was shot'". [*see, e.g.,* https://twitter.com/joshdcaplan/status/874321849701806081/video/1;

http://www.thegatewaypundit.com/2017/06/alleged-eyewitness-seth-rich-murder-didnt-even-know-shot-video/].

nn.    Bradley    Bauman,    https://www.thepastorumgroup.com/team/; https://www.linkedin.com/in/bradbauman/;    https://www.facebook.com/BradBauman; https://twitter.com/bradbaumn?lang=en.    Mr. Bauman is a DNC operative who has knowledge of the republication of Folkenflik's false and defamatory statements, his own false and defamatory statements about the Plaintiff, and communications with the Riches and Aaron Rich. [https://www.youtube.com/watch?v=dCLVaZlNBGk].

oo.    Joseph    A.    Ingrisano,    Esquire,    Kutak    Rock,,    LLP, [http://m.kutakrock.com/joseph-ingrisano/].    Mr. Ingrisano has knowledge of the Riches threats of legal action against Wheeler made in a letter dated May 19, 2017. https://www.nbcnews.com/politics/justice-department/slain-dnc-staffer-s-family-orders-blabbing-detective-cease-desist-n762211].

pp. <u>Debbie Wasserman Schultz, Donna Brazile and the DNC</u>. Ms. Wasserman-Schultz, Ms. Brazile and the DNC have knowledge of Seth Rich's employment as a staffer, the fact that Seth Rich downloaded and produced documents to WikiLeaks, the fact that "Russians" did not hack the DNC servers, and the cover-up of the murder of Seth Rich.

3. *<u>Computation of Damages</u>*.   Plaintiff computes his damages caused by Defendants' defamation, business disparagement and conspiracy as follows:

A. <u>Loss or Injury to Business</u> – Plaintiff has suffered a loss or injury to his business as an investment manager and advisor in the approximate amount of **$45,000,000.00**, including loss of specific clientele, loss of a prospective business client, loss of income and profits from Chapwood, loss of business as a result of curtailment of television and radio appearances, and injury to his business, professional and trade reputation.

B. <u>Insult</u> – including pain, embarrassment, humiliation, mental suffering, sleeplessness, stress, anxiety, shame, demoralization, impact upon his inter-personal and social relationships, anger, fear, discomfort and inconvenience in the amount of **$10,000,000.00**.

C. <u>Injury to Personal Reputation</u> – **$10,000,000.00**.

D. <u>Prejudgment Interest</u> – interest on the principal sum awarded by the Jury from August 1, 2017 until the date Judgment is entered at the rate of five percent (5%) per year.

E. <u>Punitive Damages</u> – in the amount of **$750,000.00**.

F. <u>Costs</u> – **$400**.

In addition to loss of income and injury to his business as an investment manager and advisor, Defendants' publication and republication of false factual statements has caused Plaintiff to continuously suffer severe emotional distress, anxiety, embarrassment, humiliation, loss of self-esteem and confidence, sense of betrayal and deep disappointment, fear that the defaming remarks have reached colleagues, families, and other members of the public beyond those who are identified in the Complaint, fear that he has lost standing, credibility, and that he will be unable to feed his family, fear that he will never be able to clear his name, sleeplessness, headaches, and lack of concentration.

In determining the damages claimed by Plaintiff in this action, Plaintiff has taken into consideration all of the circumstances surrounding the Defendants' statements, the occasion on which they were made and the extent of the publications and republications, the nature and character of the insult, the probable effect on those who read and heard the statements, and the probable and natural effect upon the Plaintiff's personal feelings and upon his standing in the community and in business.

Plaintiff reserves the right to amend and supplement his Rule 26(a)(1) Disclosures in accordance with the Rule 26 FRCP.


DATED:        December 2, 2019

ED BUTOWSKY,
In his Individual and Professional Capacities


By:    */s/ Steven S. Biss*
          Steven S. Biss (VSB # 32972)
          300 West Main Street, Suite 102
          Charlottesville, Virginia 22903
          Telephone:    (804) 501-8272
          Facsimile:     (202) 318-4098
          Email:       **stevenbiss@earthlink.net**
          (*Admitted Pro Hac Vice*)

          Ty Clevenger, Esquire
          Texas Bar No. 24034380
          P.O. Box 20753
          Brooklyn, NY 11202-0753
          (979) 985-5289
          (979) 530-9523 (Fax)
          Email:  tyclevenger@yahoo.com

          *Counsel for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2019 a copy of the foregoing was emailed in

PDF to counsel for the Defendants.


By:    */s/ Steven S. Biss*
        Steven S. Biss (VSB # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone:    (804) 501-8272
        Facsimile:     (202) 318-4098
        Email:         **stevenbiss@earthlink.net**
        (*Admitted Pro Hac Vice*)

        Ty Clevenger, Esquire
        Texas Bar No. 24034380
        P.O. Box 20753
        Brooklyn, NY 11202-0753
        (979) 985-5289
        (979) 530-9523 (Fax)
        Email:  tyclevenger@yahoo.com

        *Counsel for the Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON RICH | Civil Action No. 1:18-cv-00681-RJL |
|              Plaintiff, | Hon. Richard J. Leon |
|     v. | |
| EDWARD BUTOWSKY, | |
| MATTHEW COUCH, and | |
| AMERICA FIRST MEDIA | |
|              Defendants. | |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING DEFENDANT BUTOWSKY

Defendant Edward Butowsky has claimed that he is suffering from "extremely serious medical issues" that have required "rescheduling" of his deposition, Dkt. No. 109, at 1, and "limited his ability to participate in discovery" such that a "substantial extension of the discovery deadline is warranted," Dkt. 106, at 7.

Plaintiff notifies the Court that earlier **today**, Mr. Butowsky posted a new video for public release to his Twitter account as well as his "Making Sense with Ed Butowsky" YouTube Channel. The video, in which Mr. Butowsky speaks but does not appear, lasts 2 minutes and 42 seconds, and is available online at the time of this filing at both of the following:

https://twitter.com/EdButowsky/status/1220037686452420610 (Twitter);

https://www.youtube.com/watch?v=nToLiToHIyI&feature=youtu.be (YouTube).

In the video, Mr. Butowsky analyzes the conditions of the stock market thus far in 2020, including discussing investment strategies that he is currently employing for clients. At approximately 1 minute and 48 seconds into the video, a time stamp appears on the Wall Street

**Exhibit 4**

Journal page that Mr. Butowsky is analyzing, revealing a time of "2:43 PM Coordinated Universal Time, 1/21/20," suggesting that the video was created at or after that time and date. Mr. Butowsky sounds lucid as he presents his analysis, and says nothing about any medical condition. At the end of the video, Mr. Butowsky offers to take phone calls from anyone listening to the video, stating: "give me a call anytime," after which he offers two phone numbers at which he may be reached.

The video just released underscores that Mr. Butowsky is currently capable of attending to his discovery obligations, as argued in Plaintiff's Opposition with respect to Mr. Butowsky's claims to medical disability. *See* Dkt. No. 116. Plaintiff respectfully urges that the Court review this video before issuing any Order on Mr. Butowsky's pending motion to extend the discovery period.

Dated: January 22, 2020

> s/ Michael J. Gottlieb
> MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
> WILLKIE FARR & GALLAGHER LLP
> 1875 K Street NW
> Washington, DC 20006
> Tel: (202) 303-1000
> Fax: (202) 303-2000
> mgottlieb@willkie.com
>
> JOSHUA P. RILEY (D.C. Bar No. 1026900)
> MERYL C. GOVERNSKI (D.C. Bar No. 1023549)
> BOIES SCHILLER FLEXNER LLP
> 1401 New York Ave NW
> Washington, DC 20005
> Tel: (202) 237-2727
> Fax: (202) 237-6131
> jriley@bsfllp.com
> mgovernski@bsfllp.com
>
> Attorneys for Plaintiff Aaron Rich

2

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned counsel certifies that on January 22, 2020, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Defendant Edward Butowsky and Matthew Couch. A courtesy copy of the foregoing document was also emailed to their counsel, Eden Quainton, at equainton@gmail.com. Mr. Quainton has agreed to convey served and filed documents to Defendant America First Media through Defendant Couch as necessary.

Dated: January 22, 2020

/s/ Michael J. Gottlieb
MICHAEL J. GOTTLIEB (D.C. Bar No. 974960)
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Tel: (202) 303-1000
Fax: (202) 303-2000
mgottlieb@willkie.com

Attorney for Plaintiff Aaron Rich

Pro Se Intake Unit

U.S. District Court SDNY

Room 105

40 Foley Square

New York, NY 10007



My name is Ed Butowsky, and I am writing as representing myself, pro se. In regard to

case #18-cv-2223, I am requesting a motion to dismiss on personal jurisdiction grounds be

decided. From my understanding, the prior papers and argument still stand, and for some

reason, a decision was never rendered.


I apologize for not providing more information, but hopefully, this will be sufficient.


Sincerely,

Ed Butowsky

972 897 0193

**Exhibit 5**



CHAPWOOD INVESTMENTS, LLC
9728652225
CHAPWOOD CAPITAL INVESTMENT MA
4965 PRESTON PARK BLVD
PLANO TX 75093

0.0 LBS    LTR    1 OF 1

**SHIP TO:**
PRO SE INTAKE UNIT
U.S. DISTRICT COURT SDNY, ROOM 105
40 FOLEY SQUARE
**NEW YORK  NY 10007**

## NY 102 9-10

## UPS NEXT DAY AIR    1
TRACKING #: 1Z WF4 720 01 9507 4254

BILLING: P/P

RECEIVED
FEB 1 0 2020
PRO SE OFFICE

**Extremely Urgent**

Visit ups.com® or call **1-800-PICK-UPS®** (1-800-742-5877)

This envelope is for use with the following services:

UPS Nex
UPS Worl
UPS 2nd Da

ipping documents
ndow from the top.

is envelope for:

lect®
de Expedited®

1. All documents and communications evidencing or relating to any Chapwood client's decision to remove Ed Butowsky as their investment manager from July 10, 2016 to present.

   Question is vague and not accurately worded.

2. All documents and communications evidencing or relating to any Chapwood client's decisions to substitute You as their investment manager from July 10, 2016 to present.

   Question is vague and not accurately worded.

3. All documents and communications evidencing or relating to any former Chapwood client's decision to terminate their relationship with Chapwood from July 10, 2016 to present.

   Question is vague and not accurately worded.

4. All documents referring or relating to, and communications with Sally Hill Davis, including communications relating to Ms. Davis' decision to remove Chapwood Investment Management as the adviser on her Charles Schwab & Co. account.

   Already submitted in complaint.

5. All documents and communications evidencing or relating to Sally Hill Davis's decision to substitute You as her investment manager.

   Already submitted in complaint.

6. All communications between You and anyone, including with Ed Butowsky or Chapwood, regarding Seth Rich.

   Only communication would have been verbal between Ed Butowsky and myself. Have no documents that are responsive.

7. All communications between You and anyone, including with Ed Butowsky or Chapwood, regarding any loss of business caused by Ed Butowsky's involvement in matters relating to Seth Rich.

   Only communication would have been verbal between Ed Butowsky and myself. Have no documents that are responsive.

8. All communications between You and anyone, including Chapwood clients, relating to any lawsuit filed by Ed Butowsky, including:

   a.  The NPR Litigation; b.  The Wheeler Litigation; c.  The Rich Family Litigation; or d.  The Related Butowsky Litigation.

   Have no documents that are responsive.

**Exhibit 6**

| | |
|---|---|
| **From:** | Larry Johnson |
| **To:** | Prather, Laura |
| **Cc:** | Steven S. Biss; Ty Clevenger |
| **Subject:** | Re: My Response |
| **Date:** | Friday, December 27, 2019 1:58:40 PM |

Yes, in this matter.

> On Dec 27, 2019, at 2:43 PM, Prather, Laura <Laura.Prather@haynesboone.com> wrote:
>
> Mr. Johnson,
>
> Is Mr. Biss your attorney?
>
> Take care,
> Laura
>
> **Laura Lee Prather**
> Partner
> (t) 512.867.8476

**From:** Larry Johnson <lcjohnson1@me.com>
**Sent:** Friday, December 27, 2019 1:43 PM
**To:** Prather, Laura <Laura.Prather@haynesboone.com>
**Cc:** Steven S. Biss <stevenbiss@earthlink.net>; Ty Clevenger <tyclevenger@yahoo.com>
**Subject:** Re: My Response

As I wrote, please deal with Mr. Biss on all matters.
Larry Johnson

> On Dec 27, 2019, at 1:37 PM, Prather, Laura <Laura.Prather@haynesboone.com> wrote:
>
> Mr. Johnson,
>
> Thank you for your response.
>
> On what basis are you asserting the attorney client privilege in response to item #20?
>
> Your prior response indicates Mr. Clevenger hired you as a consulting expert but not that he is representing you as your attorney.

**Exhibit 7**

Please advise.

**Laura Lee Prather**
Partner
(t) 512.867.8476

---

**From:** Larry Johnson <lcjohnson1@me.com>
**Sent:** Friday, December 27, 2019 12:28 PM
**To:** Prather, Laura <Laura.Prather@haynesboone.com>
**Cc:** Steven S. Biss <stevenbiss@earthlink.net>; Ty Clevenger
<tyclevenger@yahoo.com>
**Subject:** My Response

Ms. Prather,

I was retained by Ty Clevenger in April of 2018 for expert
consulting services in support of Mr. Butowsky. That is the
basis of the privilege. If you have any further questions on this
matter please direct them to Steven Biss.

1. "All documents and communications referring or relating to
the murder of DNC staffer Seth Rich."
I have no private documents and communications with anyone
beyond what I have provided in my initial response to your
subpoena. Communications from Mr. Clevenger to me on this
topic are covered by privilege. What I have written relative to
the matter of Seth Rich has been published and is on the public
record.

6, "All documents and communications reffing or relating to
Butowsky, including all communications between You and
Butowsky."
You have no right to seek documents and communications
unrelated to the case of Seth Rich and Mr. Folkenflik's
defamation of Mr. Butowsky. I have provided the
communications not covered by privilege relevant to your case.

13. "All documents, communications and evidence concerning
investigations into Wikileaks or the source of the 2016
Democratic National Committee leak of emails."
Everything I have relative to this item is published and
available on the internet. I have no secret stash of documents,
evidence or emails relevant to this request.

20. "All document and communication referring or relating to
the Wheeler Lawsuit, the Wheeler Complaint, or the allegations

therein."

The only items in my possession relevant to this request are emails from Ty Clevenger and are covered by the attorney client privilege.

Turning to your next concern:

> In your response to No. 11, you state that you are " not producing emails from 2014 regarding Benghazi" but fail to assert a valid basis for doing so. As you know, Mr. Butowsky, Ms. Zimmerman and Mr. Housley have been involved in multiple stories arising out of conspiracy theories that have ultimately been retracted. Your communications with regard to Benghazi are highly relevant to this pattern."

Let me start with your ill-considered, baseless phrase, "As you know." Well, I do not know what "Conspiracy Theories" you are referring to and have no idea what "stories" you are referring to with respect to Mr. Butowsky, Ms. Zimmerman and Mr. Housley apart from the one attached to the subpoena. Furthermore, you clearly know nothing about my background or experience with the issue and persons listed. I did not meet or communicate with Mr. Butowsky until December of 2016. I did not know or communicate with Malia Zimmerman until June of 2018, and that was a telephone introduction. I have never met her personally. I met Adam Housley in 2013 and provided him information on Benghazi and the cover up by the Obama/Clinton folks based on my expertise. I dealt with Adam in his capacity as a journalist. I had no knowledge of anything being done by Butowsky or Zimmerman on this matter in 2014, 2015 or 2016. It was only after I met Ed in December 2016 that the topic came up in casual conversation.

12. G  BILL BINNEY—Bill and I exchanged emails over Proton mail as we collaborated on articles about the bogus hack of the DNC. I routinely erased those before receiving the subpoena. It is possible that Bill retained copies of those communications. I will be happy to verify the content of those messages if they exist. Everything we discussed in those emails, to the best of my recollection, was included in the articles we co-wrote.

19. I have provided you everything that I provided the other attorneys in the other cases you referenced.

Sy Hersh and Malia Zimmerman—I have provided you

everything I have with respect to Mr. Hersh and Ms.
Zimmerman. I can't conjure something up just because you
indulge a ridiculous conspiracy theory.

I have no knowledge of who is the owner or user of the email
kkadane@aol.com.

I do not have a copy of the July 13, email re Malia Zimmerman.
It is no longer on my machine. I must assume it was erased in
the course of normal computer housekeeping.

To reiterate, if you have any additional questions please
contact Mr. Biss.

CONFIDENTIALITY NOTICE: This electronic mail transmission is
confidential,
may be privileged and should be read or retained only by the
intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.