IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
Sherman Division

| | |
|---|---|
| ED BUTOWSKY, in his Individual And Professional Capacities )<br><br>Plaintiff, )<br><br>v. )<br><br>DAVID FOLKENFLIK et al )<br><br>Defendants. ) | Case No. 4:18-cv-442-ALM |

# MOTION FOR LEAVE TO FILE
# THIRD AMENDED COMPLAINT

Plaintiff, Ed Butowsky, by counsel, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Rule CV-7, respectfully moves the Court for leave to file an amended complaint.

In accordance with Local Rule CV-7(k), Plaintiff's Third Amended Complaint is being filed immediately after this motion.

**Memorandum in Support of Motion**

1.      On June 21, 2018, Plaintiff commenced this action by filing a Complaint. In his Complaint, Plaintiff stated claims of defamation *per se*, business disparagement, common-law conspiracy and intentional infliction of emotional distress.

2.      Plaintiff sought leave to amend his complaint to corrects certain misnomers, to clarify that Plaintiff is not suing Defendants for reporting on a lawsuit, to add claims of defamation that occurred in March 2018, well after the relevant period

discussed the original Complaint, and to add substantial new facts related, *inter alia*, to the conspiracy between Folkenflik and Wigdor, to Defendants' actual malice, and to the presumed and actual damage to Plaintiff's reputation as an registered investment advisor as a result of Defendants' false charges.

3. After Plaintiff filed an amended complaint, the Court entered an Amended Scheduling Order [*ECF No. 70*] that set a deadline for the parties to file amended pleadings. Plaintiff timely filed a second amended complaint.

4. On January 24, 2020, Plaintiff's counsel was served with a proposed motion for sanctions (the "Motion"). In the Motion, Defendants represent that "three key allegations" in Plaintiff's original complaint that continue to appear in Plaintiff's second amended complaint ("SAC") violate Rule 11(b)(3)[1] of the Federal Rules of Civil Procedure (the "Rules"). According to Defendants, those "three key allegations" are:

- "Butowsky was not involved in Wheeler's investigation and had little conversation with Wheeler".
  ***Compare SAC, ¶¶ 68, 74***

- "Butowsky had never seen, and was not a party to, Wheeler's contract with the Rich family".
  ***Compare SAC, ¶ 73***

- "Chapwood …, Butowsky's business, lost Sally Davis as a customer because of the alleged defamation".
  ***Compare SAC, ¶ 11, fn. 4***

Defendants further represent that Plaintiff's counsel "either knew the allegations were false or failed to make reasonable inquiry under the circumstances".

---

[1] Rule 11(b)(3) states that by presenting to the court a pleading, an attorney certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: "(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery".

5. Plaintiff and his counsel expressly and emphatically deny the allegations and accusations in Defendants' Motion. However, in light of certain evidence that has been produced in discovery and as part of a good faith effort to resolve the Motion and avoid controversy, Plaintiff agreed to make certain clarifications and corrections to the three allegations identified in the Motion pursuant to Rule 11(c)(2). Specifically, Plaintiff agrees to amend the following paragraphs of SAC:

Footnote 4:

"The loss and damage caused to Butowsky's reputation by Folkenflik's defamation is evidenced by the following email received from one of Butowsky's high net worth clients:

> On 8/3/17, 5:29 PM, "Sally Davis" <sallyhi-d@comcast.net> wrote:
>
> Hello Ed and Kim,
>
> I'm really sad to write this email.
>
> I have to let you know I asked Schwab to remove Chapwood Investments as the advisor on my Schwab Account. I will follow up with a phone call tomorrow, August 4.
>
> I made this decision after reading news articles about Ed's involvement with a false news story. For me, this is not a question of politics. It's a question of ethics.
>
> I very much appreciate all your help and guidance through the past twenty-five years or so. I'm heartbroken to end our relationship.

Fortunately, Chapwood was able to persuade the client to stay on as a customer with a different financial advisor. Nonetheless, Chapwood lost millions of dollars in investments from this customer and Plaintiff lost income as a direct result. Further, Plaintiff's reputation as a registered investment advisor has been destroyed. He is unable to develop new business. He has lost the ability to get referrals from Major League Baseball, NBA, etc. He can't even tell people his last name without hesitating, since he knows they will Google him and see all the fake stories."

"73. Butowsky was not a party to the contract between Wheeler and the Rich family. He was not involved in any discussions between Wheeler and the Riches over the terms of a contract. He only agreed to pay for Wheeler's services. Butowsky first saw the contract between Wheeler and the Riches in May 2017 months after it was signed."

> "74. Although Folkenflik made it appear that Butowsky orchestrated and directed Wheeler's murder investigation, in truth Butowsky did not personally participate and was not directly involved in Wheeler's investigation. He left the investigating to Wheeler. Butowsky and Wheeler occasionally communicated about Wheeler's investigation. Wheeler regularly updated Butowsky on his findings. Folkenflik knew that Butowsky's involvement was limited."

> "76. Folkenflik misrepresented Butowsky's actual involvement in Wheeler's investigation. Folkenflik made it appear as if Butowsky was at the center of the investigation, directing Wheeler, telling him what to do (and telling Fox what to report). In reality, Butowsky did not direct either Wheeler's investigation or the Fox News reporting. Butowsky shared some tips that he received and asked for updates, but he never interviewed witnesses, prepared a single draft of any report or story, etc. Butowsky was not the puppet master that Folkenflik accused him of being."

Plaintiff also proposes adding the following language to paragraph 112:

> "In September 2019, after this lawsuit was filed, the FBI released emails showing internal discussions about the Seth Rich murder. The emails were redacted on the basis of "investigative technique", suggesting the FBI had, in fact, conducted an investigation related to the murder of Seth Rich. This flatly contradicts the FBI's representations to various Courts – including this one – that it never conducted any investigation into the murder. The emails appear to have been distributed among high-level officials in the FBI. They support Wheeler's allegations of a high-level cover-up."

6. Rule 15(a)(2) states that the Court should "freely give leave when justice so requires." Leave to amend is not automatic, *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), but strong policy of the Federal Rules "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

4

allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994. But Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy*, 660 F.2d at 598; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile").

7. Discovery is ongoing. Depositions have not yet been scheduled. Granting Plaintiff's motion and allowing Plaintiff to file a Third Amended Complaint will not interfere with any established deadlines or otherwise affect the administration of this action. The amendments will allow Plaintiff to clarify and correct certain allegations, so as to comply with Rule 11(c)(2). The amendment are not futile.

8. A proposed Order is attached as *Exhibit "A"*.

Accordingly, for the reasons stated, Plaintiff respectfully requests leave to file his Third Amended Complaint.

DATED:   February 18, 2020

Signature of Counsel On Next Page

ED BUTOWSKY,
In his Individual and Professional Capacities


By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*
*(Admitted Pro Hac Vice)*

Ty Clevenger, Esquire
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, NY 11202-0753
(979) 985-5289
(979) 530-9523 (Fax)
Email: tyclevenger@yahoo.com

*Counsel for the Plaintiff*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for Defendants and all interested parties receiving notices via CM/ECF.

By:   */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net

*Counsel for the Plaintiff*
*(Admitted Pro Hac Vice)*

Ty Clevenger, Esquire
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, NY 11202-0753
(979) 985-5289
(979) 530-9523 (Fax)
Email: tyclevenger@yahoo.com

*Counsel for the Plaintiff*

## **CERTIFICATE OF CONFERENCE**

1. Counsel has complied with the meet and confer requirement in Local Rule CV-7(h).

2. Plaintiff's motion is opposed.

3. The personal conferences required by this rule were conducted between February 16, 2018 and February 17, 2018. The conferences occurred via email. Via email at 7:30 p.m. February 17, 2020, counsel for the Defendants stated that "We oppose the filing of the Motion for Leave". No reasons were given. Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

By:   /s/ Steven S. Biss
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:  (804) 501-8272
      Facsimile:  (202) 318-4098
      Email:  stevenbiss@earthlink.net

*Counsel for the Plaintiff*
*(Admitted Pro Hac Vice)*

Ty Clevenger, Esquire
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, NY 11202-0753
(979) 985-5289
(979) 530-9523 (Fax)
Email: tyclevenger@yahoo.com

*Counsel for the Plaintiff*