**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ED BUTOWSKY,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.** |
| | § | |
| **DAVID FOLKENFLIK, ET AL.,** | § | **4:18-CV-00442-ALM** |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

---

**[REDACTED] DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

---

## I. PRELIMINARY STATEMENT

Defendants National Public Radio, Inc., David Folkenflik, Edith Chapin and Pallavi Gogoi (collectively, "Defendants" or "NPR") file this Response in Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint (the "Motion"). As a threshold matter, Plaintiff wholly fails to establish the requisite "good cause" under Rule 16 to amend the Court's recently issued Second Amended Scheduling Order, which provides that the deadline for parties to file amended pleadings *expired on September 30, 2019*. Only after Plaintiff Ed Butowsky ("Plaintiff" or "Butowsky") has shown good cause for failure to timely file his proposed amendment may his Motion be evaluated under Rule 15(a). *See S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). His Motion should be denied on this ground alone.

Further, if the Court reaches the Rule 15(a) issues, it should deny Plaintiff's Motion because his proffered amendments are untimely, made in bad faith, and inadequate to address the continuing and serious misrepresentations in his Second Amended Complaint. And they would cause undue prejudice to Defendants.

The substance and timing of Plaintiff's motion to amend his pleadings a third time demonstrate why his Motion should be denied: Butowsky's proposed amendment is merely a "too little, too late" gesture in a failed attempt to avoid Rule 11 sanctions. Plaintiff brings his Motion only after Defendants filed their Motion for Sanctions Pursuant to Rule 11 for Violations Committed by Plaintiff and his Counsel (the "Rule 11 Motion"), exposing materially false and misleading statements in Butowsky's pleadings. The evidence shows that when he filed his lawsuit almost two years ago, *Plaintiff knew that all of the misleading statements identified by the Rule 11 Motion were false.* Moreover, those statements should have been the subject of reasonable inquiry by Plaintiff's counsel in evaluating Plaintiff's claims *before* signing the original complaint, filing Plaintiff's lawsuit, and signing subsequent amended complaints.

In three pleadings over the course of nearly two years, Plaintiff has repeatedly failed to correct knowingly false statements to the Court. Since bringing his action in June 2018, Plaintiff has twice amended his complaint to supplement his allegations. Yet, despite knowing that key allegations were false and misleading, Plaintiff took no steps to correct them – inadequate as those steps would be to cure the Rule 11 violations – until Defendants had already filed their Rule 11 Motion. Some of Plaintiff's false statements go to the very heart of his claims, and the Court relied on them in ruling on Defendants' Motion to Dismiss. Plaintiff's delay and half-hearted amendments have increased litigation expenses needlessly and drawn on judicial resources irresponsibly. As shown below, Plaintiff's Motion should be denied and the conduct sanctioned.[1]

## II. PLAINTIFF FAILS TO ESTABLISH GOOD CAUSE UNDER RULE 16(b) TO AMEND THE RECENT SECOND AMENDED SCHEDULING ORDER.

Pursuant to the Second Amended Scheduling Order, which this Court issued on February 11, 2020, the deadline to file amended pleadings expired on September 30, 2019. In the Fifth Circuit, a party seeking to file an amended pleading after the deadline set by a scheduling order must first show good cause to amend the scheduling order. *See S&W Enters.*, 315 F.3d at 536 ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.") "Only upon the movant's demonstration of good cause . . . will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.*

In evaluating good cause, the Fifth Circuit considers "(1) the explanation for the failure to timely move for leave to amend, (2) the importance of the amendment, (3) potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice." *Id.* This

---

[1] Plaintiff's Motion to Amend was filed after Defendants filed their Rule 11 Motion. At the request of Plaintiff's counsel (Dkt. 102), Defendants stipulated to extend briefing deadlines on their Rule 11 Motion. Dkt. 103. As such, briefing on Plaintiff's Motion may be complete before briefing on the Rule 11 Motion. Defendants respectfully request that this Court consider Plaintiff's Motion concurrently with Defendants' Rule 11 Motion.

inquiry focuses primarily on the movant's diligence in making the amendment. *See STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 851 (E.D. Tex. 2004) (denying motion for leave to supplement when movant had "not carried its burden of showing diligence").

Plaintiff's Motion makes no attempt to establish the requisite good cause showing under Rule 16(b).[2] Indeed, no "good cause" exists for Plaintiff's *failure* to seek leave to amend his pleadings long ago. Plaintiff's Motion asserts that he seeks leave to file his Third Amended Complaint "in light of certain evidence that has been produced in discovery and as part of a good faith effort to resolve [Defendants' Rule 11 Motion] and avoid controversy." Mot. at 3 ¶ 5. But as detailed in Section III(B) below, the "evidence that has been produced in discovery" demonstrating that certain allegations in Plaintiff's complaint are false consists of ██████ ██████████████████ That evidence only came to light through Defendant's third-party discovery efforts. *See* Rule 11 Motion at 2, Dkt. 96, Exs. A-1, B & H. In short, Plaintiff's failure to timely amend his pleading is a result of (1) Plaintiff's bad-faith misrepresentation of material facts, and (2) his counsel's failure to conduct a reasonable inquiry in evaluating Plaintiff's claims *before* filing Plaintiff's lawsuit. Plaintiff's dilatory conduct demonstrates that he lacks good cause to amend the Second Amended Scheduling Order.

Indeed, the timing of Plaintiff's belated Motion evidences conduct that is incompatible with a finding of diligence. The Court issued its Second Amended Scheduling Order only three weeks ago. *See* Second Amended Scheduling Order, Dkt. 92. When Plaintiff's counsel and defense counsel discussed the entry of a new scheduling order – after service of the Rule 11 Motion

---

[2] A party's failure to address the good cause standard under Rule 16(b)(4) when filing an untimely motion for leave to amend is a basis to deny the movant's proposed amendment. *Wachovia Bank, NA v. Schlegel*, No. 3:09-CV-1322-D, 2010 WL 2671316, 2010 U.S. Dist. LEXIS 66011 at *8 (N.D. Tex. June 30, 2010).

on Plaintiff's counsel on January 23, 2020 – Plaintiff's counsel failed to mention further amendments to Plaintiff's pleading. *See* Declaration of Laura Lee Prather in Support of Defendants' Response to Plaintiff's Motion for Leave to File Third Amended Complaint ("Prather Decl."), attached as Exhibit A, ¶¶ 4–8; *infra* Section III(D). It was not until February 12, 2020, the day after entry of the Second Amended Scheduling Order, that Plaintiff's counsel asked if Defendants would oppose Plaintiff's filing of a Third Amended Complaint. Prather Decl. ¶ 8.

Because Plaintiff has advanced no reasonable explanation for his failure to timely amend his pleading – the primary focus of the Fifth Circuit's good cause inquiry – this Court should find that he lacks good cause under Rule 16(b) to amend the Second Amended Scheduling Order, and accordingly deny Plaintiff's Motion for Leave to File Third Amended Complaint.

## III. THERE IS NO BASIS UNDER RULE 15 TO ALLOW YET A THIRD AMENDMENT OF PLAINTIFF'S COMPLAINT.

### A. Rule 15 Does *Not* Support Granting Leave to File an Amendment that Was Unduly Delayed, Made in Bad Faith, or Fails to Cure Patent Deficiencies.

Even if the Court were to find good cause to amend the Second Amended Scheduling Order, Plaintiff's Motion still fails. Although Rule 15 encourages courts to permit the amendment of a pleading "when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend "need not be allowed" when, as here, "there is some apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). As this Court has stated in denying leave to amend in circumstances very similar to the instant case:

> Courts in this circuit infer bad faith in seeking amendment where the party seeking leave to amend knew of the facts underlying the claim at the time the party filed the original pleading and yet delayed in amending. *See, e.g., In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996) (upholding denial of leave to amend where party "sought leave to add both a fact of which it had been aware since before it filed its

> original complaint . . . "); *Starling v. Fuller*, 74 F.3d 1236, *2 & n.1 (5th Cir. 1995) (unpublished) (finding district court did not abuse discretion in finding plaintiffs exhibited bad faith in seeking amendment where plaintiffs knew of the facts underlying the added claim "well before [they] filed their original complaint").

*Priester v. Deutsche Bank Nat'l Trust Co.*, No. 4:16-CV-449, 2017 WL 2821715 at *7 (E.D. Tex. Jun. 30, 2017) (Mazzant, J.).

Indeed, contrary to Rule 15, allowing Plaintiff to amend here would further an *injustice*: namely, allowing Plaintiff to retain provably false and misleading statements in his proposed Third Amended Complaint would prejudice Defendants by forcing them to answer again a defective and frivolous lawsuit. As shown below, each of these reasons militates strongly *against* allowing amendment of Plaintiff's Second Amended Complaint.

### B. Plaintiff Has Repeatedly Failed to Cure Deficiencies in Amendments Allowed Previously and Unduly Delayed in Seeking the Current Amendment.

Denial of a request to amend a pleading is warranted when, as here, a plaintiff has repeatedly failed to cure deficiencies in amendments previously allowed or unduly delayed seeking amendment. *Foman*, 371 U.S. at 182. "Lack of diligence is reason for refusing to permit amendment." *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967). Courts routinely deny amendment when the material to be added was known to Plaintiff prior to filing the original complaint. *See, e.g.*, *In re Southmark Corp.*, 88 F.3d at 316; *Priester*, 2017 WL 2821715, at *7. Where a party has failed to diligently amend, he or she must show that delay was due to oversight, inadvertence, or excusable neglect; leave to amend "will be denied unless he shows some valid reason for his neglect and delay." *Id.* (internal quotation omitted); *Priester*, 2017 WL 2821715, at *7 (denying motion to amend in part because "Plaintiffs do not explain why they waited"). Here, Plaintiff failed to cure the knowingly false statements in his complaints over the course of three pleadings and unduly delayed in filing his Motion for almost two years – indeed, until after Defendants filed their Rule 11 Motion. Plaintiff can show no reason for this delay.

Defendants' Rule 11 Motion identified three key allegations present in Plaintiff's Complaint (filed in June 2018), First Amended Complaint (filed in March 2019) and Second Amended Complaint (filed in September 2019) that are demonstrably false in light of evidence exposed by Defendants through third-party discovery. Plaintiff falsely states he makes the Motion "in light of certain evidence that has been produced in discovery" (Mot. at 3) when, in fact, that evidence has *always been in Plaintiff's possession or control*. The false allegations, known to Plaintiff *before filing his lawsuit* to be false and misleading, are:

(1) Butowsky was not involved in Wheeler's investigation and had little communication with Wheeler;

(2) Butowsky had never seen, and was not a party to, Wheeler's contract with the Rich family; and

(3) Chapwood Capital Investment Management, LLC ("Chapwood"), Butowsky's business, lost Sally Davis as a customer because of the alleged defamation.

*See* Rule 11 Motion at 2, Dkt. 96. Documents demonstrating the falsity of these statements consist primarily of [REDACTED] [3]

Since June 2018, Plaintiff and his counsel have had multiple opportunities to amend their pleadings to correct these misrepresentations. They have not done so. Thus, Plaintiff's motion to amend must be denied because he failed to cure deficiencies in amendments previously allowed and unduly delayed seeking amendment. *See, e.g.*, *In re Southmark Corp.*, 88 F.3d at 311

[3] *See, e.g.*, Rule 11 Motion, Dkt. 96 at Ex. A-1 (Declaration of Rod Wheeler documenting extensive communication with Ed Butowsky); Ex. H [REDACTED] Ex. B (Declaration of Sally Davis stating that she maintained her investment account at Chapwood).

(affirming denial of leave to amend where the "facts underlying the amended complaint were known to the party when the original complaint was filed" thirteen months previously and Plaintiff "offers no reasonable explanation for its delay"); *Daly v. Sprague*, 675 F.2d 716, 723 (5th Cir. 1982) (upholding denial of leave to amend when proposed amendment was filed 16 months after initial complaint).

### C. Plaintiff's Proposed Third Amended Complaint Continues to Fail to Cure the Deficiencies in the Complaint.

The revisions Plaintiff now belatedly proposes in his Third Amended Complaint, shown in redline below, demonstrate the falsity of Butowsky's previous allegations as well as his continuing failure to remedy his misrepresentations to this Court.

*First*, Paragraph 73 of the proposed Third Amended Complaint (regarding Butowsky's lack of knowledge of the Wheeler/Rich contract) does not correct the falsity in the Second Amended Complaint. The redline of proposed Paragraph 73 shows the following:

> Butowsky was not a party to the contract between Wheeler and the Rich family. He ~~has never seen the contract.~~was not involved in any discussions between Wheeler and the Riches over the terms of a contract. He only agreed to pay for Wheeler's services. Butowsky first saw the contract between Wheeler and the Riches in May 2017 months after it was signed.



Rule 11 Motion, Dkt. 96 at Ex. H (emphasis added). Thus, [REDACTED] demonstrates the falsity of the allegation in his proposed amendment that "he was not involved in any discussions between Wheeler and the Riches over the terms of a contract" and first saw the contract "months after it was signed." *Id.* Plaintiff's unrepentant denial of these *facts* shows that he continues to litigate in bad faith and misrepresent the facts in his pleadings. Plaintiff's continued reliance on these and other falsehoods to show his purported "limited" involvement in the Wheeler investigation warrants denial of his motion to amend as well as Rule 11 sanctions.

*Second*, the proposed language in Paragraphs 74 and 76 of the proposed Third Amended Complaint likewise fails to correct the false statements identified in Defendants' Rule 11 Motion: Plaintiff continues to misrepresent his involvement in the Wheeler's investigation. The redline of the proposed change to Paragraph 74 shows the following:

> Although Folkenflik made it appear that Butowsky orchestrated and directed Wheeler's murder investigation, in truth Butowsky did not personally participate and was not directly involved in Wheeler's investigation. He left the investigating to Wheeler. Butowsky and ~~had very little communication with~~ Wheeler occasionally communicated about Wheeler's investigation. Wheeler regularly updated Butowsky on his findings. Folkenflik knew that Butowsky's involvement was limited.

Tellingly, the first sentence of Paragraph 74 – "Butowsky did not personally participate and was not directly involved in Wheeler's investigation" – is belied by the following sentences: "Butowsky and ~~had very little communication with~~ Wheeler occasionally communicated about Wheeler's investigation. Wheeler regularly updated Butowsky on his findings." Indeed, the foregoing allegation that Wheeler and Butowsky only "occasional[ly] communicated about Wheeler's investigation" is even belied by the very next sentence: "Wheeler regularly updated Butowsky on his findings." "Regular updates" are not "occasional[] communicat[ions]." Nor do any of these changes address or alter the paragraph's erroneous conclusion that "Folkenflik knew

that Butowsky's involvement was limited," given that the allegation that Butowsky's involvement was limited is demonstrably false. *See* Rule 11 Motion at 6-8, Dkt. 96.

Similarly, Paragraph 76's proposed revisions, while demonstrating the falsity of Butowsky's previous allegation that Folkenflik "misrepresented" that Butowsky was "feeding tips to Wheeler" nonetheless continue to misrepresent Butowsky's level of involvement that even he admits in the proposed revision to Paragraph 74. It makes mere stylistic revisions to Plaintiff's pleading. The redline of the proposed change to Paragraph 76 shows:

> Folkenflik misrepresented Butowsky's actual involvement in Wheeler's investigation. Folkenflik made it appear as ~~of~~if Butowsky was at the center of the investigation, directing Wheeler, ~~feeding him "tips", and telling him what to do. Folkenflik falsely portrayed Butowsky as a puppet master "behind the scenes", feeding "tips" to Wheeler and telling Fox what to do. Far from the truth~~telling him what to do (and telling Fox what to report). In reality, Butowsky did not direct either Wheeler's investigation or the Fox News reporting. Butowsky shared some tips that he received and asked for updates, but he never interviewed witnesses, prepared a single draft of any report or story, etc. Butowsky was not the puppet master that Folkenflik accused him of being.

Plaintiff's direct involvement in the Wheeler investigation goes to the heart of his claims, and to Defendants' defense of substantial truth. The Court relied on Butowsky's misrepresentations in denying Defendants' Motion to Dismiss. *See* Order, Dkt. 65 at 35 (finding that "[a]s noted by the R&R, Plaintiff's involvement in the Seth Rich investigation and Plaintiff's communications with Wheeler were both limited"); Rule 11 Motion at 2 n.1, 6-8, Dkt. 96. Therefore, these demonstrably false allegations should not be assumed to be true, but rather are subject to sanctions pursuant to Rule 11(c), as requested in Defendants' Rule 11 Motion.

*Third*, the Third Amended Complaint continues to cite to the debunked email that a Butowsky client, Sally Davis, had left Chapwood, which has now been proven to be false. Thus,

the proposed curative Footnote 4 (at 11) continues to falsely claim that the "loss and damage to Butowsky's reputation" is evidenced by the debunked email.

Further, it offers only insufficient conclusory allegations that Plaintiff has suffered economic damages. The proposed addition is as follows:

> [n4]The loss and damage caused to Butowsky's reputation by Folkenflik's defamation is evidenced by the following email received from one of Butowsky's high net worth clients:
>
> On 8/3/17, 5:29 PM, "Sally Davis" <sallyhi-d@comcast.net> wrote:
>
> Hello Ed and Kim,
>
> I'm really sad to write this email.
>
> I have to let you know I asked Schwab to remove Chapwood Investments as the advisor on my Schwab Account. I will follow up with a phone call tomorrow, August 4.
>
> I made this decision after reading news articles about Ed's involvement with a false news story. For me, this is not a question of politics. It's a question of ethics.
>
> I very much appreciate all your help and guidance through the past twenty-five years or so. I'm heartbroken to end our relationship.
>
> Fortunately, Chapwood was able to persuade the client to stay on as a customer with a different financial advisor. Nonetheless, Chapwood lost millions of dollars in investments from this customer and Plaintiff lost income as a direct result. Further, Plaintiff's reputation as a registered investment advisor has been destroyed. He is unable to develop new business. He has lost the ability to get referrals from Major League Baseball, NBA, etc. He can't even tell people his last name without hesitating, since he knows they will Google him and see all the fake stories.

Thus, the proposed footnote is insufficient to salvage a claim. *See, e.g.*, *Hernandez v. Bailey*, 716 Fed. Appx. 298, 304–06 (5th Cir. 2018) (affirming denial of leave to amend where proposed amendment would have been futile). Plaintiff's admission that Chapwood *retained* the

account of Sally Davis – the sole "lost" customer alleged in the Complaint (as *twice* amended) – shows that Plaintiff has not suffered pecuniary loss. *See* Rule 11 Motion, Dkt. 96 at Ex. B.[4]

*Fourth*, Plaintiff's proposed addition of language to Paragraph 112 regarding emails released by the FBI in September 2019 is irrelevant to Butowsky's three deliberate, material misrepresentations: (1) his involvement in Wheeler's investigation; (2) his role in the contract between Wheeler and the Rich family; and (3) his alleged damages. Additional rhetorical allegations about the FBI are merely designed to obscure the seriousness of the false and misleading representations that have remained in his pleadings for nearly two years. *See, e.g.*, *Daly*, 675 F.2d at 723 (affirming district court's denial of "an amended complaint which asserted new allegations not germane to the original action and which was filed sixteen months after the filing of the original complaint").

### D. Plaintiff's Delay in Seeking to Amend His Pleading to Rectify His Misrepresentations Demonstrates That He Proposes the Third Amended Complaint in Bad Faith.

Plaintiff's repeated failure to cure the false statements in his pleadings and his knowledge of the falsity of those statements demonstrates bad faith, a "substantial reason" to deny leave to amend in the Fifth Circuit. As this Court stated: "Courts in this circuit infer bad faith in seeking amendment where the party seeking leave to amend knew of the facts underlying the claim at the time the party filed the original pleading and yet delayed in amending." *Priester*, 2017 WL 2821715, at *7. *See also Sabre, Inc. v. Lyn-Lea Travel Corp.*, No. 3:96-CV-2068-R, 2003 WL

[4] Plaintiff's damages, including the purported lost profits of his investment company, have been the subject of several discovery inquiries from Defendants, but Plaintiff has completely failed to produce *any* documents substantiating *any* such damages. *See, e.g.*, Defendants' Motion to Compel Discovery Pursuant to Fed. R. Civ. P. 37 at 10-11, Dkt. 85; Declaration of Laura Lee Prather in Support of Defendants' Reply in Support of Their Motion to Compel Discovery Pursuant to Fed. R. Civ. P. 37, Dkt. 97-1 at 4 ¶ 10-11.

21339291, 2003 U.S. Dist. LEXIS 10023 at *15 (N.D. Tex. June 5, 2003) ("Bad faith may bar amendment if the movant was aware of certain facts but failed to plead them"). As Defendants' Rule 11 Motion demonstrated, Plaintiff knew his statements to this Court were false because the very documents demonstrating the falsity of his allegations are *his own communications*, but he refused to correct them to avoid dismissal. *See* Rule 11 Motion, Dkt. 96 at 6-8.

The sequence of events preceding Plaintiff's Motion further establishes his bad faith in now moving to amend. As required, Defendants served their draft Rule 11 Motion on Plaintiff's counsel on January 23, 2020, but it was met with silence. It was not until the near-expiration of the 21-day safe harbor period, on the eve of Defendants' filing the Rule 11 Motion, that Plaintiff's counsel informed Defendants they intended to file a motion to amend on February 17, 2020. Yet they waited to file the instant Motion until *after* the Rule 11 Motion was filed. This delay suggests Plaintiff has filed, at best, a motion to gloss over his and his counsel's sanctionable conduct.

Plaintiff's counsel Steven Biss's communications with defense counsel Laura Prather are illustrative: during the three-week notice period under Rule 11, counsel agreed to a new Scheduling Order, *see* Second Amended Scheduling Order, Dkt. 92, but Plaintiff's counsel mentioned no further need to amend Plaintiff's pleading. The sequence of events is as follows:

- January 24, 2020: Mr. Biss received Defendants' Rule 11 Motion. Prather Decl. ¶ 3.
- January 28, 2020: Mr. Biss and Ms. Prather had a telephone conversation during which they outlined the broad strokes of a stipulated motion for a new scheduling order. In that conversation, Mr. Biss mentioned that he had received the Motion for Sanctions. Prather Decl. ¶ 4.
- February 5, 2020: Defense counsel sent Mr. Biss the draft Second Joint Motion to Modify Scheduling Order. Prather Decl. ¶ 5.

- February 10, 2020: Defense counsel had not yet heard back from Mr. Biss on the draft, so Ms. Prather contacted him. He agreed to the draft, and counsel filed the Second Joint Motion to Modify Scheduling Order. Prather Decl. ¶ 6.

- February 11, 2020: This Court entered the Second Amended Scheduling Order. Prather Decl. ¶ 7.

- February 12, 2020: For the first time, Plaintiff's counsel, Ty Clevenger, asked if Defendants would oppose Plaintiff amending his Complaint. Prather Decl. ¶ 8.

- February 16, 2020: Plaintiff's counsel sent Defendants a letter response to the draft Rule 11 Motion, saying they intend to file a Motion for Leave to File Third Amended Complaint "tomorrow." Prather Decl. ¶ 9.

- February 18, 2020: Defendants filed their Rule 11 Motion; Plaintiff filed his Motion for Leave to File Third Amended Complaint thereafter. Prather Decl. ¶ 11.

In brief, Plaintiff has known for nearly two years that he falsely stated to this Court that (1) he was not involved in Wheeler's investigation and had little communication with Wheeler; (2) he had never seen, and was not a party to, Wheeler's contract with the Rich family; and (3) Chapwood Capital Investment Management, LLC ("Chapwood"), Butowsky's business, lost Sally Davis as a customer because of the alleged defamation. Plaintiff's bad faith in making these false and misleading statements in the first instance, failing to correct them, and failing to address them until after Defendants filed their Rule 11 Motion, is evident from the text of the proposed amendments themselves, his protracted delay, and his counsel's communications with defense counsel. In light of Plaintiff's bad-faith conduct, this Court should deny Butowsky's request to file a Third Amended Complaint.

## IV. PLAINTIFF'S PROPOSED AMENDMENT WOULD NOT CURE HIS RULE 11 VIOLATIONS OR MOOT DEFENDANTS' RULE 11 MOTION.

Since filing his original complaint in June 2018, Plaintiff has misrepresented his involvement in Wheeler's investigation, his key role in the contract between Wheeler and the Rich family, and his company's loss of customers. The Court relied on Plaintiff's misrepresentations in denying Defendants' Motion to Dismiss, thereby seriously prejudicing Defendants, prolonging this groundless lawsuit, and subjecting Defendants to months of unnecessary litigation and expense. *See* Order, Dkt. 65 at 35 (finding that "[a]s noted by the R&R, Plaintiff's involvement in the Seth Rich investigation and Plaintiff's communications with Wheeler were both limited").

Defendants have diligently endeavored to obtain discovery from Plaintiff that (1) reveals his involvement in the Wheeler investigation, and (2) supports his allegations of economic damages. But Plaintiff obstructed that discovery, forcing Defendants to pursue these documents from other sources (and file a Motion to Compel).[5] Defendants' efforts have revealed that (1) Plaintiff was deeply involved in Wheeler's investigation, (2) Plaintiff had a key role in the contract between Wheeler and the Rich family, and (3) Plaintiff lied about losing Sally Davis' investment business. *See* Rule 11 Motion, Dkt. 96 at Exs. A-1, B and H.

Defendants filed their Rule 11 Motion, as the case law requires, to notify the Court of their findings promptly. Before doing so, Defendants notified Plaintiff of his defective pleading and his ethical obligation to cure. Plaintiff failed to seek leave from this Court to amend his Second Amended Complaint until *after* Defendants filed their Rule 11 Motion, despite having the full 21-day safe harbor period to do so. Here, Plaintiff offers only superficial amendments that fail to address the core defects identified by Defendants. Plaintiff's proposed amendments cannot cure

[5] *See* Defendants' Motion to Compel Discovery Pursuant to Fed. R. Civ. P. 37 at 10-11, Dkt. 85; Declaration of Laura Lee Prather in Support of Defendants' Reply in Support of Their Motion to Compel Discovery Pursuant to Fed. R. Civ. P. 37, Dkt. 97-1 at 4 ¶ 10-11.

his Rule 11 violations, and Plaintiff's proffered Third Amended Complaint in no way renders Defendants' pending Rule 11 Motion moot.

Defendants and this Court have paid a steep price for Plaintiff's repeated failure over two years to cure his pleadings' false and misleading averments, both in terms of needless litigation expenses and disregard for the judicial process. Plaintiff's Third Amended Complaint only perpetuates Plaintiff's previous misrepresentations. Where, as here, Plaintiff's conduct readily shows bad faith and lack of diligence, leave to amend should *not* be granted. Rather, Plaintiff's continued prosecution of claims based on provably false statements to the Court (as evidenced in Plaintiff's Third Amended Complaint) should be sanctioned pursuant to Rule 11(c).

## V.     CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Leave to File Third Amended Complaint and grant Defendants' Rule 11 Motion. In granting Defendants' Rule 11 Motion, the Court should grant all "appropriate sanction[s]" under Rule 11(c) and award Defendants' attorneys' fees incurred in bringing that Motion.

Respectfully submitted,

By: */s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:    (512) 867-8400
Facsimile:    (512) 867-8470

        David J. Bodney
*admitted pro hac vice*
bodneyd@ballardspahr.com
Ian O. Bucon
*admitted pro hac vice*
buconi@ballardspahr.com
BALLARD SPAHR LLP
1 E. Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595

***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 3, 2020, a true and correct copy of the foregoing document was emailed to the following counsel of record:

Ty Odell Clevenger
P.O. Box 20753
Brooklyn, NY 11202-0753
979-985-5289 (phone)
979-530-9523 (fax)
tyclevenger@yahoo.com

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
804-501-8272 (phone)
202-318-4098 (fax)
stevenbiss@earthlink.net

*/s/ Laura Lee Prather*
Laura Lee Prather

**CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL**

Pursuant to Local Rule CV-5(a)(7), Defendants certify that a motion to seal the document has been filed separately and immediately prior to this Response.

*/s/ Laura Lee Prather*
Laura Lee Prather