IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ED BUTOWSKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| DAVID FOLKENFLIK, ET AL., | § | 4:18-CV-00442-ALM |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

---

**DECLARATION OF LAURA LEE PRATHER IN SUPPORT OF DEFENDANTS'
RESPONSE TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE THIRD AMENDED COMPLAINT**

---

I, Laura Lee Prather, hereby declare pursuant to 28 U.S.C. § 1746:

1.      My name is Laura Lee Prather.  I am over the age of twenty-one (21) years and am fully competent to make this declaration.  The facts stated in this declaration are within my personal knowledge and are true and correct.

2.      I am a partner at the law firm of Haynes and Boone, LLP and lead counsel for Defendants in the above-captioned lawsuit.

3.      On January 23, 2020, my law firm sent a draft of Defendants' Motion for Sanctions Pursuant to Rule 11 for Violations Committed by Plaintiff and his Counsel to Steven Biss, which Mr. Biss received on January 24, 2020.

4.      On January 28, 2020, Mr. Biss and I had a telephone conversation during which we outlined the broad strokes of an Agreed Motion for a new scheduling order, shifting the unexpired

deadlines by approximately six months.   He mentioned that he had received the Motion for Sanctions during that call.

5.      On February 5, 2020, I sent Mr. Biss the draft Second Joint Motion to Modify Scheduling Order. A true and correct copy of my email communication to Mr. Biss is attached hereto as Exhibit 1.

6.      On February 10, 2020, I had not heard back from Mr. Biss on the draft, so I reached out to him.  A true and correct copy of my email communication to Mr. Biss is attached hereto as Exhibit 2.   Later that same day, Mr. Biss agreed to the draft Second Joint Motion to Modify Scheduling Order. A true and correct copy of his email communication to me is attached hereto as Exhibit 3.  We then filed the Second Joint Motion to Modify Scheduling Order.

7.      On February 11, 2020, this Court entered a new Scheduling Order.

8.      On February 12, 2020, Mr. Clevenger contacted me to ask if Defendants would oppose Plaintiff amending his Complaint. A true and correct copy of Mr. Clevenger's email communication to me is attached hereto as Exhibit 4. I replied by asking to see a copy of the proposed amendments.

9.      On February 16, 2020, I received an email from Mr. Biss that contained a letter response to our draft Motion for Rule 11 Sanctions.  This email from Plaintiff's counsel said they intended to file a motion for leave to file a third amended complaint "tomorrow."  Mr. Biss asked if Defendants would oppose it.  A true and correct copy of the email and letter is attached hereto as Exhibit 5.

10.      On February 17, 2020, I received an email from Mr. Biss, to which was attached Plaintiff's draft Motion for Leave to File Third Amended Complaint. A true and correct copy of the email is attached hereto as Exhibit 6.

11.     On February 18, 2020, my law firm filed Defendants' Motion for Sanctions Pursuant to Rule 11 for Violations Committed by Plaintiff and his Counsel.  Plaintiff subsequently filed his Motion for Leave to File Third Amended Complaint.


I declare under penalty of perjury that the foregoing is true and correct. Executed on the 3rd day of March, 2020 in Austin, Texas.

_____

**LAURA LEE PRATHER**

EXHIBIT 1

## Prather, Laura

| | |
|---|---|
| **From:** | Prather, Laura |
| **Sent:** | Wednesday, February 5, 2020 9:27 AM |
| **To:** | Steven S. Biss |
| **Cc:** | David J. Bodney (bodneyd@ballardspahr.com) |
| **Subject:** | Butowsky v. NPR |
| **Attachments:** | Proposed Order on Agreed Amended Motion to Modify Scheduling Order, 4836-6353-1955_2.docx; NPR-Butowsky Exhibit List to 2nd Joint Motion to Modify SO, 4822-0116-1907_2.docx; NPR-Butowsky Second Joint Motion to Modify Scheduling Order, 4830-5583-6851_2.docx |

Hi Steve,

Pursuant to our agreement last week, enclosed please find the following drafts for your review:

1.      Second Joint Motion to Modify Scheduling Order;
2.      Exhibit List to Motion; and,
3.      Proposed Order.

Please let me know if you have any comments, and we will take care of getting them filed with the Court.

Please also let us know when Mr. Butowsky advises his counsel in the Aaron Rich case that he does not oppose production of his documents, as represented in the Response to the Motion to Compel filed on Monday.

Take care,
Laura


Laura Lee Prather, Appellate Law Board Certified Partner laura.prather@haynesboone.com

Haynes and Boone, LLP
600 Congress Avenue
Suite 1300
Austin, TX  78701-3285

(t) +1 512.867.8476
(f) +1 512.867.8609

www.haynesboone.com

# EXHIBIT 2

**Prather, Laura**

| | |
|---|---|
| **From:** | Prather, Laura |
| **Sent:** | Monday, February 10, 2020 10:45 AM |
| **To:** | Steven S. Biss |
| **Cc:** | bodneyd@ballardspahr.com |
| **Subject:** | RE: Butowsky v. NPR |

Hi Steve,

Just checking in on the below.  We'd like to file the unopposed motion today.

Please also advise on the forensic exam idea and the docs produced in the Aaron Rich case.

Thanks and take care,
Laura


Laura Lee Prather, Appellate Law Board Certified Partner
(t) +1 512.867.8476
-----Original Message-----
From: Steven S. Biss <stevenbiss@earthlink.net>
Sent: Wednesday, February 5, 2020 5:01 PM
To: Prather, Laura <Laura.Prather@haynesboone.com>
Cc: bodneyd@ballardspahr.com
Subject: Re: Butowsky v. NPR

EXTERNAL: Sent from outside haynesboone


Laura,

I will look at this tomorrow, and confirm agreement.

I will follow up re the documents in the Aaron Rich case as well.


-----Original Message-----
From: Prather, Laura
Sent: Wednesday, February 05, 2020 10:26 AM
To: Steven S. Biss
Cc: David J. Bodney (bodneyd@ballardspahr.com)
Subject: Butowsky v. NPR

Hi Steve,

Pursuant to our agreement last week, enclosed please find the following drafts for your review:

1. Second Joint Motion to Modify Scheduling Order; 2. Exhibit List to Motion; and, 3. Proposed Order.

1

Please let me know if you have any comments, and we will take care of getting them filed with the Court.

Please also let us know when Mr. Butowsky advises his counsel in the Aaron Rich case that he does not oppose production of his documents, as represented in the Response to the Motion to Compel filed on Monday.

Take care,
Laura


Laura Lee Prather, Appellate Law Board Certified Partner laura.prather@haynesboone.com

Haynes and Boone, LLP
600 Congress Avenue
Suite 1300
Austin, TX 78701-3285

(t) +1 512.867.8476
(f) +1 512.867.8609

http://www.haynesboone.com




CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.




Steven S. Biss
(Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone (804) 501-8272
Facsimile: (202) 318-4098
Email: stevensbiss@earthlink.net
Email: stevensbiss@protonmail.ch
https://urldefense.proofpoint.com/v2/url?u=http-3A__www.linkedin.com_in_steven-2Ds-2Dbiss-2D6517037&d=DwICAw&c=JDj7FSm1QEzsgGGBNv7lXKDiVUwE0r0oFpxW-k46j84&r=m4vWmZKuBZmQexrnVOZLfStYMXNgqv9z_LTlhBKEWGg&m=gvfF8WIOsMWYurILweEqm9kWGBliM6P0eUtDp0LJU2Y&s=FCtYwr-DeZBUANwSwPtGPYDfVW_GfRRiM9CxLYtL9pE&e=

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.

# EXHIBIT 3

**Prather, Laura**

| | |
|---|---|
| **From:** | Steven S. Biss <stevenbiss@earthlink.net> |
| **Sent:** | Monday, February 10, 2020 2:51 PM |
| **To:** | Prather, Laura; David J. Bodney |
| **Cc:** | Ed Butowsky; Ty Clevenger |
| **Subject:** | Re: Butowsky v. NPR |

EXTERNAL: Sent from outside haynesboone

Laura,

You may affix my /s/ and file.  Thank you.

-----Original Message-----
From: Prather, Laura
Sent: Wednesday, February 05, 2020 10:26 AM
To: Steven S. Biss
Cc: David J. Bodney (bodneyd@ballardspahr.com)
Subject: Butowsky v. NPR

Hi Steve,

Pursuant to our agreement last week, enclosed please find the following drafts for your review:

1. Second Joint Motion to Modify Scheduling Order; 2. Exhibit List to Motion; and, 3. Proposed Order.

Please let me know if you have any comments, and we will take care of getting them filed with the Court.

Please also let us know when Mr. Butowsky advises his counsel in the Aaron Rich case that he does not oppose production of his documents, as represented in the Response to the Motion to Compel filed on Monday.

Take care,
Laura

Laura Lee Prather, Appellate Law Board Certified Partner laura.prather@haynesboone.com

Haynes and Boone, LLP
600 Congress Avenue
Suite 1300
Austin, TX  78701-3285

(t) +1 512.867.8476
(f) +1 512.867.8609

http://www.haynesboone.com

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

Steven S. Biss
(Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
Email: stevensbiss@protonmail.ch
https://urldefense.proofpoint.com/v2/url?u=http-3A__www.linkedin.com_in_steven-2Ds-2Dbiss-2D6517037&d=DwICAw&c=JDj7FSm1QEzsgGGBNv7lXKDiVUwE0rOoFpxW-k46j84&r=m4vWmZKuBZmQexrnVOZLfStYMXNgqv9z_LTlhBKEWGg&m=g1SLxWCQmr8QWOJ2-CNivNrIVJd7JoxFcpcpa_up6vQ&s=H4RZUMUnvXoDg-lGOlN08basiJCE0RVf38H5rlu89iA&e=

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.

# EXHIBIT 4

**Prather, Laura**

| | |
|---|---|
| **From:** | Ty Clevenger <tyclevenger@yahoo.com> |
| **Sent:** | Wednesday, February 12, 2020 10:57 AM |
| **To:** | Prather, Laura |
| **Cc:** | David J. Bodney; Lewis, Wesley; Steven S. Biss |
| **Subject:** | Re: Julian Assange deposition |

**EXTERNAL:** Sent from outside haynes*boone*

Also, please let me know whether you would oppose our motion to amend the complaint. We would only address issues that you raised in your motion, i.e., we would not be adding anything new.

On Wednesday, February 12, 2020, 10:15:31 AM EST, Ty Clevenger <tyclevenger@yahoo.com> wrote:

Laura,

I write to request a one-week extension of time to respond to your draft Rule 11. We have concluded that some portions of the complaint need to be corrected, but Mr. Butowsky has been in the hospital since Monday and I will not be back in Texas until Friday or Saturday. Thank you for your consideration.

Ty

On Tuesday, February 11, 2020, 07:33:40 PM EST, Ty Clevenger <tyclevenger@yahoo.com> wrote:

So electronic copies are a no?

Sent from Yahoo Mail on Android

On Tue, Feb 11, 2020 at 4:26 PM, Ty Clevenger
<tyclevenger@yahoo.com> wrote:

Thank you, Laura. I'll get a copy of the final application / declaration from Eden. Would you mind sending electronic copies of the Rule 11 exhibits? I'm leaving soon, and wondering if I need to pack the extra pounds. Thanks.

Ty

On Tuesday, February 11, 2020, 04:06:09 PM EST, Prather, Laura <laura.prather@haynesboone.com> wrote:

Hi Ty,

My apologies for not getting back with you earlier. I was out the latter part of last week and am just now able to start catching up on emails.

In reviewing the materials you sent, it references a Declaration of Eden P. Quainton but there is none attached.  Can you please send that (or any other attachments you anticipate filing with the Request) so we can review?

Once we've had a chance to review that, I will get back to you quickly.

Thanks and take care,

Laura

**Laura Lee Prather**, Appellate Law Board Certified
Partner
(t) +1 512.867.8476

Licensed in Texas, California, New York, and D.C.

**From:** Ty Clevenger <tyclevenger@yahoo.com>
**Sent:** Thursday, February 6, 2020 3:38 PM
**To:** Prather, Laura <Laura.Prather@haynesboone.com>
**Cc:** David J. Bodney <bodneyd@ballardspahr.com>; Lewis, Wesley <Wesley.Lewis@haynesboone.com>; Steven S. Biss <stevenbiss@earthlink.net>
**Subject:** Fw: Julian Assange deposition

---

**EXTERNAL:** Sent from outside hayne*sboone*

---

Laura,

Please let me know whether your clients would oppose a similar request in the Folkenflik case. Thanks.

Ty

----- Forwarded Message -----

2

**From:** Ty Clevenger <tyclevenger@yahoo.com>

**To:** Fuller, Marc <mfuller@velaw.com>; Joiner, Jamison <jjoiner@jw.com>

**Cc:** Leatherbury, Tom <tleatherbury@velaw.com>; Coker, Megan <megancoker@velaw.com>; Kerns, Devin
<dkerns@velaw.com>; Latham, Bob <blatham@jw.com>; Steve Udick <SUdick@skiermontderby.com>; Paul Skiermont
<pskiermont@skiermontderby.com>

**Sent:** Tuesday, January 7, 2020, 08:36:30 AM EST

**Subject:** Julian Assange deposition


All,


I intend to ask the Court to request, pursuant to the Hague Convention, the deposition of Julian
Assange. I've attached a letter drafted by Eden Quaintan, Mr. Butowsky's counsel in DC, and I intend
to follow the same outline. Please let me know whether you clients intend to oppose the motion.
Thanks.


Ty


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.

3

# EXHIBIT 5

**Prather, Laura**

| | |
|---|---|
| **From:** | Steven S. Biss <stevenbiss@earthlink.net> |
| **Sent:** | Sunday, February 16, 2020 5:30 PM |
| **To:** | Prather, Laura; David J. Bodney |
| **Cc:** | Ed Butowsky; Ty Clevenger |
| **Subject:** | Response to Rule 11 Demand |
| **Attachments:** | Response to Rule 11 Demand - 2.16.20.pdf |

**EXTERNAL:** Sent from outside haynes*boone*

Laura,

Please see attached.

We intend to file a motion tomorrow for leave to file a third amended complaint.  Let me know if you will oppose that motion.


Steven S. Biss
(Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
Email: stevensbiss@protonmail.ch
www.linkedin.com/in/steven-s-biss-6517037

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.

# STEVEN S. BISS
### ATTORNEY AT LAW
### 300 WEST MAIN STREET, SUITE 102
### CHARLOTTESVILLE, VIRGINIA 22903
### TELEPHONE: 804-501-8272
### FAX: 202-318-4098
### EMAIL: stevenbiss@earthlink.net
### ssbiss@yahoo.com
### www.linkedin.com/in/steven-s-biss-6517037

MATTER NO.

181-003

February 16, 2020

**VIA EMAIL AND REGULAR MAIL**

Laura Lee Prather, Esquire
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701

RE:    **Butowsky v. Folkenflik et al.**
       **Case 4:18-cv-442-ALM-CMC**

Dear Laura:

This letter responds to your proposed motion for sanctions ("Motion"), which was served on me as counsel for Plaintiff, Ed Butowsky ("Plaintiff"), on January 24, 2020.

In your Motion, you represent that "three key allegations" in Plaintiff's original complaint that continue to appear in Plaintiff's second amended complaint ("SAC") violate Rule 11(b)(3)[1] of the Federal Rules of Civil Procedure (the "Rules"). Those "three key allegations", according to you, are:

1.    "Butowsky was not involved in Wheeler's investigation and had little conversation with Wheeler".
      ***Compare SAC, ¶¶ 68, 74***

---

[1]      Rule 11(b)(3) states that by presenting to the court a pleading, an attorney certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: "(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery".

2.  "Butowsky had never seen, and was not a party to, Wheeler's contract
    with the Rich family".
    *Compare SAC, ¶ 73*

3.  "Chapwood ..., Butowsky's business, lost Sally Davis as a customer
    because of the alleged defamation".
    *Compare SAC, ¶ 11, fn. 4*

You further represent that Plaintiff's counsel "either knew the allegations were false or
failed to make reasonable inquiry under the circumstances". [*Motion, p. 1*].[2]

As a preliminary matter, the entire premise of your Motion – that NPR and
Folkenflik were only reporting on a "lawsuit" and that the Fox News story is "about a
debunked conspiracy theory" – is flawed and inaccurate. Your arguments completely
disregard the factual allegations in the SAC.[3] Plaintiff fundamentally rejects your
arguments for the reasons set forth in his memorandum in opposition to Defendants'
motion to dismiss, and already litigated.

Your Motion misrepresents (a) many of the allegations in Plaintiff's SAC, (b)
Plaintiff's purpose in filing this case, and (c) the contents of Court Orders and other
papers that you reference. For instance:

- Plaintiff did **not** hire Wheeler, and the SAC does not allege that he did.
  [*SAC, ¶ 72*]

- Plaintiff does **not** "view[] his involvement in the murder investigation as
  the central issue in this case", and the Court did not note that in its Order
  denying Plaintiff's motion to compel documents from the FBI.
  [*ECF No. 80, p. 31*]

---

[2]     Your insinuation that my disciplinary history (2009 and 2010) somehow
shows that the allegations in the SAC are "not an isolated lack of candor" is, itself, a
violation of Rule 11(b)(1). You interject a decade old suspension for an improper
purpose: to harass and to inflame passion and prejudice the Court. Indeed, the entire
Motion is an effort to prejudice the Court with irrelevant references to rulings in
unrelated lawsuits and other wholly impertinent observations.

[3]     [*Compare, e.g., SAC, ¶ 6 ("Rather than report on a lawsuit, in his articles
and tweets Folkenflik chose to attack and personally and professionally disparage
Butowsky, repeatedly highlighting the fact that Butowsky was a 'wealthy Dallas
investor', an 'investment advisor', 'financial talking head', 'money manager', 'Dallas
investment manager', and 'Dallas investor, who lied and engaged in dishonest, deceitful,
fraudulent, fake and unethical business practices.")*].

2

- You claim that this lawsuit is part of an effort by Plaintiff to "silence anyone who does not parrot his narrative about what he calls the 'Russian Collusion Hoax'", but this tired narrative spun by main stream media, including NPR, is without any evidentiary support at all.

  **In truth, Plaintiff seeks damages for the injury to his reputation caused by Defendants' defamation and conspiracy.**

- You claim that "Butowsky has self-identified as a public figure on his Facebook page", but, in truth, Facebook pre-determines and applies titles to business Facebook pages. That's what happened here. Plaintiff did not choose the title "public figure". Indeed, you know he does not admit that he is a "public figure" for purposes of his claim of defamation.

The allegations that are the subject of your Motion are **not** "key" allegations. We have carefully reviewed the SAC, documents produced in discovery, and the relevant exhibits attached to your Motion. We do not agree that Plaintiff made any intentional misrepresentations or that the three allegations you identify, which must be viewed in context and as part of the entire SAC, had any material impact on the Court's decision to deny Defendants' motion to dismiss.

However, in light of the evidence that has been produced in discovery and as part of a good faith effort to resolve the Motion and avoid controversy, Plaintiff agrees to make the following clarifications and corrections to the three allegations that you identify in your Motion.

1.   *Plaintiff's Involvement In Wheeler's Investigation*

Counsel's pre-filing investigation included a thorough review of all available material information concerning Wheeler's investigation into the murder of Seth Rich.[4] Paragraphs 68-76, 79-82, 95-98 and 101-103 of the SAC include hyperlinks to numerous primary sources that we carefully considered, most particularly Wheeler's own public representations.

---

[4]      *See Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 874-875 (5th Cir. 1988) ("Like a snapshot, Rule 11 review focuses upon the instant when the picture is taken – when the signature is placed on the document ... Rule 11 is restricted to the signing of pleadings, motions, and other papers imposing upon attorneys and litigants its affirmative duties as of the date a document was signed."). When we filed the SAC, we did not have the luxury of the "documents produced by FNN and Rod Wheeler" referenced in your Motion. Indeed, Fox News Network, LLC ("FNN") produced a mere two documents in response to our Rule 45 subpoena and you only recently produced documents that you, apparently, obtained from Wheeler in response to your subpoena.

As you know, Wheeler told *FetchYourNews* that he was engaged by the Rich family. Wheeler told Sean Hannity that:

"I was hired by the family, Joel and Mary Rich. They signed the contract. Now, the financial benefit, if there were any financial benefit and by the way there wasn't much, that was actually paid for by **a third party [Butowsky] that I have had very little communication with at all, Sean**".

[https://www.youtube.com/watch?v=CuRJDKEVxHY (emphasis added)].  Wheeler also made the following on-air representations to Marina Marraco of Fox 5 DC:

"MARINA MARROCO:     New information from the family's private investigator suggests there is tangible evidence on Seth Rich's laptop that confirms he was communicating with Wikileaks prior to his death.  Now the question is why has DC police as the lead agency on the investigation for the past 10 months insisted this was a botched robbery when until this day there is no evidence to suggest that.  The Rich family hired Rod Wheeler a former MPD homicide detective to run a parallel investigation into their son's death.  Wheeler says he believes there is a cover up and the police department has been told to back down from the investigation."

WHEELER:     Neither the police department nor the FBI have been forthcoming.  They haven't been cooperating at all.  I believe that the answer to solving his death lies on that computer, which I believe is either at the police department or at the FBI.  I've been told both.[5]

MARINA MARRACO:     But you have sources at the FBI saying that there is information …

WHEELER:     For sure …

MARINA MARRACO:     That could link Seth Rich to Wikileaks?

WHEELER:     Absolutely, yeah, and that's confirmed.  Actually, I have a source in the police department that has looked at me straight in the eye and said 'Rod we were told to stand down in this case and I can't share any information with you'.  Now that is highly unusual for a murder investigation, especially from a police department.  Again, I don't think it comes from the Chief's office, but I do believe there is a correlation between the Mayor's office and the DNC, and that's the information that is going to come out tomorrow."

---

[5]     Actually, Wheeler had been told that Aaron Rich had the computer. [https://twitter.com/wikileaks/status/892494677823434753?lang=en].

4

(Emphasis added).   When asked by a Fox 5 DC anchor whether there would be "evidence" to prove the statements made by Wheeler, Marraco stated as follows:

> "MARINA MARRACO:   ... Rod Wheeler, the investigator, assures us Fox 5 and assures Fox News that there's a full report that contains information that will show how many times Seth Rich made contact with Wikileaks and will show exactly when this communication took place."

[*SAC*, ¶ *103*].   Plaintiff had absolutely nothing to do with Wheeler's decision to be interviewed by Marraco or the statements that Wheeler voluntarily made to Marraco based on Wheeler's first-hand knowledge and investigation of the murder of Seth Rich. [*Id.*, ¶ *102*].

The SAC contains detailed factual allegations with specific references to evidence that will be offered at trial to support Plaintiff's position concerning his involvement in Wheeler's investigation.  In these circumstances, there is no violation of Rule 11(b)(3). *Compare Marchman v. Crawford*, 2018 WL 3545321, at * 6 (W.D. La. 2018) ("In the present action, Marchman's factual allegations in her petition are so detailed that the Court concludes there would have been evidentiary support offered later in the litigation. Although the factual allegations do not bring Marchman's claims within the ambit of a First Amendment retaliation claim, the Court is not persuaded that Marchman's factual allegations lacked evidentiary support.").

We made a reasonable factual inquiry.  We did not rely exclusively on Plaintiff to support the allegations in the SAC.  We considered available evidence in Plaintiff's possession, including text messages and emails, and a whole host of other evidence. Plaintiff's allegations are not based on his "speculation".  *But compare Seawright v. Charter Furniture Rental, Inc.*, 39 F.Supp.2d 795, 806-807 (N.D. Tex. 1999) ("Johnson clearly filed this lawsuit based on nothing more than her client's speculation and their presumption that there is a lot of 'talk' in a small office.").  As is demonstrated by the sheer number of subpoenas issued by the parties, it is clear that development of facts related to Plaintiff's role and involvement in Wheeler's investigation required discovery.

Contrary to your Motion, we have **never** alleged that "Butowsky was not involved in Wheeler's investigation".

Rather, we alleged that Plaintiff's role and involvement in Wheeler's investigation was "limited".  This is a true statement.  ████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████  provide substantial evidentiary support for Plaintiff's contention that "Butowsky's role and involvement in the investigation of Seth Rich's murder was limited." [*SAC*, ¶ *68*].

The fact that you have developed some evidence in discovery to impeach Plaintiff's contention or to support a closing argument that Plaintiff's role and involvement in Wheeler's investigation was something other than "limited" does not change the fact that there **was**, at the time we filed the SAC, substantial evidentiary support for Plaintiff's position. *See, e.g., Matta v. May*, 118 F.3d 410, 415 (5th Cir. 1997) (under the "snapshot" rule, sanctions under Rule 11 may not be imposed "merely for the eventual failure of a claim; rather, sanctions are to be applied only where, **at the time of the filing**, the position advocated is unwarranted.") (emphasis added); *see id., Bynum v. Am. Airlines, Inc.*, 166 F.App'x 730, 734 (5th Cir. 2006) ("the standard certification for factual allegations under Rule 11(b)(3) is that there is (or likely will be) evidentiary support for the allegation, **not that the party will prevail with respect to its contention**.") (emphasis added).

There is no better evidentiary support for the allegations in Plaintiff's complaint than the admissions of the person (Wheeler) hired by the Rich family to conduct the investigation. When we alleged that Plaintiff's role in Wheeler's investigation was "limited", it was reasonable for us to rely on Wheeler's videos, his representations to Marraco, Hannity and *FetchYourNews*, his voice recordings, and his updates to Plaintiff. *See G-1 Holdings, Inc. v. Baron & Budd*, 2002 WL 1934004, at * 12-13 (S.D.N.Y. 2002) (plaintiff, who made allegations based on a single non-party witness after a reasonable investigation of that source's statements without further corroboration did not violate Rule 11).

We understand that you may not like Wheeler's admissions concerning Plaintiff's participation in the investigation. However, the existence of issues of fact concerning the nature and scope of Plaintiff's involvement in Wheeler's investigation – issues which are for the Jury to decide – completely undercuts your argument that Plaintiff's allegations violate Rule 11(b)(3).

In paragraph 74 of the SAC, Plaintiff alleges that he "did not participate in Wheeler's investigation and had very little communication with Wheeler". You state that "Butowsky knew these allegations were false" because he arranged "in-person or Zoom meetings with Wheeler and Zimmerman about the investigation, directed Wheeler to several witnesses for investigation and exchanged more than 100 pages of text messages[6] and several hundred emails about the investigation with Wheeler, Zimmerman and others." [*Motion, pp. 6-7*].

As support for your argument, you rely on a declaration you prepared for Wheeler – the same Wheeler who represented on national television that "**I have had <u>very little communication</u> with**" Plaintiff. (emphasis added).

---

[6]   The majority of the text message communications occurred ***after*** the Fox Story ran. You grossly exaggerate the number of text messages and emails between Plaintiff and Wheeler about Wheeler's investigation prior to May 16, 2017.

Just as Wheeler disputed your contention, we completely disagree with your subjective characterization that Plaintiff's contacts with Wheeler about his investigation were "extensive". The text messages and emails largely consist of chit-chat, pleasantries, pictures, and investigative updates *by Wheeler*. The substantive communications about Wheeler's investigation came *from Wheeler*, and many of the updates are actually contained or referred to in the SAC. [*See, e.g., SAC, ¶¶ 77, 81-82, 86-87*]. Plaintiff simply helped facilitate some conversations between Wheeler and Zimmerman. From time to time, either Wheeler or Zimmerman would say they had a need to talk, so Plaintiff would send out a Zoom invitation. However, Plaintiff believes that a Zoom meeting only happened once. Most of the time, the Zoom conference notifications were just ignored. Plaintiff may have tried to put Wheeler in touch with potential witnesses, and, to this limited extent, he did "participate" in Wheeler's investigation, but Plaintiff was not involved in the actual investigation and did no investigating himself. [*See, e.g., SAC, ¶ 80 ("Butowsky did not arrange the interview with Fox 5 DC. Butowsky did not provide a script or prompt Wheeler in any way,"); ¶ 102 ("Butowsky had absolutely nothing to do with Wheeler's decision to be interviewed by Marraco or the statements that Wheeler voluntarily made to Marraco based on Wheeler's first-hand knowledge and investigation of the murder of Seth Rich.")*]. That was all Wheeler. ███

████████████████████████████████████████████████████
████████████████████ █ █████████████████████████████

Wheeler advised Plaintiff that he (Wheeler) would update Plaintiff concerning his investigation, and the text messages reflect just that: updates from the investigator.

To clarify the allegations in paragraph 74, we are willing to amend that paragraph to state that "Butowsky did not personally participate and was not directly involved in Wheeler's investigation. He left the investigating to Wheeler."

Although Wheeler represented that he had **"very little communication"** with Plaintiff about the investigation – which is born out by the text messages – we are willing to amend paragraph 74 to state that "Butowsky and Wheeler occasionally communicated about Wheeler's investigation. Wheeler regularly updated Butowsky on his findings."

We also agree to clarify and supplement paragraph 76 as follows:

"76.    Folkenflik misrepresented Butowsky's actual involvement in Wheeler's investigation. Folkenflik made it appear as if Butowsky was at the center of the investigation, directing Wheeler, telling him what to do (and telling Fox what to report). In reality, Butowsky did not direct either Wheeler's investigation or the Fox News reporting. Butowsky shared some tips that he received and asked for updates, but he never interviewed witnesses, prepared a single draft of any report or story, etc. Butowsky was not the puppet master that Folkenflik accused him of being."

We had and have substantial evidentiary support and more than a reasonable good faith basis for our allegations concerning Plaintiff's involvement in Wheeler's independent investigation for the Rich family. We do not believe that Wheeler's constant updates regarding his investigation and his conversations with the Rich family and others means that Plaintiff "participated" in Wheeler's investigation. Even if the SAC contained an erroneous statement of fact, however – and it does not – such error can give rise to the imposition of sanctions only when the "particular allegation is **utterly lacking in support**." *Kiobel v. Millson*, 592 F.3d 78, 81 (2nd Cir. 2010) (emphasis added); *id. In re BankAtlantic Bancorp, Inc. Securities Litigation*, 851 F.Supp.2d 1299, 1317 (S.D. Fla. 2011) ("Under Rule 11, a claim is factually frivolous only when it is supported by **no evidence or only by 'patently frivolous' evidence**.") (emphasis added).

Here, it is certainly not the case that Plaintiff's allegations are "utterly lacking in support". Wheeler representations to Hannity alone supply evidentiary support for our allegations.

It appears to me that you are attempting to try your case prior to the parties engaging in any depositions and prior to a single document being received in evidence. This is improper, especially in the guise of a motion for sanctions.

2.    *When Plaintiff First Saw Wheeler's Contract With The Rich's*

In paragraph 73 of the SAC, Plaintiff alleges that "Butowsky was not a party to the contract between Wheeler and the Rich family. He has never seen the contract."

After interviewing 5 to 6 other private detectives, Plaintiff introduced Wheeler to Joel Rich ("Joel"). Joel was excited to talk to Wheeler since he had seen the reporting Wheeler had done on the case. Sadly, many people have a predisposition about Fox News, so Plaintiff told Wheeler that in order to get hired by the Riches he might want to minimize the "Fox News" angle, since the Rich family were huge supporters of the left and Bernie Sanders and had told Plaintiff how much they couldn't stand President Trump.

Wheeler spoke with Joel, Mary and Aaron Rich for approximately two weeks and finally came to an agreement. Plaintiff was not involved in the interview process between Wheeler and the Riches or the negotiations over the terms of a contract. Plaintiff never saw the contract until around May 16-17, 2017, when he found it in his spam. At the time the Fox News story was published, Plaintiff received a phone call from a reporter at MSNBC claiming that Plaintiff was the person agreeing to pay Wheeler's bill. Plaintiff had no idea where this reporter got that information. The reporter stated that it was on the contract. Plaintiff then looked for the contract in his emails and found it in spam. This was the first time he saw it.

Plaintiff acknowledges that part of the paragraph 73 should be corrected, as it should have included the qualifier that Plaintiff never saw the contract *before its execution* by the Riches and Wheeler.

Importantly, whether and when Butowsky first saw the contract between Wheeler and the Riches is largely immaterial and inconsequential.

We agree to amend paragraph 73 of the SAC to state as follows: "Butowsky was not a party to the contract between Wheeler and the Rich family. He was not involved in any discussions between Wheeler and the Riches over the terms of a contract. He only agreed to pay for Wheeler's services. Butowsky first saw the contract between Wheeler and the Riches in May 2017 months after it was signed."

3.    *Sally Davis*

Footnote 4 on page 11 of the SAC reads as follows:

"The loss and damage caused to Butowsky by Folkenflik's defamation is evidenced by the following email from one of Butowsky's clients:

---

On 8/3/17, 5:29 PM, "Sally Davis" <sallyhi-d@comcast.net> wrote:

Hello Ed and Kim,

I'm really sad to write this email.

I have to let you know I asked Schwab to remove Chapwood Investments as the advisor on my Schwab Account. I will follow up with a phone call tomorrow, August 4.

I made this decision after reading news articles about Ed's involvement with a false news story. For me, this is not a question of politics. It's a question of ethics.

I very much appreciate all your help and guidance through the past twenty-five years or so. I'm heartbroken to end our relationship.

---

Sally Davis had been a client of Plaintiff's for fourteen (14) years. At the moment the NPR article came out, Ms. Davis ceased talking to Plaintiff and to this day will not speak to him because, as her email demonstrates, she believes the story manufactured by Folkenflik.

Although Ms. Davis decided to keep her business at Chapwood, many others left, many decided not to do business with Plaintiff and Chapwood because of NPR's publications, and many would not even respond to calls. Plaintiff suffered special damages. He lost clients and many relationships.

Plaintiff is again in the hospital. Once he is well, he will complete the list itemizing his pecuniary losses. Don't worry. It is coming and you will have it well before the time we eventually schedule depositions.

We agree to amend footnote 4 to read as follows:

"The loss and damage caused to Butowsky's reputation by Folkenflik's defamation is evidenced by the following email received from one of Butowsky's high net worth clients:

> On 8/3/17, 5:29 PM, "Sally Davis" <sallyhi-d@comcast.net> wrote:
>
> Hello Ed and Kim,
>
> I'm really sad to write this email.
>
> I have to let you know I asked Schwab to remove Chapwood Investments as the advisor on my Schwab Account. I will follow up with a phone call tomorrow, August 4.
>
> I made this decision after reading news articles about Ed's involvement with a false news story. For me, this is not a question of politics. It's a question of ethics.
>
> I very much appreciate all your help and guidance through the past twenty-five years or so. I'm heartbroken to end our relationship.

Fortunately, Chapwood was able to persuade the client to stay on as a customer with a different financial advisor. Nonetheless, Chapwood lost millions of dollars in investments from this customer and Plaintiff lost income as a direct result. Further, Plaintiff's reputation as a registered investment advisor has been destroyed. He is unable to develop new business. He has lost the ability to get referrals from Major League Baseball, NBA, etc. He can't even tell people his last name without hesitating, since he knows they will Google him and see all the fake stories."

## Your Violations Of Rule 11(b)(1)

Your motion for sanctions is deeply troubling to me because of the unprofessional attacks on counsel, patently false statements, and your direct violations of Rule 11(b)(1). In section VI of your motion, you allege matters that are completely irrelevant, immaterial, scandalous, egregious and impertinent. You bring up disciplinary and other matters for the sole purpose of poisoning the well of the Court and harassing Plaintiff's counsel.

I have never had this happen before. It is dirty, despicable, undignified, and you should be ashamed as a practitioner. I greatly respect you. You are a leader of the Bar. You of all people should know better.

**If you proceed with your motion, and include these scandalous and impertinent matters in this pleading, we will file a Cross-Motion For Sanctions And Attorney's Fees Under Rule 11 and 28 U.S.C. § 1927.**

**I will also be forced to refer this immediately to the Texas State Bar for investigation.**

I expected more from you than gutter litigation.  I understand that there is a lot at stake in any case, but that is no excuse to resort to dirty tricks.  Life is far too short for this nonsense.

In conclusion, as noted above, Plaintiff agrees to clarify and correct certain allegations in the SAC.  I propose to do this on Monday, February 17, 2020 via a motion to amend pursuant to Rule 15(a)(2).  Please let me know if you will oppose our motion for leave to file a third amended complaint.

Call or email me if you have any questions.

Yours very truly,

*/s/ Steven S. Biss*

Steven S. Biss

cc.     Ed Butowsky
        Ty Odell Clevenger, Esq.

11

# EXHIBIT 6

## Prather, Laura

| | |
|---|---|
| **From:** | Steven S. Biss <stevenbiss@earthlink.net> |
| **Sent:** | Monday, February 17, 2020 3:57 PM |
| **To:** | Prather, Laura; David J. Bodney |
| **Cc:** | Ed Butowsky; Ty Clevenger |
| **Subject:** | Motion for Leave to File TAC |
| **Attachments:** | Plaintiff's Motion for Leave to File TAC.doc; [Plaintiff's Proposed] Order Granting Plaintiff's Motion for Leave to File TAC.DOC |

---

**EXTERNAL:** Sent from outside haynes*boone*

---

Laura,

Attached in RTF is our Motion for Leave to File Third Amended Complaint and a proposed Order.

We would like to file today, but will await to hear from you.

Please call me to discuss or let me know via email if you oppose the motion and, if so, why, so I can complete the certificate.  Thank you.


Steven S. Biss
(Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
Email: stevensbiss@protonmail.ch
www.linkedin.com/in/steven-s-biss-6517037

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.