# Exhibit 12

**TY CLEVENGER**
P.O. Box 20753
Brooklyn, New York 11202

telephone: 979.985.5289 tyclevenger@yahoo.com
facsimile: 979.530.9523 Texas Bar No. 24034380

February 11, 2020

Texas Board of Disciplinary Appeals
P.O. Box 12426
Austin, TX 78711

*Via facsimile*
(512) 427-4130

      Re:    *In the Matter of Ty Odell Clevenger,* Case Nos. 16-J-17320 and 17-J-00289, California State Bar Court

To Whom It May Concern:

      I write to inform you of a January 14, 2020 California State Bar Court decision recommending my suspension from the California Bar. I have uploaded a copy of the decision at http://lawflog.com/?attachment_id=2314, or you may obtain a copy directly from the court's docket at https://apps.statebarcourt.ca.gov/dockets.aspx.

      The California case represents the third occasion in which I have been prosecuted (and disciplined) for the same events, all of which occurred in 2012 or earlier. In a December 28, 2016 letter (http://lawflog.com/?attachment_id=2315), I explained how I had settled for a reprimand in *Commission for Lawyer Discipline v. Ty O. Clevenger*, Cause No. 380-01407-2013, 380th District Court of Collin County, and I incorporate that letter by reference. That apparently was not satisfactory to the U.S. District Court for the District Columbia, which subsequently filed its own charges. In 2016, I settled the D.C. case for a 120-day suspension, followed by my resignation.

      In the third iteration, the California Bar re-opened two previously-closed cases after I filed grievances against two California bar prosecutors and blogged about their misconduct.[1] *See, e.g.*, "California Bar blocks investigation of internal misconduct" (and URL links therein), http://lawflog.com/?p=1228. Notwithstanding the fact that I have been an <u>inactive</u> member of the California Bar

---

[1] Concurrent with the Texas proceeding, California opened a case in 2012 and another in 2013. Those cases appear to have been closed in 2014, when I notified California that the same matters had been resolved in Texas with a reprimand.

for a decade, and notwithstanding the fact that all of the instances of alleged misconduct occurred in Texas and D.C., the California prosecutors filed two reciprocal discipline cases (one based on the Texas settlement, and the other based on the D.C. settlement) and sought my disbarment.

As you can see from the California decision, the bar court did not recommend my disbarment. Nonetheless, the recommended discipline is quite serious. For that reason, I have filed a motion for reconsideration with the bar court, and I intend to appeal if necessary. Among other things, the bar court mistakenly treated the Texas and D.C. settlements as if they arose from separate incidents (and therefore deserved more severe discipline). In reality, *everything* in the D.C. case had already been considered by bar prosecutors in Texas, and the Texas matter was resolved with a reprimand.

As explained in my December 28, 2016 letter, I believe *res judicata* (and my 2014 settlement agreement with the Texas Commission for Lawyer Discipline) would prevent the imposition of reciprocal discipline in Texas. If you need additional information, please let me know.

Respectfully,

Ty Clevenger

cc:  Clerk, U.S. Court of Appeals for the Fifth Circuit
     Clerk, U.S. Court of Appeals for the Eighth Circuit
     Clerk, U.S. District Court for the Eastern District of Texas
     Clerk, U.S. District Court for the Southern District of Texas
     Clerk, U.S. District Court for the Western District of Texas
     Clerk, U.S. District Court for the Western District of Tennessee