IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Edward Butowsky,**  Plaintiff,  v.  **David Folkenflik, et al.,**  Defendants | Case No. 4:18-cv-442-ALM |

### PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO AMEND

NOW COMES Edward Butowsky, the Plaintiff, replying in support of his MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT ("MOTION FOR LEAVE")(Doc. No. 98) as follows:

### Introduction

The Plaintiff incorporates the PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS ("OPPOSITION TO SANCTIONS") (Doc. No. 110) by reference as if fully set forth herein. As one can see from that document, the Defendants have created the quintessential "damned if you do and damned if you don't" scenario. They claim that the SECOND AMENDED COMPLAINT contains mistakes that are sanctionable, but when the Plaintiff attempts to address those purported concerns via amendment as permitted by Fed. R. Civ. P. 11(c)(2), they fight his attempts to do so. *See* MOTION FOR LEAVE. Clearly, the Defendants purported concerns are pretextual. They are desperate to avoid trial, they are looking for any way to get this case dismissed (no

matter how outrageous or improper), and they are looking for ways to "poison the well" via cheap shots at the Plaintiff and his attorneys.

## Legal Standard

Under Fed. R. Civ. P. 15, the Court's authority to permit amendments is discretionary, but ""[t]he language of this rule 'evinces a bias in favor of granting leave to amend,'" and "[a] district court must possess a 'substantial reason' to deny a request." *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Commercial Mortgage Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 944 (5th Cir. 2018), cert. denied sub nom. *SGK Properties, L.L.C. v. U.S. Bank Nat. Ass'n*, 139 S. Ct. 274, 202 L. Ed. 2d 135 (2018), quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). The standard is somewhat stricter where, as here, the request for leave to amend is filed outside the period designated within a scheduling order:

> Rule 16(b)(4) provides that a scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017) (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012)) (stating, "a party seeking leave to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension."). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id*. (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Only after the movant demonstrates good cause under Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *Id*.

*Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 593 (E.D. Tex.

2019).

## Argument

Contrary to the breathless, over-the-top rhetoric of the Defendants, the Plaintiff has never "knowingly" refused to correct anything in his complaint, and he certainly has not done so "over the course of two years." *See* DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (Doc. No. 107). As explained in the OPPOSITION TO SANCTIONS, the Plaintiff did not learn about the Defendants' purported concerns until January of this year, and shortly thereafter he offered to amend his complaint to address those purported concerns.

### 1.  The Plaintiff's "good cause" for seeking to amend his complaint is obvious.

The Plaintiff's "good cause" for seeking to amend his complaint outside the scheduling order deadline is obvious, and the Defendants themselves acknowledge that he sought leave in order to address the issues flagged in their motion for sanctions. The Plaintiff did not "knowingly" wait two years to address a problem; instead, he attempted to amend his complaint within a reasonable amount of time after receiving the Defendants' motion for sanctions. The Plaintiff submits that when a party is making a good-faith attempt to correct a pleading pursuant to Fed. R. Civ. P. 11(c)(2), that is good cause per se. The Defendants objections, on the other hand, are made in bad faith, and the Defendants only seek to deny the Plaintiff the benefit of the "safe harbor" provision by blocking his good-faith efforts to address their purported concerns.

2. **Neither the Plaintiff nor the Plaintiff's Counsel have "delayed" the filing of an amended complaint, nor have they acted in bad faith.**

The Defendants' attorneys are a case study in psychological projection. As outlined in the OPPOSITION TO SANCTIONS, they repeatedly project their own malign motives onto others, particularly Plaintiff's Counsel. In retrospect, Plaintiff's Counsel should have proposed an extension of the deadline for amending pleadings during his discussions with Laura Lee Prather. That oversight does not in any way suggest bad faith or intentional delay. As noted above, the Plaintiff attempted to amend his pleadings shortly after the motion for sanctions was filed.

3. **The Third Amended Complaint addresses all of the issues flagged by the Defendants**

As noted in the OPPOSITION TO SANCTIONS, the Court could strike Paragraphs 68, 73, 74, 75, and Footnote 4 of the SECOND AMENDED COMPLAINT, and it would not undercut any of the Plaintiff's claims against the Defendants. In retrospect, perhaps the Plaintiff should have proposed that instead of attempting to amend his complaint. Regardless, and contrary to the dishonest and belligerent rantings of the Defendants, the proposed THIRD AMENDED COMPLAINT addresses all of the issues raised in the motion for sanctions, therefore the amendments would not be futile.

## Conclusion

The THIRD AMENDED COMPLAINT addresses all of the purported concerns of the Defendants, therefore the MOTION FOR LEAVE should be granted.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Attorney for Plaintiff Edward Butowsky**

Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
stevenbiss@earthlink.net

**Attorney for Plaintiff Edward Butowsky**

## CERTIFICATE OF SERVICE

I certify that a copy of this document was filed electronically with the Court's ECF system on March 13, 2020, which should result in automatic notification to all counsel of record.

**/s/ Ty Clevenger**
Ty Clevenger