# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Edward Butowsky,<br><br>   Plaintiff,<br><br>v.<br><br>David Folkenflik, et al.,<br><br>   Defendants | Case No. 4:18-cv-00442-ALM |

### DECLARATION OF EDWARD BUTOWSKY

My name is Edward Butowsky, I am greater than 18 years of age and competent to testify, and I do testify as follows under penalty of perjury under the laws of the United States, as witnessed by my signature below:

I am the Plaintiff in the case identified above.

In their REPLY IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO RULE 11 FOR VIOLATIONS COMMITTED BY PLAINTIFF AND HIS COUNSEL ("REPLY") (Doc. No. 122), the Defendants reference an email where I purportedly "instruct" Rod Wheeler and Malia Zimmerman not to call Sy Hersh. The actual email only contains three words: "Cannot call sy." I had no authority to prevent either one of them from calling Mr. Hersh, but I was certainly trying to dissuade them from calling Mr. Hersh. I thought I had established a rapport with Mr. Hersh, and at the time he did not know that I had recorded our conversations, nor did he know that I had shared his statements with Ms. Zimmerman and Mr. Wheeler. I was only trying to keep Ms. Zimmerman and Mr. Wheeler from undermining the connection that I had with Mr. Hersh. Incidentally, I began speaking with Mr. Hersh before Mr. Wheeler ever began investigating matters pertaining to Seth Rich.

I never directed Mr. Wheeler to meet with Kash Patel or vice versa, and indeed I had no authority to do so. I repeatedly encouraged them to meet with one another because (1) Mr. Wheeler desperately wanted to get a job with the federal government and (2) he wanted to get whistleblower protection for Detective Joey DellaCamera of the Metropolitan Police Department. I thought Mr. Patel might be able to help him with both matters.

As I have testified before, I played no role in negotiating the contract between the Riches and Mr. Wheeler. I sent a copy of Mr. Wheeler's standard contract to the Riches early on, but I had no further involvement. The negotiations took place between Mr. Wheeler and Molly Rich. In my earlier declaration, I testified that I did not see the final contract between Mr. Wheeler and the Riches until after it was "executed." As noted in that declaration, an MSNBC reporter (Alex Seitz-Wald) called me on May 16, 2017, and I found that final version in my spam filter. It now appears from Defendant's Ex. A-16 that the version in my spam filter was indeed final, but not fully executed. That is why I sent the email to Mr. Wheeler on May 16, 2017 suggesting that he needed to sign that contract. As far as I could tell, the contract had not yet been executed because as far as I knew he had not yet signed it. As of May 16, 2017, the Riches were turning against Mr. Wheeler, and I was suggesting that he execute the contract for his own protection.

Based on a draft contract attached to an email from Ms. Zimmerman, the Defendants allege that the date was altered and that I was responsible for the alteration. I wish Defendants' Counsel would make that statement publicly so I could see them for defamation. I did not alter the date on that contract or any other, and I don't know even know whether that document was altered. I never hired Mr. Wheeler, I only agreed to pay for his services, therefore I would have no reason to alter the date on his contract.

The Defendants cite their exhibits A-9 and A-10 for the proposition that I drafted a statement for Mr. Wheeler without his knowledge or permission. Mr. Wheeler was dead wrong, because I did not draft that statement. I thought Mr. Wheeler drafted the statement, but maybe his attorney drafted. Regardless, I did not draft it for him.

DECLARANT SAYS NOTHING FURTHER.

April 3, 2020

_____
Edward Butowsky

- 2 -