FILED UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ED BUTOWSKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:18-cv-00442-ALM |
| | § | |
| DAVID FOLKENFLIK; NPR, INC.; | § | |
| EDITH CHAPIN; LESLIE COOK; and | § | |
| PALLAVI GOGOI, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**NOTICE OF SUPPLEMENTAL EVIDENCE IN SUPPORT OF MOTION TO COMPEL**

In their motion to compel documents from Butowsky (Dkt. 85), Defendants (collectively, "NPR") explained that Butowsky had identified over 6,000 potentially relevant documents in a related case, *Rich v. Butowsky, et al.*,[1] (the "*Aaron Rich Case*"), despite having pronounced that he was done after producing 299 documents here. Butowsky identified those 6,000 documents—only after losing a motion to compel in the *Aaron Rich Case*—by hiring a vendor to search only his primary email account using a list of search terms from Aaron Rich. Even then, the search conducted was only a partial one and did not include any of his other seven email accounts, his personal devices, his hard drives, or the various messaging platforms that he uses. In its motion to compel, NPR requested an order compelling Butowsky to hire a vendor to conduct a similar search to identify responsive documents in this case. Due to different defendants and varying

---

[1] *See* Mot. to Compel, *Rich v. Butowsky*, Case 1:18-cv-00681-RJL (D.D.C. Mar. 27, 2020). Butowsky failed to comply with the order granting that motion to compel, and Aaron Rich filed a motion to enforce the order and to obtain sanctions against Butowsky. That motion remains pending. *See* Pl.'s Notice of Outstanding Document Requests at 5, *Rich v. Butowsky*, Case 1:18-cv-00681-RJL (D.D.C. Mar. 27, 2020), Dkt. 173. Aaron Rich has specifically reserved the right to bring additional motions to compel documents from Butowsky. *Id.*

**NOTICE OF SUPPLEMENTAL EVIDENCE**
**IN SUPPORT OF MOTION TO COMPEL**            **PAGE 1**

issues in the instant case, such a search here necessarily includes using search terms additional to those used in the *Aaron Rich Case*, to find, for example, communications about (1) NPR and its employees, (2) customers Butowsky allegedly lost due to NPR's reporting, and (3) his alleged reputational harm.

After briefing on its motion to compel closed, NPR received the documents Butowsky produced in the *Aaron Rich Case* through its subpoena to Aaron Rich. Those documents—and a comparison between those documents and the documents Butowsky produced in this case—show that Butowsky has failed utterly to comply with his discovery obligations here and reinforce the need for an order compelling Butowsky to hire a vendor to conduct a comprehensive search across all his devices, email accounts, and messaging platforms. Thus, NPR submits this supplemental evidence and respectfully requests that the Court consider this additional evidence when ruling on NPR's motion to compel.

### A. Subsequently obtained documents further establish that Butowsky's production in this case has been wholly deficient.

Butowsky has produced only 299 documents in this case. Prather Decl. at ¶ 3. Nevertheless, Butowsky represented twice that he has completed his document production, first in an email from his counsel and second to this Court in his response to NPR's motion to compel. Ex. 15, Defs.' Mot. to Compel, Dkt. 85, at 3 (Email from S. Biss dated 12/18/19) ("I confirm that Plaintiff's document production was completed this morning. You now have all of Plaintiff's documents."); Pl.'s Resp. to Mot. to Compel, Dkt. 90, at 1 ("Plaintiff has produced all responsive documents in his possession and control.").[2]

---

[2] Butowsky has been legally obligated to preserve documents relating to his involvement in the retracted Fox News story and Seth Rich investigation since at least June 23, 2017 when he received a preservation letter from Rod Wheeler's attorney announcing that Wheeler planned to sue Butowsky. Declaration of David B. Harrison at Ex. 1, *Wheeler v. Twenty-First Century Fox*, Civil Action No. 17-05807 (S.D.N.Y. Nov. 6, 2017), Dkt. 71-1 (June 23, 2017

However, documents NPR obtained through third-party subpoenas illustrate that Butowsky's production here has been woefully deficient.

> 1. **With only a partial search of his devices and accounts, Butowsky produced over 1,800 documents in the Aaron Rich litigation, the vast majority of which he did not produce in this case.**

After losing a motion to compel and facing a motion for discovery sanctions in the related *Aaron Rich Case*, Butowsky agreed to hire an outside vendor to search for responsive documents.[3] In just a partial search of Butowsky's devices and emails, Butowsky's vendor identified approximately 6,000 emails. *Rich v. Butowsky*, Case 1:18-cv-00681-RJL (D.D.C.), Email from Butowsky's counsel (Dkt. 93-8). Butowsky eventually produced 1,842 documents from that partial search, presumably determining that the other search term hits were either irrelevant or privileged. Prather Decl., ¶ 5.

In March and April 2020, NPR obtained these 1,842 documents through a subpoena to Aaron Rich. These documents—the vast majority of which Butowsky withheld in this case, where he produced 1,543 fewer documents—reveal the depths of Butowsky's discovery failures here. These additional documents include:

- Emails showing Butowsky's possession of pre-publication drafts of the Fox News article (Prather Decl., Ex. 1, Butowsky 0000340) (requested in NPR's Second Set of Requests for Production of Documents, Request No. 35);

- Emails between Butowsky and Wheeler, Zimmerman, and others at Fox News trying to manage the fall-out from the retracted Fox News article (Prather Decl.,

---

letter from Wheeler's counsel to Butowsky). That duty has continued until the present. While the Wheeler suit was pending, Aaron Rich sued Butowsky on March 26, 2018. Complaint, *Rich v. Butowsky*, Case 1:18-cv-00681-RJL (D.D.C. Mar. 26, 2018), Dkt. 3. Butowsky filed this suit shortly thereafter on June 21, 2018. *See* Compl., Dkt. 1. Each of those suits relates to Butowsky's role in falsely reporting that Seth Rich had leaked emails to WikiLeaks. Depending on the extent to which Butowsky's deficient production in this case reflects his failure to preserve responsive documents, a motion for spoliation might become necessary.

[3] *See Rich v. Butowsky*, Case 1:18-cv-00681-RJL (D.D.C.), Minute Entry (July 31, 2019) (granting Aaron Rich's Motion to Compel); Motion for Sanctions (Dkt. 93) (Dec. 30, 2019); Email from Butowsky's counsel describing document collection (Dkt. 93-7).

      Exs. 2-3, Butowsky 0000337; Butowsky 0003209) (requested in NPR's First Set of Requests for Production of Documents, Request No. 3, 19);

- Butowsky's email correspondence with the Rich family (Prather Decl., Ex. 4, Butowsky 0000655) (requested in NPR's Second Set of Requests for Production of Documents, Request Nos. 5-6);

- Butowsky's email correspondence with Sy Hersh, a "source" for Butowsky's evidence that Seth Rich was involved in hacking the DNC (Prather Decl., Ex. 5, Butowsky 0000867) (requested in NPR's Third Set of Requests for Production of Documents, Request No. 2); and

- Butowsky's email correspondence with Rod Wheeler in which Butowsky recounts interactions with "senior [T]rump people." (Prather Decl., Ex. 6, Butowsky 0004879) (requested in NPR's First Set of Requests for Production of Documents, Request No. 3).

Each of these goes to a central question in this litigation—Butowsky's involvement in the investigation and publication of the retracted Fox News article about Seth Rich, and his motivations for doing so. These documents are relevant, and Butowsky' refusal to produce them in this litigation demonstrates his failure to comply with his discovery obligations.

### 2. *Phone records obtained through Butowsky's cell phone provider show a volume of text messages much greater than what he has produced.*

Considering Butowsky's failure to produce documents, NPR has also pursued records from third-party AT&T, Butowsky's cell phone provider. Prather Decl. at ¶ 11. AT&T's records show that Butowsky exchanged 480 text messages with Malia Zimmerman, the reporter whose byline accompanied the retracted Fox News article, between December 2016 and June 2017. Prather Decl. at ¶ 12, Ex. 8. Butowsky has produced only a handful of text messages from Zimmerman in either this case or the *Aaron Rich Case*—either in the form of cherry-picked screen shots or the results of word searches which display her texts completely out of context. Prather Decl., Exs. 9, 10 (results of search for "WikiLeaks"). In other words, he has not produced his entire text conversation chain with Zimmerman in either lawsuit, demonstrating his continued failure to comply with his discovery obligations.

These phone records are critical. The phone records received from AT&T also show an extremely high call volume between Butowsky and Zimmerman, Wheeler, and Adam Housley, a now-former Fox News employee who was involved in the early stages of the retracted Fox News article. *See* Prather Decl. at ¶ 11, Ex. 7. Between December 2016 and June 2017, Butowsky spoke with Zimmerman 571 times, Wheeler 424 times, and Housley 23 times. *Id*. Despite the **more than 1,000 calls**, Butowsky continues to claim that he had only "limited" involvement in the investigation and publication of the Fox News article. Pl.'s Resp. in Opp'n to Defs.' Mot. for Sanctions, Dkt. 100, at 5 ("Mr. Butowsky's involvement in the Rod Wheeler investigation was indeed limited.").

### B. A complete search of all Butowsky's devices and email accounts is necessary to satisfy Butowsky's discovery obligations.

This additional evidence—the documents produced in the *Aaron Rich Case* and the recently-obtained cell phone records—further establish the need for a forensic examination of Butowsky's devices.[4] For example, Butowsky has not performed a search of all relevant accounts in either this case or the *Aaron Rich Case*.[5] By reviewing documents produced by third parties, NPR has identified eight separate email addresses that Butowsky has used to transmit relevant communications in this case:

1. ebutowsky@gmail.com
2. ed@chapwoodinvestments.com
3. ebutowsky@icloud.com
4. Edbyc9293@yahoo.com
5. googie18@aol.com

---

[4] This search will not obviate the need for Butowsky to perform a good faith search for documents that are responsive to NPR's RFPs, but which will not be located through an ESI search. For example, Butowsky should still be required to locate any documents that support his claim that he lost customers as a result of NPR's reporting, to the extent those documents exist.

[5] NPR's receipt of Butowsky's production in the *Aaron Rich Case* does not moot NPR's motion to compel in this case. The two cases have different defendants, additional issues are present in the instant case, NPR's discovery requests here do not totally mirror those in the *Aaron Rich Case,* and Butowsky's production was also deficient in the *Aaron Rich Case*.

   6. Butowsky32@gmail.com
   7. edwardbutowsky@gmail.com
   8. googie32@protonmail.com

Prather Decl. at ¶ 14.

Butowsky only searched one—ebutowsky@gmail.com—for his production in the *Aaron Rich Case*. As for the others, while his counsel represented that they were no longer used or "have almost no documents,"[6] even the limited documents produce show otherwise. For example:

- With respect to his professional address, ed@chapwoodinvestments.com, Butowsky's counsel represented that the email account "are strictly professional." *Id.* However, even Butowsky's sparse production in this case shows, to the contrary, that relevant documents are in this email account. For example, Butowsky produced six emails from his chapwoodinvestments.com address in which he railed against media figures whom he perceived as wronging him. Prather Decl. at Exs. 11, 12.

- With respect to his icloud.com account, Butowsky produced sixteen email strings sent to or from that account, including communications from Zimmerman and Wheeler. Prather Decl. at ¶ 16, Exs. 13, 14. Nine of those icloud.com emails are with the Rich family. *Id*.

- While Butowsky failed to produce any emails from the addresses listed as 4-8 above, NPR has verified from third party documents that Butowsky used those email addresses to send relevant and responsive communications. Prather Decl. at ¶ 17.

Any court-ordered search conducted for this case should include a search of each of the eight identified email accounts, plus Butowsky's social media messages, text messages, phone, ipad, and personal computer hard drive. The search should also include communications Butowsky has conducted on any encrypted messaging apps. NPR has identified at least four such encrypted accounts referenced in third-party documents—Signal, Wickr, Gizmo, and Telegraph. Prather Decl. at ¶ 18.

---

[6] Mot. for Sanctions at Ex. 7, *Rich v. Butowsky*, Case No. 1:18-cv-00681-RJL (D.D.C. Dec. 30, 2019) Dkt. 93-8 (Email from Butowsky's counsel).

C. **Conclusion.**

Butowsky has clearly demonstrated that he is not capable of performing his own good-faith search for responsive documents in this case. His production in the *Aaron Rich Case* and newly obtained third-party documents provide additional evidence, unavailable during the regular briefing schedule, that an electronic search of Butowsky's relevant communications is necessary.

Respectfully submitted,

**HAYNES AND BOONE, LLP**

By:*/s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:    (512) 867-8400
Telecopier:    (512) 867-8470

David H. Harper
State Bar No. 09025540
david.harper@haynesboone.com
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:    (214) 651-5000
Telecopier:    (214) 651-5940

David J. Bodney
*admitted pro hac vice*
bodneyd@ballardspahr.com
Ian O. Bucon
*admitted pro hac vice*
buconi@ballardspahr.com
**BALLARD SPAHR LLP**
1 E. Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone:    602.798.5400
Fax:              602.798.5595

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 8, 2020, a true and correct copy of the foregoing document was sent to counsel of record by email.

*/s/ Laura Lee Prather*
Laura Lee Prather

## CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), Movants certify that a motion to seal the document has been filed separately and immediately prior to this Reply.

*/s/ Laura Lee Prather*
Laura Lee Prather