# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| ED BUTOWSKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:18-cv-00442-ALM |
| | § | |
| DAVID FOLKENFLIK; NATIONAL | § | |
| PUBLIC RADIO, INC.; EDITH | § | |
| CHAPIN; LESLIE COOK; and | § | |
| PALLAVI GOGOI; | § | |
| | § | |
| Defendants. | § | |

## OBJECTIONS TO ORDER ON MOTION FOR LEAVE TO DESIGNATE
## RESPONSIBLE THIRD PARTIES

## Introduction

Under 28 U.S.C. § 636(b)(1)(A) and Local Rule CV-72, Defendants object to the Order on Defendants' Motion for Leave to Designate RTPs (Dkt. 130).  Butowsky sued Defendants for claimed economic and reputational harm resulting from his involvement in stories and investigations about Seth Rich's murder.[1]  Butowsky has filed a jumble of multiplying, duplicative suits against dozens of defendants for the same reputational and economic harm for which he seeks damages here.  Under Chapter 33's plain text, each of these defendants is a responsible third party ("RTP").  The Magistrate Judge erred in concluding otherwise.  The Court should grant Defendants' motion in its entirety and designate each of the persons listed in Exhibit "A" as RTPs.[2]

### I. The Court must permit an RTP designation if the party is alleged to have caused or contributed to Butowsky's claimed harm.

Chapter 33 permits a defendant "to designate a person as a responsible third party by filing a motion for leave to designate that person." TEX. CIV. PRAC. & REM. CODE § 33.004(a).  An RTP is "any person who is alleged to have caused or contributed to causing *in any way* the harm for which recovery of damages is sought whether by negligent act or omission … by other conduct or activity that violates an applicable legal standard, or by any combination of these." *Id.* § 33.011(6) (emphasis added).  This expansive statutory definition simply requires that the RTP is alleged to have contributed to plaintiff's alleged "harm." *In re Hurst Saturn, Ltd.*, No. 07-19-00278-CV, 2019 WL 6723403, at *2 (Tex. App.—Amarillo Nov. 8, 2019, orig. proceeding) (stating RTP "must have caused the same harm—not necessarily the same damages—that the defendant caused").  The Court is permitted to look to a plaintiff's allegations in determining the motion for

---

[1] Butowsky has moved for leave to file a Third Amended Complaint, and the Court has not yet ruled on this motion. *See* Dkts. 98-99.  The proposed Third Amended Complaint alleges substantially the same harm as the live complaint.
[2] Defendants hereby incorporate and refer to their RTP briefing available at Dkts. 81 and 83 and expressly preserve all allegations and arguments set forth in those filings.  In light of the five-page limit, this filing will focus on Defendants' principal objections to the Order.  *See* Local Rule CV-72.

**OBJECTIONS TO ORDER ON MOTION FOR LEAVE TO DESIGNATE**
**RESPONSIBLE THIRD PARTIES**                                               **PAGE 1**

leave.  *Magna Equities II, LLC v. Heartland Bank*, No. CV H-17-1479, 2018 WL 1135482, at *3 (S.D. Tex. Feb. 28, 2018).

"Harm" is the statutory touchstone.  The ordinary meaning of harm is "injury, loss, damage; material or tangible detriment."  *Harm*, BLACK'S LAW DICTIONARY (11th ed. 2019); *see also City Nat'l Bank of Sulphur Springs v. Smith*, No. 06-15-00013-CV, 2016 WL 2586607, at *7 (Tex. App.—Texarkana May 4, 2016, pet. denied).  This Court reviews the RTP question *de novo*.  *In re Hurst Saturn*, 2019 WL 6723403, at *2; *see* FED. R. CIV. P. 72(a).

**II.     The Magistrate Judge's Order is contrary to Chapter 33's plain text.**

The question here is this:  What is the harm for which Butowsky seeks damages?  Properly construed, Butowsky's complaint alleges both economic and reputational harm arising out of Butowsky's involvement in stories and investigations relating to Seth Rich's murder.  Butowsky's six other overlapping lawsuits against dozens of defendants (identified in Ex. A) allege the very same economic and reputational harm and, in many instances, use the same language.  *See* Ex B (cataloging the common allegations of harm in the suits identified in Ex. A).

In conflict with the statutory language, the Magistrate Judge defined the harm as: "reputational harm and harm to commercial or economic interests from the publication of false information about Plaintiff online and via Twitter between August 2017 and March 2018 – statements Plaintiff alleges injured his business and reputation."  Dkt. 130 at 31.  This definition slices the harm too thin and caused the Magistrate Judge to mistakenly conclude that—other than a handful of the Wigdor Defendants—none of the Defendants in the overlapping suits alleging reputational and economic injury is an RTP.

The Magistrate Judge committed two principal legal errors.  *First*, the Magistrate Judge's cramped harm definition rewrites the Legislature's RTP definition by focusing on the specific

category of **conduct** (certain statements) and the **timing of that conduct** (August 2017-March 2018), instead of whether the designated party "caused or contributed to causing in **any way** the **harm**." The purpose of Chapter 33's RTP provisions is to ensure that, even if a party's causing or contributing conduct is different, an RTP designation is proper if the pleading alleges that the party caused or contributed to the harm. *See City Nat'l Bank*, 2016 WL 2586607, at *7 (statute's purpose is to "bring all responsible parties who in any way caused the harm, injury, or damage before the fact-finder to determine each person's proportionate responsibility"); *see In re Smith*, 366 S.W.3d 282, 285-86 (Tex. App.—Dallas 2012, orig. proceeding) (*driver* could be a responsible third party in a *legal malpractice* case if the driver "somehow tortiously contributed to any error committed"). Here, the economic "harm" alleged in the related cases listed in Ex. A is exactly the same: loss of the same business. *See* Ex. B, pp. 1-2. So too the alleged reputational harm: association with the same fabricated conspiracy theory. *Id*. at pp. 3-4.

*Second*, instead of applying the required notice-pleading standard, the Magistrate Judge engaged in an allegation-by-allegation parsing of Defendants' RTP pleading inconsistent with the statutory "harm" standard. *See In re Bustamante*, 510 S.W.3d 732, 737 (Tex. App.—San Antonio 2016, orig. proceeding). This inverts the burden. It is Butowsky who must establish that the "defendant did not plead sufficient facts concerning the alleged responsibility of the [RTP]." TEX. CIV. PRAC. & REM. CODE § 33.004(g)(1). Because Butowsky did not satisfy his burden, Chapter 33 requires the Court to grant Defendants' RTP motion. *See id.*; Dkt. 81 at 9-15.

**Wigdor, the Wigdor LLP Defendants, and Wheeler**

The Magistrate Judge granted the RTP motion as to Douglas Wigdor, Jeanne Christensen, Wigdor LLP, and Rod Wheeler, but required Defendants to replead as to Willemin, Gottlieb, and Pearson. No repleading is required because the *Wigdor* complaint alleges the harm asserted here:

injuries to "Butowsky in his business and reputation;" a loss of "about a third of our business last year related to a made-up story;" "causing the Plaintiff to be ostracized, causing enormous loss of business (including, without limitation, the termination and loss of Chapwood's Investment Manger Service Agreement with Charles Schwab), and causing the Plaintiff substantial personal injury, fear, and mental and physical pain and suffering." *Compare* Dkt. 81 at Ex. D at 2 *and* Ex. N at ¶9 *with* Dkt. 72 (Second Am. Compl.) at ¶¶11, 189, 191; Ex. B.

### Susman Godfrey, LLP

In the *Susman Godfrey* case, Butowsky alleged that he "lost approximately one-third of [his] business" resulting from a defamation campaign in connection with Butowsky's alleged involvement in the Seth Rich story. Dkt. 81, Ex. B (Butowsky Decl.) at ¶17. This is the same harm Butowsky alleges here, when he points to a client's cancellation of her account because of Butowsky's connection to the stories related to Rich. Dkt. 72 (Second Am. Compl.) at ¶10. And there are common allegations related to the loss of television-appearance opportunities. *Compare id. with* Dkt. 81, Ex. B (Butowsky Decl.) at 4-5.

### *Gottlieb* and *CrowdStrike* Defendants

There could not be a clearer case for RTP status than the Defendants in *Gottlieb* and *CrowdStrike*. The *Gottlieb* complaint incorporates by reference the complaint in this case and, "[a]s set forth in the attached [NPR] complaint," asserts that "allegations of fraud or dishonesty can cost him his professional licenses" and "have cost him the trust (and business) of approximately one third of his clients." Dkt. 81, Ex. C (*Gottlieb* Second Am. Compl.) at 1-2, ¶114. It alleges the same harm for which Butowsky seeks damages here: "death threats;" "lost one third of his business clients;" "rocks were thrown through the windows of his home;" "he lost friendships;" "he lost the opportunity to host a planned television program;" and worry that his

"son would be harmed." *Compare id.* at ¶¶ 7, 114 and Ex. T (*Gottlieb* Orig. Compl.) at ¶6 *with* Dkt. 72 (Second Am. Compl.) at ¶¶ 6, 10-11, 197; Ex. B.[3]

### *Schwab* Defendants

In *Schwab II*, Butowsky alleged that defendants terminated the agreement with Butowsky as a result of NPR's report on Butowsky's and the same harm he alleges here: the loss of customers. *Compare* Dkt. 81, Ex. U (*Schwab II* Compl.) at 8, 12 *with* Dkt. 72 (Second Am. Compl.) at ¶11. Butowsky claims that the defendants' conduct: "accuse[s] and impute[s] to [Butowsky's firm] and Butowsky an unfitness to perform the duties of an office or employment for profit, or the want of integrity in the discharge of the duties of such office or employment;" "prejudices [Butowsky's firm] and Butowsky in their profession or trade as investment advisor and manager of their clients' assets;" "loss and injury to business, insults, pain, embarrassment, humiliation, and injury to name and reputation;" and "loss of clients." Dkt. 81, Ex. U (*Schwab II* Compl.) at ¶¶ 32-33, 47. This is virtually word-for-word the same harm alleged here. *See* Dkt. 72 (Second Am. Compl.) at ¶¶ 6, 11, 179, 189, 196; Ex. B.

### **Five Others Enabling Butowsky's Role in the Retracted Article**

Defendants' RTP designation contains more than sufficient allegations that Fox News Network, Malia Zimmerman, Seymour Hersh, Julian Assange, and Ellen Ratner enabled or contributed to Butowsky's conspiracy theories at the heart of the alleged harm asserted in the complaint. Dkt. 81 at 14-15. Though not yet sued, they are proper RTPs.

---

[3] The *CrowdStrike* case is a copycat of the *Gottlieb* complaint and makes harm allegations identical to those in *Gottlieb* and this suit. Dkt. 81, Ex. O (*CrowdStrike* Orig. Compl.) at 1, 3-4; Ex. B.

**OBJECTIONS TO ORDER ON MOTION FOR LEAVE TO DESIGNATE**
**RESPONSIBLE THIRD PARTIES**     **PAGE 5**

DATED: May 12, 2020

        Respectfully submitted,

        **HAYNES AND BOONE, LLP**

        By: */s/ Laura Lee Prather*
        Laura Lee Prather
        State Bar No. 16234200
        laura.prather@haynesboone.com
        Wesley D. Lewis
        State Bar No. 24106204
        wesley.lewis@haynesboone.com
        600 Congress Avenue, Suite 1300
        Austin, Texas 78701
        Telephone:    (512) 867-8400
        Telecopier:    (512) 867-8470

        David H. Harper
        State Bar No. 09025540
        david.harper@haynesboone.com
        2323 Victory Avenue, Suite 700
        Dallas, Texas 75219
        Telephone:    (214) 651-5000
        Telecopier:    (214) 651-5940

        David J. Bodney
        *admitted pro hac vice*
        bodneyd@ballardspahr.com
        Ian O. Bucon
        *admitted pro hac vice*
        buconi@ballardspahr.com
        **BALLARD SPAHR LLP**
        1 E. Washington Street, Suite 2300
        Phoenix, Arizona 85004-2555
        Telephone:    602.798.5400
        Fax:    602.798.5595

        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on May 12, 2020, the foregoing document was electronically submitted to the Clerk of the U.S. District Court for the Eastern District of Texas, using the electronic case filing system and served on all counsel of record via ecf/Pacer.

/s/ *Laura Lee Prather*
Laura Lee Prather
