# EXHIBIT B

**Examples of Butowsky's Overlapping Allegations of Economic and Reputational Harm**

*Alleged Economic Harm*

| NPR Defendants[1] | Wigdor, the Wigdor LLP Defendants, and Wheeler[2] | Susman Godfrey, LLP[3] | Gottlieb and CrowdStrike Defendants[4] | Schwab Defendants[5] |
|---|---|---|---|---|
| • "Folkenflik's defamation spread like wildfire … causing Butowsky to be ostracized, causing enormous loss of business (including, without limitation, the termination and loss of Chapwood's Investment Manager Service Agreement with Charles Schwab and loss of clients)."<br><br>• Folkenflik and NPR's statements "impute to Butowsky an unfitness to perform the duties of an office | • The *Wigdor* First Amended Complaint incorporates the *Gottlieb* Second Amended Complaint by reference.<br><br>• "Wigdor's and Defendant Wheeler's defamation spread like wildfire … causing [Butowsky] to be ostracized, causing enormous loss of business (including, without limitation, the termination and loss of Chapwood's Investment Manager | • "[A]s a result of the lawsuit filed by Susman Godfrey … [Butowsky] lost approximately one-third of [his] business."<br><br>• "Some of [Butowsky's] clients sent emails indicating that they would no longer do business with [him] based on the scandal created by Susman Godfrey and its co-conspirators." | • The *Gottlieb* Second Amended Complaint incorporates Butowsky's Second Amended Complaint against the NPR Defendants by reference.<br><br>• The *CrowdStrike* Original Complaint incorporates the *Gottlieb* Second Amended | • The Schwab Defendants "blindly accepted Folkenflik and Wigdor's misrepresentations about Butowsky," which resulted in "Chapwood's unexplained termination" and "caused Chapwood to lose over 268 accounts and $45,000,000.00 in assets under management."<br><br>• "Defendants' statements also prejudice Chapwood and Butowsky in their profession or trade as investment advisor and manager of their clients' assets." |

1

---

[1] Dkt. 72 (Second Am. Compl.) at ¶¶ 10, 11, n.4, 179.
[2] Dkt. 81, Ex. N (*Wigdor* Am. Compl.) at ¶¶ 3, 8, 9, 190; Ex. D (*Investment News*) at 3.
[3] Dkt. 81, Ex. B (Butowsky Decl.) at ¶ 17.
[4] Dkt. 81, Ex. T (*Gottlieb* Orig. Compl.) at ¶ 6; Ex. C (*Gottlieb* Second Am. Compl.) at ¶¶ 1, 7; Ex. O (*CrowdStrike* Orig. Compl.) at ¶ 1.
[5] Dkt. 81, Ex. U (*Schwab II* Compl.) at ¶¶ 3, 18-19, 23, 32-33, 47.

| | | |
|---|---|---|
| or employment for profit, or the want of integrity in the discharge of the duties of such office or employment" and "prejudice Butowsky in his profession or trade as a registered investment advisor."<br><br>• "Prior to Folkenflik and Wigdor's publications and republications, Butowsky was a frequent guest" on several news networks "discussing wealth management."<br><br>• Butowsky cites an email from client Sally Davis and alleges that she cancelled her Chapwood account because Butowsky was involved in "a false news story". | Service Agreement with Charles Schwab)."<br><br>• "[Butowsky] lost a third of his clients as a result of the Defendants' smear campaign."<br><br>• "Prior to Wigdor's character assassination, [Butowsky] was a frequent guest" on several news networks "discussing wealth management." | • "[Butowsky] is no longer asked to appear as a television guest to discuss financial subjects." His previous appearances "naturally [were] a boon to [his] wealth management business." | Complaint by reference.<br><br>• "As a result of the lies fabricated and perpetuated by the Defendants … [Butowsky] lost one third of his business clients … and he lost the opportunity to host a planned television program." | • "Chapwood suffered damage and incurred loss, including … loss of clients and business."<br><br>• "The [Defendant's] statements accuse and impute to Chapwood and Butowsky an unfitness to perform the duties of an office or employment for profit, or the want of integrity in the discharge of the duties of such office or employment." |

2

*Alleged Reputational Harm*

| **NPR Defendants**[6] | **Wigdor, the Wigdor LLP Defendants, and Wheeler**[7] | **Susman Godfrey, LLP**[8] | ***Gottlieb* and *CrowdStrike* Defendants**[9] | ***Schwab* Defendants**[10] |
|---|---|---|---|---|
| • "Prior to Folkenflik and Wigdor's global smear campaign, Butowsky enjoyed an untarnished personal and professional reputation."<br><br>• "Butowsky's name and reputation have been globally impugned because of Folkenflik and NPR's reckless conduct."<br><br>• As a result of Folkenflik and Wigdor's actions, "Butowsky has | • "Prior to the global smear campaign orchestrated by Wigdor, [Butowsky] enjoyed an untarnished personal and professional reputation."<br><br>• "[Butowsky] has received death threats to his family, damage to his home in Plano, and thousands of *ad hominem* attacks." | • Butowsky alleged that Susman Godfrey, LLP engaged in a "smear campaign." | • "As a result of the lies fabricated and perpetuated by the Defendants … rocks were thrown through the windows of [Butowsky's] home, his automobiles were burglarized, his computers were hacked, [and] he lost friendships." | • "Defendants' acts and omissions cast aspersion on Chapwood and Butowsky's honesty, credit, efficiency, prestige and standing in the investment advisory business."<br><br>• "Chapwood and Butowsky endured insult, humiliation, embarrassment and injury to their names and reputations because of the Defendants' letters and published statements." |

---

[6] Dkt. 72 (Second Am. Compl.) at ¶¶ 11, 65.
[7] Dkt. 81, Ex. N (*Wigdor* Am. Compl.) at ¶ 9.
[8] Dkt. 81, Ex. B (Butowsky Decl.) at ¶ 17.
[9] Dkt. 81, Ex. T (*Gottlieb* Orig. Compl.) at ¶ 6; Ex. C (*Gottlieb* Second Am. Compl.) at ¶ 7; Ex. O (*CrowdStrike* Orig. Compl.) at ¶ 1.
[10] Dkt. 81, Ex. U (*Schwab II* Compl.) at ¶ 29.

3

| |
|---|
| |
| |
| |
| received death threats to his family, damage to his home in Plano, and thousands of *ad hominem* attacks." |

4