IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Edward Butowsky,**<br><br>    Plaintiff,<br><br>v.<br><br>**David Folkenflik, et al.,**<br><br>    Defendants | Case No. 4:18-cv-442-ALM |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' OBJECTIONS TO ORDER ON
MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES**

NOW COMES Edward Butowsky, the Plaintiff, responding in opposition to the Defendants' Objections to Order on Motion for Leave to Designate Responsible Third Parties (hereinafter "Objection") (Doc. No. 135):

The real issue before the Court is whether any of the responsible third parties (hereinafter "RTPs") proffered by the Defendants "is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought…" Tex. Civ. P. & Rem. Code § 33.011(6).  The "harm" in this case resulted from defamatory statements made between August 2017 through March 2018. *See* Order on Defendant's Motion for Leave to Designate Responsible Third (hereinafter "Order") (Doc. No. 130) 31. According to all of the pleadings cited by the Defendants, the only persons involved in those particular statements were the Defendants herein and some of the Wigdor defendants. In other words, the only persons involved in Defendant

Folkenflik's defamatory broadcasts and tweets were the Defendants herein, plus some of the Wigdor defendants. Obviously, the Plaintiff seeks damages for harm caused by <u>that</u> defamation campaign, not subsequent defamation campaigns involving different parties.

In *City Nat'l Bank v. Smith*, No. 06-15-00013-CV, 2016 WL 2586607 (Tex. App.—Texarkana May 4, 2016, pet. denied), the court looked to the specific claim and cause of action in order to determine what the "harm" was for purposes of Tex. Civ. P. & Rem. Code § 33.011(6).  In *Smith*, a defendant lawyer was sued for malpractice because he missed the limitations deadline for filing a malicious prosecution claim against a bank. The lawyer attempted to name the bank as an RTP, but the court rejected the designation insofar as the bank played no role in the cause of action before that court, *i.e.*, the bank did not cause the lawyer to miss the filing deadline.  Applying *Smith* to this case, one must ask who was responsible for the Defendants' defamatory tweets and broadcasts. Other than the Wigdor defendants, nobody induced Defendant Folkenflik into making defamatory statements about the Plaintiff.

The Defendants implicitly ask this Court to assume that all defamation claims involving the Plaintiff and Seth Rich are one and the same.  In essence, they rewrite the Plaintiff's complaint to include a claim for civil conspiracy, *i.e.*, they want the Court to conclude that the Plaintiff has lumped them in with the broader civil conspiracy described in the *Gottlieb* complaint.  In the *Gottlieb* complaint, the Plaintiff alleged that defendant Brad Bauman orchestrated a defamation and bad-faith litigation campaign at the behest of the Democratic National Committee. So far as the Plaintiff is aware, however, the Defendants herein and the Wigdor defendants were not acting in conjunction or collusion

with Mr. Bauman or the DNC. Furthermore, the defamatory statements in *Gottlieb* (as well as the defamatory statements in *Susman Godfrey, CrowdStrike*, and *Schwab II*) are not the same as the defamatory statements made by Defendant Folkenflik in this case. Accordingly, the "harm" is not the same.

To get around this, the Defendants try to conflate a legal issue with a fact issue, namely by trying to conflate legal harm with apportionment of damages. Perhaps the undersigned could have made things clearer when drafting the pleadings for *Susman Godfrey, CrowdStrike*, et al., because the descriptions of damages are indeed very similar. Nonetheless, each separate defamatory statement results in separate damages, and it is the province of the factfinder to apportion those damages among the defamatory statements. *See, e.g., Miranda v. Byles*, 390 S.W.3d 543, 552 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). While it is true, for example, that the Plaintiff ultimately lost one-third of his clients, it will be the jury's responsibility to determine how many of those clients left because of Defendant Folkenflik's defamatory broadcasts versus how many left because of defamatory statements made by others. *Id*. In other words, both the legal harm and the damages are different, therefore the Defendants cannot blame random third parties simply because they made similar false statements about the Plaintiff. Just like the bank in *Smith* was not responsible for someone else's legal malpractice, CNN, Vox, Fox News, Malia Zimmerman, Julian Assange, et al. are not responsible for defamatory statements made by Defendant Folkenflik.

## Conclusion

The Defendants' Objection is without merit, and the Order should be affirmed as written.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Attorney for Plaintiff Edward Butowsky**

## CERTIFICATE OF SERVICE

I certify that a copy of this document was filed electronically with the Court's ECF system on May 23, 2020, which should result in automatic notification to all counsel of record.

**/s/ Ty Clevenger**
Ty Clevenger