**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ED BUTOWSKY,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **DAVID FOLKENFLIK, ET AL.,** | § | **4:18-CV-00442-ALM** |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL EVIDENCE

In his Response to Defendants' Notice of Supplemental Evidence (the "Response"), Plaintiff concedes that his document production to date has been "very inadequate." (Resp. at 1.) While Defendants appreciate Plaintiff's newfound candor, the Response does not resolve Defendants' request for adequate responses to Interrogatories 7, 12, and 14.  *See* Dkt. 85 at 1.

Further, this acknowledgment comes after months of motion practice and repeated misrepresentations that Plaintiff had fully complied with Defendants' discovery requests. Plaintiff represented to Defendants on multiple occasions that "Plaintiff's document production was completed" and that Defendants "now have all of Plaintiff's documents." (*See* Mot. to Compel, Dkt. 85, at Exhibit 15.)  He made similar representations to this Court. (Pl.'s Resp. & Mem. in Opp. to Defs.' Mot. to Compel, Dkt. 90, at 1.) ("Plaintiff has produced all responsive documents in his possession and control."). Only after Defendants repeatedly demonstrated the incompleteness of his discovery responses did he finally admit that these statements were untrue.

Plaintiff's recent concession does nothing to address the significant expense Defendants incurred seeking discovery from Plaintiff or the months of delay that resulted from Plaintiff's repeated refusal to honor his discovery obligations.[1] Nor does it allay Defendants' well-founded concerns that, if left unchecked, Plaintiff may yet again prove either unable or unwilling to conduct a comprehensive search of his devices, documents, email accounts, and cloud storage accounts.

The Response cites Plaintiff's ongoing health problems as the primary reason for his failure to adequately respond to Defendants' discovery requests. (Response at 1.) Yet, as Defendants explain in their Motion to Compel, Plaintiff's representations of "completeness" pre-dated any claim of health-related delay in document production. Simply put, the issue is one of a wholesale failure to abide by the Federal Rules of Civil Procedure and his discovery obligations.

Plaintiff's newfound acknowledgement that his prior production was insufficient does not obviate the need for this Court to grant Defendants' Motion to Compel.  To the contrary, Plaintiff's Response only serves to underscore the importance of Court intervention to ensure Plaintiff's compliance with his discovery obligations. Having been confronted with the inadequacy of his prior discovery responses—and his misrepresentations about those responses—Plaintiff is now asking Defendants and this Court to take him at his word. Defendants should not be required to be so trusting, particularly in light of Plaintiff's past misrepresentations about his previous document productions.

Finally, although the Response indicates that Mr. Clevenger has taken over as lead counsel, Mr. Clevenger is no newcomer to this lawsuit.  To the contrary, he has been involved as counsel of record for Plaintiff *from the very outset of this litigation*. (*See* Compl., Dkt. 1.) Plaintiff mistakenly appears to believe that minimizing his counsel's actions in a case absolves

---

[1] The parties will be submitting an Agreed Motion to Modify Scheduling Order.

the Plaintiff from the responsibility of complying with the Federal Rules, including Rules 11, 26, and 37.[2] And, despite attesting almost two months ago that he "was not familiar with the evidence obtained by or exchanged between the parties,"[3] Mr. Clevenger's lead role has not remedied  the dearth of documents produced by Plaintiff. Nevertheless, Plaintiff asks this Court to take him at his word that Plaintiff's past misstatements will not be repeated. Regardless of who is acting as lead counsel, Defendants have no assurances that either of Plaintiff's attorneys will ensure that all of Plaintiff's accounts and devices are adequately searched absent the relief Defendants have requested from this Court.

In light of Plaintiff's track record of incomplete discovery responses and misrepresentations about those responses, this Court should exercise its "broad discretion to control . . . discovery." *Mayo v. Tri-Bell Indus., Inc.*, 787 F.2d 1007, 1012 (5th Cir. 1986). Accordingly, this Court should grant Defendants' Motion to Compel and require the following:

1. Plaintiff must retain a third-party vendor mutually acceptable to Defendants to conduct a forensic examination, at Plaintiff's expense, of each of his e-mail addresses,[4] shared email accounts, cloud storage accounts, apps, messaging platforms,[5] hard document files, and devices, including but not limited to computers, mobile phones, iPads, and tablets. The parties shall establish appropriate search terms within 15 days of any Order requiring a forensic examination. The forensic examination shall be completed within 30 days of the

---

[2] *See* Plaintiff's Sur-Reply in Opposition to Defendants' Motion for Sanctions [Dkt.. 125], fn. 1 in which Mr. Clevenger admits that "even now he has not finished reviewing everything in the file." *See also* Declaration of Ty Clevenger, Dkt. 125-1, stating Clevenger "played no role in drafting" the complaints in the case despite being a signatory to each of them.
[3] *See* Declaration of Ty Clevenger, Dkt 125-1, at 1-2.
[4] Including but not limited to: ebutowsky@gmail.com; ed@chapwoodinvestments.com; ebutowsky@icloud.com; Edbyc9293@yahoo.com; googie18@aol.com; butowsky32@gmail.com; edwardbutowsky@gmail.com; googie32@protonmail.com.
[5] NPR has identified at least four such accounts referenced in third-party documents—Signal, Wickr, Gizmo, and Telegraph.

search terms being agreed upon, and the documents produced within 30 days of the completion of the forensic exam.

2.     Plaintiff must certify to the Court within 30 days of any Order granting Defendants' Motion to Compel that he has produced to Defendants—and will continue to produce on a rolling basis as required by Rule 26(e)—all documents and communications that Plaintiff has produced or received in connection with any of the following lawsuits and/or arbitrations arising therefrom, including deposition transcripts with exhibits, declarations, other testimony, and copies of unredacted pleadings and exhibits to pleadings:[6]

   a.   *Wheeler v. Twenty-First Century Fox, Inc., et. al.,* Case No. 1:17-CV-05087, filed in the United States District Court for the Southern District of New York.

   b.   *Rich v. Butowsky et al.*, Case No. 1:18-cv-681-RJL filed in the United States District Court for the District of Columbia.

   c.   *Rich v. Fox News Network, LLC, et al.*, Case No. 1:18-cv-2223 filed in the United States District Court for Southern District of New York.

   d.   *Butowsky v. Democratic National Committee*, Case No. 4:19-cv-00582, filed in the Eastern District of Texas on August 1, 2019.

   e.   *Butowsky v. Gottlieb, et al.*, Case No. 4:19-cv-00180, filed in the Eastern District of Texas on March 12, 2019.

   f.   *Butowsky v. Susman & Godfrey, LLP*, Cause No. 416-01222-2019, filed in Collin County, Texas on March 6, 2019.

   g.   *Butowsky v. Wigdor*, Case No. 4:19-cv-00577, filed in the Eastern District of Texas on July 31, 2019.

   h.   *Chapwood Capital Investment Mgmt., LLC v. Charles Schwab Corp.*, Case No. 4:18-cv-00287, filed in the Eastern District of Texas on April 23, 2018.

---

[6] In a related case, *Rich v. Fox News Network, LLC, et al.*, Mr. Butowsky has apparently produced certain responsive documents to co-defendant Fox News but has refused to produce those very same documents to the plaintiffs in that lawsuit, Joel and Mary Rich. *See* Letter Motion, *Rich v. Fox News Network LLC, et al.*, No. 18-cv-2223 (S.D.N.Y. May 22, 2020), ECF No. 145.

      i.   *Chapwood Capital Investment Mgmt., LLC v. Charles Schwab Corp.*, Case No. 4:18-cv-00548, filed in the Eastern District of Texas on August 3, 2018.

      j.   *Clevenger v. U.S. Dep't of Justice*, Case No. 1:18-cv-01568, filed in the Eastern District of New York on March 14, 2018.

3.      Plaintiff and his counsel must provide declarations to the Court within 60 days of any Order granting Defendants' Motion to Compel describing the search they have conducted for all documents and communications responsive to NPR's requests for production and certify that they have produced all responsive, non-privileged documents and communications within Plaintiffs possession, custody, or control to Defendants.

4.      Plaintiff produce unaltered, unredacted versions of the documents he has already produced.

5.      Plaintiff provide responses to Interrogatories No. 7, 12, and 14.

<div style="margin-left: 40%;">

Respectfully submitted,

By: */s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:   (512) 867-8400
Telecopier:   (512) 867-8470

David H. Harper
State Bar No. 09025540
david.harper@haynesboone.com
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:   (214) 651-5000
Telecopier:   (214) 651-5940

</div>

David J. Bodney
*admitted pro hac vice*
bodneyd@ballardspahr.com
Ian O. Bucon
*admitted pro hac vice*
buconi@ballardspahr.com
BALLARD SPAHR LLP
1 E. Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone:   602.798.5400
Fax:              602.798.5595

*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on May 29, 2020, the foregoing document was electronically submitted to the Clerk of the U.S. District Court for the Eastern District of Texas, using the electronic case filing system and served on all counsel of record via ecf/Pacer.


*/s/ Laura Lee Prather*
Laura Lee Prather