IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| ED BUTOWSKY, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:18-cv-00442-ALM |
| | § | |
| DAVID FOLKENFLIK; NATIONAL | § | |
| PUBLIC RADIO, INC.; EDITH | § | |
| CHAPIN; LESLIE COOK; and | § | |
| PALLAVI GOGOI; | § | |
| | § | |
| Defendants. | § | |

**REPLY IN SUPPORT OF OBJECTIONS TO ORDER
ON MOTION FOR LEAVE TO DESIGNATE
RESPONSIBLE THIRD PARTIES**

Plaintiff Butowsky's response further establishes that the Magistrate Judge applied the wrong legal standards to Defendants' RTP motion. The Court should grant Defendants' Objections and order that all persons listed in Exhibit "A" to the Objections be designated as RTPs under Chapter 33.

I. **Defendants Established the Requisite Harm under Chapter 33.**

Chapter 33 permits the designation of a responsible third party for—

> any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought whether by negligent act or omission … by other conduct or activity that violates an applicable legal standard, or by any combination of these.

TEX. CIV. PRAC. & REM. CODE §33.011(6) (emphasis added). But instead of focusing on "the harm for which recovery of damages is sought," the Magistrate Judge conflated the alleged harm with the categories of alleged conduct. Dkt. 130 at 31 (defining the alleged harm in relation to the specific category of conduct and the timing of that conduct).

Butowsky's response further exposes this statutory-construction error that led to the improper denial of the RTP motion. Like the Magistrate Judge, Butowsky characterizes the harm based on the nature and timing of certain conduct: "defamatory statements made between August 2017 through March 2018." Dkt. 141 at 1. He stresses that different individuals were allegedly involved in the conduct that resulted in the reputational and economic harm for which he seeks damages in this case. *Id*. at 1-2. And Butowsky argues the alleged "defamatory statements in *Gottlieb* (as well as those in *Susman Godfrey*, *CrowdStrike*, and *Schwab II*) are not the same as the defamatory statements" alleged here. *Id*. at 3. All of this is irrelevant under Chapter 33.

Yet, as Defendants' exhaustive recitation of the overlapping claims of reputational and economic injury make clear, no matter the complained-of conduct, the timing of the conduct, or the particular parties involved, the **harm** alleged in Butowsky's complaint and his six overlapping

suits is the same. He asserts economic and reputational harm arising out of Butowsky's involvement in stories relating to Seth Rich's murder. Dkt. 135, Ex. A (Responsible Third Parties Designated by Defendants) and Ex. B (Examples of Butowsky's Overlapping Allegations of Economic and Reputational Harm). Butowsky's only answer to his own allegations is the frivolous claim that Defendants are rewriting the complaint to include a conspiracy claim. Dkt. 141 at 2. Defendants have done nothing of the sort. The Objections carefully and accurately quote the precise language Butowsky himself uses in the various complaints to demonstrate the common and consistent claims of economic and reputational harm. *See* Dkt. 135, Ex. B (quoting Butowsky's complaints verbatim); *Magna Equities II, LLC v. Heartland Bank*, No. CV H-17-1479, 2018 WL 1135482, at *3 (S.D. Tex. Feb. 28, 2018) (looking to the plaintiff's allegations to determine RTP status).

Those allegations easily meet Chapter 33's harm standard. The statute is clear that harm—regardless of whether it was caused by distinct conduct, by different individuals, at different times—meets the RTP statutory requirements if the alleged conduct caused or contributed to "***in any way*** the harm for which recovery of damages is sought." TEX. CIV. PRAC. & REM. CODE §33.011(6) (emphasis added); *see City Nat'l Bank of Sulphur Springs v. Smith*, No. 06-15-00013-CV, 2016 WL 2586607, at *7 (Tex. App.—Texarkana May 4, 2016, pet. denied) (statute's purpose is to "bring all responsible parties who in any way caused the harm, injury, or damage before the fact-finder to determine each person's proportionate responsibility");[1] *In re Smith*, 366 S.W.3d 282, 285-86 (Tex. App.—Dallas 2012, orig. proceeding) (driver could be a responsible third party in a legal malpractice case if the driver "somehow tortiously contributed to any error committed").

---

[1] Butowsky thus misreads *City Nat'l Bank* as focusing on "the specific claim and cause of action." Dkt. 141 at 2. In reality, the decision closely adheres to the statutory harm standard in describing the purpose of the statute—bringing all responsible parties who "in any way" contributed to the alleged harm. 2016 WL 2586607, at *7.

And here Butowsky concedes that—across the various overlapping suits—he complains of the same reputational and economic harm: the alleged loss of 1/3 of his clients. Dkt. 141 at 3 (agreeing that "the descriptions of damages are indeed very similar"); Dkt. 135 at 4-5, Ex. B (showing the same exact harm claim related to loss of customers in the Wigdor, Susman Godfrey, Gottlieb, Crowdstrike, and Schwab cases with detailed and specific quotes from Butowsky's pleadings).[2] But Butowsky does not confront Chapter 33's language. He just changes the question, suggesting that a factfinder may ultimately be asked to determine "how many of those clients left" because of Defendants' alleged conduct "versus" the alleged actions of others. Dkt. 141 at 3.

That question (which may or may not be presented to a factfinder) does not dislodge Chapter 33's role. Just the opposite. Butowsky's argument—that multiple parties may have had some role in the alleged loss of customers—actually reinforces that Chapter 33's critical statutory purpose is met here by "bring[ing] all responsible parties who in any way caused the harm, injury, or damage before the fact-finder to determine each person's proportionate responsibility." *City Nat'l Bank of Sulphur Springs*, 2016 WL 2586607, at *7.

## II. The Magistrate Judge did not apply the correct notice-pleading standard.

Butowsky's response completely avoids a second legal error in the Magistrate Judge's Order: the failure to apply the required notice-pleading standard. As explained in the Objections, for the Magistrate Judge to have rejected Defendants RTP motion, Butowsky must have established that the "defendant **did not plead** sufficient facts concerning the alleged responsibility of the [RTP]." TEX. CIV. PRAC. & REM. CODE § 33.004(g)(1) (emphasis added). The Magistrate Judge did not take the "harm" allegations at face value, instead parsing individual allegations and

---

[2] The alleged loss of clients is just one example of the common economic and reputational harm alleged in the related suits. But it is the only one that Butowsky bothers to address in his response. Defendants' Objections identify numerous other such harm claims, and Butowsky offers no response. Dkt. 135 at 3-5, Ex. B. Because these reputational harm claims are duplicative and overlapping, the Court should sustain the Objections on this ground as well.

engaging in assessments reserved under the unambiguous language of the statute for a factfinder. *See In re Bustamante*, 510 S.W.3d 732, 737 (Tex. App.—San Antonio 2016, orig. proceeding) (applying a fair-notice standard requiring only that the pleadings identify the nature, basic issues, and evidence potentially relevant to the controversy). Butowsky is silent on this point. His response did not attempt to show he satisfied his burden. *See id.* at 738 (plaintiff "did not allege, much less establish, that [defendant] failed to meet the pleading requirements referenced in" the statute). This is fatal, and the Court should sustain Defendants' Objections on this basis alone.

For these reasons, the Court should grant Defendants motion for leave to designate RTPs in its entirety.

DATED: June 8, 2020

Respectfully submitted,

**HAYNES AND BOONE, LLP**

By:*/s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:     (512) 867-8400
Telecopier:     (512) 867-8470

David H. Harper
State Bar No. 09025540
david.harper@haynesboone.com
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:     (214) 651-5000
Telecopier:     (214) 651-5940

David J. Bodney
*admitted pro hac vice*

bodneyd@ballardspahr.com
Ian O. Bucon
*admitted pro hac vice*
buconi@ballardspahr.com
BALLARD SPAHR LLP
1 E. Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone: 602.798.5400
Fax: 602.798.5595

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that on June 8, 2020, the foregoing document was electronically submitted to the Clerk of the U.S. District Court for the Eastern District of Texas, using the electronic case filing system and served on all counsel of record via ecf/Pacer.

    /s/ *Laura Lee Prather*
    Laura Lee Prather