## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **ED BUTOWSKY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CASE NO. 4:18-cv-00442-ALM** |
| | § | |
| **DAVID FOLKENFLIK; NPR, INC.;** | § | |
| **EDITH CHAPIN; LESLIE COOK; and** | § | |
| **PALLAVI GOGOI,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## [REDACTED] NOTICE OF SUPPLEMENTAL EVIDENCE IN SUPPORT OF MOTION FOR SANCTIONS

Butowsky's tapestry of lies continues to unravel.  Accordingly, Defendants (collectively, "NPR") submit additional evidence regarding Butowsky's knowingly false statements that this Court should consider when evaluating the pending Motion for Sanctions.

Most recently, Butowsky has been caught lying in his discovery responses. Butowsky has repeatedly denied having any involvement with the websites "debunkingrodwheelersclaims.com" and "debunkingrodwheelersclaims.net" (collectively, the "Debunking Websites"), but third-party discovery shows that those sites were created at his direction. As with his prior misrepresentations, Butowsky has woven these lies into his Complaint inviting the Court to rely upon them in denying Defendants' Motion to Dismiss. In his Original Complaint (and similarly in his Second Amended Complaint), Butowsky refers the Court to the Debunking Websites as though they are an independent source to verify "the truth." *See* Compl., Dkt. 1, ¶ 26; 2d Am. Compl., Dkt. 72, ¶ 26 (stating the "true facts" were available to Folkenflik on and through the Debunking Websites); *see also* Compl., Dkt. 1, ¶¶ 78, 98, 107; 2d Am. Compl., Dkt. 72, ¶¶ 78, 98, 107 (referencing information available on the Debunking Websites). The Court appears to have relied on these

allegations (and presumably the assumption that the website was independent) in denying Defendants' Motion to Dismiss. *See, e.g.,* Order Adopting R&R, Dkt. 65, at 21 (relying on Butowsky's pleading that the "true facts" were known to Folkenflik and available on the Debunking Websites).

Butowsky denied *six* different Requests for Admission ("RFAs") asking about his creation, control, operation, and maintenance of the Debunking Websites, and refused to answer an interrogatory asking him to list websites he controls. Since the briefing closed on their Motion for Sanctions Pursuant to Rule 11 for Violations Committed by Plaintiff and His Counsel (Dkt. 96) ("Sanctions Motion"), NPR has obtained documents from the domain registrar of the Debunking Websites ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

NPR plans to file a Rule 37 motion seeking fees for failure to admit his involvement in the Debunking Websites. But his lies are also germane to the pending Sanctions Motion because they go beyond Butowsky's false discovery responses. Butowsky's pleadings falsely point to the Debunking Websites as proof of actual malice while deliberately concealing his own involvement from NPR and the Court. Just as with the other knowingly false allegations Butowsky included in his Complaints, Butowsky's lies about the Debunking Websites are directly within his personal knowledge and were only uncovered through NPR's third-party discovery efforts. These additional lies further show that the previous misrepresentations described in NPR's Sanctions Motion are not isolated incidents or honest mistakes. They are part of a pattern of deliberate falsehoods to hide the truth from this Court and NPR for which Butowksy should be held accountable.

**A.** **Butowsky's Complaints rely heavily on the Debunking Websites to allegedly show actual malice.**

Butowsky relies on the Debunking Websites as alleged evidence that NPR acted with actual malice, arguing that NPR could have ascertained the truth from the supposedly independent Debunking Websites but chose not to do so. *See* 2d Am. Compl., Dkt. 72, at ¶¶ 26 (citing the Debunking Websites), 181 (listing the source documents on the Debunking Websites). Butowsky's Second Amended Complaint cites to the Debunking Websites four times in a manner suggesting that independent evidence allegedly supporting Butowsky's version of events—including Wheeler's emails, texts, recorded telephone calls, and interview notes, and audio recordings of Butowsky's alleged sources—was publicly available to NPR before NPR published the challenged articles. *See* 2d Am. Compl., Dkt. 72, ¶¶ 26, 78, 98, 107. The Second Amended Complaint also links to videos on the "DeBunking Rod Wheeler" YouTube channel, including edited audio compilations of Wheeler's phone conversations. *See id.* at nn. 21, 22, 23; ¶¶ 140, 158, 159.

The Court relied on these assertions in finding that Butowsky sufficiently pleaded actual malice and upon this basis denied Defendants' Motion to Dismiss. For example, the Court's Report and Recommendation found that Butowsky pleaded that "the truth was well-known to Folkenflik" from Wheeler's text messages and emails, publicly available recordings of Wheeler and Seymour Hersh, and "other information and recordings available to Folkenflik on the Internet"—the exact information available on the Debunking Websites. Dkt. 58 at 84. The Court's Order adopting the Report and Recommendation more explicitly finds that Butowsky pleaded "[t]he true facts were also available to Folkenflik on and through the website, http://www.debunkingrodwheelersclaims.com/." Dkt. 65 at 21. Because the Court relied on Butowsky's false portrayal of the Debunking Websites as coming from a third party, the lies affected the Court's ruling.

**B.**     **Butowsky falsely denied his involvement in the Debunking Websites.**

If, as NPR contends, Butowsky is a public figure, he must demonstrate that NPR published each allegedly defamatory statement with actual malice – that is, "with knowledge that it was false or with reckless disregard of whether it was true or not." *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964). But Butowsky's statements giving his own version of events—even when curated on an anonymous website—is not sufficient evidence that Folkenflik and NPR had reasons to doubt their reporting. *Huckabee v. Time Warner Entm't Co. L.P.*, 19 S.W.3d 413, 427 (Tex. 2000) ("The mere fact that a defamation defendant knows that the public figure has denied harmful allegations or offered an alternative explanation of events is not evidence that the defendant doubted the allegations."); *see also Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 692 n.37 (1989) ("[S]uch denials are so commonplace in the world of polemical charge and countercharge . . . they hardly alert the conscientious reporter to the likelihood of error."). In other words, as a matter of law, the Debunking Websites are *not* evidence of actual malice if those websites are just a vehicle for Butowsky's own statements. Therefore, the source of the Debunking Websites is important for evaluating Butowsky's alleged evidence of actual malice.

Recognizing this importance, NPR served several RFAs on Butowsky about the Debunking Websites:

- Admit that Plaintiff controls, operates, and/or maintains the website located that the URL: www.debunkingrodwheelersclaims.net. Ex. 1, First RFAs, No. 42.

   Butowsky's Response: "Denied."

- Admit that Plaintiff controls, operates and/or maintains the YouTube account "DeBunking Rod Wheeler," available at the following URL: https://https://www.youtube.com/channel/UCBIpN1cdt9MDoBFyPlwBtdA." Ex. 1, First RFAs, No. 49.

   Butowsky's Response: "Denied."

- Admit that you have been involved in the creation, operation, and/or maintenance

of the Debunking Rod Wheeler Sites. Ex. 2, Second RFAs, No. 6.

> Butowsky's Response: "Denied."

- Admit that you have contributed material or information that subsequently appeared on the Debunking Rod Wheeler Sites. Ex. 2, Second RFAs, No. 7.

> Butowsky's Response: "Denied."

Ex. 1, Response to First RFAs Nos. 42 and 49; Ex. 2, Response to Second RFAs Nos. 6, 7.

In response to the following RFAs, Butowsky answered "Unknown":

- Admit that you know who controls, operates, and/or maintains the website "Debunking Rod Wheeler's Claims," located at the domains www.debunkingrodwheelersclaims.com and/or www.debunkingrodwheelersclaims.net (the "Debunking Rod Wheeler Sites."). Ex. 2, Response to Second RFAs, No. 5.

- Admit that you have communicated with the person or persons responsible for the creation, operation and/or maintenance of the Debunking Rod Wheeler Sites. Ex. 2, Response to Second RFAs, No. 8.

In his Initial Disclosures, Butowsky misleadingly listed the publisher of the Debunking Websites as having relevant information but failed to include the publisher's name or contact information as required by Rule 26(a)(1)(A)(i). Ex. 3, Pl.'s Initial Discls., at 4.  Butowsky also refers Defendants to videos available on the ostensibly independent Debunking Websites in response to Requests for Production while hiding his responsibility for their publication. Ex. 1, Resp. to RFP No. 27. And in his most recent interrogatory responses, he refused to provide a list of the websites he owns, manages or controls. Ex. 4, Resp. to 3d Interrogs, No. 20.

**C.**     **Third-party documents and statements show Butowsky's elaborate attempt to conceal his involvement in the Debunking Websites, including by falsely denying NPR's RFAs.**

Because Butowsky's discovery responses seemed implausible, NPR sought third-party discovery from the Debunking Websites' domain registrar, ███████████████

████████████████████████████████████████████████████████████



In other words, at a minimum, Butowsky was "involved in the creation, operation, and/or maintenance of the Debunking Rod Wheeler Sites," and his denial of the RFAs asking him to admit his involvement was a lie.

### D.     Conclusion

Just like his allegations regarding his lack of involvement in Wheeler's investigation, Butowsky has lied about his involvement in obtaining, creating, and maintaining the Debunking Websites. Butowsky's lie is relevant to the pending Sanctions Motion because this Court relied on

Butowsky's misrepresentations about the Debunking Websites in assessing Defendants' Motion to Dismiss. These lies also show that the previous misrepresentations by Butowsky were neither isolated nor honest mistakes. Butowsky intentionally lied to the Court and to NPR, and he should be sanctioned for it. As NPR urged in its Sanctions Motion, the Court should strike Butowsky's pleadings, dismiss his case, and award monetary sanctions.

Respectfully submitted,

**HAYNES AND BOONE, LLP**

By:*/s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:       (512) 867-8400
Telecopier:      (512) 867-8470

David H. Harper
State Bar No. 09025540
david.harper@haynesboone.com
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:       (214) 651-5000
Telecopier:      (214) 651-5940

David J. Bodney
*admitted pro hac vice*
bodneyd@ballardspahr.com
Ian O. Bucon
*admitted pro hac vice*
buconi@ballardspahr.com
BALLARD SPAHR LLP
1 E. Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone:       602.798.5400
Fax:             602.798.5595

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on June 12, 2020, a true and correct copy of the foregoing document was sent to counsel of record by email.

*/s/ Laura Lee Prather*
Laura Lee Prather

## <u>CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL</u>

Pursuant to Local Rule CV-5(a)(7), Movants certify that a motion to seal the document has been filed separately and immediately prior to this Reply.

*/s/ Laura Lee Prather*
Laura Lee Prather