# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Edward Butowsky,**<br><br>        Plaintiff,<br><br>v.<br><br>**David Folkenflik, et al.,**<br><br>        Defendants | Case No. 4:18-cv-442-ALM |

### PLAINTIFF'S RESPONSE TO NPR'S THIRD SET OF INTERROGATORIES

NOW COMES Edward Butowsky, the Plaintiff, responding to NPR's Third Set of Interrogatories as follows:

INTERROGATORY NO. 15: For each Article, identify whether You contend it is defamatory because of the Article's gist or individual statements within the Article and for each Article that You contend is defamatory because of its gist, identify what You contend is the gist of the Article.

>  ANSWER:  The Plaintiff objects to this request because it is unduly burdensome. This interrogatory is answered at length and in detail in response to the Defendants' motion to dismiss. Without waiving his objection, the Plaintiff incorporates that response herein by reference. The Plaintiff further adopts and incorporates the April 17, 2020 magistrate report in this case, as that report further addresses the issue in detail.

INTERROGATORY NO. 16: Identify all evidence, including by Bates number, that any Defendant acted with actual malice in making the allegedly defamatory statements.

>  ANSWER: The Plaintiff objects to this interrogatory as overbroad and unduly burdensome, particularly insofar as it asks the Plaintiffs to marshal "all evidence" at this stage in the litigation. This interrogatory is answered at length and in detail in response to the Defendants' motion to dismiss, and the Plaintiff incorporates that response herein by reference. The Plaintiff further adopts and incorporates the April 17, 2020 magistrate report in this case, as that report further addresses the issue in detail. Without waiving the foregoing objection, the Plaintiff will

supplement his answer to this interrogatory to provide the Bates numbers of individual items of evidence that are responsive.

INTERROGATORY NO. 17: Identify and describe the compensation You have received from Chapwood since January 1, 2010, including any agreements between You and Chapwood and the basis for your compensation (*i.e.*, whether Your compensation depends on the assets under Chapwood's management, the number of clients whose finances You personally manage, etc.).

ANSWER: The Plaintiff objects to this interrogatory as overbroad, unduly burdensome, and because it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. The Plaintiff's income from 2010, for example, is neither relevant to this lawsuit nor likely to lead to the discovery of admissible evidence. Similarly, the Plaintiff's compensation agreements with Chapwood are neither relevant to this lawsuit nor likely to lead to the discovery of admissible evidence. Without waiving his objections, the Plaintiff will provide documents setting forth the compensation that he received from Chapwood between January 1, 2015 and December 31, 2018.

INTERROGATORY NO. 18: Identify all evidence and arguments You intend to rely on to support Your contention that Defendants' allegedly defamatory statements are so obviously hurtful to Your reputation that the jury may presume general damages.

ANSWER: The Plaintiff objects to this interrogatory as overbroad and unduly burdensome insofar as it asks the Plaintiffs to marshal "all evidence and arguments" at this stage in the litigation. The Plaintiff already has identified the foregoing evidence and arguments in his complaint and in his response to the motion to dismiss. Without waiving his objections, the Plaintiff will supplement his answer to this interrogatory when/if he decides what additional evidence and arguments he may rely on at trial.

INTERROGATORY NO. 19: Identify the date on which You contend the conspiracy between any Defendant and Wigdor began, each act taken in furtherance of the conspiracy, any evidence, including by Bates number, that You contend demonstrates the existence of said conspiracy, and any witness with knowledge about the conspiracy.

ANSWER: The Plaintiff believes that conspiracy began in mid-June of 2017. With respect to the acts taken in furtherance of the conspiracy, the Plaintiff answered this question in his complaint, which he incorporates herein by reference. Defendant Folkenflik and Mr. Wigdor would be the foremost witnesses to the conspiracy, and the Plaintiff will supplement this answer as additional evidence is obtained.

INTERROGATORY NO. 20: Identify all websites that you own, manage, or control and the income you have earned from these websites since January 1, 2010.

ANSWER: The Plaintiff objects to this interrogatory as overbroad, unduly burdensome, and because it seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 21: Identify every email address and messaging application, software, or platform you have used to send or receive communications since July 10, 2016 and the username associated with that messaging application, software, or platform.

ANSWER: I have used the following email accounts: ebutowsky@gmail.com, ed@chapwoodinvestments.com, butowsky32@gmail.com, googie32@protonmail.com, gizmo32@protonmail.com, and googie18@aol.com. I have also used Facebook Messenger, Signal, WhatsApp, and Twitter Direct Message.

I declare under penalty of perjury under the laws of the United States of America that my answers to the foregoing interrogatories are true and correct, as witnessed by my signature below.

Date: June 5, 2020

_____
Edward Butowsky