# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **ED BUTOWSKY,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **DAVID FOLKENFLIK, ET AL.,** | § | **4:18-CV-00442-ALM** |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## [REDACTED] MOTION FOR SANCTIONS PURSUANT  TO FEDERAL RULE OF CIVIL PROCEDURE 37

## I. INTRODUCTION

Time and time again, Plaintiff Ed Butowsky has proven that he is not willing to let the truth get in the way of his lawsuit against NPR.  As detailed in Defendants' Rule 11 Motion for Sanctions Against Plaintiff and His Counsel, Dkt. 96 (the "Rule 11 Motion"), Butowsky's claims are premised on fundamental mistruths about his role in the investigation of the death of DNC staffer Seth Rich and a retracted Fox News report based on that investigation.  Now Butowsky has doubled down, attempting to perpetuate these falsehoods by lying in his responses to Defendants' discovery requests.  As a result of Butowsky's deliberate duplicity, NPR has been forced to spend significant time and resources uncovering the truth with respect to several requests for admissions.  Now, having proven the falsity of several of Butowsky's discovery responses, Defendants respectfully submit this Motion to recover their costs and attorney's fees associated with refuting these lies.

## II. <u>BACKGROUND</u>

Throughout this litigation, Butowsky has repeatedly directed Defendants and this Court to two websites, www.debunkingrodwheelersclaims.com and www.debunkingrodwheelers claims.net (collectively, the "Debunking Websites") as a source for information relevant to this lawsuit.  According to Butowsky, the Debunking Websites corroborate his position that Rod Wheeler's 2017 lawsuit against him was meritless, and Butowsky points to the existence of the Debunking Websites to argue that NPR had access to the "truth" regarding Rod Wheeler, but disregarded it nonetheless.  *See* Compl., Dkt. 1 ¶ 26; 2d Am. Compl., Dkt. 72 ¶ 26 (alleging that the "true facts" were available to Folkenflik through the Debunking Websites); *see also* Compl., Dkt. 1 ¶¶ 78, 98, 107; 2d Am. Compl., Dkt. 72 ¶¶ 78, 98, 107 (referencing information available on the Debunking Websites).

Butowsky has repeatedly and unequivocally denied any knowledge of, or involvement in, the creation and maintenance of the Debunking Websites.  In fact, he has denied *six* different Requests for Admission ("RFAs") directly asking about his creation, control, operation, contributions to, and maintenance of the Debunking Websites,[1] and has refused to answer an interrogatory asking him to list websites he controls.[2]

Although Butowsky repeatedly represented in discovery responses that he was not associated with the Debunking Websites, third-party discovery served on his IT consultant, Orone Laizerovich, and the domain-hosting service GoDaddy proves that ████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[1] *See* Ex. 1, Pl.'s Resp. to Defs.' 1st Set of RFAs, at Nos. 42, 49; Ex. 2, Pl.'s Resp. to Defs.' 2d Set of RFAs, at Nos. 5-8.
[2] *See* Ex. 3, Pl.'s Resp. to Def.'s 3d Set of Interrogatories, at No. 20.



███████████████████████████████████

██████████████████████ Thus, at a minimum, Butowsky was involved in the creation, operation, and/or maintenance and responsible for the content of the Debunking Websites.

Based on Defendants' discovery served on Laizerovich and GoDaddy, Butowsky's answers to Defendants' discovery requests are demonstrably false. Yet, Defendants were able to disprove Butowsky's deceitful discovery responses only after expending considerable time and effort in third-party discovery. Accordingly, pursuant to Federal Rule of Civil Procedure 37, this Court should award Defendants their costs, including attorney's fees, associated with uncovering Butowsky's lies regarding his involvement in the Debunking Websites.

## III. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 37(c)(2), in providing for sanctions where a party improperly fails to admit a request for admission, provides:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
>
> (B) the admission sought was of no substantial importance;
>
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>
> (D) there was other good cause for the failure to admit.

Fed. R. Civ. P. 37(c)(2). *See Vantage Trailers, Inc. v. Beall Corp.*, No. Civ. A. H-06-3008, 2008 WL 4093691, at *2 (S.D. Tex. Aug. 28, 2008) ("Rule 37(c)(2) provides for sanctions against a party for improperly denying a request for admissions that is later proven to be true."); *accord* Fed. R. Civ. P. 36 advisory committee's note (1970) ("Rule 36 does not lack a sanction for false

answers; Rule 37(c) furnishes an appropriate deterrent."). These sanctions are designed to further the purpose of Rule 36 Requests for Admissions, which is to "narrow the issues to be resolved at trial by identifying and eliminating those matters on which the parties agree."[3] *Am. Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1121 (5th Cir. 1991).

## IV. <u>ARGUMENT</u>

Butowsky deliberately lied in response to RFAs asking him to admit that he was (i) involved in the creation, operation, or maintenance, (ii) controlled, operated, and/or maintained, and (iii) contributed material to, the Debunking Websites (or that he knows who does). Therefore, Defendants are entitled to recover their costs, including attorney's fees, in proving the truth of the matters improperly denied. Awarding these costs is mandatory unless one of four specific exceptions applies. However, as shown below, none of those exceptions applies here: the request was not objectionable under Rule 36(a), the admission sought was of substantial importance, Butowsky did not have any reasonable ground to believe he might prevail on the matter, and there was no other good cause for the failure to admit.

### A. Defendants sought admissions regarding Butowsky's involvement in the Debunking Websites.

NPR served RFAs on Butowsky relating to the Debunking Websites, and Butowsky denied or refused to respond to each of Defendants' requests regarding these sites as follows:

- Admit that Plaintiff controls, operates, and/or maintains the website located at the URL: www.debunkingrodwheelersclaims.net. Ex. 1, First RFAs, No. 42.

  Butowsky's Response: "Denied."

- Admit that Plaintiff controls, operates and/or maintains the YouTube account "DeBunking Rod Wheeler," available at the following URL: https:// https://www.youtube.com/channel/UCBIpN1cdt9MDoBFyPlwBtdA." Ex. 1, First

---

[3] The truth of the matter denied need not be resolved at trial for sanctions to be awarded. *See, e.g., Vantage Trailers*, 2008 WL 4093681, at *3 (truth of a matter denied proven through deposition testimony).

RFAs, No. 49.

> Butowsky's Response:  "Denied."

- Admit that you have been involved in the creation, operation, and/or maintenance of the Debunking Rod Wheeler Sites.  Ex. 2, Second RFAs, No. 6.

> Butowsky's Response:  "Denied."

- Admit that you have contributed material or information that subsequently appeared on the Debunking Rod Wheeler Sites.  Ex. 2, Second RFAs, No. 7.

> Butowsky's Response:  "Denied."

Ex. 1, Response to First RFAs Nos. 42 and 49; Ex. 2, Response to Second RFAs Nos. 6, 7.

In response to the following RFAs, Butowsky answered "Unknown":

- Admit that you know who controls, operates, and/or maintains the website "Debunking Rod Wheeler's Claims," located at the domains www.debunkingrodwheelersclaims.com and/or www.debunkingrodwheelersclaims.net (the "Debunking Rod Wheeler Sites.").  Ex. 2, Response to Second RFAs, No. 5.

- Admit that you have communicated with the person or persons responsible for the creation, operation and/or maintenance of the Debunking Rod Wheeler Sites.  Ex. 2, Response to Second RFAs, No. 8.

**B.    Third-party documents and statements show Butowsky's elaborate attempts to hide his involvement in the Debunking Websites, including by falsely denying NPR's RFAs.**

Because Butowsky's denial of any knowledge regarding the Debunking Websites seemed implausible, NPR sought third-party discovery from the sites' domain registrar, GoDaddy. GoDaddy produced documents showing ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████



In other words, at a minimum, contrary to his denials: (i) Butowsky was "involved in the creation, operation, and/or maintenance of the Debunking Rod Wheeler Sites" and (ii) "contributed material or information that subsequently appeared on the Debunking Rod Wheeler Sites."[4]  Further, contrary to his professions of ignorance, he clearly knew that he had hired Laizerovich to assist in the "operat[ion] and mainte[nance]" of the Debunking Websites.[5]

Thus, Butowksy's denial of the RFAs asking him to admit his involvement in the Debunking Websites and claimed ignorance of who was also involved was a deliberate lie.  His motive in so lying is transparent:  he relied on the supposed independent Debunking Websites for his contention that the "true facts" were available to Folkenflik through the Debunking Websites.

---

[4] *See* Ex. 1, Resp. to 1st RFAs, No. 42; Ex. 2, Resp. to 2d RFAs, No. 6-7.
[5] *See* Ex. 1, Resp. to 1st RFAs, No. 42; Ex. 2, Resp. to 2d RFAs, No. 5-6.

Compl., Dkt. 1 ¶ 26; 2d Am. Compl., Dkt. 72 ¶ 26.  Further, he could hardly admit that he knew who was involved in the creation, maintenance and control of the Debunking Websites, because that admission would ultimately have led Defendants to uncover Laizerovich's identity and the unraveling of Butowsky's other lies.

      **C.**    **Rule 37 Sanctions are mandatory here because none of the exceptions apply.**

Federal Rule of Civil Procedure 37(c)(2) makes sanctions available for Rule 36 requests where "a party fails to admit what is requested under Rule 36 and [ ] the requesting party later proves a document to be genuine or the matter true."  In those circumstances, "the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof," and "[t]he court must so order unless one of four exceptions applies.  Where, as here, none of those exceptions apply, the sanctions provision under Rule 37(c)(2) is mandatory, and it leaves the Court with "no discretion" regarding its application. *Sparks v. Reneau Pub. Inc.*, 245 F.R.D. 583, 588 (E.D. Tex. 2007).

      *1.*   *The Rule 37(c)(2)(A) Exception Does Not Apply.*  Rule 37(c)(2)(A) provides an exception where the RFA "was held objectionable under Rule 36(a)."  This factor is plainly inapplicable, as the RFAs have not been held objectionable under Rule 36(a).  Even Butowsky himself did not object to the RFAs; instead, he simply answered them falsely.

      *2.*   *The Rule 37(c)(2)(B) Exception Does Not Apply.*  Rule 37(c)(2)(B) provides an exception where "the admission sought was of no substantial importance."  This exception is plainly inapplicable because the subject matter of the RFAs is of substantial importance.  Indeed, Butowsky relies on them as evidence that NPR acted with actual malice, arguing that NPR could

have ascertained the truth from the Debunking Websites but chose not to do so.[6]  *See* 2d Am. Compl., Dkt. 72 ¶¶ 26 (directly citing the Debunking Websites), 181 (listing the source documents posted on the Debunking Websites). In fact, Butowsky's Second Amended Complaint directly cites to the Debunking Websites four times to demonstrate that evidence allegedly supporting Butowsky's version of events—including Wheeler's emails, texts, recorded telephone calls, and interview notes, and audio recordings of Butowsky's alleged sources—was publicly available.  *See* 2d Am. Compl., Dkt. 72, ¶¶ 26, 78, 98, 107.  The Second Amended Complaint also links to videos on the "DeBunking Rod Wheeler" YouTube channel, including edited audio compilations of Wheeler's phone calls.  *See id.* at nn. 21, 22, 23; ¶¶ 140, 158, 159.

The source of the Debunking Websites is critical for evaluating Butowsky's alleged evidence of actual malice because, under well-established case law, the Debunking Websites are not evidence of actual malice if those websites are just a vehicle for Butowsky's own statements. If, as NPR contends, Butowsky is a public figure, he must demonstrate that NPR published each allegedly defamatory statement "with knowledge that it was false or with reckless disregard of whether it was true or not."  *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964).  But Butowsky's own version of events—even when curated on an anonymous website—is not sufficient evidence that Folkenflik and NPR had reason to doubt their reporting.  *Huckabee v. Time*

---

[6] The Court relied in part on Butowsky's false allegations when it found that Butowsky sufficiently pleaded actual malice.  This Court's Report and Recommendation on the Motion to Dismiss found that Butowsky pleaded that "the truth was well-known to Folkenflik" from Wheeler's text messages and emails, publicly available recordings of Wheeler and Seymour Hersh, and "other information and recordings available to Folkenflik on the Internet"—the exact information available on the Debunking Websites.  Dkt. 58 at 84. The Court's Order adopting the Report and Recommendation more explicitly finds that Butowsky pleaded "[t]he true facts were also available to Folkenflik on and through the website, http://www.debunkingrodwheelersclaims.com/."  Dkt. 65 at 21. Thus, Butowsky's false portrayal of a third-party source of the Debunking Websites may have impacted the Court's ruling.

*Warner Entm't Co. L.P.*, 19 S.W.3d 413, 427 (Tex. 2000) ("The mere fact that a defamation defendant knows that the public figure has denied harmful allegations or offered an alternative explanation of events is not evidence that the defendant doubted the allegations."); *see also Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 692 n.37 (1989) ("[S]uch denials are so commonplace in the world of polemical charge and countercharge . . . they hardly alert the conscientious reporter to the likelihood of error.").

Moreover, Butowsky's role in the Debunking Websites is relevant to his status as a limited-purpose public figure.  By creating and posting on the Debunking Websites, Butowsky involved himself in a subject of legitimate public concern and sought publicity surrounding the controversy regarding Rod Wheeler's investigation of the death of Seth Rich.  Thus, to the extent Butowsky now denies his status as a limited-purpose public figure[7], his proactive involvement in the controversy through the maintenance of the Debunking Websites is relevant to NPR's claim that Butowsky is a limited-purpose public figure for the purpose of this litigation.  *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 573 (Tex. 1998) (describing how a plaintiff's involvement in a public controversy can render them a public figure for the purposes of the controversy at issue).  Thus, for a variety of reasons, the identity of the publisher of the Debunking Websites is important to this litigation.

---

[7] He has conceded his public figure status in at least two other cases both before and after the Court's ruling on Defendants' Motion to Dismiss. *See* Resp. in Opp. to Mot. to Dismiss at 10, *Butowsky v. Susman & Godfrey, LLP*, No. 416-01222-2019 (416th Dist. May 20, 2019) ("Mr. Butowsky does not dispute that he is a public figure, at least for purposes of this litigation."). Butowsky similarly conceded that he is a limited-purpose public figure at a June 10, 2020 hearing on Defendants' Motions to Dismiss in a related case, *Butowsky v. Gottlieb*, Case No. 4:19-cv-00180-ALM-kpj (E.D. Tex.).

Finally, as Butowsky himself notes in his Initial Disclosures, the publisher of the Debunking Websites is in possession of relevant, discoverable information.[8]  Butowsky also refers Defendants to videos available on the Debunking Websites in response to his Requests for Production while continuing to hide his responsibility for their publication.  Ex. 1, Pl.'s Resp. to Defs.' RFP No. 27.  The importance Butowsky himself places on information from the Debunking Websites at issue in this case also demonstrates the relevance of the publisher's identity.

3.  *The Rule 37(c)(2)(C) Exception Does Not Apply.*  Rule 37(c)(2)(C) provides an exception where "the party failing to admit had a reasonable ground to believe that it might prevail on the matter."  Here, Butowsky had no basis whatsoever to believe that he might prevail on his denials and professions of ignorance.  His own conduct and his communications with Laizerovich were obviously well within the scope of his personal knowledge and he had no reason to think that he might prevail on the question of his involvement in those Websites.  As the third-party discovery indicates, Butowsky was closely involved with the creation and maintenance of the Debunking Websites.

4.  *The Rule 37(c)(2)(D) Exception Does Not Apply.*  Rule 37(c)(2)(D) provides an exception where "there was other good reason for the failure to admit."  Defendants know of no other justification for his failure to admit Defendants' RFAs. Instead, Butowsky appears to have lied simply because he thought he had successfully covered his tracks.  *See* Ex. 4, Laizerovich Decl. ¶ 14 (Butowsky "instructed me to pay for the domain name in a way that would not be traceable to him").

## V. CONCLUSION

---

[8] In his Initial Disclosures, Butowsky misleadingly lists the publisher of the Debunking Websites as someone having relevant information but fails to identify himself as that publisher. Butowsky also failed to include the publisher's name or contact information as required by Rule 26(a)(1)(A)(i)). Ex. 6.

Butowsky's discovery responses are demonstrably false.   By refusing to admit his involvement with the Debunking Websites, Butowsky forced Defendants to incur significant legal expenses to uncover and rebut these false discovery responses.   This Court should order that Butowsky pay Defendants' expenses, including attorney's fees, incurred in proving his involvement in the Debunking Websites pursuant to Federal Rule of Civil Procedure 37(c)(2) and enter a schedule by which Defendants may submit an application for their expenses and attorney's fees.

Respectfully submitted,

By: */s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:   (512) 867-8400
Telecopier:   (512) 867-8470

David H. Harper
State Bar No. 09025540
david.harper@haynesboone.com
Stephanie N. Sivinski
State Bar No. 24075080
stephanie.sivinski@haynesboone.com
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:   (214) 651-5000
Telecopier:   (214) 651-5940

David J. Bodney
*admitted pro hac vice*
bodneyd@ballardspahr.com
Ian O. Bucon
*admitted pro hac vice*
buconi@ballardspahr.com

BALLARD SPAHR LLP
1 E. Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone:   602.798.5400
Fax:             602.798.5595

*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on June 19, 2020, the parties conferred on the relief sought herein.  Agreement on the relief requested herein could not be reached, and therefore the motion is opposed.

*/s/ Laura Lee Prather*
Laura Lee Prather

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 19, 2020, a true and correct copy of the foregoing document was served via e-mail to the following counsel of record:

| | |
|---|---|
| Ty Odell Clevenger | Steven S. Biss |
| P.O. Box 20753 | 300 West Main Street, Suite 102 |
| Brooklyn, NY 11202-0753 | Charlottesville, VA 22903 |
| 979-985-5289 (phone) | 804-501-8272 (phone) |
| 979-530-9523 (fax) | 202-318-4098 (fax) |
| tyclevenger@yahoo.com | stevenbiss@earthlink.net |

*/s/ Laura Lee Prather*
Laura Lee Prather

## CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), Movants certify that a motion to seal the document has been filed separately and immediately prior to this Reply.

*/s/ Laura Lee Prather*
Laura Lee Prather