**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ED BUTOWSKY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **DAVID FOLKENFLIK, ET AL.,** | § | **4:18-CV-00442-ALM** |
| | § | |
| **Defendants.** | § | |

<u>**APPLICATION FOR ATTORNEY'S FEES**</u>

After prevailing on their Motion to Compel, Defendants (collectively, "NPR") are entitled to recover the attorney's fees expended in drafting and filing the motion to compel and related briefing.  *See* Joint Report Regarding Attorneys' Fees, Dkt. 159, ¶ 4 ("The Parties agree that NPR is entitled to recover attorneys' fees.").  As the Court noted in its Order on NPR's Motion to Compel, Rule 37(a)(5)(A) provides that when a motion to compel is granted, the Court may require the losing party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  As set out in the attached declarations of Laura Prather and David Bodney and explained below, the reasonable attorney's fees NPR incurred in making its omnibus Motion to Compel along with the hundreds of pages of supporting evidence and supporting briefing are $69,493.50.[1]

**A.     Legal Standards Regarding Lodestar Calculation.**

Courts use the "lodestar" method to calculate attorney's fees.  *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).  The "lodestar" is calculated by multiplying the number

---

[1] NPR will continue considering its request, including meeting and conferring with Butowsky if appropriate, and reserves the right to seek a lesser attorney's fee award in its reply brief to the extent that helps facilitate resolution of this issue.

of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895-96 n. 11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).  There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).

While the lodestar is presumed reasonable, the Court may either accept the lodestar figure or  decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors, which are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases.  *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), overruled on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

## B.     NPR's Reasonable Lodestar Calculation.

NPR requests an award of the $69,493.50 in reasonable attorney's fees that it incurred in making the Motion to Compel.[2]   NPR is represented on an hourly basis, and neither firm's representation is contingent or pro bono.  Ex. 1 ("Prather Decl."), ¶¶ 10, 30; *see also* Ex. 2 ("Bodney Decl."), ¶ 7 (attaching invoices for hourly work rendered).  All amounts requested herein were charged to NPR and either have been or will be paid.  Prather Decl., ¶ 30.

This lodestar calculation is based on the 173.1 hours NPR's counsel spent making the instant Motion to Compel—reviewing hundreds of pages of documents produced in related litigation and by third parties, comparing those productions to Butowsky's production in this case, and reviewing the pleadings filed in related litigation to understand Butowsky's overarching discovery failures in addition to the typical research, drafting, and revising required to brief a motion.  Those hours were then multiplied by the applicable hourly rates which range from $325-$485.  Prather Decl., ¶¶ 8, 9, 15.  Contemporaneous billing records and a summary of the relevant billing entries including billing attorney, date worked, description of work, applicable billing rate, and time worked is submitted with this Application.  Prather Decl., Exs. E-J; Bodney Decl., Exs. C-D.

The number of hours spent working on the motion was reasonable.  Those hours break down as follows:

- Preparing to draft the Motion to Compel, including conferring with Butowsky's counsel: 12.5 hours. *Id.* at ¶ 16;

- Drafting and revising the Motion to Compel: 82.8 hours. *Id.* at ¶ 17;

---

[2] This number does not include time that has yet to be billed to NPR.  NPR estimates that its attorneys spent 32 hours negotiating the reasonable fee amount with Butowsky's counsel, preparing and filing the joint report on those negotiations, and drafting this application and its accompanying declarations. And NPR will also incur additional fees filing a reply in support of this application.  While NPR does not seek to recover fees for this time, these expenses could have also been avoided if Butowsky had simply complied with his discovery obligations months ago.

- Review Butowsky's response to the Motion to Compel and outlining, drafting, and revising the Reply in support of the Motion to Compel: 61 hours. *Id.* at ¶ 19; and

- Drafting the Notice of Supplemental Evidence: 11.8 hours.  *Id.* at ¶ 20.

As discussed below in the context of the *Johnson* factors, NPR's Motion to Compel was complicated, involving hundreds of pages of evidence and addressing 45 Requests for Production, three Interrogatories, Butowsky's alteration and manipulation of evidence, Butowsky's efforts to obstruct third-party discovery, and Butowsky's discovery failures in several other co-pending lawsuits.  *Id.* at ¶ 17. Further, the process was made more complicated by Butowsky's stonewalling efforts.  Therefore, the time spent working on this Motion to Compel was reasonable.

The rates NPR's counsel charged—either $485 or $475 for partners and either $395 or $325 for associates—were also reasonable when compared to other rates charged by attorneys in the state of Texas.  *Id.* at ¶ 25.  For several of the attorneys who worked on this matter, the rates charged to NPR represent a significant discount from the attorneys' standard market rates, which range from $1,000 to $630.  Prather Decl, ¶ 26; Bodney Decl., ¶ 6.

Further, NPR sought to reduce fees at every turn.  First and foremost, NPR's Motion to Compel would not have been necessary but for months of evasive maneuvers and stonewalling of document requests, formal and informal, by Plaintiff and his counsel.  NPR's Application for Attorneys' Fees does not seek recovery for all the time and expense incurred endeavoring to obtain discovery ***before*** the Motion to Compel became necessary.  Second, billable tasks were assigned to and completed by the attorney or qualified professional with the lowest hourly rate, as much as possible.  *See* Bodney Decl., ¶ 9 (stating that work performed by Ballard was billed at an effective rate of $427).

**C.      Departure from the Lodestar is Not Warranted Here.**

The lodestar amount sought here of $69,493.50 is presumed reasonable, and the *Johnson* factors do not warrant either a decrease or an enhancement of the lodestar amount.  *See Perdue*, 559 U.S. at 552 ("[T]here is a 'strong presumption' that the lodestar figure is reasonable. . .").  Nevertheless, the applicable *Johnson* factors are discussed below.

### *Time and Labor Required*

As explained above, this Motion to Compel was complex in several ways—the time period over which the deficiencies happened, the breadth and depth of Butowsky's deficiencies, and the extraordinary factual investigation NPR had to undergo to prove those deficiencies.  The Motion to Compel was ultimately supported by a declaration and 26 exhibits containing over 450 pages of evidence.   Additional evidence was attached to the Reply and the Notice of Supplemental Evidence.  Briefing the Motion required a continuing assessment of Butowsky's shifting rationales for non-compliance, a detailed familiarity with the documents received from other sources, and the Rules of Civil Procedure and Protective Order.  *See* Bodney Decl., ¶ 3.

For example, the Haynes and Boone team spent 12.5 hours preparing to draft the Motion to Compel, including to meet and confer with Butowsky's counsel.  Because NPR initially served its requests for production five months before Butowsky ever produced documents, NPR's counsel had to draft chronologies of the many meet and confers conducted and correspondence sent alerting Butowsky's counsel to the deficiencies in his production.  Counsel spent an additional 5 hours reviewing Butowsky's productions in other, related litigation to identify deficiencies in Butowsky's production in this case.  *See* Prather Decl., ¶ 16.

NPR's counsel also spent significant time—40.6 hours by Haynes and Boone attorneys and 42.2 hours by Ballard lawyers (together, the "Firms")—drafting and revising the Motion to Compel.  This is a reasonable amount of time to draft and revise this complex Motion to Compel.

Butowsky's discovery deficiencies were so broad and pervasive that the Motion to Compel had to address 45 Requests for Production and 3 Interrogatories.  It also had to address Butowsky's (1) alteration and manipulation of the few documents he had produced in this matter, (2) his efforts to obstruct third party discovery efforts, and (3) his discovery failures in multiple co-pending, related lawsuits.  For example, NPR had to compare the redacted text messages Butowsky produced against the same text messages obtained from Wheeler in unredacted form to determine what Butowsky was hiding in the redactions.  *See* Prather Decl., ¶ 17.

The Motion to Compel also supported NPR's allegations of deficiencies by analyzing documents received from third parties—Rod Wheeler, Fox News Network, and Aaron Rich—and comparing those documents to Butowsky's production here.  For example, this analysis included statistics about the number of emails and text messages that Wheeler exchanged with Butowsky versus the number produced in this case.  *See* Prather Decl., ¶ 18.

In his response, Butowsky continued to maintain that he had completed his discovery obligations.  Therefore, counsel spent an additional 61 hours—39.3 hours by Haynes and Boone and 21.7 hours by Ballard—outlining, drafting, and revising the Reply in support of the Motion to Compel.  The Reply closely analyzed the documents Butowsky had produced in related litigation but had failed to produce in this case, including page and document count statistics, which are time-intensive to generate.  The Reply also required legal research regarding the sufficiency of Butowsky's objections, which the Court ultimately found insufficient. The Reply was supported by an additional declaration and 30 additional pages of evidence. *See* Prather Decl., ¶ 19.

Because later third-party discovery bolstered NPR's Motion to Compel, NPR also drafted two supplemental briefs to present this additional evidence to the Court.  Further, the analysis in the Notice of Supplemental Evidence was cited in the Court's order granting the Motion to

Compel, demonstrating that the additional evidence was important and necessary.  The Notice of Supplemental Evidence required an additional 11.8 hours of work—all necessitated by Butowsky's continued refusal to produce documents.  Only after the Notice of Supplemental Evidence was filed did Butowsky finally admit that his production was insufficient. *See* Prather Decl., ¶ 20.

### Skill Required to Perform the Legal Service Properly

This particular Motion to Compel did not require specialized legal skill.  However, the case at large demands a specialized skill set and justifies NPR's counsel's rates.  The areas of free speech, defamation, and speech-related claims pled under alternate theories are highly specialized and complex. An extremely small number of attorneys in the State of Texas specialize in this area. After the U.S. Supreme Court began to "constitutionalize" the tort of defamation with *New York Times v. Sullivan* in 1964, numerous questions have arisen in this area, such as the elements that must be proven in a defamation claim, which party has the burden of proof, what impact the type of defendants have on the burden, what privileges are recognized under the law, and whether any such privileges are absolute or qualified. As a result, this area of the law has taken on a complexity not seen in almost any other tort practice. The practice area requires an extremely high degree of skill and thoroughness to adequately provide legal services in this area.  *See* Prather Decl., ¶ 22.

NPR's counsel exhibits these necessary traits.  For example, Ms. Prather was selected to receive the 2019 Tony Mauro Media Lawyer Award by the American Lawyer for her efforts advocating for legislation to strengthen First Amendment rights in Texas. Prather Decl., ¶3, Ex. A.  She has also been consistently recognized as one of the best lawyers in America and Texas. *Id.*  Mr. Bodney founded Ballard's Media and Entertainment Law Group and previously served as the Chair of the American Bar Association's Forum on Communications Law.  Bodney Decl., ¶ 4.

He has taught media law at Arizona State University's Sandra Day O'Connor College of Law and Walter Cronkite School of Journalism and Mass Communication for the past 30 years.  *Id.*

### Preclusion of Other Employment

The time expended by Haynes and Boone and Ballard attorneys on the Motion to Compel represents only a fraction of the total fees worked on this matter over the course of the five months during which the Motion to Compel was briefed.  The Firms have a number of paying clients on whose cases or matters these same attorneys could have worked if the Motion to Compel had not been required.  *See* Prather Decl., ¶ 23.

### Customary Fee

In cases involving defamation against the media, hourly rates do not typically vary by community.  The practice is so complex and specialized that only a small number of Texas attorneys are qualified to perform these services for clients. Those highly-qualified attorneys travel to where a case is pending. Thus, in this circumstance, the relevant "community" is more accurately seen as the entire State of Texas. The hourly rates involved in this case are comparable to that of the small number of similarly-qualified attorneys in this field of practice in Texas. *See* Prather Decl., ¶ 24.

The rates charged in this case—either $485 or $475 for partners and either $395 or $325 for associates—are comparable to or less than other rates found reasonable in the State of Texas. *See, e.g., Slipchenko v. Brunel Energy, Inc.*, No. 11-1465, 2015 WL 338358, at *19 (S.D. Tex. Jan. 23, 2015) (finding that billing rates ranging from $415 to $530 for associates are generally comparable to the rates charged by Texas-based firms handling complex litigation matters); *S & H Ind., Inc. v. Selander*, Civil Action No. 3:11-CV-2988-M-BH, 2014 WL 1116700, at *6 (N.D. Tex. 2014) (Lynn, J.) (finding $468 to be a reasonable hourly fee for an associate attorney);

*Baltasar D. Cruz v. James Van Sickle, et al.,* Cause No. DC-12-09275 (160th Dist. Ct., Dallas County, Tex. March 22, 2013), *reversed on other grounds* (finding attorney's fees to be reasonable at rates of $835-$585 for partners, and $380-$375 for associates); Final Judgment and Affidavit, *Mapp v. Dallas Morning News,* No. DC-14-02118 (191st Dist. Ct., Dallas County, Tex. July 3, 2014 (finding attorney's fees of $500 per hour reasonable); Order Granting Motion for Attorney's Fees for Integracare, *Crazy Hotel Assisted Living, Ltd. v. Newspaper Holdings,* Inc.,  Cause No. 2011-74615 (234th District Court, Harris County, Tex., 2014) (finding rate of $480 per hour reasonable); Prather Decl., ¶ 25.

For the majority of the attorneys working on this matter, the rates charged in this case represent a significant discount from their standard market rates, which range from $1,000 to $630. *See* Prather Decl., ¶ 26; Bodney Decl., ¶ 6.

### *Monetary Amount Involved and Results Obtained*

This case is important for NPR.  Butowsky seeks $60,000,000 in damages, making it a financially essential case to defend.  But the case also involves NPR's First Amendment rights to report on an ongoing matter of public concern.  NPR needs documents from Butowsky to defend itself and protect its constitutional rights.

NPR's Motion to Compel presented such compelling evidence of discovery misbehavior that the Court granted all substantive requests and overruled Butowsky's objections.  The evidence also convinced one of Butowsky's own lawyers to admit that his production had been "very inadequate."

### *Experience, Reputation, and Ability of the Attorneys*

Ms. Prather, Mr. Lewis, and Mr. Bodney have dedicated the majority of their practices to the complex First Amendment and media litigation involved in this case.  *See* Prather Decl., ¶ 3

and Exs. A, D; Bodney Decl., ¶ 5 and Ex. A.  The other attorneys representing NPR in this case also have experience litigating media-related and other complex commercial litigation, including in this District.  *See* Prather Decl., Exs. B, C; Bodney Decl., Ex. B.

**D.      Conclusion.**

The Motion to Compel NPR filed was complex and involved a great deal of factual investigation and analysis.  That analysis ultimately proved to the Court that Butowsky's prior discovery efforts had been extraordinarily deficient.  The time spent and rates charged to perform that necessary legal work produces a presumptively reasonable lodestar amount of $69,493.50. The Firms engaged in good-faith efforts to resolve NPR's attorneys' fees claim before filing this Application, but Butowsky made no reasonable attempt to recognize his responsibilities.  *See* Bodney Decl., ¶ 9.  Accordingly, NPR requests that the Court grant its request and Order that Butowsky and his counsel are jointly and severally liable for the amount sought herein.

Respectfully Submitted,

By: */s/ Laura Lee Prather*
Laura Lee Prather
State Bar No.  16234200
laura.prather@haynesboone.com
Wesley D.  Lewis
State Bar No.  24106204
wesley.lewis@haynesboone.com
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:    (512) 867-8400
Telecopier:    (512) 867-8470

David H. Harper
State Bar No. 09025540
david.harper@haynesboone.com
Stephanie N. Sivinski
State Bar No. 24075080
stephanie.sivinski@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:    (214) 651-5000
Telecopier:    (214) 651-5940

David J. Bodney
*admitted pro hac vice*
bodneyd@ballardspahr.com
Ian O. Bucon
*admitted pro hac vice*
buconi@ballardspahr.com
BALLARD SPAHR LLP
1 E. Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone:    (602) 798-5400
Telecopier:    (602) 798-5595

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

On June 24, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, and therefore have served all counsel of record electronically through the Court's ECF system.

*/s/ Laura Lee Prather*

## CERTIFICATE OF CONFERENCE

In addition to the communications set out in the Parties' Joint Report (Dkt. 159), the Parties continued to meet and confer about the relief sought herein, including by email on June 23.  The parties have not agreed on an amount of reasonable attorneys' fees, and Plaintiff is opposed to the amount of fees requested.

*/s/ Laura Lee Prather*