## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

**Edward Butowsky,**

    Plaintiff,

**v.**

**David Folkenflik, et al.,**

    Defendants

**Case No. 4:18-cv-442-ALM**

## PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL EVIDENCE IN SUPPORT OF MOTION FOR SANCTIONS

NOW COMES Edward Butowsky, the Plaintiff, responding to the Defendants' Notice of Supplemental Evidence in Support of Motion for Sanctions (Doc. No. 155):

### Argument

### (1) An improper response to a request for admission is not a basis for Rule 11 sanctions.

The Defendant's Notice of Supplemental Evidence was filed in bad faith. A failure to admit something in response to a request for admissions is not a basis for Rule 11 sanctions, and the Defendants know that. "…Rule 11(d) specifically forecloses Rule 11 sanctions for discovery violations, and all of Defendants' arguments regarding Plaintiff's alleged violations deal with discovery issues, whether it be written discovery in the form of Requests for Admissions, or depositions." *Cannon v. S. Univ. Bd. of Supervisors*, CV 17-527-SDD-RLB, 2019 WL 1590585, at *1 (M.D. La. Apr. 12, 2019).  Furthermore, a failure to admit something is not tantamount to "lying." Requests for admission are not

sworn answers to interrogatories.  Instead, their purpose is to "narrow the issues to be resolved at trial by identifying and eliminating those matters on which the parties agree." *Am. Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1121 (5th Cir. 1991).

The sole remedy when a party improperly denies a request for admission is found in Rule 37:

> Federal Rule of Civil Procedure 37(c)(2) makes sanction available as to Rule 36 requests where "a party fails to admit what is requested under Rule 36 and [ ] the requesting party later proves a document to be genuine or the matter true." Fed. R. Civ. P. 37(c)(2); *see also Vantage Trailers, Inc. v. Beall Corp.*, No. Civ. A. H-06-3008, 2008 WL 4093691, at *2 (S.D. Tex. Aug. 28, 2008) ("Rule 37(c)(2) provides for sanctions against a party for improperly denying a request for admissions that is later proven to be true."); accord Fed. R. Civ. P. 36 advisory committee's note (1970) ("Rule 36 does not lack a sanction for false answers; Rule 37(c) furnishes an appropriate deterrent.").

> In those circumstances, "the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof," and Rule 37(c)(2) directs that "[t]he court must so order unless: (A) the request was held objectionable under Rule 36(a); (B) the admission sought was of no substantial importance; (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or (D) there was other good reason for the failure to admit." Fed. R. Civ. P. 37(c)(2); *see also Richard v. Inland Dredging Co., LLC*, No. 6:15-0654, 2016 WL 5477750, at *3 (W.D. La. Sept. 29, 2016) ("One commentator has stated that the 'reasonable grounds' exception is the most important consideration that justifies the refusal to make an award under Rule 37(c)." (internal quotation marks and citation omitted)); *Sparks v. Reneau Pub. Inc.*, 245 F.R.D. 583, 588 (E.D. Tex. 2007) ("Federal Rule of Civil Procedure 37(c)(2) provides that if a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, upon motion the Court 'shall' award the requesting party reasonable fees and expenses incurred in proving up those matters 'unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.' This rule leaves the Court with no discretion." (citation omitted; emphasis removed)).

*Campos v. HMK Mortgage, LLC*, 3:18-CV-1362-X, 2019 WL 7842434, at *2 (N.D. Tex. Dec. 26, 2019).   The Defendants have filed a motion for Rule 37 sanctions, and the Plaintiff will respond to that motion in due time.

### (2) A refusal to answer an interrogatory – based on a properly asserted objection – cannot be the basis for *any* kind of sanction.

On page 5 of their Notice of Supplemental Evidence, the Defendants fault the Plaintiff because "in his most recent interrogatory responses, he refused to provide a list of the websites he owns, manages or controls."   That is petty and ridiculous. As their own exhibit reveals, the Plaintiff properly asserted an objection to that interrogatory. The Defendants have never asserted that the objection was improper, nor did they seek to compel the Plaintiff to answer that interrogatory. They do not cite any authority whatsoever to suggest that the Plaintiff did something wrong by asserting an objection, and indeed there is no such authority.

## Conclusion

Nothing in the Notice of Supplemental Evidence is relevant to the Defendants' request for Rule 11 sanctions.   The Plaintiff will address the Defendants' latest accusations when he responds to their Rule 37 motion.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Attorney for Plaintiff Edward Butowsky**

## CERTIFICATE OF SERVICE

I certify that a copy of this document was filed electronically with the Court's ECF system on June 26, 2020, which should result in automatic notification to all counsel of record.

**/s/ Ty Clevenger**
Ty Clevenger