# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ED BUTOWSKY, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No.  4:18CV442 |
| | § | Judge Mazzant/Magistrate Judge Craven |
| DAVID FOLKENFLIK, ET AL., | § | |
| Defendants. | § | |

## ORDER

The above-referenced cause of action was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636.  The following motion is before the Court:

> **Plaintiff Edward Butowsky's Motion for Extension of Deadlines (Docket Entry # 171).**

The Court, having carefully considered the motion, is of the opinion the motion should be **GRANTED IN PART and DENIED IN PART** as set forth herein.

## BACKGROUND

This is an action for defamation *per se*, business disparagement, and civil conspiracy filed by Plaintiff Ed Butowsky ("Plaintiff"), a Dallas investment advisor, against National Public Radio, Inc. ("NPR"), its senior media correspondent, David Folkenflik, and certain former and current executive editors at NPR (collectively, "Defendants"). On June 5, 2020, the Court granted Defendants' motion to compel discovery (Docket Entry # 85) in part, deferring any ruling on the request for expenses. The Court ordered Plaintiff and his counsel, within thirty days from the date of entry of the Order, to produce responsive documents and to supplement interrogatory responses.

Docket Entry # 147.

## PLAINTIFF'S MOTION FOR EXTENSION

In his current motion, Plaintiff requests the Court extend the outstanding deadlines in the June 5, 2020 Order from July 5, 2020 until August 4, 2020. Plaintiff also moves the Court to extend all other outstanding deadlines contained in the Third Amended Scheduling Order by forty-five days. According to Plaintiff, his counsel has been experiencing severe medication-withdrawal symptoms, both physical and emotional, since June 15, leaving him "effectively incapacitated for much of that period and unable to work." Docket Entry # 171 at p. 1. As a result, and further considering Plaintiff's co-counsel has been terminated from this case, counsel has made little progress toward complying with the June 5, 2020 Order. Counsel states Plaintiff has authorized him to retain a firm to provide both technical assistance on discovery as well as document review, and counsel "expects to have that agreement in place by next week to avoid any further delays in this case." *Id.* at p. 2. Plaintiff's counsel states he has conferred with Defendants' counsel, and the motion is unopposed "so long as all unexpired deadlines in the Court's Third Amended Scheduling Order, including the pretrial conference and trial date, are extended by 45 days to accommodate Plaintiff's request and to avoid scheduling conflicts that would otherwise arise by a 30-day extension." *Id.* at pp. 2-3.

## DISCUSSION

Having carefully considered Plaintiff's motion and the representations made therein by Plaintiff's counsel, the Court, in its discretion, extends by thirty days the Court-imposed July 5, 2020 deadline for Plaintiff to produce documents as required in the June 5, 2020 Order. Plaintiff shall produce all documents and supplemental discovery responses due to Defendants by August 4, 2020. In light of this extension, the Court also reschedules to **August 18, 2020** the July 21, 2020 hearing

currently scheduled on Defendants' Motion for Sanctions Pursuant to Rule 11 for Violations Committed by Plaintiff and His Counsel (Docket Entry # 96) and Plaintiff's Motion for Leave to File Third Amended Complaint (Docket Entry # 98).

However, the Court must separately decide whether there is good cause, based on the thirty-day extension or otherwise, to extend all remaining deadlines contained in the Third Amended Scheduling Order by forty-five days. Federal Rule of Civil Procedure 16(b) provides as follows: "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The Fifth Circuit has stated four factors trial courts must consider when determining whether good cause exits to allow a deviation from the court's scheduling order: (1) the explanation for the failure to [complete the discovery within the deadline]; (2) the importance of the [modification of the deadline]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice. *Reliance Ins. Co. v. The Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

On June 3, 2020, the Court entered a Third Amended Scheduling Order, granting in part (as modified) and denying in part the parties' Third Joint Motion to Modify Scheduling Order. Docket Entry # 144. Although the Court found good cause to extend the October 30, 2020 discovery deadline to January 15, 2021 and the December 15, 2020 dispositive motions deadline to January 22, 2021, the Court did not find good cause at that time to extend those deadlines as far out as requested by the parties. Nor did the Court find good cause to continue the April 1, 2021 pretrial conference to November 11, 2021. The Court noted this case has been pending for almost two years and will have been pending for almost three years at the time of the current trial window.

3

The Court, having considered the four factors, does not find good cause to allow a deviation from the Court's Third Amended Scheduling Order at this time. The Court is not persuaded the Court's thirty-day extension of the deadlines contained in the June 5, 2020 Order and the short continuance of the hearing on Defendants' motion for sanctions warrants a forty-five day extension of all remaining deadlines contained in the Third Amended Scheduling Order, including the April 1, 2021 pretrial conference date and the May 3, 2021 - June 4, 2021 trial window. Not only have the parties failed to show the importance of a forty-five day extension of all remaining deadlines, but the Court notes the above considerations regarding the age of this case remain unchanged.

Accordingly, it is hereby

**ORDERED** that Plaintiff Edward Butowsky's Motion for Extension of Deadlines (Docket Entry # 171) is **GRANTED IN PART and DENIED IN PART** as set forth herein. It is further

**ORDERED** Plaintiff shall produce all other documents and supplemental discovery responses due to Defendants by August 4, 2020. It is further

**ORDERED** the July 21, 2020 hearing scheduled on Defendants' Motion for Sanctions Pursuant to Rule 11 for Violations Committed by Plaintiff and His Counsel (Docket Entry # 96) and Plaintiff's Motion for Leave to File Third Amended Complaint (Docket Entry # 98) is reset for **August 18, 2020**, at 10:00 a.m.[1] It is further

---

[1] The Court notes that after prevailing on their motion to compel, Defendants filed their Application for Attorney's Fees seeking $69,493.50. Docket Entry # 164. Although the parties agree Defendants are entitled to recover attorneys' fees, Plaintiff is opposed to the amount of fees requested. *Id.*; *see also* Docket Entry # 159 at p. 2. Plaintiff's response is due July 8, 2020, any reply is due July 15, 2020.

The Court further notes Defendants have recently filed a Notice of Supplemental Evidence in Support of Motion for Sanctions, submitting "additional evidence regarding Butowsky's knowingly false statements that this Court should consider when evaluating the pending Motion for Sanctions." Docket Entry # 155 at p. 1 ("Butowsky has repeatedly denied having any involvement with the websites 'debunkingrodwheelersclaims.com' and 'debunkingrodwheelersclaims.net' (collectively, the 'Debunking Websites'), but third-party discovery shows that those sites were created at his direction."). On June 19, 2020, Defendants filed another Motion for Sanctions Pursuant to

4

**ORDERED** that all deadlines contained in the Court's June 3, 2020 Third Amended

Scheduling Order (Docket Entry # 144) remain unchanged.

**SIGNED this 7th day of July, 2020.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

---

Federal Rule of Civil Procedure 37 which relates to Plaintiff's involvement in the Debunking Websites. Docket Entry # 161. In this second motion, Defendants also seek to recovery their costs, including attorneys' fees, "associated with uncovering Butowsky's lies regarding his involvement in the Debunking Websites." *Id.* at p. 4.

As of this date, Plaintiff has filed a response to the Notice of Supplemental Evidence (Docket Entry # 167), but he has not yet responded to the second motion for sanctions. To the extent the parties would like any of the above matters heard at the rescheduled August 18, 2020 hearing, they shall make such a request in writing as soon as practicable.