# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

**Edward Butowsky,**

    Plaintiff,

**v.**                                                              **Case No. 4:18-cv-442-ALM**

**David Folkenflik, et al.,**

    Defendants

## PLAINTIFFS' RESPONSE TO DEFENDANTS' APPLICATION FOR ATTORNEY FEES

NOW COMES Edward Butowsky, the Plaintiff, responding to the Defendants'
Application for Attorney's Fees (Doc. No. 164):

### Introduction

The Plaintiff does not dispute whether the Defendants are entitled to an award of
attorney fees, nor does he dispute the reasonableness of the rates charged by counsel.  He
does, however, dispute the reasonableness of spending 173.1 hours on what should have
been an off-the-shelf motion to compel.

### Argument

**1.  The Plaintiff has not acted in bad faith.**

Unfortunately, nearly every document that the Defendants file in this case is filled
with distractions and breathless personal attacks on the Plaintiff and/or Plaintiff's
Counsel. Given the fact that the Defendants have been sued for willfully slandering the
Plaintiff, perhaps the Plaintiff should not be surprised that they would employ casual

- 1 -

slander in their pleadings. Contrary to their allegations, there has been neither malice nor bad faith on the part of the Plaintiff. For months now, the Defendants have acted as if the Plaintiff's medical condition was imaginary, and as if its impact on this litigation was not real. The Plaintiff already has provided the Court with an overview of the life-threatening medical problems he experienced during most of this litigation, *i.e.*, ten surgeries plus 33 other medical procedures because of a defective hip implant (and resulting infections). *See* Declaration of Edward Butowsky (Doc. No. 140-1). In order to further dispel the myth peddled by the Defendants, the Plaintiff will separately file roughly 450 pages of medical records to the Court under seal. Even now, the Plaintiff is in chronic pain and unable to walk because his hip was removed (but not replaced) in order to allow his hip socket to recover from a life-threatening infection. *Id.* The Plaintiff should have sought an abatement last year, but he did not, and he accepts responsibility for his attorney's failure to timely comply with discovery requests. That, however, does not mean the Defendants are entitled to a windfall in attorney fees.

**2.  The amount of time spent on the Motion to Compel was grossly excessive.**

Lodestar fees are determined "by multiplying the hours <u>reasonably spent</u> on the case by an appropriate hourly rate." *Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 257 (5th Cir. 2018)(emphasis added). Courts have the power to reduce a fee award under Fed. R. Civ. P. 37 where counsel spends more time than necessary, and they have done so even where parties billed far less than 173.1 hours:

> Twenty-nine hours of attorney time to prepare and file a motion, memorandum in support, and reply memorandum is clearly excessive and unreasonable. This conclusion follows from the fact that the discovery order was clear and

unambiguous, and plaintiff's violation of that order was equally clear, and indeed, uncontested. Given that the facts were neither disputed nor complicated, and given that no novel legal issue was presented, there is simply no good reason for experienced attorneys to have spent 29 hours on this matter. Although thoroughness is a virtue, attorneys must exercise sound judgment to avoid devoting more time to a problem or issue than is warranted.

*Shammas v. Focarino*, 990 F. Supp. 2d 587, 593–94 (E.D. Va. 2014), aff'd, 784 F.3d 219 (4th Cir. 2015); *see also Kizer v. Abercrombie & Fitch Co.*, CV125387JSAKT, 2017 WL 9512408, at *10 (E.D.N.Y. July 24, 2017)(summarizing cases and concluding that 49.7 hours was excessive), report and recommendation adopted, 12CV5387JSAKT, 2017 WL 3411952 (E.D.N.Y. Aug. 9, 2017).  While each case obviously varies according to its particular facts and circumstances, spending 173.1 hours on a motion to compel is off the charts. There is nothing unique about this case or the motion that would require such an expenditure of time and effort.

Ironically, the strongest argument against the amount of time that counsel spent on the Defendants' Motion to Compel Discovery Pursuant to Fed. R. Civ. P. 37 (hereinafter "Motion to Compel") is set forth in that very motion. On pages 3-5 of the Motion to Compel, the Defendants established that the Plaintiff's former attorney, Steven Biss, repeatedly promised to provide documents and yet did not provide those documents. That by itself was more than sufficient to support the Motion to Compel, and it would have been more than sufficient to support the exact order that this Court entered on June 5, 2020 in response to the Motion to Compel. Defendants' Counsel did not need to review thousands of documents from other cases or all of the Plaintiff's phone records in order to prove the obvious, *i.e.*, that the Plaintiff's former attorney had not provided the

documents that he said he would produce (and that the Plaintiff was indeed obligated to produce).[1]

The Defendants undertook extremely broad third-party discovery in this case and, contrary to the representations of their attorneys, the Plaintiff has never impeded their efforts to subpoena whomever or whatever they wished. The Defendants even subpoenaed all of the Plaintiff's personal cell phone and text records.  If the Defendants wanted to go on a fishing expedition, then that was their prerogative (at least to some extent), and the Plaintiff did not get in their way. Now, however, the Defendants want to bill the Plaintiff for that fishing expedition by claiming that it was somehow related to the Motion to Compel.

The Defendants are trying to shift tens of thousands of dollars worth of general discovery costs to the Plaintiff by portraying their efforts as necessary to the Motion to Compel. In reality, the Defendants would have reviewed all of the records from the *Aaron Rich* case regardless of whether they filed their Motion to Compel. Likewise, they would have reviewed all of the Plaintiff's phone records regardless of whether they filed their Motion to Compel (because otherwise they would have limited the phone numbers and dates covered by the subpoena). It is therefore disingenuous to suggest that these costs were necessarily incurred in support of the Motion to Compel.

---

[1] The Defendants' May 8, 2020 Notice of Supplemental Evidence in Support of Motion to Compel (Doc. No. 132) is another example of overkill.  As noted above, the Defendants had already established that the Plaintiff's former attorney failed to produce the documents that he said he would produce. A granular analysis of what was produced from other cases was not needed to support the Motion to Compel, thus the Notice of Supplemental Authority was not necessary at all.

The Plaintiff has conceded that the Defendants' are entitled to fees for the hours "reasonably spent" on the Motion to Compel, but 173.1 hours is nowhere near reasonable. The Plaintiff contends that 12-15 hours would have been a reasonable amount of time to spend on the Motion to Compel and the reply. *See* Declaration of Ty Clevenger (Exhibit 1).

**<u>Conclusion</u>**

The Court should award the Defendants attorney fees, but reduce the award to the equivalent of 12-15 hours' worth of fees.

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
*tyclevenger@yahoo.com*

**Attorney for Plaintiff Edward Butowsky**

## CERTIFICATE OF SERVICE

I certify that a copy of this document was sent via email on July 8, 2020 to the attorneys representing the Defendants:

Laura Lee Prather
*laura.prather@haynesboone.com*

David J. Bodney
*bodneyd@ballardspahr.com*

Wesley D. Lewis
*wesley.lewis@haynesboone.com*

Ian O. Bucon
*buconi@ballardspahr.com*

**/s/ Ty Clevenger**
Ty Clevenger