## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **ED BUTOWSKY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **DAVID FOLKENFLIK, ET AL.,** | § | **4:18-CV-00442-ALM** |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANTS' REPLY IN SUPPORT OF APPLICATION FOR ATTORNEY'S FEES

Butowsky concedes that (a) NPR is entitled to a fee award under Rule 37, and (b) NPR's requested hourly rates are reasonable. Dkt. 173 at 1. Thus, the only remaining issue before the Court is the number of hours to be included in the lodestar calculation. In his Response, in an effort to avoid responsibility for the attorney's fees that his conduct caused Defendants to incur, Butowsky offers a litany of irrelevant excuses for his misconduct.

Tellingly omitted from Butowsky's response is the fundamental fact that after more than six months of delays and promises, he misrepresented to Defendants that he possessed only 299 responsive documents and that his production was "completed." As Defendants' efforts revealed, there are actually thousands of additional documents that Butowsky knowingly failed to produce. Because Butowsky continued to assert that he had produced all responsive documents, even after the motion to compel was filed, NPR had to demonstrate through hundreds of pages of evidence that responsive documents did exist, and Butowsky was withholding them. Butowsky and his counsel's misrepresentations thus necessitated NPR engaging in substantial additional work, and the attorney's fees of which Butowsky complains are wholly self-inflicted. NPR's time worked was reasonable and necessary for these numerous, complicated, and long-standing disputes.

## I.   ARGUMENT

The sole remaining dispute for the Court is whether the number of hours NPR spent on the motion to compel is reasonable. Butowsky submits no evidence or analysis of the *Johnson* factors to support his contention that the hours were unreasonable. Instead, Butowsky mischaracterizes the work that his misrepresentations forced NPR to conduct, belatedly blames his health complications, and complains about the conduct of one of his two attorneys. But the reason for Butowsky's discovery misconduct is irrelevant, particularly where he admits fees are warranted. Rather, the lodestar amount is based on time actually expended.

## A.   The Amount of Time NPR Spent was Reasonable and Necessary.

Citing a series of factually irrelevant cases and with virtually no specificity, Butowsky claims that NPR's fees are excessive. He further claims there "is nothing unique about this case or the motion that would require such an expenditure of time and effort." Pl.'s Resp., Dkt. 173, at 3. These contentions are belied by the undisputed facts.

The fee request was not for merely writing the motion to compel in a garden-variety case, as Butowsky suggests. Indeed, Butowsky's conduct required NPR to address 45 Requests for Production, 3 Interrogatories, and Butowsky's alteration and manipulation of the few documents he did produce. *See* Dkt. 164-1 at 6-8. Meanwhile, even after the motion to compel was filed, Butowsky continued to assert he had produced all responsive documents. So, NPR also had to prove a negative, demonstrating through documents from related litigation and obtained through third-party subpoenas that Butowsky had failed to conduct any reasonable ESI search in this case and withheld relevant documents. *Id.* at ¶¶ 17-19. To do so, NPR had to identify specific documents it knew existed, but that Butowsky had not produced. This additional work—61 hours compiling a reply brief—would not have been required in an ordinary case but was necessitated by Butowsky's continuing intentional misrepresentations.

This Court previously addressed a similar situation in which, in response to Halliburton's motion to compel, MI, LLC falsely contended that all requested documents had been produced. *Halliburton Energy Servs., Inc. v. MI, LLC*, No. 6:05-cv-155, 2006 WL 1004929, *3 (E.D. Tex. Apr. 12, 2006). The Court found that in such circumstances, a fee award of $49,437 was appropriate and compensated Halliburton for the almost 40 hours it spent re-reviewing documents based on MI, LLC's misrepresentations. *Id.* at *3, 5.

Tellingly, Butowsky identifies only two minor examples of fees that he claims were excessive—hours spent reviewing documents and drafting the Notice of Supplemental Evidence.[1] However, the time spent on the Notice was not excessive or unnecessary. Until that Notice was filed, Butowsky had contended his production was complete; however, it was the irrefutable evidence in the Notice that proved his position no longer tenable. Further, the Court cited the Notice over a dozen times and granted the carefully detailed relief NPR described in the Notice of Supplemental Evidence and supporting reply. Dkt. 147 at 9-12, 19-20.

The lodestar amount is based on time actually expended. *Liberty Ins. Underwriters Inc. v. First Mercury Ins. Co.*, Case No. 3:17-cv-3029, 2019 WL 7900687, *4 (N.D. Tex. March 11, 2019) (stating the Court uses the actual hours expended as the "benchmark" for reasonable hours). After excluding allegedly unnecessary hours reviewing documents, the resulting lodestar calculation is presumed reasonable. *Id.* at *4 ("There is a strong presumption of the reasonableness of the lodestar amount"). Butowsky provides no evidence to support his estimate that 12-15 hours was reasonable. Nor does he analyze any of the *Johnson* factors or explain why

---

[1] Butowsky argues NPR would have reviewed documents produced by third parties Aaron Rich and AT&T regardless of Butowsky's discovery deficiencies. NPR disputes that the side-by-side comparison between Butowsky's productions would have taken place without Butowsky's misrepresentations. But to resolve this issue for the Court, NPR will forego fees for the 15.9 hours of time spent reviewing documents in preparation for the motion to compel, comprising $5,982.5 worth of time. After subtracting those entries, Defendants' fee request is reduced to $63,511.00 for 157.2 hours of work. Ex. A (highlighting in yellow now-excluded entries).

NPR's hours should be reduced by 95%, from 157.3 to 15 hours. As set forth in the fee application itself, the *Johnson* factors do not require a reduction in fees here. Dkt. 164-1 at ¶¶ 8-11.

Finally, Butowsky's case cites are inapposite. *Shammas* involved a "mundane" motion to strike late-produced evidence in violation of a discovery order (not a motion to compel). *Shammas v. Focarino*, 990 F.Supp.2d 587, 594 (E.D. Va. 2014). The facts in *Shammas* were undisputed and the violation "uncontested," unlike the nearly fifty disputed discovery violations NPR had to describe here. *Id.* Similarly, *Kizer* involved a motion for fees incurred due to the plaintiff's failure to follow court orders in a garden-variety employment case, not factually-complicated discovery violations in a case seeking damages of $60 million. *Kizer v. Abercrombie & Fitch Co.*, No. CV 12-5387 (JS) (AKT), 2017 WL 9512408, *1 (E.D.N.Y. July 24, 2017).

## B.    Butowsky's Medical Condition Is Irrelevant to the Fee Application.

Butowsky's medical condition is irrelevant to whether the time NPR spent investigating and securing redress for his misconduct was reasonable. Butowsky never sought judicial relief from his discovery obligations. Instead, Butowsky repeatedly told NPR that he had satisfied his discovery obligations in December 2019 and February 2020—long after the 2017 hip implant surgery Butowsky describes in his declaration.[2] Further, despite his illness, Butowsky has participated in the discovery process in other litigation. For example, while Aaron Rich is still seeking additional documents from Butowsky,[3] Butowsky conducted an electronic review and

---

[2] Email from S. Biss dated 12/18/19, Dkt. 85-15 ("I can confirm that Plaintiff's document production was completed this morning. You now have all of Plaintiff's documents."); Pl.'s Resp. to Mot. to Compel, Dkt. 90, at 1 ("Plaintiff has produced all responsive documents in his possession and control."); Butowsky Decl., Dkt. 140-1.

[3] *See* Mot. to Compel, *Rich v. Butowsky*, Case 1:18-cv-00681-RJL (D.D.C. Mar. 27, 2020). Butowsky failed to comply with the order granting that motion to compel, and Aaron Rich filed a motion to enforce the order and to obtain sanctions against Butowsky. That motion remains pending. *See* Pl.'s Notice of Outstanding Document

produced thousands more documents there than he did here. Not. of Supp. Evid., Dkt. 132 at 3

(describing documents Butowsky produced in *Aaron Rich* litigation). Butowsky also responded

to discovery in the *Joel and Mary Rich* litigation, despite representing himself on a *pro se* basis.

*Rich v. Fox News Network, LLC*, No. 18-cv-2223, Dkt. 147 at ¶ 3 (S.D.N.Y. May 27, 2020).

**C.      Butowsky's Lawyer's Misconduct Did Not Simplify the Motion to Compel.**

Paradoxically, Butowsky argues that his counsel's broken promises to produce

documents "was more than sufficient to support the Motion to Compel." Plf.'s Resp. at 3.[4]

Butowsky's contention ignores the fact that Butowsky continued to assert until after the motion

to compel was filed that, with the production of 299 documents, his production in this case was

"complete." *See supra* n. 2. Moreover, Biss' repeated broken promises required NPR to spend

12.5 hours—the time Butowsky now says would have been required to draft the entire motion

and reply brief—meeting and conferring with Butowsky's counsel and drafting a chronology of

Butowsky's broken promises to include in the motion as background. *Id.* at ¶ 16.

## II.      CONCLUSION

The fees NPR seeks are reasonable. This was no ordinary motion, as Butowsky failed on

almost every level to provide documents and intentionally hid relevant information, making it

harder to discovery these deficiencies. *See* Dkt. 161 (describing Butowsky's lies about his

involvement in the DeBunking websites). The six months NPR spent pursuing these

documents—which have still not been produced—is a testament to Butowsky and his counsel's

consistent discovery failures and intentional misrepresentations. NPR has reduced its requested

fee award to address Butowsky's sole specific complaint. The remainder of what it seeks

($63,511) is not a "windfall" but compensation for the hours it spent chasing discovery.

---

Requests at 5, *Rich v. Butowsky*, Case 1:18-cv-00681-RJL (D.D.C. Mar. 27, 2020), Dkt. 173. Aaron Rich has specifically reserved the right to bring additional motions to compel documents from Butowsky. *Id.*

[4] NPR's pending sanctions motions separately address these multiple rules violations. *See* Dkts. 96, 161.

Respectfully submitted,

By:  */s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:     (512) 867-8400
Telecopier:     (512) 867-8470

David H. Harper
State Bar No. 09025540
david.harper@haynesboone.com
Stephanie N. Sivinski
State Bar No. 24075080
stephanie.sivinski@haynesboone.com
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:     (214) 651-5000
Telecopier:     (214) 651-5940

David J. Bodney
*admitted pro hac vice*
bodneyd@ballardspahr.com
Ian O. Bucon
*admitted pro hac vice*
buconi@ballardspahr.com
BALLARD SPAHR LLP
1 E. Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone:     602.798.5400
Fax:               602.798.5595

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on the 15th day of July, 2020, I served the foregoing document on all counsel of record by filing it with the Court's ECF system.

           */s/ Laura Lee Prather*

           Laura Lee Prather