IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Edward Butowsky,**  Plaintiff,  v.  **David Folkenflik, et al.,**  Defendants | Case No. 4:18-cv-442-ALM |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37**

NOW COMES Edward Butowsky, the Plaintiff, responding in opposition to the Defendants' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37 (hereinafter "Motion for Sanctions") (Doc. No. 161):

## Introduction

Throughout this litigation, the Defendants casually and repeatedly accused Mr. Butowsky of lying. Then, without any sense of irony, they filed a Motion for Sanctions that is premised on a lie. They alleged that, "[a]ccording to Butowsky, the Debunking Websites corroborate his position that Rod Wheeler's lawsuit against him was meritless, and Butowsky points to the existence of the Debunking Websites to argue that NPR had access to the 'truth' regarding Rod Wheeler, but disregarded it nonetheless." Motion for Sanctions 2. As set forth herein, that statement is part of a deliberate attempt to deceive the Court. Mr. Butowsky has never contended that the "existence" of the websites corroborates anything. Instead, he has always contended that the *evidence uploaded to*

- 1 -

*those websites* was sufficient to put the Defendants on notice that their statements were false. That distinction is critical.

If the undersigned had prepared and submitted Mr. Butowsky's answers to the six requests for admission highlighted in the Motion for Sanctions, he would have objected to all six of them, because the ownership or control of the websites is utterly irrelevant to this litigation. The only relevant issues are (1) whether the documents, recordings, and communications on those websites are real, and (2) whether they gave the Defendants sufficient notice that their statements about Mr. Butowsky were false. The Defendants cannot plausibly contest either of those issues, so they deliberately staged a bait-and-switch, focusing on the ownership or control of the websites themselves. This is but the latest bad-faith fishing expedition by the Defendants. *See, e.g.,* Plaintiff's Response to Defendants' Application for Attorney Fees (Doc. No. 173) 4.

## Argument

The Defendants cite the correct standard for expenses under Fed. R. Civ. P. 37(c)(2), which reads as follows:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
>
> (B) the admission sought was of no substantial importance;
>
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>
> (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2). In this case, "the admission[s] sought [were] of no substantial importance." For purposes of this litigation, it does not matter who controlled the websites or who uploaded the evidence. What matters is whether the evidence was real, and whether the Defendants were aware of it (for purposes of establishing actual malice).

Suppose that Mr. Butowsky's prior counsel answered the RFAs in the affirmative, acknowledging Mr. Butowsky's connection to the websites. What *exactly* would that prove or disprove with respect to Mr. Butowsky's defamation claims? Better yet, suppose that Mr. Butowsky had published the exact same materials on his own website, *edbutowsky.com*, then sent a link to Defendant Folkenflik prior to publication of the defamatory news story. Would Defendant Folkenflik be legally excused for ignoring the evidence merely because it appeared on a website connected to Mr. Butowsky? The Defendants cannot explain how ownership or control of the underlying website was of "substantial importance" to this litigation.

Their best effort to make the issue relevant is found on page 10 of the Motion for Sanctions, where they suggest that ownership of the websites is relevant to whether Mr. Butowsky is a limited-purpose public figure. The Defendants cited *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 573 (Tex. 1998), but they must have hoped that neither the Court nor Mr. Butowsky would read that case, because it plainly refutes their argument. Consider the following excerpt:

> To determine that an individual is a public figure for purposes of the public controversy at issue, the second *Trotter/Waldbaum* element requires the plaintiff to have had more than a trivial or tangential role in the controversy. *Trotter*, 818 F.2d at 433; *Waldbaum*, 627 F.2d at 1297. In considering a libel plaintiff's role in a

> public controversy, several inquiries are relevant and instructive: (1) whether the plaintiff actually sought publicity surrounding the controversy, *Brewer v. Memphis Pub. Co.*, 626 F.2d 1238, 1254 (5th Cir.1980); (2) whether the plaintiff had access to the media, *see, e.g., Gertz*, 418 U.S. at 344, 94 S.Ct. 2997; *Curtis*, 388 U.S. at 155, 87 S.Ct. 1975; and (3) whether the plaintiff "voluntarily engag[ed] in activities that necessarily involve[d] the risk of increased exposure and injury to reputation," *see Brewer*, 626 F.2d at 1254; *Waldbaum*, 627 F.2d at 1294–95; *see also Kassel v. Gannett Co., Inc.*, 875 F.2d 935, 939–40 (1st Cir.1989); *Dombey v. Phoenix Newspapers, Inc.*, 150 Ariz. 476, 724 P.2d 562, 571 (Ariz.1986). "By publishing your views you invite public criticism and rebuttal; you enter voluntarily into one of the submarkets of ideas and opinions and consent therefore to the rough competition in the marketplace." *Dilworth v. Dudley*, 75 F.3d 307, 309 (7th Cir.1996).

978 S.W.2d at 572–73. In *WFAA-TV*, reporter John McLemore literally inserted himself into the Bureau of Alcohol, Tobacco, and Firearms infamous 1993 raid on the Branch Davidian compound near Waco, Texas, entering the compound with the ATF agents and broadcasting the raid live. *Id*. at 569-570. After other journalists and media companies questioned his role in the raid, he sued many of them for defamation. *Id*. The Texas Supreme Court unanimously (and predictably) concluded that Mr. McLemore was a limited-purpose public figure. *Id*. at 573.

The Defendants' attempt to analogize that case to Mr. Butowsky's role in the "Debunking Websites" is absurd. Whereas Mr. McLemore loudly and proudly inserted himself into the Branch Davidian raid, even broadcasting his own role in it, Mr. Butowsky made no attempt whatsoever to publicize his involvement in the websites or the *Fox News* story. In other words, Mr. McLemore "sought" publicity for his role in the raid, *id.* at 572, while Mr. Butowsky actively *avoided* publicity for his role in the *Fox News* story. The Defendants knew this before they filed their Motion for Sanctions, thus they made the argument in bad faith. The best evidence of their bad faith and dishonesty,

however, is found in footnote 7 of that same motion:

> [Mr. Butowsky] has conceded his public figure status in at least two other cases both before and after the Court's ruling on Defendants' Motion to Dismiss. *See* Resp. in Opp. to Mot. to Dismiss at 10, *Butowsky v. Susman & Godfrey, LLP*, No. 416-01222-2019 (416th Dist. May 20, 2019) ("Mr. Butowsky does not dispute that he is a public figure, at least for purposes of this litigation."). Butowsky similarly conceded that he is a limited-purpose public figure at a June 10, 2020 hearing on Defendants' Motions to Dismiss in a related case, *Butowsky v. Gottlieb*, Case No. 4:19-cv-00180-ALM-kpj (E.D. Tex.).

The foregoing paragraph is rife with deception, and that probably explains why the Defendants did not attach nor direct the Court to the actual documents that they cited. If they had directed the Court to the actual documents, the Court would have known that the defamatory statements in *Susman* and *Gottlieb* were published after the August 2017 articles at issue in this case. *Compare* Second Amended Complaint (Doc. No. 72) 4-5 *with* Original Petition (*Susman*) (available at http://lawflog.com/wp-content/uploads/2020/08/2019.03.06-Original-Petition-stamped.pdf) and Third Amended Complaint (*Gottlieb*) (available at http://lawflog.com/wp-content/uploads/2020/08/2020.03.11-Third-Amended-Complaint-stamped.pdf).[1] As the Defendants know, that sequence is critical.

> [L]imited-purpose public figures… are persons who "thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved ... invit[ing] attention and comment"; who voluntarily "inject[ ] [themselves] or [are] drawn into a particular public controversy ... assum[ing] special prominence in the resolution of public questions"; and who "thrust [themselves] into the vortex of [a] public issue ... [or] engage the public's attention in an attempt to influence its outcome." *Klentzman*, 312 S.W.3d at 904

---

[1] As witnessed by his electronic signature below, Ty Clevenger declares under penalty of perjury under the laws of the United States that (1) he personally and exclusively controls LawFlog.com and (2) he personally uploaded true and correct copies of the Original Petition at the first URL and the Third Amended Complaint at the second URL.

(quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345, 351, 352, 94 S.Ct. 2997, 3009, 3012, 3013, 41 L.Ed.2d 789 (1974)).

*Hoskins v. Fuchs*, 517 S.W.3d 834, 842 (Tex. App.—Fort Worth 2016, pet. denied). In this case, Mr. Butowsky didn't thrust himself to the forefront of anything. Instead, the Defendants did that for him when they published their articles in August of 2017. Accordingly, Mr. Butowsky was not a limited-purpose public figure until the Defendants made him one in August of 2017. The defamatory articles at issue in *Susman* and *Gottlieb*, meanwhile, were published after August of 2017, *i.e.*, after the Defendants made Mr. Butowsky a limited-purpose public figure. As a result, there is nothing remarkable about Mr. Butowsky acknowledging that, thanks to the Defendants herein, he was a limited-purpose public figure for purposes of *Susman* and *Gottlieb*.

In any event, the ownership or control of the "Debunking Websites" has never been relevant to this case, much less of "substantial importance" to this case. Going forward, the undersigned will insure that Mr. Butowsky's responses to RFAs are answered accurately, but the Defendants' own Motion for Sanctions proves that it was filed with unclean hands.

## Conclusion

Insofar as the Defendants' RFAs sought information that was not of "substantial importance" to this case, and insofar as the Defendants have unclean hands, their Motion for Sanctions should be denied.

Respectfully submitted,

/s/ Ty Clevenger
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Attorney for Plaintiff Edward Butowsky**
