**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ED BUTOWSKY, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| DAVID FOLKENFLIK, ET AL., | § | 4:18-CV-00442-ALM |
| | § | |
| | § | |
|    Defendants. | § | |
| | § | |

**REPLY TO RESPONSE TO MOTION FOR SANCTIONS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 37**

## I. **INTRODUCTION**

In his Response in Opposition to Motion for Sanctions (the "Response," Dkt. 183), Butowsky does not dispute that he lied in response to the Requests for Admission ("RFAs") seeking information on the source of the contents posted on the Debunking Websites.[1] He also concedes that Rule 37 *requires* sanctions unless one of four exceptions apply and does not dispute that three of those exceptions are inapplicable here. His *only* argument to avoid sanctions is that the six falsely-denied RFAs fall within the Rule 37(c)(2)(B) exception for admissions that were not "substantially important" to the litigation. In essence, he argues he should avoid sanctions for lying (again) because the lies were not important, and that the only issues are whether the documents posted to the Websites are real and put Defendants on notice.

Butowsky's misguided Response simply ignores the crux of NPR's argument about the RFAs' relevance—that *the source* of the information on the Debunking Websites is critical for evaluating Butowsky's alleged evidence of actual malice. *See* Dkt. 161 at 8-10. If the (incomplete) information on the Debunking Websites is merely a ruse for Butowsky's side of the story, then the information is legally insufficient evidence of actual malice. A reporter's failure to adopt a subject's "spin" or to believe the subject's denials does not constitute actual malice: "[S]uch denials are so commonplace in the world of polemical charge and countercharge . . . they hardly alert the conscientious reporter to the likelihood of error." *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 692 n.37 (1989). For NPR to evaluate whether the content posted is entitled to any credence, NPR must know (and be able to question) the content's publisher. By falsely denying the RFAs, Butowsky hid the identity of that publisher.

---

[1] In fact, Butowsky's counsel states that if he had been responding to the RFAs, he would not have lied, but instead refused to provide a substantive response, demonstrating his willingness to further obfuscate the record as has been Plaintiff and his counsel's pattern throughout this lawsuit. *See* NPR's pending Rule 11 motion, Dkt. 96

Butowsky also ignores NPR's argument concerning the impact of his false information on the public figure analysis. *See* Dkt. 161 at 9. Butowsky invites the Court to suppose that he "had published the exact same materials on his own website" and "sent a link to Defendant Folkenflik," and then asks if Defendants would "be legally excused for ignoring the evidence merely because it appeared on a website connected to Mr. Butowsky?" Response at 3. This proposed scenario demonstrates the significance of Butowsky's hidden agenda and how he led this Court astray in two ways. First, publishing the material on his own website would make his efforts to control the narrative abundantly clear, and so too his public figure status. Instead, Butowsky tried to inject himself into the controversy behind a curtain of deceit. Second, NPR need not doubt its reporting (and did not act with actual malice) by not subscribing to Butowsky's own denials and curated version of events.  The significance of Butowsky's actual malice evidence depends on whether he owned the Debunking Websites.  Thus, RFAs about such ownership are "substantially important."

Butowsky admits he lied and cannot show that the exception in Rule 37(c)(2)(B) applies and—even with a substantial extension of his response deadline—he has failed to contest any other issue.  Thus, the Court should award sanctions under Rule 37.

## II.  ARGUMENT

### A.     The RFAs are Substantially Important to the Actual Malice Issue.

As explained in the Rule 37 Motion, Butowsky repeatedly cited the Debunking Websites as evidence of NPR's actual malice.  In other words, Butowsky alleges NPR could have ascertained the truth from the Debunking Websites but chose not to do so.[2]  And, significantly, the Court relied on those allegations in finding that Butowsky adequately pleaded actual malice. Dkt. 58 at 84; Dkt.

---

[2] *See* 2d Am. Compl., Dkt. 72 ¶ 26 (directly citing the Debunking Websites); ¶¶ 78, 98, 107 (citing to the copies of Wheeler's communications and interview notes of Butowsky's alleged sources hosted on the Debunking Websites); ¶181 (listing source documents posted on the Debunking Websites); nn. 21, 22, 23; ¶¶ 140, 158, 159 (linking to videos on the "DeBunking Rod Wheeler" YouTube channel, including edited audio of Wheeler's phone calls).

65 at 21 (finding that Butowsky pleaded "[t]he true facts were also available to Folkenflik on and through the [Debunking] website").

But, under well-established precedent, the information on the Debunking Websites is insufficient to show actual malice if the websites are just a vehicle for Butowsky's own selective version of events. *See Harte-Hanks*, 491 U.S. at 692 n.37. As the Texas Supreme Court held:

> The mere fact that a defamation defendant knows *that the public figure has denied* harmful allegations *or offered an alternative explanation of events* is not evidence that the defendant doubted the allegations.

*Huckabee v. Time Warner Entm't Co. L.P.*, 19 S.W.3d 413, 427 (Tex. 2000) (emphasis added).

Moreover, contrary to Butowsky's misguided assertion, the identity of the person compiling the information is obviously a *critical* factor in determining the credence to which the information is entitled.[3]  This case is a perfect example of the principle that the source matters: Butowsky selected excerpts and doctored many of the documents on the Debunking Websites.[4]

The Response does not rebut NPR's argument that the RFAs are substantially important in evaluating actual malice. And it cites no case law to the contrary. Thus, the Court should find that Rule 37 sanctions are proper on this basis alone.

### B. The RFAs Are Also Substantially Important to the Public Figure Analysis.

As explained in NPR's Rule 37 Motion, Butowsky's efforts to make publicly available the results of his Seth Rich investigation through the Debunking Websites are also relevant to whether Butowsky is a limited-purpose public figure. Butowsky does not dispute that whether he is a

---

[3] *See, e.g., Lohrenz v. Donnelly,* 350 F.3d 1272, 1285 (D.C. Cir. 2003) (no actual malice when defendant, who published statements critical of the Navy's inclusion of women in combat, did not believe a Navy admiral who disputed the defendant's statements because the defendant could reasonably believe that the admiral had not been objective); *Coliniatis v. Dimas,* 965 F. Supp. 511, 519 (S.D.N.Y. 1997) ("Emphatic denials are part of the landscape of journalism, and a decision to print a story in the face of such a denial, *particularly where, as here, it comes from an interested protagonist*, does not establish clear and convincing evidence of malice.) (emphasis added).

[4] *See, e.g.,* Debunking Rod Wheeler's Claims, http://debunkingrodwheelersclaims.net/exhibit-9/ (showing screenshot of purported text messages between Butowsky and Wheeler with Butowsky's messages redacted); Debunking Rod Wheeler's Claims, http://debunkingrodwheelersclaims.net/exhibit-6/ (showing screenshot of purported text messages between Wheeler and Zimmerman with Zimmerman's messages redacted).

limited-purpose public figure is a substantially important issue in this case. The Response even admits Butowsky had a role in the retracted *Fox News* article about the debunked conspiracy theory but contends that the RFA's are irrelevant to the public figure determination because he tried to *avoid* the disclosure of his identity and accountability for its contents—much like he is trying to avoid accountability for his lies and half-truths in this case. This argument fails to show that the RFA's are not substantially important for the reasons noted in the previous section and for at least two additional reasons.

*First*, Butowsky's argument is legally meritless. His ownership and publication of the Debunking Websites are relevant to multiple factors that *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568 (Tex. 1998) identified as important in making the public figure determination. As the publisher of the Debunking Websites, Butowsky (1) "actually sought publicity surrounding the controversy;" (2) "had access to the media"; and (3) "'voluntarily engag[ed] in activities that necessarily involve[d] the *risk* of increased exposure and injury to reputation[].'" *Id.* at 572-73 (emphasis added). The fact that he tried to hide his identity as the publisher of the Websites does not negate the relevance of any of these factors.[5]

*Second,* his suggestion that he is not a limited-purpose public figure because he tried to hide his involvement fails as a factual matter. He cannot hide from his myriad of public appearances before (and after) the NPR articles at issue demonstrating his involvement in the Seth Rich investigation.[6] Further, he created the Debunking Websites and directed the media to them,[7]

---

[5] *See, e.g., Rosanova v. Playboy Enterprises, Inc.*, 580 F.2d 859, 861 (5th Cir. 1978) ("Comment upon people and activities of legitimate public concern often illuminates that which yearns for shadow. It is no answer to the assertion that one is a public figure to say, truthfully, that one doesn't choose to be."); *Marcone v. Penthouse Int'l Magazine*, 754 F.2d 1072, 1086 (3d Cir. 1985) (agreeing with Fifth Circuit that "it is of no moment" that plaintiff "did not desire" public figure status, when his actions invited comment and attention and thereby transform him into a public figure).

[6] Plaintiff's counsel has conceded Butowsky's public figure status after the NPR articles (Response, Dkt. 183 at 5) but ignores the flurry of media attention his client received surrounding the Seth Rich investigation, conspiracy theory, and the *Fox News* retraction long before the NPR articles at issue. *See* Exhibit A (list of articles in which Butowsky was tied to Seth Rich conspiracy *prior to* NPR articles at issue).

[7] Butowsky referred CNN's Chris Cuomo to the same DeBunking Website in an interview about the *Wheeler* lawsuit

further demonstrating that he purposefully injected himself into the controversy at issue by trying to control the media narrative about it. His public figure status cannot be denied merely because he would prefer that his conduct be hidden. *See Marcone*, at 1083. The more Butowsky was involved in the public controversy about Seth Rich's death, the more likely it is that he is a limited-purpose public figure. *See WFAA-TV,* 978 S.W.2d at 573. Thus, his creation of and publishing on the Debunking Websites makes it more likely that he is a limited-purpose public figure.

Butowsky's argument that his level of involvement in the Seth Rich investigation is distinguishable from NPR's cited case law does not change this result.[8] Whether Butowsky was *as* involved in the Seth Rich investigation as John McLemore was in the Branch Davidian raid is far afield from the actual issue before the Court. If admitted, the RFAs provide evidence that Butowsky is a limited-purpose public figure, a substantially important issue here. Thus, the Rule 37(c)(2)(B) exception does not apply and sanctions are warranted.[9]

### III. CONCLUSION

Butowsky admits his discovery responses are demonstrably false. They are also substantially important to this litigation. Because no exception to Rule 37 applies here, sanctions are mandatory. This Court should order Butowsky to pay Defendants' expenses and attorney's fees incurred in proving his involvement in the Debunking Websites. Further, the case should be stayed until the sanctions award is paid. NPR should not be forced to engage in additional costly litigation until it is made whole for Butowsky's past sanctionable conduct.

---

on August 2, 2017, failing again to identify himself as the source of the site's contents, intimating it was an independent resource. *See* Exhibit. B (Butowsky: "Matter of fact, at that website …debunkingRodWheeler'sclaims.com, you hear his voice saying the exact quotes he said he didn't say.").

[8] Butowsky's contention that he "actively *avoided* publicity for his role in the *Fox News* story" also contradicts his admission in the Aaron Rich litigation that he was the sole named source for the (now retracted) *Washington Times* OpEd about the Seth Rich investigation and conspiracy theory and that he was a source for the (now substantively modified) Gateway Pundit articles by Cassandra Fairbanks (including those published on August 1, 2017 – the same day as the NPR article) about the Seth Rich investigation and conspiracy theory. *Rich v. Butowsky*, Case No. 1:18-cv-681-RJL (D.D.C.) Dkt. 3 at ¶¶ 32, 72, 81, Dkt. 60 and 70 (admitting allegations contained in ¶¶ 32, 72, 81).

[9] Butowsky argues in his concluding paragraph that the Rule 37 Motion should be denied because Defendants have unclean hands. To the contrary, his concession of all but one point and then failure to address Defendants' lead argument about the relevance of the RFAs at issue demonstrates the merits of this Motion. Regardless, he does not explain how Defendants' alleged unclean hands is relevant to Rule 37's mandatory fee provisions.

          Respectfully submitted,

          By: */s/ Laura Lee Prather*
          Laura Lee Prather
          State Bar No. 16234200
          laura.prather@haynesboone.com
          Wesley D. Lewis
          State Bar No. 24106204
          wesley.lewis@haynesboone.com
          HAYNES AND BOONE, LLP
          600 Congress Avenue, Suite 1300
          Austin, Texas 78701
          Telephone: (512) 867-8400
          Telecopier: (512) 867-8470

          David J. Bodney
          *admitted pro hac vice*
          bodneyd@ballardspahr.com
          BALLARD SPAHR LLP
          1 E. Washington Street, Suite 2300
          Phoenix, Arizona 85004-2555
          Telephone: 602.798.5400
          Fax: 602.798.5595

          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 14, 2020, a true and correct copy of the foregoing document was served via e-mail to the following counsel of record:

| | |
|---|---|
| Ty Odell Clevenger | Steven S. Biss |
| P.O. Box 20753 | 300 West Main Street, Suite 102 |
| Brooklyn, NY 11202-0753 | Charlottesville, VA 22903 |
| 979-985-5289 (phone) | 804-501-8272 (phone) |
| 979-530-9523 (fax) | 202-318-4098 (fax) |
| tyclevenger@yahoo.com | stevenbiss@earthlink.net |

          */s/ Laura Lee Prather*
          Laura Lee Prather