IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ED BUTOWSKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| DAVID FOLKENFLIK, NPR, INC.; | § | 4:18-CV-00442-ALM |
| EDITH CHAPIN; LESLIE COOK; and | § | |
| PALLAVI GOGOI, | § | |
| | § | |
| Defendants. | § | |

---

**[REDACTED] DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
REGARDING DEFAMATION MITIGATION ACT AND CONTRACT ISSUES**

---

## I.   STATEMENT OF ISSUES TO BE DECIDED

1.      The Defamation Mitigation Act ("DMA") unambiguously requires Butowsky to make a request to correct, clarify, or retract an allegedly defamatory statement within one year of the statement to maintain a claim arising out of damages to his personal reputation.  Because it is undisputed that Butowsky did not make such a request, does the DMA require summary judgment on Butowsky's claims for damages?

2.      Governing New York law provides that the release of one joint tortfeasor or co-conspirator releases the others.  ███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.   The Defamation Mitigation Act

The allegedly defamatory statements at issue in this lawsuit were published between August 1, 2017 and March 14, 2018.[1]  *See* 2d Am. Compl., Dkt. 72 ¶ 5.  Plaintiff brought the instant lawsuit on June 21, 2018.  *See* Compl., Dkt. 1 (June 21, 2018).  Plaintiff did not make any request to correct, clarify, or retract the statements he now claims are defamatory prior to instituting this lawsuit.  *See* Pl.'s Resp. to Defs.' Mot. to Dismiss, Dkt. 32 at 29 (November 19,

---

[1] Although the Second Amended Complaint alleges that Folkenflik "republished" two of his original articles on August 1, 2019 by posting links to these articles on Twitter, *see* Dkt. 72 ¶ 174, posting a link on Twitter to pre-existing statements does not constitute republishing as a matter of law.  *See Perlman v. Vox Media, Inc.*, No. CVN19C07235PRWCCLD, 2020 WL 3474143, at *8 (Del. Super. Ct. June 24, 2020).  The Magistrate Judge properly characterized Butowsky's claims as alleging harm from publication of allegedly false information between August 2017 and March 2018. *See* Order, Dkt. 130 at 31.

**MOTION FOR SUMMARY JUDGMENT REGARDING**
**DEFAMATION MITIGATION ACT AND CONTRACT ISSUES**

2018) ("Butowsky has not yet[] requested retraction of the defamatory Articles and tweets pursuant to § 73.055(a)(1) of the Code."). More than one year passed with no retraction demand.

B.      ████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████████

████████████████████████████████████████

████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

---

[2] The Release defined the "Actions" as two lawsuits in which Butowsky was a party: *Rod Wheeler v. Twenty-First Century Fox, Inc., et al.*, Civil Action No. 1:17-cv-05807 (S.D.N.Y.) (the "Wheeler Litigation") and *Joel Rich and Mary Rich v. Fox News Network LLC, et al.*, Civil Action No. 1:18-cv-02223 (the "Rich Litigation").

**MOTION FOR SUMMARY JUDGMENT REGARDING**
**DEFAMATION MITIGATION ACT AND CONTRACT ISSUES**

**PAGE 2**

███████████████████████████████████████████████████████████

████████████ Pl.'s Resp. to Defs.' 4th Reqs. for Admission, 1, attached hereto as Exhibit 3.

## III.   SUMMARY OF ARGUMENT AND GROUNDS FOR SUMMARY JUDGMENT

Two independent grounds require summary judgment on Butowsky's claims.

*First*, the DMA unambiguously requires Butowsky to make a request to correct, clarify, or retract an allegedly defamatory statement within one year of the challenged statements to maintain a claim for damages arising out of damage to personal reputation.  Each of Butowsky's claims seeks such damages.  But it is undisputed that Butowsky did not make such a request.

████████████████████████████████████████████████████████

███████████████████████████████████████████████ All Butowsky's claims are based on allegations that NPR and Wigdor jointly colluded to defame Butowsky through the publication and republication of false and defamatory statements.  Thus, Wigdor and NPR are alleged joint tortfeasors for purposes of this litigation. ████████████████████████

████████████ from suing Defendants (allegedly joint tortfeasors) ██████████████

█████████████████████████████

## IV.   SUMMARY JUDGMENT STANDARD

Summary judgment requires the court to dispose of claims that do not warrant a time-consuming trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  Summary judgment is proper when the pleadings and evidence on file show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A movant may satisfy this burden by showing "that there is an absence of evidence to support the nonmoving party's case."  *Celotex*, 477 U.S. at 325.  To defeat summary judgment, the non-movant must submit evidence establishing a genuine issue of fact for trial.  *Id.* at 324.

## V.    ARGUMENT

### A.    The DMA Requires Dismissal of Butowsky's Claims.

The DMA "provide[s] a method for a person who has been defamed ... to mitigate any perceived damage or injury." TEX. CIV. PRAC. & REM. CODE § 73.052.  The statute incentivizes "the prompt and thorough correction, clarification, or retraction of published information that is alleged to be defamatory and to provide for the early resolution of disputes arising from such a publication."  House Comm. on Judiciary & Civil Jurisprudence, Bill Analysis, Tex. H.B. 1759, 83d Leg., R.S. (2013).  The DMA applies to "a claim for relief, *however characterized*, from damages arising out of harm to personal reputation caused by the false content of a publication." TEX. CIV. PRAC. & REM. CODE § 73.054(a) (emphasis added); *see also* Dkt. 130 at 31 (summarizing Butowsky's claims of reputational harm).

The DMA is a carefully calibrated legislative scheme, and the Court is "bound to follow the plain and unambiguous meaning of the statutory language."  *United States v. Shabazz,* 633 F.3d 342, 345 (5th Cir. 2011).  The centerpiece is Section 73.055(a), which provides:

> A person may maintain an action for defamation **only if** . . . the person has made a timely and sufficient request for a correction, clarification, or retraction from the defendant.

TEX. CIV. PRAC. & REM. CODE § 73.055(a)(1) (emphasis added).  The request must be made before expiration of the one-year limitations period applicable to defamation claims.  TEX. CIV. PRAC. & REM. CODE § 73.055(b); *id.*, § 16.002(a).  The legislative mandate is clear:  comply with the DMA within one year, or face dismissal.  *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (legislative text is determinative).

Under Section 73.055(a), Butowsky's defamation claim cannot proceed because he failed to make any request (much less a timely or sufficient one).  *See* Dkt. 32 at 29 (stating that—20

---

**MOTION FOR SUMMARY JUDGMENT REGARDING**
**DEFAMATION MITIGATION ACT AND CONTRACT ISSUES**

months after the allegedly defamatory statements—Butowsky "has not yet requested retraction . . . pursuant to § 73.055(a)(1) of the Code."). This point is undisputed.[3]

This result conforms to the Fifth Circuit's decision in *Tubbs v. Nicol*, 675 F. App'x 437, 439 (5th Cir. 2017) (per curiam) (unpublished). In *Tubbs*, the Fifth Circuit carefully reviewed the statutory text and enforced Section 73.055(a)'s plain language as follows: "If a plaintiff does not make such a request before the statute of limitations expires, she may not state a claim for defamation." *Id*.[4] The Court squarely held that "because Tubbs failed to follow the requirements of the DMA, her defamation claim fails as a matter of law." *Id*. So too here, based on Butowsky's complete failure to comply with the DMA's terms.

The Court should follow the Fifth Circuit decision in *Tubbs*, which properly construed the DMA in two key respects. *First*, *Tubbs* correctly enforced the Legislature's mandate that a plaintiff can maintain a defamation suit "only if" a timely and sufficient request for correction, clarification, or retraction is made. *See* TEX. CIV. PRAC. & REM. CODE § 73.055(a). *Second*, *Tubbs* preserves the Legislature's carefully constructed remedial scheme for failure to comply with the DMA. A brief overview of the text and structure of the statute demonstrates that Section 73.055(a) operates in harmony with Section 73.055(c), another remedial provision, to advance the DMA's overall purpose: mitigation.

---

[3] The Court ruled that the DMA defense "should be raised and decided at summary judgment." Dkt. 65 at 5-6, 36.

[4] While Texas appellate courts are divided on the construction of Section 73.055(a), they all agree that a plaintiff who fails to request a retraction, such as Butowsky, is barred from recovering exemplary damages. *Compare, e.g., Zoanni v. Hogan*, 555 S.W.3d 321 (Tex. App.—Houston [1st Dist.] 2018, pet. granted) (dismissal was warranted for defamation claims that did not comply with the DMA) *with Warner Bros. Entm't v. Jones*, 538 S.W.3d 781, 812 (Tex. App.—Austin 2017), *aff'd on other grounds*, No. 18-0068, __ S.W.3d ___ (Tex. 2020), *Cunningham v. Waymire*, 2019 WL 5382597, at *18 (Tex. App.—Houston [14th Dist.] Oct. 22, 2019, no pet.) (statute requires dismissal only of exemplary damages). The Texas Supreme Court granted review in *Warner Bros*. but resolved the case on different grounds and—this Summer—granted the petition for review in *Zoanni* (Case No. 20-0232). Other federal district courts have held that a failure to comply with the statute's retraction-request provisions require dismissal only of exemplary damages. *Nguyen v. Hoang*, 318 F. Supp. 3d 983, 1018–19 (S.D. Tex. 2018), *appeal dismissed sub nom. Nguyen v. Radio Free Asia*, No. 18-20529, 2018 WL 7142200 (5th Cir. Oct. 5, 2018); *Inge v. Walker*, No. 3:16-CV-0042-B, 2017 WL 4838981, at *3 (N.D. Tex. Oct. 26, 2017). Thus, at a minimum, this Court should bar Butowsky from recovering exemplary damages.

**MOTION FOR SUMMARY JUDGMENT REGARDING**
**DEFAMATION MITIGATION ACT AND CONTRACT ISSUES**

Under Section 73.055(c), if a claimant does not request a correction, clarification, or retraction within 90 days after learning of the publication, he is barred from seeking exemplary damages.  TEX. CIV. PRAC. & REM. CODE § 73.055(c).  Thus, taking the statute as a whole, the DMA imposes steadily increasing consequences for noncompliance with its requirements:

- Section 73.055(c):  If the plaintiff fails to make a sufficient request for correction, clarification, or retraction within 90 days after learning of the publication, the **remedy is no exemplary damages**.

- Section 73.055(a)(1):  If the plaintiff then fails to make a sufficient request for correction, clarification, or retraction within the one-year limitations period, the **remedy is dismissal**.

Under the construction of the DMA adopted in *Tubbs*, the heart of the Legislature's mandate—dismissal for failure to comply with the statute—is maintained, and the statute's other, lesser remedial provision is fully enforceable to advance the statute's core purpose:  the mitigation of any perceived damage or injury resulting from alleged defamatory statements.  *See* TEX. CIV. PRAC. & REM. CODE § 73.052.  Butowsky disregarded all efforts at mitigation.  Allowing a plaintiff to "maintain an action" even if he wholly fails to comply with his obligation to request a correction, clarification, or retraction within one year of the publication renders Section 73.055(a)'s mandate meaningless, contrary to well-established rules of statutory construction.  *See Hibbs v. Winn*, 542 U.S. 88, 101 (2004) ("statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous").

The DMA is clear:  a plaintiff can maintain a defamation action "only if" he provides a timely and sufficient request to correct, clarify, or retract an allegedly erroneous publication.  Here, the one-year statutory deadline to provide this notice has long passed, and Butowsky did not comply with it.  Summary judgment on each of Butowsky's claims is required.

**B.** ████████████████████████████████████████
████████████

   *1.*  ***New York Law Regarding Release of Joint Tortfeasors.***

   "It is a well settled principle of [New York] law that a release given to one joint tortfeasor discharges the others of all liability for the injury complained of unless the release contains an express reservation of rights against third persons." *Wasserman v. Herwood*, 232 N.Y.S.2d 730, 732 (Sup. Ct. 1962).[5] "The underlying rationale is the prevention of double recovery where the alleged wrongful acts of several individuals cause a single injury." *Int'l Halliwell Mines, Ltd.*, 544 F.2d at 110. In such circumstances, "[t]he consideration for the release of one wrongdoer is deemed to constitute the recovery for the victim's loss, unless he has expressly indicated an intention to seek additional recovery from others." *Id.* In *Hirsch* the court found that the release in question applied to Hirsch as an alleged co-conspirator and joint tortfeasor and therefore barred the plaintiff's claim:

> The principle ... [that] a release of one joint tortfeasor releases all, absent a reservation to the contrary, is founded on the equitable notion that the law will not permit a double recovery. The law presumes that a settlement with one of the joint tortfeasors represents a full satisfaction of the entire claim.

*Id.*

   *2.*  ████████████████ ***Butowsky's claims against the Defendants.***



███████████████████████████████████████████████

████████████████████████████████████████ Because the claims in this

lawsuit ██████████████████████████████████████████████

███████████████████████████████ the Wheeler and Rich Litigations, █████

████████████████████████████████████████████████

---

[5] *See also Int'l Halliwell Mines, Ltd. v. Cont'l Copper & Steel Indus., Inc.*, 544 F.2d 105, 110 (2d Cir. 1976) (same); *Metropolitan Dry Cleaning Machinery Co. v. Hirsch*, 328 N.Y.S.2d 349 (2d Dep't 1971); *Plath v. Justus*, 28 N.Y.2d 16, 19 (1971) ("Where the release contains no reservation . . . it operates to discharge all the joint tortfeasors.").

**MOTION FOR SUMMARY JUDGMENT REGARDING**
**DEFAMATION MITIGATION ACT AND CONTRACT ISSUES**

██████████████████████████████ The gravamen of Butowsky's claims in this case is that Defendants allegedly conspired with the Wigdor Parties to promote, publish, and republish a false and defamatory narrative about Butowsky through the filing of the Wheeler Litigation and NPR's subsequent reporting on that lawsuit. *See* Joint Report of Attorney Conference, Dkt. 52, at 2 ("Plaintiff claims that Folkenflik knowingly and intentionally conspired with [Wigdor] to promote, publish and republish a demonstrably false and defamatory narrative about Plaintiff."). Butowsky alleges that Defendants colluded with Wigdor, creating an arrangement whereby Wigdor filed the Wheeler Litigation knowing the claims to be meritless, while Defendants willingly assumed the role of P.R. "firecracker" in the scheme. *Id.* These claims unquestionably ████████████████████████ directly to the Wheeler Litigation. ████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████

> ***3.*** ***Butowsky cannot rely on New York General Obligations Law Section 15-108 to avoid*** ███████████████████████████.

General Obligations Law § 15-108, which exempts releases and covenants not to sue received in exchange for "*monetary consideration greater than one dollar*" from the common law rule discharging joint tortfeasors, is inapplicable.   G.O.L. § 15-108(d)(1) (emphasis added).[6]

████████████████████████████████████████████████████████

██████████████████████ Ex. 3, Pl.'s Resp. to Defs.' 4th Reqs. for Admission, 1.[7]

---

[6] *See Nicotra v. CNY Family Care, LLP*, 125 N.Y.S.3d 213, 217 (N.Y. App. Div. 2020) (arbitration stipulation did not constitute a release under G.O.L. § 15-108 because plaintiff did not receive monetary consideration greater than one dollar for entering into the stipulation); *McCarthy v. Kerrigan*, 116 N.Y.S.3d 412, 413–14 (N.Y. App. Div. 2019) (same).

[7] *See Fulton Light, Heat & Power Co. v. State*, 200 N.Y. 400, 413, 94 N.E. 199 (N.Y. 1911) (common law principles govern "except so far as its principles and rules of action have been modified by Constitution, statutes, or usages" or have been rendered inapplicable); *In re Fischer's Estate*, 25 N.Y.S.2d 140, 140 (N.Y. App. Div. 1941) (same).

## VI.   CONCLUSION AND PRAYER

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Motion for Summary Judgment in its entirety and dismiss all of Plaintiffs' claims.

Respectfully submitted,


By: */s/ Laura Lee Prather*

Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com

HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:     (512) 867-8400
Telecopier:     (512) 867-8470

David H. Harper
State Bar No. 09025540
david.harper@haynesboone.com
Stephanie N. Sivinski
State Bar No. 24075080
stephanie.sivinski@haynesboone.com
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:     (214) 651-5000
Telecopier:     (214) 651-5940

David J. Bodney
*admitted pro hac vice*
bodneyd@ballardspahr.com
Ian O. Bucon
*admitted pro hac vice*
buconi@ballardspahr.com
BALLARD SPAHR LLP
1 E. Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone:     (602) 798-5400
Fax:               (602) 798-5595

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 17, 2020, a true and correct copy of the foregoing document was served via email to the following counsel of record:

Ty Odell Clevenger                           Steven S. Biss
P.O. Box 20753                               300 West Main Street, Suite 102
Brooklyn, NY 11202-0753                      Charlottesville, VA 22903
979-985-5289                                 804-501-8272 (phone)
979-530-9523                                 202-318-4098 (fax)
tyclevenger@yahoo.com                        stevenbiss@earthlink.net


*/s/ Laura Lee Prather*
Laura Lee Prather


## CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned certifies that a motion to seal the document has been filed separately and immediately prior to this document.


*/s/ Laura Lee Prather*
Laura Lee Prather