# EXHIBIT 2



**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Joseph A. Piesco, Jr., Esq.
joseph.piesco@dlapiper.com
T  212.335.4537
F  212.335.4501

**CONFIDENTIAL**

April 16, 2019

*VIA E-MAIL & UPS*

Ty Clevenger, Esq.
P.O. Box 20753
Brooklyn, NY 11202

    **Re:**    **Edward Butowsky**

Dear Mr. Clevenger:

    As you know, this firm represents Fox News Network, LLC. We write regarding your client, Edward Butowsky.

    We recently learned that Mr. Butowsky, with your assistance and counsel, knowingly and purposely breached, and currently is threatening to further breach, that certain Confidential Agreement & Mutual Release, dated August 1, 2018 (the "Agreement"), between Mr. Butowsky and our clients. As you may recall, we provided to you, in your capacity as counsel for Mr. Butowsky, a copy of the Agreement in connection with our letter of December 5, 2018.

    Mr. Butowsky's material breach of the Agreement cannot possibly be disputed. We recently learned that, in or about late March 2019, Mr. Butowsky (through you) provided a copy of the Agreement to Wigdor LLP. This is a plain breach of the Agreement. To be clear, in connection with Section 9 of the Agreement, Mr. Butowsky "agree[d] not to disclose *to anyone* . . . the contents of this Agreement, the circumstances surrounding it, its terms, conditions or negotiation . . . ." (Emphasis added.) Wigdor LLP is not a party to the Agreement, and providing a copy of the Agreement to Wigdor LLP is a stark breach of the Agreement's unambiguous confidentiality requirements.

    We further have been advised that Mr. Butowsky is threatening to file a lawsuit against Rod Wheeler and Wigdor LLP, based on purported defamatory statements made by them in connection with Mr. Wheeler's lawsuit against Mr. Butowsky and our clients. In executing the Agreement, Mr. Butowsky unequivocally waived his right to file any such claims (indeed, any claims at all). Specifically, Section 4 of the Agreement states that Mr. Butowsky "*will not institute*, any complaints, claims, charges, actions, proceedings, or lawsuits with . . . any court or other tribunal against *any of the parties in the Actions or their respective attorneys* . . . ."



Ty Clevenger, Esq.
April 16, 2019
Page Two

(Emphasis added.) There can be no dispute that Mr. Wheeler was a party in the *Wheeler* action, nor that his attorneys were Wigdor LLP. Accordingly, Mr. Butowsky expressly waived any right to bring any claims against Mr. Wheeler or Wigdor LLP.

Suffice it to say, the requirements of Section 4 of the Agreement, as well as the Agreement's confidentiality requirements, are, and continue to be, extremely material terms the Agreement, absent which our clients would not have entered into the Agreement or provided to Mr. Butowsky the ample consideration provided therein. The entire point of these provisions, as you know, was to protect our clients from becoming embroiled in yet another baseless lawsuit, and to avoid the substantial costs associated with same. Your client's conduct (and your conduct) to date indicates that he has no regard for his contractual commitments, and he appears bent on continuing to refuse to abide by his end of the bargain which he freely and knowingly, and with the advice of counsel, entered into. In short, Mr. Butowsky has breached the Agreement, and it is clear he intends to do so again; we demand he immediately cease in this conduct and strictly abide by the terms and conditions of the Agreement.

Ty, let me be very clear with you. If Mr. Butowsky does not comply with his obligations under the Agreement, we will seek to recover any and all resulting damages, costs and fees associated with his actions. So there is no confusion, this will include seeking, *inter alia*, "indemnification" – as set forth in Section 10 of the Agreement – from Mr. Butowsky for any and all damages suffered by our clients as a result of his breaches, including but not limited to our clients' attorneys' fees and costs. Govern yourself accordingly.

Nothing contained in or omitted from this letter is, or should be construed as, a limitation, restriction or waiver, express or implied, of any of our clients' rights and remedies in connection any of the matters raised herein, all of which are expressly reserved.

Should you wish to discuss this matter, you may contact me at (212) 335-4537.

Very truly yours,

Joseph A. Piesco, Jr.

cc: David Harrison, Esq. (counsel for Mr. Butowsky, via e-mail)