IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ED BUTOWSKY, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. |
| § | | |
| DAVID FOLKENFLIK, NPR, INC.; § | | 4:18-CV-00442-ALM |
| EDITH CHAPIN; LESLIE COOK; and § | | |
| PALLAVI GOGOI, § | | |
| § | | |
| Defendants. § | | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION**

This morning, the Court issued an Order granting Butowsky's Motion for Extension, in part on the basis that Defendants (collectively, "NPR") did not file a timely response. Because Butowsky's motion was served after 5:00 pm on August 12, 2020, Local Rule CV-5(a)(3)(C) deemed the Motion for Extension served on August 13, 2020. Local Rule CV-7(e) provides that "[a] party opposing a motion has fourteen days (twenty-one days for summary judgment motions) *from the date the motion was served* in which to file a response and any supporting documents." Therefore, this Response is timely filed as of August 27, 2020. NPR requests that the Court take this Response into consideration in evaluating whether to revisit its Order granting Plaintiff's Motion for Continuance and/or further modify the Third Amended Scheduling Order.

A third extension of Butowsky's discovery deadlines is only appropriate if that extension is also accompanied by an extension of the remaining deadlines in the Third Amended Scheduling Order, including the trial setting. Although NPR has repeatedly tried to accommodate Plaintiff's various requests for extension, NPR cannot agree to another unilateral extension of Butowsky's

1

deadline to produce basic discovery he should have provided long ago. NPR has been waiting over a year to obtain documents and interrogatory responses from Butowsky, and even after winning a motion to compel has waited two-and-a-half months more to receive anything. NPR has repeatedly cooperated with Butowsky given his and his counsel's ongoing health concerns. But Butowsky's obfuscatory and deceptive tactics (the subject of a pending Rule 11 Motion and recent Order Granting NPR's Rule 37 Motion [Dkts. 96, 194]) combined with his repeated delays in responding to discovery and complying with this Court's Order have both exponentially increased the cost of this litigation and severely compromised NPR's ability to defend itself.

The Court's June 5 Order provided a 30-day deadline for Butowsky to perform four tasks:

(1) Produce all documents and communications Plaintiff has produced or received in connection with Butowsky's ten (enumerated) related cases and arbitration(s), including deposition transcripts with exhibits, declarations, other testimony, and copies of unredacted pleadings and exhibits to pleadings;

(2) Produce documents in response to 45 Requests for Production to which Butowsky had improperly objected;

(3) Produce unaltered, unredacted versions of documents previously produced; and

(4) Provide responses to interrogatories #7 (cell phone providers), #12 (lawsuits since 1/1/10) and #14 (special damages).

*See* Court's June 5 Order, Dkt. 147, pp. 19-21. Although both Butowsky and his counsel have had health issues, little effort would have been required to forward materials from Butowsky's other ten related cases or produce unaltered versions of items already produced and in Butowsky's possession. Still, Butowsky has made little, if any, effort to comply with items (1) and (3) of the Court's Order. And, as demonstrated below, the evidence shows Butowsky has made little effort to comply with any of the Court-ordered discovery deadlines.

Butowsky's continuing delays prejudice NPR and directly impact its ability to adequately defend itself in this lawsuit. Putting NPR in the position of having to wait more than a year for basic information in Plaintiff's possession also compromises NPR's ability to conduct its discovery and meet upcoming deadlines in the Scheduling Order.

### A. Another Unilateral Extension of Court-Ordered Discovery Deadlines is Not Warranted Here.

Butowsky's third Motion for Extension seeks an additional two weeks to provide the interrogatory responses and documents that NPR has been seeking for over a year. The Court's Order granting Butowsky's Motion for Extension gives Butowsky an additional nineteen days to comply. NPR has extended numerous professional courtesies when Butowsky has expressed a need to move his deadlines. On July 3, 2020, Butowsky sought an extension of his discovery-compliance deadlines in this Court's June 5, 2020 Order, as well as all other outstanding deadlines by 45 days. NPR did not oppose that Motion. *See* Dkt. 171. Again, on August 4, 2020, Butowsky sought another extension of the Court-ordered discovery-compliance deadlines, this time for eight days, due to counsel's delays in collecting and reviewing documents and Butowsky's ongoing health problems. NPR once again did not oppose that Motion. *See* Dkt. 178. On August 8, 2020, Butowsky sought a retroactive extension of time to file a Response to Defendants' Motion for Sanctions Pursuant to Rule 37. *See* Dkt. 186. NPR did not oppose this motion, either. *Id.* But, between the Court's Order and Butowsky's multiple requests for extensions, he has effectively obtained an almost two-month unilateral extension of deadlines in this case (July 5 – August 31, 2020) with no corresponding relief of other deadlines.

As for the instant motion for extension, NPR informed Butowsky that it did not oppose an extension until August 17 to provide the Court-ordered interrogatory responses.[1] But NPR has waited long enough for Butowsky's documents. Even now, after advising this Court that 16,779 documents have been retrieved using the 224 search terms from the ESI protocol (Dkt. 178 at 1), Butowsky's counsel advised he only plans to produce approximately 1,300 documents (less than produced in the Aaron Rich Litigation in which only 61 search terms were used).[2] Given the following facts, an additional unilateral extension of the Court's remaining discovery deadlines is not appropriate here, without the corresponding extension of the scheduling order described below.

### 1. *Butowsky has unreasonably delayed compliance with the Court's Order.*

NPR has been trying to obtain a fulsome production of documents from Butowsky relating to his involvement in a debunked conspiracy theory[3] *since July 5, 2019*. These efforts began long before Butowsky complained of health issues preventing him from meeting his discovery obligations.

But Butowsky's health condition cannot account for even his delays after this Court ordered compliance with NPR's discovery requests. More than three months ago, Butowsky

---

[1] Butowsky has since served supplemental responses, but those responses are still deficient and incomplete.  NPR has corresponded with Butowsky about those deficiencies and factual inaccuracies and hopes to resolve these deficiencies without further involvement by the Court.

[2] After the August 18, 2020 hearing, Butowsky produced 1223 documents. A cursory review of the documents produced, however, shows further glaring omissions of documents penned by Butowsky demonstrating his extensive involvement in the Seth Rich investigation and retracted Fox News story but missing from his production. *See, e.g.,* Ex. A (February 15, 2017 email from Butowsky to Fox News producer Adam Housley outlining different stories "*we still need to write*" including about **"Seth Rich and Wikileaks's email."**) (filed in the Aaron Rich Litigation) and Ex. B (March 4, 2017 email from Butowsky to Fox News reporter Malia Zimmerman stating: **"Good morning. So so so much going on related to Seth rich. Please call me"**) (filed in the Joel and Mary Rich Litigation).

[3] Last week, additional evidence debunking Butowsky's conspiracy theory was released by the Senate Intelligence Committee in its latest Report on Russian activities related to the 2016 Presidential election. *See* Senate Intelligence Committee, *Report of the Select Committee on Intelligence United States Senate on Russian Active Measures Campaigns and Interference in the 2016 U.S. Election; Volume 5: Counterintelligence Threats and Vulnerabilities*, Aug. 18, 2020 (redacted version available at https://www.intelligence.senate.gov/sites/default/files/documents/report_volume5.pdf). In a section entitled "WikiLeaks Promotes Alternative, False Theories About the Source of the GRU Materials," the bipartisan Senate report unequivocally states the following about the theory linking Seth Rich to the DNC e-mails posted on Wikileaks: "The Committee found that no credible evidence supports this narrative."

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION**

conceded that his discovery requests were "very inadequate" and represented to this Court and NPR that he "believes that he is capable of insuring that all of Plaintiff's accounts and devices are thoroughly searched." Pl.'s Resp. to Defs.' Notice of Supp. Evid., Dkt. 140, at 1. But Butowsky apparently waited until the eleventh hour *to begin* working on his document production. In fact, Butowsky's counsel was only just scheduled to be ***trained*** on the applicable document review platform *on the evening of August 12 the (second extended) date that Butowsky's discovery responses were due.* Ex. C. Further, rather than directing his efforts on complying with this Court's Order, Mr. Clevenger was focused on filing at least seven complaints in at least five other lawsuits since June 5th—the vast majority in the Eastern District of Texas, including a new case on Butowsky's behalf. Ex. D (summary of filings by Mr. Clevenger); *Butowsky v. Isikoff*, 4:20-cv-542 (E.D. Tex. July 14, 2020). Thus, it is questionable whether Butowsky ever had any intention of timely complying with the Court's Order.

### 2. *Butowsky's health concerns should not have precluded compliance in this case.*

Had he not unreasonably delayed, Butowsky should have had a head-start on document production here. He hired a document-collection vendor eight months ago in *Rich v. Butowsky*, Case 1:18-cv-00681-RJL (D.D.C.) (the "Aaron Rich Litigation"). *Id.* at Dkt. 93-7 (email from Butowsky's counsel describing document collection). Butowsky produced 1,842 documents as a result of that collection in the Aaron Rich Litigation. Dkt. 132, Prather Decl., ¶ 5.[4] Mr. Clevenger serves as associate counsel in the Aaron Rich Litigation,[5] and Butowsky's health concerns did not

---

[4] Butowsky anticipates producing fewer additional documents in this case, even though the parties have agreed on far more search terms here, and that he is searching devices, hard drives, and additional email accounts that he did not search in *Aaron Rich*. So, even when Butowsky completes his production there is reason to believe NPR will still not have the full scope of Butowsky's documents. *See* fn. 2, *supra.*

[5] While he is not listed on the pleadings in the *Aaron Rich* case, Mr. Clevenger is co-counsel, acting as an associate attorney under the supervision of Butowsky's lead counsel, Eden Quainton. *Rich v. Butowsky*, Case 1:18-cv-00681-RJL (D.D.C.), Dkt. 220.

prevent him from producing documents in that matter. Further, because of his role as associate counsel in that matter, it is difficult to fathom how Mr. Clevenger could profess ignorance of the document retrieval service used in that case. Dkt. 178 at 2 ("The latter firm, KLDiscovery ("KLD"), can actually perform both of those functions, but the undersigned was unaware that a data extraction firm, Online Security had already been hired in *Aaron Rich v. Edward Butowsky, et. al.*").

Butowsky's health concerns should not have interfered with his compliance with several of his discovery obligations in this matter either. For example, this Court ordered Butowsky to produce all documents (including deposition transcripts, declarations, and pleadings) he produced or received in related litigation. Dkt. 147 at 19-20. While he has yet to comply with this portion of the Court's Order, doing so would take little investment of time or energy from Butowsky himself. He need not personally review documents he has already produced before providing them to NPR; pleadings, deposition transcripts, declarations and documents he received from others would require even less review.

And, Butowsky presumably knew the answer to the three interrogatories at issue, including who his cell phone providers have been, what lawsuits he has been involved in, and what clients he has lost because of NPR's article. According to Chapwood's former Chief Compliance Officer, Amy Suhr, a list was retained of:

> Chapwood clients and a spreadsheet of clients who had cancelled their accounts *with* the reasons for the clients' cancellation. Much of this information is required by the SEC. This was particularly important during my tenure, since Chapwood was under an SEC audit while I worked for Chapwood.

Declaration of Amy Suhr, *Folkenflik et al. v. Sams*, Case No. 4:20-mc-0038 (E.D. Tex. May 8, 2020), Dkt. 17-1, ¶3(c). Still, Butowsky refused to answer these basic questions for more than a year, through the meet-and-confer and briefing process, such that NPR had to ultimately obtain a

Court Order to get the information. And Butowsky ignored the Court's Order as well, from June 5 until August 18, 2020 (after the hearing on NPR's Rule 11 and Rule 37 motions). Still, as previously indicated, the responses are woefully lacking.

Further, Butowsky's counsel in this case is either counsel or associate counsel (or in the case of Mr. Clevenger's suit against the Department of Justice, a party himself) in eight of the ten related lawsuits from which Butowsky was ordered to produce documents. Thus, he should have ready access to the discovery produced and received and pleadings filed in those matters. And if Butowsky is well enough to release at least eleven financial advice videos since the Court's June 5, 2020 Order, he is well enough to request his lawyers in the other two matters to provide copies of his prior productions.[6]

These facts raise serious questions as to whether Butowsky and his counsel *ever* intended to timely comply with the Court's Order. They certainly do not demonstrate good cause for yet another unilateral extension of time to complete Court-ordered deadlines, absent a corresponding extension of the Third Amended Scheduling Order.

### B. If an Extension is Granted, the Court Should Also Extend the Remaining Deadlines in the Third Amended Scheduling Order.

Now, more than a full year after Butowsky's documents were due, Butowsky's ongoing failure to meet his discovery obligations has materially prejudiced NPR's ability to defend itself. Because the Court has already granted Butowsky's Motion for Extension, NPR requests that the Court issue a corresponding extension of remaining deadlines in the Scheduling Order in this case, including the trial setting. Doing so will not change the order in which the related cases proceed,

---

[6] Mr. Butowsky posted financial advice videos on the site edbutowsky.com on June 12, 18, 24, and 30; July 1, 9, 16, 27, and 28; and August 3 and 14.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION**

and even with an extension, this case will remain "first-in-line" of those pending in this District—none of which have embarked on discovery.

### 1. Butowsky's year-long discovery delays have prejudiced NPR's ability to defend itself.

As the case schedule stands now, discovery closes in five months. But much work remains to be done, and NPR's efforts to develop the necessary evidence to support its case have been significantly hampered by Butowsky's obfuscation, dishonesty and delays. For example, Butowsky just last week finally (unsatisfactorily) supplemented his interrogatory response regarding special damages. Among his alleged damages is his new claim that, while Butowsky previously split the cost of a suite in the American Airlines Center, he now pays full price after his unidentified suite-mate learned of NPR's reporting and cancelled their arrangement. Ex. E (Interrogatory Response, No. 12). This never-before-made claim in turn will necessitate NPR to serve additional document requests, including seeking documentation regarding Butowsky's contract at the American Airlines Center, his efforts to mitigate the damages he allegedly incurred, and the identity of his former suite-mate. This is just one example but demonstrates how Butowsky's failure to provide basic discovery early in the case has left NPR still struggling to determine what additional discovery needs to be completed in the next five months.

Further, NPR and Butowsky have completed only one deposition each; without documents and basic information it is difficult to adequately prepare for and take depositions. Accordingly, the parties are collectively entitled to take eighteen more depositions, all of which must be scheduled in the next five months while working around a global pandemic and the holiday season at the end of the year. Motions for summary judgment are also due in January. While NPR has already moved for summary judgment on certain issues that are a matter of law, NPR must also evaluate and draft additional motions for summary judgment—all the while learning, for example,

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION**

the basic facts about Butowsky's alleged special damages that he failed to honestly plead in any of his three Complaints filed in this case. *See* Declarations of Sally Davis, Dkts. 96-4 and 118-3. Butowsky's counsel has also indicated that he will be withholding numerous documents based upon privilege, which NPR understands may include attorney-client, work product, and alleged journalistic privileges.[7] All of these asserted privileges will likely be the subject of additional motion practice.

At some point, Butowsky's numerous extensions of time will make it impossible for NPR to complete the work necessary in the next five months. Therefore, NPR requests that, in addition to extending Butowsky's discovery deadlines until August 31, the Court also extend the remaining deadlines, including the trial setting, in the Third Amended Scheduling Order by an appropriate period of time.

### 2. *An extension would not disrupt this case's schedule relative to the other pending related cases.*

At the Court's hearing on Defendants' Rule 11 and Rule 37 Motions and Plaintiff's Motion for Leave to Amend the Complaint, this Court commented that the instant lawsuit remained "first in line" with respect to the litany of related cases involving Butowsky.

While this case may be the first-filed in the Eastern District, it is not the first-filed lawsuit regarding the Seth Rich matter and the fall-out from Butowsky's related involvement. First Joel and Mary Rich brought an intentional infliction of emotional distress claim against Butowsky for his role in the debunked conspiracy theory and the retracted Fox News article in the Southern District of New York on March 14, 2018. *See Rich et al. v. Fox News Network, LLC, et al.*, No. 1:18-cv-02223 (S.D.N.Y.) (the "Joel and Mary Rich Litigation"). A few weeks later, on March 26,

---

[7] Although Butowsky has indicated he will provide a privilege log; NPR has concerns that this promise will ever be fulfilled. Butowsky previously promised to provide a privilege log in exchange for an extension of time when responding to a subpoena issued to fact-witness-turned-consulting-expert Larry Johnson and has since refused to fulfill his promise.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION**

2018, Seth's brother, Aaron Rich, sued Butowsky in Washington D.C. for claims Butowsky made that Aaron had been a part of the "cover up" involving Wikileaks. *See Aaron Rich v. Butowsky*, Case 1:18-cv-00681-RJL (D.D.C.) (the "Aaron Rich Litigation"). It was not until months later that Butowsky sued NPR for its reporting on the legal proceedings filed against Butowsky. In the Aaron Rich Litigation, fact discovery has closed, and in the Joel and Mary Rich Litigation, fact discovery is set to conclude on December 31, 2020. In other words, this case's schedule is appropriately behind the Aaron Rich and Joel and Mary Rich Litigations. This is partly because, in those matters in which he is represented by other counsel, Butowsky has participated in discovery to a much greater extent than he has participated here.[8] However, there also remain other discovery issues in those cases concerning the production of materials from Fox News and its personnel that are the subject of motion practice related to the assertion of journalistic privileges and certain depositions yet to be taken, including Butowsky's.

Discovery issues have not surfaced in the related cases pending in this District because discovery has largely been stayed or has not yet begun in the other cases. *See, e.g.,* Order, *Butowsky v. Gottlieb, et al.*, No. 4:19-cv-00180 (E.D. Tex. Mar. 4, 2020), Dkt. 204 (staying discovery until the resolution of Defendants' motions to dismiss);[9] Order, *Butowsky v. Wigdor, et al.,* No. 4:19-cv-00577 (ALM) (E.D. Tex. Jan. 6, 2020) (staying exchange of Rule 26 disclosures until after a ruling on the pending motions to dismiss); *Chapwood Capital Investment Management, LLC v. Charles Schwab & Co., Inc.*, No. 4:18-cv-548-ALM-KPJ (E.D. Tex. July 1, 2020) (administratively closing case pending arbitration; Butowsky has yet to pay arbitration fee); *Butowsky v. Isikoff*, No. 4:20-cv-542 (E.D. Tex. July 14, 2020) (discovery has not yet begun; case

---

[8] As noted above, though, Butowsky has still not produced to NPR the applicable materials from the Aaron Rich and Joel and Mary Rich Litigations.
[9] In *Butowsky v. Gottlieb*, the Court further stayed all claims pending the resolution of Plaintiff's appeal of the anti-suit injunction entered in that case. *See Butowsky v. Gottlieb*, Dkt. 267 (Aug. 19, 2020).

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION**

was filed July 14, 2020). Therefore, extending the deadlines in this case would not adversely affect the pace of the other cases in this District.

## CONCLUSION

NPR believes that Butowsky's further extensions of his discovery deadlines was unwarranted. But considering the Court's Order granting a third extension, NPR requests the remaining deadlines in the Third Amended Scheduling Order, including the trial setting, be extended to avoid (further) prejudicing NPR for Butowsky's continued discovery misconduct.

Respectfully submitted,

By: */s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com

HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:   (512) 867-8400
Telecopier:   (512) 867-8470

David H. Harper
State Bar No. 09025540
david.harper@haynesboone.com
Stephanie N. Sivinski
State Bar No. 24075080
stephanie.sivinski@haynesboone.com
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:   (214) 651-5000
Telecopier:   (214) 651-5940

David J. Bodney
*admitted pro hac vice*
bodneyd@ballardspahr.com
Ian O. Bucon
*admitted pro hac vice*
buconi@ballardspahr.com
BALLARD SPAHR LLP
1 E. Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone:   (602) 798-5400
Fax:               (602) 798-5595

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 27, 2020, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

> */s/ Laura Lee Prather*
> Laura Lee Prather