# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ED BUTOWSKY, § | | |
| Plaintiff, § | | |
| § | | |
| V. § | Civil Action No. 4:18CV442 | |
| § | Judge Mazzant/Magistrate Judge Craven | |
| DAVID FOLKENFLIK, ET AL., § | SEALED | |
| Defendants. § | | |

### ORDER REGARDING DEFENDANTS' RESPONSE
### TO PLAINTIFF'S MOTION FOR EXTENSION

The above-referenced cause of action was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following is before the Court:

**Defendants' Response to Plaintiff's Motion for Extension (Docket Entry # 198).**

On August 12, 2020, Plaintiff Edward Butowsky ("Plaintiff") filed a motion for extension, seeking a two-week extension of the August 12, 2020 deadlines set forth in the Court's June 5, 2020 Order (as later modified on July 7 and August 5, 2020). Plaintiff requested the Court extend the deadline for his discovery responses from August 12 to August 26, 2020, which was eight days after his tentatively rescheduled hip replacement surgery following an August 4 heart attack. Docket Entry # 186 at p. 2.

After waiting fourteen days from August 12 as contemplated by Local Rule CV-7(e), the Court entered an order on August 27, granting as modified Plaintiff's motion, extending the deadline for Plaintiff's discovery responses from August 12, 2020 to August 31, 2020. Docket Entry # 196. In the order, the Court noted Defendants had not filed a response in opposition to the motion within

the time prescribed by the Local Rules. The Court further noted it found Plaintiff's request reasonable.

At 4:58 p.m. on August 27, Defendants filed a response to Plaintiff's motion for extension. Docket Entry # 198. Defendants asserted the response was timely filed because Plaintiff's motion for extension was served after 5:00 pm on August 12, 2020; thus, Local Rule CV-5(a)(3)(C) deemed the motion for extension served on August 13, 2020. According to Defendants, Local Rule CV-7(e) provides that "[a] party opposing a motion has fourteen days (twenty-one days for summary judgment motions) *from the date the motion was served* in which to file a response and any supporting documents." *Id.* at p. 1 (emphasis in original).

In their response, Defendants request the Court "take th[e] Response into consideration in evaluating whether to revisit its Order granting Plaintiff's Motion for Continuance and/or further modify the Third Amended Scheduling Order." *Id.* Defendants state they cannot agree to another unilateral extension of Plaintiff's deadline to produce basic discovery he should have provided long ago. Despite Plaintiff and his counsel's ongoing health concerns, Defendants assert a third extension of Plaintiff's discovery deadlines is only appropriate if that extension is also accompanied by an extension of the remaining deadlines in the Third Amended Scheduling Order, including the trial setting. *Id*. Defendants contend Plaintiff's continuing delays prejudice Defendants and impact their ability to defend this lawsuit. *Id*. at p. 3.

Ordinarily, when the Court receives a request for an extension of time which is two weeks or less and which the Court finds reasonable, the Court quickly grants the motion without waiting for a response, noting the moving party has effectively tolled the deadline by filing the motion for an extension. The Court advises in such cases, by waiting for the full response period to run as

anticipated by the Local Rules, oftentimes the Court ends up granting the moving party a longer extension than the Court would be inclined to give if it had ruled earlier. That is exactly what happened here.

By filing his motion for extension on August 12, Plaintiff effectively tolled that deadline until the Court could rule on the motion. The Court noted Plaintiff attached as an exhibit to his motion a note from his physician which indicated Plaintiff suffered sudden cardiac arrest with a subsequent code blue on August 4, 2020. Docket Entry # 186-1 (further stating advanced cardiac life support measures were enacted which included thirteen minutes of CPR, defibrillation, and intubation, and Plaintiff remained in the ICU for two additional days thereafter). Even though the Court found Plaintiff's request for one more two-week extension reasonable given the circumstances, rather than proceed in the ordinary fashion set forth above, the Court decided to wait to hear Defendants' position.

Defendants' counsel was aware from the Court's statements at the August 18, 2020 hearing on various motions that Plaintiff's motion for extension was on the Court's radar. Even so, Defendants waited to serve their response until the last minute on August 27, 2020, fifteen days after Plaintiff's motion was filed and one day past the deadline originally requested by Plaintiff in his motion. In their response, Defendants cite a rarely-used technical detail in the Local Rules which no attorney has relied on previously before the undersigned.

Having now considered Defendants' response, the Court still finds Plaintiff's request reasonable. Therefore, the Court does not revisit its August 27, 2020 Order granting, as modified, Plaintiff's motion for extension. The Court expects Plaintiff to comply with the Court's June 5, 2020 Order on or before August 31, 2020.

Finally, the Court does not find good cause at this time to continue any other deadlines, including the trial setting, contained in the Third Amended Scheduling Order.

**IT IS SO ORDERED.**

**SIGNED this 28th day of August, 2020.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE