# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| EDWARD BUTOWSKY | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:18-CV-442** |
| | § | **Judge Mazzant/Magistrate Judge Craven** |
| DAVID FOLKENFLIK, ET AL. | § | |

## ORDER

The above-referenced cause of action was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. Before the Court is the following pending motion:

**Unopposed Motion for Stay and Unopposed Motion to Modify Scheduling Order (Docket Entry # 203).**

The Court, having carefully reviewed the motion and noting it is unopposed, is of the opinion the motion should be **GRANTED, as modified** herein. Contemporaneously with this Order, the Court is entering a Fourth Amended Scheduling Order to govern this case.

The above-entitled and numbered cause of action is currently scheduled for a pretrial conference before District Judge Mazzant April 1, 2021, with a trial window between May 3, 2021, and June 4, 2021.

On September 2, 2020, Plaintiff's counsel filed the current unopposed motion, requesting the Court grant a 45-day stay of these proceedings and amend the Third Amended Scheduling Order to postpone the remaining deadlines by 120 days, including the final pretrial conference and trial dates.[1]

---

[1] Plaintiff does not seek an extension of the Court's October 24, 2020 deadline for paying attorneys' fees and expenses in accordance with the Court's August 25, 2020 Order on Rule 37 Sanctions Issues (Docket Entry # 124).

Docket Entry # 203 at pp. 1-2. According to the motion, Defendants' counsel do not oppose Plaintiff's request, "so long as the scheduling order is extended by Plaintiff's requested 120 days, including the final pre-trial conference and trial date, to allow a reasonable period of time to accomplish all the tasks in this case that have been delayed by Plaintiff and his counsel." *Id.* at p. 2.

Federal Rule of Civil Procedure 16(b) provides as follows: "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Based on the representations made by Plaintiff's counsel in his unopposed motion, the Court finds good cause to stay these proceedings (with certain exceptions outlined below) for forty-five days from the date of entry of this Order. Although the Court also finds good cause for an extension of the remaining deadlines, it will only extend the pretrial conference date (and corresponding trial date) approximately ninety days rather than 120 days as requested by Plaintiff and agreed to by Defendants. Extending the deadlines further would place the trial date outside the Court's three-year limit.

This case is stayed for forty-five days with the following exceptions: (1) on or before September 14, 2020, the parties shall provide the Court a publicly-available redacted version of the August 25, 2020 Order on Rule 37 Sanctions Issues, or advise the Court no redactions are necessary; (2) on or before September 15, 2020, any party shall file with the Court any objections to the findings and recommendations contained in the September 1, 2020 Report and Recommendation on Defendants' Rule 11 Motion for Sanctions, after which time District Judge Mazzant will review and rule on those findings, conclusions, and recommendations;[2] (3) on or before September 21, 2020,

---

[2] On September 1, 2020, the undersigned issued a Report and Recommendation on Defendants' Rule 11 Motion for Sanctions and Order on Plaintiff's Motion for Leave to File (Docket Entry # 201). Therein, the parties were advised they may serve and file, within fourteen days, written objections to the findings and recommendations contained in the

the parties shall provide the Court a publicly-available redacted version of the September 1, 2020 Report and Recommendation of the United States Magistrate Judge on Defendants' Rule 11 Motion for Sanctions and Order on Plaintiff's Motion for Leave to File, or advise the Court no redactions are necessary; and (4) on or before October 24, 2020, Plaintiff shall pay Defendants' attorneys' fees and expenses in accordance with the Court's August 25, 2020 Order on Rule 37 Sanctions Issues.

The Court enters a Fourth Amended Scheduling Order contemporaneously herewith, continuing the final pretrial conference to July 28, 2021 and jury selection/trial to August 2, 2021. The parties are advised that no further extensions of the pretrial conference and trial dates will be allowed. The discovery and dispositive motions deadlines are also extended approximately ninety days, to April 15 and 22, 2021, respectively.

Given the 45-day stay and the fact that the deadline for motions for summary judgment or other dispositive motions is extended until April 22, 2021, the Court *sua sponte* denies without prejudice to refiling Defendants' Motion for Summary Judgment Regarding Defamation Mitigation Act and Contract Issues (Docket Entry # 189).  Accordingly, it is

**ORDERED** that Plaintiff's Unopposed Motion for Stay and Unopposed Motion to Modify Scheduling Order (Docket Entry # 203) is **GRANTED, as modified**. With the four exceptions noted herein, these proceedings are stayed for forty-five days from the date of entry of this Order. The Clerk of the Court shall lift the stay on **Monday, October 26, 2020**. It is further

**ORDERED** that Defendants' Motion for Summary Judgment Regarding Defamation Mitigation Act and Contract Issues (Docket Entry # 189) is **DENIED WITHOUT PREJUDICE TO REFILING** following the expiration of the stay.

---

Report and Recommendation. *Id.* at p. 52. Thus, the deadline to file any objections is September 15, 2020.

**IT IS SO ORDERED.**

**SIGNED this 10th day of September, 2020.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE